IN THE DISTRICT COURT
FOR THE UNITED STATES OF AMERICA
WESTERN DISTRICT OF TENNESSEE

**ISSACCA POWELL,**
individually and as representatives
of a class of all similarly situated individuals,
    Plaintiffs,
vs.                                                          CAUSE NO.:   2:16-cv-2907
                                                                                     Jury Trial Requested
**BILL OLDHAM,**                                                     Complaint - Class Action
Sheriff of Shelby County,
Individually and in his official capacity.
    Defendant.

**CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

### I.  Introduction

1. This case seeks money damages for a class of individuals who were incarcerated in the Shelby County Jail for unreasonable periods of time as a result of the Shelby County Sheriff's practice or policy of employing unreasonable release procedures and processes during a computer software upgrade.

### II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the

events giving rise to this action occurred in, and the Defendant is located in the Western Division of the Western District of Tennessee.

### III.  Parties

5.     Plaintiff, Issacca Powell, is an adult resident of Tennessee. He brings this suit in his individual capacity and as a representative, under Federal Rule of Civil Procedure 23, of a class of all other similarly situated persons who were subjected to the Shelby County Sheriff's unreasonable release procedures and incarcerated longer than legally authorized and then released from the Marion County correctional system.

6.     The putative class consists of those individuals who have been released from confinement and does not include individuals who are presently incarcerated as of the date of the filing of this Amended Complaint.

7.     Defendant Bill Oldham, Shelby County Sheriff, is located in Shelby County, Tennessee and is the elected Sheriff with final decision and policy making authority for the operations at the Shelby County Jail.

### IV. Facts

8.     The Shelby County Sheriff has instituted and maintained unreasonable policies and practices resulting in its keeping individuals detained in the Shelby County Jail for extended periods of time without legal authority.

9.     The experiences of Plaintiff Issacca Powell are representative of experiences of numerous detainees.

10.    That on November 1, 2016 Plaintiff Issacca Powell was pulled over my Memphis Police Officers for a broken windshield.

11.    Upon stopping Plaintiff, officers ran his name through their computer system which

indicated that he had an active felony warrant for convicted felon in possession of a weapon.

12. That based on that information, officers arrested Plaintiff and took him to the Shelby County Jail.

13. That the officers did not disclose to Plaintiff the nature of the charges.

14. That Plaintiff was delivered to the Shelby County Jail, and handed over to the custody if the Shelby County Sheriff.

15. That he was booked into the jail, but after that no further action was taken by officers and employees of the Shelby County Sheriff to notify Plaintiff of his charges.

16. That no action was taken to ensure he had a bond, or was notified of his bond.

17. That no action was taken to ensure he knew his charges.

18. That no action was taken to ensure that Plaintiff was promptly presented to a judge, or magistrate.

19. That no action was taken to ensure he had a court date set.

20. That Defendant had to demand to be taken to Criminal Court, but once there was returned to the Shelby County Jail and the custody of the Shelby County Sheriff, as the Criminal Court's of Shelby County had no case or action pending against him, per the computer systems.

21. That after eleven days in jail, Plaintiff's family hired an attorney to help with release. That counsel was able to get Plaintiff in front of a Criminal Court Judge who demanded the presence of deputies of the Shelby County Sheriff to appear before him to explain and remedy the situation.

22. That after the Criminal Court Judge's action, the Defendant was finally notified of his charge, a court date was set, and he was notified of a bond amount.

23. That even after his family posted this bond on the same day, Plaintiff was held an

additional two days prior to release; finally released after two weeks in the Shelby County Jail..

24. That Plaintiff's detention was illegal, excessive, and unconstitutional; and was the direct and proximate result of the Shelby County Sheriff's deliberate indifference to the failure within his jail that led to illegal and excessive detentions of attendees.

25. That this action, or inaction is the policy and/or custom of the Shelby County Sheriff, and exhibits a deliberate indifference to arrestees' rights protected under the Fourth Amendment and the Fourteenth Amendments to the Unites Stated Constitution.

26. That is policy/custom was tolerated by the Shelby County Sheriff.

27. That the Sheriff's spokesman actually showed the deliberate indifference when, after being asked what the Sheriff was doing to ensure constitutional treatment of attendees and prompt release of detainees, he said "This isn't Club Med. You don't just check in and check out." Clearly an expression of a systemic indifference to the duties imposed by state and federal law and constitutional rights of arrested citizens.

28. That this policy/custom was the direct and proximate cause of the class members' damages:

   A. Violations of his constitutional rights under the Fourth and Fourteenth Amendments of the Unites States Constitution to be free from an unreasonable seizure of his person and a deprecation of liberty.

   B. Loss of physical liberty.

   C. Emotional trauma.

   D. Expenses in retaining counsel to seek release from the illegal detention.

   E. Freedom from unreasonable seizures.

   F. Freedom from unjustified force against the person.

## V. Claims

29.     Defendant's actions and inactions constitute unreasonable seizures and detentions in contravention of the Fourth Amendment, actionable pursuant to 42 U.S. C. § 1983.

30.     Defendant's actions and inactions constitute the deprivation of liberty without due process of law in contravention of the Fourteenth Amendment, actionable pursuant to 42 U.S.C. §1983.

31.     Plaintiffs and the Class reserve the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirements of Federal Rule of Civil Procedure 8.

## VI.  Jury Trial Requested

32.    The Plaintiffs and Class request a jury trial on their claims.

## VII.  Relief Requested

33.     The Plaintiffs and Class seek all relief available under the law, including the creation of a common fund of $10,000,000.00 from which all class members can claim compensatory damages, attorney fees and costs, and all other appropriate relief.

Signature block

Respectfully submitted,

*/s/ Claiborne Ferguson*
Claiborne Ferguson (BPR# 20457)
Attorney for Plaintiffs and the Class
The Claiborne Ferguson Law Firm, P.A.
294 Washington Avenue
Memphis, TN 38103
claiborne@midsouthcriminaldefense.com

*/s/ Joshua Stickler*
Joshua Stickler
Attorney for Plaintiffs and the Class
**JUST CITY**
902 S. Cooper St.
Memphis, TN 38104
TEL: (901) 206-2226
EMAIL: josh@justcity.org