```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
ISSACCA POWELL,                   )
                                  )
     Plaintiff,                   )
                                  )
v.                                )   No. 16-2907-SHM-tmp
                                  )
BILL OLDHAM, Sheriff of Shelby    )
County, individually and in       )
his official capacity,            )
                                  )
     Defendant.                   )
```
_____

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
### AND
### ORDER TO ISSUE PROCESS
_____

On November 17, 2016, plaintiff Issacca Powell, individually and as a representative of a class of all similarly situated individuals, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 22, 2016, Powell, through his counsel, filed a Motion to Proceed *In Forma Pauperis*, attaching a completed and signed version of this court's *in forma pauperis* affidavit. (ECF No. 8 (amending the motion originally filed at ECF No. 7 for the purpose of including a signed version of the affidavit).) Powell's Motion to Proceed *In Forma Pauperis* has been referred to the undersigned magistrate judge for determination. (ECF No. 9.)

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.[1]  28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, Powell has submitted a fully completed and executed *in forma pauperis* affidavit.  Powell represents that his monthly income totals $2,633.  (ECF No. 8-1 at 2.)  As to Powell's average monthly expenses, the court has concerns as to

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  As the court is granting leave to proceed *in forma pauperis* in this case pursuant to § 1915, the plaintiff is not liable for the additional $50 fee.

whether $1,000 per month on "clothing" and $400 per month on "recreation, entertainment, newspapers, magazines, etc." may be excessive, even considering Powell's representation that he is financially responsible for seven children. (See id. at 4.) However, even if the court were to discount these amounts completely, Powell still would allegedly have average monthly expenses of $2,825, which is in excess of Powell's total monthly income. (See id. at 4-5.) For this reason, the information set forth in the affidavit satisfies Powell's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

Powell shall promptly notify the Clerk in writing of any change of address. Failure to comply with this requirement, or any other order of the court, may result in the dismissal of this case without further notice.

IT IS ORDERED that the Clerk shall issue process for defendant Bill Oldham, Sheriff of Shelby County, individually and in his official capacity. (See ECF No. 1, Ex. C (summons addressed to Oldham).) The Clerk shall deliver said process to the plaintiff for service.[2]  See Fed. R. Civ. P. 4(b); LR 4.1(a).

---

[2]At this juncture, there does not appear to be a request on the record that the court order service to be made by the U.S. Marshal. As the plaintiff is represented by counsel, rather than proceeding *pro se*, service by the U.S. Marshal is not the

- 3 -

IT IS ORDERED that Powell shall serve a copy of every further document filed in this cause on the attorneys for the defendant, or on the defendant if he has no attorney. Powell shall make a certificate of service on every document filed.

IT IS SO ORDERED.

                              s/ Tu M. Pham
                              TU M. PHAM
                              United States Magistrate Judge

                              December 1, 2016
                              Date

---

default standard under the Local Rules. However, as the plaintiff is being granted leave to proceed *in forma pauperis*, he is entitled to have service effected by the U.S. Marshal upon his request. Fed. R. Civ. P. 4(c)(3). If the plaintiff desires to proceed in this manner, as opposed to effectuating service himself or through his attorney, the plaintiff is instructed to file an appropriate request.