IN THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA
WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| ISSACCA POWELL, individually and as representatives of a class of all similarly situated individuals,<br><br>    Plaintiffs,<br>v.<br><br>BILL OLDHAM, Sheriff of Shelby County, individually and in his official capacity,<br><br>    Defendant. | Civil Action No. 2:16-cv-2907<br><br>Jury Trial Requested |
| CORTEZ D. BROWN, DEONTAE TATE, and JEREMY S. MELTON on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>    Defendants. | Civil Action No.  2:17-cv-02015<br><br>Jury Trial Requested |

**MOTION (AND MEMORANDUM) TO CONSOLIDATE AND REQUEST FOR
EXPEDITED SCHEDULING CONFERENCE**

Defendants, Bill Oldham, individually and in his official capacity as Sheriff of Shelby County, Robert Moore, individually and in his official capacity as Jail Director of Shelby County, Charline McGhee, individually and in her official capacity as Assistant Chief Jail Security of Shelby County, Debra Hammons, individually and in her official capacity as Assistant Chief of Jail Programs of Shelby County, and Shelby County, Tennessee (collectively, "Defendants") submit their Motion (and Memorandum) to Consolidate, pursuant to Rule 42 of the Federal Rules of Civil Procedure, stating:

1. On November 17, 2016, Plaintiff Issacca Powell, individually and on behalf of similarly situated persons, filed his Complaint for Civil Rights Violations against Defendant Bill Oldham, individually and in his official capacity as Sheriff of Shelby County, which was assigned to U.S. District Judge Samuel H. Mays, Jr. as Civil Action No. 2:16-cv-2907 ("Powell Class Action").

2. On January 9, 2017, Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy S. Melton, individually and on behalf of similarly situated persons, filed their Class Action Complaint for Violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Tennessee Complaint against Defendants, which was assigned to U.S. District Judge John T. Fowlkes, Jr. as Civil Action No. 2:17-cv-02015 ("Brown Class Action").

3. On February 22, 2017, Judge Fowlkes entered an Order Transferring Case (the "Order") in the Brown Class Action, wherein Judge Fowlkes acknowledged that the parties made a "joint request that this case be transferred to the Honorable Samuel H. Mays, Jr. for possible consolidation with another related matter, Case No. 16-2907, *Issacca Powell v. Bill Oldham*, pending before His Honor." See Order attached as Exhibit A.

4. Defendants now respectfully request that the Brown Class Action and the Powell Class Action (collectively, the Lawsuits") be consolidated. Rule 42(a) of the Federal Rules of Civil Procedure provides that a trial court has the discretion to consolidate actions "[i]f actions before the court involve a common question of law or fact." In addition, the trial court may "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

5. The Lawsuits are presently pending in this Court and involve common questions of fact and law. The claims set forth in the Lawsuits are identical as they arise from the same subject matter. The named plaintiffs in the Lawsuits assert the following class allegations: (1) the plaintiffs were arrested in Shelby County, Tennessee; (2) the plaintiffs' period of detention in the Shelby County Jail was illegal, excessive and/or unconstitutional; and (3) the plaintiffs' constitutional deprivations resulted from Defendants' implementation and use of a purportedly defective Odyssey Case Management System and other release policies, processes and operations at the Shelby County Jail.

6. Moreover, the Lawsuits involve common class members as the allegations, claims and legal theories of the putative class in the Brown Class Action are essentially identical to the claims of the class members in the Powell Class Action.

7. The Lawsuits undeniably involve common questions of law and fact as the claims asserted in each respective class action ultimately relate to the functionality of the Odyssey Case Management System and other release policies, processes and operations utilized by the Shelby County Jail.

8. As a result of the common questions of fact and law, Defendants' defenses to the Lawsuits as well as discovery will be substantially similar. The Lawsuits will involve the same or substantially the same evidence, thus the discovery sought in one class action will be relevant,

material or likely to lead to the discovery of admissible evidence in the other class action. Consolidation will avoid duplicative discovery and ensure that parties and witnesses are not required to give multiple depositions on the same subject matter.

9. Consolidation will also assure uniform treatment of the parties in the Lawsuits throughout the discovery process and eliminate the risk of differing or potentially inconsistent rulings on matters involving the same facts or issues.

10. Consolidation in this matter serves the interests of judicial economy and efficiency and would have the benefit of minimizing avoidable litigation expenses and effort by the parties and the Court.

11. Accordingly, Defendants respectfully request that the Court consolidate the Lawsuits. Additionally, given the substantially identical claims and allegations against Defendants, Defendants request that the Court order that the plaintiffs file a consolidated complaint to which Defendants may file a consolidated responsive pleading.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that this Court (1) consolidate the Lawsuits; (2) set a scheduling conference for all parties to the Lawsuits at the Court's earliest availability; (3) order that the plaintiffs file a consolidated complaint to which Defendants may file a consolidated responsive pleading; and (4) issue any other orders to avoid unnecessary cost or delay in this matter pursuant to Rule 42 of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/Odell Horton, Jr.
Robert E. Craddock, Jr. (#5826)
Robert L. Crawford (#7216)
Odell Horton (#12426)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
901-537-1000
rcraddock@wyattfirm.com
lcrawford@wyattfirm.com
ohorton@wyattfirm.com

*COUNSEL FOR DEFENDANTS*
Sheriff Oldham, Moore, McGhee, Hammons and Shelby County, Tennessee

## CERTIFICATE OF CONSULTATION

On February 23, 2017, I, Robert E. Craddock, Jr., conferred via email with Mike McLaren and Brice Timmons, counsel for Plaintiff Issaca Powell, Frank Watson and Bill Burns, counsel for Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy S. Melton, and Brad Trammell, counsel for Defendant Tyler Technologies, Inc., concerning the matters set forth in the Motion (and Memorandum) for Consolidation. Mr. Trammel has advised that he is unable to consent to the Motion. On February 27, 2017, I sent second e-mail to all counsel regarding the Motion. To date, counsel for the plaintiffs have not advised as to whether or not they oppose the Motion.

s/ Robert E. Craddock, Jr.

**CERTIFICATE OF SERVICE**

The foregoing document was filed via the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties to this action, on this 27th day of February, 2017.

s/Odell Horton, Jr.