IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 2:16-cv-02907-SHM-tmp Jury Demanded |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS SHELBY COUNTY, TENNESSEE, BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, AND DEBRA HAMMONS TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (D.E. 43)**

COME NOW Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons (collectively "Shelby County Defendants") in response to Plaintiffs' Amended Consolidated Class Action Complaint ("Amended Complaint") (D.E. 43), and state as follows:

## I.  Answer to Amended Complaint

In response to the Amended Complaint, Defendants state as follows:

1.    Defendants admit this alleged class action was filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1982 ("Section 1983") and 1988 and Tennessee common law.  The defendants deny the alleged factual allegations and remaining allegations.

2.    Admitted.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4.    Denied.

5.    Admitted.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

20.    Denied that "[t]he JSSi system appears to have worked quite well during this time frame."  Admitted as to the remaining allegations in Paragraph 20.

21.    Denied.

22.    Denied.

23.    Denied.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Admitted that the County formed an IT Steering Committee from the Shelby County Criminal Justice Coordinating Council to study the effectiveness of the JSSi Computer Tracking System.  The remaining allegations are denied.

30.   Defendants admit the iCJS [*sic*] Executive Committee was established. Defendants deny the Sheriff was a member of the iCJIS Executive Committee.   The Defendants admit the second sentence.  The last sentence is denied.  Defendant Tyler Tech and other vendors submitted proposals pursuant to an RFP from Shelby County.

31.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegation.

32.   Denied that "[a]s a result, the Sheriff and the County were expressly on notice that Odyssey was incapable of serving as a proper Computer Tracking System.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.  These alleged incidents are not relevant to this lawsuit.

34.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation  These alleged incidents are not relevant to this lawsuit.

35.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

36.   Denied that "[i]n spite of the severe concerns regarding Odyssey's implementation, the County failed to adequately test the system despite having been apprised of the necessity of doing so."   Admitted as to the remaining allegations except the last sentence is denied.

37.   Admitted that the scope of work referenced in Paragraph 37 states "[t]he goal for ending user acceptance testing is a full end to end test cycle.  This testing will verify that all aspects of the project . . . are working seamlessly."   Admitted further that Appendix A to the scope of work referenced in Paragraph 37 is a "Project Schedule" which reflects "User Acceptance Testing" as a step to be completed.  The remaining allegations in Paragraph 37 are denied.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

43.  The first sentence is denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the quote from Judge Anderson.

44.  Denied.

45. The Defendants admit the quote of Earle Farrell.  The quote from the public relations representative is not relevant to this lawsuit.  The remaining allegation is denied.

46. The Defendants admit the quote of Earle Farrell.  The quote from the public relations representative is not relevant to this lawsuit.  The remaining allegation is denied.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

48.  Denied.

49.  Denied.

50.  Denied.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

54. Defendants admit the document speaks for itself.

6

55. Defendants admit the Pro Corpus was issued on September 24, 2014. The remaining allegation is denied.

56. Defendants admit the document speaks for itself.

57. Defendants admit the document speaks for itself. The remaining allegations are denied.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

64. Defendants admit the document speaks for itself. The remaining allegations are denied.

65. Defendants admit the document speaks for itself.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

67. Denied.

68. Admitted that "[o]n November 7, 2016, Judge Mark Ward entered an order dismissing [Plaintiff Brown's charge]." Defendants deny they took any action against plaintiff. The remaining allegations are denied.

69. Defendants admit Plaintiff Tate was arrested for driving on a suspended or revoked driver's license. The remaining allegations are denied.

70. Admitted that "on November 18, 2016, Plaintiff Melton was released from the Jail." Denied that Plaintiff made any plea to the named Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

71. Denied that Plaintiff was not notified of his charges or presented before a judge or magistrate. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

78. Denied.

79. Denied.

80. Denied.

81. No response is required to Paragraph 81.

82. Admitted Plaintiffs are attempting to bring this action as a Rule 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 82. Defendants deny plaintiffs have met the requirements for a class action lawsuit pursuant to Rule 23(b)(2) and/or 23(b)(3). The remaining allegations are denied

83. Denied.

84. Denied.

85. Denied.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

87. Defendants take no position regarding these allegations.

88. Denied. The cases cited in Paragraph 88 are not facts to be admitted or denied and speak for themselves.

89. No response is required to Paragraph 89.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. No response is required to Paragraph 94.

95. Denied that "Defendants Oldham, Moore, McGhee and Hammons, acting under color of state law, violated the rights of Plaintiffs and the Class Members secured by the Fourth and Fourteenth Amendments of the U.S. Constitution." Also denied that "[t]hese unlawful dentitions[sic] were without any legal justification." The remaining allegations of Paragraph 95 are legal conclusions and not facts to be admitted or denied.

96. Denied. The case cited in Paragraph 96 is not facts to be admitted or denied and speak for themselves.

97. No response is required to Paragraph 97.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

**Prayer for Relief:** Denied that the relief sought in the "Prayer for Relief" Section of the Complaint is warranted or that Plaintiffs are entitled to any relief.

All allegations contained in the Complaint which have not been admitted or denied are hereby denied.

Defendants reserve the right to amend their Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

## II.  Affirmative and Other Defenses

1.  The Amended Complaint fails to state a claim upon which relief can be granted upon the "Shelby County Sheriff's Department", as it is not a separate entity subject to suit.

2.  To the extent that the Amended Complaint alleges causes of action against Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons in their official capacities, such claims should be deemed to be against Shelby County, and should, therefore, be dismissed as to the individuals for failure to state a claim upon which relief can be granted.

3.  The Amended Complaint fails to state a claim upon which relief can be granted as to Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons to the extent they are entitled to qualified immunity.

4.  Plaintiffs fail to state a claim against Shelby County to the extent that it is entitled to sovereign immunity.

5.  To the extent that Plaintiffs' alleged injuries were caused or contributed to by their own unlawful conduct, their recovery for such alleged injuries is barred.

6.  To the extent that Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Fault, if any, must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this

11

action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries.

7.   To the extent that Plaintiffs are alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendants aver that Plaintiffs do not make a claim under the TGTLA, and that they fail to state a claim upon which relief can be granted under the TGTLA.

8.   In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, or mistake.

9.   Defendants reserve the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiffs' claims with Prejudice, award Defendants all fees, costs, and/or all such other relief to which the Court deems they are entitled.

Respectfully submitted,

  /s/ Odell Horton, Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Amber Floyd (#29160)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive
Suite 800
Memphis, TN  38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
afloyd@wyattfirm.com


E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene Mcghee And Debra Hammons*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 14th day of April, 2017, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Claiborne Ferguson
The Claiborne Ferguson Law Firm P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment
The Law Office of Joseph S. Ozment, PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

    /s/ Odell Horton, Jr.

61608113.8

14