IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:16-cv-02907-SHM-tmp Jury Demanded |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OF DEFENDANTS BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, AND DEBRA HAMMONS**

Defendants Sheriff Bill Oldham, Robert Moore, Charlene McGhee, and Debra

Hammons (hereinafter "Individual Defendants"), in their individual capacities, submit this Memorandum in Support of their Motion for Partial Judgment on the Pleadings, stating as follows:

Plaintiffs' Amended Consolidated Class Action Complaint (D.E. 43) ("Amended Complaint") fails to state a claim upon which relief can be granted against the Individual Defendants based on either their own acts or their respective alleged roles as supervisors. The Individual Defendants are also entitled to Qualified Immunity. Thus, Plaintiffs' claims against them in their individual capacities should be dismissed.

<u>RELEVANT FACTS</u>

Plaintiffs brought this claim against Shelby County, Tennessee, Tyler Technologies, Inc., and the Individual Defendants under 42 U.S.C. § 1983, alleging violations of Plaintiffs' constitutional rights and rights under Tennessee common law.[1]   Specifically, the Plaintiffs allege that they were unlawfully detained in violations of various rights at the Shelby County Criminal Justice Center (hereinafter the "Jail"). However, the Amended Complaint states no facts with specificity which place the Individual Defendants at the Jail during these alleged unlawful detentions. Instead, the Individual Defendants' respective roles appear to be limited to their involvement in the selection and implementation of a new computer criminal intake system.

---

[1] The Tennessee common law claims appear to be brought solely against Tyler Technologies, Inc.

<u>ARGUMENT</u>

**A.    Standard of Review**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(c).[2]  "When [the failure to state a claim upon which relief can be granted] defense is raised by a Rule 12(c) motion for judgment on the pleadings, courts apply the standard for reviewing a Rule 12(b)(6) motion."  *Tigrett v. Cooper*, 855 F. Supp. 2d 733, 741 (W.D. Tenn. 2012) (footnote omitted).

A complaint survives a motion for judgment on the pleadings only if it contains "a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A claim only has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*; *see also Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly.").

**B.    Plaintiffs Have Failed to Make Specific Allegations of Constitutional Violations By the Individual Defendants.**

A complaint against multiple defendants in the § 1983 context is insufficient if it does not specify the unlawful acts of each defendant.  As the Sixth Circuit has

---

[2] The Court reviews this as a Rule 12(c) Motion for Judgment on the Pleadings because Shelby County and the Individual Defendants have already filed an Answer to the Amended Complaint. *See, e.g.*, *Tigrett v. Cooper*, 855 F. Supp. 2d 733, 741 (W.D. Tenn. 2012).

recognized, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x. 762, 764 (6th Cir. 2002) (citing *Hall v. United States,* 704 F.2d 246, 251 (6th Cir. 1983)). A complaint must "make clear exactly **who** is alleged to have done **what** to **whom,** to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Otherwise, defendants have no way of knowing "what particular unconstitutional acts they are alleged to have committed." *Id.* The Sixth Circuit has "consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what **each** defendant did to violate the asserted constitutional right." *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

Here, the Plaintiffs do not allege specific facts illustrating how the Individual Defendants violated Plaintiffs' constitutional rights. Instead, they focus almost exclusively on the Individual Defendants general involvement in the discretionary decisions related to the adoption and implementation of the Odyssey computer inmate intake system. This is insufficient to attach liability to the Individual Defendants for alleged violations that occurred at the Jail.

And where the Plaintiffs do allege facts placing the Individual Defendants at the scene of the alleged constitutional violations—the Jail—those allegations are too vague and conclusory to make out a claim. Specifically, the Plaintiffs allege in only

4

two paragraphs some action (inaction, to be more precise) placing the Individual Defendants at the Jail:

> Defendants Oldham, Moore, McGhee and Hammons did not release Plaintiff Brown from the Jail until November 14, 2016, a full seven days after [Brown's] charges were fully dismissed.   Amended Complaint, D.E. 43, p. 17, ¶68.

