IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, <br><br> Defendants. | Civil Action No. <br> 2:16-cv-02907-SHM-tmp <br> Jury Demanded |

**ANSWER OF DEFENDANTS SHELBY COUNTY, TENNESSEE, BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, AND DEBRA HAMMONS TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT (D.E. 52)**

1

COME NOW Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons (collectively "Shelby County Defendants") in response to Plaintiffs' Second Amended Class Action Complaint ("Second Amended Complaint") (D.E. 52), and stating:

**Answer to Plaintiffs' Second Amended Class Action Complaint**

In response to the Second Amended Complaint, Defendants state as follows:

1. Defendants admit this alleged Second Amended Complaint was filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983 ("Section 1983") and 1988 and Tennessee common law.  Defendants stated Plaintiffs are not entitled to any relief.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Denied.

5. Admitted.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Denied that "[t]he JSSi system appears to have worked quite well during this time frame." Admitted as to the remaining allegations in Paragraph 21.

22. In November 2016, Shelby County activated the Shelby County Integrated Criminal Justice System (iCJIS). The remaining allegations are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Several prisoners may have been delayed in their release but Shelby County was resolving issues related to its new computer system.

28. Denied.

29. Denied.

30. Admitted Shelby County formed the iCJIS from the Shelby County Criminal Justice Coordinating Council to study the effectiveness of the JSSi Computer Tracking System. The remaining allegations are denied.

31. Defendants admit the iCJS [*sic*] Executive Committee was established. Defendants deny the Sheriff was a member of the iCJIS Executive Committee. The Defendants admit the second sentence. Defendant Tyler Technologies and other vendors submitted proposals and information pursuant to a RFP from Shelby County.

32. The IT Steering Committee received information from numerous sources and individuals regarding Odyssey. The overwhelming majority of the responses were positive. Judge Coffee made a statement regarding the Odyssey computer software. The Sheriff was not a member of the IT Steering Committee.

33. Denied that "[a]s a result, the Sheriff and the County were expressly on notice that Odyssey was incapable of serving as a proper Computer Tracking System. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. The Sheriff was not a member of the IT Steering Committee.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. These alleged incidents are not relevant to this lawsuit.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. These alleged incidents are not relevant to this lawsuit.

36. This allegation refers to Tyler Technologies and Defendants are not required to answer.

37. This allegation refers to Tyler Tech and Defendants are not required to answer.

38. Denied.

39. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.

40. This is a legal conclusion and Defendants are not required to respond.

41. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.

42. Admitted, the integration of Odyssey was an aspect of the new computer system being operational.

43. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.

44. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.

45. Tyler Technologies provided training for Odyssey. Tyler Technologies did not supervise Shelby County employees. The second sentence is denied.

46. Denied as stated.

47. Denied as stated.

48. Denied.

49. Admitted the implementation of the computer system was postponed several months before the actual implementation for additional testing.

50. Denied.

51. Defendants deny there were "serious storm warnings" regarding Odyssey. The Sheriff did not sign or authorize the contract with Tyler Technologies. On November 2, 2016, the County began the implementation of the new computer system that included Odyssey. On November 7, 2017, the County implemented the new computer system that included Odyssey.

52. The first sentence is denied. Defendants admit Judge Anderson spoke at an iCJIS meeting but Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the actual quote from Judge Anderson.

53. Denied as stated.

54. The Defendants admit Earle Farrell gave a quote regarding the status of the Shelby County Jail. The quote from the public relations representative is not relevant to this lawsuit.

55. The Defendants admit the quote of Earle Farrell. The quote from the public relations representative is not relevant to this lawsuit. .

56. Denied as stated.

57. Denied as stated.

58. Denied as stated. The County is resolving any outstanding issues.

59. Denied.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

63. Defendants admit the document speaks for itself.

64. Defendants admit the Pro Corpus was issued on September 24, 2014.

65. Defendants admit the document speaks for itself.

66. Defendants admit the document speaks for itself.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

73. Defendants admit the documents speak for themselves.

74. Defendants admit the document speaks for itself.

75. Defendants admit the document speaks for itself.

76. Denied.

77. Admitted that "[o]n November 7, 2016, Judge Mark Ward entered an order dismissing [Plaintiff Brown's charge]." Defendants deny they took any action against plaintiff.

