IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:16-cv-02907-SHM-tmp Jury Demanded |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY TO RESPONSE TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OF DEFENDANTS BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, AND DEBRA HAMMONS AS TO THE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons (hereinafter referred to as "Individual Defendants") submit this Reply to Plaintiffs' Response to Defendants' Motion for Partial Judgment on the Pleadings, stating as follows:

Plaintiffs' Response to Defendants' Motion for Partial Judgment on the Pleadings ("Response") does nothing more than reframe the deficiencies present in the Second Amended Complaint ("Complaint") against the Individual Defendants. Regardless of Plaintiffs' arguments, the Complaint still fails to articulate specific, wrongful conduct by the Individual Defendants sufficient to make out a violation **by** the Individual Defendants of the Plaintiffs' constitutional rights. Further, even if the Complaint did establish a rights violation by the Individual Defendants, the Complaint does not establish that the Individual Defendants acted in an objectively unreasonable manner; thus, they retain qualified immunity.

As a threshold matter, Plaintiffs' interpretation of the Individual Defendants' argument is inaccurate. In discussing qualified immunity, Plaintiffs assert that the Individual Defendants do "not dispute that Plaintiffs' allegations establish parts one and two of the three-part [qualified immunity] test." (Response, D.E. 61, p. 11). This is a mischaracterization of the Individual Defendants' argument. The Individual Defendants have not conceded that the Complaint alleges sufficiently that they are responsible for any alleged constitutional violations—in other words, they do not concede prong one.[1]

---

[1] Neither do the Individual Defendants concede prong two, for that matter—that any alleged rights that were violated were necessarily clearly established.

2

The Plaintiffs' Complaint does not allege sufficiently that the Individual Defendants took actions that amounted to violations of the Plaintiffs' constitutional rights. The Sixth Circuit has "consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what ***each*** defendant did to violate the asserted constitutional right." *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

Here, Plaintiffs do almost nothing to distinguish the alleged actions of each of the Individual Defendants that actually caused Plaintiffs' alleged harm. For instance, Defendants Hammons and McGhee receive no individual attention. The Complaint does not identify one thing that either of them, individually, did. Nor does it identify a job specific to either of them that they failed to do. They are only identified in the cluster "Oldham, Moore, McGhee and Hammons."

In fact, the Complaint does not even allege that Defendants Hammons, McGhee, or Moore were on the IT Steering Committee. This is significant because the Complaint's allegations all stem from the County's alleged decisions to purchase and implement computer systems. If the Plaintiffs cannot allege that the Individual Defendants were directly involved in those decisions (much less that they were involved in the actual on-the-ground situation at the jail) then the Plaintiffs cannot make out a claim against the Individual Defendants. The Plaintiffs have not alleged sufficient facts to show that the Individual Defendants violated any

constitutional rights or that their actions (if any) were unreasonable in light of a clearly established right.

Plaintiffs attempt to rely on *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017), to support their argument that the Individual Defendants' actions were sufficient to create liability. But *Castro*, if anything, stands for the opposite proposition.  The two individual Defendants in *Castro* were liable for specific actions they took on scene at the jail that resulted in the plaintiff's constitutional violation.  The plaintiff in *Castro* was housed in a jail with a potentially physically violent inmate who ultimately assaulted the plaintiff.  Unlike the present case, the individual defendants in *Castro* made decisions that directly caused plaintiff's harm:  "[Defendant] Valentine decided to house [plaintiff] Castro in a fully walled sobering cell with a 'combative' inmate even though separate cells were typically available and unused. [Defendant] Solomon failed to respond to Castro's banging on the window in the door of the cell . . . [, and] remained unresponsive, seated at a desk nearby."  *Id.* at 1073.  The individual defendants in *Castro* were present, were directly involved in the plaintiff's detention, and made choices that directly resulted in the assault of the plaintiff by another inmate.  In the case at bar, however, the Plaintiffs have not made such allegations against the Individual Defendants or any similar allegations sufficient to establish liability against them.

## CONCLUSION

For all these reasons, the Individual Defendants respectfully request that the claims against them in their individual capacities be dismissed.


Respectfully submitted,

/s/ Odell Horton, Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Amber D. Floyd (# 29160)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive
Suite 800
Memphis, TN  38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Attorneys for Shelby County*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 20th day of July, 2017, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland &
Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Claiborne Ferguson
The Claiborne Ferguson Law Firm
P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.c
om

Joseph S.Ozment
The Law Office of Joseph S. Ozment,
PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

/s/ Odell Horton, Jr.