IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM-tmp** <br><br> (Hon. Judge Samuel H. Mays) <br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation<br><br>DEFENDANTS. | **Case No. 2:17-cv-02795-SHM-tmp**<br><br>(Hon. Judge Samuel H. Mays)<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND TO DISMISS WITHOUT PREJUDICE OR, ALTERNATIVELY, TO STAY THE RECENTLY FILED AS *INGRAM* CLASS ACTION COMPLAINT**

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain (hereinafter collectively referred to as "Plaintiffs"),

2

and by and through their undersigned counsel of record, and, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, submit their Memorandum of Law in Support of their Motion for Appointment of Frank L. Watson, III, William F. Burns, and William E. Routt, attorneys of the law firm of WATSON BURNS, PLLC, and Michael G. McLaren, William E. Cochran, Jr. and Brice M. Timmons, attorneys of BLACK MCLAREN JONES RYLAND & GRIFFEE PC, as Interim Class Counsel and to Dismiss Without Prejudice or, alternatively, to Stay the Recently Filed *Ingram* Class Action Complaint and would state as follows:

## I. SUMMARY

This putative class action alleges significant civil rights violations concerning numerous unlawful dentitions at the Shelby County Jail. It is the product of the Court's prior consolidation of two Class Action Complaints and, as such, has now been pending for over one year.

During this time frame, a Scheduling Order bifurcating class discovery from merits discovery has been entered and Plaintiffs' lead counsel – the attorneys of the law firms WATSON BURNS, PLLC ("Watson Burns") and BLACK MCLAREN JONES RYLAND & GRIFFEE PC ("Black McLaren") – have entered into a work and fee sharing arrangement, filed a Second Amended Class Action Complaint, fully responded to Defendants' Motions to Dismiss, responded to Defendants' written discovery to the named Plaintiffs, propounded written discovery to Defendants and are now in the midst of document discovery in preparation for Plaintiffs' Motion for Class Certification, which is currently scheduled for filing on February 2, 2018. (Dkt. No. 69).

Despite the significant progress in this action, Plaintiff Melvin Ingram and twenty-nine individuals recently filed another class action complaint (the "*Ingram* Class Complaint") against the identical Defendants in this case. (*See*, Case No. 2:17-cv-02795, Dkt No. 1, attached hereto

3

as **Exhibit "A"**). The *Ingram* Class Complaint is nothing less than a copycat filing.[1] Indeed, the attorneys listed as counsel in the *Ingram* Class Complaint clearly copied word for word the factual allegations, the legal claims, the class allegations (including the class definitions) and the monetary damage set forth in the Second Amended Complaint in this action. As such, it should be dismissed or stayed under the "first to file rule" so that it does not interfere with the progress of this action.

## II. PROCEDURAL AND FACTUAL BACKGROUND

A. **Two Putative Class Actions Are Pending that Involve Allegations Concerning the Shelby County Jail's Failure to Process and Release Arrestees in a Lawful Manner.**

On November 11, 2016, Plaintiff Issacca Powell filed a putative class action (hereinafter the "*Powell* Class Action"), asserting Section 1983 claims on behalf of a class of individuals who were incarcerated and unlawfully detained at the Shelby County Jail. (Dkt No. 1). Thereafter, attorneys at the Black McLaren firm filed notices of appearance to serve as lead counsel in the *Powell* Action. (Dkt Nos. 26 & 27).

On January 9, 2017, Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy Melton filed a putative Class Action Complaint against Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons (in their individual and official capacities), Shelby County and Tyler Technologies, Inc. (hereinafter the "*Brown* Action"). The *Brown* Class Action also alleged Section 1983 violations arising out of unlawful dentitions at the Shelby County Jail, with the Watson Burns firm serving as lead counsel for the Plaintiffs.

By Order dated March 13, 2017, this Court consolidated the *Powell* and *Brown* Class Actions under the *Powell* docket number, ordered that all Plaintiffs file one consolidated class

---

[1] Plaintiffs have highlighted those portions of the *Ingram* Class Action Complaint that are lifted verbatim from the Second Amended Class Action Complaint filed in *Powell*. As the Court can see, the *Ingram* plaintiffs have simply duplicated the identical factual allegations against Defendants, the identical legal claims, the identical class definitions and the identical monetary claim from *Powell*. (*See*, Ex. A, *Ingram* Class Action Complaint at ¶s 1 – 5, 36 – 93, 95 –110, 112 – 115, & Prayer for Relief, all of which were copied from the *Powell* Second Amended Class Action Complaint).

