# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>Defendants. | **Civil Action No. 2:16-cv-02907-SHM-tmp**<br><br>**(Hon. Judge Samuel H. Mays)** |

## DEFENDANTS' COMBINED
## MOTION AND SUPPORTING MEMORANDUM FOR CONSOLIDATION

Based on the Status conference held on December 19, 2017, Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Shelby County, Tennessee, (the "Shelby Defendants") and Tyler Technologies, Inc. ("Tyler") (collectively, the "Defendants") submit this Motion For Consolidation of two pending matters before this court (Cause No. 2:16-cv-02907-SHM-tmp and Cause No. 2:17-cv-02795-SMH-tmp), both of which assert identical putative class action claims against Defendants.  In addition, this Motion also responds, in part, to Plaintiffs' 23(g)(3) Motion for Appointment of Interim Class Counsel and to Dismiss Without Prejudice or, Alternatively, to Stay the Recently Filed Ingram Class Action Complaint filed in Cause No. 2:16-cv-02907-SHM-tmp (Dkt No. 80).

## I.   BACKGROUND

1. On November 17, 2016, Plaintiff Issacca Powell, individually and on behalf of similarly situated persons, filed his Complaint for Civil Rights Violations against Defendants Oldham, Moore, McGhee and Hammons, individually and in their official capacities, and Shelby County, Tennessee, which was assigned to U.S. District Judge Samuel H. Mays, Jr. as Civil Action No. 2:16-cv-02907 ("Powell Class Action").

2. On January 9, 2017, Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy S. Melton, individually and on behalf of similarly situated persons, filed their Class Action Complaint for Violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Tennessee Common Law (the "Brown Class Action").  The Brown Class Action asserted claims against the Shelby Defendants, in their individual and official capacities and against Tyler.  The Brown Class Action was originally assigned to U.S. District Judge John T. Fowlkes, Jr. as Civil Action No. 2:17-cv-02015 ("Brown Class Action").

3. On February 22, 2017, Judge Fowlkes transferred the Brown Class Action to this Court, and, on March 13, 2017, this Court entered an order consolidating the Powell Class Action and the Brown Class Action into one case (the "Consolidated Case").

4. On May 4, 2017, Plaintiffs in the Consolidated Case filed a Second Amended Class Action Complaint, again asserting the following claims: (i) Violations of 42 U.S.C. § 1983 (against Defendants Oldham, Moore, McGhee, Hammons in their individual capacities); (ii) Violations of 42 U.S.C. § 1983 (against Defendants Oldham, Moore, McGhee, Hammons in their official capacities, and, thus against Shelby County); (iii) Negligence (against Defendant Tyler); and (iv) Negligent Training and Supervision (against Defendant Tyler).

5. On October 31, 2017, Melvin Ingram and twenty-nine additional plaintiffs filed a Class Action Complaint for Violations of 42 U.S.C. § 1983 and Tennessee Common Law (the "Ingram Class Action").[1] The Ingram Class Action Complaint is virtually identical in substance to Second Amended Class Action Complaint on file in the Consolidated Case and asserts the *exact* same claims against the *exact* same Defendants that are detailed above. The Ingram Class Action was assigned to this Court and given Cause No. 2:17-cv-02795.[2]

6. In response to the filing of the Ingram Class Action, Plaintiffs in the Consolidated Case filed their Rule 23(g)(3) Motion for Appointment of Interim Class Counsel and to Dismiss Without Prejudice or, Alternatively, to Stay the Recently Filed Ingram Class Action Complaint ("Plaintiffs' Motion"). Plaintiffs' Motion requests that the Ingram Class Action be dismissed pursuant to the "first-to-file rule" in favor of the already-pending Consolidated Case. Dkt. No. 80

---

[1] Before filing suit in this Court, Melvin Ingram and several other Plaintiffs of the Ingram Class Action filed suit against Shelby County in Circuit Court on December 24, 2016—roughly one month after Issacca Powell filed his lawsuit here. *Melvin Ingram, et al. v. Shelby County*, Case No. CT-005180-16, Div. III. Plaintiff Ingram ultimately voluntarily nonsuited that claim on June 22, 2017.

[2] Defendant Debra Hammons has not been served in the Ingram Class Action and joins in this motion only as a party to lawsuits to which she has already been served and does not waive any rights or defenses regarding lack of service in the Ingram Class Action.

at p. 12. Alternatively, Plaintiffs' Motion requests that the Ingram Class Action be stayed pending the determination of class certification in the Consolidated Case. *Id.* at p. 14. Plaintiffs' Motion also requests that Plaintiffs' current counsel in the Consolidated Case be appointed lead counsel of the putative class.

## II.   ARGUMENT & AUTHORITIES

7. As discussed at the December 19, 2017 status conference, Defendants believe that it is inefficient, burdensome and improper for two identical putative class actions to proceed simultaneously against Defendants. Defendants believe that the most appropriate procedural mechanism for addressing this circumstance would be for the Court to consolidate the Consolidated Case and the Ingram Class Action into one lawsuit.

