IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM-tmp** <br><br> (Hon. Judge Samuel H. Mays) <br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation<br><br>DEFENDANTS. | Case No. 2:17-cv-02795-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays)<br><br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE THE RECENTLY FILED *INGRAM* CLASS ACTION COMPLAINT WITH THE *POWELL* ACTION

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel of record, submit their Memorandum of Law in Opposition to

Defendants' Motion to Consolidate the Recently Filed *Ingram* Class Action Complaint with the *Powell* Class Action (Dkt. No. 85) and would state as follows:

**"Defer no time, delays have dangerous ends."**

*HENRY VI*, Act III, Scene ii, WILLIAM SHAKESPEARE

## I.  SUMMARY

Filed almost one (1) year after the *Powell* Class Action Complaint, the *Ingram* Class Action Complaint copied *verbatim* the factual allegations, the class action allegations (including the identical class definitions) and the putative class legal claims set forth in the *Powell* Action. (*See*, Pls.' Memo in Supp. of Motion for Interim Class Counsel and to Dismiss Without Prejudice or, alternatively, to Stay the Recently Filed *Ingram* Class Action Complaint, Dkt Nos. 80-1 at pp 3-5 & 80-2 & 3 (Exs. A-1 & A-2)).

As such, the *Ingram* Class Action Complaint is clearly a "copycat class action."[1]

In light of the fact that the *Ingram* Complaint is identical to the *Powell* Complaint and that the *Powell* Action is already well into discovery and motion practice, the question before the Court is whether it is more efficient to dismiss or stay the *Ingram* Action or whether it is better to consolidate the *Ingram* Action with the *Powell* Action, thus essentially starting the instant

---

[1] "In the arena of class action litigation, so-called 'copycat' lawsuits are a persistent phenomenon. A class action complaint, once filed, can easily be duplicated by another (or the same) law firm, substituting a different plaintiff, while asserting the same claims against the same defendant on behalf of the same proposed class. Sometimes duplicative actions are filed by lawyers who hope to wrest the potentially lucrative lead role away from the original lawyers." Stephen A. Fogdall, *Limiting Duplicate Class Action Litigation After Smith v. Bayer: How Much Can "Comity" Bear?*, BLOOMBERG LAW, Nov. 8, 2012 (emphasis added), *see*, https://www.bna.com/limiting-duplicate-class-action-litigation-after-smith-v-bayer-how-much-weight-can-comity-bear/

litigation all over from its beginning.  Here, efficiency strongly favors the dismissal or stay of the *Ingram* Action.

If consolidation were to occur, then the *Ingram* plaintiffs will have turned back the clock on the *Powell* Action to start these proceedings all over again. For example, yet another new amended and consolidated class complaint must be filed.  The Defendants will undoubtedly desire to file motions to dismiss with respect to this new complaint, and the *Ingram* plaintiffs will want to respond to these motions as their attorneys see fit. Further, the *Ingram* plaintiffs will want to propound new discovery to the Defendants that may be different than that which has already occurred in *Powell*. (Of course, if the *Ingram* plaintiffs merely copy the *Powell* plaintiffs' discovery – as they are apt to do – that fact too shows that the *Ingram* plaintiffs add nothing of substance to the *Powell* Action).  Lastly, the Defendants will be put to the obligation of deposing and taking discovery of the *Ingram* plaintiffs – who total thirty (30) in number.

Indeed, because the *Ingram* plaintiffs assert class definitions, factual allegations, and legal claims that are identical to those contained in *Powell*, the *Ingram* plaintiffs claims are subsumed by, and being prosecuted in, the *Powell* Action:  if the *Powell* Action is certified as a class, the *Ingram* plaintiffs will be members of the very class that they seek to establish; if class certification is for some reason denied, the *Ingram* plaintiffs will be free to pursue their claims on an individual basis should they choose to do so. Thus, no prejudice can befall the *Ingram* plaintiffs or the Defendants if the *Ingram* Action is dismissed or stayed rather than consolidated with *Powell*.

