IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

SCOTT TURNAGE, CORTEZ D.                 )
BROWN, DEONTAE TATE, JEREMY S.           )        **Case No. 2:16-cv-2907-SHM-tmp**
MELTON, ISSACCA POWELL, KEITH            )
BURGESS, TRAVIS BOYD, and                )        (Hon. Judge Samuel H. Mays)
TERRENCE DRAIN on behalf of              )
themselves and all similarly situated    )
persons,                                 )
                                         )
            PLAINTIFFS,                  )        **CLASS ACTION COMPLAINT FOR**
                                         )        **VIOLATIONS OF THE CIVIL**
     v.                                  )        **RIGHTS ACT OF 1871, 42 U.S.C. §**
                                         )        **1983, AND TENNESSEE COMMON**
                                         )        **LAW**
                                         )
BILL OLDHAM, in his individual capacity  )
and in his official capacity as the Sheriff of )  **JURY TRIAL DEMANDED**
Shelby County, Tennessee; ROBERT         )        **PURSUANT TO FED. R.  CIV. PRO.**
MOORE, in his individual capacity and in )        **38(a) & (b)**
his official capacity as the Jail Director of )
the Shelby County, Tennessee;            )
CHARLENE McGHEE, in her individual       )
capacity and in her official capacity as the )
of Assistant Chief Jail Security of Shelby )
County, Tennessee; DEBRA HAMMONS,        )
in her individual capacity and in her    )
official capacity as the Assistant Chief of )
Jail Programs of Shelby County,          )
Tennessee; SHELBY COUNTY,                )
TENNESSEE, a Tennessee municipality;     )
and TYLER TECHNOLOGIES, INC., a          )
foreign corporation                      )
                                         )
                                         )
            DEFENDANTS.                  )

MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons,

PLAINTIFFS,

v.

BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation

DEFENDANTS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:17-cv-02795-SHM-tmp**

(Hon. Judge Samuel H. Mays)

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**

**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)**

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND TO DISMISS WITHOUT PREJUDICE OR, ALTERNATIVELY, TO STAY THE RECENTLY FILED AS *INGRAM* CLASS ACTION COMPLAINT**

1

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel of record, submit their Reply Memorandum in Support of their Motion for Appointment as Interim Class Counsel and to Dismiss Without Prejudice or, alternatively, to Stay the Recently Filed *Ingram* Class Action Complaint (Dkt. No. 80) and in Response to  the "*Ingram Plaintiffs'* Response to the *Consolidated Case Plaintiffs'* Motion to Dismiss and/or Stay and Defendants' Motion to Consolidate" (Dkt. No. 87) and would state as follows:

## I.      Relevant Procedural History

These cases arise out of the systematic overdetention of prisoners in the Shelby County Jail, caused, at least in part, by Shelby County's use of a new, but flawed, software regime. The software, implemented in early November 2017, immediately malfunctioned, and the resulting chaos left hundreds, if not thousands, of inmates unlawfully stranded in the Jail in overt violation of their Constitutional and civil rights.

On November 17, 2016, Plaintiff Isaacca Powell initially filed suit seeking recovery for such overdetention on a classwide basis. Shortly thereafter, on January 9, 2017, Plaintiffs Brown, Tate, and Melton brought actions arising from similar circumstances. Counsel for the *Brown* and *Powell* plaintiffs entered into an agreement to proceed as co-counsel for the putative class. All parties to both actions agreed to consolidate the cases under the docket number 2:16-cv-2907-SHM-tmp and for Plaintiffs to file an amended complaint. The Amended Complaint added plaintiffs Scott Turnage, Keith Burgess, Terence Drain, and Travis Boyd. Although the matter was ultimately styled, *Turnage et al. v. Oldham et al.*, the Court and the parties have referred to this consolidated class action as the *Powell* Class Action (hereinafter the "*Powell* Class Action" or the "Consolidated Case").

Since that time, through Counsel, the *Powell* Plaintiffs have expeditiously prosecuted their claims.   Plaintiffs' Counsel in the Consolidated Case have conducted an extensive investigation, located and engaged experts, exchanged Rule 26(a) disclosures, responded to written discovery, analyzed discovery produced by Defendants, engaged in efforts to resolve complex and technical discovery disputes, and, possibly most time consuming of all, interviewed and vetted numerous potential class members out of over a hundred potential named plaintiffs to select those best suited to represent the interests of the putative class. Consolidated Case Plaintiff's Counsel have invested over 1000 hours of attorney time and expended thousands of dollars in expenses.

