IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>DEFENDANTS. | Case No. 2:16-cv-2907-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays)<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons, ) ) ) ) ) ) ) ) ) ) PLAINTIFFS, ) ) v. ) ) ) ) ) ) BILL OLDHAM, in his individual capacity ) and in his official capacity as the Sheriff of ) Shelby County, Tennessee; ROBERT ) MOORE, in his individual capacity and in ) his official capacity as the Jail Director of ) the Shelby County, Tennessee; ) CHARLENE McGHEE, in her individual ) capacity and in her official capacity as the ) of Assistant Chief Jail Security of Shelby ) County, Tennessee; DEBRA HAMMONS, ) in her individual capacity and in her ) official capacity as the Assistant Chief of ) Jail Programs of Shelby County, ) Tennessee; SHELBY COUNTY, ) TENNESSEE, a Tennessee municipality; ) and TYLER TECHNOLOGIES, INC., a ) foreign corporation, ) ) ) ) DEFENDANTS. ) | Case No. 2:17-cv-02795-SHM-tmp

(Hon. Judge Samuel H. Mays)




**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**


**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

2

### SUPPLEMENTAL DECLARATION OF FRANK L. WATSON, III IN SUPPORT OF PLAINTIFFS' RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL

1. On November 11, 2016, Plaintiff Issacca Powell filed a putative class action (hereinafter the "*Powell* Class Action"), asserting Section 1983 claims on behalf of a class of individuals who were incarcerated and unlawfully detained at the Shelby County Jail. I am one of the attorneys representing Mr. Powell along with his co-plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain in the *Powell* Class Action.

2. On March 2, 2017, Attorney Beth Brooks contacted my office and asked me to call her concerning a state court class action she and other attorneys had filed against Shelby County, Tennessee.

3. Subsequently, Ms. Brooks and I spoke. She informed me that she and other attorneys had filed a putative class action in Shelby County Circuit court styled as *Melvin Ingram et al v. County of Shelby, Tennessee* (hereinafter the "*Ingram* Action") which mirrored many of the allegations contained in the *Powell* Class Action but which asserted only state law claims rather than Section 1983 claims as raised in the *Powell* Class Action. Ms. Brooks asked me if my firm and the other plaintiff lawyers in the *Powell* Class Action would be willing to "join forces" and assist her in the *Ingram* State Case by entering into a fee sharing and work sharing arrangement for both cases.

4. I informed Ms. Brooks that the attorneys in the *Powell* Class Action were not interested in the *Ingram* State Case and that I was not optimistic that the plaintiffs in the *Ingram* State Case could be successful. I further informed her the there were already a sufficient lawyers

number of qualified attorneys in the *Powell* Class Action and that while we appreciated her offer to assist, we did not need this additional assistance. She thanked me and stated she would inform her co-counsel of this.

5. In May 2017, Shelby County filed a Motion to Dismiss the Amended Complaint in the *Ingram* Action based on the defense of governmental immunity under Tennessee's Governmental Tort Liability Act, which was set for argument on June 22, 2017.

6. In June 2017, Ms. Brooks called me and stated that the named plaintiffs in the *Ingram* Action intended to file a voluntary non-suit rather than argue the Shelby County's Motion to Dismiss. She also stated that she thought the *Powell* Class Action might benefit from the "use" the plaintiffs in the *Ingram* Action as additional party plaintiff and that she would refer them to me for joint representation if I would agree to pay her and the other attorneys in the *Ingram* Action a referral fee for such joint representation. I informed Ms. Brooks that the *Powell* Class Action already had sufficient named plaintiffs to represent the putative classes and, therefore, unneeded and that the addition of more named plaintiffs would likely delay the *Powell* Class Action. I further informed her that my firm and the Black McLaren firm had already entered into a fee sharing and working arrangement and that there were already a sufficient number of qualified attorneys in the *Powell* Class Action. Ms. Brooks thanked me and stated she would pass this information along to her co-counsel in the *Ingram* Action.

7. On June 15, 2017, Ms. Brooks emailed me the plaintiffs' Notice of Voluntary Non-Suit in the Ingram Action which had been filed on June 14, 2017.

8. I heard nothing further from the attorneys in the *Ingram* Action until November 2017 when I learned they had filed a federal lawsuit before this Court that mimicks the allegations, class allegations, legal claims and Defendants named as contained in the *Powell* Class Action.

4

I, Frank L. Watson, III declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
FRANK L. WATSON, III

Executed on: 1/19/2018

5