IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons,<br><br>    PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>    DEFENDANTS. | Case No. 2:16-cv-2907-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays)<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons, | ) ) ) Case No. 2:17-cv-02795-SHM-tmp ) ) (Hon. Judge Samuel H. Mays) ) ) ) ) ) |
| PLAINTIFFS, | ) ) **CLASS ACTION COMPLAINT FOR** |
| v. | ) **VIOLATIONS OF THE CIVIL** ) **RIGHTS ACT OF 1871, 42 U.S.C. §** ) **1983, AND TENNESSEE COMMON** ) **LAW** ) |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) **JURY TRIAL DEMANDED** ) **PURSUANT TO FED. R. CIV. PRO.** ) **38(a) & (b)** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) ) |

2

## SUPPLEMENTAL DECLARATION OF BRICE M. TIMMONS IN SUPPORT OF PLAINTIFFS' RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL

1. On November 11, 2016, Plaintiff Issacca Powell filed a putative class action (hereinafter the "*Powell* Class Action"), asserting Section 1983 claims on behalf of a class of individuals who were incarcerated and unlawfully detained at the Shelby County Jail. I am one of the attorneys representing Mr. Powell along with his co-plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Keith Burgess and Terrence Drain in the *Powell* Class Action.

2. During the spring of 2017, Attorney Beth Brooks contacted me on several occasions concerning a state court class action she and other attorneys had filed against Shelby County, Tennessee.

3. She informed me that she and other attorneys had filed a putative class action in Shelby County Circuit court styled as *Melvin Ingram et al v. County of Shelby, Tennessee* (hereinafter the "*Ingram* Action") which mirrored many of the allegations contained in the *Powell* Class Action but which asserted only state law claims rather than Section 1983 claims as raised in the *Powell* Class Action. Ms. Brooks asked me if my firm and the other plaintiff lawyers in the *Powell* Class Action would be interested in entering into a fee sharing and work sharing arrangement related to the claims of all of the plaintiffs and the class.

4. I informed Ms. Brooks that I was not able to make such a decision or advise of the probability of reaching such a decision and that such issues should be deferred to Mr. McLaren and Mr. Watson. I advised that I was not optimistic that the plaintiffs in the *Ingram* State Case could be successful. I further informed her the there was already an agreement governing the

3

division of work, expenses and fees in the *Powell* class action and that any modification of that agreement would require the consent of all of the attorneys involved, including Watson Burns, PLLC.

5. In May 2017, Shelby County filed a Motion to Dismiss the Amended Complaint in the *Ingram* Action based on the defense of governmental immunity under Tennessee's Governmental Tort Liability Act, which was set for argument on June 22, 2017.

6. In June 2017, Ms. Brooks called me and stated that the named plaintiffs in the *Ingram* Action intended to file a voluntary non-suit rather than argue the Shelby County's Motion to Dismiss. She also stated that she thought the *Powell* Class Action might benefit from the addition of the plaintiffs in the *Ingram* Action as additional party plaintiff and strongly implied that she would refer them to us for joint representation. While she did not make a specific request for payment of a referral fee or inclusion in a division of fees, the implication was clear. I informed Ms. Brooks that the *Powell* Class Action already had sufficient named plaintiffs to represent the putative classes. I further informed her that my firm and the Watson Burns firm had already entered into a fee sharing and working arrangement and that there were already a sufficient number of qualified attorneys in the *Powell* Class Action. Ms. Brooks thanked me and stated she would pass this information along to her co-counsel in the *Ingram* Action.

7. I heard nothing further from the attorneys in the *Ingram* Action until October 31, 2017 when Ms. Brooks contacted me to advise that they intended to file a federal lawsuit before due to alleged concerns regarding the statute of limitations.

8. I am familiar with the combined billing of Watson Burns and Black, McLaren, Jones, Ryland & Griffee, P.C., and as of the date of this declaration the firms have expended in excess of one thousand (1,000) hours of time performing legal work and investigations since November 2016 directly related to this litigation.

4

I, Brice M. Timmons, declare under penalty of perjury that the foregoing is true and correct.

                                                                                                                    _____

                                                                                                                    Brice M. Timmons

                                                                                          Executed on: 1-18-18