**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| ISSACCA POWELL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> BILL OLDHAM, et al., ) <br> ) <br> Defendants ) <br> ) | No. 2:16-cv-2907-SHM-tmp <br> Consolidated with: <br> No. 2:17-cv-2015-SHM-dkv |
| MELVIN INGRAM, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BILL OLDHAM, et al., ) <br> ) <br> Defendants ) | No. 2:17-cv-2795-SHM-tmp |

**ORDER**

Before the Court is the December 29, 2017 Motion for Consolidation, filed in Case Nos. 2:16-cv-2907 and 2:17-cv-2795 by Defendants Bill Oldham, individually and in his official capacity as Sheriff of Shelby County; Robert Moore, individually and in his official capacity as Jail Director of Shelby County; Charlene McGhee, individually and in her official capacity as Assistant Chief Jail Security of Shelby

County; Debra Hammons, individually and in her official capacity as Assistant Chief of Jail Programs of Shelby County; and Shelby County, Tennessee (collectively, "Shelby County Defendants") and Tyler Technology, Inc. ("Tyler") (collectively, "Defendants"). (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 85; Ingram, et al. v. Oldham, et al., 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 27.) Defendants seek to consolidate Ingram, et al. v. Oldham, et al., 2:17-cv-2795-SHM-tmp (W.D. Tenn.) ("the Ingram Class Action") with Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.) ("the Powell Class Action"). Plaintiffs Issacca Powell, Cortez D. Brown, Scott Turnage, Deontae Tate, Jeremy S. Melton, Keith Burgess, and Terrence Drain, on behalf of themselves and others similarly situated, (collectively, "Powell Plaintiffs") responded on January 12, 2018. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 86.) Plaintiffs Melvin Ingram and 29 other individuals, on behalf of themselves and others similarly situated, (collectively, "Ingram Plaintiffs") also responded on January 12, 2018. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 87; Ingram, et al. v. Oldham, et al., 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 28.)

Also before the Court is Powell Plaintiffs' Rule 23(g)(3) Motion for Appointment of Interim Class Counsel and to Dismiss

2

without Prejudice or, Alternatively, to Stay the Recently Filed Ingram Class Action Complaint, filed November 21, 2017. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 80.)

For the following reasons, Defendants' Motion for Consolidation is GRANTED. Powell Plaintiffs' motion to dismiss without prejudice or, in the alternative, to stay is DENIED. The motion to appoint interim class counsel is DEFERRED.

## I.   Background

Powell Plaintiffs and Ingram Plaintiffs have brought separate class actions against Defendants for unlawful detention after the installation, integration, and implementation of a new computer tracking system at the Shelby County Jail. That system included Tyler's Odyssey software. Powell Plaintiffs and Ingram Plaintiffs bring claims against Shelby County Defendants under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourth and Fourteenth Amendment rights. They bring negligence claims against Tyler.

On November 17, 2016, Plaintiff Issacca Powell, individually and on behalf of all others similarly situated, filed a class action complaint against Defendant Oldham in his individual capacity and in his official capacity as Shelby

3

County Sheriff.  (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 1.)

On February 22, 2017, the Court entered a Scheduling Order, establishing the deadlines for class certification. (Id., ECF No. 37.)

On March 9, 2017, Shelby County Defendants filed a consent motion to consolidate Powell with Brown, et al. v. Oldham, et al., 2:17-cv-2015-SHM-dkv (W.D. Tenn.), brought against Defendants by Plaintiffs Cortez D. Brown, Scott Turnage, Deontae Tate, Jeremy S. Melton, Keith Burgess, Travis Boyd, and Terrence Drain, on behalf of themselves and all others similarly situated.  (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 41.)  The Court granted the consent motion on March 13, 2017, and directed Powell Plaintiffs to file a consolidated complaint.  (Id., ECF No. 42.)

