IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, <br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM-tmp** <br><br> (Hon. Judge Samuel H. Mays) <br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons, | ) ) ) **Case No. 2:17-cv-02795-SHM-tmp** ) ) (Hon. Judge Samuel H. Mays) ) ) ) ) ) |
| PLAINTIFFS, | ) **CLASS ACTION COMPLAINT FOR** ) **VIOLATIONS OF THE CIVIL** |
| v. | ) **RIGHTS ACT OF 1871, 42 U.S.C. §** ) **1983, AND TENNESSEE COMMON** ) **LAW** ) |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) **JURY TRIAL DEMANDED** ) **PURSUANT TO FED. R. CIV. PRO.** ) **38(a) & (b)** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) |

**THE *POWELL* PLAINTIFFS' NOTICE OF THEIR REQUEST FOR THE COURT TO CONSIDER AND RULE ON THEIR PREVIOUSLY FILED RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL IN ORDER THAT, *INTER ALIA*, A CONSOLIDATED CLASS COMPLAINT MAY BE FILED**

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain (hereinafter collectively referred to as the "*Powell* Plaintiffs"), by and through their undersigned counsel of record, and, provide Notice of their Request that this Honorable Court Consider and Rule on their Previously Filed Rule 23(g)(3) Motion for Appointment of Interim Class Counsel (ECF No. 80) in Order that, *Inter Ali*a, a Consolidated Class Complaint May be Filed and would state as follows:

1. On November 11, 2016, Plaintiff Issacca Powell filed a putative class action (hereinafter the "*Powell* Class Action"), asserting Section 1983 claims on behalf of a class of individuals who were incarcerated and unlawfully detained at the Shelby County Jail. (Dkt No. 1). Thereafter, attorneys at the Black McLaren firm filed notices of appearance to serve as lead counsel in the *Powell* Action. (Dkt Nos. 26 & 27).

2. On January 9, 2017, Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy Melton filed a putative Class Action Complaint against Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons (in their individual and official capacities), Shelby County and Tyler Technologies, Inc. (hereinafter the "*Brown* Action"). The *Brown* Class Action also alleged Section 1983 violations arising out of unlawful dentitions at the Shelby County Jail, with the Watson Burns firm serving as lead counsel for the Plaintiffs.

3. By Order dated March 13, 2017, this Court consolidated the *Powell* and *Brown* Class Actions, ordered that all Plaintiffs file one consolidated class action complaint and instructed the parties to abide by the Court's Scheduling Order that has been previously entered on February 22, 2017 in the *Powell* Class Action, which bifurcated class discovery from merits discovery. (ECF No.42).

4. Thereafter the Watson Burns and Black McLaren firms reached a work and fee sharing arrangement and filed Plaintiffs' consolidated Second Amended Complaint. (ECF No. 52). They have also filed Responses to Defendants' Motions to Dismiss (ECF Nos. 61 & 62)

3

and are currently conducting significant written class discovery of Defendants. (ECF No. 73). Lastly, Plaintiffs – the proposed class representatives – have responded to Defendants' written discovery requests related to class discovery. (ECF No. 78).

5. On October 31, 2017, Plaintiff Melvin Ingram and twenty-nine other persons (the "*Ingram* Plaintiffs") filed a putative class action complaint (the "*Ingram* Action") against the identical Defendants in this case. (*See*, Case No. 2:17-cv-02795). The *Ingram* Class Complaint copied the factual allegations, the legal claims, the class allegations (including the class definitions) and the monetary damage set forth in the Second Amended Complaint.

7. As a result, all Defendants in the both Class Action Complaints filed a Motion to Consolidate the *Ingram* Action with the *Powell* Action (ECF No. 85). Additionally, the *Powell* Plaintiffs filed their Rule 23(g)(3) Motion for Appointment of Frank L. Watson, III, William F. Burns, and William E. Routt of the law firm of WATSON BURNS, PLLC, and Michael G. McLaren, William E. Cochran, Jr., and Brice M. Timmons of BLACK MCLAREN JONES RYLAND & GRIFFEE PC as Interim Class Counsel. (ECF No. 80 & 88).

8. On March 9, 2018, the Court granted the Motion to Consolidate the *Ingram* Action with the *Powell* Action, deferred ruling on the Motion for Appointment of Interim Class Counsel and ordered that the party plaintiffs file a consolidated Class Action Complaint under the *Powell* Action docket number on or before April 9, 2018. (ECF 89).

9. Thereafter, the *Powell* Plaintiffs drafted and submitted to the *Ingram* Plaintiffs a proposed Consolidated Class Complaint that included some but not all of the plaintiffs named in the *Ingram* Action.[1] On March 7, 2018, the *Ingram* Plaintiffs filed a Motion to Extend the deadline for filing the Consolidated Class Complaint, indicating they needed additional time to

---

[1] Given that all drafts of the Class Complaint prepared by plaintiffs' counsel constitute attorney-work product, the *Powell* Plaintiffs have not attached their proposed Consolidated Class Action Complaint nor filed it with the Court. Rather than share with the Court various versions of the proposed Consolidated Class Complaints, the *Powell* Plaintiffs submit the proper course of action is to appoint interim class counsel to resolve this issue as well as any future issues that may arise with the putative class.

consider the *Powell* Plaintiffs' proposed Consolidated Class Complaint. (ECF No. 91). The Court granted this Motion. (ECF No. 92).

10. Despite this extension, the *Ingram* Plaintiffs are unable to agree with the *Powell* Plaintiffs as to the content of the proposed Consolidated Class Complaint. Given this dispute, the *Powell* Plaintiffs respectfully submit that is in the best interest of the putative class that Interim class counsel be appointed so that this issue and all future decisions regarding the class aspect of this matter may be handled without controversy.

11. Rule 23(g)(3) grants the Court authority to appoint pre-certification "interim" class counsel. *See* Fed R. Civ. P. 23(g)(3). The 2003 Advisory Committee Notes explain that interim counsel should be appointed "if necessary to protect the interests of the putative class," and may be appropriate in cases of "rivalry or uncertainty." *Id.*, 2003 Advisory Committee Notes; *see also*, *White v. Experian Info. Solutions*, 2014 U.S. Dist. LEXIS 61433, 2014 WL 1716154 (C. D. Cal. May 1, 2014).

12. The *Powell* Plaintiffs rely upon their previously filed Motion (ECF No. 80) and would respectfully point out that interim class counsel is generally appointed before ordering the filing of a consolidated class complaint (so that interim class counsel can make the decision as to what parties, allegations and claims should be asserted therein). *See e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 2014 U.S. Dist. LEXIS 7911, 2014 WL 228892 (N.D. Ill. Jan. 21, 2014)(granting interim class counsel and ordering consolidated, amended class complaint to be filed); *Levin v. HSBC Bank USA, N.A (In re HSBC Bank USA, N.A.)*, 2013 U.S. Dist. LEXIS 102221, 2013 WL 3816597 (E.D. N.Y. Jul. 22, 2013)(district court consolidated two identical class actions under Rule 42(a) and, noting that counsel in the two actions were not in agreement to work together, court granted interim class counsel and ordered consolidated complaint be filed). And courts have noted that appointing all the attorneys appearing in a matter as interim class counsel is to be avoided. *See, e.g.*, *Salyers v. Boomer*, No. 10 C 7131,

5

2011 U.S. Dist. LEXIS 73238, at *6 (N.D. Ill. July 5, 2011) (declining to appoint co-lead plaintiffs with co-lead counsel because "[t]here is no reason to think that two heads would be better than one in this suit, whereas appointing two lead plaintiffs and two law firms as lead counsel would have created the potential for disagreements and inefficiencies"); *see also* MANUAL ON COMPLEX LITIGATION § 10.221 (noting that the aim of appointing lead counsel is to "achiev[e] efficiency and economy without jeopardizing fairness to the parties" and the number of appointed counsel "should not be so large as to defeat the purpose of making such appointments").

.

                                       Respectfully submitted,

                                       /s/ *Michael G. McLaren*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)


/s/ Frank L. Watson, III
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

.                                      *Counsel for Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain on behalf of themselves and the absent Class Members*

**CERTIFICATE OF SERVICE**

   I, the undersigned, do hereby certify that the above and foregoing was filed on April 23, 2018 , using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, Tennessee 38103

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

*Counsel for Defendant Tyler Technologies, Inc*

Daniel O. Lofton, Esq.
Paul F. Craig, Esq.
2400 Poplar Avenue
Suite 210
Memphis, Tennessee 38112
Email: dlofton@craigandloftonlaw.com
Email: pfcraig@bellsouth.net

7

Steven G. Wilson, Esq.
5100 Poplar Avenue
Suite 2700
Memphis, Tennessee 38137
Email: stevewilsonlaw@gmail.com

Matthew C. Gulotta, Esq.
202 Adams Avenue
Memphis, Tennessee 38103
Email: matt@gulottalaw.net

Patrick Brooks, Esq.
2299 Union Avenue
Memphis, Tennessee 38104
Email:patrick@patrickbrookslaw.com

*Counsel for Plaintiffs Melvin Ingram,
Shantel Adams, David Beck, Dwyane Bowens,
Alfredo Cardenas, Veroinca Leaves,
Marcus Cochran, Robert Colucci, Leslie Crews,
Eric Flake, Jacob Greenwell, Lawonda Hodges,
Larome Humphrey, Robert Kataltepe,
John Linter, Keesha McClinton, Lakisha McCoy,
Clifton McCoy, Dedreck McVay, Harry Oliver,
Darrell Onsby, Frederick Rayford, John Riles,
Ashley Robertson, Deandre Rosser, Dustin Russell,
Patrick Shaw, Cedric Taylor, Jesse Townsend, and
Steven Wesby*

/s/ Frank L. Watson, III
Frank L. Watson, III