IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | | |
|---|---|---|
| Issacca Powell et al. | ) | |
|     **PLAINTIFFS** | ) | **No. 2:16-cv-2907-SHM-tmp** |
| | ) | Consolidated with: |
| v. | ) | **No. 2:17-cv-2015-SHM-dkv** |
| | ) | **No. 2:17-cv-2795-SHM-tmp** |
| Bill Oldham et al. | ) | |
|     **DEFENDANTS** | ) | |

**INGRAM PLAINTIFFS' RESPONSE TO POWELL PLAINTIFFS'
RENEWED MOTION TO APPOINT INTERIM CLASS COUNSEL**

    1.    On March 9, 2018, this Honorable Court issued an Order, ECF No. 89, granting Defendant Tyler Technologies' Motion to Consolidate the above-styled action - Powell *et al.,* v. Oldham *et al.*, with Ingram *et al.* vs. Moore *et al.*, 2:17-cv-2795.

    2.    The Order to Consolidate was only filed in Powell *et al.*, and not in Ingram *et al.,* and as a result, Ingram's counsel were not electronically notified. On April 6, 2018, with only days left before the deadline to file a consolidated complaint, counsel for Powell informed Ingram's counsel by email of the Court's Order, ECF No. 89, and attached a proposed consolidated complaint.

    3.    On April 6, 2018, Ingram's counsel and Powell's counsel began discussions about the forthcoming consolidated complaint. With the goal of further discussion between counsel for Powell and Ingram, Ingram's counsel moved the Court for an additional two-week extension to file a consolidated complaint, which was subsequently granted, with the new filing date set as April 23, 2018. *See* ECF No. 91, Motion; ECF No. 92, Order.

    4.    The proposed consolidated complaint drafted by Powell's counsel reduced the

1

number of named Ingram Plaintiffs from thirty to two. The two class representatives proposed by Powell's counsel from the Ingram pool of Plaintiffs were made without conferring with Ingram's counsel, and solely on the basis of the facts stated in the Ingram Complaint. As a result, counsel for Powell enjoyed no access to its proposed Ingram plaintiffs, or the benefit of any knowledge regarding each plaintiff's reliability, personal and criminal histories, relationship with counsel, mental health, communication skills, education level, or any other factors material to selecting the most appropriate class representative(s).

5. Counsel for Ingram contacted counsel for Powell and arranged a telephonic conference for April 20, 2018. At this telephonic conference, Ingram's counsel proposed reducing the current thirty named Ingram Plaintiffs to four[1]. Powell's counsel vigorously opposed the number of plaintiffs proposed by Ingram, reiterated its specific selection of the two Ingram plaintiffs in its initial proposed consolidated complaint, and declared its intention to pursue being named interim class counsel rather than accept the four Ingram plaintiffs proposed by Ingram's counsel.

6. On April 23, 2018, in a good faith attempt to re-engage Powell's counsel in discussions and reach consensus, Ingram's counsel proposed dropping one of its proposed four named plaintiffs to only three. Powell's counsel did not respond and instead proceeded with filing a Notice[2], ECF No. 93, renewing its request to be named interim class counsel.

7. The Court construed Powell's aforementioned Notice, as a renewed motion to be appointed as interim class counsel. *See* ECF No. 98, Order; and Powell Plaintiffs' [original] Rule

---

[1] Ingram's counsel proposed four different plaintiffs than those selected by Powell's counsel.

[2] "Powell Plaintiffs' Notice of Their Request for the Court to Consider and Rule on Their Previously Filed Rule 23(g)(3) Motion for Appointment of Interim Class Counsel in Order that, Inter Alia, a Consolidated Class Complaint may be Filed."

2

23(g)(3) Motion for Appointment of Interim Class Counsel [....]. ECF No. 80.

8. Due to the said unilateral actions of Powell's counsel, and its discontinuance of any dialogue with Ingram's counsel, Ingram's counsel deemed it prudent to move the Court to adopt its own proposed consolidated complaint (ECF No. 94[3]) to stay in compliance with the Court's Order of Consolidation, and the April 23, 2018 filing deadline for the consolidated complaint set by the Court's Order, ECF No. 89. Ingram's proposed consolidated complaint was almost identical to the version proposed by Powell, except for Ingram's selection of its three named Plaintiffs and pithy summaries of the qualifications of Ingram's counsel.

9. Since the actions referenced in the paragraphs above, counsel for Ingram has also sent two letters to Powell's counsel in an attempt to re-engage collaboration. The letters specifically requested Powell's counsel to articulate its objections to the three Ingram Plaintiffs proposed by counsel for Ingram. Said letters to leading counsel, dated May 4, 2018, and June 1, 2018, were sent via facsimile, and by email to all Plaintiffs' counsel of record. As of the date of this filing, counsel for Ingram has received no response from Powell's counsel to this correspondence.

10. It appears Powell's counsel continue to operate on a "we were here first" mindset, already clarified as erroneous by the Court's Order of Consolidation, ECF No. 89. Additionally, the unwillingness to even correspond with Ingram's counsel regarding the consolidated complaint is inconsistent with the Court's Orders (*See* ECF No. 89 and 92), and is counter-productive to the best interests of the Ingram Plaintiffs which are still represented by undersigned counsel, and whom are now part of the putative class in Powell.

---

[3] Powell filed its Response in Opposition to the Ingram Plaintiffs' Motion to Adopt on May 7, 2018. ECF No. 95.

11. Crucially, the aforementioned failure to cooperate with Ingram's counsel has occurred while Powell's counsel is not yet named lead class counsel. The actions of Powell's counsel are a cause of grave concern and frustration for Ingram's counsel, even more so if Powell's counsel is named interim class counsel at this time.

12. Due to the apparent unwillingness of Powell's counsel to communicate, let alone cooperate with Ingram's counsel on such a basic matter as permitting Ingram to select three of its most appropriate Plaintiffs as named Plaintiffs in the consolidated complaint, it appears clarification by the Court and/or a status conference may be necessary to establish the ongoing role(s) and relationship between counsel for Ingram and Powell, respectively.

13. Further, even if Powell's counsel is appointed as interim lead class counsel in this case, Ingram's counsel will require continued involvement due to the likely need to represent one of the subclasses in this large and complicated case, as subclasses may require separate class counsel, as conflicts of interest can easily develop between subclasses.[4] Additionally, there is the possibility that a class (or subclass) may not be certified, with Ingram's counsel then being expected to resume exclusive representation of any or all of Ingram's thirty Plaintiffs.

14. It is the belief of Ingram that the appointment of class counsel is premature at this stage because the only development since entry of the Court's Order to Consolidate has been Powell's demonstrated unwillingness to cooperate with counsel for Ingram and its *take it or leave it* demand for Ingram to proceed with the two named plaintiffs selected by Powell. For these reasons, Ingram remains opposed to Powell's Motion to be appointed as interim class

---

[4] Moore's Federal Practice § 23.120[3][e], p. 23-457. (3d ed. 2010) ("When a court certifies a class, the court also must appoint counsel for the class. If the court divides a proposed class into subclasses (*see* § 23.86[1][c]), the court must appoint separate class counsel for each subclass it certifies.")

4

counsel until a status conference is conducted and/or the nature of the working relationship, division of responsibilities, and need for reciprocal good-faith communication is clarified by the Court.

WHEREFORE, PREMISES CONSIDERED, counsel for the Ingram Plaintiffs respectfully request this Honorable Court clarify the ongoing role(s) and the relationship between the counsel for Ingram and Powell and deny the Powell Plaintiffs counsels' request to be named interim class counsel.

**Respectfully submitted,**

s/Daniel Lofton
DANIEL O. LOFTON, BPR#27386
2400 Poplar Ave., Ste. 210
Memphis, TN 38112
dlofton@craigandloftonlaw.com
(901) 526-7837

s/Paul Craig
PAUL F. CRAIG, BPR#18359
2400 Poplar Ave., Ste. 210
Memphis, TN 38112
pfcraig@bellsouth.net
(901) 526-7837

s/Steve Wilson
STEVE G. WILSON, BPR#28460
5100 Poplar Ave., Ste. 2700
Memphis, TN 38137
steve@stevewilsonfirm.com
(901) 337-1300

s/Matt Gulotta
MATTHEW C. GULOTTA, BPR#28194
202 Adams Avenue
Memphis, TN 38103
matt@gulottalaw.net
(901) 213-6648

s/Patrick Brooks
PATRICK M. BROOKS BPR#31045
2299 Union Avenue
Memphis TN 38104
patrick@patrickbrookslaw.com
(901) 324-5000

*Attorneys for Ingram et al. Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the preceding document was forwarded by electronic means via operation of the Court's electronic filing system to all parties of record.

s/Matt Gulotta