# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation<br><br>DEFENDANTS. | **Case No. 2:16-cv-2907-SHM-tmp**<br><br>(Hon. Judge Samuel H. Mays)<br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

| | |
|---|---|
| MELVIN INGRAM et al., on behalf of themselves and all similarly situated persons, <br><br><br><br><br><br> PLAINTIFFS, <br><br> v. <br><br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br><br> DEFENDANTS. | **Case No. 2:17-cv-02795-SHM-tmp** <br><br>(Hon. Judge Samuel H. Mays) <br><br><br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**[PROPOSED] REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND IN SUPPORT OF PLAINTIFFS' REQUEST FOR THE COURT TO CONSIDER AND RULE ON THEIR PREVIOUSLY FILED RULE 23(G)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL IN ORDER THAT, *INTER ALIA*, A CONSOLIDATED CLASS COMPLAINT MAY BE FILED**

1

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain (hereinafter collectively referred to as "*Powell* Plaintiffs") submit their [Proposed] Reply Memorandum in Support of their Rule 23(g)(3) Motion for Appointment of Interim Class Counsel (Dkt. No. 80) (the "Motion") and in Support of their Request for the Court to Consider and Rule on their Previously filed Rule 23(g)(3) Motion for Appointment of Interim Class Counsel in Order that, *inter alia*, a Consolidated Class Complaint May Be Filed (Dkt. No. 93) (the "Renewed Motion") and would state as follows:

## I. **Relevant Procedural History**

These cases arise out of the systematic overdetention of prisoners in the Shelby County Jail, caused, at least in part, by Shelby County's use of a new, but flawed, software regime. The software, implemented in early November 2017, immediately malfunctioned, and the resulting chaos left hundreds, if not thousands, of inmates unlawfully stranded in the Jail in overt violation of their Constitutional and civil rights.

On November 17, 2016, Plaintiff Isaacca Powell initially filed suit seeking recovery for such overdetention on a classwide basis. Shortly thereafter, on January 9, 2017, Plaintiffs Brown, Tate, and Melton brought actions arising from similar circumstances. All parties to both actions agreed to consolidate the cases under the docket number 2:16-cv-2907-SHM-tmp and for Plaintiffs to file an amended complaint. The Amended Complaint added plaintiffs Scott Turnage, Keith Burgess, Terence Drain, and Travis Boyd. Although the matter was ultimately styled, *Turnage et al. v. Oldham et al.*, the Court and the parties have referred to this consolidated class action as the *Powell* Class Action (hereinafter the "*Powell* Class Action").

Since that time, through Counsel, the *Powell* Plaintiffs have expeditiously prosecuted their claims. Plaintiffs' Counsel in the Consolidated Case have conducted an extensive investigation, located and engaged experts, exchanged Rule 26(a) disclosures, responded to

2

written discovery, analyzed discovery produced by Defendants, engaged in efforts to resolve complex and technical discovery disputes, and, possibly most time consuming of all, interviewed and vetted numerous potential class members out of over a hundred potential named plaintiffs to select those best suited to represent the interests of the putative class. Consolidated Case Plaintiff's Counsel have invested over 1000 hours of attorney time and expended thousands of dollars in expenses.

Nevertheless, three hundred and sixty-four (364) days after the implementation and failure of the new software regime and eleven and a half (11.5) months after Isaacca Powell brought his initial suit, thirty (30) plaintiffs brought suit as a putative class action (hereinafter the "*Ingram* Action") and, in doing so, alleged causes of action identical to those pled in the Consolidated Case. In fact, as is demonstrated in the *Powell* Plaintiffs' principal brief (Dkt. No. 80-1), the *Ingram* Plaintiffs and their Counsel literally copied word-for-word the factual allegations, legal claims, class definitions, and damages claims in the *Powell* Complaint. The *Ingram* Complaint adds no substance whatsoever to the claims being prosecuted in the Consolidated Case and, accordingly, provides no added benefit to the putative class.

As such, on November 21, 2017, the *Powell* Plaintiffs moved for the appointment of Frank L. Watson, III, William F. Burns, and William E. Routt, attorneys of the law firm of WATSON BURNS, PLLC, and Michael G. McLaren, William E. Cochran, Jr. and Brice M. Timmons, attorneys of the law firm of BLACK MCLAREN JONES RYLAND & GRIFFEE PC, as interim class counsel. (Dkt. No. 80). Thereafter, Defendants moved for the consolidation of the *Powell* and *Ingram* actions. (Dkt. No. 85).

On March 9, 2018, this Court consolidated the *Powell* and *Ingram* actions but deferred the *Powell* plaintiffs' motion to appoint interim class counsel, instead ordering Plaintiffs to file a consolidated complaint. (Dkt. No. 89). Thereafter, the *Powell* Plaintiffs drafted and submitted

3

to the *Ingram* Plaintiffs a proposed Consolidated Class Complaint that included some but not all of the plaintiffs named in the *Ingram* action.[1] On March 7, 2018, the *Ingram* Plaintiffs filed a Motion to Extend the deadline for filing the Consolidated Class Complaint, indicating that they needed additional time to consider the *Powell* Plaintiffs' proposed Consolidated Class Complaint. (ECF No. 91). The Court granted this motion. (ECF No. 92).

Despite this extension, the *Ingram* Plaintiffs are unable to agree with the *Powell* Plaintiffs as to the content of the proposed Consolidated Class Complaint and as to certain litigation strategies, thereby making mutual coordination impossible. The *Powell* Plaintiffs respectfully submit that it is in the best interest of the putative class that interim class counsel be appointed so that all of these issues and all future decisions may be handled without controversy.

The *Ingram* Plaintiffs purport to address the *Powell* plaintiffs' request for appointment of interim class counsel in both their Response to the *Powell* Plaintiffs' Motion to Dismiss and/or Stay and Defendants' Motion to Consolidate (Dkt. No. 87) and in their June 21, 2018 Response to *Powell* Plaintiffs' Renewed Motion to Appoint Interim Class Counsel (Dkt. No. 99). The *Ingram* plaintiffs' purported opposition is meritless.

## II.   **Appointment of Interim Class Counsel is Necessary**

As previously established by the *Powell* Plaintiffs, Rule 23(g)(3) grants the Court authority to appoint pre-certification "interim" class counsel, which is particularly appropriate in cases of rivalry or uncertainty. (Memorandum in Support of Motion, Dkt. No. 80-1, at 10; Renewed Motion, Dkt. 93, at 5). The appointment of class counsel is necessary here to, *inter alia*, protect the interests of the putative class and to ensure that the putative class efficiently and effectively speaks with one voice throughout the pre-certification stages of this action.

---

[1] Given that all drafts of the Class Complaint prepared by plaintiffs' counsel constitute attorney-work product, the *Powell* plaintiffs have not attached their proposed Consolidated Class Action Complaint nor filed it with the Court. Rather than share with the Court various versions of the proposed Consolidated Class Complaints, the *Powell* plaintiffs submit the proper course of action is to appoint interim class counsel to resolve this issue as well as any future issues that may arise with the putative class.

4

(Memorandum in Support of Motion, Dkt. No. 80-1, at 6-7, 10-12). In the face of the strategic disagreements between counsel for the *Powell* Plaintiffs and *Ingram* Plaintiffs, appointment of class counsel is particularly appropriate. Class counsel is generally appointed before ordering the filing of a consolidated class complaint in order that class counsel can make the decision as to what parties, allegations, and claims should be asserted therein. (Renewed Motion at 5-6).

In their Responses, the *Ingram* Plaintiffs fail to address any of these arguments and otherwise fail to provide the Court with any basis to deny the *Powell* Plaintiffs' request for appointment of class counsel. To the contrary, in their initial Response, the *Ingram* Plaintiffs did nothing more than invite the Court to ignore the *Powell* Plaintiffs' request for appointment of class counsel. (*See* Dkt. No. 87 at pp. 9-10) ("The Court need not be concerned with the remaining issues for determination…[t]he appointment of counsel to formally represent the entire class can take place later…").

Their Response to the *Powell* Plaintiffs' Renewed Motion to Appoint Interim Class Counsel fares no better. Rather, after complaining about the purported "unwillingness" of counsel for *Powell* to cooperate with counsel for *Ingram*, the *Ingram* Plaintiffs indicate that they "remain opposed to Powell's Motion to be appointed as interim class counsel until a status conference is conducted and/or the nature of the working relationship, division of responsibilities, and need for reciprocal good-faith communication is clarified by the Court." (Response to Renewed Motion, Dkt. No. 99 at 4-5). This simply does not constitute a basis to oppose the *Powell* Plaintiffs' request for appointment of interim counsel and amounts to little more than a request for an unnecessary status conference.

The law is clear. This Court, faced with competing class counsel, should appoint interim class counsel to represent the class, resolve the strategic disagreements that have arisen, and file any amended and consolidated Class Complaint deemed necessary by interim counsel. Here, the

Watson Burns and Black McClaren applicants are the best able to represent the interests of the class. (*See* Memorandum in Support of Motion, Dkt. No. 80-1 at 6-9, 12). Despite their opposition, the *Ingram* Plaintiffs do not even request that their counsel be appointed as interim class counsel. Rather, the *Ingram* Plaintiffs merely speculate that their counsel may be involved in the case in the future under certain circumstances. (Response to Renewed Motion, Dkt. No. 99 at 4). This is likewise not a basis to deny the *Powell* Plaintiffs' request for appointment of interim class counsel at the present time.

Because counsel for the *Powell* and *Ingram* Plaintiffs respectively have different strategic opinions regarding how to proceed, the appointment of interim class counsel is necessitated. The *Ingram* Plaintiffs state that it is their belief that "the appointment of class counsel is premature at this stage because the only development since entry of the Court's Order to Consolidate has been Powell's demonstrated unwilling to cooperate with counsel for Ingram…" (Response to Renewed Motion, Dkt. No. 99 at 4). Precisely the opposite is true. Counsel for the *Powell* Plaintiffs cannot injure the interests of the putative class simply to include counsel for the *Ingram* Plaintiffs in these proceedings. When strategic differences arise between competing counsel, as has happened here, the appointment of class counsel is *necessary*, not premature. Likewise, it is not the role of the Court to select among competing complaints on behalf of the class. That is the role of interim class counsel, once appointed. Under the present circumstances, interim class counsel is necessary.

## IV.   CONCLUSION

This Court should appoint Frank L. Watson, III, William F. Burns, and William E. Routt of the law firm of WATSON BURNS, PLLC and Michael G. McLaren, William E. Cochran, Jr., and Brice M. Timmons of the law firm of BLACK MCLAREN JONES RYLAND & GRIFFEE PC as Interim Class Counsel.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ *Michael G. McLaren*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)

/s/ William E. Routt
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com

*Counsel for Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Issacca Powell, Keith Burgess and Terrence Drain on behalf of themselves and the absent Class Members*

</div>

7

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above and foregoing was filed on June 28, 2018, using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

| | |
|---|---|
| Robert E. Craddock, Esq.<br>Odell Horton, Jr., Esq.<br>Amber Floyd, Esq.<br>WYATT, TARRANT & COMBS, LLP<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, Tennessee 38120<br><br>*Counsel for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons and Shelby County, Tennessee* | Emmett Lee Whitwell, Esq.<br>SHELBY COUNTY ATTORNEY'S OFFICE<br>160 N. Main Street<br>Suite 950<br>Memphis, Tennessee 38103<br><br>*Counsel for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons and Shelby County, Tennessee* |
| Bradley E. Trammell, Esq.<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.<br>165 Madison Avenue<br>Suite 2000<br>Memphis, Tennessee 38103<br><br>*Counsel for Defendant Tyler Technologies, Inc.* | Beth Bivans Petronio, Esq.<br>K&L GATES, LLP<br>1717 Main Street<br>Suite 2800<br>Dallas, Texas 75201<br><br>*Counsel for Defendant Tyler Technologies, Inc.* |
| Daniel O. Lofton, Esq.<br>Paul F. Craig, Esq.<br>2400 Poplar Avenue<br>Suite 210<br>Memphis, Tennessee 38112<br>Email: dlofton@craigandloftonlaw.com<br>Email: pfcraig@bellsouth.net<br><br>*Counsel for Plaintiffs Melvin Ingram, et al.* | Steven G. Wilson, Esq.<br>5100 Poplar Avenue<br>Suite 2700<br>Memphis, Tennessee 38137<br>Email: stevewilsonlaw@gmail.com<br><br>*Counsel for Plaintiffs Melvin Ingram, et al.* |
| Matthew C. Gulotta, Esq.<br>202 Adams Avenue<br>Memphis, Tennessee 38103<br>Email: matt@gulottalaw.net<br><br>*Counsel for Plaintiffs Melvin Ingram, et al.* | Patrick Brooks, Esq.<br>2299 Union Avenue<br>Memphis, Tennessee 38104<br>Email: patrick@patrickbrookslaw.com<br><br>*Counsel for Plaintiffs Melvin Ingram, et al.* |

/s/ William E. Routt
William E. Routt

8