IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| ISSACCA POWELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 2:16-cv-2907-SHM-tmp |
| v. | ) Consolidated with: |
| | ) No. 2:17-cv-2015-SHM-dkv |
| BILL OLDHAM, et al., | ) and |
| | ) No. 2:17-cv-2795-SHM-tmp |
| Defendants. | ) |

**ORDER**

Before the Court are two motions to appoint interim class counsel filed by Plaintiffs Issacca Powell, Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy Melton, Keith Burgess, and Terrence Drain (collectively, "Powell Plaintiffs") on November 21, 2017, and April 23, 2018. (ECF Nos. 80 & 93.)[1] Plaintiffs Melvin Ingram and 29 other individuals, on behalf of themselves and others similarly situated, (collectively, "Ingram Plaintiffs") responded on June 21, 2018. (ECF No. 99.)

Also before the Court is a motion to adopt proposed consolidated complaint filed by Ingram Plaintiffs on April 23,

---

[1] Powell Plaintiffs styled one of their motions "Notice of Their Request for the Court to Consider and Rule on Their Previously Filed Rule 23(g)(3) Motion For Appointment of Interim Class Counsel in Order that, inter alia, a Consolidated Class Complaint May be Filed[.]" (ECF No. 93.) In its June 7, 2018 Order, the Court construed that notice as a renewed motion to appoint interim class counsel. (ECF No. 98.)

2018. (ECF No. 94.)

For the following reasons, Ingram Plaintiffs' motion to adopt proposed consolidated complaint is DENIED. Powell Plaintiffs' motions to appoint interim class counsel are GRANTED.

I.  **Background**

Powell Plaintiffs and Ingram Plaintiffs brought separate class actions against Defendants Bill Oldham, individually and in his official capacity as Sheriff of Shelby County; Robert Moore, individually and in his official capacity as Jail Director of Shelby County; Charlene McGhee, individually and in her official capacity as Assistant Chief Jail Security of Shelby County; Debra Hammons, individually and in her official capacity as Assistant Chief of Jail Programs of Shelby County; Shelby County, Tennessee; and Tyler Technologies, Inc. (collectively, "Defendants") for unlawful detention after the installation, integration, and implementation of a new computer tracking system at the Shelby County Jail. (See Powell, et al. v. Oldham, et al., 2:16-cv-2907-SHM-tmp (W.D. Tenn.); see also Ingram, et al. v. Oldham, et al., 2:17-cv-2795-SHM-tmp (W.D. Tenn.).)

On March 9, 2018, the Court entered an Order consolidating the two cases under Case No. 2:16-cv-2907, to be styled <u>Powell, et al. v. Oldham, et al.</u>  (ECF No. 89 at 743.)[2]  The Court deferred ruling on Powell Plaintiffs' motion to appoint interim class counsel.  (<u>Id.</u>)  The Court ordered Plaintiffs in both actions to file a consolidated complaint within thirty days of its Order.  (ECF No. 90.)

On April 23, 2018, Powell Plaintiffs filed the renewed motion to appoint interim class counsel.  (ECF No. 93.)  The same day, Ingram Plaintiffs filed a motion to adopt proposed consolidated complaint.  (ECF No. 94.)

On May 7, 2018, Powell Plaintiffs responded to Ingram Plaintiffs' proposed consolidated complaint, opposing adoption of the complaint until the Court appoints interim class counsel.  (ECF No. 95.)

On June 7, 2018, the Court ordered Ingram Plaintiffs to "respond to Powell Plaintiffs' original motion to appoint interim class counsel (ECF No. 80) and their renewed motion (ECF No. 93) within fourteen days of the date of entry of this Order."  (ECF No. 98 at 822.)

---

[2] Unless otherwise noted, citations to the record refer to the "PageID" number.

Ingram Plaintiffs filed their response on June 21, 2018. (ECF No. 99.)

## II. Standard of Review

Federal Rule of Civil Procedure 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23(g)(1)(A) provides that the court must consider the following factors in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The court should consider generally whether counsel can fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4).

**III. Analysis**

Powell Plaintiffs ask that attorneys Frank L. Watson, III and William F. Burns of Watson Burns, LLC, and Michael G. McLaren of Black McLaren serve as interim class counsel. (ECF Nos. 80, 93.) Ingram Plaintiffs contend that

> the appointment of class counsel is premature at this stage because the only development since entry of the Court's Order to Consolidate has been Powell's demonstrated unwillingness to cooperate with counsel for Ingram and its take it or leave it demand for Ingram to proceed with the two named plaintiffs selected by Powell.

(ECF No. 99 at 826.) Ingram Plaintiffs' response does not address the Rule 23(g) factors as they apply to Powell Plaintiffs' counsel or Ingram Plaintiffs' counsel.

**A. Timing for Appointing Interim Class Counsel**

It is appropriate, in some circumstances, to appoint interim class counsel before class certification has been decided. Manual for Complex Lit., § 21.11 Initial Case-Management Orders at 246 (4th ed. 2004). One such circumstance is when

> there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, [and thus] a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions,

> conducting any necessary discovery, moving for class certification, and negotiating settlement. . . . Absent a stipulation [by counsel in the various suits], the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected.

Id. at 246-47.

The Court consolidated the action brought by Ingram Plaintiffs with the action brought by Powell Plaintiffs because those actions overlapped. The issue of appointment of interim class counsel pursuant to Rule 23(g) is now fully briefed and before the Court for resolution. Given that counsel for Ingram Plaintiffs and Powell Plaintiff have not stipulated to the appointment of interim class counsel and dispute that appointment, it is appropriate for the Court to appoint interim counsel. See, e.g., Tolmasoff v. Gen. Motors, LLC, No. 16-11747, 2016 WL 3548219, at *1 (E.D. Mich. June 30, 2016).

Appointment of interim counsel now is appropriate to establish clear responsibility for protecting the interests of the class. Interim counsel can continue to make and respond to motions, conduct discovery, move for class certification, and negotiate settlement. Manual for Complex Lit., at 246.

### B. Rule 23(g) Factors

#### 1. Work Counsel Has Done in Identifying or Investigating Potential Claims in the Action

Powell Plaintiffs represent that Watson, Burns, and McLaren

> have investigated this matter and have spent meaningful time developing claims to enable the putative Class to recover and have entered into a work and fee sharing arrangement, filed a Second Amended Class Action Complaint, fully responded to Defendants' Motions to Dismiss, responded to Defendants' written discovery to the named Plaintiffs, propounded written discovery to Defendants and are now in the midst of document discovery.

(ECF No. 80-1 at 594.)  Watson represents that

> In November 2016, my firm became involved in the representation of the [Powell] Plaintiffs in connection with their unlawful detention in the Shelby County Jail.  I and my co-counsel investigated the facts and circumstances that our clients had been exposed to with respect to the Shelby County Jail as well as the various legal claims that are set forth in the Class Action Complaint, which includes claims not only against Shelby County and certain of its employees but also against Tyler Technologies, Inc., a third party vendor of Shelby County, Tennessee.

(Decl. Watson, ECF No. 80-4 ¶ 8.)

Ingram Plaintiffs do not address whether or dispute that Watson, Burns, and McLaren have conducted and continue to conduct a significant investigation of their clients' claims. Ingram Plaintiffs also do not address whether or to what extent

7

their counsel have conducted any investigation in pursuing their clients' claims.

This factor favors appointing Powell Plaintiffs' counsel as interim class counsel.

### 2. Counsel's Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action; Counsel's Knowledge of the Applicable Law

Powell Plaintiffs represent that attorneys Watson and Burns "have significant Rule 23 experience and have been appointed class counsel in a number of successful actions throughout the nation, including several in the Western District of Tennessee." (ECF No. 80-1 at 591.) Both attorneys "have also successfully handled Rule 23(f) appeals before the Sixth Circuit with respect to class action certifications . . . [and] have taught continuing legal education seminars on class action issues." (Id. at 593.)

Powell Plaintiffs represent that attorney McLaren "has been practicing exclusively in the area of civil litigation during his 41-year career," "has had numerous Tennessee Court of Appeals, Sixth Circuit Court of Appeals, and Federal Circuit Court of Appeals opinions," and has "significant experience in class action matters, representing both plaintiffs and defendants." (Id. at 593-94.)

8

Ingram Plaintiffs do not address whether or dispute that Watson, Burns, and McLaren have extensive experience in handling class actions, or complex litigation, or that Watson, Burns, and McLaren have knowledge of the applicable law. Ingram Plaintiffs do not represent that their attorneys have experience in handling class actions, or complex litigation, or that they have knowledge of the applicable law.

This factor favors appointing Powell Plaintiffs' counsel as interim class counsel.

### 3. The Resources Counsel Will Commit to Representing the Class

Watson represents that,

> [g]iven our numerous sizable settlements, my firm has the ability to competently work this matter on behalf of the putative class as well as the ability to appropriately finance the litigation cost of this matter. . . . Watson Burns has the financial strength and resources to fund class litigation. . . .

(Decl. Waston, ECF No. 80-4 ¶ 9.)

Ingram Plaintiffs do not address whether or dispute that Watson, Burns, and McLaren have adequate resources to commit to representing the class. Ingram Plaintiffs do not address the resources their counsel would commit to representing the class.

This factor favors appointing Powell Plaintiffs' counsel as interim class counsel.

### 4. Counsel's Ability to Fairly and Adequately Represent the Interests of the Class

When more than one applicant seeks appointment as interim class counsel, the court must "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Although both counsel appear to have dedicated some time and work to bringing their respective actions, only counsel for Powell Plaintiffs have demonstrated that they have the experience, knowledge, and resources to fairly and adequately represent the class. They have also demonstrated that they have made substantial investigative efforts that will serve the interests of the class.

This factor favors appointing Powell Plaintiffs' counsel interim class counsel.

All of the Rule 23(g) factors favor appointing Watson, Burns, and McLaren as interim class counsel. Powell Plaintiffs' Motion to Appoint Interim Class Counsel and Renewed Motion to Appoint Interim Class Counsel are GRANTED.

### C. Ingram Plaintiffs' Motion to Adopt Proposed Consolidated Complaint

Powell Plaintiffs' motion to appoint interim counsel has been granted. Interim class counsel are now responsible for

filing a consolidated complaint.  Ingram Plaintiffs' motion to adopt proposed consolidated complaint (ECF No. 95) is DENIED.

**IV. Conclusion**

For the foregoing reasons, Ingram Plaintiffs' motion to adopt proposed consolidated complaint is DENIED.  Powell Plaintiffs' motions to appoint interim class counsel are GRANTED.  Watson, Burns, and McLaren will serve as interim class counsel.  The consolidated complaint shall be filed no later than thirty (30) days from the entry of this Order.

So ordered this 29th day of June, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE