IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, <br><br> Defendants. | Civil Action No. <br> 2:16-cv-02907-SHM-tmp <br> Jury Demanded |

**ANSWER OF DEFENDANTS SHELBY COUNTY, TENNESSEE, BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, AND DEBRA HAMMONS TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT (D.E. 103)**

1

COME NOW Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons (collectively "Shelby County Defendants") in response to Plaintiffs' Third Amended Class Action Complaint ("Third Amended Complaint") (D.E. 103), and stating:

**Answer to Plaintiffs' Third Amended Class Action Complaint**

In response to the Third Amended Complaint, Defendants state as follows:

1. Defendants admit this alleged Third Amended Complaint was filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983 ("Section 1983") and 1988 and Tennessee common law. Defendants state Plaintiffs are not entitled to any relief.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Denied.

5. Admitted.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Admitted.  Sheriff Oldham no longer holds this position.

16. Admitted and denied in part.  Chief Moore is retired and no longer an active Shelby County employee.

17. Admitted and denied in part.  Assistant Chief McGhee is retired and no longer an active Shelby County employee.

18. Admitted and denied in part.  Assistant Chief Hammond is retired and no longer an active Shelby County employee.

19. The first sentence is admitted.  The last sentence is denied.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Denied that "[t]he JSSi system appears to have worked quite well during this time frame." Admitted as to the remaining allegations in Paragraph 22.

23. In November 2016, Shelby County activated the Shelby County Integrated Criminal Justice System (iCJIS). The remaining allegations are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted Shelby County formed the iCJIS from the Shelby County Criminal Justice Coordinating Council to study the effectiveness of the JSSi Computer Tracking System. JSSi tracked thousands of cases per year. The remaining allegations are denied.

32. Defendants admit the iCJS [*sic*] Executive Committee was established. Defendants deny the Sheriff was an active member of the iCJIS Executive Committee. The Defendants admit the second sentence. Defendant Tyler Technologies and other vendors submitted proposals and information pursuant to a RFP from Shelby County.

33. The IT Steering Committee received information from numerous sources and individuals regarding Odyssey. The overwhelming majority of the responses were positive. Judge Coffee made a statement regarding the Odyssey computer software. The Sheriff was not an active member of the IT Steering Committee.

34. Denied that "[a]s a result, the Sheriff and the County were expressly on notice that Odyssey was incapable of serving as a proper Computer Tracking System." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. The Sheriff was not an active member of the IT Steering Committee.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. These alleged incidents are not relevant to this lawsuit.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. These alleged incidents are not relevant to this lawsuit.

37. This allegation refers to Tyler Technologies, Inc. and Defendants are not required to answer.

38. This allegation refers to Tyler Technologies, Inc. and Defendants are not required to answer.

39. Denied.

40. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. All remaining allegations are denied.

41. This is a legal conclusion and Defendants are not required to respond.

42. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

43. These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

44. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

45. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer. Any remaining allegations are denied.

46. Tyler Technologies provided training for Odyssey. Tyler Technologies did not supervise Shelby County employees. The contract speaks for itself.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

48. Denied.

49. Denied.

50. Admitted the implementation of the computer system was postponed several months before the actual implementation for additional testing.

51. Denied.

52. Defendants deny there were "serious storm warnings" regarding Odyssey. The Sheriff did not sign or authorize the contract with Tyler Technologies. On November 1, 2016, Shelby County began the implementation of the new computer system that included Odyssey. On November 7, 2016, Shelby County implemented the new computer system that included Odyssey. All remaining allegations are denied.

53. The first sentence is denied. Defendants admit Judge Anderson spoke at an iCJIS meeting but Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the actual quote from Judge Anderson.

54. Denied.

55. The Defendants admit Earle Farrell gave a quote regarding the status of the Shelby County Jail. The quote from the public relations representative is not relevant to this lawsuit.

56. The Defendants admit the quote of Earle Farrell. The quote from the public relations representative is not relevant to this lawsuit.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

64. Defendants admit the document speaks for itself.

65. Defendants admit the Pro Corpus was issued on September 24, 2014.

66. Defendants admit the document speaks for itself.

67. Defendants admit the document speaks for itself.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

74. Defendants admit the documents speak for themselves.

75. Defendants admit the document speaks for itself.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

77. Denied.

78. Admitted that "[o]n November 7, 2016, Judge Mark Ward entered an order dismissing [Plaintiff Brown's charge]." Defendants deny they took any action against plaintiff. The remaining allegations are denied.

79. Defendants admit Plaintiff Tate was arrested for driving on a suspended or revoked driver's license. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

80. Admitted that "on November 18, 2016, Plaintiff Melton was released from the Jail." Denied Plaintiff made any plea to the named Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

81. Defendants admit the report speaks for itself. Denied Plaintiff was not notified of his charges or presented before a judge or magistrate.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

88. Defendants admit the documents speak for themselves.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

93. Defendants state the document speaks for itself.

94. Defendants state the documents speak for themselves.

95. Defendants admit plaintiff was stopped and arrested on a bench warrant. The warrant speaks for itself. Remaining allegations are denied.

96. The Defendants admit plaintiff was taken into custody. The warrant speaks for itself. Remaining allegations are denied.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

100. Plaintiff was released on November 15, 2016. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

101. Denied.

102. Denied. The cases cited in Paragraph 102 are not facts to be admitted or denied and speak for themselves.

103. Denied. The case cited in Paragraph 103 is not a fact to be admitted or denied and speaks for itself.

104. Denied.

105. Denied.

106. No response is required to Paragraph 106.

107. Admitted. Plaintiffs attempt to bring this action as a Rule 23(b)(1), 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 107. Defendants deny plaintiffs have met the requirements for a class action lawsuit pursuant to Rule 23(b)(1), 23(b)(2) and/or 23(b)(3). The remaining allegations are denied.

108. Denied.

109. Denied.

110. Denied.

111. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

112. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

113. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

114. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

115. Denied.

116. No response is required to Paragraph 116.

117. Denied.

118. Denied. The case cited in Paragraph 118 is not a fact to be admitted or denied and speaks for itself.

119. Denied.

120. The first sentence is denied. Defendants became aware of issues after the system was activated and took appropriate action. The remaining allegations are denied. The cases cited in Paragraph 120 are not facts to be admitted or denied and speak for themselves.

121. Denied.

122. Denied.

123. No response is required to Paragraph 123.

124. Denied.

125. Denied.

126. Denied.

127. Denied. The case cited in Paragraph 127 is not a fact to be admitted or denied and speaks for itself.

128. No response is required to Paragraph 128.

129. This allegation refers to Tyler Technologies and Defendants are not required to answer.

130. This allegation refers to Tyler Technologies and Defendants are not required to answer.

131. This allegation refers to Tyler Technologies and Defendants are not required to answer.

132. This allegation refers to Tyler Technologies and Defendants are not required to answer.

133. No response is required to Paragraph 133.

134. Defendants state the contract between Shelby County and Tyler Technologies speaks for itself. Tyler Technologies did not supervise County employees. The remaining allegation refers to Tyler Technologies and Defendants are not required to answer.

135. This allegation refers to Tyler Technologies and Defendants are not required to answer.

136. This allegation refers to Tyler Technologies and Defendants are not required to answer.

**Prayer for Relief:** The relief sought in the "Prayer for Relief" Section of the Third Amended Complaint is not warranted and Plaintiffs are not entitled to any relief.

All allegations contained in the Third Amended Complaint which have not been admitted or denied are hereby denied.

Defendants reserve the right to amend their Answer pursuant to the Federal Rules of Civil Procedure and Orders of this Court.

## Affirmative and Other Defenses

1. The Third Amended Class Action Complaint fails to state a claim upon which relief can be granted against the "Shelby County Sheriff's Department," as it is not a separate entity subject to suit.

2. To the extent that the Third Amended Class Action Complaint alleges causes of action against Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons in their official capacities, such claims should be deemed to be against Shelby County, and should, therefore, be dismissed, and as to the individuals for failure to state a claim upon which relief can be granted.

3. The Third Amended Class Action Complaint fails to state a claim upon which relief can be granted as to Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons to the extent they are entitled to qualified immunity.

4. The Sheriff, Robert Moore, Charlene McGhee nor Debra Hammons negotiated or approved the contract between Shelby County and Tyler Technologies, Inc.

5. The Sheriff, Robert Moore, Charlene McGhee nor Debra Hammons had any personal contact with the named defendants.

6. The Sheriff, Robert Moore, Charlene McGhee and Debra Hammons are no longer active Shelby County employees.

7. Plaintiffs fail to state a claim against Shelby County to the extent that it is entitled to sovereign immunity.

8. To the extent Plaintiffs' alleged injuries were caused or contributed to by their own unlawful conduct, their recovery for such alleged injuries is barred.

9. To the extent Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Fault, if any, must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries.

10. To the extent Plaintiffs are alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendants aver

that Plaintiffs do not make a claim under the TGTLA, and that they fail to state a claim upon which relief can be granted under the TGTLA.

11. In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, and/or mistake.

12. Defendants reserve the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiffs' claims with Prejudice, award Defendants all fees, costs, and/or all such other relief to which the Court deems they are entitled.

                              Respectfully submitted,

                              /s/ Amber D. Floyd
                              Robert E. Craddock, Jr. (# 5826)
                              Odell Horton, Jr. (# 12426)
                              Amber D. Floyd (#29160)
                              Wyatt Tarrant & Combs, LLP
                              6070 Poplar Ave., Suite 300
                              Memphis, TN  38119
                              (901) 537-1000
                              rcraddock@wyattfirm.com
                              ohorton@wyattfirm.com
                              afloyd@wyattfirm.com

AND

        E. Lee Whitwell (#33622)
        Shelby County Attorney's Office
        160 North Main Street, Suite 950
        Memphis, TN  38103
        (901) 222-2100
        lee.whitwell@shelbycountytn.gov

        *Counsel for Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee and Debra Hammons*

### Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 19th day of September, 2018, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

        /s/ Amber D. Floyd

61757142.4