IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp** <br><br> (**Hon. Judge Samuel H. Mays**) <br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br><br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COME NOW Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, and Terrence Drain, on behalf themselves and all similarly situated persons (hereinafter "the Plaintiffs"), by and through the undersigned counsel, and file their Motion to Compel the Production of Documents and Information ("Motion"). In support of the Motion, Plaintiffs provide the following Memorandum of Facts and Law:

1. On August 3 and 7, 2017, Plaintiffs propounded their First and Second Sets of Interrogatories ("Interrogatories") and Requests for Production of Documents ("Requests") on Defendant Shelby County, Tennessee ("Shelby County"). A true and correct copy of Plaintiffs' Interrogatories and Requests is attached hereto as **EXHIBIT A**.

2. On November 6, 2017, Shelby County served its responses to Plaintiffs' Interrogatories and Requests ("Responses"). A true and correct copy of the Responses is attached hereto as **EXHIBIT B**.

3. Shelby County's Responses suffered from numerous deficiencies.

4. Pursuant to Local Rule 7.2 and in a good faith effort to obtain documents and information without court intervention, Plaintiffs addressed certain deficiencies in a November 27, 2017 letter to Shelby County. A true and correct copy of the November 27, 2017 letter is attached hereto as **EXHIBIT C**.

5. The November 27, 2017 letter specified, among other things, the following general deficiencies in Shelby County's Responses:

   a. "…of the 23 in total Interrogatories propounded to it, Defendant Shelby County has refused to answer all but three of these Interrogatories, primarily based on the claim that the information sought is "outside the scope of limited class certification discovery" and "is not proportional to the needs and issues related to class certification." (emphasis in original);

   b. "…in response to the 33 Document Requests propounded to it, Defendant Shelby County has refused to produce any documents other than a partial spreadsheet relating to class members (for which it unilaterally reduced

        the application time period and information to be provided) and a handful of documents relating to the charges against the named Plaintiffs…"

6. In addition, the November 27, 2017 letter targeted specific Requests and Interrogatories that Plaintiffs consider particularly relevant to class certification considerations.

7. Specifically, Interrogatory Nos. 4, 8, 12, 13, 14 and Request Nos. 1, 10, 12, 13, and 18 seek information concerning whether there was a common, repetitive problem with the Shelby County computer system that led to the alleged over-detentions and re-arrests alleged by Plaintiffs, all of which is directly relevant to the certification of the class and sub-classes here.

8. Moreover, Interrogatory No. 3 seeks to determine the breadth of the class or classes by seeking information identifying who was arrested and incarcerated in the Shelby County jail (along with the specific criminal charge or charges made against each person) *and*:

    a. was denied the ability to post a pre-set bond; or

    b. Shelby County's records did not reflect that said person was entitled to a pre-set bond, although the applicable charge carried with it a pre-set bond; or

    c. was detained longer than 48 hours prior to a probable cause determination; or

    d. was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

    e. was detained longer than six hours after posting bond; or

    f. was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; and/or

    g. was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.

9. This Interrogatory is accordingly precisely crafted to provide Plaintiff with the information necessary to determine the nature and extent of the alleged class.

10. Shelby County initially produced a spreadsheet that purported to answer portions of Interrogatory No. 3 but, among other things, failed to provide the name of each arrestee, whether each identified charge carries with it a pre-set bond, whether the computer system did or did not reflect the pre-set bond at the time of arrest, whether any identified arrestee was detained longer than six hours after posting a bond, whether any identified arrestee was detained longer than 6 hours after a Court's dismissal or finding of no probable cause, or whether any persons were re-arrested and jailed on an arrest warrant previously served and satisfied.

11. Yet, all of this information goes directly to class certification, including commonality – that is, whether the plaintiffs and the putative class were subjected to a common set of facts and/or policy or practice.

12. Finally, Shelby County objected to the production of insurance policies and indemnity agreements on the grounds that such information is irrelevant to class certification. The parties have since resolved this issue.

13. On November 29, 2017, counsel for all parties met and conferred on the identified deficiencies. At that time, Shelby County indicated that it was amenable to resolving most, if not all, of the identified deficiencies, though Shelby County indicated that it had to collect additional information to fully respond with respect to each identified deficiency.

14. On December 1, 2017, Defendant Tyler Technologies, Inc. filed its Motion for an Expedited Status Conference to address certain issues arising out of the November 21, 2017 filing of the *Ingram* Class Action, a copy cat action filed against the same defendants and asserting the same claims as those alleged in the *Powell* action.

15. On December 19, 2017, the Court held the requested status conference and addressed, among other things, the Defendants' request to consolidate the *Powell* and *Ingram*

actions. The Court thereafter "stayed discovery until the consolidation issue was resolved." (March 9, 2018 Order, Dkt. No. 89 at 11).

16. On March 9, 2018, the Court consolidated the *Powell* and *Ingram* actions, thereby resolving the consolidation issue and lifting the discovery stay.

17. Nevertheless, Plaintiffs heard nothing from Shelby County with respect to discovery or its November 27, 2017 letter for approximately four months. Accordingly, on July 23, 2018, Plaintiffs, in a good faith effort to obtain needed information and documents without Court intervention, demanded that Shelby County fully respond to its November 27, 2017 letter.

18. After additional discussions between counsel, on September 7, 2018, Shelby County responded to Plaintiffs' November 27, 2017 letter. A true and correct copy of Shelby County's September 7, 2018 letter is attached hereto as **EXHIBIT D**. In connection therewith, Shelby County produced certain documents and information purporting to cure certain deficiencies identified in Plaintiff's November 27, 2017 letter. Nevertheless, Shelby County stands on its objections in many instances. As identified herein, Shelby County is not justified in doing so, and its responses are accordingly deficient.

19. Shelby County principally asserts that it is not obligated to provide complete responses to Plaintiffs' written discovery on two erroneous grounds: (1) Shelby County asserts that virtually all of the documents and information sought by Plaintiffs are outside the scope of limited class certification discovery permitted at this stage, and (2) Shelby County purportedly has privacy concerns about providing the names of arrestees to Plaintiffs. Shelby County has failed to show that either of these grounds justify their refusal to provide complete responses to Plaintiffs' written discovery in this instance.

20. First, Shelby County is unjustified in refusing to provide documents and information in response to certain Interrogatories and Requests on the ground that the requested documents and information are outside the scope of class certification discovery. Specifically, Interrogatory Nos. 4, 8, 12, 13, and 14 and Request Nos. 1, 10, 12, 13, and 18 <u>seek information concerning whether there was a common, repetitive problem with the Shelby County computer system that led to the alleged over-detentions and re-arrests asserted by Plaintiffs in this action</u>. Plaintiffs are clearly entitled to discover such information in order to establish under Rule 23 that a class exists and should be certified. Shelby County's position to the contrary is in error.

21. Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to "class certification" and discovery that relates to the "merits" and have accordingly compelled the production of documents and information that relates to both prior to class certification. *See, e.g., True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *2 (N.D. Cal. Jan 20, 2015) (noting that individual and class discovery typically overlap); *Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 70723, 2014 WL 2154437, *3 (E.D. Cal. May 22, 2014) (acknowledging "substantial overlap" between class certification discovery and merits discovery; allowing additional depositions of named plaintiffs where court bifurcated class action discovery despite assertions that defendants delved into merits issues in prior depositions taken during class certification discovery); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *Lindell v. Synthes USA*, No. 1:11-cv-02053-LJO-BAM, 2013 U.S. Dist. LEXIS 85636, 2013 WL 3146806, *6 (E.D. Cal. Jun. 18, 2013) (finding class-wide discovery requests relevant to issues of both the merits and class certification; noting class certification

discovery is closely enmeshed with merits discovery); *Yingling v. Ebay, Inc.*, No. C 09-01733 JW (PVT), 2010 U.S. Dist. LEXIS 12800, 2010 WL 373868, *4 (N.D. Cal. Jan. 29, 2010) (acknowledging that discovery may be related to both class certification issues as well as merits of action; compelling production of responsive documents that related to class certification issues of commonality and predominance as well as merits of action during bifurcated class discovery); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation.").

22. Here, Plaintiffs are clearly entitled at this stage to the discovery requested in Interrogatory Nos. 4, 8, 12, 13, and 14 and Request Nos. 1, 10, 12, 13, and 18. Among other things, the requested documents and information relate to the identities of the putative class members, the identities of persons who may have knowledge regarding the scope and extent of the putative class, the implementation of and any problems with the computer system that allegedly caused the Constitutional violations, and whether such violations were caused by problems common to the putative class members. All of this information is highly probative with respect to commonality and other Rule 23 considerations, and Plaintiffs are entitled to discover such information prior to seeking certification of the putative class.

23. Second, with respect to Interrogatory No. 3, Shelby County produced certain information in spreadsheet form. However, in doing so, Shelby County did not, as requested, provide the name of each arrestee. Through further discussion between counsel, Shelby County indicated that its position is that there is a "privacy concern" regarding the disclosure of the names. (*See* September 20, 2018 email from O. Horton to F. Watson, attached hereto as **EXHIBIT E**) ("It is our opinion there is a privacy concern regarding disclosing the names").

Shelby County's position is meritless. In fact, Plaintiffs are entitled to discover the name of each of the otherwise identified individuals.

24. As an initial matter, the names of the arrestees are publicly available information. Indeed, in holding that there is no privacy interest in one's criminal record that is protected by the United States Constitution, the Sixth Circuit observed that "one's criminal history is arguably not a private 'personal matter' at all, <u>since arrest and conviction information are matters of public record</u>." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (emphasis added). Accordingly, there are no privacy concerns raised by Plaintiffs' request that Shelby County provide the names of the individual arrestees identified on the spreadsheet (along with the pre-set bonds and post-arrest bonds that were set) produced in response to Interrogatory No. 3.

25. Even if privacy concerns existed here, those concerns are mitigated by the parties' agreement to maintain all documents and information produced as confidential until the entry of a protective order in this action. Any purported privacy concerns related to the identities of the arrestees are fully mitigated by these protections and do not therefore justify Shelby County's refusal to provide the requested information to Plaintiffs. *See Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987) (affirming finding of contempt for failure to comply with subpoena requiring the identification of individual members of the Ku Klux Klan where protective order was sufficient to protect the members' privacy interests by preventing the litigants from publicly disclosing members' identities).

26. Likewise, it is well established that the identities of potential class members are discoverable precertification for purposes of Rule 23 analysis. For instance, in *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833 Ml/P, 2008 U.S. Dist. LEXIS 73663 (W.D. Tenn. Sept. 24 2008) (Magistrate Judge Tu M. Pham), plaintiffs asserted class action allegations that a law firm had

charged illegal attorney's fees to its clients. There, the district court ordered defendant law firm to produce all client "complaints, amended complaints, probate pleadings fee contracts/agreements, disposition related documents, closing/settlement statements and release documents for every case handled by the Wilkes firm in Tennessee in which a fee had been charged [no matter how much or little], even in cases where a matter was settled before a complaint was filed in Tennessee." *Id*. at *18. This Court granted sanctions against the defendant law firm for failing to produce this information, which would identify all potential class members. Notably, in contrast to the names of the arrestees here, the information that the Court compelled the defendant law firm to produce in *Wilkes & McHugh* was not public information. Shelby County must provide the information requested by Plaintiffs here.

27. Additional case law supports this conclusion. In *Zapata v. IBP, Inc*., No. 93-2366-EEO, 1994 U.S. Dist. LEXIS 16285 (D. Kan. Nov. 10, 1994), the plaintiff brought a class action alleging discrimination against employees of Mexican descent. The court limited class discovery to class issues, and deferred "merits" discovery to a later date. (*Id*. at *4). Noting that "[n]otwithstanding this deferral, discovery pertinent to certification may well overlap with discovery upon the merits," the court granted the plaintiff's motion to compel the entire personnel files of all employees. *Id*. at *8-9; *see also*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 n.20 (1978) ("There may be instances where this information [(class members' names and addresses)] could be relevant to issues that arise under Rule 23, . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues.") (internal citation omitted); *Wilkinson v. Greater Dayton Reg'l Transit Auth*., No. 3:11-cv-247, 2014 U.S. Dist. LEXIS 64522, at *18-19 (S.D. Ohio May 9, 2014) (in putative class action alleging that employer unlawfully denied employees

9

family medical leave, district court upheld magistrate's ruling that the identities of the plaintiffs were discoverable because they related to the elements of Rule 23(a) – numerosity, common questions of law or fact, typicality, etc… – and did not run afoul district court's prohibition of "merits" discovery); *Swelnis v. Universal Fid. L.P.*, No. 2:13-cv-104-PRC, 2014 U.S. Dist. LEXIS 53058, at *6 (N.D. Ind. Apr. 17, 2014) ("This information [(the names and addresses of potential class members)] may be discoverable, however, if it is relevant for Federal Rule of Civil Procedure 23 purposes or where there is good reason to think that communication with class members might yield information bearing on those Rule 23 issues."); *Johnson v. Bankers Life & Casualty Co.*, No. 13-cv-144-wmc, 2013 U.S. Dist. LEXIS 139986, at *5 (W.D. Wis. Sept. 30, 2013) ("plaintiff argues . . . that discovery from [defendant's] customers who have purchased the annuity with the rider at issue would assist plaintiff in showing commonality and typicality as required for class certification under Rule 23. The court agrees."); *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 U.S. Dist. LEXIS 155956, at *22-42, (D. Or. May 9, 2011) ("Fed. R. Civ. P. 26(b)(1) allows the discovery of matters relevant to pre-class certification;" district court compelled identities and contact information of putative class members because it related to pre-certification discovery); *Sjoblom v. Charter Communications, LLC*, No. 3:07-cv-0451-bbc, 2008 U.S. Dist. LEXIS 1001, at *7 (W.D. Wis. Jan. 4, 2008) ("The identity of defendant's employees and employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations."); *Wiegele v. Fedex Ground Package System*, No. 06-CV-01330-JM(POR), 2007 U.S. Dist. LEXIS 9444, at *3, 6 (S.D. Cal. Feb. 8, 2007) (In denying objections to a discovery order which directed "Fedex to provide the 'names, last known home addresses and home telephone numbers, and email addresses of formerly and currently-employed' similarly situated individuals[,]" and limited "disclosure of the

discovery to Plaintiff's counsel, their investigators and experts, and not to any individual plaintiff[,]" the district court noted that "the Magistrate Judge determined that putative class members possess relevant discoverable information concerning issues dealing with Plaintiff's wage and hour claims, as well as class certification issues.").

    28.    In asserting meritless objections to Interrogatory Nos. 4, 8, 12, 13, and 14 and Document Request Nos. 1, 10, 12, 13, and 18 and by failing to provide Plaintiffs with the names of the arrestees identified in response to Interrogatory No. 3, Defendants have provided evasive and/or incomplete disclosures in violation of Rule 37(a)(3)(A) and (4). As a result, Defendants should be ordered to pay Plaintiffs their reasonable attorneys fees as required by Rule 37(a)(5). *See, e.g., Overton v. Univ. of Tenn.*, No. 2:08-cv-02796-BBD-dkv, 2010 U.S. Dist. LEXIS 33996 (W.D. Tenn. March 18, 2010) (granting attorneys' fees as sanctions in connection with motion to compel where plaintiff's failure to respond to discovery was not substantially justified).

    WHEREFORE, Plaintiffs respectfully request that the Court grant the present Motion in its entirely and, in connection therewith, order:

    i.    that Shelby Count is unjustified in objecting to Interrogatory Nos. 4, 8, 12, 13, and 14 and Document Request Nos. 1, 10, 12, 13, and 18 on the ground that the requested documents and information are outside the scope of limited class certification discovery and that such objection to each identified Interrogatory and Document Request is overruled;

    ii.    that Shelby County provide complete responses, including the provision of all requested information and the production of all requested documents, in response to Interrogatory Nos. 4, 8, 12, 13, and 14 and Document Request Nos. 1, 10, 12, 13, and 18;

    iii.    that Shelby County provide the names of each arrestee identified on the spreadsheet produced in response to Interrogatory No. 3; and

    iv.      that Shelby County pay Plaintiffs their reasonable attorneys' fees incurred in bringing this Motion.

>Respectfully submitted,
>
>s/*Frank L. Watson, III*
>Frank L. Watson, III (Tenn. Bar No. 15073)
>William F. Burns (Tenn. Bar No. 17908)
>WATSON BURNS, PLLC
>253 Adams Avenue
>Memphis, Tennessee 38104
>Phone: (901) 529-7996
>Fax: (901) 529-7998
>Email:  fwatson@watsonburns.com
>Email:  bburns@watsonburns.com
>
>
>Michael G. McLaren (#5100)
>William E. Cochran, Jr. (#21428)
>Brice M. Timmons (#29582)
>BLACK MCLAREN JONES RYLAND & GRIFFEE PC
>530 Oak Court Drive, Suite 360
>Memphis, TN  38117
>(901) 762-0535 (Office)
>(901) 762-0539 ( Fax)
>wcochran@blackmclaw.com
>
>
>*Interim Class Counsel for Plaintiffs and the putative Class Members*

## **LOCAL RULE 7.2(a)(1)(B) CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), on November 27 and 29, 2017 and September 7, 2018, the undersigned counsel for Plaintiffs conferred by letter and telephone with Robert E. Craddock and Odell Horton, counsel to Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons and Shelby County, concerning the instant Motion. On September 11, 17, and 20, 2018, Frank L. Watson, III, counsel for Plaintiffs, further communicated with these attorneys via email.  Shelby County opposes the relief requested herein.

s/ Frank L. Watson, III<br>
Frank L. Watson, III

**CERTIFICATE OF SERVICE**

  I, the undersigned, do hereby certify that, on October 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of the filing to all of the following counsel of record:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber D. Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com
Email: afloyd@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc*

            s/*Frank L. Watson, III*