# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) **Civil Action No. 2:16-cv-02907-SHM-tmp** |
| Plaintiffs, | ) ) |
| v. | ) **(Hon. Judge Samuel H. Mays)** |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHELBY COUNTY, TENNESSEE**

COME NOW Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, and Travis Boyd, on behalf of themselves and all other similarly situated persons, by and through their designated attorneys, and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, request that Defendant Shelby County, Tennessee ("Shelby County") (1) answer in writing and under oath the interrogatories

propounded below and (2) produce for inspection or copying, or cause to be copied, the documents described below.  Shelby County shall so answer and shall make such production within thirty (30) days of service at the offices of WATSON BURNS, PLLC, 253 Adams Avenue, Memphis, Tennessee 38103.

## A. DEFINITIONS

1.      "All" shall be construed to include the term "each," or "any," and vice versa.  The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa, such that each interrogatory or request calls for the broadest production of responsive documents and information.

2.      "And" as well as "or" should be read in the disjunctive, conjunctive, or both, consistent with an interpretation that results in the broadest production of responsive documents and information.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

3.      The "Class" or "Class Members" shall have the same meaning as contained in paragraph 100 of the Second Amended Class Action Complaint (D.E. 52), including subsections (i) – (v), filed in this proceeding.

4.      "Communication" and "communications" include all oral, written, or other exchanges or transmissions of information, regardless whether in person, by telephone, or by electronic or any other means.

5.      "Defendants" shall refer to Oldham, Moore, McGhee, Hammons, Shelby County, and Tyler as defined herein.

2

6.      This "Dispute" shall refer to the present action pending before the United States District Court for the Western District of Tennessee styled *Scott Turnage, et al. v. Bill Oldham, et al.*, Civil Action No. 2:16-cv-02907-SHM-tmp.

7.      "Document" and "documents" include any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type or description, regardless of origin, location, or storage media, including, without limitation, all writings, papers, books, records, recordings, reports, memoranda, advertisements, notes, notices, releases, emails, attachments, communications (as defined above), summaries, outlines, minutes (including minutes of meetings of boards, officers, committees, or sub-committees), logs, diaries, calendars, photographs, contracts, agreements, confirmations, statements, diagrams, charts, and all other tangible things and forms of data compilation, whether created, maintained, or stored electronically or on paper, recordable tape, celluloid, disks, hard drives, computers, servers, smart phones, handheld devices, electronic mail servers, email systems, file servers, voicemail, text messages, instant messages, or any other storage media.  A draft or non-identical copy (including a copy with handwritten notes) is a separate document.

8.      "Hammons" shall refer to Debra Hammons, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee, and includes her employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Debra Hammons.

9.      "iCJIS" shall refer to Shelby County's computer tracking system that was rolled out in October 2016 and denominated the Shelby County Integrated Criminal Justice Information System.

10.     "Identify" or "Identity" used with reference to an individual means to state his or her full name, present or last known address, present or last known position and business affiliation and employer, title and position at the time in question.  When used in connection with an expert witness, it also means to produce such expert's curriculum vitae; a complete list of every matter in which the person has appeared as an expert, indicating the party for which the person worked; a complete list of that person's publications; any documents relied on, referred to, or consulted by the expert in formulating opinions; and any reports prepared by the expert witness.

11.     "Identify" or "Identity" used with reference to any other entity means to state, to the extent known by you, the full name of such entity, its principal place of business, the nature of its business, its telephone number, and the names of the principals.

12.     "Identify" or "Identity" used with reference to a writing means to state the date of creation, author, type of document (e.g., letter, chart, memorandum, note, application, etc.), or other means of identification and its present location or custodian.  If such document is no longer in your possession or subject to its control, state what disposition was made of it.

13.     "Identify" or "Identity" used with reference to an oral communication, conference or meeting means to state the date of communication, conference or meeting, the identity of all parties to the communication, conference or meeting, and state the subject matter of the communication, conference or meeting, and the substance of what was said and/or transpired.

14.     All phrases following the terms "including," "including, but not limited to," and "including, without limitation," are intended to illustrate the kind of information responsive to each interrogatory or request herein.  Such examples are not intended to be exhaustive of the

information sought and shall not in any way be read to limit the scope of the interrogatory or request.

15.     "McGhee" shall refer to Charlene McGhee, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee, and includes her employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Charlene McGhee.

16.     "Moore" shall refer to Robert Moore, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee, and includes his employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Robert Moore.

17.     "Odyssey" shall refer to the Odyssey Case Management System developed by Tyler.

18.     "Oldham" shall refer to Bill Oldham, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee, and includes his employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Bill Oldham.

19.     "Person" shall include any natural persons, partnerships, proprietorships, corporations, joint ventures, business trusts, associations, governmental agencies, or any other entity or organization of whatever nature.

20.     "Pertain" or "pertaining" or "relate" or "relating" or "refer" or "referring" or "regard" or "regarding" shall mean to constitute, comprise, reflect, concern, record, memorialize, embody, discuss, describe, evaluate, consider, review, or report on the subject matter of the

interrogatory or request and also refer to documents reviewed in conjunction with, or created, generated, or maintained as a result of the subject matter of the interrogatory or request.

21.    "Plaintiffs" shall refer to Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, and Travis Boyd, their employees, agents, representatives, and all persons acting or purporting to act on their behalf or under their direction, and all Class Members as defined herein.

22.    "Shelby County" shall refer collectively and separately to, and include, Shelby County, Tennessee and each of its present and former employees, agents, representatives, administrators, officers, directors, committees, affiliates, assigns, and all persons acting, purporting to act, or authorized to act on behalf of or under the direction or control of Shelby County, Tennessee.

23.    "Tyler" shall refer collectively and separately to, and include, Tyler Technologies, Inc. and each of its present and former employees, agents, representatives, administrators, officers, directors, committees, affiliates, parent companies (whether direct or indirect and whether wholly owned or not), holding companies, subsidiaries, predecessors, successors, assigns, and all persons acting, purporting to act, or authorized to act on behalf of or under the direction or control of Tyler.

24.    "You" and "your" refer collectively and separately to, and include, Shelby County, as defined herein.

## B. INSTRUCTIONS

1.    Unless otherwise indicated, these interrogatories and requests cover the period and include documents created, prepared, written, dated, sent, received, applicable, or effective during or relating to the period from May 4, 2014 through the present.

2.    Answer each interrogatory and request on the basis of your entire knowledge.

6

3.      If an interrogatory or request cannot be answered in full, answer to the extent possible, and specify reasons for inability to answer.

4.      These interrogatories and requests apply to all information and documents in your possession, custody, or control, regardless of the location of such information and documents and regardless of whether such information and documents are held by any other person or entity, including, without limitation, your attorneys, representatives, or agents.  All relevant documents and other sources of relevant information must be consulted in responding to these interrogatories and requests.  Information and documents shall be deemed to be within your control if you have the right to secure the information from another person having possession or custody of the document.  Electronically stored information shall be produced in a format to be agreed upon by the parties in consultation with Plaintiffs' e-discovery vendor.

5.      At the conclusion of each answer to an interrogatory or part thereof, identify the person responsible for the answer, all documents used in preparing the answer, and all persons interviewed or consulted in preparing the answer.

6.      If your answers to any or all of the interrogatories are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

7.      Documents produced pursuant to the requests shall be separately produced for each request, or in the alternative, shall be identified as complying with the particular request or requests to which they are responsive.  If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which requests the documents would have been responsive.

8.     Each document requested below is to be produced along with all non-identical copies thereof in their entirety, without abbreviation or redaction, including copies that bear marks, notations, or charges not present in the original or subsequent copies.

9.     If any document or information responsive to any of the following interrogatories or requests is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege:  (1) describe the date, the author, and all recipients of the document; (2) the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document withheld; (4) state the privilege upon which you rely and the grounds for the assertion of such privilege; and (5) identify all persons who have or have had access to the document or information being withheld.

10.     If you object to all or any part of an interrogatory or request, then (a) identify the specific language or portion(s) of the interrogatory or request to which you object, (b) explain the basis or bases for your objection(s), and (c) provide or produce the other requested information or documents not specified in or covered by the objection.

11.     Please provide the following in response to each interrogatory or request to which no responsive information or documents exist:  (a) state in writing that you conducted a good faith search for the requested information or documents; (b) describe the extent of your search; and (c) state that, based on the search, no such information or documents exist.

12.     Please consider these interrogatories and requests continuing in nature.  If after initially responding to these interrogatories and requests, you discover, obtain, or become aware of responsive information or documents, you should immediately provide the information or produce the documents.

13.    If a document once existed and has subsequently been lost, destroyed, or is otherwise unavailable or missing, please provide (i) sufficient information to identify the document, (ii) state the details of the circumstances leading to the loss or destruction of the document, and (iii) identify by name, address, and telephone number the person or entity, if anyone, whom you believe has possession, custody or control of the missing or unavailable document.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify the name, address, position, and/or title of each and every person responding to or assisting in responding to these interrogatories.

**INTERROGATORY NO. 2**:  Identify the name, address, position, and/or title of each and every person who searched for, gathered, and/or assisted in searching for and/or gathering any and all documents produced in response to the First Requests for Production of Documents propounded upon you.

**INTERROGATORY NO. 3**: From November 1, 2016 to the present, please identify each person who was arrested and incarcerated in the Shelby County jail (along with the specific criminal charge or charges made against each person) *and*:

a)    was denied the ability to post a pre-set bond; or

b)    Shelby County's records did not reflect that said person was entitled to a pre-set bond, although the applicable charge carried with it a pre-set bond; or

c)    was detained longer than 48 hours prior to a probable cause determination; or

d)    was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

e)    was detained longer than six hours after posting bond; or

9

f)      was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; and/or

g)      was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.

For each such person identified, please further state the date and time of incarceration and the date and time of their release from the Shelby County Jail.

**INTERROGATORY NO. 4**:

Identify each and every person whom you believe has or may have any knowledge that any of the conditions set forth in Interrogatory No. 3, a) through g) may have occurred to one or more detainees in the Shelby County Jail and briefly state their knowledge of same.  **Please note that this interrogatory does not seek the disclosure of attorney work-product or mental impressions pertaining to those individuals that <u>will be</u> called to testify at the trial of this matter.  This interrogatory only seeks the identity of those individuals having knowledge of relevant information in any way pertaining to the issues raised in the Second Amended Class Action Complaint or the dispute currently pending between the parties.  Please note that the Plaintiffs will object to the introduction of any trial testimony from any individual and/or entity not identified in your response to this Interrogatory.**

**INTERROGATORY NO. 3**:  Identify each insurance policy, contractual indemnity agreement, or any other agreement with a third party that would be relevant to this Dispute or would cover, in whole or in part, the claims of any party to this lawsuit, including, but not limited to, payment of attorneys' fees, settlements, or judgments.

**INTERROGATORY NO. 4**:  Identify each person who possesses decision-making authority within Shelby County with respect to the arrest, incarceration, or detention of individuals prior to conviction and describe the decision-making chain of authority.

**INTERROGATORY NO. 5**:  Identify each person who possesses decision-making authority within Shelby County with respect to the development, implementation, or use of Odyssey in Shelby County or the 2016 roll out of new or upgraded computer systems in Shelby County and describe the decision-making chain of authority.

**INTERROGATORY NO. 6**:  Identify all investigations or audits of any sort conducted by you with respect to the arrest, incarceration, or detention of individuals prior to conviction and describe the decision-making chain of authority or the development, implementation, or use of Odyssey in Shelby County or the 2016 roll out of new or upgraded computer systems in Shelby County.

**INTERROGATORY NO. 7**:  Identify each member of the IT Steering Committee that was formed by Shelby County prior to implementing the new series of computer systems used to run various aspects of the Shelby County jail, including, without limitation, each representative from different Shelby County agencies that was involved with the IT Steering Committee.

**INTERROGATORY NO. 8**:  Identify each team that was established by Shelby County to oversee the transition to and implementation of the new computer systems and each member thereof, including, without limitation, the iCJIS Executive Committee, the iCJS Executive Committee, the Court Executive Team, the Court Project Team, and the Court Technical Team.

**INTERROGATORY NO. 9**:  Identify all tests performed with respect to the implementation of Odyssey in Shelby County along with the results thereof, including, but not limited to, any "mock go live" treatment and end user acceptance testing.

11

**INTERROGATORY NO. 10**:  Identify each instance when you were notified of or otherwise made aware of problems experienced with Odyssey by other Tyler customers including, but not limited to, any allegations related to data loss and problems pertaining to compatibility with other systems, communications, and inmate tracking.

**INTERROGATORY NO. 11**:  Identify each independent software contractor or vendor from whom Shelby County, whether through its IT Steering Committee or otherwise, requested or received proposals pertaining to the selection and implementation of any of its computer systems.  In doing so, identify each proposal that was submitted along with its terms.

**INTERROGATORY NO. 12**:  Identify each instance in which you were notified, whether by Tyler, a member of the IT Steering Committee or otherwise, that the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system, that concerns existing regarding the implementation of the Odyssey system, or that Odyssey was otherwise inappropriate for your needs.

**INTERROGATORY NO. 13**:  Identify and describe in detail when you first knew there was a problem with the Odyssey software, iCJIS, or any other new or updated computer program that was implemented in late 2016.

**INTERROGATORY NO. 14**:  Identify all internal communications or communications between you, Tyler, Oldham, Moore, McGhee, Hammons, or any other person or entity regarding problems with the Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use in Shelby County, potential solutions to such problems, and the response received, if any.

**INTERROGATORY NO. 15**:  Identify all Tyler employees, agents, and representatives who provided training to Shelby County or its employees, agents, or representatives with respect

to the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Tyler employees in furtherance of the business relationship between Tyler and Shelby County.  In doing so, identify the nature and content of the training provided.

**INTERROGATORY NO. 16**:  Identify all in-house training provided by Shelby County to its employees, agents, or representatives with respect to the roll-out and implementation of new computer systems, including iCJIS, the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Shelby County in furtherance of the development, implementation, and use of new computer systems in 2016.  In doing so, identify all materials used in such training and the individuals who conducted such training.

**INTERROGATORY NO. 17**:  Identify and describe all programs, polices, and/or procedures used by you to ensure compliance with Constitutional and legal requirements pertaining to the treatment of arrestees.

**INTERROGATORY NO. 18**:  Identify all remedial measures taken in response to problems encountered with Odyssey during implementation and with any other problems encountered during the implementation of any new inmate tracking system, including, but not limited to, any actions taken to keep the Shelby County jail running and to prevent any constitutional violations from occurring.

**INTERROGATORY NO. 19**:  State the name, address, job description, employer, experience, and qualifications of each person, if any, who will provide any testimony (by

affidavit, declaration or otherwise) as an expert witness on your behalf in opposition to Plaintiffs' class action allegations. **Please take notice that Plaintiffs will object to the testimony of any expert witness not identified in response to this interrogatory**.

**INTERROGATORY NO. 20**:  State the subject matter upon which each expert identified by you is expected to testify, and the substance of the facts and opinions to which each such expert is expected to testify, and give a summary of the grounds for each opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:  Produce all documents and communication related to each and every person identified in your response to Interrogatory No. 4 who, from November 1, 2016 to the present, was arrested and incarcerated in the Shelby County jail *and*:

a)      was denied the ability to post a pre-set bond; or

b)      was detained longer than 48 hours prior to a probable cause determination; or

c)       was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

d)      was detained longer than six hours after posting bond; or

e)      was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; or

f)       was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.  This request includes, without limitation, all records maintained within any computer system used to track arrest files, criminal cases, and court records of inmates at the Shelby County jail, including, without limitation, JSSi, JSS, JMS, IMS, iCJIS, Odyssey, and any handwritten records.

14

**REQUEST FOR PRODUCTION NO. 2**:  Produce all documents that relate to the decision by Shelby County to replace the computer system known as "JSSi" with a new computer tracking system or systems, including but not limited to, the iCJIS.

**REQUEST FOR PRODUCTION NO. 3**:  Produce all documents constituting communications between you and Tyler.

**REQUEST FOR PRODUCTION NO. 4**:  Produce all documents constituting communications between you and named Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5**:  Produce all documents constituting your internal communications pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute.

**REQUEST FOR PRODUCTION NO. 6**:  Produce all documents constituting your communications with any other Tennessee state, local, county, or municipal government, committee, board, division, or any other body pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute.

**REQUEST FOR PRODUCTION NO. 7**:  Produce all documents constituting your communications with any third party pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute, including, without limitation, all communications with other counties, municipalities, or

any other government or authority experiencing problems with Odyssey, including, Ector County Texas, Merced County California, Cameron County Texas, and Alameda County California.

**REQUEST FOR PRODUCTION NO. 8**:  Produce all documents that constitute or otherwise reflect Tyler's marketing or advertising of Odyssey or any other products or services to you.

**REQUEST FOR PRODUCTION NO. 9**:  Produce all documents reflecting, documenting, or pertaining to any tests performed with respect to the implementation of Odyssey in Shelby County along with the results thereof, including, but not limited to, any "mock go live" treatment and end user acceptance testing.

**REQUEST FOR PRODUCTION NO. 10**:  Produce all documents pertaining to your your awareness of problems experienced with Odyssey by other Tyler customers including, but not limited to, any allegations related to data loss and problems pertaining to compatibility with other systems, communications, and inmate tracking, along with any notification to you thereof.

**REQUEST FOR PRODUCTION NO. 11**:  Produce all documents provided by, related to, or constituting communications with each independent software contractor or vendor from whom Shelby County, whether through its IT Steering Committee or otherwise, requested or received proposals pertaining to the selection and implementation of any of its computer systems.  This request includes, but is not limited to, each proposal received by you.

**REQUEST FOR PRODUCTION NO. 12**:  Produce all documents reflecting notification to you, whether by a member of the IT Steering Committee or otherwise, that the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system or was otherwise inappropriate for your needs.

16

**REQUEST FOR PRODUCTION NO. 13**:  Produce all documents reflecting or pertaining to any problems with Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use and potential solutions to such problems.  In doing so, produce documents sufficient to identify when you first had knowledge of any such problems.

**REQUEST FOR PRODUCTION NO. 14**:  Produce all documents pertaining to the training of Shelby County or its employees, agents, or representatives by Tyler with respect to the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Tyler employees in furtherance of the business relationship between Tyler and Shelby County.

**REQUEST FOR PRODUCTION NO. 15**:  Produce all documents pertaining to Shelby County's in-house training of its employees, agents, or representatives with respect to the roll-out and implementation of new computer systems, including iCJIS, the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Shelby County in furtherance of the development, implementation, and use of new computer systems in 2016.

**REQUEST FOR PRODUCTION NO. 16**:  Produce all documents that relate to the marketing of, development, implementation, or use of Odyssey in Shelby County.

**REQUEST FOR PRODUCTION NO. 17**:  Produce all documents related to any investigations or audits of any sort conducted by you with respect to the arrest, incarceration, or detention of individuals prior to conviction.

**REQUEST FOR PRODUCTION NO. 18**:  Produce all documents that relate to your decision to continue to use Odyssey after encountering problems during implementation.

**REQUEST FOR PRODUCTION NO. 19**:  Produce all proprietary Odyssey files or records that relate to or were used by Shelby County in a format that is accessible to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 20**:  Produce all documents that reflect remedial measures taken in response to problems encountered with Odyssey during implementation.

**REQUEST FOR PRODUCTION NO. 21**:  Produce all documents that pertain to the programs, polices, and/or procedures used by you to ensure compliance with Constitutional and legal requirements regarding the treatment of arrestees.

**REQUEST FOR PRODUCTION NO. 22**:  Produce all personnel and policy manuals, handbooks, and other memoranda or comparable materials concerning the treatment of arrestees, their incarceration, and their detention.

**REQUEST FOR PRODUCTION NO. 23**:  Produce all documents related to your policies and procedures concerning the provision of probable cause hearings to arrestees, the setting of arrestee's bonds, arrestees' ability to post bonds, including pre-set bonds, the release of arrestees after a determination that no probable cause exists for detention, the release of arrestees after posting a bond, and the release of arrestees after dismissal of claims.

**REQUEST FOR PRODUCTION NO. 24**:  Produce all statements of witnesses, potential witnesses, or persons interviewed by you in connection with this Dispute.

18

**REQUEST FOR PRODUCTION NO. 25**: Produce the personnel files, including all documents contained therein, for Oldham, Moore, McGhee, and Hammons.

**REQUEST FOR PRODUCTION NO. 26**: Produce all documents related to any disciplinary actions, terminations, lawsuits, counseling, write-ups, demotions, human resources investigations, or other adverse employment action considered or taken by you pertaining to the events and allegations described in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 27**: To the extent not previously requested herein, produce all documents that relate to or reference Odyssey or Tyler.

**REQUEST FOR PRODUCTION NO. 28**: Produce all records, files, statements, reports, notes, and any other documents that relate or pertain to named Plaintiffs.

**REQUEST FOR PRODUCTION NO. 29**: Produce copies of any photographs or video or audio recordings related to the events described in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 30**: Produce all documents that you intend to introduce into evidence during the trial of this lawsuit.

**REQUEST FOR PRODUCTION NO. 31**: Produce all documents pertaining to any insurance policy, contractual indemnity agreement, or any other agreement with a third party that would be relevant to this Dispute or would cover, in whole or in part, the claims of any party to this lawsuit, including, but not limited to, payment of attorneys' fees, settlements, or judgments.

**REQUEST FOR PRODUCTION NO. 32**: Produce all documents that were referred to or used in preparing your responses to any request for documents or interrogatory.

Respectfully submitted,

*/s/ Frank L. Watson, III* _____

19

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar. No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

Michael G. McLaren (Tenn. Bar No. 5100)
William E. Cochran, Jr. (Tenn. Bar No. 21428)
Brice M. Timmons (Tenn. Bar No. 29582)
BLACK MCLAREN JONES
RYLAND & GRIFFEE PC
530 Oak Court Drive
Suite 360
Memphis, Tennessee 38117
Phone: (901) 762-0535
Fax: (901) 762-0539
mmclaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

Claiborne H. Ferguson, Esq. (Tenn. Bar. No. 20457)
THE CLAIBORNE FERGUSON LAW FIRM, P.A.
294 Washington Ave.

20

Memphis, TN 38103
(901) 529-6400
Email: claiborne101@yahoo.com

*Counsel for Plaintiffs and the putative Class
Members*

21

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above and foregoing was served on August 3, 2017, via U.S. Mail postage pre-paid and/or by email:

Robert E. Craddock, Esq.
Robert L. Crawford, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc*

s/ Frank L. Watson, III
Frank L. Watson, III

22

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|     Plaintiffs, | |
| v. | |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | |
|     Defendants. | |

**Civil Action No. 2:16-cv-02907-SHM-tmp**

**(Hon. Judge Samuel H. Mays)**

**PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT SHELBY COUNTY, TENNESSEE**

COME NOW Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, and Travis Boyd, on behalf of themselves and all other similarly situated persons, by and through their designated attorneys, and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, request that Defendant Shelby County, Tennessee ("Shelby County") (1) answer in writing and under oath the interrogatories

propounded below and (2) produce for inspection or copying, or cause to be copied, the documents described below.  Shelby County shall so answer and shall make such production within thirty (30) days of service at the offices of WATSON BURNS, PLLC, 253 Adams Avenue, Memphis, Tennessee 38103.

## A. DEFINITIONS

1.       "All" shall be construed to include the term "each," or "any," and vice versa.  The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa, such that each interrogatory or request calls for the broadest production of responsive documents and information.

2.       "And" as well as "or" should be read in the disjunctive, conjunctive, or both, consistent with an interpretation that results in the broadest production of responsive documents and information.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

3.       The "Class" or "Class Members" shall have the same meaning as contained in paragraph 100 of the Second Amended Class Action Complaint (D.E. 52), including subsections (i) – (v), filed in this proceeding.

4.       "Communication" and "communications" include all oral, written, or other exchanges or transmissions of information, regardless whether in person, by telephone, or by electronic or any other means.

5.       "Defendants" shall refer to Oldham, Moore, McGhee, Hammons, Shelby County, and Tyler as defined herein.

2

6.      This "Dispute" shall refer to the present action pending before the United States District Court for the Western District of Tennessee styled *Scott Turnage, et al. v. Bill Oldham, et al.*, Civil Action No. 2:16-cv-02907-SHM-tmp.

7.      "Document" and "documents" include any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type or description, regardless of origin, location, or storage media, including, without limitation, all writings, papers, books, records, recordings, reports, memoranda, advertisements, notes, notices, releases, emails, attachments, communications (as defined above), summaries, outlines, minutes (including minutes of meetings of boards, officers, committees, or sub-committees), logs, diaries, calendars, photographs, contracts, agreements, confirmations, statements, diagrams, charts, and all other tangible things and forms of data compilation, whether created, maintained, or stored electronically or on paper, recordable tape, celluloid, disks, hard drives, computers, servers, smart phones, handheld devices, electronic mail servers, email systems, file servers, voicemail, text messages, instant messages, or any other storage media.  A draft or non-identical copy (including a copy with handwritten notes) is a separate document.

8.      "Hammons" shall refer to Debra Hammons, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee, and includes her employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Debra Hammons.

9.      "iCJIS" shall refer to Shelby County's computer tracking system that was rolled out in October 2016 and denominated the Shelby County Integrated Criminal Justice Information System.

10.    "Identify" or "Identity" used with reference to an individual means to state his or her full name, present or last known address, present or last known position and business affiliation and employer, title and position at the time in question.  When used in connection with an expert witness, it also means to produce such expert's curriculum vitae; a complete list of every matter in which the person has appeared as an expert, indicating the party for which the person worked; a complete list of that person's publications; any documents relied on, referred to, or consulted by the expert in formulating opinions; and any reports prepared by the expert witness.

11.    "Identify" or "Identity" used with reference to any other entity means to state, to the extent known by you, the full name of such entity, its principal place of business, the nature of its business, its telephone number, and the names of the principals.

12.    "Identify" or "Identity" used with reference to a writing means to state the date of creation, author, type of document (e.g., letter, chart, memorandum, note, application, etc.), or other means of identification and its present location or custodian.  If such document is no longer in your possession or subject to its control, state what disposition was made of it.

13.    "Identify" or "Identity" used with reference to an oral communication, conference or meeting means to state the date of communication, conference or meeting, the identity of all parties to the communication, conference or meeting, and state the subject matter of the communication, conference or meeting, and the substance of what was said and/or transpired.

14.    All phrases following the terms "including," "including, but not limited to," and "including, without limitation," are intended to illustrate the kind of information responsive to each interrogatory or request herein.  Such examples are not intended to be exhaustive of the

4

information sought and shall not in any way be read to limit the scope of the interrogatory or request.

15.     "McGhee" shall refer to Charlene McGhee, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee, and includes her employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Charlene McGhee.

16.     "Moore" shall refer to Robert Moore, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee, and includes his employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Robert Moore.

17.     "Odyssey" shall refer to the Odyssey Case Management System developed by Tyler.

18.     "Oldham" shall refer to Bill Oldham, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee, and includes his employees, agents, representatives, and all persons acting or purporting to act on behalf of or under the direction or control of Bill Oldham.

19.     "Person" shall include any natural persons, partnerships, proprietorships, corporations, joint ventures, business trusts, associations, governmental agencies, or any other entity or organization of whatever nature.

20.     "Pertain" or "pertaining" or "relate" or "relating" or "refer" or "referring" or "regard" or "regarding" shall mean to constitute, comprise, reflect, concern, record, memorialize, embody, discuss, describe, evaluate, consider, review, or report on the subject matter of the

interrogatory or request and also refer to documents reviewed in conjunction with, or created, generated, or maintained as a result of the subject matter of the interrogatory or request.

21.     "Plaintiffs" shall refer to Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, and Travis Boyd, their employees, agents, representatives, and all persons acting or purporting to act on their behalf or under their direction, and all Class Members as defined herein.

22.     "Shelby County" shall refer collectively and separately to, and include, Shelby County, Tennessee and each of its present and former employees, agents, representatives, administrators, officers, directors, committees, affiliates, assigns, and all persons acting, purporting to act, or authorized to act on behalf of or under the direction or control of Shelby County, Tennessee.

23.     "Tyler" shall refer collectively and separately to, and include, Tyler Technologies, Inc. and each of its present and former employees, agents, representatives, administrators, officers, directors, committees, affiliates, parent companies (whether direct or indirect and whether wholly owned or not), holding companies, subsidiaries, predecessors, successors, assigns, and all persons acting, purporting to act, or authorized to act on behalf of or under the direction or control of Tyler.

24.     "You" and "your" refer collectively and separately to, and include, Shelby County, as defined herein.

**B. INSTRUCTIONS**

1.     Unless otherwise indicated, these interrogatories and requests cover the period and include documents created, prepared, written, dated, sent, received, applicable, or effective during or relating to the period from May 4, 2014 through the present.

2.     Answer each interrogatory and request on the basis of your entire knowledge.

6

3.      If an interrogatory or request cannot be answered in full, answer to the extent possible, and specify reasons for inability to answer.

4.      These interrogatories and requests apply to all information and documents in your possession, custody, or control, regardless of the location of such information and documents and regardless of whether such information and documents are held by any other person or entity, including, without limitation, your attorneys, representatives, or agents.  All relevant documents and other sources of relevant information must be consulted in responding to these interrogatories and requests.  Information and documents shall be deemed to be within your control if you have the right to secure the information from another person having possession or custody of the document.  Electronically stored information shall be produced in a format to be agreed upon by the parties in consultation with Plaintiffs' e-discovery vendor.

5.      At the conclusion of each answer to an interrogatory or part thereof, identify the person responsible for the answer, all documents used in preparing the answer, and all persons interviewed or consulted in preparing the answer.

6.      If your answers to any or all of the interrogatories are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

7.      Documents produced pursuant to the requests shall be separately produced for each request, or in the alternative, shall be identified as complying with the particular request or requests to which they are responsive.  If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which requests the documents would have been responsive.

8.      Each document requested below is to be produced along with all non-identical copies thereof in their entirety, without abbreviation or redaction, including copies that bear marks, notations, or charges not present in the original or subsequent copies.

9.      If any document or information responsive to any of the following interrogatories or requests is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege:  (1) describe the date, the author, and all recipients of the document; (2) the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document withheld; (4) state the privilege upon which you rely and the grounds for the assertion of such privilege; and (5) identify all persons who have or have had access to the document or information being withheld.

10.     If you object to all or any part of an interrogatory or request, then (a) identify the specific language or portion(s) of the interrogatory or request to which you object, (b) explain the basis or bases for your objection(s), and (c) provide or produce the other requested information or documents not specified in or covered by the objection.

11.     Please provide the following in response to each interrogatory or request to which no responsive information or documents exist:  (a) state in writing that you conducted a good faith search for the requested information or documents; (b) describe the extent of your search; and (c) state that, based on the search, no such information or documents exist.

12.     Please consider these interrogatories and requests continuing in nature.  If after initially responding to these interrogatories and requests, you discover, obtain, or become aware of responsive information or documents, you should immediately provide the information or produce the documents.

13.     If a document once existed and has subsequently been lost, destroyed, or is otherwise unavailable or missing, please provide (i) sufficient information to identify the document, (ii) state the details of the circumstances leading to the loss or destruction of the document, and (iii) identify by name, address, and telephone number the person or entity, if anyone, whom you believe has possession, custody or control of the missing or unavailable document.

## INTERROGATORIES

**INTERROGATORY NO. 21**: Identify each "jail support specialist" or any other person employed, retained, or appointed by Shelby County to find, locate, identify, or otherwise investigate Shelby County detainees or arrestees whose detention was impacted in any way by Odyssey, iCJIS, or any other new or upgraded 2016 computer system and/or any detainee who was unaccounted for in Odyssey, iCHIS, or any other new or upgraded 2016 computer system for any period of time while being detained in the Shelby County jail.  In doing so, identify all detainees who were assigned to each identified individual or who were found, located, identified, or investigated by each identified individual.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 33**: Produce all documents and communication related to the employment, retention, or appointment of "jail support specialists" or any other person identified in response to Interrogatory No. 21 above.

**REQUEST FOR PRODUCTION NO. 34**: Produce all documents and communication related to the investigations conducted by Shelby County's "jail support specialists" or any other person identified in response to Interrogatory No. 21 above, including, but not limited to, all documents and communications related to the identification or investigation of detainees

impacted in any way by Odyssey, iCJIS, or any other new or upgraded 2016 computer system

and/or any detainee who was unaccounted for in Odyssey, iCHIS, or any other new or upgraded

2016 computer system for any period of time while being detained in the Shelby County jail.

Respectfully submitted,

*s/ William E. Routt*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar. No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

Michael G. McLaren (Tenn. Bar No. 5100)
William E. Cochran, Jr. (Tenn. Bar No. 21428)
Brice M. Timmons (Tenn. Bar No. 29582)
BLACK MCLAREN JONES
RYLAND & GRIFFEE PC
530 Oak Court Drive
Suite 360
Memphis, Tennessee 38117
Phone: (901) 762-0535
Fax: (901) 762-0539
mmclaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

Claiborne H. Ferguson, Esq. (Tenn. Bar. No. 20457)
THE CLAIBORNE FERGUSON LAW FIRM, P.A.

10

294 Washington Ave.
Memphis, TN 38103
(901) 529-6400
Email: claiborne101@yahoo.com

*Counsel for Plaintiffs and the putative Class Members*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above and foregoing was served on August 7, 2017, via U.S. Mail postage pre-paid and/or by email:

Robert E. Craddock, Esq.
Robert L. Crawford, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

11

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc*

s/ William E. Routt
William E. Routt

12