# EXHIBIT B

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>Defendants. | Civil Action No. 2:16-cv-02907-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays) |

---

**DEFENDANT SHELBY COUNTY, TENNESSEE'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant Shelby County, Tennessee ("Shelby County") submits its responses to Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, and Travis Boyd's, on behalf of themselves and all other, ("collectively

1

Plaintiffs") First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests"), stating:

## GENERAL OBJECTIONS

1)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they exceed the scope of limited class certification discovery permitted at this stage of litigation.

2)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.

3)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they attempt to impose obligations other than those affirmatively required by the Federal Rules of Civil Procedure or applicable Local Rules.

4)      Shelby County objects to the instructions and definitions supplied by Plaintiffs to the extent that they are overbroad, vague, and inconsistent with the normal usage and meanings of the words used therein.  Shelby County also objects to the instructions and definitions supplied by Plaintiffs to the extent that they are overly burdensome and constitute an unreasonable expansion of the Discovery Requests themselves.

5)      Shelby County's responses are made without waiving: (1) the right to object on the grounds of competency, relevancy, and materiality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any action; and (2) the right to object on any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of Plaintiffs' Discovery Requests.

Subject to the foregoing general objections, Shelby County provides the following specific objections and responses.  Objections and responses to each discovery request are based upon information presently known to Shelby County, and discovery and investigation may yield

2

further information. Accordingly, Shelby County reserves the right to supplement or amend its responses.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify the name, address, position, and/or title of each and every person responding to or assisting in responding to these interrogatories.

**RESPONSE:** Ed Raper, iCJIS Project Director, Shelby County Information Services Technology Department, with the assistance of counsel.

**INTERROGATORY NO. 2**: Identify the name, address, position, and/or title of each and every person who searched for, gathered, and/or assisted in searching for and/or gathering any and all documents produced in response to the First Requests for Production of Documents propounded upon you.

**RESPONSE:** Ed Raper, iCJIS Project Director, Shelby County Information Services Technology Department, with the assistance of counsel.

**INTERROGATORY NO. 3**: From November 1, 2016 to the present, please identify each person who was arrested and incarcerated in the Shelby County jail (along with the specific criminal charge or charges made against each person) *and*:

a)    was denied the ability to post a pre-set bond; or

b)    Shelby County's records did not reflect that said person was entitled to a pre-set bond, although the applicable charge carried with it a pre-set bond; or

c)    was detained longer than 48 hours prior to a probable cause determination; or

d)    was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released for either lack of probable cause or by posting a bond; or

e)    was detained longer than six hours after posting bond; or

3

f)        was detained longer than six hours are dismissal of charges or determination that probable cause did not exist; and/or

g)        was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.

For each such person identified, please further state the date and time of incarceration and the date and time of their release from the Shelby County Jail.

**RESPONSE:** Shelby County objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Shelby County objects to the interrogatory to the extent that it is argumentative and/or assumes legal conclusions as it relates to the length of detention periods as stated in this interrogatory. Shelby County also objects to this interrogatory to the extent that it is vague as it relates to posting pre-set bonds. The allegation that inmates' "ability" to post a pre-set bond was denied by Shelby County is without context sufficient for a response from Shelby County. Moreover, any assertion Shelby County acted in an improper manner regarding an inmate's "ability to post a pre-set bond" is argumentative for which Shelby County asserts an objection. Subject to and without waiving these objections, Shelby County states as follows:   The burden for ascertaining the requested information is substantially the same for Plaintiffs as it is for Shelby County. As such, pursuant to Tenn. R. Civ. P. 33.03, Shelby County shall produce a spreadsheet containing information for inmates processed in Shelby County Jail from November 1, 2016 through March 31, 2017. The spreadsheet contains the following information:   Arrest Date; Booking Date; Booking No.; Case No.; Charge; Arraignment Date; Bond Set Date; Bond Post Date; Release Date; Disposition; and Disposition Date.   Plaintiffs' counsel may review the spreadsheet and identify cases for which counsel determines falls within the scope of this interrogatory.

4

Shelby County will produce records for the cases identified by Plaintiffs' counsel proportional to the needs of this matter whereby costs for said production shall not be an undue cost burden to Shelby County. Shelby County reserves the right to seek reimbursement and/or request expense allocation for burdensome discovery costs.

Shelby County will produce the relevant case information for the named-plaintiffs in this litigation.

**INTERROGATORY NO. 4:** Identify each and every person whom you believe has or may have any knowledge that any of the conditions set forth in Interrogatory No. 3, a) through g) may have occurred to one or more detainees in the Shelby County Jail and briefly state their knowledge of same. **Please note that this interrogatory does not seek the disclosure of attorney work-product or mental impressions pertaining to those individuals that <u>will be</u> called to testify at the trial of this matter. This interrogatory only seeks the identity of those individuals having knowledge of relevant information in any way pertaining to the issues raised in the Second Amended Class Action Complaint or the dispute currently pending between the parties. Please note that the Plaintiffs will object to the introduction of any trial testimony from any individual and/or entity not identified in your response to this Interrogatory.**

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 3:** Identify each insurance policy, contractual indemnity agreement, or any other agreement with a third party that would be relevant to this Dispute or

5

would cover, in whole or in part, the claims of any party to this lawsuit, including, but not limited to, payment of attorneys' fees, settlements, or judgments.

**RESPONSE:**   Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 4**: Identify each person who possesses decision-making authority within Shelby County with respect to the arrest, incarceration, or detention of individuals prior to conviction and describe the decision-making chain of authority.

**RESPONSE:**   Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 5**: Identify each person who possesses decision-making authority within Shelby County with respect to the development, implementation, or use of Odyssey in Shelby County or the 2016 roll out of new or upgraded computer systems in Shelby County and describe the decision-making chain of authority.

**RESPONSE:**   Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 6**: Identify all investigations or audits of any sort conducted by you with respect to the arrest, incarceration, or detention of individuals prior to

6

conviction and describe the decision-making chain of authority or the development, implementation, or use of Odyssey in Shelby County or the 2016 roll out of new or upgraded computer systems in Shelby County.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 7:** Identify each member of the IT Steering Committee that was formed by Shelby County prior to implementing the new series of computer systems used to run various aspects of the Shelby County jail, including, without limitation, each representative from different Shelby County agencies that was involved with the IT Steering Committee.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 8:** Identify each team that was established by Shelby County to oversee the transition to and implementation of the new computer systems and each member thereof, including, without limitation, the iCJIS Executive Committee, the iCJS Executive Committee, the Court Executive Team, the Court Project Team, and the Court Technical Team.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of

7

litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 9**: Identify all tests performed with respect to the implementation of Odyssey in Shelby County along with the results thereof, including, but not limited to, any "mock go live" treatment and end user acceptance testing.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 10**: Identify each instance when you were notified of or otherwise made aware of problems experienced with Odyssey by other Tyler customers including, but not limited to, any allegations related to data loss and problems pertaining to compatibility with other systems, communications, and inmate tracking.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 11**: Identify each independent software contractor or vendor from whom Shelby County, whether through its IT Steering Committee or otherwise, requested or received proposals pertaining to the selection and implementation of any of its computer systems. In doing so, identify each proposal that was submitted along with its terms.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of

8

litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 12**: Identify each instance in which you were notified, whether by Tyler, a member of the IT Steering Committee or otherwise, that the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system, that concerns existing regarding the implementation of the Odyssey system, or that Odyssey was otherwise inappropriate for your needs.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 13**: Identify and describe in detail when you first knew there was a problem with the Odyssey software, iCJIS, or any other new or updated computer program that was implemented in late 2016.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 14**: Identify all internal communications or communications between you, Tyler, Oldham, Moore, McGhee, Hammons, or any other person or entity regarding problems with the Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use in Shelby County, potential solutions to such problems, and the response received, if any.

9

**RESPONSE:**  Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This interrogatory is not proportional to the needs and issues related to class certification.  As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 15**: Identify all Tyler employees, agents, and representatives who provided training to Shelby County or its employees, agents, or representatives with respect to the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Tyler employees in furtherance of the business relationship between Tyler and Shelby County.  In doing so, identify the nature and content of the training provided.

**RESPONSE:**  Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This interrogatory is not proportional to the needs and issues related to class certification.  As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 16**: Identify all in-house training provided by Shelby County to its employees, agents, or representatives with respect to the roll-out and implementation of new computer systems, including iCJIS, the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Shelby County in furtherance of the development, implementation, and use of new computer

systems in 2016. In doing so, identify all materials used in such training and the individuals
who conducted such training.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks
information outside the scope of limited class certification discovery permitted at this stage of
litigation. This interrogatory is not proportional to the needs and issues related to class
certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 17**: Identify and describe all programs, polices, and/or
procedures used by you to ensure compliance with Constitutional and legal requirements
pertaining to the treatment of arrestees.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks
information outside the scope of limited class certification discovery permitted at this stage of
litigation. This interrogatory is not proportional to the needs and issues related to class
certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 18**: Identify all remedial measures taken in response to
problems encountered with Odyssey during implementation and with any other problems
encountered during the implementation of any new inmate tracking system, including, but not
limited to, any actions taken to keep the Shelby County jail running and to prevent any
constitutional violations from occurring.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks
information outside the scope of limited class certification discovery permitted at this stage of
litigation. This interrogatory is not proportional to the needs and issues related to class
certification. As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 19**: State the name, address, job description, employer, experience, and qualifications of each person, if any, who will provide any testimony (by affidavit, declaration or otherwise) as an expert witness on your behalf in opposition to Plaintiffs' class action allegations. **Please take notice that Plaintiffs will object to the testimony of any expert witness not identified in response to this interrogatory**.

**RESPONSE:**   Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This interrogatory is not proportional to the needs and issues related to class certification.   As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

**INTERROGATORY NO. 20**: State the subject matter upon which each expert identified by you is expected to testify, and the substance of the facts and opinions to which each such expert is expected to testify, and give a summary of the grounds for each opinion.

**RESPONSE:**   Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This interrogatory is not proportional to the needs and issues related to class certification.   As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents and communication related to each and every person identified in your response to Interrogatory No. 4 who, from November 1, 2016 to the present, was arrested and incarcerated in the Shelby County jail *and*:

    a)       was denied the ability to post a pre-set bond; or

    b)       was detained longer than 48 hours prior to a probable cause determination; or

c)      was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

d)      was detained longer than six hours after posting bond; or

e)      was detained was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; or

f)      was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.  This request includes, without limitation, all records maintained within any computer system used to track arrest files, criminal cases, and court records of inmates at the Shelby County jail, including, without limitation, JSSi, JSS, JMS, IMS, iCJIS, Odyssey, and any handwritten records.

**RESPONSE:**  Shelby County objects to this request to the extent that it is overly broad and unduly burdensome.  Shelby County objects to the request to the extent that it is argumentative and/or assumes legal conclusions as it relates to the length of detention periods as stated in this request.  Shelby County also objects to this request to the extent that it is vague as it relates to posting pre-set bonds.  The allegation that inmates' "ability" to post a pre-set bond was denied by Shelby County is without context sufficient for a response from Shelby County.  Moreover, any assertion Shelby County acted in an improper manner regarding an inmate's "ability to post a pre-set bond" is argumentative for which Shelby County asserts an objection.  Subject to and without waiving these objections, Shelby County states as follows:  Shelby County shall produce a spreadsheet containing information for inmates processed in Shelby County Jail from November 1, 2016 through March 31, 2017.  The spreadsheet contains the following information:   Arrest Date; Booking Date; Booking No.; Case No.; Charge; Arraignment Date; Bond Set Date; Bond Post Date; Release Date; Disposition; and Disposition

13

Date.   Plaintiffs' counsel may review the spreadsheet and identify cases for which counsel determines falls within the scope of this request.   Shelby County will produce records for the cases identified by Plaintiffs' counsel proportional to the needs of this matter and where costs for said production shall not be an undue cost burden.   Shelby County will produce the relevant case information for the named-plaintiffs in this litigation.

**REQUEST FOR PRODUCTION NO. 2**: Produce all documents that relate to the decision by Shelby County to replace the computer system known as "JSSi" with a new computer tracking system or systems, including but not limited to, the iCJIS.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 3**: Produce all documents constituting communications between you and Tyler.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 4**: Produce all documents constituting communications between you and named Plaintiffs.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of

litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 5**: Produce all documents constituting your internal communications pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 6**: Produce all documents constituting your communications with any other Tennessee state, local, county, or municipal government, committee, board, division, or any other body pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 7**: Produce all documents constituting your communications with any third party pertaining to the marketing of, development, implementation, or use of Odyssey in Shelby County, the 2016 roll out of new or upgraded

15

computer systems in Shelby County, or the factual basis for any claim or defense at issue in this Dispute, including, without limitation, all communications with other counties, municipalities, or any other government or authority experiencing problems with Odyssey, including, Ector County Texas, Merced County California, Cameron County Texas, and Alameda County California.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 8**: Produce all documents that constitute or otherwise reflect Tyler's marketing or advertising of Odyssey or any other products or services to you.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 9**: Produce all documents reflecting, documenting, or pertaining to any tests performed with respect to the implementation of Odyssey in Shelby County along with the results thereof, including, but not limited to, any "mock go live" treatment and end user acceptance testing.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of

litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 10**: Produce all documents pertaining to your your awareness of problems experienced with Odyssey by other Tyler customers including, but not limited to, any allegations related to data loss and problems pertaining to compatibility with other systems, communications, and inmate tracking, along with any notification to you thereof.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 11**: Produce all documents provided by, related to, or constituting communications with each independent software contractor or vendor from whom Shelby County, whether through its IT Steering Committee or otherwise, requested or received proposals pertaining to the selection and implementation of any of its computer systems. This request includes, but is not limited to, each proposal received by you.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 12**: Produce all documents reflecting notification to you, whether by a member of the IT Steering Committee or otherwise, that

17

the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system or was otherwise inappropriate for your needs.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13**: Produce all documents reflecting or pertaining to any problems with Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use and potential solutions to such problems. In doing so, produce documents sufficient to identify when you first had knowledge of any such problems.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14**: Produce all documents pertaining to the training of Shelby County or its employees, agents, or representatives by Tyler with respect to the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Tyler employees in furtherance of the business relationship between Tyler and Shelby County.

18

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents pertaining to Shelby County's in-house training of its employees, agents, or representatives with respect to the roll- out and implementation of new computer systems, including iCJIS, the development of Odyssey for Shelby County, the customization of Odyssey for Shelby County, the implementation of Odyssey in Shelby County, the functionality of Odyssey with iCJIS or other Shelby County computer systems, the use of Odyssey by Shelby County, and any other training provided by Shelby County in furtherance of the development, implementation, and use of new computer systems in 2016.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents that relate to the marketing of, development, implementation, or use of Odyssey in Shelby County.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 17**: Produce all documents related to any investigations or audits of any sort conducted by you with respect to the arrest, incarceration, or detention of individuals prior to conviction.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This request is not proportional to the needs and issues related to class certification.   As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 18**: Produce all documents that relate to your decision to continue to use Odyssey after encountering problems during implementation.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19**: Produce all proprietary Odyssey files or records that relate to or were used by Shelby County in a format that is accessible to Plaintiffs.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.   This request is not proportional to the needs and issues related to class certification.   As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 20**: Produce all documents that reflect remedial measures taken in response to problems encountered with Odyssey during implementation.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that pertain to the programs, polices, and/or procedures used by you to ensure compliance with Constitutional and legal requirements regarding the treatment of arrestees.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 22:** Produce all personnel and policy manuals, handbooks, and other memoranda or comparable materials concerning the treatment of arrestees, their incarceration, and their detention.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents related to your policies and procedures concerning the provision of probable cause hearings to arrestees, the setting of arrestee's bonds, arrestees' ability to post bonds, including pre-set bonds, the release of arrestees after a determination that no probable cause exists for detention, the release of arrestees after posting a bond, and the release of arrestees after dismissal of claims.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 24**: Produce all statements of witnesses, potential witnesses, or persons interviewed by you in connection with this Dispute.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 25**: Produce the personnel files, including all documents contained therein, for Oldham, Moore, McGhee, and Hammons.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 26**: Produce all documents related to any disciplinary actions, terminations, lawsuits, counseling, write-ups, demotions, human resources investigations, or other adverse employment action considered or taken by you pertaining to the events and allegations described in the Second Amended Complaint.

**RESPONSE:** Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of

litigation.   This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 27**: To the extent not previously requested herein, produce all documents that relate to or reference Odyssey or Tyler.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 28**: Produce all records, files, statements, reports, notes, and any other documents that relate or pertain to named Plaintiffs.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 29**: Produce copies of any photographs or video or audio recordings related to the events described in the Second Amended Complaint.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 30**: Produce all documents that you intend to introduce into evidence during the trial of this lawsuit.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 31**: Produce all documents pertaining to any insurance policy, contractual indemnity agreement, or any other agreement with a third party that would be relevant to this Dispute or would cover, in whole or in part, the claims of any party to this lawsuit, including, but not limited to, payment of attorneys' fees, settlements, or judgments.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 32**: Produce all documents that were referred to or used in preparing your responses to any request for documents or interrogatory.

**RESPONSE:**   Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

## **VERIFICATION**

I, _Ed Raper_, _iCJIS Project Director_, after being duly sworn, make oath that I have read the foregoing Responses to the Plaintiffs' First Set of Interrogatories and Requests for Production of Documents and the answers thereto are true, complete and correct to the best of my knowledge, information and belief.

By: _Ed Raper_

Its: _iCJIS Project Director_

Date: _11/6/2017_

STATE OF TENNESSEE )
                   ) :SS
COUNTY OF SHELBY )

The foregoing instrument was acknowledged before me this the ___ day of November, 2017, by _Ed Raper_, to me personally known, as the _iCJIS Project Director_ of Shelby County, Tennessee.

My commission expires: _____

MY COMMISSION EXPIRES:
September 16, 2018

_Leslie C. Pannell_
NOTARY PUBLIC

LESLIE C. PANNELL
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY

25

Respectfully submitted,

Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Amber D. Floyd (#29160)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
afloyd@wyattfirm.com

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov
*Counsel for Shelby County Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 6, 2017, a true and correct copy of the foregoing has been served upon the following counsel, via the Court's ECF filing system:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

26

Claiborne Ferguson
The Claiborne Ferguson Law Firm P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.com

Joseph S.Ozment
The Law Office of Joseph S. Ozment, PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*

_____
Amber D. Floyd

61681850.1

27

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD on behalf of themselves and all similarly situated persons, ) ) ) ) ) ) ) | **Civil Action No. 2:16-cv-02907-SHM-tmp** |
| Plaintiffs, ) ) ) | |
| v. ) ) | **(Hon. Judge Samuel H. Mays)** |
| BILL OLDHAM, in his individual capacity and in his official of capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## DEFENDANT SHELBY COUNTY, TENNESSEE'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Shelby County, Tennessee ("Shelby County") submits its responses to

Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell,

Keith Burgess, and Travis Boyd's, on behalf of themselves and all other, ("collectively

Plaintiffs") Second Set of Interrogatories and Requests for Production of Documents ("Discovery Requests"), stating:

## **GENERAL OBJECTIONS**

1)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they exceed the scope of limited class certification discovery permitted at this stage of litigation.

2)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege.

3)      Shelby County objects to Plaintiffs' Discovery Requests to the extent they attempt to impose obligations other than those affirmatively required by the Federal Rules of Civil Procedure or applicable Local Rules.

4)      Shelby County objects to the instructions and definitions supplied by Plaintiffs to the extent that they are overbroad, vague, and inconsistent with the normal usage and meanings of the words used therein.  Shelby County also objects to the instructions and definitions supplied by Plaintiffs to the extent that they are overly burdensome and constitute an unreasonable expansion of the Discovery Requests themselves.

5)      Shelby County's responses are made without waiving: (1) the right to object on the grounds of competency, relevancy, and materiality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any action; and (2) the right to object on any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of Plaintiffs' Discovery Requests.

Subject to the foregoing general objections, Shelby County provides the following specific objections and responses.  Objections and responses to each discovery request are based upon information presently known to Shelby County, and discovery and investigation may yield

2

further information.  Accordingly, Shelby County reserves the right to supplement or amend its responses.

## INTERROGATORIES

**INTERROGATORY NO. 21**: Identify each "jail support specialist" or any other person employed, retained, or appointed by Shelby County to find, locate, identify, or otherwise investigate Shelby County detainees or arrestees whose detention was impacted in any way by Odyssey, iCJIS, or any other new or upgraded 2016 computer system and/or any detainee who was unaccounted for in Odyssey, iCJIS, or any other new or upgraded 2016 computer system  for any period of time while being detained in the Shelby County jail. In doing so, identify all detainees who were assigned to each identified individual or who were found, located, identified, or investigated by each identified individual.

**RESPONSE:**  Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This interrogatory is not proportional to the needs and issues related to class certification.  As such, this interrogatory is irrelevant, overly broad and unduly burdensome.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 33**:  Produce all documents and communication related to the employment, retention, or appointment of "jail support specialists" or any other person identified in response to Interrogatory No. 21 above.

**RESPONSE:**  Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification. As such, this request is irrelevant, overly broad and unduly burdensome.

3

**REQUEST FOR PRODUCTION NO. 34**:  Produce all documents and communication related to the investigations conducted by Shelby County's "jail support specialists" or any other person identified in response to Interrogatory No. 21 above, including, but not limited to, all documents and communications related to the  identification  or investigation of detainees impacted in any way by Odyssey, iCJIS, or any other new or upgraded 2016 computer system and/or any detainee who was unaccounted for in Odyssey, iCJIS, or any other new or upgraded 2016 computer system for any period of time while being detained in the Shelby County jail.

**RESPONSE:**  Shelby County objects to this request on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation.  This request is not proportional to the needs and issues related to class certification.  As such, this request is irrelevant, overly broad and unduly burdensome.

4

## VERIFICATION

I, _Ed Raper_ , _iOIS Project Director_ , after being duly

sworn, make oath that I have read the foregoing Responses to the Plaintiffs' Second Set of

Interrogatories and Requests for Production of Documents and the answers thereto are true,

complete and correct to the best of my knowledge, information and belief.

By: _Ed Raper_

Its: _iOIS Project Director_

Date: _11/6/2017_

STATE OF TENNESSEE )
)  :SS
COUNTY OF SHELBY )

The foregoing instrument was acknowledged before me this the _6_ day of November,
2017, by _Ed Raper_ , to me personally known, as the
_iC.SIS Project Director_ of Shelby County, Tennessee.

My commission expires: _MY COMMISSION EXPIRES: September 16, 2018_ .

_Leslie C. Pannell_
NOTARY PUBLIC

LESLIE C. PANNELL
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY

5

Respectfully submitted,

_____

Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Amber D. Floyd (#29160)
Wyatt Tarrant & Combs LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
afloyd@wyattfirm.com

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov
*Counsel for Shelby County Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 6, 2017, a true and correct copy of the foregoing has been served upon the following counsel, via the Court's ECF filing system:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

6

bburns@watsonburns.com

Claiborne Ferguson
The Claiborne Ferguson Law Firm P.A.
294 Washington Avenue
Memphis, TN  38103
Claiborne@midsouthcriminaldefense.com

Joseph S.Ozment
The Law Office of Joseph S. Ozment, PLLC
1448 Madison Ave.
Memphis, TN 38104
jozment@oz-law.net

*Counsel for Plaintiffs*

Amber D. Floyd

61681848.1

7