# EXHIBIT D



WYATT, TARRANT & COMBS, LLP

Triad Centre III
6070 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
901.537.1000
Fax: 901.537.1010

Odell Horton, Jr.
901.537.1082
ohorton@wyattfirm.com

Mail: P.O. Box 775000
Memphis, Tennessee 38177-5000

September 7, 2018

### VIA EMAIL ONLY

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell &
 Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas 75201
beth.petronio@klgates.com

Re: *Powell, et al. v. Oldham, et al.*
U.S. District Court No. 2:16-cv-02907

Dear Counsel:

This letter is in response to your original letter dated November 27, 2017 regarding Shelby County's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents and its Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents. Responses to the specific issues raised in your November 27, 2017 letter are addressed below:

**Identification of Persons in the Putative Classes - Interrogatory No. 3:** Shelby County objected to this interrogatory on the basis that it was overly broad and unduly burdensome as well as argumentative and assuming legal conclusion. Subject to and without waiving these objections, Shelby County is producing relevant information in a spreadsheet format. The specific information requested in this interrogatory is not readily ascertainable and requires review of thousands of files. Plaintiffs' counsel may review the information contained in the



September 7, 2018
Page 2

spreadsheet to identify cases they deem fall within the scope of this interrogatory. As such, the burden for ascertaining the requested information is substantially the same for Plaintiffs as it is for Shelby County. Moreover, it is more appropriate for Plaintiffs' counsel to identify persons it claims to be potential class members. Shelby County will produce records for the cases identified by Plaintiffs' counsel proportional to the needs and issues related to class certification. Shelby Country reserves the right to object to the relevance and reasonableness of any cases identified by Plaintiffs' counsel for additional file production. Shelby County also reserves the right to seek reimbursement and/or request expense allocation for burdensome discovery costs.

The spreadsheet includes the following information for individuals arrested and incarcerated from November 1, 2016 to June 1, 2018:

- Arrest Date
- Booking Entered (includes date and time booking information entered into the system)
- Booking Date
- Booking No.
- Case Sequence No. (identifies multiple charges associated with one individual)
- Method of Admit (denotes the method of arrest for incarceration)
- Warrant No., if applicable
- Warrant Bond Amount, if applicable ("pre-set" bond amount shown on the face of warrant)
- Case No.
- Charge
- Arraignment Date
- Bond Set Date (time included if available)
- Ody Bond Set Date (bond set date shown in Odyssey System; time included if available)
- Bond Posted Date (time included if available)



September 7, 2018
Page 3

- Ody Bond Posted Date (bond posted date shown in Odyssey System; time included if available)

- Disposition (denotes final status of case or reflects an active case; abbreviation list will be provided)

- Date (time included if available)

- Ody Disposition Date (disposition date shown in Odyssey system; time included if available)

- Discharge Date (date for action providing for release of inmate)

- Discharge Type (denotes action providing for release of inmate)

- Release Date (date inmate released)

- Hold (inmate to remain in custody for some other reason such as extradition or warrants in other unrelated cases)

- Court (assigned court for case)

Pursuant to an agreement with Plaintiffs' counsel, the documents produced shall be considered "Confidential" until a protective order is entered. The protective order will govern upon entry.

**Subpart b) – Preset Bonds:** A bond is "pre-set" if a bond amount is shown on the face of an arrest warrant. The spreadsheet contains information regarding cases for which arrest warrants were issued and the bond amount is shown on the face of the arrest warrant. As such, the information contained in the spreadsheet identifies cases with "pre-set" bonds.

**Subparts c) & d) – Persons Detained Longer than 48 Hours Without a Probable Cause Hearing:** Shelby County policy is to determine probable cause as a pre-requisite to being booked and processed into the Shelby County Jail. For arrests made without warrants, a judicial commissioner determines whether probable cause exists for the arrest upon an arrestee's arrival to Shelby County Jail. If the judicial commissioner determines that probable cause exists, the arrestee is then booked, processed and housed in the Shelby County Jail. If the judicial commissioner determines that no probable cause exists for the arrest, the arrestee is released and does not proceed with the booking process. As for warrant arrests, probable cause is determined at the time the arrest warrant is issued. As such, there are no individuals that would be detained longer than 48 hours without a probable cause determination.



September 7, 2018
Page 4

**Subpart e) – Persons Detained Longer than 6 hours after Posting Bond:** The spreadsheet contains information regarding the date (and time if available) regarding posted bonds. Plaintiffs' counsel may review and determine the individuals that may fall within this category. Any information not included in the spreadsheet and/or that may raise further question may be available in the physical file. Shelby County will produce records for the cases identified by Plaintiffs' counsel proportional to the needs and issues related to class certification. Shelby County reserves the right to object to the relevance and reasonableness of any cases identified by Plaintiffs' counsel for additional file production. Shelby County also reserves the right to seek reimbursement and/or request expense allocation for burdensome discovery costs.

**Subpart f) – Persons Detained Longer than 6 Hours after a Court's Dismissal or Finding of No Probable Cause:** As discussed above, probable cause is determined before admission to the Shelby County Jail. As such, individuals are released if no probable cause is found. Such individuals are not booked, processed and housed in the Shelby County Jail. Review of individual files is required to determine cases the approximate entry time of a court order regarding release and/or case dismissal as well as receipt of such order by appropriate departments before release.

**Subpart g) – Persons Re-Arrested and Jailed on an Arrest Warrant Previously Served and Satisfied:** Review of individual files is required to determine cases where a person may have been arrested on a previously served and satisfied warrant. However, the spreadsheet does contain information identifying cases where arrest was a result of a warrant, which narrows down the number of cases that may require review by Plaintiffs' counsel in order to ascertain the information sought in this subpart.

**Interrogatory No. 4:** Plaintiffs' First Set of Interrogatories contain two "Interrogatory No. 4." Your November 27th letter does not indicate which "Interrogatory No. 4" is being referenced. Either way, Shelby County stands on its objections that these interrogatories are outside of the scope of the limited class certification discovery. In addition, the request to identify individuals with "decision-making authority within Shelby County with respect to arrest, incarceration, or detention of individuals prior to conviction" is overly broad. The sweeping form of the question seeks information that is unrelated to this litigation. The basis for an individual's arrest and subsequent incarceration may result from various facts, circumstances and laws that necessitate arrest and detention and involves various members of law enforcement and judiciary.

**Interrogatory No. 8:** Shelby County stands on its objections that this interrogatory is outside of the scope of the limited class certification discovery.



September 7, 2018
Page 5

**Interrogatory No. 12:** Shelby County stands on its objections that this interrogatory is outside of the scope of the limited class certification discovery. In addition, the form of the interrogatory is argumentative and conclusory.

**Interrogatory No. 13:** Shelby County stands on its objections that this interrogatory is outside of the scope of the limited class certification discovery. In addition, the form of the interrogatory is argumentative and conclusory.

**Interrogatory No. 14:** Shelby County stands on its objections that this interrogatory is outside of the scope of the limited class certification discovery. In addition, the form of the interrogatory is argumentative and conclusory.

**Request No. 1:** See response regarding Interrogatory No. 3 above.

**Request No. 10:** Shelby County stands on its objections that this request is outside of the scope of the limited class certification discovery.

**Request No. 12:** Shelby County stands on its objections that this request is outside of the scope of the limited class certification discovery. In addition, the form of the request is argumentative and conclusory.

**Request No. 13:** Shelby County stands on its objections that this request is outside of the scope of the limited class certification discovery. In addition, the form of the request is argumentative and conclusory.

**Request No. 18:** Shelby County stands on its objections that this request is outside of the scope of the limited class certification discovery. In addition, the form of the request is argumentative and conclusory.

**Insurance and Indemnity Agreements – Interrogatory No. 3 [sic]:** Shelby County will produce documents responsive to the request for insurance and indemnity information.

Enclosed with this letter is the case information spreadsheet referenced herein as well as documents pertaining to the newly-added plaintiff, Kimberly Allen. We previously produced a previous version of the case information spreadsheet starting at SC_00408. Please disregard the previous as the spreadsheets included in this production substitute and replace the prior iteration. The current case information spreadsheet will start at SC_00408. Please let us know if you have any questions.



WYATT, TARRANT & COMBS, LLP

September 7, 2018
Page 6

                                        Sincerely,

                                        WYATT, TARRANT & COMBS, LLP

                                        Odell Horton, Jr.

OH/bb
Attachments

CC:    Lee Whitwell, Asst. County Attorney (w/ attachments)
         Bob Craddock (w/o attachments)
         Amber Floyd (w/o attachments)

61765390.2