# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | **Civil Action No. 2:16-cv-02907-SHM-tmp** |
| Plaintiffs, | (**Hon. Judge Samuel H. Mays**) |
| v. | |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | |
| Defendants. | |

## DEFENDANTS BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE, SHELBY COUNTY, TENNESSEE'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, and Shelby County, Tennessee ("Shelby County Defendants") file their Response to Plaintiffs' Motion to Compel, stating:

1. Given the nature of this action and the extensive prospective discovery involved, the parties agreed to bifurcate discovery into two phases: class certification discovery and merits

discovery. The agreement to bifurcate discovery as well as the discovery plan is reflected in the Joint Rule 26(f) Report. [D.E. 31].

2. On February 22, 2017, this Court entered a Scheduling Order wherein the Court agreed that bifurcated discovery was appropriate and granted the same. [D.E. 37].

3. In August 2017, Plaintiffs filed their First and Second Sets of Interrogatories and Requests for Production of Documents ("Discovery Requests"). The Shelby County Defendants served their responses on November 6, 2017. The Shelby County Defendants produced the jail records for the named plaintiffs as well as a spreadsheet containing information responsive to Plaintiffs' request for information for inmates during the subject time period ("Jail Spreadsheet"). The Shelby County Defendants objected to discovery requests that did not pertain to ascertaining information for class certification purposes.

4. By letter dated November 27, 2017, Plaintiffs' counsel advised of purported deficiencies in the responses filed by the Shelby County Defendants. In light of the November 27th letter, the parties agreed to consult via teleconference to discuss resolving the discovery issues.

5. During the consultation, the parties discussed the specific discovery requests identified in Plaintiffs' November 27th letter. With respect to responses to Interrogatory No. 3 and Request No. 1, counsel for Shelby County Defendants maintained the position that the production of thousands of inmate files was unduly burdensome and that the burden for ascertaining the requested information is substantially the same for Plaintiffs as it is for Shelby County Defendants. Counsel for the Shelby County Defendants agreed to revise the initial Jail Spreadsheet to include additional information such as warrant information and method of admission as requested by Plaintiffs. Counsel for Shelby County Defendants expressed that

records for the cases identified by Plaintiffs' counsel would be produced. Shelby County Defendants reserved the right to seek reimbursement and/or request expense allocation for burdensome discovery costs. Counsel for the Shelby County Defendants maintained their objections to the remaining identified discovery requests.

6. On December 19, 2017, this Court stayed discovery as a result of unresolved consolidation issues involving a separate but identical class action lawsuit. The cases were consolidated by Order dated March 9, 2018. Said Order did not provide that the discovery stay was lifted.

7. Plaintiffs filed their Third Amended Class Action Complaint on July 30, 2018.

8. On September 7, 2018, Shelby County Defendants produced jail records for the additional named-plaintiff added to the Third Amended Class Action Complaint as well as a revised Jail Spreadsheet which contained information for every person incarcerated from November 1, 2016 to June 1, 2017.

9. Plaintiffs now claim that the information produced by the Shelby County Defendants is deficient and asserts that they are entitled to merits discovery. Plaintiffs argue that there is "no clear-cut division" between class certification discovery and merits discovery. This position is opposite of Plaintiffs' position at the start of the case given that Plaintiffs agreed to bifurcating discovery.

10. Courts have explained that "[t]hough the 'boundary between a class determination and the merits may not always be easily discernible,' it is possible to draw general lines" in a case. Harris v. comScore, Inc., No. 11 CV 5807, 2012 WL 686709, at *4 (N.D. Ill. Mar. 2, 2012)(quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 895 (7th Cir.1981)) (internal citation omitted).

3

11. Discovery relevant to class certification should focus on the prerequisites for class actions provided by Rule 23(a): (1) numerosity of party plaintiffs; (2) commonality of questions of law and fact; (3) typicality of the representative parties' claims and defenses to those of the class; and (4) adequacy of representation. Courts have explained that the inquiry regarding numerosity is whether a class approach is useful to avoid the practical problems of trying to join many named plaintiffs or otherwise clog the docket with several individual suits, so certification discovery will seek to determine the approximate number of potential members of the class. The inquiry regarding commonality is whether there are common questions of law or fact. Typicality requires a showing, not unrelated to commonality, that others suffer from similar alleged grievances of named plaintiffs. Lastly, the inquiry regarding adequacy of representation is whether the named plaintiffs are qualified and capable of fully pursuing the common goals of the class without collusion or conflicts of interests. Harris v. comScore, Inc., No. 11 CV 5807, 2012 WL 686709, at *4 (N.D. Ill. Mar. 2, 2012); see also, Conner v. Perdue Farms, Inc., No. CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *5 (D.N.J. Nov. 7, 2013).

12. This case involves the implementation of an integrated computer system for Shelby County, a project that spanned several years. Electronic discovery in this case will be laborious and expensive as it involves several Shelby County departments and units, which is why the parties proposed bifurcated discovery in this case. The merits discovery requested by Plaintiffs is outside of the scope of the class certification discovery.

13. Plaintiffs' First Set of Interrogatories contains two "Interrogatory No. 4." In the first "Interrogatory No. 4," Plaintiff seeks information regarding "each and every person whom you believe has or may have any knowledge that any of the conditions set forth in Interrogatory No. 3, a) through g) may have occurred to one or more detainees in the Shelby

County Jail and briefly state their knowledge of same." This interrogatory also states that "Plaintiffs will object to the introduction of any trial testimony from any individual and/or entity not identified in your response to this Interrogatory."

14. First, Shelby County Defendants objected to, and continues to object to, the form of Interrogatory No. 3 as it is argumentative and assumes legal conclusions. Moreover, for class certification purposes, discovery should be tailored to identifying potential class members and the Rule 23 prerequisites. Information pertaining to any potential class members may be determined by review of the Jail Spreadsheet and manual review of inmate jail records, which Shelby County Defendants have agreed to provide once identified by Plaintiffs' counsel. This interrogatory is outside of the scope of the class certification discovery and is merits based as Plaintiffs clearly state that they will "object to the introduction of any *trial testimony* from any individual and/or entity not identified in your response to this Interrogatory." (Emphasis added).

15. The second "Interrogatory No. 4" requests the identification of individuals with "decision-making authority within Shelby County with respect to arrest, incarceration, or detention of individuals prior to conviction." This interrogatory is extremely broad. The sweeping form of the question seeks information that is unrelated to this litigation. The basis for an individual's arrest and subsequent incarceration may result from various facts, circumstances and laws that necessitate arrest and detention and involves various members of law enforcement and judiciary. There is no apparent nexus to class certification in this case.

16. Interrogatory No. 8 seeks information regarding each team (and each team member thereof) that was established by Shelby County to oversee the transition to and implementation of the integrated system. Interrogatory No. 12 seeks information about each

and every instance in which Shelby County Defendants were notified about concerns regarding the implementation of Odyssey or that Odyssey was "inappropriate" for the "needs" of Shelby County. Request No. 12 seeks documents regarding the same. These interrogatories and request are overly broad and seek merit discovery because the integrated system included various components, including some unrelated to the Shelby County Jail or Court. Shelby County Defendants also objected to, and continue to object to the form of Interrogatory No. 12 as it is argumentative and conclusory. Plaintiffs seek information to prove their claims on the merits, which is not required at the class certification phase. The interrogatories and document requests are not relevant to class certification discovery and Plaintiffs have not specifically articulated otherwise.

17. Interrogatory Nos. 13 and 14 seeks information about when Shelby County Defendants "first knew there was a problem" with the integrated computer system and seeks identification of all internal communications regarding the Odyssey system. Request No. 13 seeks documents regarding the same. These interrogatories and requests are overly broad and seek merit discovery because the integrated system included various components, including some unrelated to the Shelby County Jail or Court. Shelby County Defendants also objected to, and continues to object to, the form of Interrogatory No. 12 as it is argumentative and conclusory. Plaintiffs seek information to prove their claims on the merits, which is not required at the class certification phase. Neither interrogatory is relevant to class certification discovery and Plaintiffs have not specifically articulated otherwise.

18. Request No. 1 seeks documents and communications regarding every person identified in Interrogatory No. 3. Shelby County Defendants objected to, and continues to object to, the form of the request as it assumes legal conclusions regarding the 6-hour

6

benchmark among other things. In addition, the specific information requested in this interrogatory is not readily ascertainable and requires review of thousands of files. The burden for ascertaining the requested information is substantially the same for Plaintiffs as it is for the Shelby County Defendants. However, Shelby County Defendants compiled a spreadsheet by querying the Shelby County databases to pull all relevant and available electronic information so that Plaintiffs could identify persons they would like to investigate as potential class members.

19. Shelby County Defendants produced a revised Jail Spreadsheet containing the following information:

- Arrest Date
- Booking Entered (includes date and time booking information entered into the system)
- Booking Date
- Booking No.
- Case Sequence No. (identifies multiple charges associated with one individual)
- Method of Admit (denotes the method of arrest for incarceration)
- Warrant No., if applicable
- Warrant Bond Amount, if applicable ("pre-set" bond amount shown on the face of warrant)
- Case No.
- Charge
- Arraignment Date
- Bond Set Date (time included if available)
- Ody Bond Set Date (bond set date shown in Odyssey System; time included if available)
- Bond Posted Date (time included if available)
- Ody Bond Posted Date (bond posted date shown in Odyssey System; time included if available)
- Disposition (denotes final status of case or reflects an active case; abbreviation list will be provided)
- Date (time included if available)
- Ody Disposition Date (disposition date shown in Odyssey system; time included if available)
- Discharge Date (date for action providing for release of inmate)
- Discharge Type (denotes action providing for release of inmate)
- Release Date (date inmate released)
- Hold (inmate to remain in custody for some other reason such as extradition or warrants in other unrelated cases)
- Court (assigned court for case)

20. Based on the information contained in the produced Jail Spreadsheet, Plaintiffs' counsel can identify which cases they would like to select for manual file review. Shelby

7

County Defendants have advised Plaintiffs' counsel on several occasions that Shelby County would produce records for the cases identified by Plaintiffs' counsel proportional to the needs and issues related to class certification. Moreover, the Jail Spreadsheet contains all of the information necessary to pull any records for identified cases. Plaintiffs are not being deprived of any information. Rather, Plaintiffs want Shelby County Defendants to bear all costs and resource expenditures to do their leg work in building their prospective class member list. Given the volume of documents and data in this case, Shelby County Defendants have provided Plaintiffs information in a manner that addresses their inquiries and have agreed to providing records for cases identified by Plaintiffs' counsel that are relevant to the class certification issues.

21. Plaintiffs have raised the issue about providing the names for each individual on the spreadsheet. However, the relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23. Robbins v. NCO Fin. Sys., Inc., No. 2:06 CV 116, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006) (citing Parker v. Risk Management Alternatives, Inc., 206 F.R.D. 211, 214 (N.D. Ill. 2002); Morris v. Risk Management Alternatives, Inc., 203 F.R.D. 336, 341 (N.D. Ill. 2001); Palmer v. Stassinos, 2005 WL 3868003 at *4 (N.D.Cal.2005)(finding that information about putative class members beyond their number may be relevant when such discovery "would lead to additional, discoverable evidence related to the class certification issues.")).

22. The production of the names at this point does not lend itself to discoverable evidence related to class certification issues. The Jail Spreadsheet contains booking numbers for each case. The booking number is unique to each individual being incarcerated. By

review of the Jail Spreadsheet, counsel for Plaintiff can determine which cases they believe fall within their scope for potential class members. Even without further assistance from the Shelby County Defendants, Plaintiffs could access records online by using the booking number assigned to each case. However, the Shelby County Defendants have advised that the records for the identified individuals will be produced. The records will contain the name of the incarcerated person as well other information. At this juncture, there is no need for the Jail Spreadsheet to include the individual names because every case on the spreadsheet does not fall within the scope of the discovery request. In other words, the Shelby County Defendants would release the names of individuals that may not be subject to this lawsuit. For most individuals, incarceration and/or contact with the criminal justice system is not information a person wants to share or have broadcasted. Limiting the exposure of individuals that were incarcerated during the identified time period when there is other personal identifiable information available is not unreasonable, especially when there is no harm to Plaintiffs by doing so. Plaintiffs are not being deprived of information necessary to identify potential class members as Plaintiffs will have names of the individuals when records are produced for individual cases they identify fall within the scope of their request.

23.     In support of their motion, Plaintiffs only make conclusory assertions that they are entitled to the requested merits discovery to establish the Rule 23 requirements. However, Plaintiffs do not specifically articulate how each request leads to discovery of information that is relevant to class certification issues. Shelby County Defendants assert that Plaintiffs are not entitled to the merits discovery for the reasons stated above and request that Plaintiffs' Motion to Compel be denied.

Respectfully submitted,

/s/ Odell Horton, Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Amber D. Floyd (# 29160)
Wyatt Tarrant & Combs LLP
6070 Poplar Ave., Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
afloyd@wyattfirm.com

AND

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov
*Counsel for Shelby County Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 29, 2018, a true and correct copy of the foregoing has been served upon the following counsel, via the Court's ECF filing system:

| | |
|---|---|
| Michael G. McLaren<br>William E. Cochran, Jr.<br>Brice M. Timmons<br>BLACK MCLAREN JONES RYLAND & GRIFFEE PC<br>530 Oak Court Drive, Suite 360<br>Memphis, TN 38117 | Bradley E. Trammell<br>Baker, Donelson, Bearman, Caldwell & Berkowitz<br>165 Madison Avenue, Suite 2000<br>Memphis, TN  38103 |
| Frank L. Watson, III<br>William F. Burns<br>WATSON BURNS, PLLC<br>253 Adams Avenue<br>Memphis, Tennessee 38104 | Beth Petronio<br>K&L Gates<br>1717 Main Street, Suite 2800<br>Dallas, Texas  7520<br><br>/s/ Odell Horton, Jr. |