IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br><br> BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp** <br><br> **(Hon. Judge Samuel H. Mays)** <br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** <br><br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R.  CIV. PRO. 38(a) & (b)** |

**NOTICE OF FILING OF POWERPOINT SLIDES AS EXHIBIT TO NOVEMBER 14, 2018 HEARING ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION**

Pursuant to Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, and Terrence Drain, on behalf themselves and all similarly situated persons, by and through undersigned counsel, provide this Notice of Filing of PowerPoint Slides as an Exhibit to the Court's November 14, 2018 Hearing on Plaintiffs' Motion to Compel Production of Documents and Information, a true and correct copy of which is attached hereto as **EXHIBIT A**.

Respectfully submitted,

s/*William E. Routt*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com


Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com


*Interim Class Counsel for Plaintiffs and the putative Class Members*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that, on November 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of the filing to all of the following counsel of record:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber D. Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com
Email: afloyd@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,
Robert Moore, Charlene McGhee,
Debra Hammons and Shelby County,
Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies,
Inc*

s/*William E. Routt*         

# EXHIBIT A

# Plaintiffs' Motion to Compel Production of Documents and Information

1

*Turnage, et al. v. Oldham, et al.*
Case No. 2:16-cv-02907

# PLAINTIFFS ARE ENTITLED TO CLASS DISCOVERY.

- "'…**Pre-certification discovery should ordinarily be available** where a plaintiff has alleged a potentially viable class claim.'"

  - *Modern Holdings, LLC v. Corning Inc.*, 2015 U.S. Dist. LEXIS 41138, at *15 (E.D. Ky. Mar. 31, 2015) (citing *Burton v. D.C.*, 277 F.R.D. 224, 230 (D.D.C. 2011)).

2

# Plaintiffs have alleged a potentially viable class claim.



3

# PLAINTIFFS HAVE ALLEGED A POTENTIALLY VIABLE CLASS CLAIM.



4

# INTERIM CLASS COUNSEL

- The Court has appointed as Interim Class Counsel:

  - Frank L. Watson, III,

  - William F. Burns, and

  - Michael G. McClaren

  - (*See* ORDER dated June 29, 2018, Dkt. No. 101, at pp. 5, 11).

5

# PLAINTIFFS ARE ENTITLED TO CLASS DISCOVERY.

○ Judge Mays has ordered pre-certification class discovery.

○ "<u>Discovery in regard to Class Certification Issues will conclude by May 13, 2019</u>."

- (Joint Approved Scheduling Order, Dkt. No. 108 at p. 2 of 2).

6

# DEFENDANTS DENY CLASS ALLEGATIONS.

107.    The named Plaintiffs bring this action as a Class Action pursuant to Rule 23(a) of

the Federal Rules of Civil Procedure, and pursuant to Rules 23(b)(1), 23(b)(2) and/or 23(b)(3)

defines the class as follows:

From November 1, 2016 to the present, Plaintiffs, and all of similarly situated persons who were arrested and incarcerated in the Shelby County Jail and who:

(i) were previously or will be in the future denied the ability to post bonds that were pre-set,

(ii) were previously or will be in the future detained longer than forty-eight (48) hours prior to probable cause determination and who were or will be either released for lack of probable cause or had or will have criminal bonds set which were or will be posted,

(iii) were previously or will be in the future detained longer than six hours after posting their required bonds,

(iv) were previously or will be in the future detained longer than six hours after charges against them had been dismissed or it was determined that probable cause did not exist to detain them, and/or

(v) were previously or will be in the future re-arrested on warrants that had previously been served and satisfied (i.e., were re-arrested on the identical warrant that had been previously served).

Excluded from the Class are the named Defendants, their agents, affiliates, and employees, the Judge assigned to this matter and his or her staff.

7

# DEFENDANTS DENY CLASS ALLEGATIONS.

107.   Admitted.   Plaintiffs attempt to bring this action as a Rule 23(b)(1), 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 107.   Defendants deny plaintiffs have met the requirements for a class action lawsuit pursuant to Rule 23(b)(1), 23(b)(2) and/or 23(b)(3).   The remaining allegations are denied.

8

# DEFENDANTS DENY ALLEGATIONS OF NUMEROSITY, COMMONALITY, AND TYPICALITY.

108.   Denied.

109.   Denied.

110.   Denied.

9

# DEFENDANTS DENY ALLEGATIONS OF PREDOMINANCE AND SUPERIORITY.

115.   Denied.

10

# CLASS DISCOVERY OVERLAPS WITH MERITS DISCOVERY.

○ Courts have repeatedly acknowledged that there is **no clear-cut division between discovery that relates to "class certification" and discovery that relates to the "merits"** and have accordingly compelled the production of documents and information that relates to both prior to class certification.

11

# CLASS DISCOVERY OVERLAPS WITH MERITS DISCOVERY.

- *See, e.g., True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *2 (N.D. Cal. Jan 20, 2015) (noting that **individual and class discovery typically overlap**);

- *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("**Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case**.");

- *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("**Discovery relating to class certification is closely enmeshed with merits discovery**, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation.").

12

# PLAINTIFFS ARE ENTITLED TO CLASS DISCOVERY.

- Defendants refuse to respond to Written Discovery on the grounds that it pertains to merits discovery.

- Defendants' position is **contrary to law**.

- Plaintiffs' Discovery is **relevant to class certification**, even if it overlaps with merits discovery.

13

# PLAINTIFFS ARE ENTITLED TO CLASS DISCOVERY.

○ Plaintiffs' written discovery **seeks information that is necessary for Rule 23 analysis**.

○ Defendants **refuse to provide this information**.

○ For instance, Defendants **refuse to produce emails discussing or raising common issues** related to the over-detention of arrestees and the computer problems that caused such over-detentions.

○ Each of the following Requests, among others, seek information relevant to Rule 23 analysis:

14

# INTERROGATORY NO. 3

**INTERROGATORY NO. 3**: From November 1, 2016 to the present, please identify each person who was arrested and incarcerated in the Shelby County jail (along with the specific criminal charge or charges made against each person) *and*:

    a)    was denied the ability to post a pre-set bond; or

    b)    Shelby County's records did not reflect that said person was entitled to a pre-set bond, although the applicable charge carried with it a pre-set bond; or

    c)    was detained longer than 48 hours prior to a probable cause determination; or

    d)    was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

    e)    was detained longer than six hours after posting bond; or

    f)    was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; and/or

    g)    was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.

For each such person identified, please further state the date and time of incarceration and the date and time of their release from the Shelby County Jail.

# INTERROGATORY NO. 3

○ Defendants have not answered, among other things:

- **Subpart b - Preset Bonds** – whether a particular charge carried with it a preset bond and whether the computer reflected the preset bond at the time of arrest;

- **Subpart e - Persons detained longer than 6 hours after posting bonds**;

16

# INTERROGATORY NO. 3

○ Defendants have not answered, among other things:

- **Subpart f - Persons detained longer than 6 hours after a court's dismissal or finding of no probable cause**.

- **Subpart g – Persons Re-Arrested and Jailed on an Arrest Warrant Previously Served and Satisfied**.

17

# INTERROGATORY NO. 3

- Defendants object to answering the subparts, **complaining** that they would be required to **conduct a "review of individual files."**

- The Sixth Circuit and numerous district courts have held that **this is not a basis to deny class discovery or to deny class certification**.

18

# *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539 (6th Cir. 2012)

○ "Equally—if not more—persuasive is the district court's practical rationale: **'[T]he need to manually review files is not dispositive. If it were, defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained**.' We find this reasoning compelling."

19

# Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 539 (6th Cir. 2012)

- "It is often the case that class action litigation grows out of systemic failures of administration, policy application, or records management that result in small monetary losses to large numbers of people. **To allow that same systemic failure to defeat class certification would undermine the very purpose of class action remedies.  We reject Defendants' attacks on administrative feasibility based on the number of insurance policies at issue**."

20

# OTHER COURTS REACH THE SAME CONCLUSION

- *Gist v. Pilot Travel Ctrs., LLC*, No. 5:08-293-KKC, 2013 U.S. Dist. LEXIS 113185, at *12-13 (E.D. Ky. Aug. 12, 2013) ("**The need to conduct substantial review of a large number of files to identify members is not a reason to deny class certification**");

- *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 303-3080 (S.D.N.Y. 2012) (**granting motion to compel defendant to extract and produce voluminous data "in order to give the plaintiffs a fair opportunity to demonstrate their entitlement to certification of a class**").

21

# INTERROGATORY NO. 4

**INTERROGATORY NO. 4**:

Identify each and every person whom you believe has or may have any knowledge that any of the conditions set forth in Interrogatory No. 3, a) through g) may have occurred to one or more detainees in the Shelby County Jail and briefly state their knowledge of same. **Please note that this interrogatory does not seek the disclosure of attorney work-product or mental impressions pertaining to those individuals that _will be_ called to testify at the trial of this matter. This interrogatory only seeks the identity of those individuals having knowledge of relevant information in any way pertaining to the issues raised in the Second Amended Class Action Complaint or the dispute currently pending between the parties. Please note that the Plaintiffs will object to the introduction of any trial testimony from any individual and/or entity not identified in your response to this Interrogatory.**

22

# INTERROGATORY NO. 8

**INTERROGATORY NO. 8**:  Identify each team that was established by Shelby County to oversee the transition to and implementation of the new computer systems and each member thereof, including, without limitation, the iCJIS Executive Committee, the iCJS Executive Committee, the Court Executive Team, the Court Project Team, and the Court Technical Team.

23

# INTERROGATORY NO. 12

**INTERROGATORY NO. 12**:   Identify each instance in which you were notified, whether by Tyler, a member of the IT Steering Committee or otherwise, that the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system, that concerns existing regarding the implementation of the Odyssey system, or that Odyssey was otherwise inappropriate for your needs.

24

# INTERROGATORY NO. 13

**INTERROGATORY NO. 13**:  Identify and describe in detail when you first knew there was a problem with the Odyssey software, iCJIS, or any other new or updated computer program that was implemented in late 2016.

25

# INTERROGATORY NO. 14

**INTERROGATORY NO. 14**:  Identify all internal communications or communications between you, Tyler, Oldham, Moore, McGhee, Hammons, or any other person or entity regarding problems with the Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use in Shelby County, potential solutions to such problems, and the response received, if any.

26

# REQUEST NO. 1

**REQUEST FOR PRODUCTION NO. 1**:  Produce all documents and communication related to each and every person identified in your response to Interrogatory No. 4 who, from November 1, 2016 to the present, was arrested and incarcerated in the Shelby County jail *and*:

a)  was denied the ability to post a pre-set bond; or

b)  was detained longer than 48 hours prior to a probable cause determination; or

c)  was detained longer than 48 hours prior to a probable cause determination *and* was subsequently released either for lack of probable cause or by posting a bond; or

d)  was detained longer than six hours after posting bond; or

e)  was detained longer than six hours after dismissal of charges or determination that probable cause did not exist; or

f)  was re-arrested and incarcerated on the basis of a warrant that had previously been served and satisfied.  This request includes, without limitation, all records maintained within any computer system used to track arrest files, criminal cases, and court records of inmates at the Shelby County jail, including, without limitation, JSSi, JSS, JMS, IMS, iCJIS, Odyssey, and any handwritten records.

27

# REQUEST NO. 1

- Defendants have not produced, among other things:
  - **Population Management Reports** – monthly reports which include data on, among other things, the average daily population at the Jail, the total number of inmates booked, the total number of inmates released, the average length of stay at the Jail, booking process time and the total number of inmates in the Jail with cases pending in General Sessions Courts and Criminal Courts broken down by the booking date and offense type.

  - **These reports identify when and why there are backups in moving the inmate population through the Jail**.

  - *See Little v. Shelby County*, 384 F. Supp. 2d 1169, 1180 (W.D. Tenn. 2005)

28

# REQUEST NO. 1

○ Defendants have not produced, among other things:

- **<u>Jail Report Cards</u>**

- "One example of how data is currently utilized at the Jail is the Jail Report Card – **a monthly report that provides statistics on Jail operations and activities**. Through this report, problems within the Jail are identified.

- *See Little v. Shelby County*, 384 F. Supp. 2d 1169, 1181 (W.D. Tenn. 2005)

29

# REQUEST NO. 10

**REQUEST FOR PRODUCTION NO. 10**:  Produce all documents pertaining to your your awareness of problems experienced with Odyssey by other Tyler customers including, but not limited to, any allegations related to data loss and problems pertaining to compatibility with other systems, communications, and inmate tracking, along with any notification to you thereof.

30

# REQUEST NO. 12

**REQUEST FOR PRODUCTION NO. 12**:  Produce all documents reflecting notification to you, whether by a member of the IT Steering Committee or otherwise, that the Odyssey software was not compatible with the needs of the iCJIS or any other Shelby County computer system or was otherwise inappropriate for your needs.

31

# REQUEST NO. 13

**REQUEST FOR PRODUCTION NO. 13**:  Produce all documents reflecting or pertaining to any problems with Odyssey software in Shelby County, including, but not limited to, problems with the software's development, implementation, or use and potential solutions to such problems.  In doing so, produce documents sufficient to identify when you first had knowledge of any such problems.

32

# REQUEST NO. 18

**REQUEST FOR PRODUCTION NO. 18**:  Produce all documents that relate to your decision to continue to use Odyssey after encountering problems during implementation.

# TYLER TECH EMAIL PRODUCTION

- Defendant Tyler Tech properly produced emails and other information relevant to class certification.

- Tyler Tech's emails demonstrate that Plaintiff is entitled to the documents and information requested from Shelby County.

34

# TYLER TECH DOCUMENT PRODUCTION –

REDACTED

35

# TYLER TECH DOCUMENT PRODUCTION

REDACTED

36

# TYLER TECH DOCUMENT PRODUCTION

REDACTED

37

# TYLER TECH DOCUMENT PRODUCTION

REDACTED

38

# PLAINTIFFS ARE ENTITLED TO ARRESTEE IDENTITIES

○ Shelby County refuses to identify arrestees by name based on purported privacy concerns.

○ Shelby County's position is **contrary to law**.

○ The names of the arrestees are publicly available information.

39

# PLAINTIFFS ARE ENTITLED TO ARRESTEE IDENTITIES

- **<u>Identities of potential class members are discoverable</u>** prior to class certification **<u>for Rule 23 analysis</u>**.

40

# HOWARD V. WILKES & MCHUGH, P.A., NO. 06-2833 ML/P, 2008 U.S. DIST. LEXIS 73663 (W.D. TENN. SEPT. 24 2008) (MAGISTRATE JUDGE TU M. PHAM)

○ Class action against law firm for illegal fees.

○ Court **ordered production of information sufficient to identify class members**.

○ Court **granted sanctions** against law firm for failing to produce this information.

41

# *HOWARD V. WILKES & MCHUGH, P.A.*, NO. 06-2833 ML/P, 2008 U.S. DIST. LEXIS 73663 (W.D. TENN. SEPT. 24 2008) (MAGISTRATE JUDGE TU M. PHAM)

- Some of the client information compelled in *Wilkes & McHugh* was **not public information**.

- In contrast, **the identities of the arrestees here are public information**.

42

# ADDITIONAL CASE LAW SUPPORTS IDENTIFICATION OF ARRESTEES

○ *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 n.20 (1978) ("**There may be instances where this information [(class members' names and addresses)] could be relevant to issues that arise under Rule 23**, . . . or where a party has reason to believe that communication with some members of the class could yield information bearing on these or other issues.")

43

# ADDITIONAL CASE LAW SUPPORTS IDENTIFICATION OF ARRESTEES

○ In *Zapata v. IBP, Inc*., No. 93-2366-EEO, 1994 U.S. Dist. LEXIS 16285 (D. Kan. Nov. 10, 1994), the plaintiff brought a class action alleging discrimination against employees of Mexican descent.  The court limited class discovery to class issues, and deferred "merits" discovery to a later date.  (*Id*. at *4)  Noting that "[n]otwithstanding this deferral, discovery pertinent to certification may well overlap with discovery upon the merits," **the court granted the plaintiff's motion to compel the entire personnel files of all employees**.

44

# ADDITIONAL CASE LAW SUPPORTS IDENTIFICATION OF ARRESTEES

○ *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11-cv-247, 2014 U.S. Dist. LEXIS 64522, at *18-19 (S.D. Ohio May 9, 2014) (in putative class action alleging that employer unlawfully denied employees family medical leave, **district court upheld magistrate's ruling that the identities of the plaintiffs were discoverable because they related to the elements of Rule 23(a)** – numerosity, common questions of law or fact, typicality, etc... – and did not run afoul district court's prohibition of "merits" discovery)

45

# ADDITIONAL CASE LAW SUPPORTS IDENTIFICATION OF ARRESTEES

○ *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 U.S. Dist. LEXIS 155956, at *22-42, (D. Or. May 9, 2011) ("Fed. R. Civ. P. 26(b)(1) allows the discovery of matters relevant to pre-class certification;" **district court compelled identities and contact information of putative class members because it related to pre-certification discovery**)

46

# ADDITIONAL CASE LAW SUPPORTS IDENTIFICATION OF ARRESTEES

○ *Sjoblom v. Charter Communications, LLC*, No. 3:07-cv-0451-bbc, 2008 U.S. Dist. LEXIS 1001, at *7 (W.D. Wis. Jan. 4, 2008) ("**The identity of defendant's employees** and employment practices related to those employees **are reasonably likely to yield support for plaintiff's class allegations**.")

47

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

- Defendants rely on *Robbins v. NCO Financial Systems, Inc.*, No. 06-CV-116, 2006 U.S. Dist. LEXIS 89962, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006) to deny providing names of putative class members.

- In *Robbins*, the plaintiff brought a FDCP claim over an allegedly misleading letter that allegedly went to numerous absent class members.

- **Because the defendant admitted to sending the identical letter to hundreds of persons (thus establishing numerosity), the plaintiff had no further need of the identities of the class members**.

48

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

- In contrast, **Defendants deny over-detaining any arrestee** on the basis alleged in any of the five categories defined in the Class Complaint.

- As a result, **the identification and communication with absent class members is directly relevant to Rule 23 discovery**.

49

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

- *Robbins* distinguished:

- In *Drake v. Aerotek, Inc.*, 2014 U.S. Dist. LEXIS 178162, 2014 WL 7408715 (W.D. Wis. Dec. 30, 2014), the district court distinguished *Robbins*, finding that **since the defendant denied all of the Rule 23 factors and denied that it had any consistent policy or practice that violated the law, the plaintiff were entitled to the identities of the class members** in the defendant's possession. *Id.* at *3 -5.

50

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

- _Robbins_ distinguished:

- "Defendant argues that even if plaintiff is entitled to contact putative class members for the purpose of preparing for class certification, he does not need all their names and contact information because plaintiff 'surely knows a number of current and former Aerotek recruiters, and he is free to contact them . . . '"

- "Although I agree that plaintiff may be able to find some of the information he seeks by contacting fewer than all of the putative class members, **defendant's suggestion that plaintiff is able to contact some class members without their names and contact information is mere speculation**."

- "Further, **defendant makes no suggestion regarding an appropriate subset of putative class members that plaintiff might contact**. Therefore, I conclude that **plaintiff is entitled to discovery of names and contact information of all putative class members.**" _Drake_, 2014 WL 740715, at *7.

51

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

○ Numerous courts have come to the same conclusion as *Drake*:

○ *See*, *Burdine v. Covidien, Inc.*, No. 1:10-CV-194, 2011 U.S. Dist. LEXIS 14648 (E.D. Tenn. Feb. 11, 20130 (**compelling defendant to identify pharmaceutical sales employees** in collective action **despite the bifurcation of class/collective action discovery and merits discovery**).

52

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

○ Numerous courts have come to the same conclusion as *Drake*:

○ *Johnson v. Bankers Life & Casualty Co.*, No. 13-cv-144-wmc, 2013 U.S. Dist. LEXIS 139986, 2013 WL 5442374, at *2 (W.D. Wis. Sept. 30, 2013) ("**plaintiff argues . . . that discovery from [defendant's]** customers who have purchased the annuity with the rider at issue **would assist plaintiff in showing commonality and typicality as required for class certification under Rule 23. The court agrees**.").

53

# DEFENDANTS' CASE LAW DOES NOT CHANGE THIS RESULT.

- Numerous courts have come to the same conclusion as *Drake:*

- *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008) ("Because Plaintiffs are entitled to structure their suit to proceed as a class under Section 216(b), and because they may proceed with limited discovery prior to provisional certification, **Defendants must comply with Plaintiffs' Interrogatories and Requests for Production of Documents pertaining to the addresses and phone numbers of similarly situated employees**.").

54

# PLAINTIFFS ARE ENTITLED TO ARRESTEE IDENTITIES

○ In holding that **there is no privacy interest in one's criminal record** that is protected by the United States Constitution, the **Sixth Circuit** observed that "**one's criminal history is arguably not a private 'personal matter' at all, since arrest and conviction information are matters of public record**." *Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) (emphasis added).*

55

# PLAINTIFFS ARE ENTITLED TO ARRESTEE IDENTITIES

○ Protective Order is sufficient to protect any privacy concerns.

- *See Marshall v. Bramer, 828 F.2d 355, 360 (6th Cir. 1987) (**affirming finding of contempt** for failure to comply with subpoena requiring the identification of individual members of the Ku Klux Klan **where protective order was sufficient to protect the members' privacy interests by preventing the litigants from publicly disclosing members' identities**).*

56

# DEFENDANTS SHOULD BE COMPELLED TO CURE OTHER DISCOVERY DEFICIENCIES

**Subparts c) & d) – Persons Detained Longer than 48 Hours Without a Probable Cause Hearing:** Shelby County policy is to determine probable cause as a pre-requisite to being booked and processed into the Shelby County Jail. For arrests made without warrants, a judicial commissioner determines whether probable cause exists for the arrest upon an arrestee's arrival to Shelby County Jail. If the judicial commissioner determines that probable cause exists, the arrestee is then booked, processed and housed in the Shelby County Jail. If the judicial commissioner determines that no probable cause exists for the arrest, the arrestee is released and does not proceed with the booking process. As for warrant arrests, probable cause is determined at the time the arrest warrant is issued. As such, there are no individuals that would be detained longer than 48 hours without a probable cause determination.

Sincerely,

WYATT, TARRANT & COMBS, LLP

Odell Horton, Jr.

57