**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | § § § § § § § § | |
| Plaintiffs, | § § | Case No. 2:16-cv-02907-SHM/tmp Consolidated With |
| v. | § § § | Case No.: 2:17-cv-02015-JTF/dkv And Consolidated With Case No. 2:17-cv-02795-SMH/tmp |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT TYLER TECHNOLOGIES, INC.'S ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant Tyler Technologies, Inc. ("Tyler") submits this Original Answer and Affirmative Defenses to Third Amended Class Action Complaint (the "Complaint") and hereby states as follows:

## I.     ANSWER

1.      Tyler admits that the Complaint purports to bring claims based on the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law, but denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Tyler admits the jurisdictional allegations in paragraph 2 of the Complaint.

3.      Tyler admits the jurisdictional allegations in the first and fourth sentences of paragraph 3 of the Complaint.  Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3 of the Complaint. With respect to the third sentence of paragraph 3 of the Complaint, Tyler admits that it is a corporation organized under the laws of Delaware and that it maintains a principal place of business in Plano, Texas.

4.      Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4 of the Complaint.  To the extent a response is required, Tyler denies the allegations.  Tyler denies the allegations in the second sentence of paragraph 4 of the Complaint.

5.      Tyler admits that this judicial district is a proper venue, but denies the remaining allegations in paragraph 5 of the Complaint.

6.      Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

7.      Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

8.      Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

9.      Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

10.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

11.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

12.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

13.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

14.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

15.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

16.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

17.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

18.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

19.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

20.     Tyler admits that it is a corporation organized under the laws of Delaware and that it maintains a principal place of business located at 5101 Tennyson Parkway, Plano, Texas 75024.  Tyler admits the second sentence of paragraph 20 of the Complaint.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 21 of the Complaint.

22.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.  To the extent a response is required, Tyler denies the remaining allegations.

23.     Tyler admits that Shelby County implemented "the Shelby County Integrated Criminal Justice System (iCJIS) Roadmap," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 23 of the Complaint.  To the extent a response is required, Tyler denies the remaining allegations. Tyler admits that it markets and implements a software system known as "Odyssey," but denies the remaining allegations in the second sentence of paragraph 23 of the Complaint.

24.     Tyler denies the allegations in paragraph 24 of the Complaint.

25.     Tyler denies the allegations in paragraph 25 of the Complaint.

26.     Tyler denies the allegations in paragraph 26 of the Complaint.

27.     Tyler denies the allegations in paragraph 27 of the Complaint.

28.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

29.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

30.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

31.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

32.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 32 of the Complaint.  To the extent a response is required, Tyler denies the allegations.  Tyler admits that it submitted a response to a request for proposal to Shelby County, but denies the remaining allegations in paragraph 32 of the Complaint.

33.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

34.     Tyler denies the allegations in paragraph 34 of the Complaint.

35.     Tyler denies the allegations in paragraph 35 of the Complaint.

36.     Tyler denies the allegations in paragraph 36 of the Complaint.

37.     Tyler denies the allegations in paragraph 37 of the Complaint.

38.     Tyler denies the allegations in paragraph 38 of the Complaint.

39.     Tyler denies the allegations in paragraph 39 of the Complaint.

40.     Tyler admits the allegations in the first sentence of paragraph 40 of the Complaint.  Tyler admits that the contract referenced in paragraph 40 includes the language quoted in the second sentence of paragraph 40, but otherwise denies the second sentence of paragraph 40 of the Complaint.

41.     Tyler denies the allegations in the first sentence of paragraph 41 of the Complaint. The remainder of paragraph 41 contains case citations and quotations to which no response is required.

42.     Tyler denies the allegations in paragraph 42 of the Complaint.

43.     Tyler denies the allegations in paragraph 43 of the Complaint.

44.     Tyler admits that the contract referenced in paragraph 44 includes the language quoted in paragraph 44, but denies the remaining allegations of paragraph 44 of the Complaint.

45.     Tyler admits that the contract referenced in paragraph 45 includes the language quoted in the first sentence of paragraph 45, but denies the remaining allegations in paragraph 45 of the Complaint.

46.     Tyler denies the allegations in paragraph 46 of the Complaint.

47.     Tyler denies the allegations in paragraph 47 of the Complaint.

48.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

49.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

50.     Tyler denies the allegations in paragraph 50 of the Complaint.

51.     Tyler denies the allegations in paragraph 51 of the Complaint.

52.     Tyler admits that Shelby County and Tyler entered into a contract for the implementation of an Odyssey case management system and that that system went "live" on November 7, 2016, but denies the remaining allegations in paragraph 52 of the Complaint.

53.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

54.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

55.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

56.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

57.     Tyler denies the allegations in paragraph 57 of the Complaint.

58.     Tyler denies the allegations in paragraph 58 of the Complaint.

59.     Tyler denies the allegations in paragraph 59 of the Complaint.

60.     Tyler denies the allegations in the first sentence of paragraph 60 of the Complaint. Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 60 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

61.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

62.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

63.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

64.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

65.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

66.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

67.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

68.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

69.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

70.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

71.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

72.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

73.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

74.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

75.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

76.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

77.     Tyler denies the allegations in paragraph 77 of the Complaint.

78.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

79.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

80.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

81.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

82.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

83.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

84.     Tyler denies the allegations in the first sentence of paragraph 84 of the Complaint. Tyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 of the Complaint.  To the extent a response is required, Tyler denies the remaining allegations.

85.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

86.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

87.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

88.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

89.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

90.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

91.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

92.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

93.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

94.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

95.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

96.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

97.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

98.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

99.     Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

100.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

101.    Tyler denies the allegations in paragraph 101 of the Complaint.

102.    To the extent that Paragraph 102 contains case citations and quotations, no response is required.  To the extent a response is required, Tyler denies the allegations.  Tyler denies the remaining allegation in paragraph 102 of the Complaint.

103.    Tyler denies the allegations in the first sentence of paragraph 103 of the Complaint.  The second sentence of paragraph 103 contains case citations and quotations to which no response is required.  To the extent a response is required, Tyler denies the allegations.

104.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

105.    Tyler denies the allegation in paragraph 105 of the Complaint.

106.    Paragraph 106 contains a reservation of rights by Plaintiffs, to which no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 106 of the Complaint.

107.    Tyler admits that Plaintiffs have purported to bring this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, but otherwise denies the allegations in paragraph 107 of the Complaint.

108.    Tyler denies the allegations in paragraph 108 of the Complaint.

109.    Tyler denies the allegations in paragraph 109 of the Complaint.

110.    Tyler denies the allegations in paragraph 110 of the Complaint.

111.    Tyler denies the allegations in paragraph 111 of the Complaint.

112.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

113.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

114.    Tyler admits the allegations in paragraph 114 of the Complaint.

115.    Tyler denies the allegations in paragraph 115 of the Complaint.

116.    Tyler incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

117.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

118.    Paragraph 118 of the Complaint contains legal conclusions and citations to which no response is required.  To the extent a response is required, Tyler denies the allegations.

119.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

120.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

121.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

122.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

123.    Tyler incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

124.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

125.    Paragraph 125 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations.

126.    Tyler is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint.  To the extent a response is required, Tyler denies the allegations.

127.     Tyler denies that the Odyssey was "defective" as alleged in the second sentence in paragraph 127 of the Complaint.  Tyler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 of the Complaint.  To the extent a response is required, Tyler denies the remaining allegations.

128.     Tyler incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

129.     Tyler denies the allegations in paragraph 129 of the Complaint.

130.     Tyler denies the allegations in paragraph 130 of the Complaint.

131.     Tyler denies the allegations in paragraph 131 of the Complaint.

132.     Tyler denies the allegations in paragraph 132 of the Complaint.

133.     Tyler incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

134.     Paragraph 134 of the Complaint alleges the elements for a cause of action that has been dismissed from the case and, as a result, no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 134 of the Complaint.

135.     Paragraph 135 of the Complaint alleges the elements for a cause of action that has been dismissed from the case and, as a result, no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 135 of the Complaint.

136.     Paragraph 136 of the Complaint alleges the elements for a cause of action that has been dismissed from the case and, as a result, no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 136 of the Complaint.

137.     To the extent any response is required, Tyler denies the allegations in the prayer for relief on pages 39-40 of the Complaint.

## II.    AFFIRMATIVE DEFENSES

1.      The Complaint fails to meet the requirements for class action certification or treatment.  In the event the Court certifies a class in this case over Tyler's objections, then Tyler asserts the defenses set forth herein against each and every member of the certified class.  In the event a class is not certified, Tyler asserts these defenses against each individual plaintiff named herein.

2.      The Complaint fails to state a claim against Tyler on which relief can be granted.

3.      Plaintiffs have waived any right to seek damages pursuant to any purported cause of action stated against Tyler.

4.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

5.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

6.      If Plaintiffs have sustained damages by reason of the allegations in the Complaint, which is expressly denied, then Plaintiffs may not recover for such damages because by their own acts and omissions, they have failed to properly mitigate such damages.

7.      Plaintiffs have not sustained any damages as a consequence of the conduct alleged against Tyler in the Complaint and can state no claim for damages against Tyler based thereon.

8.      To the extent Plaintiffs have incurred any damages, such alleged damages were not proximately or legally caused by Tyler.

9.      Plaintiffs' claims are barred, in full or in part, by the economic loss doctrine.

10.     An award of compensatory damages to Plaintiffs would be grossly disproportionate to any actual injury sustained by Plaintiffs and would therefore deny Tyler its rights under the Due Process and Excessive Fines clauses of the United States Constitution.

11.     Any alleged loss or damage that Plaintiffs claim to have sustained is speculative and uncertain, and therefore is not compensable.

12.     Tyler adopts and relies upon the doctrine of comparative fault.  If it is determined that fault should be assessed, the possible negligence, acts or omissions of other persons or parties may have been a direct and proximate cause of the damages alleged in the Complaint.  The negligence, act or omissions of other persons or parties should be considered in reducing the liability of Tyler, if any, in this cause by the percentage of fault attributable to such other persons or parties in accordance with the principles enunciated in *McIntyre v. Balentine*. The negligence, acts or omissions of the following parties and third-parties should be considered for purposes of comparative fault in connection with the allegations against Tyler: the named Plaintiffs and members of the putative class; Defendant Shelby County, Tennessee and its agencies, instrumentalities, agents and representatives; non-party Global Tel*Link and its agents and representatives; non-party Software AG and its agents or representatives; and non-party Sierra-Cedar, Inc. and its agents or representatives.  Tyler reserves the right to further supplement this list in the event discovery reveals additional parties with comparative responsibility.

13.     Tyler had no duty under the law and breached no duty to Plaintiffs, and Plaintiffs are therefore barred from recovery against Tyler.

14.     Tyler reserves the right to assert additional defenses in the event discovery indicates they are appropriate.

**WHEREFORE,** Tyler respectfully requests that Plaintiffs take nothing on their claims against Tyler, and the Court grant such other and further relief to which Tyler may be entitled.

Dated:  November 28, 2018

Respectfully submitted,

s/  Bradley E. Trammell
Bradley E. Trammell (# 13980)
**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ**
165 Madison Ave., Ste. 2000
Memphis, TN 38103
Tel.: 901-526-2000
btrammell@bakerdonelson.com

Beth Bivans Petronio (admitted *pro hac*)
Texas Bar No. 00797664
**K&L GATES, LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500  Telephone
(214) 939-5849  Facsimile
beth.petronio@klgates.com

**COUNSEL FOR DEFENDANT TYLER**
**TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 28, 2018, a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System and/or email to:

Frank L. Watson , III
William F. Burns
William E. Routt, III
WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
BLACK McLAREN JONES RYLAND
& GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117

*Interim Class Counsel for Plaintiffs*

Robert E. Craddock , Jr.
Odell Horton, Jr.
Amber Floyd
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177-5000

*Counsel for Defendants Sheriff Bill Oldham,*
*Jail Programmer Debra Hammons, Chief*
*Jailor Robert Moore, Assistant Jailor*
*Charlene McGhee, and Shelby County,*
*Tennessee*

Emmett Lee Whitwell
Shelby County Attorney's Office
160 N. Main Street
Suite 950
Memphis, TN 38103

*Counsel for Defendants Sheriff Bill Oldham,*
*Jail Programmer Debra Hammons, Chief*
*Jailor Robert Moore, Assistant Jailor*
*Charlene McGhee, and Shelby County,*
*Tennessee*

s/ Bradley E. Trammell
Bradley E. Trammell