# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

SCOTT TURNAGE, CORTEZ D. BROWN,
DEONTAE TATE, JEREMY S. MELTON,
ISSACCA POWELL, KEITH BURGESS, and
TRAVIS BOYD, on behalf of themselves and all
similarly situated persons,

       Plaintiffs,

v.

BILL OLDHAM, in his individual capacity and
in his official capacity as the Sheriff of Shelby County,
Tennessee; ROBERT MOORE, in his individual
capacity and in his official capacity as the Jail
Director of the Shelby County, Tennessee;
CHARLENE McGHEE, in her individual capacity
and in her official capacity as the of Assistant Chief
Jail Security of Shelby County, Tennessee;
DEBRA HAMMONS, in her individual capacity and
in her official capacity as the Assistant Chief of Jail
Programs of Shelby County, Tennessee;
SHELBY COUNTY, TENNESSEE, a Tennessee
municipality; and TYLER TECHNOLOGIES, INC., a
foreign corporation,

       Defendants.

Case No. 2:16-cv-2907-SHM/tmp
Consolidated With
Case No.: 2:17-cv-2015-SHM/dkv

---

## AGREED PROTECTIVE ORDER

---

The Court has reviewed the parties' Joint Motion and Memorandum for Entry of Agreed Protective Order (Docket No. 131) (the "Motion"), and having considered the Motion, finds that the Motion has merit and should be granted. It is, therefore, ORDERED as follows:

1.      As agreed by the undersigned counsel, this Agreed Protective Order shall govern the disclosure and use of documents, testimony, written discovery responses, and other information provided in the course of the above-referenced proceeding.

2.      Subject to the provisions herein, any party or non-party from whom documents, information or testimony is sought in connection with the above-referenced proceeding ("Producing Party") may designate as "Confidential Material" any document, information or testimony that contains confidential, trade secret, or other information or material of a proprietary, business, commercial or financial nature that has been maintained, and/or is now being maintained, by the Producing Party.

**DESIGNATION OF "CONFIDENTIAL MATERIAL"**

3.      Any Producing Party may in good faith designate any documents, information, or testimony (or any portion thereof) produced in this action as "Confidential Material" as follows:

(a)     in the case of documents, by marking the words "Confidential Material" or "CONFIDENTIAL" on the face of the writing and on each page so designated, and

(b)     in the case of testimony, either by counsel for the Producing Party making a statement on the record designating that portion of the record to be treated as Confidential Material or by sending written notice within twenty (20) business days of receipt of the transcript designating the portion of the transcript that should be treated as Confidential Material. In either of the foregoing cases, the relevant pages of the transcript shall be stamped "Confidential Material" and the cover of the transcript shall be stamped, "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL."

4.      "Confidential Material" shall include the material so designated and all summaries, abstracts, or excerpts of such designated material.

**USE OF CONFIDENTIAL MATERIAL**

5.  Except upon the prior written consent of the Producing Party, a person shall use "Confidential Material" or any summary thereof only for the prosecution, defense, appeal or settlement of this action and for no other purpose.

6.  Except upon the prior written consent of the Producing Party, a person shall not disclose Confidential Material or any summary thereof to any persons other than:

   (a) Counsel (outside or inside) to the parties having responsibility for this action and their regular and temporary employees or agents assisting in the conduct of the action;

   (b) Any party hereto or the officers, directors, partners, employees, contractors or agents of any party hereto who are assisting counsel in this action and who perform functions for the parties in connection with this action;

   (c) Experts or consultants (including their employees, associates and/or support staff) retained by a party or its counsel in connection with this action;

   (d) Witnesses/deponents and potential witnesses/deponents in connection with this action, provided such witness/deponent and potential witnesses/deponents has read this Agreed Protective Order and agrees to be bound to it by executing the Acknowledgement attached hereto (or a form substantially similar);

   (e) Stenographic reporters; and

   (f) The Court and its personnel.

7.  "Confidential Material" shall not be disclosed to the persons listed under Paragraphs 6(b), 6(c), or 6(d) unless and until such person has read this Agreed Protective Order and agreed in writing, in a form substantially similar to Exhibit A hereto, to be bound by the terms

of this Agreed Protective Order. Counsel for the respective parties shall maintain such written agreements.

8. Nothing in this Agreed Protective Order shall prevent any party from using or disclosing its own documents, or from a party's use or disclosure of any document or information that it shall have acquired independently of discovery.

9. Nothing in this Agreed Protective Order shall bar or otherwise restrict any attorney from rendering services to his or her client with respect to this litigation and, in the course of rendering advice to his or her client, from generally referring to or relying upon his or her examination of "Confidential Material."

10. In the event that a person (party or non-party) is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any Confidential Material, the Producing Party will be provided prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreed Protective Order. A person requested or required to disclose Confidential Material shall use all reasonable efforts to preserve the confidentiality of the Confidential Material, including, without limitation, by cooperating with the Producing Party in the Producing Party's efforts to obtain an appropriate protective order or obtaining other reliable assurance that confidential treatment will be accorded the Confidential Material by such tribunal, unless advised in writing by the Producing Party within ten (10) business days of written notice to the Producing Party of the requested or required disclosure that the Producing Party is waiving the restrictions contained herein on the use of Confidential Material.

**CHALLENGE TO "CONFIDENTIAL MATERIAL" DESIGNATION**

11. If a party objects to the designation of any "Confidential Material," the parties shall attempt to resolve such disagreements on an informal basis by consulting in good faith, before submitting such disagreements to the Court. In the event the parties are unable to resolve their disagreement, the party objecting to the designation may apply to the Court on reasonable notice for relief from such designation. In responding to a motion challenging a "Confidential Material" designation, the Producing Party has the burden to show that the document is entitled to such protection. Pending resolution of the dispute over the status of the document under this Agreed Protective Order, the material being challenged shall be considered "Confidential Material" subject to the protections of this Agreed Protective Order.

12. In the event that a party prevails in its challenge to a "Confidential Material" designation pursuant to paragraph 11 and is granted relief from such designation by the Court, the Court will decide the party's motion for attorney fees pursuant to the Federal Rule of Civil Procedure 37 (a).

13. There shall be no obligation to challenge a "Confidential Material" designation when made, and a failure to do so shall not preclude a subsequent challenge thereto.

**OTHER MATTERS**

14. During the course of this action, the parties may inadvertently produce unmarked documents that are "Confidential Material." Each party reserves the right subsequently to assert that any document so produced is "Confidential Material." Upon notification by the Producing Party of such documents, all parties will thereafter treat the documents identified as "Confidential Material."

15. Nothing in this Agreed Protective Order shall be construed in any way as a finding that the "Confidential Material" does or does not constitute or contain Confidential Material, or

that any particular document, information or testimony is, or is not privileged; or that any "Confidential Material" is, or is not, admissible in evidence at the trial of this action.  Additionally, a party's compliance with the terms of this Agreed Protective Order shall not operate as an admission that any particular document or information is, or is not, privileged; or that any particular document is, or is not, admissible in evidence at the trial of this action.

16. This Agreed Protective Order shall not affect the rights or obligations of the parties with respect to matters not specifically provided for in this Agreed Protective Order.

17. This Agreed Protective Order is without prejudice to the right of any interested party to apply to the Court for an order modifying or amending this Agreed Protective Order. Specifically, although the parties do not currently contemplate the need for an "ATTORNEYS' EYES ONLY" designation for confidential material, which would further restrict access to certain information, any party may seek an amendment to this order in the future if such a designation becomes necessary.

18. Defendants are not required to produce personal health information of the potential class members or arrestees, victim names, victim information, victim statements, witness names, witness information, witness statements or law enforcement confidential information.

19. This Agreed Protective Order shall be binding on a party upon execution by counsel for that Party regardless of the date it is entered with the Court.

## CONCLUSION OF LITIGATION

20. This Agreed Protective Order shall survive the termination of this action and continue in full force and effect.

21. All documents, material or other information designated as "Confidential Material" and all copies thereof, shall be returned to either counsel for the Producing Party or the Producing Party, or such materials shall be certified in writing to have been destroyed within thirty (30) days

after final disposition of this action, including the final exhaustion of any appeals thereof, provided, however, that each party may retain one copy of any briefs, exhibits and other papers filed with the Court and any work product that contains Confidential Material.

22. The parties agree to be bound by the terms of this Agreed Protective Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Agreed Protective Order's terms shall be subject to the same sanctions and penalties as if the Agreed Protective Order had been entered by the Court.

**ENTERED** this 8th day of January, 2019.

_s/ Samuel H. Mays, Jr._
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

**AGREED:**


By: _____
Bradley E. Trammell (# 13980)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
165 Madison Ave.
Ste. 2000
Memphis, TN 38103
Tel.: 901-526-2000
Fax: 901-577-0781
btrammell@bakerdonelson.com


Beth Bivans Petronio (admitted pro hac)
Texas Bar No. 00797664
**K&L GATES, LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
Tel.: 214-939-5500
Fax: 214-939-5849
beth.petronio@klgates.com

**COUNSEL FOR DEFENDANT TYLER TECHNOLOGIES, INC.**

**AGREED:**


By: _____
Robert E. Craddock , Jr.
Odell Horton, Jr.
**WYATT TARRANT & COMBS**
6070 Poplar Avenue, Suite 300
Memphis, TN 38119
Tel.: 901-537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com


Emmett Lee Whitwell
**SHELBY COUNTY ATTORNEY'S OFFICE**
160 N. Main Street
Suite 950
Memphis, TN 38103
Tel.: 901-222-2100
Lee.whitwell@shelbycountytn.gov


**COUNSEL FOR DEFENDANTS SHERIFF BILL OLDHAM, JAIL PROGRAMMER DEBRA HAMMONS, CHIEF JAILOR ROBERT MOORE, ASSISTANT JAILOR CHARLENE MCGHEE, AND SHELBY COUNTY, TENNESSEE**

By: _____
Frank L. Watson, III
**WATSON BURNS, LLC**
253 Adams Avenue
Memphis, TN 38103
Tel.: 901-587-3528
Fax: 901-587-2649
fwatson@watsonburns.com

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
**BLACK MCLAREN JONES RYLAND & GRIFFEE PC**
530 Oak Court Drive, Suite 360
Memphis, TN  38117
Tel.: 901-762-0535
Fax: 901-762-0539
mmclaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com


**COUNSEL FOR PLAINTIFFS SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, and TRAVIS BOYD, FOR THEMSELVES AND ALL OTHERS SIMILARLY SITUATED**

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **SCOTT TURNAGE, et al.,** § § **Plaintiffs,** § § v. § § § § **BILL OLDHAM, et al.,** § § **Defendants.** § § § | Case No. 2:16-cv-02907-SHM/tmp **Consolidated With** Case No.: 2:17-cv-02015-JTF/dkv |

### ACKNOWLEDGMENT OF AGREED PROTECTIVE ORDER

STATE OF _____ §
§
COUNTY OF _____ §

      Before me, the undersigned authority, personally appeared _____,

who after being duly sworn stated as follows:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I hereby acknowledge that I may receive information designated as "Confidential Information" under the Agreed Protective Order entered in the above-captioned action, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Agreed Protective Order.

I hereby acknowledge that I have read the Agreed Protective Order; that I fully understand the terms thereof; that I agree to be bound by the terms thereof including but not limited to the provision that I shall not use any materials subject to said Agreed Protective Order except for the specific purpose of my participation in the above-captioned action; and that I will not disclose

Confidential Information to any person not expressly entitled to receive it under the terms of this Agreed Protective Order; that I will not use Confidential Information for any commercial, proprietary, or competitive purpose.

To assure my compliance with the Agreed Protective Order, I hereby submit myself to the jurisdiction of the Court in the above captioned matter for the limited purpose of any proceedings relating to the performance under, compliance with or violation of this Agreed Protective Order.

I understand that I am to retain all of the materials that I receive which have been designated as "Confidential Information" in a container, cabinet, drawer, room, electronic file, or other safe place in a manner consistent with this Agreed Protective Order; that all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me or destroyed, as provided by the Agreed Protective Order; and that any materials, memoranda, work notes, or other documents derived from documents or testimony designated as "Confidential Information" or containing any information contained therein are to be returned to the party who provided them to me or destroyed, as provided by the Agreed Protective Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Agreed Protective Order.

_____
Signature

_____
Notary in and for the State of _____

My commission expires:

_____

61799599.2