# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>Defendants. | Civil Action No. 2:16-cv-02907-SHM-tmp |

## MOTION FOR PROTECTIVE ORDER

COME NOW, Defendants Bill Oldham, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; Robert Moore, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; Charlene McGhee in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; Debra Hammons in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; and Shelby

County, Tennessee, a Tennessee municipality (the "Shelby County Defendants"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and various provisions of Tennessee statutory law, and move for entry of a protective order shielding from discovery various records and information related to individuals whose criminal records have been expunged, are set to be expunged, or may at some point in the future be expunged pursuant to Tennessee law. In support of this Motion, the Shelby County Defendants state as follows:

1. As the Court is aware, the Plaintiffs in this action seek to represent a class of individuals with respect to claims that the Shelby County Defendants violated the rights of class members in various ways, including by way of allegedly detaining those individuals longer than constitutionally permitted.

2. Pursuant to the Scheduling Order in this case, the parties are currently engaged in discovery limited to issues pertinent to class certification, and the Plaintiffs have requested discovery related to the identity and case circumstances of individual members of the potential class.

3. The Shelby County Defendants have objected to Plaintiffs' requested discovery as being outside the scope of class certification issues and have also objected to the burdens and expenses to be associated with Plaintiffs' requested discovery. However, in an effort to facilitate discovery in a less burdensome and costly manner, the Shelby County Defendants initially produced certain information, in spreadsheet form, related to the arrests and charges of potential class members, but withheld the names of the individuals and other identifying information.

4. Subsequently, the Court ordered the Shelby County Defendants to reproduce the spreadsheet with names of the individuals included. (ECF No. 127.) The Court also instructed

the Parties to confer regarding a potential methodology for sampling the arrest and court records related to the potential class. (*Id.*)

5. In the course of complying with the Court's orders, it became apparent to the Shelby County Defendants that some of the records related to members of the potential class have been expunged or are currently set to be expunged in the future. Moreover, it is logical to believe that additional records may be subject to future expungement efforts, including during times in which discovery in this matter is ongoing.

6. As explained in the accompanying Memorandum in Support (which is incorporated herein by reference), Tennessee law prohibits use or disclosure of expunged records and information contained therein, except in limited circumstances that do not apply here.

7. Thus, the Shelby County Defendants believe they are prohibited by law from disclosing some of the arrest and case information Plaintiffs have requested or may request in the future, and a protective order is needed to protect the interests of the Shelby County Defendants and the rights of those individuals who have availed themselves, or will avail themselves, of the expungement remedies provided by Tennessee law.

WHEREFORE, in light of the foregoing, the Shelby County Defendants request that the Court enter a Protective Order that provides as follows:

    (i) That the Shelby County Defendants shall not be required to produce names or contact information of any member of the potential class whose criminal record(s) have been expunged;

    (ii) That the Shelby County Defendants shall not be required to produce names or contact information of any member of the potential class whose criminal records were set for expungement as of December 31, 2018; and

(iii) That the Shelby County Defendants shall not be required to produce any additional information or records related to cases that (i) have been expunged or (ii) are set for expungement at the time such additional records or information may be requested for production in the future (including, for example, records that may be identified by future sampling methods used by the Parties).

Respectfully submitted,

/s/ Robert E. Craddock, Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Byron N. Brown IV (# 23529)
Meghan M. Cox (# 33028)
Wyatt Tarrant & Combs LLP
6070 Poplar Avenue, Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com

AND

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov
*Counsel for Shelby County Defendants*

## CERTIFICATE OF CONSULTATION

On December 31, 2018, counsel for the parties discussed via telephone issues related to the handling of expunged records, and they agreed to continue to work through those issues. On January 8 and 9, 2019, Odell Horton, Jr., counsel for the Shelby County Defendants, attempted via telephone and email to contact Michael G. McLaren and Brice M. Timmons, counsel for the Plaintiffs, to have further discussions regarding these issues, but was unable to make contact. In the interest of having this issue before the Court during the hearing scheduled for January 17, 2019, counsel for the Shelby County Defendants filed the instant Motion, but will continue to attempt to resolve the issues raised herein before the upcoming hearing.

/s/Robert E. Craddock, Jr.

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 9, 2019, a true and correct copy of the foregoing has been served upon the following counsel, via the Court's ECF filing system:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117

Frank L. Watson, III
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Beth Petronio
K&L Gates
1717 Main Street, Suite 3800
Dallas, Texas 75201

/s/Robert E. Craddock, Jr.