# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>Defendants. | **Civil Action No. 2:16-cv-02907-SHM-tmp** |

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendants Bill Oldham, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; Robert Moore, in his individual capacity and in his official capacity as the Jail Director of Shelby County, Tennessee; Charlene McGhee in her individual capacity and in her official capacity as the Assistant Chief of Jail Security of Shelby County,

Tennessee; Debra Hammons in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; and Shelby County, Tennessee, a Tennessee municipality (the "Shelby County Defendants") submit this Memorandum in Support of their Motion for Protective Order concerning information and records related to individuals whose criminal records have been expunged, are set to be expunged, or may at some point in the future be expunged pursuant to Tennessee law.

## BACKGROUND

The facts and procedural posture of this matter likely are familiar to the Court and need not be repeated in substantial detail here. That said, as the Court is aware, the parties are currently engaged in discovery related to class-certification issues, and disputes have arisen regarding the scope of discovery requests propounded by the Plaintiffs, as well as the burdens and expenses associated Plaintiffs' requests to obtain arrest and case history records related to thousands of individuals who were incarcerated in the Shelby County Jail at various points in time.

In order to facilitate discovery, on September 7, 2018, the Shelby County Defendants produced to Plaintiffs a spreadsheet reflecting certain arrest and case history information related to the members of the potential class, but withheld the names of individuals and other identifying information. Subsequently, the Court ordered the Shelby County Defendants to reproduce the initial spreadsheet with names of the individuals included. (ECF No. 127.) The Court also instructed the Parties to confer regarding a potential methodology for sampling arrest and court records related to the potential class. (*Id.*)

In the course of complying with the Court's instructions, it became apparent to the Shelby County Defendants that certain information and records related to members of the potential class had been expunged. Furthermore, the Shelby County Defendants discovered that

additional records are currently set to be expunged in the future. Thus, in order to substantially comply with the December 31, 2018, deadline for production of the revised spreadsheet, the Shelby County Defendants produced a revised spreadsheet that disclosed all names of individuals other than those whose records had been expunged or were set to be expunged in the future.

The issue of expunged records is one that will complicate discovery in this matter in at least two ways. First, as discussed further below, Tennessee law prohibits the use or disclosure of expunged records, except in limited circumstances that do not apply here.[1] Therefore, certain information should not be disclosed, either in spreadsheet form or through sampling of any kind. Second, the list of expunged records likely will evolve over time. More specifically, it is logical to believe that criminal defendants will continue to seek expungement of records as time goes on, meaning that records and information which might be discoverable today may effectively become non-discoverable at some point later in the course of discovery.[2] Accordingly, a Protective Order is necessary to address these issues.

---

[1] It should be noted that lawyers serving as counsel for the putative class in this matter are currently seeking to represent another class of individuals in a state court suit directed at Shelby County's alleged non-compliance with Tennessee's expungement statutes. That action seeks to recover damages and injunctive relief based upon allegations that Shelby County has improperly allowed information related to expunged records to remain publically available. *See generally, Anthony Cacaro, on behalf of himself and all similarly situated persons, v. Shelby County, Tennessee and Mark H. Luttrell, Jr.*, Shelby County Circuit Court, No. CT-003600-17.

[2] The likelihood of expungements continuing to occur is supported by recent national emphasis on criminal justice reform and the recent efforts by the Memphis Bar Association and others in the Shelby County community to organize expungement clinics and to provide free assistance to individuals who wish to have their criminal records expunged.

## **LAW & ARGUMENT**

1. **The Court has the authority to enter a Protective Order preventing the disclosure of information requested in discovery.**

It should go without saying that the Court has broad authority to manage discovery in cases pending before it. *See generally*, Fed. R. Civ. P. 26(b)(1). Indeed, upon motion by a party from whom discovery is sought and a showing of good cause, the Court may enter an order to protect the moving party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Permissible orders may include, but are not limited to, orders that forbid disclosure or discovery or that forbid inquiry into, or limit the scope of discovery into, certain matters. *Id.* at (c)(1)(A) and (D). Thus, the Court has the authority to grant the relief requested herein.

2. **The Court should prohibit the discovery of names and other case information related to matters that have been expunged, are set to be expunged, or may at some point in the future be expunged under Tennessee law.**

Tennessee law provides a means by which public records related to certain types of arrests, criminal charges, and convictions may be expunged. *See generally,* Tenn. Code Ann. § 40-32-101 (setting forth the expungement process related to certain arrests, charges, bond records, and convictions) and Tenn. Code Ann. § 40-35-313(b) (outlining the expungement process related to cases in which judicial diversion is granted). As the Tennessee Court of Appeals has explained, "[t]he purpose of the expunction statute[s] is to prevent a person from bearing the stigma of having been charged with a criminal offense when the charges have been dismissed, when the prosecution has been abandoned, or when the person has been acquitted of the charge." *Pizzillo v. Pizzillo*, 884 S.W.2d 749, 754 (Tenn. Ct. App. 1994).

Once an order of expungement is entered, Tennessee law allows for a period of approximately 60 days for the expungement to be completed. Tenn. Code Ann. § 40-32-102

4

(allowing (i) 60 days from date order *is entered* for chief administrative office and court clerks to expunge records, and (ii) 60 days from date order *is received* for Tennessee Bureau of Investigation to remove expunged records from a person's criminal history).  Further, once a record has been expunged, only certain non-public records and information may be retained by the government.  Tenn. Code Ann. § 40-32-101(b)(1)-(2) (allowing for retention of arrest histories, investigative reports, intelligence information of law enforcement agencies, or files of district attorneys general that are maintained as confidential records for law enforcement purposes and are not open for inspection by members of the public, and certain other information maintained by the Department of Human Services); Tenn. Code Ann. § 40-35-313(a)(2) and (b) (allowing a trial court to retain certain non-public records related to charges for which judicial diversion has been completed and exempting from expungement requirement other records identified in § 40-32-101(b)).

Significant here, once a record has been ordered expunged, the records and information that may be retained by the government may be used only for very limited purposes.  For instance, non-public records and information exempted from expungement pursuant to § 40-32-101(b) may be released (i) to law enforcement agencies for law enforcement purposes; (ii) to the comptroller of the treasury for limited investigative purposes; or (iii) with respect to the arrest histories of a defendant or potential witness in a criminal proceeding only, to an attorney of record in that criminal proceeding.  Tenn. Code Ann. § 40-32-101(c)(1)-(3) (making non-permissible disclosures a Class A misdemeanor).  Likewise, expunged records related to a charge for which judicial diversion has been granted may be used in subsequent criminal proceedings involving the same defendant, or may discovered and used for certain limited purposes in civil proceedings in which the criminal defendant is either (i) assuming the role of a plaintiff as to

claims premised on the same transaction or occurrence as the expunged criminal record; or (ii) a party to a civil proceeding and testifies as a witness therein.  Tenn. Code Ann. § 40-35-313(a)(2) (allowing the court to use certain records in subsequent criminal proceedings); Tenn. Code Ann. § 40-35-313(b) (in cases in which the criminal defendant assumes the role of plaintiff related to the same transaction or occurrence, allowing a guilty plea to be introduced as a judicial admission and allowing a guilty verdict to be admitted as a public record or to impeach the plaintiff); Tenn. Code Ann. § 40-35-313(c) (allowing certain felony guilty pleas and guilty verdicts to be admitted in evidence in a civil proceeding to impeach the testimony of the party whose record has been expunged).

Turning to the facts in this case, Plaintiffs are not a law enforcement agency requesting non-public information for a law enforcement purpose.  They are not authorized agents of the comptroller of the treasury.  Nor are the Plaintiffs' counsel seeking arrest history information for use in a criminal proceeding in which arrest histories may be relevant.  Thus, none of the exceptions in § 40-32-101(c)(1)-(3) apply here.

Likewise, the exceptions in § 40-35-313 do not apply.  The Plaintiffs are not a court that may have use for the expunged records in a subsequent criminal proceeding, as contemplated in § 40-35-313(a)(2).  Except for the named Plaintiffs themselves, no other member of the purported class has come forward to assume the role of a plaintiff in this proceeding.  Thus, even assuming for sake of argument that this action is one that is "based upon the same transaction or occurrence as [an] expunged criminal record," the expunged records related to other potential class members are not discoverable for any purpose permitted by § 40-35-313(b).  Finally, until such time as a person with an expunged record becomes a party to this case and is expected to

testify as a witness herein, there is no basis for allowing for discovery of expunged records and information under § 40-35-313(c).

Accordingly, there appears to be no legally recognized exception to Tennessee's expungement statutes that would permit Plaintiffs to discover the identities of individuals whose charges have been expunged or are set to be expunged, or to discover the arrest and case information associated with those charges. Moreover, in the event future expungements occur, the Shelby County Defendants will thereafter be legally prohibited from disclosing information related to those expungements. As a consequence, a protective order is needed to (i) protect the Shelby County Defendants' interest in complying with their obligations under Tennessee law, and (ii) protect individuals whose records have been or will be expunged from the dissemination of their expunged records and the creation of another public record of those charges in this proceeding. *See, State v. Doe*, 588 S.W.2d 549, 552 (Tenn. 1979) (construing a prior version of § 40-32-101 that made no exceptions for retention of records and noting that the purpose of the expungement statutes would be frustrated by allowing for dissemination of internal records of law enforcement to interested persons or organizations), *superseded by statute*, Pub. Acts 1980, Ch. 892, § 1, *as recognized in State v. Doe*, 860 S.W.2d 38, 39 (Tenn. 1993); *see also, Pizzillo*, 884 S.W.2d at 755 (holding that trial court's failure to exclude expunged record from evidence at trial frustrated the purpose of the expungement statute by creating another public record of the expunged charges).

## **CONCLUSION**

For the foregoing reasons, the Shelby County Defendants submit that there is good cause for entry of a protective order related to expunged criminal records and those that will be expunged in the future. More specifically, the Shelby County Defendants request that the Court enter an Order providing that:

7

   (i)  That the Shelby County Defendants shall not be required to produce names or contact information of any member of the potential class whose criminal record(s) have been expunged;

   (ii)  That the Shelby County Defendants shall not be required to produce names or contact information of any member of the potential class whose criminal records were set for expungement as of December 31, 2018; and

   (iii)  That the Shelby County Defendants shall not be required to produce any additional information or records related to cases that (i) have been expunged or (ii) are set for expungement at the time such additional records or information may be requested for production in the future (including, for example, records that may be identified by future sampling methods used by the Parties).

Respectfully submitted,

/s/ Robert E. Craddock, Jr.
Robert E. Craddock, Jr. (# 5826)
Odell Horton, Jr. (# 12426)
Byron N. Brown IV (# 23529)
Meghan M. Cox (# 33028)
Wyatt Tarrant & Combs LLP
6070 Poplar Avenue, Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com

AND

E. Lee Whitwell (# 33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov
*Counsel for Shelby County Defendants*

9

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 9, 2019, a true and correct copy of the foregoing has been served upon the following counsel, via the Court's ECF filing system:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117

Frank L. Watson, III
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Beth Petronio
K&L Gates
1717 Main Street, Suite 3800
Dallas, Texas 75201

                                            /s/Robert E. Craddock, Jr.