IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, | **Case No. 2:16-cv-2907-SHM/tmp** |
| PLAINTIFFS, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** |
| v. | |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation | **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |
| DEFENDANTS. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT SHELBY COUNTY'S MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW**

COME NOW Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, and Terrence Drain, and Kimberly Allen on behalf themselves and all similarly situated persons (hereinafter "the Plaintiffs"), by and through the undersigned counsel, and in response to the "Motion for Protective Order" filed by Defendant, Shelby County state as follows:

## I. SUMMARY

Plaintiffs are entitled to discover the names and records of potential putative class members whose records have been or could be expunged pursuant to Tennessee's state expungement statute because a state statute cannot operate to preclude discovery under the Federal Rules of Civil Procedure.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises in the context of a pre-certification putative class action lawsuit against Shelby County, Tennessee, numerous official and individual capacity policymaker defendants, and technology contractors for, *inter alia*, the unlawful overdetention of numerous individuals in the Shelby County Jail as a result of the implementation of a defective software package to manage the jail and courts. The Court, having already addressed numerous discovery issues in this matter, is already familiar with the details of the allegations, and Plaintiffs will not recount the entire history of this case here in the interests of brevity.

The instant dispute arises in the context of a broader discovery dispute regarding the "jackets" (criminal court files), jail records, and the names of the various individuals charged with crimes that are putative class members, and other information not necessarily material to this specific dispute. During the various hearings on Plaintiffs' motions seeking to compel the

production of this information, this Court instructed the parties to confer regarding the production of records and ordered that Defendant Shelby County produce the names of all of the potential putative class members, that is to say the names of individuals arrested or charged between November 1, 2016 and June 30, 2017. Following the Court's interim discovery order, Defendant filed the instant motion, which, in essence claims that Shelby County should not be required to produce the names or other information relating to individuals whose records have been or "may at some point in the future be" expunged. For its sole legal basis, Defendant relies on the Tennessee expungement statute, which it inaccurately claims bars the production of this information. This argument is doubly without merit, and Shelby County's motion should be dismissed.

### III.   LAW AND ARGUMENT

#### A.   The F.R.C.P. and the Supremacy Clause Supersede State Law.

It is well-established that federal courts have the power to compel the production of records that are otherwise confidential under state law. At the root of this principle is the Supremacy Clause of the United States Constitution. States cannot avoid the obligations imposed by federal law via legislative action. *Cooper v. Aaron¸* 358 U.S. 1 (1958). Instead, Federal Courts balance the confidentiality interest that the state has in protecting the records of its citizens against a party's interest in obtaining discovery and the other available mechanisms to protect confidentiality. *Martin v. Corr. Corp. of Am.* 2006 WL 8435867 *5 (W.D. Tenn. 2006). "Although the court recognizes and appreciates the confidential and sensitive nature of these records, the court finds that [plaintiff's] interest in obtaining discovery under the facts of this case outweighs the need to protect these records from disclosure." In support of this ruling, the Court cited *Farley v. Farley*, 952 F. Supp. 1232, 1242 (M.D. Tenn. 1997). (holding that although

TENN. CODE. ANN. §§ 37-1-409 and 37-1-612 establish an evidentiary privilege, "the statutory and administrative scheme under Tennessee law ensuring only limited disclosure of child abuse files must yield to a supervening interest in their production and use in federal civil rights actions."); *see also Doe v. District of Columbia*, No. Civ.A.03-1789, 2005 WL 1787683, at *5 (D.D.C. July 5, 2005) (in case involving defendant that opposed production of records of foster care facilities on grounds that information was protected from disclosure by District's confidentiality statute, the court concluded that "interests in promoting liberal discovery and fundamental fairness outweigh the slight interest in preventing the continued production of documents, especially because such documents will be shielded by the protected order.").

It is beyond doubt that the records of suicidal prisoners, child abuse victims, and foster care residents who have no interest in the litigation at issue would weigh more heavily in favor of confidentiality protections than records that show the mere facts of an adult criminal process that resulted in either exoneration of the ultimate dismissal of charges pursuant to a diversion agreement. Here, the records in issue are confidential insofar as the state is concerned, but numerous non-state actors (*e.g.* LexisNexis and the Federal Government)[1] obtain and store this same information for employer background checks and criminal and arrest histories. Here the balance weighs heavily in favor of liberal discovery, and other, less restrictive means may be used to protect any remaining confidentiality interest that exists in the records in question.

---

[1] Plaintiffs' First Set of Interrogatories and Document Requests that, *inter alia*, sought the identities of potential class members was served on Defendant County on August 3, 2017. (*See*, D.E. 113-1). As this date of service, Plaintiffs – and for that matter any person in the general public – would have been entitled to obtain all arrestee jackets (and the identities of all arrestees) whose records had not been expunged pursuant to the statute. Defendant Shelby County has failed to indicate that any of the arrestees it has refused to identify had their records expunged on or before August 3, 2017; to the contrary, it suggests that an expungement occurred sometime thereafter. As a result, Defendant must provide the identities of these arrestees because at the time their identities were clearly not confidential. In any event, Defendant is free to list these persons under the existing Protective Order.

4

### B. Shelby County has Already Obtained Sufficient Protection for These Records.

All of the legitimate arguments raised by Shelby County, which is to say that there may be some generalized confidentiality interest in issue, have been exhausted. Shelby County has, since the beginning of the discovery process, maintained that Plaintiffs are not entitled to discover identifying information belonging to the individuals incarcerated in the Shelby County Jail due to "privacy concerns." Though this Court has already largely rejected that argument, Plaintiffs have entered into a detailed protective order to allay these confidentiality concerns.

Plaintiffs have agreed to the most restrictive order that will permit them to adequately represent their putative class and its members. Problematically, any further restriction on Plaintiff Counsel's freedom of action with the contemplated information as it relates to expunged records would stand a serious chance of hampering their representation of potential class members whose records have been or "may at some point in the future be" expunged. Put simply, Plaintiffs' definitions of its putative classes are inherently likely to encompass anyone whose records were expunged because the class definitions contemplate persons with charges that were dismissed, a key trigger for the expungement statute.

Defendants seek to employ a new justification for an old argument, namely that a state statute justifies them in making precisely the same argument that they have made for several months to little or no avail. This Court should consider this line of argument foreclosed by the entry of the existing "Consent Protective Order," and the Court's existing order requiring the production of the information for which Shelby County now seeks additional protection. Accordingly, this Court should deny Defendant Shelby County's Motion for Protective Order entirely.

### III. Conclusion

This Court should deny Defendant Shelby County's Motion for Protective Order in its entirety.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court dismiss Defendant Shelby County's "Motion for Protective Order," and award Plaintiffs their reasonable fees and any other relief to which they may prove entitled.

Respectfully submitted,

/s/ *Brice M. Timmons*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

Claiborne Ferguson (Tenn. Bar No. 20457)
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, Tennesseee 38103
Claiborne@midsouthcriminaldefense.com

        Joseph S. Ozment (Tenn. Bar No. 15601)
        THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
        1448 Madison Ave.
        Memphis, Tennessee 38104
        Phone: (901) 525-4357
        Email: jozment@oz-law.net

        *Counsel for Plaintiffs and the putative Class Members*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on July 7, 2017 the foregoing was served via U.S. Mail postage pre-paid and/or by email upon the following parties:

| | |
|---|---|
| Robert E. Craddock, Esq. | Amber D. Floyd, Esq. |
| Odell Horton, Jr., Esq. | WYATT, TARRANT & COMBS, LLP |

7

1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com
Email: afloyd@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,
Robert Moore, Charlene McGhee,
Debra Hammons and Shelby County,
Tennessee*
Bradley E. Trammell, Esq.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies,
Inc*

/s/ Brice M. Timmons