IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>          Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR. in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD,   in his official capacity as Assistant Chief of Jail Security Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC.,  a foreign corporation,<br><br>          Defendants. | Civil Action No. 2:16-cv-02907-SHM-tmp<br>Jury Demanded |

**ANSWER OF DEFENDANTS SHELBY COUNTY, TENNESSEE, BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE DEBRA HAMMONS, FLOYD BONNER, JR., KIRK FIELDS, REGINALD HUBBARD AND TIFFANY WARD TO PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT (D.E. 170)**

COME NOW Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Jr., Kirk Fields, Reginald Hubbard and Tiffany Ward (collectively "Shelby County Defendants" or "Defendants") in response to Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint") (D.E. 170), and stating:

**Answer to Plaintiffs' Fifth Amended Class Action Complaint**

In response to the Fifth Amended Complaint, the Shelby County Defendants state as follows:

1. Defendants admit this alleged Fifth Amended Complaint was filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983 ("Section 1983") and 1988 and Tennessee common law. Defendants deny they violated Plaintiffs' constitutional rights and state Plaintiffs are not entitled to any relief.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Denied.

8. Admitted.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

18. Admitted Sheriff Oldham no longer holds this position and no longer an active Shelby County employee.

19. Admitted Floyd Bonner is the current Sheriff of Shelby County.

20. Admitted Chief Moore is retired and no longer an active Shelby County employee.

21. Admitted Kirk Fields is the current Chief Jail Director.

22. Admitted Assistant Chief McGhee is retired and no longer an active Shelby County employee.

23. Admitted Reginald Hubbard is the Assistant Chief of Jail Security.

24. Admitted Assistant Chief Hammons is retired and no longer an active Shelby County employee.

25. Admitted Tiffany Ward is the Assistant Chief of Jail Programs.

26. Admitted.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

32. Denied that the JSSi system worked well during the entire time frame. Admitted as to the remaining allegations in Paragraph 32.

33. In November 2016, Shelby County activated the Shelby County Integrated Criminal Justice System (iCJIS). The remaining allegations are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted Shelby County formed the iCJIS from the Shelby County Criminal Justice Coordinating Council to study the effectiveness of the JSSi Computer Tracking System. JSSi tracked thousands of cases per year. The remaining allegations are denied.

42. Defendants admit the iCJS [*sic*] Executive Committee was established. Defendants deny Sheriff Oldham was an active member of the iCJIS Executive Committee. The Defendants admit the second sentence. Defendant Tyler Technologies and other vendors submitted proposals and information pursuant to a RFP from Shelby County.

43. The IT Steering Committee received information from numerous sources and individuals regarding Odyssey. The overwhelming majority of the responses were positive. Judge Coffee made a statement regarding the Odyssey computer software. Sheriff Oldham was not an active member of the IT Steering Committee.

44. Denied that "[a]s a result, the Sheriff and the County were expressly on notice that Odyssey was incapable of serving as a proper Computer Tracking System." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Sheriff Oldham was not an active member of the IT Steering Committee.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. These alleged incidents are not relevant to this lawsuit.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. These alleged incidents are not relevant to this lawsuit.

47. This allegation refers to Tyler Technologies, Inc. and Defendants are not required to answer.

48. This allegation refers to Tyler Technologies, Inc. and Defendants are not required to answer.

49. Denied.

50. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. All remaining allegations are denied.

51. This is a legal conclusion referring to Tyler Technologies, Inc. and Defendants are not required to respond.

52. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

53. These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

54. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

55. Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer. Any remaining allegations are denied.

56. Tyler Technologies provided training for Odyssey pursuant to a contract with Shelby County. Tyler Technologies did not supervise Shelby County employees. The contract speaks for itself.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

58. Denied.

59. Denied.

60. Shelby County postponed the implementation of the computer system for several months before the actual implementation for additional testing.

61. Denied.

62. Defendants admitted Tyler Technologies Inc. asserted comparative fault against GTL, Software AG and Sierra-Cedar. Defendant Tyler Technologies Inc.'s Original Answer and Affirmative Defenses to the Third Amended Class Action Complaint speak for itself.

63. Defendants admit GTL, Software AG USA, Inc. and Sierra-Cedar had contracts with Shelby County to provide computer services. The contracts speak for themselves.

64. Defendants admit GTL had a contract with Shelby County to provide computer services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

65. Defendants admit Software AG had a contract with Shelby County to provide computer services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

66. Defendants admit Sierra-Cedar had a contract with Shelby County to provide computer services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67. Defendants deny there were "serious storm warnings" regarding the installation and implementation of Odyssey. Sheriff Oldham did not sign or authorize the contract with Tyler Technologies. On November 1, 2016, Shelby County began the implementation of the new computer system that included Odyssey. On November 7, 2016, Shelby County implemented the new computer system that included Odyssey. All remaining allegations are denied.

68. The first sentence is denied. Defendants admit Judge Anderson spoke at an iCJIS meeting but Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the actual quote from Judge Anderson.

69. Denied.

70. The Defendants admit Earle Farrell gave a statement regarding the status of the Shelby County Jail. The statement from the public relations representative is not relevant to this lawsuit. The remaining allegation is denied.

71. The Defendants admit Earle Farrell gave a statement. The statement from the public relations representative is not relevant to this lawsuit.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendants admit the individuals listed are correctly identified regarding their current positions. The remaining allegations are denied.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

80. Defendants admit the document speaks for itself.

81. Defendants admit the Pro Corpus was issued on September 24, 2014.

82. Defendants admit the document speaks for itself.

83. Defendants admit the document speaks for itself. The remaining allegations are denied.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

90. Defendants admit the documents speak for themselves.

91. Defendants admit the document speaks for itself.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

93. Denied.

94. Admitted that "[o]n November 7, 2016, Judge Mark Ward entered an order dismissing [Plaintiff Brown's charge]." Defendants deny they took any action against plaintiff. The remaining allegations are denied.

95. Defendants admit Plaintiff Tate was arrested for driving on a suspended or revoked driver's license. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

96. Admitted that "on November 18, 2016, Plaintiff Melton was released from the Jail." Denied Plaintiff made any plea to the named Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

97. Defendants admit the report speaks for itself. Denied Plaintiff was not notified of his charges or presented before a judge or magistrate.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

103. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

104. Defendants admit the documents speak for themselves.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

108. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

109. Defendants state the document speaks for itself.

110. Defendants state the documents speak for themselves.

111. Defendants admit plaintiff was stopped and arrested on a bench warrant. The warrant speaks for itself. Remaining allegations are denied.

112. The Defendants admit plaintiff was taken into custody. The warrant speaks for itself. Remaining allegations are denied.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

116. Admitted Plaintiff was released on November 15, 2016. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

117. Denied.

118. Denied. The cases cited in Paragraph 118 are not facts to be admitted or denied and speak for themselves.

119. Denied. The case cited in Paragraph 119 is not a fact to be admitted or denied and speaks for itself.

120. Denied.

121. Denied.

122. No response is required to Paragraph 122.

123. Admitted Plaintiffs attempt to bring this action as a Rule 23(b)(1), 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 123. Defendants deny plaintiffs have met the requirements for a class action lawsuit pursuant to Rule 23(b)(1), 23(b)(2) and/or 23(b)(3). The remaining allegations are denied.

124. Denied.

125. Denied.

126. Denied.

127. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

128. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

129. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

130. The Court ruled on this issue and no response is required by the Defendants. (D.E. 101)

131. Denied.

132. No response is required to Paragraph 132.

133. Denied.

134. Denied. The case cited in Paragraph 134 is not a fact to be admitted or denied and speaks for itself.

135. Denied.

136. The first sentence is denied. Defendants became aware of issues after the system was activated and took appropriate actions to address any such issues. The remaining allegations are denied. The cases cited in Paragraph 136 are not facts to be admitted or denied and speak for themselves.

137. Denied.

138. Denied.

139. No response is required to Paragraph 139.

140. Denied.

141. Denied.

142. Denied.

143. Denied. The case cited in Paragraph 143 is not a fact to be admitted or denied and speaks for itself.

144. No response is required to Paragraph 144.

145. This allegation refers to Tyler Technologies and Defendants are not required to answer.

146. This allegation refers to Tyler Technologies and Defendants are not required to answer.

147. This allegation refers to Tyler Technologies and Defendants are not required to answer.

148. This allegation refers to Tyler Technologies and Defendants are not required to answer.

149. No response is required to Paragraph 149.

150. Defendants state the contract between Shelby County and Tyler Technologies speaks for itself. Tyler Technologies did not supervise County employees. The remaining allegation refers to Tyler Technologies and Defendants are not required to answer.

151. This allegation refers to Tyler Technologies and Defendants are not required to answer.

152. This allegation refers to Tyler Technologies and Defendants are not required to answer.

153. No response is required to Paragraph 153.

154. This allegation refers to GTL and Defendants are not required to answer.

155. This allegation refers to GTL and Defendants are not required to answer.

156. This allegation refers to GTL and Defendants are not required to answer.

157. No response is required to Paragraph 157.

158. This allegation refers to Software AG and Defendants are not required to answer.

159. This allegation refers to Software AG and Defendants are not required to answer.

160. This allegation refers to Software AG and Defendants are not required to answer.

161. No response is required to Paragraph 161.

162. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

163. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

164. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

165. No response is required to Paragraph 165.

166. The United States Code speaks for itself.

167. Denied. Plaintiffs are not entitled to any declaratory relief.

168. Denied. Plaintiffs are not entitled to any declaratory relief.

169. Denied. Plaintiffs are not entitled to any declaratory relief.

170. Denied. Plaintiffs are not entitled to any declaratory relief.

171. No response is required to Paragraph 171.

172. Denied.

173. Denied. Plaintiffs are not entitled to any relief.

174. Denied.

175. Denied. Plaintiffs are not entitled to any injunctive relief.

176. Denied. Plaintiffs are not entitled to any injunctive relief.

177. Denied. Plaintiffs are not entitled to any injunctive relief.

**Prayer for Relief:** The relief sought in the "Prayer for Relief" Section of the Fifth Amended Complaint is not warranted and Plaintiffs are not entitled to any monetary damages, declaratory or injunctive relief, attorney's fees, costs or expenses, interest, or any other requested relief.

All allegations contained in the Fifth Amended Complaint which have not been admitted or denied are hereby denied.

Due to limited discovery and addition of new Defendants, Defendants reserve the right to amend their Answer pursuant to the Federal Rules of Civil Procedure and Orders of this Court.

## Affirmative and Other Defenses

1. The Fifth Amended Class Action Complaint fails to state a claim upon which relief can be granted against the "Shelby County Sheriff's Department," as it is not a separate entity subject to suit.

2. To the extent that the Fifth Amended Class Action Complaint alleges causes of action against Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Kirk Fields, Reginald Hubbard and Tiffany Ward in their official capacities, such claims should be deemed to be against Shelby County, and should, therefore, be dismissed as redundant, and as to the individuals for failure to state a claim upon which relief can be granted.

3. The Fifth Amended Class Action Complaint fails to state a claim upon which relief can be granted as to Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons to the extent they are entitled to qualified immunity.

4. Sheriff Oldham, Robert Moore, Charlene McGhee nor Debra Hammons negotiated or approved the contracts between Shelby County and Tyler Technologies, Inc., Global Tel*Link, Software AG USA, Inc., and/or Sierra-Cedar.

5. Sheriff Oldham, Robert Moore, Charlene McGhee nor Debra Hammons had any personal contact with the named plaintiffs.

6. Sheriff Oldham, Robert Moore, Charlene McGhee and Debra Hammons are no longer active Shelby County employees.

7. Plaintiffs fail to state a claim against Shelby County to the extent that it is entitled to sovereign immunity.

8. To the extent Plaintiffs' alleged injuries were caused or contributed to by their own unlawful conduct, their recovery for such alleged injuries are barred.

9. To the extent Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Fault, if any, must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries.

10. To the extent Plaintiffs are alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendants aver that Plaintiffs do not make a claim under the TGTLA, and that they fail to state a claim upon which relief can be granted under the TGTLA.

11. In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, and/or mistake.

12. Defendants reserve the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiffs' claims with Prejudice, award Defendants all fees, costs, and/or all such other relief to which the Court deems they are entitled.

Respectfully submitted,

/s/ Meghan M. Cox
Robert E. Craddock, Jr. (#5826)
Odell Horton, Jr. (# 12426)
Byron Brown (#23529)
Meghan Cox (#33028)
Wyatt Tarrant & Combs, LLP
6070 Poplar Ave., Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com

AND

E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Kirk Fields, Reginald Hubbard and Tiffany Ward*

## Certificate of Service

       I certify that the foregoing is being filed via the Court's ECF system this 7th day of March, 2019, for service on all persons registered in connection with this case, including:

Michael G. McLaren  
William E. Cochran, Jr.  
Brice M. Timmons  
Black McLaren Jones Ryland & Griffee PC  
530 Oak Court Drive, Suite 360  
Memphis, TN 38117  
MMcLaren@blackmclaw.com  
wcochran@blackmclaw.com  
btimmons@blackmclaw.com  

Frank L. Watson  
William F. Burns  
Watson Burns, PLLC  
253 Adams Avenue  
Memphis, TN 38104  
fwatson@watsonburns.com  
bburns@watsonburns.com  

*Counsel for Plaintiffs*

Bradley E. Trammell  
Baker, Donelson, Bearman, Caldwell & Berkowitz  
165 Madison Avenue, Suite 2000  
Memphis, TN 38103  
btrammell@bakerdonelson.com  

Beth Petronio  
K&L Gates  
1717 Main Street, Suite 2800  
Dallas, Texas 75201  
beth.petronio@klgates.com  

*Counsel for Tyler Technologies, Inc.*

Russell Brandon Bundren  
James L. Murphy  
Bradley Arant Boult Cummings LLP  
1600 Division Street, Suite 700  
Nashville, TN 37203  
bbundren@babc.com  
jmurphy@bradley.com  

*Counsel for Defendant Global Tel*Link *Corporation*

Kevin David Bernstein  
Albert G. McLean  
Spicer Rudstrom PLLC  
119 S. Main Street, Suite 700  
Memphis, TN 38103  
kdb@spicerfirm.com  
amclean@spicerfirm.com  

*Counsel for Defendant Sierra-Cedar, Inc.*

Douglas F. Halijan  
William David Irvine  
Burch Porter & Johnson  
130 N. Court Avenue  
Memphis, TN 38103-2217  
dhalijan@bpjlaw.com  
wirvine@bpjlaw.com  

*Counsel for Defendant Software AG USA, Inc.*

                                      /s/ Meghan M. Cox

61815049.1