UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>     Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBABARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation,<br><br>     Defendants. | No.  2:16-cv-02907-SHM-tmp |

**DEFENDANT GLOBAL TEL\*LINK CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

Defendant Global Tel*Link Corporation ("GTL") respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' Fifth Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND

GTL provides correctional technology services and correctional management solutions to various entities across the United States. It serves approximately 2,300 facilities in all 50 states. Based on GTL's experience in the correctional technology field, Shelby County contracted with GTL to provide a new Offender Management System for the Shelby County Correction Center and the Shelby County Jail. R.170 ("Compl.") PageID# 1696–97 ¶ 64.[1] GTL is one of several entities who contracted with the County to provide software services for the County's Integrated Criminal Justice System ("iCJIS"). *Id.* at 1696–98 ¶¶ 62–66. Co-defendant Tyler Technologies, Inc. ("Tyler") was responsible for creating and implementing "the heart of this new Computer Tracking System," which was a software platform called "Odyssey." *Id.* at 1690 ¶ 33.

The Complaint alleges that co-defendants Oldham, Moore, McGhee, and Hammons "went 'live' with the Odyssey Case Management System" on November 7, 2016. *Id.* at 1698 ¶ 67. Plaintiffs claim that "[i]mmediately thereafter, [they] became subject to a Computer Tracking System that could not and would not properly track their arrest records and criminal cases, forcing them to become 'lost' in the Jail." *Id.* at 1698 ¶ 68.

---

[1] For purposes of this motion, GTL accepts all factual allegations in Plaintiffs' Complaint as true. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017) (internal quotations and brackets omitted) ("When analyzing a Rule 12(b)(6) motion, the complaint is viewed in the light most favorable to the plaintiffs; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor.").

Plaintiffs initiated this action on November 17, 2016, *see* R.1 (Original Compl.), but GTL was not added as a defendant until over two years later, on January 18, 2019, *see* R.138 (Fourth Am. Compl.). GTL's addition occurred only after Tyler raised the doctrine of comparative fault in its Answer to Plaintiffs' Third Amended Complaint and alleged that GTL's actions "should be considered for purposes of comparative fault in connection with the allegations against Tyler." R.122 (Tyler's Answer to Third Am. Compl.) PageID# 1293. Tyler also named Software AG and Sierra-Cedar, Inc. in its allegations of comparative fault. *Id.* Plaintiffs subsequently filed the current Complaint because they inadvertently named Software AG Cloud Americas, Inc. as a defendant, instead of Software AG USA. R.167 (Mot. to Amend Fourth Am. Class Action Compl.) PageID# 1623. The allegations pertaining to GTL in the current Complaint are unchanged from the Fourth Amended Complaint.

In the Complaint, Plaintiffs state that GTL was added as a defendant "[o]n information and belief, and on the basis of the allegations contained in Defendant Tyler Tech's Twelfth Affirmative Defense." Compl. PageID# 1696 ¶ 63. Based on those allegations, Plaintiffs claim that GTL negligently failed to implement and maintain the OMS system. *Id.* at 1724 ¶¶ 154–55.

## ARGUMENT

**I.    Legal Standard.**

A Rule 12(b)(6) motion to dismiss challenges "the legal sufficiency of the complaint." *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016). While the court must accept "well-pleaded" factual allegations as true, "a formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246–47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint must comply with Rule 8's requirement that Plaintiffs provide "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the "short and plain statement requirement" as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

## II. **Plaintiffs Fail to State a Claim for Negligence Against GTL Because They Have Not Pled Facts Sufficient to Establish That GTL's Alleged Negligence Was a Cause in Fact of Their Alleged Injuries.**

Plaintiffs bring only one claim against GTL, for negligence. *See* Compl. PageID# 1724 ¶¶ 153–56. An action for negligence requires proof of five essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). To survive a motion to dismiss, Plaintiffs must plead facts sufficient to state a claim on each essential element. Plaintiffs have not pled facts permitting the reasonable inference that GTL was a cause in fact of their alleged injuries. *See Iqbal*, 556 U.S. at 678. Therefore, this Court should dismiss the Complaint for failure to state a claim against GTL.

"Cause in fact" requires a showing that the defendant's conduct "*directly contributed* to the plaintiff's injury." *Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005) (emphasis added). The inquiry "refers to the 'cause and effect relationship between the tortious conduct and the injury.'" *King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (quoting *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993)). Courts "ask whether the plaintiff's injury would have happened 'but for' the defendants' act." *Hale*, 166 S.W.3d at 718. While cause in fact is "ordinarily [a] jury question[]," dismissal may be granted on this element when "the uncontroverted facts and

4

inferences to be drawn . . . make it so clear that all reasonable persons must agree on the proper outcome." *Id.* (quoting *Haynes v. Hamilton Cty.,* 883 S.W.2d 606, 612 (Tenn. 1994)).

Here, Plaintiffs allege the following "tortious conduct" on behalf of GTL:

- "GTL did not properly implement, support and maintain OMS and did not properly train County employees so that OMS would work properly, thus causing the wrongful conduct alleged herein." Compl. PageID# 1696–97 ¶ 64.

- "GTL did not properly implement the County's Integrated Criminal Justice System's 'information hub' and did not properly train County employees so that the 'information hub' would work properly, thus causing the wrongful conduct alleged herein." *Id.* at 1697 ¶ 66.

- "GTL owed a duty of reasonable care to Plaintiffs and the Class Members . . . . GTL, however, breached these duties in connection with its role in the implementation, support and maintenance of OMS or in connection with its other obligations related to the Shelby County Jail and/or courts' computer systems." *Id.* at 1724 ¶¶ 154–55.

Thus, in an almost 50-page Complaint, Plaintiffs make only three allegations of tortious conduct on behalf of GTL, all of which are highly general. Much more importantly, though, Plaintiffs draw no causal links between those three allegations and the claimed injuries. The named Plaintiffs allege the following specific injuries:

- "Plaintiff Turnage was jailed for eighty (80) hours on an instrument that should have already been purged from the Odyssey system . . . ." Compl. PageID# 1704 ¶ 92.

- "Plaintiff Tate was repeatedly told that he was not in the Computer System and thus that he could not post bond. Plaintiff Tate lingered in the jail until November 11, 2016 . . . ." *Id.* at 1705 ¶ 95.

- Plaintiff Melton was not timely released from the Jail because "his order was not in the Computer System." *Id.* at 1705 ¶ 96.

- "Plaintiff Powell demanded to be taken before a judge and was taken to criminal court, but upon arrival he was returned to the jail because the Odyssey system did not reflect any pending case against Plaintiff Powell." *Id.* at 1706 ¶ 98.

5

- "The Odyssey System . . . did not reflect the fact that [Plaintiff Burgess's] warrant was recalled." *Id.* at 1707 ¶ 100.

- "Plaintiff Boyd lingered in custody until November 9, 2016 before the Odyssey System even reflected that Plaintiff Boyd was booked into the jail." *Id.* at 1707 ¶ 102.

- "Plaintiff Drain lingered in custody until November 8, 2016 before the Odyssey System even reflected that Plaintiff [Drain] was booked into the jail." *Id.* at 1708 ¶ 105.

- "Plaintiff Allen's husband was unable to post [her] bond because she did not appear in the jail system." *Id.* at 1709 ¶ 112.

Comparing the foregoing injuries with the allegations of GTL's negligence, there is no causal link between them. Not one of the injuries directly relates to the OMS system or the iCJIS "information hub." From the Complaint, it is impossible for GTL to know how its alleged acts caused the harm suffered by the Plaintiffs.

Not only does the Complaint fail to allege any specific injuries caused by either OMS or the information hub, but it also does not contain *any* specific allegations pertaining to those systems. In contrast, the Complaint contains numerous specific claims about Odyssey, including that "Tyler Tech failed to properly test Odyssey before the County implemented Odyssey," Compl. PageID# 1695 ¶ 57, that other counties had experienced issues "caused by Odyssey," *id.* at 1692 ¶ 45, and "Tyler Tech attempted to 'shoehorn' the government entity's system to Odyssey in order to 'make it fit,'" so that Tyler could save money, *id.* at 1692 ¶ 48. As this Court held when it denied Tyler's Motion to Dismiss, Plaintiffs have pled sufficient facts to show that "[b]ut for Tyler's failure to sufficiently integrate and design the *Odyssey* software, the iCJIS would have worked properly, and Plaintiffs would not have been detained unlawfully." R.112 PageID# 1084 (emphasis added). Central to this Court's decision, though, were the particular injuries suffered by the named Plaintiffs and the fact that Plaintiffs explicitly pled a direct causal link between those

6

injuries and Odyssey. *See id. at* 1082–84. The very same injuries discussed by this Court do not support a direct causal connection between *GTL* and the Plaintiffs' injuries. In other words, the Complaint is rife with allegations that Odyssey's malfunctions directly caused the Plaintiffs' injuries—meaning that Plaintiffs would have been harmed regardless of any purported negligence on GTL's behalf. "Tennessee's courts have consistently recognized that conduct cannot be a cause in fact of an injury when the injury would have occurred even if the conduct had not taken place." *Waste Mgmt., Inc. of Tennessee v. S. Cent. Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997).

To state a claim against GTL that has "facial plausibility" as required by Rule 8, Plaintiffs needed to "plead[] factual content that allows the court to draw the reasonable inference" that but for GTL's alleged negligence, Plaintiffs would not have been wrongfully detained in jail. *Iqbal*, 556 U.S. at 678; *see also Hale*, 166 S.W.3d at 718. The allegations in the Complaint do not support a reasonable inference that GTL's alleged failure to properly maintain the OMS and information hub systems caused Plaintiffs' injuries. Simply put, there is no indication in the Complaint that GTL is in any way responsible for Plaintiffs' alleged unlawful detainment. GTL therefore requests that this Court dismiss Plaintiffs' Complaint for failure to state a claim on which relief can be granted.

          Respectfully submitted,

          s/ R. Brandon Bundren
          R. Brandon Bundren, BPR #30985
          James L. Murphy III, BPR #9589
          BRADLEY ARANT BOULT CUMMINGS LLP
          1600 Division Street, Suite 700
          Nashville, TN  37203
          Tel: 615.244.2582
          Fax: 615.252.6380
          bbundren@bradley.com
          jmurphy@bradley.com

          *Attorneys for Global Tel\*Link Corporation*

## CERTIFICATE OF SERVICE

   I certify that on the 12th day of March, 2019, I electronically filed a true and correct copy of this **Memorandum in Support of Global Tel\*Link Corporation's Motion to Dismiss Plaintiffs' Fifth Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted** with the U.S. District Court for the Western District of Tennessee using the Court's Electronic Case Filing System, which will send notice of this filing to counsel of record as follows:

***Attorneys for Plaintiffs:***

Brice Moffatt Timmons  (btimmons@blackmclaw.com)
John C. Ryland  (jryland@blackmclaw.com)
Michael G. McLaren  (mmclaren@blackmclaw.com)
Warren Patrick Campbell  (wcampbell@blackmclaw.com)
William E. Cochran, Jr. (wcochran@blackmclaw.com)
BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

Claiborne Hembrick Ferguson (claiborne101@yahoo.com)
THE CLAIBORNE FERGUSON LAW FIRM, P.A.

Frank L. Watson, III (fwatson@watsonburns.com)
William F. Burns (bburns@watsonburns.com)
William E. Routt, III (wroutt@watsonburns.com)
WATSON BURNS, LLC

Joseph S. Ozment (jozment@oz-law.net)
LAW OFFICE OF JOSEPH S. OZMENT, PLLC

Daniel Owen Lofton (dlofton@craigandloftonlaw.com)
LAW OFFICE OF CRAIG & LOFTON, PC

8

Matthew Charles Gulotta (matt@gulottalaw.net)
THE GULOTTA FIRM

Steven George Wilson (stevewilsonlaw@gmail.com)
THE STEVE WILSON FIRM

***Attorneys for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Shelby County, Tennessee:***

Robert E. Craddock, Jr. (rcraddock@wyattfirm.com)
Amber D. Floyd (afloyd@wyattfirm.com)
Byron Norman Brown (bbrown@wyattfirm.com)
Meghan McMahon Cox (mcox@wyattfirm.com)
Odell Horton, Jr. (ohorton@wyattfirm.com)
WYATT TARRANT & COMBS, LLP

Emmett Lee Whitwell (lee.whitwell@shelbycountytn.gov)
SHELBY COUNTY ATTORNEY'S OFFICE

***Attorneys for Defendant Tyler Technologies, Inc.:***

Beth Bivans Petronio (beth.petronio@klgates.com)
K&L GATES LLP

Bradley E. Trammell (btrammell@bakerdonelson.com)
BAKER DONELSON BEARMAN CALDWELL & BERKOWWITZ

***Attorneys for Defendant Sierra-Cedar, Inc.:***

Kevin David Bernstein (kdb@spicerfirm.com)
Albert G. McLean (amclean@spicerfirm.com)
SPICER RUDSTROM PLLC

***Attorneys for Software AG USA, Inc.:***

Douglas F. Halijan (dhalijan@bpjlaw.com)
William David Irvine (wirvine@bpjlaw.com)
BURCH PORTER & JOHNSON PLLC

                                        s/ R. Brandon Bundren
                                        R. Brandon Bundren