IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>    PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR. in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation,<br><br>    DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp**<br><br>(Hon. Judge Samuel H. Mays)<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**ORDER GOVERNING PRODUCTION OF COURT RECORDS
AND ELECTRONICALLY STORED INFORMATION**

A continuation hearing was held on February 25, 2019 concerning outstanding discovery issues between Plaintiffs and the Shelby County Defendants[1] following the Court's ruling on Plaintiffs' Motion to Compel the Production of Documents and Information (D.E. 113) and the Shelby County Defendants' Motion for Protective Order (D.E. 133). These outstanding issues included, among others, the scope of Plaintiffs' proposed search of email boxes belonging to various individuals, the parties' proposed orders to be entered reflecting the Court's prior rulings, and the process for handling the production of "jackets" containing court records pertaining to cases filed in the Shelby County General Sessions and Criminal Courts.

In its prior ruling on the Shelby County Defendants' Motion for Protective Order, the Court considered the Shelby County Defendants' arguments concerning the confidential and sensitive nature of expunged case records and, after balancing the interests of the respective parties, determined that Plaintiffs' interests in obtaining discovery in this federal civil rights action necessitate the production of that information, despite Tennessee's statutory law prohibiting or limiting such disclosure, provided that such records are produced and maintained in accordance with the Amended Agreed Protective Order (ECF No. 156). Having weighed the burdens and expenses of the discovery sought by Plaintiffs, the Court now finds the procedures outlined below appropriately address the respective needs of the parties at this time, including Shelby County's interests in preventing unnecessary disruption of the ongoing operations of the Criminal Court and General Sessions Criminal Court. Nothing in this Order shall prohibit Plaintiffs from conducting additional discovery in this case pursuant to the Federal Rules of Civil Procedure.

---

[1] The "Shelby County Defendants" include Shelby County, Tennessee, and the following individuals named in their individual and/or official capacities: Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, and Tiffany Ward.

Additionally, having considered the Shelby County Defendants' report on the scope of Plaintiffs' proposed search of emails belonging to the Shelby County Defendants and the arguments and suggestions of counsel for those parties as to how to efficiently handle production of the Shelby County Defendants' electronically stored information ("ESI"), the Court orders that production of such ESI occur pursuant to the protocol specified below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. The Shelby County Defendants shall produce scanned copies of the "jackets" for cases that were filed in Shelby County Criminal Court between November 1 and December 31, 2016.

2. The Shelby County Defendants shall cause the Criminal Court jackets to be scanned and shall produce digital images of those jackets in Portable Document Format ("PDF"), unitized as one PDF file per jacket, no later than Monday, April 15, 2019.

3. If issues arise with respect to the production of the Criminal Court jackets that may impact the Shelby County Defendants' ability to meet the April 15, 2019 deadline, counsel for the parties shall confer to determine a reasonable extension of time for the production and communicate their agreement to the Court.

4. Counsel for the parties shall confer regarding a mutually acceptable date and time for Plaintiffs' vendor, with assistance and oversight by Shelby County representatives, to pull and scan the jackets for cases filed in the Shelby County General Sessions Criminal Court between November 1 and December 31, 2016.

5. Plaintiffs shall copy each of the digital images of scanned jackets onto a disc or flash drive for the Shelby County Defendants, with the cost of such disc or flash drive to be paid by Shelby County.

6. The parties shall handle ESI gathered from Plaintiffs' requested searches of specified custodians for the time period of October 1 through December 31, 2016, as follows:

   a. After the Shelby County Defendants complete their collection of additional Sheriff's Office ESI and have run Plaintiffs' requested search terms through the entire data set, the Shelby County Defendants may utilize searching or filtering techniques designed to capture ESI that may reflect privileged communications or information, which ESI the Shelby County Defendants may then set aside for privilege review. Upon completion of this privilege review, the Shelby County Defendants shall produce all non-privileged documents in the manner and format described herein at paragraph 6(e).

   b. By no later than Friday, March 15, 2019, the Shelby County Defendants shall produce to Plaintiffs all ESI captured by Plaintiffs' search terms, other than potentially privileged ESI segregated as set forth in subparagraph 6(a) above, in native format with load files and unique document identification numbers.

   c. All ESI provided to Plaintiffs as set forth in the preceding paragraph shall be designated "Attorneys' Eyes Only" under the Amended Agreed Protective Order and shall be handled in accordance with the provisions thereof.

   d. Following receipt of the ESI from the Shelby County Defendants, Plaintiffs shall designate ESI documents they believe to be responsive to Plaintiffs' discovery requests and shall communicate those determinations

to the Shelby County Defendants. In this regard, counsel for the parties shall confer regarding the appropriate method of sharing the results of Plaintiffs' responsiveness review so as to facilitate additional review by the Shelby County Defendants as contemplated in the following subparagraph 6(e). Any ESI that Plaintiffs do not designate as responsive shall remain as Attorneys' Eyes Only under the Amended Agreed Protective Order and shall be handled in accordance with the provisions thereof.

e. Following Plaintiffs' completion of their responsiveness review and designation of responsive documents, the Shelby County Defendants shall have the opportunity to review the designated documents for relevance, privilege, and appropriate classification under the Amended Agreed Protective Order. After determining whether privilege and/or confidentiality applies to the designated documents, the Shelby County Defendants will produce the designated, non-privileged documents as single-page, Bates labeled TIFF images with a separate, image-only load file in addition to the comprehensive load file requested by Plaintiffs and shall otherwise satisfy the requirements of the production format requested by Plaintiffs on December 29, 2018, unless otherwise agreed by the parties.

f. Pursuant to Rule 502(d) of the Federal Rules of Evidence, no applicable privilege or ground for withholding production is waived, in this or any future proceedings, by production of documents or disclosure of

information pursuant to this Order, and the parties shall not be required to meet the requirements of Fed. R. Evid. 502(b)(1)-(3) in order to preserve any applicable privilege. Upon demand, Plaintiffs shall return any paper copies to the Shelby County Defendants and delete all electronic copies of privileged or protected ESI that is produced pursuant to this Order. To the extent that the parties disagree over the application of these principles or challenge the privileged nature of produced ESI, Plaintiffs shall not make use or disclosure of the ESI in question until the matter is resolved by the Court.

g. Counsel for the parties shall attempt to resolve any disputes regarding relevance, applicable privileges, or appropriate designations under the Amended Agreed Protective Order without Court intervention. However, in the event disputes cannot be resolved, either party may submit the matter to the Court for resolution. In the event that ESI documents or the substance thereof are included with or communicated in any filing with the Court, the filing must comply with the Amended Agreed Protective Order as well as all applicable laws and regulations related to confidentiality and Federal Rule of Civil Procedure 5.2.

h. Each Defendant, other than the Shelby County Defendants, shall be provided a duplicate copy of the documents scanned by Shelby County in paragraph 2 of this Order and a duplicate copy of the documents scanned by Plaintiffs in paragraph 4 of this Order (to be provided on disc(s) or flash drive(s), as the case may be), with the cost of such disc(s) or flash

drive(s) to be paid by each Defendant.  Further, each Defendant shall be provided a duplicate copy of all ESI produced by Shelby County that is ultimately reviewed and Bates numbered as per paragraph 6 of this Order (to be provided on disc(s) or flash drive(s), as the case may be), with the cost of such disc(s) or flash drive(s) to be paid by each Defendant.

IT IS SO ORDERED.

s/ Tu M. Pham
HONORABLE TU M. PHAM
UNITED STATES MAGISTRATE JUDGE

March 19, 2019
DATE