# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

SCOTT TURNAGE, CORTEZ D. BROWN,
DEONTAE TATE, JEREMY S. MELTON,
ISSACCA POWELL, KEITH BURGESS, TRAVIS
BOYD, TERRENCE DRAIN, and KIMBERLY
ALLEN on behalf of themselves and all similarly
situated persons,

Plaintiffs,

v.

BILL OLDHAM, in his individual capacity as
former Sheriff of Shelby County, Tennessee;
FLOYD BONNER, JR., in his official capacity as
Sheriff of Shelby County, Tennessee; ROBERT
MOORE, in his individual capacity as former Jail
Director of Shelby County, Tennessee; KIRK
FIELDS, in his official capacity as Jail Director of
Shelby County, Tennessee; CHARLENE
MCGHEE, in her individual capacity as former
Assistant Chief of Jail Security of Shelby County,
Tennessee; REGINALD HUBABARD, in his
official capacity as Assistant Chief of Jail
Security of Shelby County, Tennessee; DEBRA
HAMMONS, in her individual capacity as former
Assistant Chief of Jail Programs of Shelby
County,Tennessee; TIFFANY WARD in her
official capacity as Assistant Chief of Jail
Programs of Shelby County, Tennessee; SHELBY
COUNTY, TENNESSEE, a Tennessee
municipality; TYLER TECHNOLOGIES, INC., a
foreign corporation; GLOBAL TEL*LINK
CORPORATION, a foreign corporation;
SOFTWARE AG USA, INC., a foreign
corporation; and SIERRA-CEDAR, INC., a
foreign corporation,

Defendants.

No. 2:16-cv-02907-SHM-tmp

---

## UNOPPOSED MOTION FOR AMENDED SCHEDULING ORDER AND SUPPORTING MEMORANDUM OF FACTS AND LAW

COME NOW Plaintiffs, Scott Turnage, Cortez D. Brown, Deonte Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, Terrance Drain, and Kimberly Allen,, on behalf of themselves and all similarly situated persons (hereafter "Plaintiffs"), and Defendants, Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, Shelby County, Tennessee, Tyler Technologies, Inc., Software AG U.S.A, Inc., and Sierra-Cedar, Inc. (hereafter "Defendants"), (collectively, the "Parties") and submit their Unopposed Motion For Amended Scheduling Order and supporting Memorandum of Law included herein.[1]  The Parties respectfully request that the Court amend the existing Scheduling Order ("Joint Approved Scheduling Order" [Doc. 108]), by extending the deadline stated therein for completion of class discovery and the deadlines for filing motions for class certification and related responses, replies, and sur-replies, all by six (6) months,  by adding a deadline for Plaintiffs' disclosure of experts pertaining to class certification and a deadline for Defendants' disclosure of experts pertaining to class certification within the requested six (6) month extension for completion of class discovery, and by including an "early mediation" deadline of September 6, 2019, all as stated in the Parties' proposed Amended Scheduling Order attached hereto as Exhibit A. In support of this Motion, the Parties respectfully show and state as follows:

<u>MEMORANDUM OF FACTS AND LAW</u>

---

[1] Defendant Global Tel*Link Corporation ("GTL") has filed a Motion to Dismiss Plaintiffs' Fifth Amended Complaint. [Doc. 178].  This motion is pending.  Given the pending motion to dismiss, GTL does not join in this motion to amend the scheduling order.  Nevertheless, GTL is unopposed to the relief requested.

<u>FACTS</u>

1. This matter is a possible class action.  Pursuant to the Court's Order (Doc. 168), Plaintiffs filed their Fifth Amended Class Action Complaint on February 26, 2019, adding three new defendants to this action - Global Tel*Link Corporation, Sierra-Cedar, Inc., and Software AG USA, Inc.  These three (3) new defendants have filed their respective responsive pleadings, which are Sierra-Cedar, Inc.'s Answer to Fifth Amended Complaint, filed March 12, 2019 (Doc. 176), Global Tel Link Corporation's Motion To Dismiss, filed March 12, 2019 (Doc. 178), and Software AG USA, Inc.'s Answer to Fifth Amended Complaint, filed March 19, 2019 (Doc. 181).

2. The Parties have agreed to bifurcate class certification from merits discovery, with class discovery and class certification to occur first.  The current scheduling order ("Joint Approved Scheduling Order" [Doc. 108]), was entered by the Court on September 7, 2018. Subsequent to entry of that scheduling order, there has been significant activity by the parties involving document production by Shelby County.   After multiple hearings on discovery disputes, Magistrate Judge Tu M. Pham entered his order on March 19, 2019 (Doc. 180) governing Shelby County's production of the documents requested by Plaintiffs, consisting of thousands of criminal court jackets and tens of thousands of emails to or from a host of Shelby County employees. Based on the extremely large volume of documents that are being produced, and in accordance with the procedures that have been established by the above-referenced order, including the assertion of applicable privileges, it is believed that this document production will not be completed until mid-April at the earliest and more likely a date thereafter, closer to the current deadline for completing discovery, which is May 13, 2019.

3.      The Parties would show that additional class discovery after the completion of Shelby county's document production will need to be taken, including written discovery by the three (3) new defendants, depositions of the plaintiffs, and potentially other discovery, including but not limited to expert discovery if any experts pertaining to class certification are disclosed by the Parties. Further, the movants have agreed that this case should be mediated and have agreed that the case should be mediated on or before September 6, 2019.  Based on the foregoing, the Parties respectfully submit that the existing deadline for completing class discovery needs to be extended by six (6) months, from May 13, 2019 to November 13, 2019, and further submit that a deadline for Plaintiffs' disclosure of experts pertaining to class certification should be set for September 13, 2019 and a deadline for Defendants' disclosure of experts pertaining to class certification should be set for October 14, 2019.  Additionally, extending the class discovery deadline and the deadlines for filing class certification motions, response, replies and sur-replies, will not delay this matter as no trial date has been set in this case.

4.      The Parties further submit that based on the foregoing proposed extension of the deadline for completion of class discovery, the existing deadline for filing class certification motions should be extended six (6) months as well, from June 3, 2019 to December 4, 2019, and that corresponding deadlines for responses, replies, and sur-replies pertaining to class certification motions should each be extended by six (6) months, with the deadline for Defendants' Responses to motions for class certification extended from July 8, 2019 to January 8, 2020, the deadline for Plaintiffs' Replies to Defendants' Responses  extended from July 22, 2019 to January 22, 2020, and the deadline for Defendants' Sur-Replies to Plaintiffs' Replies, extended from August 6, 2019 to February 5, 2020.

<u>LAW AND ARGUMENT</u>

Rule 6(b) of the Federal Rules of Civil Procedures states that "when an act must be done within a specified time, the court may, for good cause, extend the time…" Fed. R. Civ. P. 6(b)(1)(A). The Parties respectful submit that the foregoing stated facts constitute "good cause" for amending the existing scheduling order in this case pursuant to Fed. R. Civ. P. 6(b)(1)(A) and pursuant to the provisions of the Court's existing scheduling order (Doc. 108).

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that this Honorable Court amend the existing scheduling order (Doc. 108) as outlined above and in the attached [Proposed] Amended Scheduling Order, in order to allow sufficient time for the Parties to complete class discovery in an orderly and efficient manner and to provide corresponding new deadlines for the filing of class certification motions and the related responses, replies, and sur-replies.

Respectfully submitted:

/s/Frank L. Watson, III
Frank L. Watson, III (#15073)
William F. Burns (#17908)
William E. Routt, III (#028577)
WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
bburns@watsonburns.com
wroutt@watsonburns.com

Michael G. McLaren (#5100)
John C. Ryland (#16878)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK McLAREN JONES RYLAND
& GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
mmclaren@blackmclaw.com
wcochran@blackmclaw.com
 btimmons@blackmclaw.com
jryland@blackmclaw.com

*Counsel for Plaintiffs*


/s/Bradley E. Trammell
Bradley E. Trammell (#13980)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Telephone: 901-526-2000
btrammell@bakerdonelson.com


Beth Bivans Petronio (Tex. #00797664)
K&L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

/s/ Robert E. Craddock, Jr.
Robert E. Craddock, Jr. (#5826)
Odell Horton, Jr. (#12426)
Byron N. Brown IV (#023529)
Meghan M. Cox  (#33028)
WYATT TARRANT & COMBS LLP
6070 Poplar Ave., Suite 300
Memphis, TN 38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com
afloyd@wyattfirm.com


E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,
Robert Moore, Charlene McGhee,
Debra Hammons and Shelby County, Tennessee*


/s/Douglas F. Halijan
Douglas F. Halijan (# 015718)
William D. Irvine (# 035193)
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Ave.
Memphis, TN 38103
Telephone: 901-524-5000
dhalijan@bpjlaw.com
wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

/s/ Albert G. McLean
Kevin David Bernstein (#18543)
Albert G. McLean (#5150)
SPICER RUDSTROM PLLC-Memphis
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
901-526-0213 (fax)
amclean@spicerfirm.com
kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2 (a)(1)(B), by email communications, the undersigned counsel has been advised that the above-signed counsel for the Parties agree to and join in the foregoing motion. Defendant Global Tel*Link Corporation is unopposed to the relief requested in this motion.

/s/ Albert G. McLean
Albert G. McLean

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record stated above, by the Clerk of Court using the CM/ECF system, this 10th day of April, 2019.

s/ Albert G. McLean
ALBERT G. MCLEAN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

SCOTT TURNAGE, CORTEZ D. BROWN,
DEONTAE TATE, JEREMY S. MELTON, ISSACCA
POWELL, KEITH BURGESS, TRAVIS BOYD,
TERRENCE DRAIN, and KIMBERLY ALLEN on
behalf of themselves and all similarly situated persons,
Plaintiffs,

v.

BILL OLDHAM, in his individual capacity as
former Sheriff of Shelby County, Tennessee;
FLOYD BONNER, JR., in his official capacity as
Sheriff of Shelby County, Tennessee; ROBERT
MOORE, in his individual capacity as former Jail
Director of Shelby County, Tennessee; KIRK
FIELDS, in his official capacity as Jail Director of        No. 2:16-cv-02907-SHM-tmp
Shelby County, Tennessee; CHARLENE MCGHEE,
in her individual capacity as former Assistant Chief
of Jail Security of Shelby County, Tennessee;
REGINALD HUBABARD, in his official capacity
as Assistant Chief of Jail Security of Shelby County,
Tennessee; DEBRA HAMMONS, in her individual
capacity as former Assistant Chief of Jail Programs
of Shelby County,Tennessee; TIFFANY WARD in
her official capacity as Assistant Chief of Jail
Programs of Shelby County, Tennessee; SHELBY
COUNTY, TENNESSEE, a Tennessee municipality;
TYLER TECHNOLOGIES, INC., a foreign
corporation; GLOBAL TEL*LINK
CORPORATION, a foreign corporation;
SOFTWARE AG USA, INC., a foreign corporation;
and SIERRA-CEDAR, INC., a foreign corporation,
Defendants.

## [PROPOSED] AMENDED SCHEDULING ORDER



EXHIBIT

A

This matter is a possible class action.  Pursuant to the Court's Order, Plaintiffs filed their Fifth Amended Class Action Complaint on February 26, 2019, adding three new defendants to this action.  The parties have agreed to bifurcate class certification from merits discovery, with class discovery and class certification to occur first.  The Court agrees that this is appropriate. The parties also agree that this case should be mediated and have agreed to a deadline for the same as stated below.  The following schedule and deadlines relating to class discovery and certification are therefore established:

1.      The parties have agreed to mediate this case and have agreed that mediation is to be conducted on or before September 6, 2019.

2.      Plaintiffs' deadline for disclosing expert information pertaining to class certification pursuant to Fed. R. Civ. P. 26(a) shall be September 13, 2019.  Defendants' deadline for disclosing expert information pertaining to class certification pursuant to Fed. R. Civ. P. 26(a) shall be October 14, 2019.

3.      All discovery related to Class Certification, including expert-related discovery, shall conclude by November 13, 2019.

4.      Plaintiffs shall file motions for class certification by December 4, 2019.

5.      Defendants' responses to plaintiffs' motions for class certification shall be filed by January 8, 2020.

6.      Plaintiff's replies to such responses shall be due January 22, 2020, and any sur-replies filed by defendants shall be due February 5, 2020.

After the Court has ruled on class certification, another scheduling conference will be held to set additional dates for which merits discovery can be conducted.  Absent good cause, the scheduling dates set by this order will not be modified or extended.

So ORDERED this _____ day of April, 2019.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE