IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br> PLAINTIFFS, <br><br> v. <br><br><br><br><br><br><br><br><br><br> BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation. <br><br> DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp** <br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**MOTION FOR LEAVE TO FILE SIXTH AMENDED CLASS ACTION COMPLAINT
AND MEMORADUM OF LAW IN SUPPORT OF SAME**

COME NOW the Plaintiffs, Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, and Terrence Drain, on behalf of themselves and all similarly -situated persons, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 15(a), file this Motion for Leave to File their Sixth Amended Class Action Complaint, a copy of which will be emailed to the Judge's ECF Inbox pursuant to the Court's ECF Guidelines. This new complaint maintains the same counts and allegations against the same Defendants from the original and prior amended complaints, adds a new Defendant based on an allegation of comparative fault, and adds allegations and counts against various comparative tortfeasor Defendants. Plaintiffs have consulted with all opposing counsel and have not yet received either consent or opposition to the amendment. Thus, Plaintiffs seek leave to amend their Class Action Complaint, which should be granted for the reasons sets forth below:

**STATEMENT OF FACTS**

This is a class action matter brought under the 42 U.S.C. §§ 1983 and 1988 and Tennessee common law, alleging unlawful and over-detentions of the Plaintiffs and other similarly-situated persons ("class members") in the Shelby County Jail beginning in October 2016 and continuing through the present date after Shelby County replaced its long-used inmate tracking software with the Shelby County Integrated Criminal Justice System ("Odyssey system"), a new inmate tracking software system designed and implemented by Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., and Sierra Systems Group, Inc. (hereinafter "Contractor Defendants"). Almost immediately upon

implementation of the Odyssey system, jail processes broke down and inmates were lost within the jail because the new Odyssey computer system could not locate them. Inmates were thus detained unlawfully and for far longer than necessary. Some inmates were arrested on warrants that had been satisfied previously. As a result of this jail breakdown, hundreds, possibly thousands, of individuals were affected. It is with this class action matter that the Plaintiffs, both those named and those who comprise the class of similarly-situated individuals, seek redress and relief for the violation of their constitutionally protected rights to be free from unlawful and overzealous restraint.

## PROCEDURAL POSTURE

This class action was consolidated by this Court on March 13, 2017. Plaintiffs' subsequently filed an Amended Consolidated Class Action Complaint on March 24, 2017, per the Court's Order of March 13, 2017. The Shelby County Defendants their Answer to same on April 14, 2017.  Tyler Technologies, Inc., rather than file an Answer, filed a Motion to Dismiss. On May 4, 2017, Plaintiffs filed their Second Amended Consolidated Class Action Complaint, which added additional facts to the complaint. The Shelby County Defendants filed their Answer to this complaint and a Motion for Partial Judgment on the Pleadings on May 25, 2017. Tyler Technologies again filed a Motion to Dismiss rather than an answer on May 26, 2017, their first Motion to Dismiss having been rendered moot by the filing of another amended complaint. Following a ruling on these motions, Tyler Technologies, Inc. filed its Answer alleging comparative fault against a number of co-defendants. Upon the filing of Plaintiff's Fifth Amended Class Action Complaint, Defendant Global Tel*Link filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). Defendant Sierra-Cedar, Inc. subsequently answered the Fifth Amended Class Action Complaint and alleged comparative fault against Sierra Systems, Inc.

Plaintiffs seek leave to amend to add as a defendant Sierra Systems Inc. as a party and to respond to Global Tel*Link's motion to dismiss.

**ARGUMENT**

### I. The Efficient Administration of Justice Requires That Plaintiffs be Given Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met here, as the Sixth Amended Class Action Complaint would add a necessary defendant to the proceedings.

### II. Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend

A motion for leave to amend the pleadings should be granted except in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Here, Plaintiffs have a statutory right to amend their complaint to name Sierra Systems Group, Inc. and to amend the allegations of their complaint to include allegations against Sierra Systems Group, Inc. as well as other comparative tortfeasor Defendants in light of GTL's motion to dismiss.

Finally, the amendment of the complaint in this matter is not futile. "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) Motion to Dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000). In addressing a motion to dismiss under that rule, the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual

4

allegations as true. <u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." <u>Id.</u>  Nonetheless, a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, (2007).

Here, Plaintiffs have previously alleged facts sufficient to state a claim for relief that is facially plausible and, as stated earlier, Plaintiffs are not changing, altering, or modifying their causes of action or fundamental allegations against the Defendants. Therefore, Defendants have had and will continue to have "fair notice" of the facts and the grounds upon which Plaintiffs' claims' rest.

### CONCLUSION

For the above stated reasons, Plaintiffs Motion for Leave to File Their Sixth Amended Class Action Complaint should be granted.

Respectfully submitted,

/s/*Brice Timmons*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998

Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com


Claiborne Ferguson (Tenn. Bar No. 20457)
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, Tennesseee 38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

*Counsel for Plaintiffs and the putative Class
Members*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2019, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan
William David Irvine
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG Cloud Americas, Inc.*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Russell Brandon Bundren
James L. Murphy
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Albert G. McLean
Kevin David Bernstein
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
Email:  amclean@spicerfirm.com
Email:  kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

s/ *Brice M. Timmons*