## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

SCOTT TURNAGE, CORTEZ D. BROWN,
DEONTAE TATE, JEREMY S. MELTON, ISSACCA
POWELL, KEITH BURGESS, TRAVIS BOYD,
TERRENCE DRAIN, and KIMBERLY ALLEN on
behalf of themselves and all similarly situated persons,

      Plaintiffs,

v.

BILL OLDHAM, in his individual capacity as
former Sheriff of Shelby County, Tennessee;
FLOYD BONNER, JR., in his official capacity as
Sheriff of Shelby County, Tennessee; ROBERT
MOORE, in his individual capacity as former Jail
Director of Shelby County, Tennessee; KIRK
FIELDS, in his official capacity as Jail Director of
Shelby County, Tennessee; CHARLENE MCGHEE,
in her individual capacity as former Assistant Chief
of Jail Security of Shelby County, Tennessee;
REGINALD HUBABARD, in his official capacity
as Assistant Chief of Jail Security of Shelby County,
Tennessee; DEBRA HAMMONS, in her individual
capacity as former Assistant Chief of Jail Programs
of Shelby County, Tennessee; TIFFANY WARD in
her official capacity as Assistant Chief of Jail
Programs of Shelby County, Tennessee; SHELBY
COUNTY, TENNESSEE, a Tennessee municipality;
TYLER TECHNOLOGIES, INC., a foreign
corporation; GLOBAL TEL*LINK
CORPORATION, a foreign corporation;
SOFTWARE AG USA, INC., a foreign corporation;
and SIERRA-CEDAR, INC., a foreign corporation,
SIERRA SYSTEMS GROUP, INC. a foreign
corporation,

      Defendants.

No. 2:16-cv-02907-SHM-tmp

---

## DEFENDANT SOFTWARE AG USA, INC.'S ANSWER TO PLAINTIFFS' SIXTH AMENDED CLASS ACTION COMPLAINT

COMES NOW the Defendant Software AG ("Software AG"), by and through counsel, and files its Answer to Plaintiffs' Sixth Amended Class Action Complaint ("Sixth Amended Complaint").

## I.

## <u>NATURE OF THE ACTION</u>

1.      Software AG admits that Plaintiffs have brought this action under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law but denies that it deprived any Plaintiff of his or her constitutional rights or any rights conferred by the laws of Tennessee.

## II.

## <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

2.      Upon information and belief, Software AG admits that this Court has original subject matter jurisdiction over Plaintiffs' Sections 1983 and 1988 claims against Shelby County and its named employees pursuant to 28 U.S.C. §§ 1331 and 1343.  Software AG denies that this Court has original subject matter jurisdiction over Plaintiffs' claims against Software AG or any other non-governmental entity pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 and therefore denies the same.

4.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 and therefore denies the same.

5.      Software AG does not dispute the jurisdiction of this Court over the subject matter of Plaintiffs' claims against Software AG, but Software AG denies that Plaintiffs have stated any viable cause of action against Software AG and/or that Software AG is liable to Plaintiffs under any theory of recovery alleged in the Sixth Amended Complaint.

6.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 and therefore denies the same.

7.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 and therefore denies the same.

8.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 and therefore denies the same.

9.      Admitted.

### III.

### THE PARTIES AND PERSONAL JURISDICTION

10.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 and therefore denies the same.

11.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 and therefore denies the same.

12.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 and therefore denies the same.

13.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 13 and therefore denies the same.

14.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 and therefore denies the same.

15.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 and therefore denies the same.

16.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 and therefore denies the same.

17.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 17 and therefore denies the same.

18.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 18 and therefore denies the same.

19.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 19 and therefore denies the same.

20.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 20 and therefore denies the same.

21.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 21 and therefore denies the same.

22.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 22 and therefore denies the same.

23.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 23 and therefore denies the same.

24.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 24 and therefore denies the same.

25.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 25 and therefore denies the same.

26.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 26 and therefore denies the same.

27.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 27 and therefore denies the same.

28.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 28 and therefore denies the same.

29.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 29 and therefore denies the same.

30.     Admitted.

31.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 31 and therefore denies the same.

32.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 32 and therefore denies same.

33.     Paragraph 33 sets forth legal conclusions to which no response is required.  To the extent a response is required, Software AG denies the allegations contained therein.

## IV.

## FACTUAL ALLEGATIONS

A.     **Summary of Class Allegations.**

34.     Software AG admits that the Shelby County Jail employed a computer system to process and track arrest files, criminal cases and court records for the purposes alleged in Paragraph 34, but lacks sufficient information to admit or deny the other allegations and characterizations set forth in Paragraph 34 and therefore denies the same.

35.     Upon information and belief, Software AG admits that Shelby County rolled out a new Computer Tracking System in or about October 2016.  Software AG further admits that software called "Odyssey" is a part of the new system, but denies that it created, marketed or implemented the Odyssey system for Shelby County; instead, the Odyssey software is or was created, marketed and implemented by Defendant Tyler Technologies, Inc. ("Tyler Tech").

Software AG lacks sufficient information to admit or deny the other allegations contained in Paragraph 35 and therefore denies the same.

36.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 36 and therefore denies the same.

37.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 37 and therefore denies the same.

38.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 38 as against any other Defendant and therefore denies the same.

39.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 39 as against any other Defendant and therefore denies the same.

40.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 40 and therefore denies the same.

41.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 41 and therefore denies the same.

42.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 42 as against any other Defendant and therefore denies the same.

**B.     <u>The County Establishes an IT Steering Committee that is Told the Odyssey Software Will Not Work.</u>**

43.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 43 and therefore denies the same.

44.     Software AG lacks sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 44 and therefore denies the same.  As to the remaining allegations of Paragraph 44, Software AG denies that it submitted a "request for proposal" to Shelby County's IT Committee, that it promoted the purchase or implementation of the Odyssey Case Management System, or that it made any claims regarding same, and lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 44 and therefore denies the same.

45.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 45 and therefore denies the same.

46.     Software AG denies that it created, offered or implemented the Odyssey system at any time, but lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 46 and therefore denies the same.

47.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 47 and therefore denies the same.

48.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 48 and therefore denies the same.

49.     Software AG denies the allegations of the first sentence of Paragraph 49 to the extent such allegations are directed to it specifically, but lacks sufficient knowledge to admit or deny the remaining allegations of that sentence as against any other Defendant. Software AG lacks sufficient information to admit or deny the allegations set forth in the second sentence of Paragraph 49 and therefore denies the same.

50.     Software AG denies the allegations of Paragraph 50 to the extent such allegations are directed to it specifically, but lacks sufficient information to admit or deny the allegations set forth in Paragraph 50 as against any other Defendant.

51.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 51 and therefore denies the same.

**C.      The Contractor Defendants Negligently Integrate Odyssey in a Manner that Leads to Computer Tracking System Miscues and Negligently Supervises Its Employees and the County's Employees.**

52.     Upon information and belief, Software AG admits the allegations contained Paragraph 52.

53.     Paragraph 53 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 53 and therefore denies the same.

54.     Upon information and belief, Software AG admits that the contract referenced in Paragraph 54 contains the quoted language.  Software AG lacks sufficient information to admit or deny any other allegations set forth in Paragraph 54 and therefore denies the same.

55.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 55 and therefore denies the same.

56.     Upon information and belief, Software AG admits that the contract referenced in Paragraph 56 contains the quoted language.

57.     Upon information and belief, Software AG admits that the contract referenced in Paragraph 57 contains the quoted language.  The final sentence of Paragraph 57 sets forth a legal conclusion to which no response is required.  To the extent a response to that sentence is

required, Software AG lacks sufficient information to admit or deny such allegations and therefore denies the same.

58.     Paragraph 58 sets forth a legal conclusion to which no response is required.  To the extent a response is required, upon information and belief, Software AG admits that Tyler Tech provided Odyssey training to Shelby County employees but lacks sufficient information to admit or deny the remaining allegations contained therein and therefore denies the same.

59.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 59 and therefore denies the same.

60.     Software AG admits that it entered into a contract with Shelby County, the terms and content of which speaks for itself, but lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 60 as to any other Defendant.  As to footnote 1 appended to Paragraph 60, Software AG admits that Tyler Tech, in a previously-filed Answer, asserted as an affirmative defense the alleged comparative fault of Defendants Software AG, Global Tel*Link Corporation ("GTL"), and Sierra-Cedar, Inc. ("Sierra-Cedar").  Software AG denies that it negligently acted or failed to act in any manner that renders it liable to Plaintiffs or that might reduce the liability of Tyler Tech or any other Defendant to Plaintiffs.

61.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 61 and therefore denies the same.

62.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 62 and therefore denies the same.

63.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 63 as against any other Defendant and therefore denies the same.

64.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 64 as against any other Defendant and therefore denies the same.

**D.      Defendants GTL, Software AG and Sierra-Cedar negligently failed to comply with their duties to Plaintiffs in connection with the County's Integrated Criminal Justice System, thereby materially contributing to the violations of Plaintiffs' rights.**

65.     Software AG admits that, in a previously-filed Answer, Tyler Tech asserted as an affirmative defense the comparative fault of Software AG, GTL and Sierra-Cedar. Software AG denies that it negligently acted or failed to act in any manner that renders it liable to Plaintiffs or that might reduce the liability of Tyler Tech or any other Defendant to Plaintiffs.

66.     Software AG admits that it entered into a contractual relationship with Shelby County.  On information and belief, Software AG admits that GTL and Sierra-Cedar also entered into contractual relationships with Shelby County.  Otherwise, Paragraph 66 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Software AG denies any remaining allegations.

67.     Upon information and belief, Software AG admits that GTL entered into a contract with Shelby County, the content of which speaks for itself.  Software AG lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 67 and therefore denies the same.

68.     Software AG admits that it entered into a contract with Shelby County, the content of which speaks for itself.  Software AG denies all remaining allegations contained in Paragraph 68.

69.     Upon information and belief, Software AG admits that Sierra-Cedar entered into a contract with Shelby County, the content of which speaks for itself.   Software AG lacks

sufficient information to admit or deny the remaining allegations set forth in Paragraph 69 and therefore denies the same.

70.     Software AG lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 70 and therefore denies the same.

**E.     Ignoring these Warnings, the Sheriff and the County Adopt and Defendants Moore, McGhee, and Hammons Implement the Odyssey System and the Violation of Arrestees' Rights Ensues.**

71.     Upon information and belief, Software AG admits that Tyler Tech entered into a contractual relationship with Shelby County.  Software AG lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 71 and therefore denies the same.

72.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 72 and therefore denies the same.

73.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 73 and therefore denies the same.

74.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 74 and therefore denies the same.

75.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 75 and therefore denies the same.

76.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 76 as against any other Defendant, and therefore denies the same.

77.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 77 and therefore denies the same.

78.     Denied on information and belief.

79.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 79 as against any other Defendant, and therefore denies the same.

80.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 80 and therefore denies the same.

**F.      Violations of the named Plaintiffs' Rights.**

**i.      Plaintiff Turnage is Arrested and Detained for 80 Hours on an Attachment Arising from a Civil Debt of $310.25**

81.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 81 and therefore denies the same.

82.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 82 and therefore denies the same.

83.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 83 and therefore denies the same.

84.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 84 and therefore denies the same.

85.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 85 and therefore denies the same.

86.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 86 and therefore denies the same.

87.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 87 and therefore denies the same.

88.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 88 and therefore denies the same.

89.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 89 and therefore denies the same.

90.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 90 and therefore denies the same.

91.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 91 and therefore denies the same.

92.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 92 and therefore denies the same.

93.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 93 and therefore denies the same.

94.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 94 and therefore denies the same.

95.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 95 and therefore denies the same.

96.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 96 and therefore denies the same.

97.     Software AG denies that it was on notice of Odyssey's failures and the systematic deprivation of the constitutional rights of Mr. Turnage.   Software AG lacks sufficient information to admit or deny this allegation as against any other Defendant and therefore denies the same.  Paragraph 97 otherwise sets forth a legal conclusion to which no response is required. To the extent a response is required, any other allegations are denied.

ii. **Plaintiff Brown is Detained for a Week Following the Dismissal of His Charges**

98.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 98 and therefore denies the same.

iii. **Plaintiff Tate is Jailed After Being Refused the Ability to Post a Pre-Set Bond of $100.00**

99.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 99 and therefore denies the same.

iv. **Plaintiff Melton is Detained for Four Days after the Entry of an Order for his Release**

100.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 100 and therefore denies the same.

v. **Plaintiff Powell is Held for Two Weeks Without Access to Bail or Court**

101.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 101 and therefore denies the same.

102.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 102 and therefore denies the same.

vi. **Plaintiff Burgess is Arrested on an Already Satisfied Warrant**

103.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 103 and therefore denies the same.

104.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 104 and therefore denies the same.

105.      Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 105 and therefore denies the same.

**vii.** **Plaintiff Boyd is Detained for Six Days Without a Probable Cause Determination Followed by Further Overdetention after Posting Bond**

106.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 106 and therefore denies the same.

107.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 107 and therefore denies the same.

108.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 108 and therefore denies the same.

**viii.** **Plaintiff Drain is Detained for Six Days Without a Probable Cause Determination Followed by an Additional Twenty-Five Days of Overdetention**

109.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 109 and therefore denies the same.

110.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 110 and therefore denies the same.

111.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 111 and therefore denies the same.

112.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 112 and therefore denies the same.

113.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 113 and therefore denies the same.

114.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 114 and therefore denies the same.

ix.     **Plaintiff Allen is Detained for Approximately Eight Days After Being Unable to Post a Pre-Set Bond Because She was Not Found in the Computer System**

115.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 115 and therefore denies the same.

116.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 116 and therefore denies the same.

117.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 117 and therefore denies the same.

118.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 118 and therefore denies the same.

119.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 119 and therefore denies the same.

120.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 120 and therefore denies the same.

G.     **Uniform Damages to the Plaintiffs and the Class Members for Loss of Liberty.**

121.    Paragraph 121 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Software AG denies any allegations contained therein as to Software AG and avers that it lacks sufficient information to admit or deny those same allegations as against any other Defendant and therefore denies the same.

122.    Paragraph 122 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Software AG denies the allegations contained therein.

123.    Denied.

124.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 124 and therefore denies the same.

125.    Denied.

126.    Paragraph 126 contains no factual allegations, and therefore no response is required.

## V.

## <u>CLASS ACTION ALLEGATIONS</u>

127.    Software AG admits that Plaintiffs have purported to bring this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but otherwise denies the remaining allegations contained in Paragraph 127.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Software AG admits that named Plaintiffs have chosen the counsel identified in Paragraph 132 to represent them, but lacks sufficient information to admit or deny the other allegations set forth in Paragraph 132 and therefore denies the same.

133.    Software AG admits that named Plaintiffs have chosen the counsel identified in Paragraph 133 to represent them, but lacks sufficient information to admit or deny the other allegations set forth in Paragraph 133 and therefore denies the same.

134.    Admitted.

135.    Denied.

**VI.**

**CAUSES OF ACTION**

**COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 (AGAINST DEFENDANTS OLDHAM, MOORE, McGHEE, HAMMONS IN THEIR INDIVIDUAL CAPACITIES)**

136.    Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

137.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 137 and therefore denies the same.

138.    Paragraph 138 sets forth legal conclusions to which no response is required.  To the extent a response is required, Software AG denies the allegations contained therein.

139.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 139 and therefore denies the same.

140.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations contained in Paragraph 140 as against any other Defendant and therefore denies the same.

141.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 141 and therefore denies the same.

142.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 142 and therefore denies the same.

**COUNT 2 – VIOLATION OF 42 U.S.C. § 1983 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICIAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY)**

143.    Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

144.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 144 and therefore denies the same.

145.    Paragraph 145 sets forth legal conclusions to which no response is required.  To the extent a response is required, Software AG denies the allegations contained therein.

146.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 146 and therefore denies the same.

147.    Paragraph 147 sets forth legal conclusions to which no response is required.  To the extent a response is required, Software AG denies the allegations contained therein.

**COUNT 3 – NEGLIGENCE (AGAINST DEFENDANT TYLER TECH)**

148.    Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

149.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 149 and therefore denies the same.

150.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 150 and therefore denies the same.

151.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 151 and therefore denies the same.

152.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 152 and therefore denies the same.

**COUNT 4 – NEGLIGENT TRAINING AND SUPERVISION (AGAINST DEFENDANT TYLER TECH)**

153.    Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

154.    Upon information and belief, Paragraph 154 alleges an element of a cause of action that has been dismissed by the Court.  To the extent a response is required, Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 154 and therefore denies the same.

155.    Upon information and belief, Paragraph 155 alleges an element of a cause of action that has been dismissed by the Court.  To the extent a response is required, Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 155 and therefore denies the same.

156.    Upon information and belief, Paragraph 156 alleges an element of a cause of action that was previously dismissed by the Court, at least as to the Defendants in the case at the time.  To the extent a response is required, Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 156 and therefore denies the same.

## COUNT 5 – NEGLIGENCE (AGAINST DEFENDANT GTL)

157.    Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

158.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 158 and therefore denies the same.

159.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 159 and therefore denies the same.

160.    Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 160 and therefore denies the same.

**COUNT 6 – NEGLIGENCE (AGAINST DEFENDANT SOFTWARE AG)**

161.     Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

162.     Software AG denies that it owed Plaintiffs and/or Class Members any duty of care.

163.     Software AG denies that it breached any duty owed to Plaintiffs and/or Class Members.

164.     Software AG denies that it directly or proximately caused the injuries, if any, suffered by Plaintiffs and/or Class Members.  Software AG further denies that the damages claimed by Plaintiffs and Class Members are not "economic damages" under applicable law.

**COUNT 7 – NEGLIGENCE (AGAINST DEFENDANT SIERRA-CEDAR)**

165.     Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

166.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 166 and therefore denies the same.

167.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 167 and therefore denies the same.

168.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 168 and therefore denies the same.

**COUNT 8 –NEGLIGENCE (AGAINST DEFENDANT SIERRA SYSTEMS)**

169.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 169 and therefore denies the same.

170.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 170 and therefore denies the same.

171.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 171 and therefore denies the same.

172.     Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 172 and therefore denies the same.

### COUNT 9 – DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY)

173.     Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

174.     Paragraph 174 quotes the Declaratory Judgment Act and contains no factual content.  No response is required.

175.     Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 175 as against any other Defendant and therefore denies the same.

176.     Denied.

177.     Denied.

178.     Denied.

### COUNT 10 – INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICIAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY)

179.     Software AG incorporates its responses to the preceding paragraphs as if fully set forth herein.

180.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 180 as against any other Defendant and therefore denies the same.  Paragraph 180 also sets forth legal conclusions to which no response is required.

181.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 181 as against any other Defendant and therefore denies the same.

182.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 182 as against any other Defendant and therefore denies the same.

183.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 183 as against any other Defendant and therefore denies the same.

184.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 184 as against any other Defendant and therefore denies the same.

185.    Denied as to Software AG.  Software AG lacks sufficient information to admit or deny the allegations set forth in Paragraph 185 as against any other Defendant and therefore denies the same.

Software AG denies any allegation set forth with particularity in the Sixth Amended Complaint that has not heretofore been admitted, denied, or explained.

## VII.

## PRAYER FOR RELIEF

Software AG denies that Plaintiffs are entitled to any of the relief set forth in the section of their Sixth Amended Complaint titled "PRAYER FOR RELIEF."

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to the allegations set forth in the Sixth Amended Complaint, Software AG states as follows:

1.     The Sixth Amended Complaint fails to allege facts upon which relief may be granted against Software AG, and it should therefore be dismissed as to Software AG pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.     Software AG did not owe any legal duty to Plaintiffs, and Plaintiffs therefore cannot establish a cause of action for negligence against Software AG.

3.     Software AG did not act or fail to act in any way that constituted a deviation from the applicable standard of care or that otherwise resulted in the breach of any legal duty owed to Plaintiffs, and Plaintiffs therefore cannot establish a cause of action for negligence against Software AG.

4.     No act or omission by Software AG directly or proximately caused any injury to Plaintiffs, and Plaintiffs therefore cannot establish a cause of action for negligence against Software AG.

5.     The Sixth Amended Complaint fails to demonstrate the suitability of this matter for class action certification pursuant to Federal Rule of Civil Procedure 23 or any subpart thereof as to Software AG.  In the event a class is certified over Software AG's objections, Software AG asserts the defenses set forth herein against each and every member of the certified

class.  In the event a class is not certified, Software AG asserts these defenses against each individual Plaintiff named herein.

6.      Plaintiffs have not incurred any damages due to the acts and/or omissions of Software AG, and Plaintiffs thus cannot establish a cause of action for negligence against Software AG.

7.      Plaintiffs have waived any right to seek damages pursuant to any cause of action alleged against Software AG.

8.      Plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

9.      Plaintiffs' claims are barred, in whole or part, by the equitable doctrines of estoppel or laches.

10.     Software AG adopts and relies upon the doctrine of comparative fault.  Software AG's share of any fault assessed should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including the other Defendants herein. Software AG reserves the right to supplement this defense in the event discovery reveals additional parties with comparative responsibility.

11.     Any damages incurred by Plaintiffs are speculative and uncertain, and therefore not compensable as a matter of law.

12.     Plaintiffs have failed to mitigate their damages, if any.

13.     Plaintiffs' claims are barred, in whole or part, by the economic loss doctrine.

14.     Software AG adopts and incorporates herein its contract with Shelby County as if fully stated herein and relies on the terms of said contract.

15.     Plaintiffs have failed to demonstrate the suitability of injunctive relief in this matter, as they cannot demonstrate any ongoing acts or omissions that might cause irreparable

injury such that legal remedies are inadequate to fully compensate for such injury. Further, Plaintiffs have not demonstrated that injunctive relief would serve the public interest.

16.     Software AG adopts and incorporates by reference herein all affirmative or other applicable defenses pled by other Defendants.

WHEREFORE, PREMISES CONSIDERED, Software AG respectfully requests that this Court dismiss any and all claims against Software AG, and that the Court grant such other and further relief to which Software AG may be entitled.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

By:     /s/ Douglas F. Halijan
        Douglas F. Halijan (BPR # 015718)
        William D. Irvine (BPR # 035193)
        130 N. Court Ave.
        Memphis, TN 38103
        Telephone:  901-524-5000
        Email:  dhalijan@bpjlaw.com
        Email: wirvine@bpjlaw.com

## CERTIFICATE OF SERVICE

I, Douglas F. Halijan, hereby certify that on May 15, 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Western District of Tennessee by the following:

Frank L. Watson, III
William F. Burns
William E. Routt, III
WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

Michael G. McLaren
John C. Ryland
William E. Cochran, Jr.
Brice M. Timmons
BLACK McLAREN JONES RYLAND
& GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
Email: mmclaren@blackmclaw.com
Email: wcochran@blackmclaw.com
Email: btimmons@blackmclaw.com
Email: jryland@blackmclaw.com

Bradley E. Trammell
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Telephone: 901-526-2000
btrammell@bakerdonelson.com

Beth Bivans Petronio
K&L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

James L. Murphy III
R. Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2303
jmurphy@bradley.com
615.252.4647
bbundren@bradley.com

*Counsel for Global Tel*Link Corporation*

Claiborne Ferguson
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, TN 38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

Matthew Charles Gulotta
THE GULOTTA FIRM
202 Adams Avenue
Memphis, TN 38103
901-526-6477
901-410-5373 (fax)
matt@gulottalaw.net

Steven George Wilson
THE STEVE WILSON FIRM
Clark Tower
5100 Poplar Avenue
Suite 2700
Memphis, TN 38137
901-337-1300
901-372-1446 (fax)
stevewilsonlaw@gmail.com

Daniel Owen Lofton
THE LAW OFFICE OF CRAIG & LOFTON, PC
2400 Poplar Ave.
Suite 210
Memphis, TN 38112
901-526-7837
901-526-0234 (fax)
dlofton@craigandloftonlaw.com

*Counsel for Plaintiffs and the putative Class Members*

Robert E. Craddock, Jr.
Odell Horton, Jr.
Byron N. Brown IV
Meghan M. Cox
WYATT TARRANT & COMBS LLP
6070 Poplar Ave., Suite 300
Memphis, TN 38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com
afloyd@wyattfirm.com

E. Lee Whitwell
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham,
Robert Moore, Charlene McGhee,
Debra Hammons and Shelby County,
Tennessee*

Kevin David Bernstein
Albert G. McLean
SPICER RUDSTROM PLLC-Memphis
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
901-526-0213 (fax)
amclean@spicerfirm.com
kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

s/ Douglas F. Halijan
Douglas F. Halijan

28