| | |
|---|---|
| **From:** | Brown, Byron |
| **To:** | Will Routt; Horton, Odell |
| **Cc:** | Craddock, Bob; Cox, Meghan; bbundren@babc.com; btrammell@bakerdonelson.com; beth.petronio@klgates.com; kdb@spicerfirm.com; amclean@spicerfirm.com; Doug Halijan; wirvine@bpjlaw.com; jmurphy@bradley.com; Bill Burns; Frank Watson; MMcLaren@blackmclaw.com; wcochran@blackmclaw.com; btimmons@blackmclaw.com; Claiborne@midsouthcriminaldefense.com; jozment@oz-law.net; Lee.Whitwell@shelbycountytn.gov; jzeigler@bassberry.com; mkapellas@bassberry.com |
| **Subject:** | RE: Turnage, et al. v. Oldham, et al., Case No. 2:16-cv-02907-SHM-tmp |
| **Date:** | Monday, June 24, 2019 10:07:23 AM |

Will,

Thanks for your email. If we correctly understand your email, the Plaintiffs are proposing to refine the search terms to those attached to your email, which Plaintiffs contend will reduce the hit count by approximately 124,000 documents. Then, rather than Plaintiffs reviewing those hits for responsiveness, Plaintiffs propose that Shelby County simply apply Bates labels to approximately 168,500 documents and produce the documents, subject to a claw back process.

As you may recall, Shelby County's position was that the Plaintiffs' initial search terms were overbroad. Plaintiffs argued against a process of refining the search terms. The parties compromised on the process specified in Judge Pham's Order of March 19, 2019 (ECF No. 180). The County incurred significant costs doing things this way – costs that would not have been incurred had Plaintiffs refined their search earlier in the process. What the Plaintiffs propose now is a significant departure from the process outlined in Judge Pham's Order. For all practical purposes, it is essentially a reset to what Plaintiffs were proposing in the beginning.

We have no objection to using the refined search terms to cull down what needs to be reviewed for responsiveness. We've urged that since the beginning. But we do not agree to the proposal to simply turn over the refined search hits. As previously discussed, we do not think the claw back proposal is efficient in this case, where we have multiple different parties and a significant number of documents. Instead, we think the Plaintiffs should review the revised search results for responsiveness and provide the document control numbers for those documents that are actually responsive to the discovery requests, as Plaintiffs previously agreed to do and as is specified in the Court's Order. Then the County will (i) review that set for responsiveness and potential privileges, and (ii) make a production with Bates labels.

Of course, the Plaintiffs' revised search terms may also limit the volume of the documents the County has set aside for initial privilege review. Thus, we propose that the County run the revised terms through that document set, set aside everything that is not responsive to the revised search terms, and review only what is responsive to the revised search terms. Then, pursuant to our prior agreement and the Court's Order, the County will produce to Plaintiffs any non-privileged documents.

Please let me know if you think we need to discuss this.

**Byron N. Brown IV**

Wyatt, Tarrant & Combs, LLP

EXHIBIT 2

Direct: (901) 537-1038

**From:** Will Routt [mailto:wroutt@watsonburns.com]
**Sent:** Wednesday, June 19, 2019 5:49 PM
**To:** Horton, Odell; Brown, Byron
**Cc:** Craddock, Bob; Cox, Meghan; bbundren@babc.com; btrammell@bakerdonelson.com; beth.petronio@klgates.com; kdb@spicerfirm.com; amclean@spicerfirm.com; Doug Halijan; wirvine@bpjlaw.com; jmurphy@bradley.com; Bill Burns; Frank Watson; MMcLaren@blackmclaw.com; wcochran@blackmclaw.com; btimmons@blackmclaw.com; Claiborne@midsouthcriminaldefense.com; jozment@oz-law.net; Lee.Whitwell@shelbycountytn.gov; jzeigler@bassberry.com; mkapellas@bassberry.com
**Subject:** Turnage, et al. v. Oldham, et al., Case No. 2:16-cv-02907-SHM-tmp

**CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you know the sender and were expecting this message.

Odell and Byron-

Please find attached Plaintiffs' proposed search terms for culling down the County's 292,697 ESI documents. The attached search terms result in 168,563 documents (including family members) and accordingly eliminate 124,134 documents from the universe of 292,697 documents provided by the County. Plaintiffs believe that such a significant reduction relieves the County of any alleged burden with respect to producing this ESI and would ask that the County produce these documents with Bates labels at its earliest convenience pursuant to the Court's order. Plaintiffs encourage the County to forego any document-by-document privilege/confidentiality review of these materials in reliance upon the robust protective order and clawback provisions that the Court has entered in this case, particularly since Plaintiffs already have access to these documents. In light of the protective order and clawback provisions, such a production cannot harm the County and will facilitate our mutual efforts to mediate later this year.

I am in the process of working with the vendor to get the control numbers for the 168,026 documents that Plaintiffs have identified and will provide that to you when it is available. In the meantime, we're happy to discuss.

Thanks,

William E. Routt, Esq.
**Watson Burns, PLLC**
253 Adams Avenue
Memphis, Tennessee 38103
901-529-7996
(fax) 901-529-7998
wroutt@watsonburns.com