## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN SECTION OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | Case No. 2:16-cv-2907-SHM/tmp<br><br>(Hon. Judge Samuel H. Mays) |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR. in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation; and SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW<br><br>JURY TRIAL DEMANDED PURSUANT TO FED. R.  CIV. PRO. 38(a) & (b) |
| DEFENDANTS. | ) | |

## DEFENDANT SIERRA-CEDAR, INC.'S ANSWER TO PLAINTIFFS' SEVENTH AMENDED CLASS ACTION COMPLAINT

Comes now Defendant, Sierra-Cedar, Inc., (hereafter "Sierra-Cedar") and in response to Plaintiffs' Seventh Amended Class Action Complaint (D.E.218 ) (hereinafter "Plaintiffs' Complaint"), would state the following:

1.      This defendant admits that in the Seventh Amended Complaint filed in this cause Plaintiffs assert claims allegedly based on the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law.  Defendant denies it violated any of the Plaintiffs' constitutional rights, or other rights, and alleges that Plaintiffs are not entitled to any relief as outlined therein.

2.      The allegations of Paragraph 2 of Plaintiffs' Complaint are admitted as to the claims asserted against the co-defendants Shelby County and its employees and former employees who are named as defendants.   The allegations of Paragraph 2 of Plaintiffs' Complaint are denied as to the claims asserted against this defendant and the other non-governmental defendants.

3.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 3 of Plaintiffs' Complaint.  Said allegations are therefore denied.

4.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 4 of Plaintiffs' Complaint.  Said allegations are therefore denied.

5.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 5 of Plaintiffs' Complaint.  Said allegations are therefore denied.

6.      Defendant admits the allegations found in Sentences 1 and 4 of Paragraph 6 of Plaintiffs' Complaint.  This defendant is without sufficient information or knowledge to admit or deny the allegations found in Sentence 2 of Paragraph 6 of the Complaint.  It is admitted that this defendant is a corporation organized under the laws of Delaware with its principal place of business in Alpharetta, Georgia.

7.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 7 of Plaintiffs' Complaint.  Said allegations are therefore denied.

8.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 8  of Plaintiffs' Complaint.  Said allegations are therefore denied.

9.      Admitted.

10.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 10 of Plaintiffs' Complaint.  Said allegations are therefore denied.

11.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 11 of Plaintiffs' Complaint.  Said allegations are therefore denied.

12.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 12 of Plaintiffs' Complaint.  Said allegations are therefore denied.

13.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 13 of Plaintiffs' Complaint.  Said allegations are therefore denied.

14.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 14 of Plaintiffs' Complaint.  Said allegations are therefore denied.

15.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 15 of Plaintiffs' Complaint.  Said allegations are therefore denied.

16.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 16 of Plaintiffs' Complaint.  Said allegations are therefore denied.

17.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 17 of Plaintiffs' Complaint.  Said allegations are therefore denied.

18.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 18 of Plaintiffs' Complaint.  Said allegations are therefore denied.

19.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 19 of Plaintiffs' Complaint.  Said allegations are therefore denied.

20.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 20 of Plaintiffs' Complaint.  Said allegations are therefore denied.

21.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 21 of Plaintiffs' Complaint.  Said allegations are therefore denied.

22.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 22 of Plaintiffs' Complaint.  Said allegations are therefore denied.

23.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 23 of Plaintiffs' Complaint.  Said allegations are therefore denied.

24.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 24 of Plaintiffs' Complaint.  Said allegations are therefore denied.

25.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 25 of Plaintiffs' Complaint.  Said allegations are therefore denied.

26.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 26 of Plaintiffs' Complaint.  Said allegations are therefore denied.

27.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 27 of Plaintiffs' Complaint.  Said allegations are therefore denied.

28.     Upon information and belief, admitted.

29.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 29 of Plaintiffs' Complaint.  Said allegations are therefore denied.

30.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 30 of Plaintiffs' Complaint.  Said allegations are therefore denied.

31.     Admitted.

32.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 32 of Plaintiffs' Complaint.  Said allegations are therefore denied.

33.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 33 of Plaintiffs' Complaint.  Said allegations are therefore denied.

34.     Paragraph 34 of Plaintiffs' Complaint contains legal conclusions and as such no response is necessary.  To the extent however the allegations are adverse to this defendant, said allegations are therefore denied.

35.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 35 of Plaintiffs' Complaint.  Said allegations are therefore denied.

36.     It is alleged, upon information and belief that in November 2016, Shelby County went live with the Shelby County Integrated Criminal Justice System (iCJIS). Further, upon information and belief, it is admitted that defendant Tyler Technologies, Inc. marketed and implemented the software system known as "Odyssey."  However, it is expressly denied that this Defendant created, marketed or implemented a software platform known as Odyssey.  Rather, the software platform known as Odyssey was created, marketed and implemented solely by Defendant, Tyler Technologies, Inc. All remaining allegations of Paragraph 36 of Plaintiffs' Complaint are denied.

37.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 36 of Plaintiffs' Complaint.  Said allegations are therefore denied.

38      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 38 of Plaintiffs' Complaint.  Said allegations are therefore denied.

39.     Denied as to this defendant.  Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 39 of Plaintiffs' Complaint. Said allegations are therefore denied.

40.     Denied as to this defendant.  Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 40 of Plaintiffs' Complaint. Said allegations are therefore denied.

41.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 41 of Plaintiffs' Complaint.  Said allegations are therefore denied.

42.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 42 of Plaintiffs' Complaint.  Said allegations are therefore denied.

43.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 43 of Plaintiffs' Complaint.  Said allegations are therefore denied.

44.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 44 of Plaintiffs' Complaint.  Said allegations are therefore denied.

45.     This Defendant expressly denies that it promoted to the County the purchase and implementation of the Odyssey Case Management System and denies that this Defendant claimed that the Odyssey Case Management System would provide a fully integrated court and justice solution with up to date information. The County made a decision to contract with Tyler Technologies, Inc. for Tyler's Odyssey Case Management System in July, 2013, which was long before the County even sought the services of this Defendant, as evidenced by the fact that this Defendant's contract with the County was entered into on May 4, 2014.  The decisions by the County to obtain the Odyssey Case Management System and to obtain the software platforms from GlobalTel*Link and Software AG U.S.A. were all made approximately nine (9) months before the County decided to contract with this Defendant for its services. Thus, by the time this Defendant

entered into its contract with Shelby County for its services, Shelby County had already purchased the software and services provided by the other defendants and this defendant had no input into the County's decisions as to what software programs and services to obtain for the County's new criminal justice computer system. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 45 of Plaintiffs' Complaint.  Said allegations are therefore denied.

46.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 46 of Plaintiffs' Complaint.  Said allegations are therefore denied.

47.     This Defendant denies that the Odyssey software system is this Defendant's system and would show that the Odyssey system was and is owned, marketed, and implemented by Tyler Technologies, Inc.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 47 of Plaintiffs' Complaint.  Said allegations are therefore denied.

48.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 48 of Plaintiffs' Complaint.  Said allegations are therefore denied.

49.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 49 of Plaintiffs' Complaint.  Said allegations are therefore denied.

50.     This Defendant denies the allegations to the extent they are directed at this Defendant.  Further, this Defendant would show that Shelby County had already determined to use Tyler Technologies, Inc.'s Odyssey Case Management System before

the County had discussions with and entered into a contract with this Defendant, as stated in paragraph 45 above. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 50 of Plaintiffs' Complaint. Said allegations are therefore denied.

51.     This Defendant denies the allegations to the extent they are directed at this Defendant.  As stated in paragraphs 45 and 50 above, Shelby County had already determined to use Tyler Technologies, Inc.'s Odyssey Case Management System before the County had discussions with and entered into a contract with this Defendant. Shelby County was its own general contractor and determined through its own committee(s) and personnel what software platforms and services it wanted to utilize in creating its own new criminal justice computer system.  Shelby County then contracted with the vendors the County chose to utilize - Tyler Technologies, Inc., Global Tel*Link, Software AG U.S.A., and New Dawn Technologies.  Nine months later the County contracted with this Defendant to provide certain  services with regard to  the implementation of an "information hub" for the County's  new criminal justice information system, which services are set forth in the contract between this Defendant and Shelby County. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 51 of Plaintiffs' Complaint and said allegations are therefore denied.

52.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 52 of Plaintiffs' Complaint.  Said allegations are therefore denied.

53.     Upon information and belief, the allegations of Paragraph 53 of Plaintiffs' Complaint are admitted.  Defendant would assert that the contract speaks for itself and any recitation to the contrary is hereby denied.

54.     Paragraph 54 of Plaintiffs' Complaint constitutes a legal conclusion and/or argument and therefore no response is needed or required.  To the extent the allegations, if any, are asserted against this defendant, said allegations are denied.

55.     The allegations of Paragraph 55 of Plaintiffs' Complaint are not directed to this defendant.  As such, no response is necessary.  Upon information and belief Defendant asserts that the contract between Shelby County and Tyler Technologies Inc. speaks for itself and any statements to the contrary are denied.

56.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 56 of Plaintiffs' Complaint.  Said allegations are therefore denied.

57.     Defendant asserts that the contract between Shelby County and Tyler Technologies Inc. speaks for itself and any statements to the contrary are herein denied.  To the extent the allegations of Paragraph 57 are addressed to this defendant, said allegations are denied.

58.     The contract between Shelby County and Tyler Technologies Inc. speaks for itself and any allegations to the contrary are denied.  To the extent the allegations of Paragraph 58 affect the rights of this defendant, said allegations are denied.

59.     Upon information and belief, Tyler Technologies provided Odyssey training pursuant to its contract with Shelby County.  Defendant is without sufficient

information or knowledge to admit or deny the remaining allegations of Paragraph 59 of Plaintiffs' Complaint, and such allegations are therefore denied.

60.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 60 of Plaintiffs' Complaint, and such allegations are therefore denied.

61.     This Defendant denies the allegations of paragraph 61 of Plaintiffs' Complaint to the extent that such allegations are directed to this Defendant. Defendant further alleges that its contract with Shelby County and all the change orders made to that contract are set forth in writing and such contract and each change order speaks for itself and any statements to the contrary are denied.

62.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 62 of Plaintiffs' Complaint, and such allegations are therefore denied.

63.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 63 of Plaintiffs' Complaint, and such allegations are therefore denied.

64.     The allegations of Paragraph 64 of Plaintiff's Complaint are denied as to this defendant.  Upon information and belief, however, Shelby County postponed the implementation of the Odyssey System for several months for additional testing.

65.     The allegations of Paragraph 65 of Plaintiff's Complaint are denied as to this defendant.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 65 of Plaintiffs' Complaint.  Said allegations are therefore denied.

66.    It is admitted that in its twelfth Affirmative Defense, Defendant Tyler Tech asserted in conclusory terms only allegations of comparative fault of this defendant without stating any actual comparative fault, negligence, acts or omissions of this defendant.  It is denied that this defendant is liable to the plaintiffs in any way. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 66 of Plaintiffs' Complaint.

67.    It is admitted this defendant entered into a contract with Shelby County to provide the services stated therein.  The contract sets out the scope of work and any allegations to the contrary are denied.  It is specifically denied that this defendant "undertook the same or substantially similar duties to plaintiffs as those undertaken by defendant Tyler Tech."  Said allegations are without basis.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 67 of Plaintiffs' Complaint.  Said allegations are therefore denied.

68.    Upon information and belief this defendant admits GTL entered into a contract with Shelby County to provide computer software and related services. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 68 of Plaintiffs' Complaint, and therefore such allegations are denied.

69.    Upon information and belief, the defendant admits that Software AG USA entered into a contract with Shelby County to provide computer software and related services.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 69 of Plaintiffs' Complaint, and therefore such allegations are denied.

70.     It is admitted that this defendant entered into a contract with Shelby County to provide the services stated in such contract.  The contract speaks for itself and any allegations to the contrary are denied.  The contract contains provisions setting out the scope of work of this defendant, which provisions are herein referred to as if set forth verbatim.  The remaining allegations of Paragraph 70 of Plaintiffs' Complaint are denied. Further, this defendant alleges that under its contract with the County, this defendant had no duty to train County employees and that the County had responsibility for training its employees in the County's operation and utilization of the "information hub".

71.     It is admitted that some of Sierra-Cedar, Inc.'s team members who provided services under Sierra-Cedar, Inc.'s contract with Shelby County were employees of Sierra Systems Group, Inc., including services related to implementation of the "information hub".  Further, Defendant alleges that its contract obligations did not include an obligation to train County employees, but rather the County had responsibility for training its employees in the operation of the "information hub".  Defendant denies the remaining allegations of Paragraph 71 of the Plaintiffs' Complaint.

72.     Defendant is without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 72 of Plaintiffs' Complaint, and such allegations are therefore denied.  The allegations contained in the second sentence of Paragraph 72 of Plaintiff's Complaint are expressly denied. Further, this defendant alleges that under its contract with the County, this defendant had no duty to train County employees and that the County had responsibility for training its employees in the County's operation and utilization of the "information hub".

73.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 73 of Plaintiffs' Complaint, and therefore such allegations are denied.

74.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 74 of Plaintiffs' Complaint, and therefore such allegations are denied.

75.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 75 of Plaintiffs' Complaint, and therefore such allegations are denied.

76.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 76 of Plaintiffs' Complaint, and therefore such allegations are denied.

77.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 77 of Plaintiffs' Complaint, and therefore such allegations are denied.

78.     The allegations of Paragraph 78 are denied as to this defendant.

79.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 79 of Plaintiffs' Complaint.  Said allegations are therefore denied.

80.     The allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied as to this defendant. Defendant is without sufficient information or knowledge to admit or deny the allegations

of Paragraph 81 of Plaintiffs' Complaint as to the other defendants, and such allegations are therefore denied.

82.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 82 of Plaintiffs' Complaint.  Said allegations are therefore denied.

83.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 83 of Plaintiffs' Complaint.  Said allegations are therefore denied.

84.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 84 of Plaintiffs' Complaint.  Said allegations are therefore denied.

85.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 85 of Plaintiffs' Complaint.  Said allegations are therefore denied.

86.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 86 of Plaintiffs' Complaint.  Said allegations are therefore denied.

87.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 87 of Plaintiffs' Complaint.  Said allegations are therefore denied.

88.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 88 of Plaintiffs' Complaint.  Said allegations are therefore denied.

89.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 89 of Plaintiffs' Complaint.  Said allegations are therefore denied.

90.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 90 of Plaintiffs' Complaint.  Said allegations are therefore denied.

91.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 91 of Plaintiffs' Complaint.  Said allegations are therefore denied.

92.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 92 of Plaintiffs' Complaint.  Said allegations are therefore denied.

93.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 93 of Plaintiffs' Complaint.  Said allegations are therefore denied.

94.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 94 of Plaintiffs' Complaint.  Said allegations are therefore denied.

95.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 95 of Plaintiffs' Complaint.  Said allegations are therefore denied.

96.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 96 of Plaintiffs' Complaint.  Said allegations are therefore denied.

97.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 97 of Plaintiffs' Complaint.  Said allegations are therefore denied.

98.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 98 of Plaintiffs' Complaint.  Said allegations are therefore denied.

99.     The allegations of Paragraph 99 are denied as to this defendant. Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 99 of Plaintiffs' Complaint as to the other defendants, and such allegations are therefore denied.

100.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 100 of Plaintiffs' Complaint.  Said allegations are therefore denied.

101.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 101 of Plaintiffs' Complaint.  Said allegations are therefore denied.

102.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 102 of Plaintiffs' Complaint.  Said allegations are therefore denied.

103.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 103 of Plaintiffs' Complaint.  Said allegations are therefore denied.

104.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 104 of Plaintiffs' Complaint.  Said allegations are therefore denied.

105.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 105 of Plaintiffs' Complaint.  Said allegations are therefore denied.

106.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 106 of Plaintiffs' Complaint.  Said allegations are therefore denied.

107.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 107 of Plaintiffs' Complaint.  Said allegations are therefore denied.

108.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 108 of Plaintiffs' Complaint.  Said allegations are therefore denied.

109.     Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 109 of Plaintiffs' Complaint.  Said allegations are therefore denied.

110.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 110 of Plaintiffs' Complaint.  Said allegations are therefore denied.

111.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 111 of Plaintiffs' Complaint.  Said allegations are therefore denied.

112.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 112 of Plaintiffs' Complaint.  Said allegations are therefore denied.

113.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 113 of Plaintiffs' Complaint.  Said allegations are therefore denied.

114.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 114 of Plaintiffs' Complaint.  Said allegations are therefore denied.

115.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 115 of Plaintiffs' Complaint.  Said allegations are therefore denied.

116.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 116 of Plaintiffs' Complaint.  Said allegations are therefore denied.

117.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 117 of Plaintiffs' Complaint. Said allegations are therefore denied.

118.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 118 of Plaintiffs' Complaint. Said allegations are therefore denied.

119.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 119 of Plaintiffs' Complaint. Said allegations are therefore denied.

120.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 120 of Plaintiffs' Complaint. Said allegations are therefore denied.

121.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 121 of Plaintiffs' Complaint. Said allegations are therefore denied.

122.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 122 of Plaintiffs' Complaint. Said allegations are therefore denied.

123.    The allegations of Paragraph 123 are denied as to this defendant.

124.    Paragraph 124 of Plaintiffs' Complaint references various cases and suppositions of law and as such no response is necessary. To the extent that this defendant's rights are imputed, said allegations are denied.

125.    Paragraph 125 of Plaintiffs' Complaint references various cases and suppositions of law and as such no response is necessary.  To the extent that this defendant's rights are imputed, said allegations are denied.

126.    Defendant is without sufficient information or knowledge to admit or deny the allegations of the first sentence of Paragraph 126 of Plaintiffs' Complaint.  Said allegations are therefore denied.  The allegations in the second sentence of Paragraph 126 of Plaintiff's Complaint are denied.

127.    The allegations of Paragraph 126 are denied as to this defendant.

128.    Paragraph 128 of Plaintiffs' Complaint does not make any factual allegations and as such no response is necessary.

129.    It is admitted that plaintiffs brought this suit as a purported class action allegedly based on Rule 23(b)(1), 23(b)(2) and/or 23(b)(3).  The remaining allegations of Paragraph 129 of Plaintiffs' Complaint are denied.

130.    The allegations of Paragraph 130 are denied.

131.    The allegations of Paragraph 131 are denied.

132.    The allegations of Paragraph 132 are denied.

133.    The allegations of Paragraph 133 are denied.

134.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 134 of Plaintiffs' Complaint.  Said allegations are therefore denied.  To the extent plaintiffs cite to various case citations those cases speak for themselves and their applicability to the subject case is similarly denied.

135.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 135 of Plaintiffs' Complaint.  Said allegations are therefore denied.

136.    Upon information and belief, the allegations of Paragraph 136 of Plaintiff's Complaint are admitted.

137.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 137 of Plaintiffs' Complaint.  Said allegations are therefore denied.  Further, this defendant asserts that none of the alleged "common factual and legal issues" stated in paragraph 131 (i – viii) of the Complaint, which Plaintiffs assert as a basis for meeting the Rule 23 requirement of "predominance and superiority,"  include any factual or legal issue pertaining to Plaintiffs' claim asserted against this defendant or any of the other "Contractor Defendants".  Furthermore, the alleged "common factual and legal issues" stated in paragraph 131 (ix – xi) of the Complaint, are alleged to apply to "one or more of the Contractor Defendants", which is insufficient to allege commonality as to this defendant or as to any of the other Contractor Defendants, since the allegations may not apply to "one or more of the Contractor Defendants" and Plaintiffs have failed to allege that any of the alleged issues apply to this particular defendant or to any other particular Contractor Defendant.

138.    This defendant incorporates its responses to the preceding paragraphs as if set forth herein verbatim.

139.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 139 of Plaintiffs' Complaint.  Said allegations are therefore denied.

140.    Paragraph 140 of Plaintiffs' Complaint asserts legal conclusions and citations to which no response is required.  To the extent this defendant's rights are impacted, such allegations are denied.

141.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 141 of Plaintiffs' Complaint.  Said allegations are therefore denied.

142.    The allegations of Paragraph 142 of Plaintiff's Complaint are denied as to this defendant.  Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 142 of Plaintiffs' Complaint to the extent they are asserted against the other defendants, and such allegations are therefore denied.

143.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 143 of Plaintiffs' Complaint.  Said allegations are therefore denied.

144.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 144 of Plaintiffs' Complaint.  Said allegations are therefore denied.

145.    This defendant incorporates its responses in the preceding paragraphs as if fully set forth herein verbatim.

146.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 146 of Plaintiffs' Complaint.  Said allegations are therefore denied.

147.    Paragraph 147 of Plaintiffs' Complaint contains legal conclusions that do not require a response.  To the extent these allegations impact this defendant's rights, said allegations are denied.

148.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 148 of Plaintiffs' Complaint.  Said allegations are therefore denied.

149.    Paragraph 149 of Plaintiffs' Complaint constitutes a legal conclusion and recitation to case law.  As such no response is necessary or required.  To the extent this defendant's rights are impacted, said allegations are denied.

150.    This defendant incorporates by reference the responses in the preceding paragraphs as if fully set forth herein verbatim.

151.    The allegations of Paragraph 151 are not addressed to this defendant and as such no response is necessary.

152.    The allegations of Paragraph 152 are not addressed to this defendant and as such no response is necessary.

153.    The allegations of Paragraph 153 are not addressed to this defendant and as such no response is necessary.

154.    The allegations of Paragraph 154 are not addressed to this defendant and as such no response is necessary.

155.    Defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

156.    Upon information and belief, the claim set forth in Paragraph 156 of Plaintiff's Complaint has been dismissed by this Court. To the extent this defendant's rights are impacted, said allegations are denied.

157.    Upon information and belief, the claim set forth in Paragraph 157 of Plaintiff's Complaint has been dismissed by this Court. To the extent this defendant's rights are impacted, said allegations are denied.

158.    Upon information and belief, the claim set forth in Paragraph 158 of Plaintiff's Complaint has been dismissed by this Court. To the extent this defendant's rights are impacted, said allegations are denied.

159.    This defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

160.    The allegations of Paragraph 160 of Plaintiffs' Complaint refer to GTL and therefore no response is required by this defendant. To the extent this defendant's rights are impacted however, said allegations are denied.

161.    The allegations of Paragraph 161 of Plaintiffs' Complaint refer to GTL and therefore no response is required by this defendant. To the extent this defendant's rights are impacted however, said allegations are denied.

162.    The allegations of Paragraph 162 of Plaintiffs' Complaint refer to GTL and therefore no response is required by this defendant. To the extent this defendant's rights are impacted however, said allegations are denied.

163.    Defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

164.    The allegations of Paragraph 164 of Plaintiffs' Complaint refer to Software AG and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

165.    The allegations of Paragraph 165 of Plaintiffs' Complaint refer to Software AG and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

166.    The allegations of Paragraph 166 of Plaintiffs' Complaint refer to Software AG and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

167.    This defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

168.    The allegations of Paragraph 168 of Plaintiffs' Complaint are denied. Defendant further alleges that the only duty owed by this defendant in this matter was the duty it owed to co-defendant Shelby County to provide the services called for in the contract entered into between this defendant and Shelby County, and the Plaintiffs are neither parties to, nor third party beneficiaries of that contract. Further Defendant alleges that the allegations stated in paragraph 168 are mere conclusory allegations and fail to set forth sufficient details to state a claim against this defendant.

169.    The allegations of Paragraph 169 of Plaintiffs' Complaint are denied. Further Defendant alleges that the allegations stated in paragraph 169 are mere conclusory allegations and fail to set forth sufficient details to state a claim against this defendant.

170.    The allegations of Paragraph 170 of Plaintiffs' Complaint are denied. Further Defendant alleges that the allegations stated in paragraph 170 are mere conclusory allegations and fail to set forth sufficient details to state a claim against this defendant.

171.    Defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

172.    The allegations of Paragraph 172 of Plaintiffs' Complaint are denied. Defendant further alleges that the only duty owed by Sierra Systems Group, Inc. in this matter was the duty it owed to co-defendants Sierra-Cedar, Inc. and Shelby County to provide the services called for in the contract entered into between Sierra-Cedar, Inc. and Shelby County, and the Plaintiffs are neither parties to, nor third party beneficiaries of that contract.

173.    The allegations of Paragraph 173 of Plaintiffs' Complaint are denied.

174.    The allegations of Paragraph 174 of Plaintiffs' Complaint are denied.

175.    Defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

176.    The allegations of Paragraph 176 of Plaintiffs' Complaint refer to "Tetra" (sic- Tetrus Corp.) and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

177.    The allegations of Paragraph 177 of Plaintiffs' Complaint refer to "Tetra" (sic- Tetrus Corp.) and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

178.   The allegations of Paragraph 178 of Plaintiffs' Complaint refer to "Tetra" (sic- Tetrus Corp.) and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

179.   Defendant incorporates its responses in the preceding paragraphs as if set forth herein verbatim.

180.   The allegations in Paragraph 180 of Plaintiffs' Complaint constitute citations and a quotation to the United States Code which speaks for itself.  As such no response is necessary.

181.   The allegations of Paragraph 181 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

182.   The allegations of Paragraph 182 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

183.   The allegations of Paragraph 183 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in

their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

184.    The allegations of Paragraph 184 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

185.    Defendant incorporates its responses to the preceding paragraphs as if set forth herein verbatim.

186.    The allegations of Paragraph 186 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied. .

187.    The allegations of Paragraph 187 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied. .

188.    The allegations of Paragraph 188 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied. .

189.    The allegations of Paragraph 189 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

190.    The allegations of Paragraph 190 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied.

191.    The allegations of Paragraph 191 of Plaintiffs' Complaint are asserted against the Defendants Floyd Bonner as Sheriff, Kirk Fields as Jail Director, Reginald Hubbard as Assistant Chief of Jail Security, Tiffany Ward as Chief of Jail Security, all in their respective official capacities, and against Shelby County, and not against this

defendant, and therefore no response is required of this defendant.  To the extent this defendant's rights are impacted however, the allegations are denied. .

192.    Defendant denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

193.    Any allegations not heretofore admitted, denied or explained are hereby denied as if set forth verbatim.

194.    Due to its recent addition to this case as a defendant, this defendant reserves the right to amend its answer pursuant to the Federal Rules of Civil Procedure.

<u>ADDITIONAL DEFENSES</u>

195.    Plaintiffs' Complaint fails to state facts upon which relief can be granted against this defendant and accordingly, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

196.    Defendant denies that it owed a legal duty to Plaintiffs, that it breached any duty to Plaintiffs, and that any acts or lack of action on this Defendant's part caused any injury to Plaintiffs. Further, Defendant asserts that assuming *arguendo* that it owed any duty to any of the Plaintiffs, which is denied, such duty was and is  limited by and subject to the terms and conditions of the contract entered into between this defendant and Shelby County, and Defendant further asserts that it performed its obligations under its contract with Shelby County, as required by and in accordance with the terms and conditions of its contract with Shelby County, and therefore Plaintiffs have no viable claim against this Defendant.

197.    It is denied that this cause of action is suitable for class action certification pursuant to the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable case law, for numerous reasons, including but not limited to the following:

(a)    First, Plaintiffs have not shown and cannot show that the class is so numerous that joinder of all members is impracticable.

(b)    Secondly, the proposed class definition is not sufficiently definite to be administratively feasible, as the class members are not ascertainable by reference to objective criteria.  The court would not be able to determine whether a particular individual is a member of the proposed class without extensive and individualized fact –finding. Accordingly, this purported class action is not appropriate for class certification based on the requirements of Rule 23 and applicable case law.

(c)    Thirdly, the individual fact-specific questions affecting the individual claims of the plaintiffs and the putative class members, both as to liability and monetary damages sought, predominate over any common class-wide questions of law or fact.  There is a lack of commonality and a lack of typicality of claims and/or issues of the plaintiffs and putative class members, on the one hand, and the multiple defendants on the other hand, as the defendants' roles and duties in this matter are all distinct, different, disparate, and individually fact-driven.  Defendant would further show that the commonality and typicality factors that are alleged by Plaintiffs in the Seventh Amended Complaint do not include any common question of fact or law pertaining to the claims asserted against this particular defendant. Accordingly, the Plaintiffs' claims against this defendant do

not satisfy the commonality and typicality requirements of Rule 23, and this action is not appropriate for class certification based on the requirements of Rule 23 and applicable case law.

(d)     Fourthly, Defendant asserts that there is a lack of adequacy of representation by the named plaintiffs, as required by Rule 23.

(e)     Fifthly, Defendant asserts that a class action would not be superior to other available methods for fairly and efficiently adjudicating the controversy, as required by Rule 23. Presumably the Plaintiffs would seek to bifurcate the issues of liability and damages, but even if the lawsuit were certified as a class action and the issues of liability and damages were bifurcated, Defendant's right to have a jury hear and determine the facts of the claims asserted against it, as guaranteed by the Seventh Amendment to the U.S. Constitution, would make management of the case problematic from a logistical and practical standpoint, as there would be unavoidable overlap of fact issues in the two trials, which would result in a second jury's re-examination of issues of fact determined by the first jury, which is impermissible under the Seventh Amendment.

198.    Defendant adopts by reference all Affirmative Defenses pled by all other defendants as if same were set out herein verbatim.

199.    Defendant pleads all applicable statutes of limitations and/or repose, including but not limited to Tenn. Code Ann. 28-3-104.

200.    Defendant adopts and incorporates herein its contract with Shelby County as if fully set forth verbatim and relies on the terms, conditions, exclusions, modifications and limitations of said contract.

201.  Injunctive relief is inappropriate in that Plaintiffs have not alleged any real or immediate future harm. Furthermore, Plaintiffs Complaint does not seek any injunctive relief against this defendant and therefore class certification under Rule 23(b)(2) is not available as to this this defendant.

202.  Plaintiffs have failed to properly mitigate their damages, if any.

203.  Plaintiffs have not sustained any damages that were caused by the acts and/or omissions of this defendant and therefore can state no claim for damages against this defendant herein.

204.  This defendant adopts and asserts the doctrine of comparative fault and alleges that any liability that might otherwise be imposed upon Defendant is subject to reduction by the application of the doctrine of comparative fault pursuant to Tennessee case law and Tenn. Code Ann. 29-11-107, which statute Defendant hereby incorporates by reference as if stated herein verbatim.   In accordance therewith, Defendant further alleges as follows:

(a)  Plaintiffs have alleged that various persons and entities other than Defendant are at fault for Plaintiffs' alleged injuries.  In light of these allegations, while Defendant expressly denies any fault and denies any liability to Plaintiffs, Defendant is constrained to plead, alternatively, that if the Plaintiffs' allegations are proven to be true against any of the other defendants, and/or if the Plaintiffs or any non-parties are found to be at fault and such fault proximately caused injury to the Plaintiffs, or any of the Plaintiffs, then the doctrine of comparative fault applies to such fault of the other parties and non-parties. Pursuant to Tennessee law, such fault must be apportioned between or among plaintiffs and any other

persons or entities to the extent that their fault, if any, proximately caused or contributed to any alleged injuries proven by the Plaintiffs.

(b)     Defendant alleges that some of the services provided under Defendant's contract with Shelby County were provided by employees of a Canadian corporation known as Sierra Systems Group Inc., which has since merged with another company and is still, on information and belief, known as Sierra Systems Group Inc. While Defendant asserts that all services called for under its contract with Shelby County were performed in accordance with the contract terms and in accordance with the  standard of care for business entities providing similar services, Defendant alleges in the alternative, that if it is established that any services  provided under Defendant's contract with Shelby County that were provided by employees of Sierra Systems Group Inc. were not in compliance with the standard of care for business entities providing similar services and that such services proximately caused injury to Plaintiffs, which is denied, then whatever fault may be found on the part of Sierra Systems Group Inc. must be included in the apportionment of fault in this case in accordance with comparative fault principles of Tennessee law.

205.    The damages alleged by Plaintiffs, if any, were not caused by any alleged negligence of this defendant, but are the result of intervening and/or supervening causes and the actions of third parties.

206.    Plaintiffs' have no basis for an award of attorney fees from this defendant, as the only claim asserted against this defendant is common law negligence, for which there is no basis for an award of attorney fees.

36

207.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of its legal, contractual and equitable rights, Defendant reserves the right to amend and/or supplement its Answer to assert any and all applicable defenses ascertained through further investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this action be dismissed with prejudice and that Defendant be awarded its attorney fees, its costs and expenses pursuant to Rule 54, and such other and further relief as is appropriate in the premises.

JURY DEMAND

Defendant respectfully demands a trial by jury herein.


Respectfully submitted,

**SPICER RUDSTROM, PLLC**


BY:    s/ Albert G. McLean
        KEVIN D. BERNSTEIN (TN #18543)
        ALBERT G. MCLEAN (TN # 5150)
        119 S. Main Street, Suite 700
        Memphis, Tennessee  38103
        (901) 523-1333 – Phone
        (901) 526-0213 – Fax
        kdb@spicerfirm.com
        amclean@spicerfirm.com

        *Attorneys for Defendant, Sierra-Cedar, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer has been served on all counsel of record via the Court's ECF system, on this 27th day of June, 2019, including but not limited to, the following:

*Attorneys for Plaintiffs*:

Brice Moffatt Timmons (btimmons@blackmclaw.com)
John C. Ryland (jryland@blackmclaw.com)
Michael G. McLaren (mmclaren@blackmclaw.com)
William Patrick Campbell (wcampbell@blackmclaw.com)
William E. Cochran, Jr. (wcochran@blackmclaw.com)
*Black, McLaren Jones Ryland & Griffee, P.C.*

Claiborne Hembrick Ferguson (claiborne101@yahoo.com)
*The Claiborne Ferguson Law Firm, P.A.*

Frank L. Watson, III (fwatson@watsonburns.com)
William F. Burns (bburns@watsonburns.com)
William E. Routt, III (wroutt@watsonburns.com)
*Watson Burns, LLC*

Joseph S. Ozment (jozment@oz-law.net)
*Law Office of Joseph S. Ozment, PLLC*

Daniel Owen Lofton (dlofton@craigandloftonlaw.com)
*Law Office of Craig & Lofton, PC*

Matthew Charles Gulotta (matt@gulottalaw.net)

Steven George Wilson (stevewilson@gmail.com)
*The Steve Wilson Firm*

***Attorneys for Defendants Bill Oldham, Robert Moore,
Charlene McGhee, Debra Hammons, Shelby County, Tennessee:***

Robert E. Craddock, Jr. (rcraddock@wyattfirm.com)
Amber D. Floyd (afloyd@wyattfirm.com)
Byron Norman Brown (bbrown@wyattfirm.com)
Odell Horton, Jr. (ohorton@wyattfirm.com)
*Wyatt Tarrant & Combs, LLP*

Emmett Lee Whitwell (lee.whitwell@shelbycounty.gov)
*Shelby County Attorney's Office*

**_Attorneys for Defendant Tyler Technologies, Inc.:_**

Beth Bivens Petronio (beth.petronio@klgates.com)
*K & L Gates LLP*

Bradley E. Trammell (btrammell@bakerdonelson.com)
*Baker Donelson Bearman Caldwell & Berkowitz*

**_Attorneys for Defendant Global Tel\*Link Corporation:_**

R. Brandon Bundren (bbundren@bradley.com)
James L. Murphy, III (jmurphy@bradley.com)
*Bradley Arant Boult Cummings LLP*

**_Attorneys for Defendant Software AG USA, Inc._**

Douglas F. Halijan (dhalijan@bpjlaw.com)
William D. Irvine (wirvine@bpjlaw.com)
*Burch Porter & Johnson, PLLC*

**_Attorneys for Defendant Sierra Systems Group, Inc._**

Jessalyn H. Ziegler, Esq. (jzeigler@bassberry.com)
Michael Kapellas, Esq. (MKapellas@bassberry.com)
*Bass, Berry & Sims*

s/Albert G. McLean
ALBERT G. MCLEAN