IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:16-cv-02907-SHM-tmp |
| v. | ) ) ) | Jury Demanded |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County,Tennessee; FLOYD BONNER, JR., in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC.,  a foreign corporation; SIERRA SYSTEMS GROUP, INC., a foreign corporation, and TETRUS CORP, a foreign Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANTS SHELBY COUNTY, TENNESSEE, BILL OLDHAM, ROBERT MOORE, CHARLENE MCGHEE DEBRA HAMMONS, FLOYD BONNER, JR., KIRK FIELDS, REGINALD HUBBARD AND TIFFANY WARD TO PLAINTIFFS' SEVENTH AMENDED CLASS ACTION COMPLAINT

COME NOW Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene

McGhee, Debra Hammons, Floyd Bonner, Jr., Kirk Fields, Reginald Hubbard and Tiffany Ward

(collectively "Shelby County Defendants" or "Defendants") in response to Plaintiffs' Seventh Amended Class Action Complaint ("Seventh Amended Complaint") (D.E. 218), and state:

## Answer to Plaintiffs' Seventh Amended Class Action Complaint

In response to the Seventh Amended Complaint, the Shelby County Defendants state as follows:

1. Defendants admit this alleged Seventh Amended Complaint was filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983 ("Section 1983") and 1988 and Tennessee common law. Defendants deny they violated Plaintiffs' constitutional rights and state Plaintiffs are not entitled to any relief.

2. Admitted.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

8. Denied.

9. Admitted.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

11.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

12.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

13.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

14.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

15.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

16.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.   Pursuant to Plaintiffs' Suggestion of Death, Issacca Powell is deceased. (D.E. 212)

17.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

18.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

19.   Admitted. Sheriff Oldham no longer holds this position and is no longer an active Shelby County employee.

20.   Admitted. Floyd Bonner is the current Sheriff of Shelby County.  Sheriff Bonner was not the Sheriff during the relevant time period.

21.   Admitted. Chief Moore is retired and no longer an active Shelby County employee.

22.   Admitted. Kirk Fields is the current Chief Jail Director. Director Fields was not the Director during the relevant time period.

23. Admitted. Assistant Chief McGhee is retired and no longer an active Shelby County employee.

24. Admitted. Reginald Hubbard is the Assistant Chief of Jail Security. Assistant Chief Hubbard was not the Assistant Chief during the relevant time period.

25. Admitted. Assistant Chief Hammons is retired and no longer an active Shelby County employee.

26. Admitted. Tiffany Ward is the Assistant Chief of Jail Programs. Assistant Chief Ward was not the Assistant Chief during the relevant time period.

27. Admitted.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

35. Denied that the JSSi system worked well during the entire time frame. Admitted as to the remaining allegations in Paragraph 35.

36. In November 2016, Shelby County activated the Shelby County Integrated Criminal Justice System (iCJIS). Shelby County contracted with the stated vendors for a computer and/or software update of its criminal information system.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Shelby County formed the iCJIS from the Shelby County Criminal Justice Coordinating Council to study the effectiveness of the JSSi Computer Tracking System. JSSi tracked thousands of cases per year. The remaining allegations are denied.

45. Defendants admit the iCJS [*sic*] Executive Committee was established. Defendants deny Sheriff Oldham was an active member of the iCJIS Executive Committee. The Defendants admit the second sentence. Defendant Tyler Technologies and other vendors submitted proposals and information pursuant to a RFP from Shelby County.  The remaining allegations are denied.

46. The IT Steering Committee received information from numerous sources and individuals regarding Odyssey. The overwhelming majority of the responses were positive. Judge Coffee made a statement regarding the Odyssey computer software. Sheriff Oldham was not an active member of the IT Steering Committee.

5

47.   Denied that "[a]s a result, Defendant Oldham and the County were expressly on notice that Odyssey was incapable of serving as a proper Computer Tracking System." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Sheriff Oldham was not an active member of the IT Steering Committee.

48.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. These alleged incidents are not relevant to this lawsuit.

49.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. This alleged incident is not relevant to this lawsuit.

50.   This allegation refers to Tyler Technologies, Inc. and/or the other Contractor Defendants.  Defendants are not required to answer.

51.   This allegation refers to Tyler Technologies, Inc. and/or the other Contractor Defendants.  Defendants are not required to answer.

52.   Denied.

53.   Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.

54.   This is a legal conclusion referring to Tyler Technologies, Inc. and Defendants are not required to respond.

55.   Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

56.   Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself.  These allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

57.   Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer.

58.   Defendants admit the contract between Shelby County and Tyler Technologies, Inc. speaks for itself. The remaining allegations refer to Tyler Technologies, Inc. and Defendants are not required to answer. The last sentence is denied.

59.   Tyler Technologies provided training for the Odyssey system pursuant to its contract with Shelby County. Tyler Technologies did not supervise Shelby County employees. The contract speaks for itself.

60.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

61.   The contracts between Shelby County and the vendors speak for themselves.

62.   Denied.

63.   Denied.

64.   Shelby County postponed the implementation of the computer system for several months before the actual implementation for additional testing.

65.   Denied.

66.   Defendants admitted Tyler Technologies Inc. asserted comparative fault against GTL, Software AG and Sierra-Cedar. Defendant Tyler Technologies Inc.'s Original Answer and Affirmative Defenses to the Third Amended Class Action Complaint speak for themselves.

67.   Defendants admit GTL, Software AG USA, Inc. and Sierra-Cedar entered into contracts with Shelby County to provide computer and/or software services. The contracts speak for themselves.

68. Defendants admit GTL entered into a contract with Shelby County to provide computer and/or software services and related services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

69. Defendants admit Software AG entered into a contract with Shelby County to provide computer and/or software services and related services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

70. Defendants admit Sierra-Cedar entered into a contract with Shelby County to provide computer and/or software services and related services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

71. Defendants admit Sierra-Cedar entered into a contract with Shelby County to provide computer and/or software services and related services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

72. Upon information and belief, GTL entered into a contract with Tetrus to provide computer and/or software services and related services. Defendants specifically deny that mass over-incarceration, violations of Plaintiffs' constitutional rights, or other damages occurred.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

73. Defendants deny there were "serious storm warnings" regarding the installation and implementation of Odyssey. As the Plaintiffs admit in Paragraphs 53, 67, 68, 69 and 152, Sheriff Oldham did not sign or enter into a contract with Tyler Technologies or the other Contractor Defendants. On November 1, 2016, Shelby County began the implementation of the new computer system that included Odyssey and the other vendors. On November 7, 2016, Shelby County implemented the new computer system that included Odyssey and the other vendors. All remaining allegations are denied.

74. The first sentence is denied. Judge Anderson made a statement but Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the actual statement. Defendants deny Judge Anderson made a statement characterizing the County's alleged failures.

75. Denied.

76. The Defendants admit Earle Farrell provided a statement regarding the status of the Shelby County Jail. The statement from the public relations representative is not relevant to this lawsuit. The remaining allegation is denied.

77. The Defendants admit Earle Farrell provided a statement. The statement from the public relations representative is not relevant to this lawsuit.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82.   Defendants admit the individuals listed are correctly identified regarding their current positions. The remaining allegations are denied.

83.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

84.   Plaintiff was arrested in Hardeman County.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

85.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

86.   Defendants admit the document speaks for itself.

87.   Defendants admit the Pro Corpus was issued on September 24, 2014.

88.   Defendants admit the document speaks for itself.

89.   Defendants admit this was a civil matter.   Defendants admit the document speaks for itself.  The remaining allegations are denied.

90.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

91.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

92.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

93.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

94.   Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

95.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

96.   Defendants admit the documents speak for themselves.

97.   Defendants admit the document speaks for itself.

98.   Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

99.   Denied.

100. Admitted that "[o]n November 7, 2016, Judge Mark Ward entered an order dismissing [Plaintiff Brown's charge]." Defendants deny they took any action against plaintiff. The remaining allegations are denied.

101. Defendants admit Plaintiff Tate was arrested for driving on a suspended or revoked driver's license. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

102. Admitted that "on November 18, 2016, Plaintiff Melton was released from the Jail" following the determination of his cases. Defendants denied Plaintiff made any plea to the named Defendants.  The remaining allegations are denied.

103. Defendants admit the report speaks for itself. Defendants denied Plaintiff was not notified of his charges or his charges were not presented before a judge or magistrate.  The remaining allegations are denied.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

108. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

109. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

110. Defendants admit the documents speak for themselves.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

112. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

115. Defendants state the document speaks for itself.

116. Defendants state the documents speak for themselves.

117. Defendants admit plaintiff was stopped and arrested on a bench warrant. The warrant speaks for itself.  The remaining allegations are denied.

118. The Defendants admit plaintiff was taken into custody. The warrant speaks for itself. Remaining allegations are denied.

119. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

120. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

122. Admitted Plaintiff was released on November 15, 2016. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

123. Denied.

124. Denied. The cases cited in Paragraph 124 are not facts to be admitted or denied and speak for themselves.

125. Denied. The case cited in Paragraph 125 is not a fact to be admitted or denied and speaks for itself.

126. Denied.

127. Denied.

128. No response is required to Paragraph 128.

129. Plaintiffs attempt to bring this action as a Rule 23(b)(1), 23(b)(2) and/or 23(b)(3) Class Action and Plaintiffs attempt to define the purported class as stated in Paragraph 129. Defendants deny Plaintiffs met the requirements for a class action lawsuit pursuant to Rule 23(b)(1), 23(b)(2) and/or 23(b)(3). The remaining allegations are denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. The Court ruled on this issue and no additional response is required by the Defendants at this time. (D.E. 101)

135. The Court ruled on this issue and no additional response is required by the Defendants at this time. (D.E. 101)

136. The Court ruled on this issue and no additional response is required by the Defendants at this time. (D.E. 101)

137. Denied.

138. No response is required to Paragraph 138.

139. Denied.

140. Denied. The case cited in Paragraph 140 is not a fact to be admitted or denied and speaks for itself.

141. Denied.

142. The first sentence is denied. Defendants became aware of issues after the system was activated and took appropriate actions to address any such issues. The remaining allegations are denied. The cases cited in Paragraph 142 are not facts to be admitted or denied and speak for themselves.

143. Denied.

144. Denied.

145. No response is required to Paragraph 145.

146. Denied.  These individuals did not hold their positions during the alleged time period.

147. Denied.  These individuals did not hold their positions during the alleged time period.

148. Denied.  These individuals did not hold their positions during the alleged time period.

149. Denied. The case cited in Paragraph 149 is not a fact to be admitted or denied and speaks for itself.  These individuals did not hold their positions during the alleged time period.

150. No response is required to Paragraph 150.

151. This allegation refers to Tyler Technologies and Defendants are not required to answer.

152. This allegation refers to Tyler Technologies and Defendants are not required to answer.

153. This allegation refers to Tyler Technologies and Defendants are not required to answer.

154. This allegation refers to Tyler Technologies and Defendants are not required to answer.

155. No response is required to Paragraph 155.

156. Defendants state the contract between Shelby County and Tyler Technologies speaks for itself. Tyler Technologies did not supervise County employees. The remaining allegation refers to Tyler Technologies and Defendants are not required to answer.

157. This allegation refers to Tyler Technologies and Defendants are not required to answer.

158. This allegation refers to Tyler Technologies and Defendants are not required to answer.

159. No response is required to Paragraph 159.

160. This allegation refers to GTL and Defendants are not required to answer.

161. This allegation refers to GTL and Defendants are not required to answer.

162. This allegation refers to GTL and Defendants are not required to answer.

163. No response is required to Paragraph 163.

164. This allegation refers to Software AG and Defendants are not required to answer.

165. This allegation refers to Software AG and Defendants are not required to answer.

166. This allegation refers to Software AG and Defendants are not required to answer.

167. No response is required to Paragraph 167.

168. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

169. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

170. This allegation refers to Sierra-Cedar and Defendants are not required to answer.

171. No response is required to Paragraph 171.

15

172. This allegation refers to Sierra Systems and Defendants are not required to answer.

173. This allegation refers to Sierra Systems and Defendants are not required to answer.

174. This allegation refers to Sierra Systems and Defendants are not required to answer.

175. No response is required to Paragraph 175.

176. This allegation refers to Tetra and Defendants are not required to answer.

177. This allegation refers to Tetra and Defendants are not required to answer.

178. This allegation refers to Tetra and Defendants are not required to answer.

179. No response is required to Paragraph 179.

180. The United States Code speaks for itself.

181. Denied. Plaintiffs are not entitled to any declaratory relief pursuant to the facts of this case.

182. Denied. Plaintiffs are not entitled to any declaratory relief pursuant to the facts of this case.

183. Denied. Plaintiffs are not entitled to any declaratory relief pursuant to the facts of this case.

184. Denied. Plaintiffs are not entitled to any declaratory relief pursuant to the facts of this case.

185. No response is required to Paragraph 185.

186. Denied.

187. Denied. Plaintiffs are not entitled to any relief pursuant to the facts of this case.

188. Denied.

189. Denied. Plaintiffs are not entitled to any injunctive relief pursuant to the facts of this case.

190. Denied. Plaintiffs are not entitled to any injunctive relief pursuant to the facts of this case.

191. Denied. Plaintiffs are not entitled to any injunctive relief pursuant to the facts of this case.

**Prayer for Relief:** The relief sought in the "Prayer for Relief" Section of the Seventh Amended Complaint is not warranted and Plaintiffs are not entitled to any monetary damages, declaratory or injunctive relief, attorney's fees, costs or expenses, interest, or any other relief.

All allegations contained in the Seventh Amended Complaint which have not been admitted or denied are hereby denied.

Due to limited discovery and addition of new Defendants, the Shelby County Defendants reserve the right to amend their Answer pursuant to the Federal Rules of Civil Procedure and Orders of this Court.

## Affirmative and Other Defenses

1. The Seventh Amended Class Action Complaint fails to state a claim upon which relief can be granted against the "Shelby County Sheriff's Department," as it is not a separate entity subject to suit.

2. To the extent that the Seventh Amended Class Action Complaint alleges causes of action against Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Kirk Fields, Reginald Hubbard and Tiffany Ward in their official capacities, such claims should be deemed to be against Shelby County, and should, therefore, be dismissed as redundant, and as to the individuals for failure to state a claim upon which relief can be granted.

3. The Seventh Amended Class Action Complaint fails to state a claim upon which relief can be granted as to Bill Oldham, Robert Moore, Charlene McGhee, or Debra Hammons to the extent they are entitled to qualified immunity.

4.   Sheriff Oldham, Robert Moore, Charlene McGhee nor Debra Hammons negotiated or approved the contracts between Shelby County and Tyler Technologies, Inc., Global Tel*Link, Software AG USA, Inc., Sierra-Cedar and/or Sierra Systems Group, Inc.  (See Paragraph 73)

5.   Sheriff Oldham, Robert Moore, Charlene McGhee nor Debra Hammons had any personal contact with the named plaintiffs.

6. Sheriff Oldham, Robert Moore, Charlene McGhee and Debra Hammons are no longer active Shelby County employees.

7. Sheriff Floyd Bonner, Kirk Fields, Reginald Hubbard and Tiffany Ward did not hold their positions during the relevant time frame.

8. Plaintiffs fail to state a claim against Shelby County to the extent that it is entitled to sovereign immunity.

9. To the extent Plaintiffs' alleged injuries were caused or contributed to by their own unlawful conduct, their recovery for such alleged injuries are barred.

10. To the extent Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Comparative Fault, if any, must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries.

11. To the extent Plaintiffs are alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendants aver that Plaintiffs do not state a claim under the TGTLA, and that they fail to state a claim upon which relief can be granted under the TGTLA.

12. In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, and/or mistake.

13. Defendants reserve the right to assert additional and affirmative defenses that may be discovered during the course of discovery.

14. Defendants adopt all affirmative and additional defenses asserts by co-defendants as if stated in its Answer.

15. The Seventh Amended Class Action Complaint fails to state a class action claim pursuant to F.R.C.P. 23(b)(1), 23(b)(2) and/or 23(b)(3)

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiffs' claims with Prejudice, award Defendants all fees, costs, attorney fees and all such other relief to which the Court deems they are entitled.

Respectfully submitted,

/s/ Meghan M. Cox
Robert E. Craddock, Jr. (#5826)
Odell Horton, Jr. (# 12426)
Byron Brown (#23529)
Meghan Cox (#33028)
Wyatt Tarrant & Combs, LLP
6070 Poplar Ave., Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com

AND

E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Jr., Kirk Fields, Reginald Hubbard and Tiffany Ward*

## CERTIFICATE OF SERVICE

61845653    I certify that the foregoing is being filed via the Court's ECF system this 25th day of June, 2019, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

Russell Brandon Bundren
James L. Murphy
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
bbundren@babc.com
jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Kevin David Bernstein
Albert G. McLean
Spicer Rudstrom PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
kdb@spicerfirm.com
amclean@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Douglas F. Halijan
William David Irvine
Burch Porter & Johnson
130 N. Court Avenue
Memphis, TN 38103-2217
dhalijan@bpjlaw.com
wirvine@bpjlaw.com

*Counsel for Defendant Software AG
USA, Inc.*

Jessalyn H. Zeigler
Michael P. Kapellas
Bass, Berry, & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
jzeigler@bassberry.com

Michael P. Kapellas
Bass, Berry, & Sims, PLC
100 Peabody Place, Suite 1300
Memphis, Tennessee 38103
mkapellas@bassberry.com

*Counsel for Defendant Sierra Systems Group, Inc.*

/s/ Meghan M. Cox

20