UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBABARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation; and TETRUS CORP., a foreign corporation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  2:16-cv-02907-SHM-tmp |
| Defendants. | | |

**DEFENDANT GLOBAL TEL*LINK CORPORATION'S ANSWER TO PLAINTIFFS'
SEVENTH AMENDED COMPLAINT**

Defendant Global Tel*Link Corporation ("GTL") answers the Plaintiffs' Seventh Amended Complaint as follows:

1.      GTL admits that Plaintiffs have brought claims under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and Tennessee common law.  GTL denies the remaining allegations in paragraph 1 of the Seventh Amended Complaint.

2.      GTL admits that this Court has original subject matter jurisdiction over Plaintiffs' claims against Shelby County and various governmental employees.  GTL denies the remaining allegations in paragraph 2 of the Seventh Amended Complaint.

3.      GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Seventh Amended Complaint.

4.      GTL admits this Court has subject matter jurisdiction.  GTL further admits that GTL is a corporation organized under the laws of Idaho and has its principal place of business in Falls Church, Virginia.  GTL denies the remaining allegations in paragraph 4 of the Seventh Amended Complaint.

5.       GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Seventh Amended Complaint.

6.      GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Seventh Amended Complaint.

7.      GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Seventh Amended Complaint.

8.      GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Seventh Amended Complaint.

9.      GTL admits that venue is proper in this Court.   GTL denies the remaining allegations in paragraph 9 of the Seventh Amended Complaint.

10.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Seventh Amended Complaint.

11.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Seventh Amended Complaint.

12.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Seventh Amended Complaint.

13.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Seventh Amended Complaint.

14.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Seventh Amended Complaint.

15.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Seventh Amended Complaint.

16.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Seventh Amended Complaint.  However, Plaintiffs filed a Suggestion of Death for Plaintiff Powell on June 11, 2019, stating that Plaintiff Powell died on February 4, 2019.  *See* Doc. 212.

17.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Seventh Amended Complaint.

18.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Seventh Amended Complaint.

19.     GTL admits that Bill Oldham is the former Sheriff of Shelby County, Tennessee. GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Seventh Amended Complaint.

20.     GTL admits that Floyd Bonner, Jr. is the Sheriff of Shelby County, Tennessee. GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of the Seventh Amended Complaint.

21.     GTL admits that Robert Moore is the former Chief Jail Director of the Shelby County Jail.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of the Seventh Amended Complaint.

22.     GTL admits that Kirk Fields is the Chief Jail Director of the Shelby County Jail. GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the Seventh Amended Complaint.

23.     GTL admits that Charlene McGhee is the former Assistant Chief of Jail Security at the Shelby County Jail.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 of the Seventh Amended Complaint.

24.     GTL admits that Reginald Hubbard is the Assistant Chief of Jail Security at the Shelby County Jail.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 of the Seventh Amended Complaint.

25.     GTL admits that Debra Hammons is the former Assistant Chief of Jail Programs of the Shelby County Jail.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the Seventh Amended Complaint.

26.     GTL admits that Tiffany Ward is the Assistant Chief of Jail Programs of the Shelby County Jail.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the Seventh Amended Complaint.

27.     GTL admits that Shelby County is a Tennessee county and a defendant in this matter.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the Seventh Amended Complaint.

28.     On information and belief, GTL admits Tyler Technologies, Inc. is a corporation organized under the laws of Delaware and is located in Plano, Texas.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the Seventh Amended Complaint.

29.     GTL admits that GTL is a corporation organized under the laws of Idaho and has its principal place of business in Falls Church, Virginia.  GTL further admits it has been served in this matter.  GTL denies the remaining allegations in paragraph 29 of the Seventh Amended Complaint.

30.     On information and belief, GTL admits Software AG USA, Inc. is a corporation organized under the laws of Delaware and is located in Reston, Virginia.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Seventh Amended Complaint.

31.     On information and belief, GTL admits Sierra-Cedar, Inc. is a corporation organized under the laws of Delaware and is located in Alpharetta, Georgia.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Seventh Amended Complaint.

32.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Seventh Amended Complaint.

33.     On information and belief, GTL admits Tetrus Corp. is a corporation organized under the laws of Delaware and is located in Princeton, New Jersey.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Seventh Amended Complaint

34.     GTL admits that this Court has jurisdiction over GTL in this matter.  GTL denies the remaining allegations with respect to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations directed towards the remaining defendants in paragraph 34 of the Seventh Amended Complaint.

35.     GTL admits that the Shelby County Jail has used a computer system to conduct its operations.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the Seventh Amended Complaint.

36.     GTL admits that in or about October 2016, Shelby County rolled out a new computer tracking system.  GTL further admits GTL was involved in the roll out with respect to the Contract for Offender Management System.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the Seventh Amended Complaint.

37.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Seventh Amended Complaint.

38.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Seventh Amended Complaint.

39.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39 of the Seventh Amended Complaint.

40.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 of the Seventh Amended Complaint.

41.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Seventh Amended Complaint.

42.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Seventh Amended Complaint.

43.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43 of the Seventh Amended Complaint.

44.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 of the Seventh Amended Complaint.

45.     GTL admits GTL responded to a request for proposal issued by Shelby County. GTL denies the remaining allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 45 of the Seventh Amended Complaint.

46.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Seventh Amended Complaint.

47.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 47 of the Seventh Amended Complaint.

48.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Seventh Amended Complaint.

49.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Seventh Amended Complaint.

50.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 50 of the Seventh Amended Complaint.

51.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 51 of the Seventh Amended Complaint.

52.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Seventh Amended Complaint.

53.     GTL admits that Tyler Technologies, Inc. and Shelby County entered into the Contract for Court Management System purportedly effective as of July 22, 2013, which speaks for itself.  GTL denies the remaining allegations in paragraph 53 of the Seventh Amended Complaint.

54.     This paragraph alleges a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 54 of the Seventh Amended Complaint.

55.     GTL admits that the paragraph 55 of the Seventh Amended Complaint purports to quote from the Contract for Court Management Systems.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 of the Seventh Amended Complaint.

56.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Seventh Amended Complaint.

57.     GTL admits that the paragraph 57 of the Seventh Amended Complaint purports to quote from the Contract for Court Management Systems.

58.     GTL admits that the paragraph 58 of the Seventh Amended Complaint purports to quote from the Contract for Court Management Systems.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 of the Seventh Amended Complaint.

59.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Seventh Amended Complaint.

60.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Seventh Amended Complaint.

61.     GTL admits it entered into a Contract with Shelby County for Offender Management System.  GTL denies the remaining allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 61 of the Seventh Amended Complaint.

62.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Seventh Amended Complaint.

63.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Seventh Amended Complaint.

64.     GTL admits that the "go-live" date was previously deferred.  GTL denies the remaining allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 64 of the Seventh Amended Complaint.

65.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 65 of the Seventh Amended Complaint.

66.     GTL admits that Tyler Technologies, Inc.'s answer to the Third Amended Complaint asserts comparative fault as an affirmative defense as to (1) the named Plaintiffs and members of the putative class; (2) Defendant Shelby County and its agencies, instrumentalities, agents, and representatives; (3) GTL and its agents and representatives; (4) Software AG and its agents or representatives; (5) Sierra-Cedar, Inc. and its agents or representatives.  GTL denies the remaining allegations in paragraph 66 of the Seventh Amended Complaint.

67.      GTL admits it entered into a Contract with Shelby County for Offender Management System.  GTL denies the remaining allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 67of the Seventh Amended Complaint.

68.     GTL admits it entered into a Contract with Shelby County for Offender Management System.  GTL denies the remaining allegations in paragraph 68 of the Seventh Amended Complaint.

69.     On information and belief, GTL admits Software AG entered into a contract with Shelby County.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69 of the Seventh Amended Complaint.

70.     On information and belief, GTL admits Sierra-Cedar entered into a contract with Shelby County.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 of the Seventh Amended Complaint.

71.     On information and belief, GTL admits Sierra Systems entered into a contract with Shelby County.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 of the Seventh Amended Complaint.

72.     GTL admits Tetrus Corp. performed services in connection with GTL's contract with Shelby County.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 of the Seventh Amended Complaint.

73.     GTL admits Tyler Technologies, Inc. and Shelby County entered into the Contract for Court Management System purportedly effective as of July 22, 2013.  GTL further admits that at some point prior to the "go-live" date, Shelby County began to record information by hand. GTL further admits that on November 7, 2016, Shelby County's new system went live.

74.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 74 of the Seventh Amended Complaint.

75.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Seventh Amended Complaint.

76.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Seventh Amended Complaint.

77.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Seventh Amended Complaint.

78.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Seventh Amended Complaint.

79.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the Seventh Amended Complaint.

80.     GTL denies the allegations in paragraph 80 of the Seventh Amended Complaint.

81.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 81 of the Seventh Amended Complaint.

82.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Seventh Amended Complaint.

83.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Seventh Amended Complaint.

84.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of the Seventh Amended Complaint.

85.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 of the Seventh Amended Complaint.

86.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 of the Seventh Amended Complaint.

87.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 of the Seventh Amended Complaint.

88.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Seventh Amended Complaint.

89.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of the Seventh Amended Complaint.

90.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Seventh Amended Complaint.

91.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of the Seventh Amended Complaint.

92.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 of the Seventh Amended Complaint.

93.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of the Seventh Amended Complaint.

94.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the Seventh Amended Complaint.

95.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 of the Seventh Amended Complaint.

96.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of the Seventh Amended Complaint.

97.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 of the Seventh Amended Complaint.

98.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Seventh Amended Complaint.

99.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 99 of the Seventh Amended Complaint.

100.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 of the Seventh Amended Complaint.

101.     GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 101 of the Seventh Amended Complaint.

102.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 of the Seventh Amended Complaint.

103.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 of the Seventh Amended Complaint.

104.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of the Seventh Amended Complaint.

105.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of the Seventh Amended Complaint.

106.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 of the Seventh Amended Complaint.

107.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Seventh Amended Complaint.

108.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Seventh Amended Complaint.

109.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Seventh Amended Complaint.

110.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 of the Seventh Amended Complaint.

111.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Seventh Amended Complaint.

112.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of the Seventh Amended Complaint.

113.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 of the Seventh Amended Complaint.

114.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 of the Seventh Amended Complaint.

115.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 of the Seventh Amended Complaint.

116.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of the Seventh Amended Complaint.

117.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of the Seventh Amended Complaint.

118.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 of the Seventh Amended Complaint.

119.     GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 of the Seventh Amended Complaint.

120.    GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 of the Seventh Amended Complaint.

121.    GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 of the Seventh Amended Complaint.

122.    GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of the Seventh Amended Complaint.

123.    GTL denies the allegations as to GTL.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to the other defendants in paragraph 123 of the Seventh Amended Complaint.

124.    This paragraph alleges a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 124 of the Seventh Amended Complaint.

125.    This paragraph alleges a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 125 of the Seventh Amended Complaint.

126.    GTL lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 of the Seventh Amended Complaint.

127.    This paragraph alleges a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 127 of the Seventh Amended Complaint.

128.    This paragraph does not allege any facts and no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 128 of the Seventh Amended Complaint.

129.     This paragraph alleges a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations in paragraph 129 of the Seventh Amended Complaint.

130.     GTL denies the allegations in paragraph 130 of the Seventh Amended Complaint.

131.     GTL denies the allegations in paragraph 131 of the Seventh Amended Complaint.

132.     GTL denies the allegations in paragraph 132 of the Seventh Amended Complaint.

133.     GTL denies the allegations in paragraph 133 of the Seventh Amended Complaint.

134.     GTL admits Plaintiffs have chosen counsel.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 134 of the Seventh Amended Complaint.

135.     GTL admits Plaintiffs have chosen counsel.  GTL lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 135 of the Seventh Amended Complaint.

136.     GTL admits the allegations in paragraph 136 of the Seventh Amended Complaint.

137.     GTL denies the allegations in paragraph 137 of the Seventh Amended Complaint.

138.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 138 of the Seventh Amended Complaint.

139.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 139 of the Seventh Amended Complaint.

140.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 140 of the Seventh Amended Complaint.

141.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 141 of the Seventh Amended Complaint.

142.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 142 of the Seventh Amended Complaint.

143.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 143 of the Seventh Amended Complaint.

144.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 144 of the Seventh Amended Complaint.

145.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 145 of the Seventh Amended Complaint.

146.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 146 of the Seventh Amended Complaint.

147.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 147 of the Seventh Amended Complaint.

148.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 148 of the Seventh Amended Complaint.

149.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 149 of the Seventh Amended Complaint.

150.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 150 of the Seventh Amended Complaint.

151.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 151 of the Seventh Amended Complaint.

152.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 152 of the Seventh Amended Complaint.

153.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 153 of the Seventh Amended Complaint.

154.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 154 of the Seventh Amended Complaint.

155.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 155 of the Seventh Amended Complaint.

156.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 156 of the Seventh Amended Complaint.

157.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 157 of the Seventh Amended Complaint.

158.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 158 of the Seventh Amended Complaint.

159.     GTL repeats its responses to the allegations set forth above as if fully set forth herein.

160.     GTL denies the allegations in paragraph 160 of the Seventh Amended Complaint.

161.     GTL denies the allegations in paragraph 161 of the Seventh Amended Complaint.

162.     GTL denies the allegations in paragraph 162 of the Seventh Amended Complaint.

163.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 163 of the Seventh Amended Complaint.

164.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 164 of the Seventh Amended Complaint.

165.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 165 of the Seventh Amended Complaint.

166.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 166 of the Seventh Amended Complaint.

167.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 167 of the Seventh Amended Complaint.

168.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 168 of the Seventh Amended Complaint.

169.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 169 of the Seventh Amended Complaint.

170.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 170 of the Seventh Amended Complaint.

171.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 171 of the Seventh Amended Complaint.

172.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 172 of the Seventh Amended Complaint.

173.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 173 of the Seventh Amended Complaint.

174.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 174 of the Seventh Amended Complaint.

175.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 175 of the Seventh Amended Complaint.

176.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 176 of the Seventh Amended Complaint.

177.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 177 of the Seventh Amended Complaint.

178.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 178 of the Seventh Amended Complaint.

179.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 179 of the Seventh Amended Complaint.

180.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 180 of the Seventh Amended Complaint.

181.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 181 of the Seventh Amended Complaint.

182.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 182 of the Seventh Amended Complaint.

183.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 183 of the Seventh Amended Complaint.

184.    Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 184 of the Seventh Amended Complaint.

185.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 185 of the Seventh Amended Complaint.

186.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 186 of the Seventh Amended Complaint.

187.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 187 of the Seventh Amended Complaint.

188.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 188 of the Seventh Amended Complaint.

189.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 189 of the Seventh Amended Complaint.

190.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 190 of the Seventh Amended Complaint.

191.     Plaintiffs have not alleged GTL is liable under this Count and no response is required to this paragraph.  To the extent a response is required, GTL denies the allegations in paragraph 191 of the Seventh Amended Complaint.

GTL denies that Plaintiffs are entitled to any relief in this action. Further, allegations not expressly admitted, denied, or explained are hereby denied.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claims are barred because the Seventh Amended Complaint fails to state claims upon which relief can be granted.

2.      Plaintiffs' claims are barred because GTL did not owe a duty to the Plaintiffs.

3.      GTL adopts and relies upon the doctrine of comparative fault.  To the extent GTL is at fault (which is denied), any fault by GTL should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including but not limited to the Plaintiffs, the Defendants, and/or Tetrus Corp.

4.      Plaintiffs' claims are barred due to derivative sovereign immunity.

5.      Plaintiffs' claims are barred due to the statute of limitations.

6.      Plaintiffs' claims are barred by the economic loss doctrine.

7.      Plaintiffs' claims are barred because Plaintiffs have failed to mitigate their damages, if any.

8.      To the extent any punitive and/or exemplary damages are awarded, those damages are capped and/or violate due process.

9.      GTL adopts by reference all affirmative defenses pled by all other defendants as if the same were set out herein.

GTL, having fully answered the Seventh Amended Complaint, prays as follows:

1.      That the Seventh Amended Complaint be dismissed with prejudice;

2.      That GTL be awarded attorneys' fees and costs incurred in defending the Seventh Amended Complaint;

3.      That GTL be awarded such other and further general and equitable relief to which it is entitled.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren, BPR #30985
James L. Murphy III, BPR #9589
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN  37203
Tel: 615.244.2582
Fax: 615.252.6380
bbundren@bradley.com
jmurphy@bradley.com

*Attorneys for Global Tel\*Link Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of July, 2019, I electronically filed a true and correct copy of **Defendant Global Tel*Link Corporation's Answer to Plaintiffs' Seventh Amended Complaint** with the U.S. District Court for the Western District of Tennessee using the Court's Electronic Case Filing System, which will send notice of this filing to counsel of record as follows:

### *Attorneys for Plaintiffs:*

Brice Moffatt Timmons  (btimmons@blackmclaw.com)
John C. Ryland  (jryland@blackmclaw.com)
Michael G. McLaren  (mmclaren@blackmclaw.com)
Warren Patrick Campbell  (wcampbell@blackmclaw.com)
William E. Cochran, Jr. (wcochran@blackmclaw.com)
BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

Claiborne Hembrick Ferguson (claiborne101@yahoo.com)
THE CLAIBORNE FERGUSON LAW FIRM, P.A.

Frank L. Watson, III (fwatson@watsonburns.com)
William F. Burns (bburns@watsonburns.com)
William E. Routt, III (wroutt@watsonburns.com)
WATSON BURNS, LLC

Joseph S. Ozment (jozment@oz-law.net)
LAW OFFICE OF JOSEPH S. OZMENT, PLLC

Daniel Owen Lofton (dlofton@craigandloftonlaw.com)
LAW OFFICE OF CRAIG & LOFTON, PC

Matthew Charles Gulotta (matt@gulottalaw.net)
THE GULOTTA FIRM

Steven George Wilson (stevewilsonlaw@gmail.com)
THE STEVE WILSON FIRM

### *Attorneys for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Shelby County, Tennessee:*

Robert E. Craddock, Jr. (rcraddock@wyattfirm.com)
Byron Norman Brown (bbrown@wyattfirm.com)
Meghan McMahon Cox (mcox@wyattfirm.com)
Odell Horton, Jr. (ohorton@wyattfirm.com)
WYATT TARRANT & COMBS, LLP

Emmett Lee Whitwell (lee.whitwell@shelbycountytn.gov)
SHELBY COUNTY ATTORNEY'S OFFICE

***Attorneys for Defendant Tyler Technologies, Inc.:***

Beth Bivans Petronio (beth.petronio@klgates.com)
K&L GATES LLP

Bradley E. Trammell (btrammell@bakerdonelson.com)
BAKER DONELSON BEARMAN CALDWELL & BERKOWWITZ

***Attorneys for Defendant Sierra-Cedar, Inc.:***

Kevin David Bernstein (kdb@spicerfirm.com)
Albert G. McLean (amclean@spicerfirm.com)
SPICER RUDSTROM PLLC

***Attorneys for Software AG USA, Inc.:***

Douglas F. Halijan (dhalijan@bpjlaw.com)
William David Irvine (wirvine@bpjlaw.com)
BURCH PORTER & JOHNSON PLLC

***Attorneys for Sierra Systems Group, Inc.:***

Jessalyn H. Zeigler (jzeigler@bassberry.com)
Michael P. Kapellas (mkapellas@bassberry.com)
BASS, BERRY & SIMS, PLC


s/ R. Brandon Bundren
R. Brandon Bundren