* * *

> . . . Defendants Oldham, Moore, McGhee and Hammons did not release Plaintiff Melton at that time nor for four more days thereafter, based on their subordinates [sic] claims that his order was not in the Computer System.  Amended Complaint, D.E. 43, p. 18, ¶ 70.

These allegations are little more than legal conclusions couched as factual allegations.  They do not explain how or why the Individual Defendants came to be on scene for Brown or Melton's detention, what authority they had to prevent such a release, or what steps they took or did not take in order to "not release" Brown or Melton.  Such bare, conclusory allegations are insufficient to make out a claim for a constitutional violation.

## C.   The Individual Defendants Are Not Liable As Supervisors.

The Individual Defendants cannot be held liable individually merely because of their status as Shelby County officials. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft*, 556 U.S. at 676; *accord. Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) ("The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act."). Thus, "a plaintiff must plead that each Government-official

defendant, through the official's **own** official actions, violated the Constitution."
*Summers*, 368 F.3d at 888 (emphasis added).  Conclusory allegations against a
supervisor are not sufficient to satisfy this standard. *Bales v. Little*, No. 3:07-cv-
0495, 2008 WL 3992347, at *3 (M.D. Tenn. Aug. 28, 2008) ("Conclusory allegations
cannot impose supervisory liability on Defendants . . . .").

Here, Plaintiffs allegations (other than the conclusory ones addressed above)
are isolated from the alleged acts of Shelby County employees that appear to have
actually resulted in the Plaintiffs' alleged unlawful detentions.  The Amended
Complaint accuses the Individual Defendants of entirely separate actions they took
as decision-makers pertaining to the computer inmate intake system, and not as
supervisors. As a matter of law, these roles as decision-makers or supervisors in
general are not sufficient to create individual liability.

**D.    The Individual Defendants Are Entitled to Qualified Immunity.**

Government officials performing discretionary functions generally are
granted qualified immunity and are "shielded from liability for civil damages
insofar as their conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have known." *Wilson v.
Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818
(1982)).  Courts must resolve immunity questions at the earliest possible stage of
litigation because "qualified immunity is an immunity from suit rather than an
affirmative defense." *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999) (citing
*Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).  Qualified immunity exists to ensure

that government officials focus on doing their jobs rather than worrying about being sued. *See Harlow*, 457 U.S. at 807. It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Although a defendant must plead the defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *Blake*, 179 F.3d at 1007.

In order to lose qualified immunity, a government official must be on notice that his specific actions equate to a constitutional violation. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The "contours of the right must be sufficiently clear that a reasonable official would understand that ***what he is doing*** violates that right." *Id.* (emphasis added); *see Summers*, 368 F.3d at 888 (concluding that defendant-sheriff was entitled to qualified immunity because the plaintiff's complaint attributed no specific acts to the sheriff).

Here, Plaintiffs do not allege (nor can they) some act by the Individual Defendants in which the Individual Defendants, themselves, violated Plaintiffs' clearly established rights. And the two paragraphs of the Amended Complaint which do place the Individual Defendants at the Jail (Amended Complaint, p. 17-18, ¶¶ 68, 70) are so conclusory and void of factual specificity that they cannot put the Individual Defendants on notice of what specific rights they allegedly violated at the Jail. Without more, the Individual Defendants must be dismissed from this case under the Qualified Immunity doctrine.

7

## CONCLUSION

For all these reasons, the Individual Defendants respectfully request that the claims against them in their individual capacities be dismissed.

Respectfully submitted,

/Odell    Horton,    Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton (# 12426)
Amber Floyd (#29160)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive
Suite 800
Memphis, TN  38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
afloyd@wyattfirm.com

E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons*

<u>Certificate of Service</u>

I certify that the foregoing is being filed via the Court's ECF system this 14th day of April, 2017, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland &
Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Claiborne Ferguson
The Claiborne Ferguson Law Firm
P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.com

Joseph S.Ozment
The Law Office of Joseph S. Ozment,
PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*
61610444.1

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

 /Odell Horton, Jr.

9