78. Defendants admit Plaintiff Tate was arrested for driving on a suspended or revoked driver's license. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

79. Admitted that "on November 18, 2016, Plaintiff Melton was released from the Jail." Denied Plaintiff made any plea to the named Defendants. Defendants

are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

80. Defendants admit the report speaks for itself. Denied Plaintiff was not notified of his charges or presented before a judge or magistrate.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

87. Defendants admit the documents speak for themselves.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

92. Defendants state the document speaks for itself.

93. Defendants state the documents speak for themselves.

94. Denied.

95. Denied. The cases cited in Paragraph 95 are not facts to be admitted or denied and speak for themselves.

96. Denied. The case cited in Paragraph 96 is not a fact to be admitted or denied and speaks for itself.

97. Denied.

98. Denied.

99. No response is required to Paragraph 99.

100. Admitted Plaintiffs attempt to bring this action as a Rule 23(b)(1), 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 100. Defendants deny plaintiffs have met the requirements for a class action lawsuit pursuant to Rule 23(b)(1), 23(b)(2) and/or 23(b)(3). The remaining allegations are denied

101. Denied.

102. Denied.

103. Denied.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

105. Defendants take no position regarding these allegations.

106. Defendants take no position regarding these allegations.

107. Denied. The cases cited in Paragraph 107 are not facts to be admitted or denied and speak for themselves.

108. No response is required to Paragraph 108.

109. Denied.

110. Denied. The case cited in Paragraph 110 is not a fact to be admitted or denied and speaks for itself.

111. Denied.

112. The first sentence is denied. Defendants became aware of issues after the system was activated and took appropriate action. The cases cited in Paragraph 112 are not facts to be admitted or denied and speak for themselves.

113. Denied.

114. Denied.

115. No response is required to Paragraph 115.

116. Denied that "Defendants Oldham, Moore, McGhee and Hammons, acting under color of state law, violated the rights of Plaintiffs and the Class Members secured by the Fourth and Fourteenth Amendments of the U.S. Constitution." Also denied that "[t]hese unlawful dentitions[sic] were without any

legal justification." The remaining allegations of Paragraph 116 are legal conclusions and not facts to be admitted or denied.

117. Denied. The case cited in Paragraph 117 is not a fact to be admitted or denied and speaks for itself.

118. No response is required to Paragraph 118.

119. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

120. Defendants admit the contract speaks for itself.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

122. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

123. No response is required to Paragraph 123.

124. Defendants state the contract between Shelby County and Tyler Tech speaks for itself. Tyler Tech did not supervise County employees. The case cited in Paragraph 124 is not a fact to be admitted or denied and speak for itself.

125. Denied.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

**Prayer for Relief:** The relief sought in the "Prayer for Relief" Section of the Second Amended Complaint is not warranted and Plaintiffs are not entitled to any relief.

All allegations contained in the Second Amended Complaint which have not been admitted or denied are hereby denied.

Defendants reserve the right to amend their Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

### **Affirmative and Other Defenses**

1. The Second Amended Complaint fails to state a claim upon which relief can be granted upon the "Shelby County Sheriff's Department," as it is not a separate entity subject to suit.

2. To the extent that the Second Amended Complaint alleges causes of action against Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons in their official capacities, such claims should be deemed to be against Shelby County, and should, therefore, be dismissed as to the individuals for failure to state a claim upon which relief can be granted.

3. The Second Amended Complaint fails to state a claim upon which relief can be granted as to Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons to the extent they are entitled to qualified immunity.

4. The Sheriff, Robert Moore, Charlene McGhee nor Debra Hammons negotiated or approved the contract between Shelby County and Tyler Technologies, Inc.

5. The Sheriff, Robert Moore, Charlene McGhee nor Debra Hammons had any personal contact with the named defendants.

6. Plaintiffs fail to state a claim against Shelby County to the extent that it is entitled to sovereign immunity.

7. To the extent Plaintiffs' alleged injuries were caused or contributed to by their own unlawful conduct, their recovery for such alleged injuries is barred.

8. To the extent Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Fault, if any, must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries.

9. To the extent Plaintiffs are alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendants aver that Plaintiffs do not make a claim under the TGTLA, and that they fail to state a claim upon which relief can be granted under the TGTLA.

10. In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, and/or mistake.

11. Defendants reserve the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiffs' claims with Prejudice, award Defendants all fees, costs, and/or all such other relief to which the Court deems they are entitled.

                Respectfully submitted,

                /s/ Amber D. Floyd
                Robert E. Craddock, Jr. (# 5826)
                Odell Horton, Jr. (# 12426)
                Amber Floyd (#29160)
                Wyatt Tarrant & Combs LLP
                1715 Aaron Brenner Drive
                Suite 800
                Memphis, TN  38120
                (901) 537-1000
                rcraddock@wyattfirm.com
                ohorton@wyattfirm.com
                afloyd@wyattfirm.com

                AND

                E. Lee Whitwell (#33622)
                Shelby County Attorney's Office
                160 North Main Street, Suite 950
                Memphis, TN  38103
                (901) 222-2100
                lee.whitwell@shelbycountytn.gov

                *Counsel for Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee and Debra Hammons*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 25th day of May, 2017, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Claiborne Ferguson
The Claiborne Ferguson Law Firm P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment
The Law Office of Joseph S. Ozment, PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

/s/ Amber D. Floyd

61617715.7
61621690.1