4

action complaint and instructed the parties to abide by the Court's Scheduling Order that has been previously entered on February 22, 2017 in the *Powell* Class Action, which bifurcated class discovery from merits discovery. (Dkt. No.42).

Thereafter the Watson Burns and Black McLaren firms reached a work and fee sharing arrangement and filed Plaintiffs' consolidated Second Amended Complaint. (Dkt. No. 52). They have also filed Responses to Defendants' Motions to Dismiss (Dkt. Nos. 61 & 62) and are currently conducting significant written class discovery of Defendants. (Dkt. No. 73). Lastly, Plaintiffs – the proposed class representatives – have responded to Defendants' written discovery requests related to class discovery. (Dkt No. 78).

On October 31, 2017, Plaintiff Melvin Ingram and twenty-nine other persons filed a putative class action complaint (the "*Ingram* Class Complaint") against the identical Defendants in this case. (*See*, Case No. 2:17-cv-02795).  Indeed, with the exception of the allegations pertaining to the individual plaintiffs named therein, the *Ingram* Class Complaint is identical to the Second Amended Class Complaint in this matter. The attorneys listed as counsel in the *Ingram* Class Complaint merely copied word for word the factual allegations, the legal claims, the class allegations (including the class definitions) and the monetary damage set forth in the Second Amended Complaint. In short, the *Ingram* Class Complaint is a copy cat case that is unnecessary, particularly since this action is well underway.

**B.    The appointment of Interim Class Counsel is needed in this action so that the interests of the putative class can be protected.**

Given that overlapping class actions exist in this matter, the appointment of Interim Class Counsel is appropriate. In particular, in the absence of the appointment of Interim Class Counsel, the Court will necessarily have to entertain two separate Motions for Class Certification. Plaintiffs submit that this is inefficient and that, instead, the Court should appoint Interim Class Counsel so that only one Motion for Class Certification is filed and that the Defendants are only

5

subjected to Class discovery once. Furthermore, interim class counsel is needed in order that one voice speaks for the putative class during pre-certification discovery and motion practice.

As discussed below, given both their substantial work on this matter and vast experience in class action litigation, Plaintiffs submit that their chosen attorneys at Watson Burns and Black McLaren, should be appointed as Interim Class counsel.

C. **The Attorneys of Watson Burns and Black McLaren have been appointed Class Counsel in numerous actions, have extensive knowledge of class action law and have significant resources with which to pursue this litigation.**

Frank L. Watson, III and William F. Burns, the named members of Watson Burns, PLLC (hereinafter "Watson Burns") have significant Rule 23 experience and have been appointed class counsel in a number of successful actions throughout the nation, including several in the Western District of Tennessee. (Declaration of Frank L. Watson, III ("Watson Decl.") at ¶¶ 3-4, attached hereto as **Exhibit "B"**).

Many any of these cases have resulted in multi-million dollar recoveries for the class, including:

- *Babb, et. al. v. Wilsonart International, Inc.* Civil Action No. 01818-04, Div. 4 (Cir. Ct. Shelby County, Tennessee filed Mar. 30, 2004)(Judge Rita Stotts)(appointed Co-Lead Class Counsel to consumer class action involving defective kitchen countertops owned by over 10,000 consumers; case was certified as a nationwide class action and ultimately settled for a compensatory damages of $23.5 million to the class).

- *Squires v. The ServiceMaster Co. and Clayton Dubilier & Rice, Inc.*, CH-08-0471-Part II (Chancery Ct. Shelby Co., Tennessee filed Mar. 11, 2008)(Chancellor Arnold Goldin)( appointed Co-Lead Class Counsel to employees who held options on ServiceMaster stock that had been wrongfully canceled; case settled on a class basis for $1 million)

- *Howard v. Wilkes & McHugh, P.A. et al.*, Case No. 2:06-cv-2833-JMP-tmp (W.D. Tenn. filed Dec. 12, 2006)(Judge Jon P. McCalla)(appointed Lead Class Counsel in class action against law firm for charging excessive fees in medical malpractice cases; case settled for $4 million)

- *Ham et al. v. Swift Transportation Co., Inc.* Case No. 2:09-cv-02145-JTF (W.D. Tenn. filed Mar. 11, 2009)(Judge Bernice B. Donald)(appointed Co-Lead Class

> Counsel to class of approximately 8,700 student truck drivers who lost their commercial drivers licenses based on the alleged wrongful actions of Swift's trucking driving school; case settled for compensatory damages and debt write off valued in excess of $17 million)
>
> - *Manjunath A. Gokare, P.C. et al v. Federal Express Corp.*, Case No. 2:11-cv-02131-JTF-cgc (W.D. Tenn. filed Nov. 11, 2011)(Judge John T. Fowlkes)(appointed Co-Lead Class Counsel to class of consumers to whom Federal Express had improperly imposed residential surcharges for the delivery of packages to non-residential addresses; case was settled for $20 million to the class along with significant injunctive relief)
>
> - *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 10-cv-2304 SHM-tmp (W.D. Tenn. filed 2010)(Judge Samuel H. Mays)(appointed Co-Lead Class Counsel in class action against law firm for its collection of an unlawful attorney fee from delinquent real property taxpayers) and *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, CH-13-0899-Part III (Chancery Ct. Shelby County, Tennessee filed June 18, 2013)(subsequent case settlement in state court for $7.4 million)
>
> - *Clemans v. New Werner Co. d/b/a Werner Co.*, Case No. 3:12-cv-05186-RBL (W.D. Wash. filed Mar. 2, 2012)(Judge Ronald B. Leighton)(appointed Co-Lead Class Counsel in class action alleging that an attic ladder, made by Werner Co. prior to its bankruptcy in 2006, was defective; despite Werner's bankruptcy, case was settled by Werner's agreement to replace 300,000 attic ladders sold in the U.S, the retail value of which was $48 million)
>
> - *Goodman v. Cashman et al and CIGNA Life Insurance Co.*, Case No. 3:14-cv-229-DPM (E.D. Ark. Dec. 10, 2015)(Judge D.P. Marshall)(ERISA class action certified on behalf of participants in Crittenden Hospital Associations defunct health plan and appointed Co-Lead Class Counsel; proposed settlement pending)

(Watson Decl. at ¶ 4).

Additionally, Mr. Burns served as Co-Lead Class counsel before Judge Jon P. McCalla of the United States Court for the Western District of Tennessee in the class action styled *The Farm and Industrial Supply Co., Inc. Profit Sharing Plan et al v. First Mercantile Trust Company et al*, Case No. 02-cv-2946-M/A. That class action involved ERISA and RICO claims brought to recover fee overcharges imposed on 2,500 pension plans. After substantial discovery, Mr. Burns was able to secure a settlement of over $19 million for the class. (*Id.* at ¶ 6).

7

Messrs. Watson and Burns have also successfully handled Rule 23(f) appeals before the Sixth Circuit with respect to class action certifications. (*Id.* at ¶ 5). And both have taught continuing legal education seminars on class action issues. (*Id.* at ¶ 7).

Additionally, Plaintiffs' chosen counsel Michael G. McLaren of Black McLaren has been a lawyer in Memphis, Tennessee, since 1976. Mr. McLaren is a distinguished member of the Tennessee Bar, the Memphis Bar, and the American Bar Associations. He has been practicing exclusively in the area of civil litigation during his 41-year career. Mr. McLaren graduated from Yale University in 1972 and from Loyola University of Chicago's School of Law in 1976 before beginning practice in Memphis, Tennessee. Mr. McLaren has handled and/or tried thousands of cases during that time period. He has worked exclusively in federal and state civil litigation during his entire career. He has had numerous Tennessee Court of Appeals, Sixth Circuit Court of Appeals, and Federal Circuit Court of Appeals opinions, too numerous to mention here, during his career. Mr. McLaren was a member of the International Association of Defense Counsel for 20+ years and has taught at that organization's week-long Trial Advocacy Academy. He is s a frequent lecturer on matters involving civil litigation. Mr. McLaren has also had significant experience in class action matters, representing both plaintiffs and defendants, some of which are as follows:

- In a class action matter pending before Judge Mays, Mr. McLaren represented three separate law firms, serially, in the matter of *Landers, et al. v. Morgan Asset Management, Inc., et al.* His charge was to resolve the dispute between plaintiff's attorneys involved with respect to their fees. He successfully resolved all issues, by representing the firms one by one.

- In a class action matter in the Western District, Mr. McLaren was defense counsel in a matter involving a lawsuit between a homeowners' association and his client, Wells Fargo Development Corp., where the residents in a condominium complex complained of construction defects.

- Mr. McLaren was a counsel in a class action matter involving a case against U-Haul Co. of America (Amerco) involving failure of tires in the F-150 pickup truck case.

8

- Mr. McLaren was likewise involved as defense counsel in the litigation involving a chemical substance which potentially caused bladder cancer, brought by workers against his client, Ciba Geigy Novartis. The matter was successfully resolved, but only after suit was brought, notices were given, extensive negotiations were held, plaintiffs were interviewed, and elaborate financial and future-health monitoring was resolved.

- Mr. McLaren also represented the plaintiffs in a class action matter in state court in Memphis, Tennessee, regarding noise abatement in the airport area.

- As general counsel of Wright Medical, a position he held for approximately 13 months, Mr. McLaren handled potential class action lawsuits involving certain orthopedic devices and claims brought on behalf of plaintiffs for alleged failure of those devices.

As a result, Mr. McLaren and the Black McLaren firm bring significant tort and contract experience to the table, including too many matters to be listed here, professional liability (both defense and plaintiff oriented), and matters that have been aired in both state and federal court for the last 41 years.

In the *Ingram* Action, Plaintiffs' counsel is Daniel Lofton, Paul Craig, Steve Wilson, Matthew Gulotta and Patrick Brooks. Although Plaintiffs presume that these attorneys are very competent members of the bar, it is unknown whether any of them have ever served as Class Counsel in a class action and what is the extent, of any, as to their knowledge of class action law.

**D.      Watson Burns and Black McLaren have Performed Significant Work Investigating the Claims and Facts of this Matter.**

Watson Burns and Black McLaren have investigated this matter and have spent meaningful time developing claims to enable the putative Class to recover and have entered into a work and fee sharing arrangement, filed a Second Amended Class Action Complaint, fully responded to Defendants' Motions to Dismiss, responded to Defendants' written discovery to the named Plaintiffs, propounded written discovery to Defendants and are now in the midst of document discovery. (Watson Decl. at ¶ 10).

9

## III.  LEGAL ARGUMENT

### A. <u>At this Juncture, the Court Should Appoint Watson Burns and Black McLaren as Interim Class Counsel .</u>

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes the Court to "designate interim class counsel to act on the behalf of a putative class before determining whether to certify the action as a class action." *See*, Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11.

Where there are two overlapping class actions, courts frequently appoint interim class counsel. *See e.g.*, *Tolmasoff v. GM, LLC*, Case No. 16-11747, 2016 U.S. Dist. LEXIS 85101 at *27 (E.D. Mich. June 30, 2016)("Here, two related lawsuits have already been filed and others may follow. Moreover, the Court believes that it would be beneficial to formally identify the counsel responsible, at this pre-certification stage, for protecting the interests of the putative class members. Therefore, the Court will designate interim counsel").

Moreover, even the prospect of that an additional class action on the same subject matter may be filed is grounds to appoint interim class counsel under Rule 23(g)(3). For example, in *Brace et al v. Methodist Le Bonheur Healthcare, the Benefits Committee*, Case No. 16-cv-2412-SHL-tmp (W.D. Tenn.)(the "*Brace Action*") the plaintiffs filed an putative ERISA class action, alleging that the defendant's benefits plan did not qualify as a "church plan" which was exempt from the funding requirements of ERISA.  There, at the outset of the case, the plaintiff's counsel sought appointment as interim class counsel under Rule 23(g)(3), although no other similar putative class action complaint had been filed. (*See*, D.E. 26 in the *Brace Action*). Anticipating the possibility of future class actions being filed, Judge Lipman granted the plaintiff's motion,

10

appointing interim class counsel and interim liaison class counsel. (A true and correct copy of said Order is attached hereto as **Exhibit "C"**).

Rule 23(g)(3) is silent as to the standards concerning the appointment of interim counsel. *Id*. However, when selecting interim class counsel, courts look to the criteria enumerated in Rule 23(g)(1)(A), which sets forth the factors to be used when appointing class counsel to a class that has been certified. *Crocker v. KV Pharmaceutical Co.*, No. 4:09-CV-198 (CEJ), 2009 U.S. LEXIS 38661 at *4 (E.D. Mo. May 7, 2009), citing *Southeast Missouri Hosp. v. C.R. Bard, Inc.*, No. 1:07cv0031 TCM, 2007 U.S. Dist. LEXIS 86392 at *1 (E.D. Mo. Nov. 21, 2007) and *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D. N.Y. 2005).

Rule 23(g)(1)(A) provides that the court must consider:

   (i)    the work counsel has done in identifying or investigating potential claims in the action;

   (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii)  counsel's knowledge of the applicable law; and

   (iv)   the resources that counsel will commit to representing the class.

*See*, Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Rule 23(g)(1)(B) further provides that the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." These additional considerations, among others, include "whether counsel has a good sense of what the case is about and what its value might be" and "whether counsel has prosecuted the lawsuit to this point with greater energy and to better effect than other contestants by creating work product that will be useful in the future of the litigation." *Durso v. Samsung Electronics America*, No. 2:12-cv-5352 (DMC)(JAD), 2013 U.S. Dist. LEXIS 111412 at *9 (D.C. N.J. Aug. 7, 2013)(considering these factors when determining the appointment of interim class counsel)

"Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)). "If a number of lawyers compete for class counsel appointment, 'designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.' MANUAL OF COMPLEX LITIGATION § 21.11. If the parties do not stipulate to class counsel, the court will need to select and designate class counsel." *Micehelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC (NLS), 2013 U.S. Dist. LEXIS 30229 (S.D. Cal. Mar. 1, 2013); accord, *In re Aurora Dairy Corp.*, No. 4:08MD01907 ERW, 2008 U.S. Dist. LEXIS 32189 at *17 (E.D. Mo. Apr. 18, 2008).

Based upon the factual background outlined above, Plaintiffs submit that Watson Burns and Black McLaren are the applicants best able to represent the interests of the class. *See*, *e. g.*, *Youngblood v. Linebarger Googan Blair & Sampson, LLP*, No. 10-2304 , 2012 U.S. Dist. LEXIS 142792 at *28 (W.D. Tenn. Sept. 30, 2012)(appointing Messrs. Watson and Burns as Class Counsel, stating "Watson has acted as defense and plaintiffs' counsel in class action litigation in courts throughout the country. Burns has been appointed class co-counsel in the Western District of Tennessee. … They have handled the matter ably since its inception").

**B.**     **Pursuant to the "First-to-File Rule," the Court Should Dismiss or Stay the *Ingram* Class Complaint.**

With respect to two lawsuits that involve virtually identical claims and parties, federal courts have employed the "first-to-file rule" to determine how the cases should proceed. The first to file rule provides that where certain factors are met, the first case should proceed forward and

12

the second case be dismissed or stayed. *See generally*, *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785 (6th Cir. 2016).

"The first-to-file rule generally applies where (1) the two actions involve nearly identical parties; (2) the two actions involve nearly identical issues; and (3) no equitable reasons or special circumstances are present to defeat the first-to-file rule." *Cook v. E.I. du Pont de Nemours & Co.*, No. 3:17-cv-00909, 2017 U.S. Dist. LEXIS 122436 at *7 (M.D. Tenn. Aug. 3, 2017), citing *Long v. CVS Caremark Corp.*, No. 5:09CV1392, 2010 U.S. Dist. LEXIS 12164 at *2 (N.D. Ohio Feb. 11, 2010).

When these factors are fulfilled, the district court may dismiss the second suit. *Baatz*, 814 F.3d at 793 ("Providing the district court discretion to dismiss a duplicative action fits with the purposes of the first-to-file rule and the need for the district court to have discretion in managing its docket").  In the alternative, the district may stay or enjoin the parties from proceeding with the second suit.  *Smith v. SEC*, 129 F.3d 356,361 (6th Cir.)("When a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit").

It is clear that all three of the first to file factors are fulfilled. First, the *Ingram* Class Complaint involves nearly identical parties. The named Defendants in *Ingram* are identical to those named in *Powell*.  While the named plaintiffs are different, the *Ingram* plaintiffs purport to represent the same class as that in *Powell.*  Indeed, like virtually everything else in the *Ingram* Class Complaint, *Ingram* plaintiffs copied the identical class definition and class allegations from *Powell*. (*See*, Ex. A*, Ingram* Class Action Complaint at ¶s 89 – 93 & 95).

When analyzing the identity of the parties in the class action context, "the classes, and not the class representatives, are compared." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M

13

07-1827 SI, 2011 U.S. Dist. LEXIS 53064 at *25 (N.D. Cal. Apr. 13, 2011. As a result, the two actions clearly involve nearly identical parties.

Second, with the small exception of allegations pertaining to the named plaintiffs in *Ingram*, the *Ingram* Class Complaint copied verbatim the factual allegations and legal claims contain in *Powell*. (*See*, Ex. A, *Ingram* Class Action Complaint at ¶s 1 – 5, 36 – 93, 95 –110, 112 – 115, & Prayer for Relief, all of which were copied from the *Powell* Second Amended Class Action Complaint).

Lastly, since *Powell* is proceeding forward as a putative class action in which the identical claims asserted in Ingram will be protected, there are no equitable reasons to not apply the first to file rule.

A stay or dismissal of a second putative class action is frequently granted where a second copy-cat class action has been filed. *See*, *Weinstein v. Metlife Inc*., No. C 06-04444 SI 2006 U.S. Dist. LEXIS 83115 (N.D. Cal. Nov. 6, 2006)(where two substantially similar class actions were filed in the same federal district, court stayed the second filed class action until such time as class certification was ruled on in first filed case, finding that it would dismiss second case if class certification was granted in first case).

In *Cohen IP Law Group, PC v. IAC/InterActiveCorp*, No. CV 10-5994 CAS (FMOx), 2010 U.S. Dist. LEXIS 118948 (C.D. Cal Oct 25, 2010), the district court stayed a second filed class action under circumstances substantially similar to the two class action at issue here. In that case, the court noted:

> The *Cohen* Action [the second filed class action] is entirely duplicative of the *Menagerie* Action [the first filed class action]. The operative complaints in the two cases allege precisely the same conduct, assert precisely the same claims against the same defendants based on the same legal theories, and seek precisely the same relief. And the *Cohen* Action purports to be brought on behalf of precisely the same class that this Court certified in the *Menagerie* Action; indeed, the language of the proposed class definition in the *Cohen* complaint tracks, word for word, the class

14

>
> definition contained in this Court's certification order in the *Menagerie* Action.

*Id.*

Likewise, the *Ingram* plaintiffs have simply copied the allegations – including the class definitions – asserted in *Powell* and, thus, dismissal without prejudice or a stay is warranted.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain, and by and through their undersigned counsel of record, and, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, move this Honorable Court to appoint Frank L. Watson, III, William F. Burns, and William E. Routt, attorneys of the law firm of WATSON BURNS, PLLC, and Michael G. McLaren, William E. Cochran, Jr., and Brice M. Timmons, attorneys of BLACK MCLAREN JONES RYLAND & GRIFFEE PC, as Interim Class Counsel and to Dismiss Without Prejudice or, alternatively, to Stay the Recently Filed *Ingram* Class Action Complaint.

Respectfully submitted,

/s/ *Michael G. McLaren*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)

15

/s/ Frank L. Watson, III
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com

.      *Counsel for Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain on behalf of themselves and the putative absent Class Members*

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that the above and foregoing was filed on November 21, 2017, using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, Tennessee 38103

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

*Counsel for Defendant Tyler Technologies, Inc*

Daniel O. Lofton, Esq.
Paul F. Craig, Esq.
2400 Poplar Avenue
Suite 210
Memphis, Tennessee 38112
Email: dlofton@craigandloftonlaw.com
Email: pfcraig@bellsouth.net

Steven G, Wilson, Esq.
5100 Poplar Avenue
Suite 2700
Memphis, Tennessee 38137
Email: stevewilsonlaw@gmail.com

Matthew C. Gulotta, Esq.
202 Adams Avenue
Memphis, Tennessee 38103
Email: matt@gulottalaw.net

Patrick Brooks, Esq.
2299 Union Avenue
Memphis, Tennessee 38104
Email:patrick@patrickbrookslaw.com

*Counsel for Plaintiffs Melvin Ingram,*
*Shantel Adams, David Beck, Dwyane Bowens,*
*Alfredo Cardenas, Veroinca Leaves,*
*Marcus Cochran, Robert Colucci, Leslie Crews,*
*Eric Flake, Jacob Greenwell, Lawonda Hodges,*
*Larome Humphrey, Robert Kataltepe,*
*John Linter, Keesha McClinton, Lakisha McCoy,*
*Clifton McCoy, Dedreck McVay, Harry Oliver,*
*Darrell Onsby, Frederick Rayford, John Riles,*
*Ashley Robertson, Deandre Rosser, Dustin Russell,*
*Patrick Shaw, Cedric Taylor, Jesse Townsend, and*
*Steven Wesby*

s/ Frank L. Watson, III
Frank L. Watson, III