8. Rule 42(a) of the Federal Rules of Civil Procedure provides that a trial court has the discretion to consolidate actions that "involve a common question of law or fact." *See Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933) ("consolidation is permitted as a matter of convenience and economy in administration. . ."); *see also, e.g., In Re High Sulfur Content Gasoline Prods. Liability Litig.*, 334 F. Supp. 2d 755, 756 (J.P. M.L. 2004) (finding consolidation of overlapping putative class action matters was appropriate where it would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of th[e] litigation.")[3]; *Daniels ex rel. Harold G. McAbee Family Trust v. Morgan Keegan & Col., Inc.*, 2009 WL 2749963 at *1 (W.D. Tenn. August 26, 2009) (consolidating putative class actions arising out of the same facts and alleging similar claims); *Atkinson v. Morgan Asset Mgmt., Inc.*, 2008 WL 11319683, at *1 (W.D. Tenn. September 23, 2008) (same).

---

[3]   This case is but one example in a long list of matters before the Judicial Panel on Multidistrict Litigation that consolidates multiple putative class actions.

9. Here, the Ingram Class Action and the already Consolidated Case not only involve common questions of fact and law—they contain virtually identical allegations and claims. The putative classes in both the Ingram Class Action and the Consolidated Case are identical and, thus, the putative class members in the Ingram Class Action would all be members of the putative class in the Consolidated Case.

10. Consolidation will prevent the Court and the Defendants from having to handle two identical matters simultaneously. Consolidation will also ensure uniform treatment of the parties throughout the discovery process and eliminate the risk of differing or potentially inconsistent rulings on matters involving the same facts or issues. Consolidation serves the interests of judicial economy and efficiency and would have the benefit of minimizing avoidable litigation expenses and effort by the parties and the Court.

11. Accordingly, Defendants respectfully request that the Court consolidate the Ingram Class Action with the Consolidated Case. Additionally, given the substantially identical claims and allegations, Defendants request that the Court order that the Second Amended Class Action Complaint in the Consolidated Case be considered the operative consolidated pleading and that Defendants be relieved of any obligation to file additional responsive papers in connection with the Ingram Class Action Complaint.

12. Defendants recognize that Plaintiffs' Motion requests dismissal of the Ingram Class Action on the basis of the "first to file" rule. Defendants do not oppose that request as an alternative to consolidation. In addition, Defendants recognize that Plaintiffs' Motion seeks to have the Court resolve issues related to the appointment of lead plaintiffs and lead counsel in connection with the putative class. Defendants take no position at this time

regarding the appointment of lead plaintiffs/lead counsel other than to suggest that the Court determine those issues after a determination regarding consolidation and/or dismissal.[4]

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court (1) consolidate the Ingram Class Action with the Consolidated Case; (2) order that the Second Amended Class Action Complaint in the Consolidated Case be considered the operative consolidated pleading and that Defendants be relieved of any obligation to file additional responsive papers in connection with the Ingram Class Action Complaint; and (3) issue any other orders to avoid unnecessary cost or delay in this matter pursuant to Rule 42 of the Federal Rules of Civil Procedure.

---

[4] It is worth noting that when multiple putative securities class actions are filed, the Private Securities Litigation Reform Act requires the court to defer determinations regarding lead plaintiffs and lead counsel until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78U-4(a)(3)(B)(ii). Although this is not a securities class action implicated by the PSLRA, the rationale for determining consolidation as an initial matter is the same here.

Dated: December 29, 2017

        Respectfully submitted,

        /s/ Bradley E. Trammell
        Bradley E. Trammell (# 13980)
        **BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
        165 Madison Ave. Suite 2000
        Memphis, TN 38103
        901-526-2000
        btrammell@bakerdonelson.com

        Beth Bivans Petronio (admitted *pro hac*)
        Texas Bar No. 00797664
        beth.petronio@klgates.com
        **K&L GATES, LLP**
        1717 Main Street, Suite 2800
        Dallas, Texas 75201
        (214) 939-5500  Telephone
        (214) 939-5849  Facsimile

        **COUNSEL FOR TYLER TECHNOLOGIES, INC.**

        /s/ Odell Horton, Jr.
        Robert E. Craddock, Jr. (#5826)
        Odell Horton, Jr. (#12426)
        Amber D. Floyd (#29160)
        **WYATT, TARRANT & COMBS, LLP**
        1715 Aaron Brenner Dr., Suite 800
        Memphis, TN 38120
        901-537-1000

        E. Lee Whitwell (#33622)
        Shelby County Attorney's Office
        160 North Main St., Suite 950
        Memphis, TN 38103
        901-222-2100

        **COUNSEL FOR SHELBY COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

The foregoing document was filed via the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties in both the Ingram Class Action and the Consolidated Case, on this 29th day of December, 2017.

/s/ Bradley E. Trammell