In summary, through their copycat class complaint, the *Ingram* putative class plaintiffs wrongfully seek to "piggyback" onto the *Powell* case and prosecute an identical class action that they know is already being properly prosecuted; clearly, this effort is not a method intended to

benefit the putative class but, instead, is a blatant attempt to secure some sort of class legal fee for the attorneys representing the *Ingram* plaintiffs.[2]

The Court should not countenance such gamesmanship and must disallow the *Ingram* plaintiffs from complicating and delaying the *Powell* Action through consolidation, particularly where such consolidation is wholly unneeded and does not advance the interests of the putative class already well underway in *Powell*.

## II. ARGUMENT

A. **In Order to Prevent Further Delay and Complication of the *Powell* Action, the Court Should Exercise Its Discretion in Denying the Motion to Consolidate and, Instead, Dismiss or Stay the *Ingram* Action.**

Under Federal Rule of Civil Procedure 42, where actions before a court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Starnes Family Office, LLC v. McCullar*, No. 10-2186; No. 11-2262, 2011 U.S. Dist. LEXIS 109581, *28-29 (W.D. Tenn. Sept. 11, 2011)(Mays, J.), quoting, Fed. R. Civ. P 42(a).

Rule 42 provides a court with broad discretion to consolidate similar actions pending before it. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). However, even when the movant for consolidation demonstrates that the two actions share commonality of law or facts as required by Rule 42, "this is merely a threshold inquiry." *Blasingame v. Church J.V., L.P.*, 2015 U.S. Dist. LEXIS 83722, *4 (W.D. Tenn. June 29, 2015), quoting *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

---

[2] In fact, the *Ingram* plaintiffs have always been free to pursue their individual claims under Section 1983, despite the filing of the *Powell* Class Complaint. Tellingly, the *Ingram* plaintiffs do not seek to do so, instead insisting on the prosecution of a class.

"The court should [further] weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. The court also should consider 'whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.' " *Id.* at *5 (citation omitted).

Each of these factors weighs against consolidation and instead favors dismissing or staying the *Ingram* Action, as permitted by Rule 42. First, as noted above, consolidation will delay and complicate the *Powell* case by starting the *Powell* lawsuit anew: a new amended and consolidated class complaint must be filed; new motions to dismiss to the amended and consolidated class complaint will be filed and will be responded to by plaintiffs; and new class discovery will be conducted.[3] Plaintiffs submit that this delay and added effort is a waste of time for all concerned, <u>especially given the fact that the *Ingram* complaint is identical to the *Powell* Complaint.</u>

Second, given that the *Ingram* Action is identical to *Powell*, there is no risk of inconsistent adjudications where *Ingram* is dismissed or stayed: if *Powell* is certified as a class, then the *Ingram* plaintiffs will be in the class and bound by its result (unless, with respect to any money damages class, they opt-out, which would seemingly be unethical since they purport to desire the certification of an identical class advanced in *Powell*).

If class certification is somehow denied, then the *Ingram* plaintiffs may pursue individual actions. Indeed, when it was filed, the *Powell* Action tolled the statute of limitations for all

---

[3] If consolidation occurs, the Court will also have to appoint Interim Class Counsel under Rule 23(g); otherwise, the *Powell* Action will simply become an attorney free-for-all. Without such appointment, there will be no one attorney to decide, *inter alia*, issues such as: (i) which plaintiffs serve as class representatives and which do not? (ii) what scope of discovery is necessary for class certification? and (iii) what legal strategies should be employed?

putative class members, including the individual *Ingram* plaintiffs, pursuant to the class action tolling doctrine set forth in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 540, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974). *See*, *Cedillo v. TransCor Am., LLC*, 131 F. Supp. 3d 734, 744 (M.D. Tenn. 2015)("Class action or '*American Pipe*' tolling applies to Section 1983 class action lawsuits brought in federal courts. Under the *American Pipe* doctrine, the commencement of a class action lawsuit 'suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' "), *quoting*, *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 353-54, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983).  As a result, the dismissal or stay of the *Ingram* Action cannot result in any prejudice to any party.

      Thus, Plaintiffs would urge the Court to deny the Motion to Consolidate on this basis, as other federal courts dealing with late filed copycat class actions have done. *See, e.g.*, *Campbell v. PriceWaterhouseCoopers*, No. Civ. S-06-2376 LKK/GGH, 2008 U.S. Dist. LEXIS 75756 (E.D. Cal. Aug. 14, 2008)(where two additional putative class actions were filed well after initial class complaint, district court denied defendant's motion to consolidate because it would unduly delay case).

**B.**     **A Dismissal or Stay of the *Ingram* Action is More Efficient than Consolidation.**

      Plaintiffs submit that the better and more efficient course of action is to simply dismiss (without prejudice) or stay the *Ingram* Action. A stay or dismissal of a second putative class action is frequently granted where a second copycat class action has been filed. *See*, *Weinstein v. Metlife Inc.*, No. C 06-04444 SI, 2006 U.S. Dist. LEXIS 83115 (N.D. Cal. Nov. 6, 2006)(where two substantially similar class actions were filed in the same federal district, court stayed the second filed class action until such time as class certification was ruled on in first filed case, finding that it would dismiss second case if class certification was granted in first case)*; see also*, *Cohen IP Law Group, PC v. IAC/InterActiveCorp*, No. CV 10-5994 CAS (FMOx), 2010 U.S.

7

Dist. LEXIS 118948 (C.D. Cal Oct 25, 2010) (the district court stayed a second filed class action under circumstances substantially similar to the two class action at issue here).

The "first to file" rule also empowers federal district courts to enjoin a subsequently filed "copycat" class action complaint, particularly where the copycat class complaint is filed well after the first class complaint. In this regard, the decision of *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313 (S.D. Fla. 2012) is instructive. There, the Florida district court presided over a first to file class action complaint challenging BancorpSouth's overdraft fees and practices. *Id*. at 1317. The Florida district court set a scheduling order and the parties conducted discovery for 18 months until BancorpSouth moved to stay the case, informing the Florida district court that it had been sued in a copycat class action in Arkansas federal court which it intended to settle on a nationwide basis. *Id*. The Florida district found that the Arkansas action was indeed a "copycat" class action and enjoined from further proceedings under the first to file rule as well as the All Writs Act. *Id*. at 1324-25.

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain ("Plaintiffs"), respectfully request that this Honorable Court deny Defendants' Motion to Consolidate the Recently Filed *Ingram* Class Action Complaint with the *Powell* Class Action and grant Plaintiffs' Motion for Interim Class Counsel and to Dismiss Without Prejudice or, alternatively, to Stay the Recently Filed *Ingram* Class Action.

Respectfully submitted,


s/ *Michael G. McLaren*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)


s/ Frank L. Watson, III
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com

.  *Counsel for Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain on behalf of themselves and the putative absent Class Members*

## **CERTIFICATE OF SERVICE**

  I, the undersigned, do hereby certify that the above and foregoing was filed on January 12, 2018, using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, Tennessee 38103

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

*Counsel for Defendant Tyler Technologies, Inc*

Daniel O. Lofton, Esq.
Paul F. Craig, Esq.
2400 Poplar Avenue
Suite 210
Memphis, Tennessee 38112
Email: dlofton@craigandloftonlaw.com
Email: pfcraig@bellsouth.net

10

Steven G, Wilson, Esq.
5100 Poplar Avenue
Suite 2700
Memphis, Tennessee 38137
Email: stevewilsonlaw@gmail.com

Matthew C. Gulotta, Esq.
202 Adams Avenue
Memphis, Tennessee 38103
Email: matt@gulottalaw.net

Patrick Brooks, Esq.
2299 Union Avenue
Memphis, Tennessee 38104
Email:patrick@patrickbrookslaw.com

*Counsel for Plaintiffs Melvin Ingram,*
*Shantel Adams, David Beck, Dwyane Bowens,*
*Alfredo Cardenas, Veroinca Leaves,*
*Marcus Cochran, Robert Colucci, Leslie Crews,*
*Eric Flake, Jacob Greenwell, Lawonda Hodges,*
*Larome Humphrey, Robert Kataltepe,*
*John Linter, Keesha McClinton, Lakisha McCoy,*
*Clifton McCoy, Dedreck McVay, Harry Oliver,*
*Darrell Onsby, Frederick Rayford, John Riles,*
*Ashley Robertson, Deandre Rosser, Dustin Russell,*
*Patrick Shaw, Cedric Taylor, Jesse Townsend, and*
*Steven Wesby*

s/ Frank L. Watson, III
Frank L. Watson, III