Nevertheless, three hundred and sixty-four (364) days after the implementation and failure of the new software regime and eleven and a half (11.5) months after Isaacca Powell brought his initial suit, thirty (30) plaintiffs brought suit as a putative class action (hereinafter the "*Ingram* Action") and, in doing so, alleged causes of action identical to those pled in the Consolidated Case. In fact, as is demonstrated in the *Powell* Plaintiffs' principal brief (Dkt. No. 80-1), the *Ingram* Plaintiffs and their Counsel literally copied word-for-word the factual allegations, legal claims, class definitions, and damages claims in the *Powell* Complaint, down to the typographical error. The *Ingram* Complaint only varies to the extent that it provides factual allegations pertaining to the *Ingram* Plaintiffs. It adds no substance whatsoever to the claims being prosecuted in the Consolidated Case and, accordingly, provides no added benefit to the putative class. Accordingly, as Consolidated Case Plaintiffs argued previously, the *Ingram* Complaint can only serve to complicate and delay these proceedings and delay justice to the many individuals who have suffered Constitutional and civil rights violations.  For these and a variety of reasons, the action initiated by the *Ingram* Complaint should be dismissed or stayed.

That being said, Consolidated Case Plaintiffs rely on their original Motion (Dkt. No. 80) and their Response in Opposition to Defendants' Motion for Consolidation (Dkt. No. 86) for the proposition that the *Ingram* Case should be stayed or dismissed rather than consolidated, though many of the issue raised herein militate against consolidation. Regardless of whether the case is stayed, dismissed, or consolidated, however, this Court should appoint Watson Burns, PLLC and Black, McLaren, Jones, Ryland, & Griffee, P.C. as Interim Class Counsel pursuant to FED. R. CIV. PRO. 23(g) (3), the issue on which Consolidated Case Plaintiffs focus in this Reply.

## II.   Appointment of Interim Class Counsel is Necessary

Consolidated Case Plaintiffs filed the instant Motion seeking appointment as Interim Class Counsel as well as the stay or dismissal of the *Ingram* Action. The *Ingram* plaintiffs responded to the request for dismissal and stay but completely failed to respond to the central thrust of the Motion, the appointment of Interim Class Counsel. (*See generally*, Dkt. No. 87 *Ingram* Pls.' Response).

Instead, the *Ingram* Plaintiffs simply invite the Court to ignore the instant Motion, stating:

> The Court need not be concerned with the remaining issues for determination; including the agreement between counsel in Ingram and the Consolidated Case, assigning responsibilities, the make-up of the steering committee, and entitlement to fees. These are issues that can be worked out between respective counsel. . . .
>
> The appointment of counsel to formally represent the entire class can take place later, when and if necessary. …
>
> Counsel for Plaintiffs from both cases may then negotiate privately and agree on scope of representation and division of workload. The Court need not involve itself in this matter unless counsel for Plaintiffs cannot reach an agreement, and the Court's assistance becomes necessary.

(*Id*. at pp. 9-10) (emphasis added).

Unfortunately, the filing of the *Ingram* copycat complaint in an effort to usurp over a year of work and investment on the part of the Consolidated Case Counsel (so as to force them to

"negotiate" a fee structure with the *Ingram* attorneys) indeed necessitates such a decision from the Court. And, as previously stated by the *Powell* Plaintiffs (*see*, Dkt. No. 86 at p. 6, n.3), any consolidation of the *Powell* Class Action with the *Ingram* Action that might occur further supports the designation of Interim Class Counsel, so that strategic legal decisions can be made on behalf of the putative class.

It is also unfortunately necessary for the Court to be made aware that this is not the first effort that the *Ingram* counsel has made to extract a fee commitment from Plaintiffs counsel in the *Powell* Class Action.

Following the filing of the *Powell* Action, Attorney Beth Brooks[1], along with the other plaintiffs attorneys now appearing in the *Ingram* Action, filed a putative class action in December 2016 in the Shelby County Circuit court styled as *Melvin Ingram et al v. County of Shelby, Tennessee* (hereinafter the *Ingram* State Case"). (*See*, Dkt. No. 87, *Ingram* Pls.' Response at p. 2). In March 2016, Attorney Brooks contacted attorneys Frank Watson III and Brice Timmons, informing them of that the *Ingram* State Case mirrored the factual allegations of the *Powell* Class Action but sought only to bring state law claims, as opposed to Section 1983 claims set forth in the *Powell* Class Action. (*See*, Supplemental Declaration of Frank L. Watson, III at ¶ 3 and Declaration of Brice M. Timmons at ¶ 3, attached hereto **as Exhibit Nos. 1 & 2**, respectively). Attorney Brooks inquired whether these attorneys and the other plaintiff lawyers in the *Powell* Class Action would be willing to "join forces" and assist her in the *Ingram* State Case by entering into a fee sharing and work sharing arrangement for both cases. (*Id*.).

Attorney Brooks was informed that the attorneys in the *Powell* Class Action were not interested in the *Ingram* State Case, that they were not optimistic that the plaintiffs in the *Ingram* State Case could be successful and that there were already a sufficient lawyers number of

---

[1] While she has filed no formal appearance in this matter, Attorney Brooks appeared at the December 19, 2017 status conference and orally represented to the Court that she was taking on an "administrative" role regarding the *Ingram* Plaintiffs.

5

qualified attorneys in the *Powell* Class Action and that thus her offer of additional assistance, though appreciated, was unneeded. She indicated that she would pass this onto her co-counsel in the *Ingram* State Case. (*Id*. ¶ 4, respectively).

Later, in June 2016, Attorney Brooks called Messrs. Watson and Timmons and stated that the named plaintiffs in the *Ingram* Action intended to file a voluntary non-suit rather than argue a Motion to Dismiss filed by Defendant Shelby County. (*Id*. ¶ 5 – 6, respectively). She also stated that she thought the *Powell* Class Action might benefit from the "use" of the plaintiffs in the *Ingram* State Case as additional party plaintiffs and that she would refer them to counsel in the *Powell* Class Action for joint representation if they would agree to pay her and the other attorneys in the *Ingram* State Case a referral fee for such joint representation. (*Id*.).

Clearly, plaintiffs' counsel in the *Ingram* Action are after the extraction of legal fees, rather than the genuine pursuit and the prosecution of a class action. Indeed, in one breath the *Ingram* plaintiffs contend that consolidation must occur so as to permit them to pursue a class action (rather than individual claims) – albeit a putative class identical to one which has already been duly prosecuted for over one year. (*See*, Dkt. No. 87, *Ingram* Pls.' Response at p.6) ("Ingram agrees the legal claims against Defendants should be presented as a class action…"). Yet, in another breath, they also inform the Court that "some, if not all of the thirty (30) plaintiffs in Ingram may choose to opt-out of the pending class action…" (Dkt. No. 87 *Ingram* Pls.' Response at p.6, n.3).

Well, which is it? Do the *Ingram* plaintiffs truly desire the certification of a class (a class which is identical to that alleged in *Powell* and of which they will obviously be members)? If they do, how can they in good faith suggest that they would opt-out of the certification of the very class they purport to desire? The answer is simple: if the plaintiff attorneys in *Ingram* can secure a place at the class action counsel table, they are in favor of pursing their complaint as a

6

class action; if they cannot, they may cause their clients to opt-out. Thus, despite their claims to the contrary, it is the attorneys in *Ingram* who (ironically) seek to "hedge the economic or managerial sensitivities of counsel" (Dkt. No. 87 at p. 5) by playing fast and loose with this matter rather than to benefit absent class members through the serious prosecution of a large class action.

Having spent considerable time on this matter, Consolidated Case Counsel have already identified from their substantial pool of potential named plaintiffs a cross-section that covers the range of constitutional and common law claims arising from the factual allegations and having a largely-uniform category of damages. (Timmons Decl. at ¶8).

However, *Ingram* Counsel have failed to establish, either privately or in their response, any plausible reasons why the Consolidated Case would benefit from thirty (30) additional named plaintiffs whose class claims are squarely protected by the named Plaintiffs in the Consolidated Case. Indeed, the purpose of class treatment is efficiency. *Ingram* Counsel offer only bloat and delay. Likewise, *Ingram* Counsel have failed to put forward, either privately or in their response, precisely what qualifies them to be class counsel in such a proceeding. While Consolidated Case Plaintiffs do not question that *Ingram* Counsel are competent in the area of general civil litigation, nowhere do they articulate their experience in class action litigation, the resources they are willing and able to commit to pursue the suit, or their experience or expertise in municipal liability for civil rights violations. This last factor is of grave concern to Consolidated Class Counsel given that *Ingram* Counsel do not appear to understand the putative class itself.

**III.   Ingram Plaintiffs' Own Averments Militate Against Consolidation and in Favor of Appointment of Consolidated Case Counsel as Interim Class Counsel**

While *Ingram* Plaintiffs argue that they form "a superior composite of persons" to represent the class, the reasons they articulate for this run contrary to such an assertion. *Id. at 6.*

Specifically, the *Ingram* Plaintiffs describe damages arising from denial of medical care, improper care due to overcrowding, denial of access to telephone calls, and denial of access to restrooms. *Id.* Each of these allegations constitutes a highly fact-specific Eighth or Fourteenth Amendment claim unrelated to the overdetention claims that render the putative class cohesive. Further, they have no direct relationship to the technology and policy driven issues set forth in the Consolidated Case and in the copycat complaint that form the basis of the Fourth and Fourteenth Amendment claims common to all putative class members. For example, the denial of medical care would implicate substantive due process or cruel and unusual punishment theories of liability, a complex damages analysis involving medical experts, and the potential involvement of other defendants such as the contract medical provider for the jail or individual § 1983 defendants such as guards or nurses.[2] In short, the *Ingram* Counsel do not seem to understand the constitutional claims that they verbatim copied from the Consolidated Case.

## IV.    CONCLUSION

This Court should find that *Ingram* Plaintiffs failed to respond to the central issue of the instant motion, namely the appointment of interim class counsel. This Court should appoint Frank L. Watson, III, William F. Burns, and William E. Routt of the law firm of WATSON BURNS, PLLC and Michael G. McLaren, William E. Cochran, Jr., and Brice M. Timmons of BLACK MCLAREN JONES RYLAND & GRIFFEE PC as Interim Class Counsel and to Dismiss or, alternatively, to Stay the Recently Filed *Ingram* Class Action Complaint.

---

[2] Neither complaint makes any reference to a policy or practice of overcrowding, denial of restroom access, or denial of medical care, all of which implicate constitutional liability theories not articulated in either the Consolidated Case Second Amended Complaint or the copycat complaint.

Respectfully submitted,

/s/ *Michael G. McLaren*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)

/s/ Frank L. Watson, III
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

.

*Counsel for Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain on behalf of themselves and the absent Class Members*

9

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above and foregoing was filed on January 19, 2018, using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, Tennessee 38103

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

*Counsel for Defendant Tyler Technologies, Inc*

10

Daniel O. Lofton, Esq.
Paul F. Craig, Esq.
2400 Poplar Avenue
Suite 210
Memphis, Tennessee 38112
Email: dlofton@craigandloftonlaw.com
Email: pfcraig@bellsouth.net

Steven G. Wilson, Esq.
5100 Poplar Avenue
Suite 2700
Memphis, Tennessee 38137
Email: stevewilsonlaw@gmail.com

Matthew C. Gulotta, Esq.
202 Adams Avenue
Memphis, Tennessee 38103
Email: matt@gulottalaw.net

Patrick Brooks, Esq.
2299 Union Avenue
Memphis, Tennessee 38104
Email:patrick@patrickbrookslaw.com

*Counsel for Plaintiffs Melvin Ingram,
Shantel Adams, David Beck, Dwyane Bowens,
Alfredo Cardenas, Veroinca Leaves,
Marcus Cochran, Robert Colucci, Leslie Crews,
Eric Flake, Jacob Greenwell, Lawonda Hodges,
Larome Humphrey, Robert Kataltepe,
John Linter, Keesha McClinton, Lakisha McCoy,
Clifton McCoy, Dedreck McVay, Harry Oliver,
Darrell Onsby, Frederick Rayford, John Riles,
Ashley Robertson, Deandre Rosser, Dustin Russell,
Patrick Shaw, Cedric Taylor, Jesse Townsend, and
Steven Wesby*

/s/ Frank L. Watson, III
Frank L. Watson, III

11