Powell Plaintiffs filed an Amended Complaint for the consolidated class action on March 24, 2017.  (Id., ECF No. 43.)  Powell Plaintiffs filed a Second Amended Complaint on May 4, 2017.  (Id., ECF No. 52.)  Shelby County Defendants filed a Motion for Judgment on the Pleading and an Answer on May 25, 2017.  (Id., ECF Nos. 56-57.)  Tyler filed a Motion to Dismiss for Failure to State a Claim on May 26, 2017.  (Id., ECF No.

4

58.) Powell Plaintiffs timely responded to Defendants' motions. (Id., ECF Nos. 61-62.)

On August 7, 2017, the Court granted the parties' joint motion to extend deadlines for class certification, extending the discovery deadline to January 16, 2018, and related deadlines thereafter. (Id., ECF Nos. 68-69.)

On October 31, 2017, Ingram Plaintiffs filed their complaint. (Ingram, et al. v. Oldham, et al, 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 1.)

On November 21, 2017, Powell Plaintiffs filed a Rule 23(g)(3) Motion for Appointment of Interim Class Counsel and to Dismiss Without Prejudice or Alternatively, to Stay the Recently Filed Ingram Class Action Complaint. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 80.)

The Court held a status conference on December 19, 2017, to discuss the pending motion to dismiss or stay and the appropriateness of consolidation. (Id., Min. Entry, ECF No. 84.) The Court ordered Defendants to file motions for consolidation in both the Powell Class Action and the Ingram Class Action by December 29, 2017. (Id.)

Defendants filed their Motion to Consolidate on December 29, 2017. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-

tmp (W.D. Tenn.), ECF No. 85; Ingram, et al. v. Oldham, et al., 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 27.)

**II. Legal Standard**

Rule 42 of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The purpose of consolidating actions is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting Charles A. Wright & Arthur R. Miller, 9 Federal Practice and Procedure, § 2381 (1971)). "The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined[.]" Banacki v. OneWest Bank, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (citing Young v. Hamric, No. 07–12368, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008)).

This is a threshold inquiry. Even after a common question has been shown, the decision to consolidate rests in the sound discretion of the district court. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citations omitted). In deciding whether to consolidate cases for trial, the district court considers: (1) whether the specific risk of prejudice and

possible confusion are outweighed by the risk of inconsistent adjudication of common factual and legal issues; (2) the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as opposed to a single one; and (4) the relative expense to all parties of a single trial versus multiple trials. Id.

**III. Analysis**

Defendants seek to consolidate the Powell Class Action and the Ingram Class Action. Powell Plaintiffs contend that the Ingram Class Action is a "copycat class action" and that judicial efficiency favors dismissal or stay rather than consolidation. (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 86 at 677-78.)

In enacting the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, Congress intended "to prevent copycat suits in multiple forums, enabling class actions to be consolidated to promote judicial efficiency." Davenport v. Lockwood, Andrews & Newnam, Inc., 854 F.3d 905, 910 (6th Cir. 2017) (citing S. Rep. 109-14, 7, as reprinted in 2005 U.S.C.C.A.N. 3, 27.) According to the Senate Report, CAFA was necessary because the previous law "enable[d] lawyers to 'game' the procedural rules and keep nationwide or multi-state class actions in state courts whose

7

judges have reputations for readily certifying classes and approving settlements without regard to class member interests." S. Rep. No. 109-14, at 4, U.S. Code Cong & Admin. News 2005, p. 3 (2005).

To address concerns about duplicative litigation, federal courts created the first-to-file rule. "The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts. . . . It also conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016). "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment." Id. (quoting Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007)) (internal quotation marks omitted) (emphasis in original).

Courts generally decline to apply the first-to-file rule when the two actions are actively pending before the same judge. See, e.g., Ekin v. Amazon Servs., LLC, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014); Lantiq

N. Am., Inc. v. Ralink Tech. Corp., No. CV 11-0234, 2011 WL 2600747, *9 (N.D. Cal. Jun. 30, 2011); Word Music, LLC v. Priddis Music, Inc., No. CV 07-0502, 2007 WL 3231835, * 1 (M.D. Tenn. Oct. 30, 2007).  In that situation, the concerns supporting application of the rule -- comity, efficiency, and uniformity -- are nonexistent or reduced.  See Word Music, 2007 WL 3231835 at *2 (concluding that the first-to-file rule "is no longer relevant" after transfer of the second action to the same district and judge presiding over the first action); Rodriguez v. Taco Bell Corp., No. C13-1498, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 13, 2013) ("The concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court").

The Powell Class Action and Ingram Class Action are before the same judge, against the same Defendants, define the same class, and allege nearly identical injuries.  The first-to-file rule does not apply here.

The parties do not dispute that the Powell Class Action and Ingram Class Action involve "a common question of law or fact[.]"  Fed. R. Civ. P. 42(a).

The interests of judicial economy in consolidating the cases outweigh the potential for delays, expense, confusion, or

9

prejudice. "Factors that may cause prejudice and jury confusion include complex legal theories and factual proof." Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC, 309 F.R.D. 436, 440-41 (S.D. Ohio 2015). Prejudice may also occur if, without consolidation, there is a risk of inconsistent results. See Buckler v. EnerSys, Inc., No. CV 09-152-JBC, 2010 WL 11526869, at *1 (E.D. Ky. Nov. 30, 2010) (finding "there is a risk of inconsistent judgments if the cases are not consolidated, particularly [where] the legal issues in the two cases are identical"); Kohus v. Toys "R" Us, Inc., No. C-1-05-517, 2006 WL 1476209, at *1 (S.D. Ohio May 25, 2006) ("[C]onsolidating the cases for discovery and a Markman hearing would prevent two trials from going forward on the basis of inconsistent adjudications of the meaning of the exact same claims.") Powell Plaintiffs do not contend that consolidation will create confusion or prejudice. The parties concede that the legal theories and the underlying facts are the same in both suits.

The class definitions in the Powell Class Action and the Ingram Class Action are also identical. (Compare Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), Am. Compl., ECF No. 52 ¶ 100 with Ingram, et al. v. Oldham, et al, 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 1 ¶ 89.) It will not be confusing or prejudicial to adjudicate in one action claims against the same defendants arising from the same

underlying transaction.  Trying the identical legal and factual issues separately would present a real possibility of inconsistent results.  The prejudice and confusion factors favor consolidation.

Powell Plaintiffs contend that consolidation will cause delay and expense.  Potential delay and expense do not outweigh the interests of judicial economy in consolidation.  Powell Plaintiffs filed an Amended Complaint on May 4, 2017.  (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.), ECF No. 52.)  On August 7, 2017, the Court granted the parties' motion to extend the class certification discovery deadline to January 16, 2018.  (Id., ECF No. 69.)  The Ingram Plaintiffs filed their complaint on October 31, 2017.  (Ingram, et al. v. Oldham, et al, 2:17-cv-2795-SHM-tmp (W.D. Tenn.), ECF No. 1.)  On December 19, 2017, the Court held a status conference and stayed discovery until the consolidation issue was resolved.  (Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn), Min. Entry, ECF No. 84.)  Powell Plaintiffs and Ingram Plaintiffs have not yet completed class certification discovery or moved for class certification.  The actions are at an early stage of litigation, and no trial date has been set.  If the cases are not consolidated, there will be duplicate effort and added expense.  The proceedings should be consolidated to reduce that effort and expense.

Balancing the factors of economy, delay, expense, confusion, and prejudice weighs in favor of consolidation. Defendants' Motion to Consolidate is GRANTED.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion for Consolidation is GRANTED. <u>Powell, et al. v. Oldham, et al.</u>, 2:16-cv-2907-SHM-tmp (W.D. Tenn.) will be consolidated with <u>Ingram, et al. v. Oldham, et al</u>, 2:17-cv-2795-SHM-tmp (W.D. Tenn.). The consolidated action shall proceed in this Court under Case No. 2:16-cv-2907 and be styled <u>Powell, et al. v, Oldham, et al.</u> Powell Plaintiffs' motion to dismiss without prejudice or, in the alternative, to stay is DENIED. The motion to appoint interim class counsel is DEFERRED.

So ordered this 9th day of March, 2018.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE