**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>      PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation; SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP., a foreign corporation.<br><br>      DEFENDANTS. | Case No. 2:16-cv-2907-SHM/tmp |

**DEFENDANT SIERRA SYSTEMS GROUP, INC.'S ANSWER
TO PLAINTIFFS' SEVENTH AMENDED CLASS ACTION COMPLAINT**

Defendant Sierra Systems Group, Inc. ("Sierra Systems"), by and through counsel, hereby answers Plaintiffs' Seventh Amended Class Action Complaint as follows:

The unnumbered paragraphs that serve as an introduction to the Complaint contain no allegations directed at Sierra Systems and thus no response is required. To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory, unnumbered paragraphs and therefore they are denied to the extent they are directed at Sierra Systems.

## I.

## NATURE OF THE ACTION

1.  Sierra Systems admits that Plaintiffs seek to bring this class action lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 ("Section 1983") and 1988 and Tennessee common law. Sierra Systems denies the remaining allegations in Paragraph 1.

## II.

## SUBJECT MATTER JURISDICTION AND VENUE

2.  Sierra Systems admits that this is a court of proper jurisdiction. Sierra System denies that any facts exist upon which Plaintiffs are entitled to the relief sought with respect to their claims.

3.   At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore they are denied.

4.  At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore they are denied.

5.  At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore they are denied.

6.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore they are denied.

7.      Sierra Systems admits that this is a court of proper jurisdiction.  Sierra Systems admits that it is a corporation organized under the laws of Canada, with its principal place of business in Vancouver, British Columbia, Canada, and is a citizen of Canada.  Sierra System denies that any facts exist upon which Plaintiffs are entitled to the relief sought with respect to their claims.  Any remaining allegations in Paragraph 7 are denied.

8.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore they are denied.

9.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore they are denied.

### III.

### THE PARTIES AND PERSONAL JURISDICTION

10.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore they are denied.

11.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore they are denied.

12.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore they are denied.

13.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore they are denied.

14.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore they are denied.

15.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore they are denied.

16.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore they are denied.

17.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore they are denied.

18.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore they are denied.

19.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore they are denied.

20.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore they are denied.

21.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore they are denied.

22.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore they are denied.

23.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore they are denied.

24.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore they are denied.

25.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore they are denied.

26.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore they are denied.

27.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore they are denied.

28.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore they are denied.

29.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore they are denied.

30.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore they are denied.

31.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore they are denied.

32.     Sierra Systems admits the allegations in Paragraph 32.

33.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore they are denied.

34.     Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, Sierra Systems denies that it committed tortious acts within Tennessee.  Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore they are denied.

### IV.

### FACTUAL ALLEGATIONS

**A.**   **Summary of Class Allegations**

35.      The allegations in Paragraph 35 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore they are denied to the extent they are directed at Sierra Systems.

36.      At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 36 and therefore they are denied.

37.      The allegations in Paragraph 37 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore they are denied to the extent they are directed at Sierra Systems.

38.      The allegations in Paragraph 38 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore they are denied to the extent they are directed at Sierra Systems.

39.      The allegations of Paragraph 39 are denied to the extent they are directed at Sierra Systems.

40.      The allegations of Paragraph 40 are denied to the extent they are directed at Sierra Systems.

41.      The allegations in Paragraph 41 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore they are denied to the extent they are directed at Sierra Systems.

42.     The allegations in Paragraph 42 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore they are denied to the extent they are directed at Sierra Systems.

43.     Paragraph 43 contains legal conclusions to which no response is required.   To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore they are denied to the extent they are directed at Sierra Systems.

**B.      The County Establishes an IT Steering Committee that is Told the Odyssey Software Will Not Work.**

44.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore they are denied to the extent they are directed at Sierra Systems.

45.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 45 and therefore they are denied. Sierra Systems denies that it submitted a request for proposal to Shelby County, and denies the remaining allegations to the extent they are directed at Sierra Systems.

46.     The allegations in Paragraph 46 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore they are denied to the extent they are directed at Sierra Systems.

47.     Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore they are denied to the extent they are directed at Sierra Systems.

48.     The allegations in Paragraph 48 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore they are denied to the extent they are directed at Sierra Systems.

49.     The allegations in Paragraph 49 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore they are denied to the extent they are directed at Sierra Systems.

50.     The allegations of Paragraph 50 are denied to the extent they are directed at Sierra Systems.

51.     The allegations of Paragraph 51 are denied to the extent they are directed at Sierra Systems.

52.     The allegations in Paragraph 52 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore they are denied to the extent they are directed at Sierra Systems.

**C.     The Contractor Defendants Negligently Integrate Odyssey in a Manner that Leads to Computer Tracking System Miscues and Negligently Supervises Its Employees and the County's Employees**

53.     The allegations in Paragraph 53 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, but asserts that the Contract speaks for itself, and therefore denies any allegations inconsistent with it.

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore they are denied to the extent they are directed at Sierra Systems.

55.     The allegations in Paragraph 55 are not directed at Sierra Systems and no response is required.  To the extent that a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, but asserts that the Contract speaks for itself, and therefore denies any allegations inconsistent with it.

56.     The allegations in Paragraph 56 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore they are denied to the extent they are directed at Sierra Systems.

57.     The allegations in Paragraph 57 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, but asserts that the Contract speaks for itself, and therefore denies any allegations inconsistent with it.

58.     The allegations in Paragraph 58 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, but asserts that the Contract speaks for itself, and therefore denies any allegations inconsistent with it.

59.     The allegations in Paragraph 59 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore they are denied to the extent they are directed at Sierra Systems.

60.     The allegations in Paragraph 60 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore they are denied to the extent they are directed at Sierra Systems.

61.     Sierra Systems admits the allegations in Footnote 1 of Paragraph 61 to the extent they are consistent with the pleadings in this matter.  At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore they are denied to the extent they are directed at Sierra Systems, and denies any allegations that are inconsistent with the contracts, which speak for themselves.

62.     The allegations in Paragraph 62 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore they are denied to the extent they are directed at Sierra Systems.

63.     The allegations in Paragraph 63 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore they are denied to the extent they are directed at Sierra Systems.

64.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore they are denied to the extent they are directed at Sierra Systems.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied to the extent they are directed at Sierra Systems.

**D.     Defendants GTL, Software AG, Sierra-Cedar, Sierra Systems and Tetrus negligently failed to comply with their duties to Plaintiffs in connection with the County's Integrated Criminal Justice System, thereby materially contributing to the violations of Plaintiffs' rights.**

66.     Sierra Systems asserts Defendant Tyler Technologies, Inc.'s Answer speaks for itself, and therefore denies any allegations within Paragraph 66 inconsistent with it.  To the extent Paragraph 66 attempts to assign any liability to Sierra Systems, any such allegations are denied.

67.     The allegations in Paragraph 67 are not directed at Sierra Systems and no response is required.  To the extent a response is required, Sierra Systems asserts Defendant Tyler Technologies, Inc.'s Answer speaks for itself, and therefore denies any allegations within Paragraph 67 inconsistent with it.

68.     The allegations in Paragraph 68 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore they are denied to the extent they are directed at Sierra Systems.

69.     The allegations in Paragraph 69 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore they are denied to the extent they are directed at Sierra Systems.

70.     The allegations in Paragraph 70 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore they are denied to the extent they are directed at Sierra Systems.

71.     Sierra Systems admits that Defendant Sierra-Cedar's Answer to Plaintiffs' Fifth Amended Class Action Complaint implicated Sierra Systems as having certain responsibilities, but asserts that document speaks for itself.  Sierra Systems denies the truth of these allegations, and denies the rest of the allegations contained in Paragraph 71.

72.     The allegations in Paragraph 72 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore they are denied to the extent they are directed as Sierra Systems.

**E.      Ignoring these Warnings, the Sheriff and the County Adopt and Defendants Moore, McGhee, and Hammons Implement the Odyssey System and the Violation of Arrestees' Rights Ensues.**

73.     The allegations in Paragraph 73 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore they are denied to the extent they are directed at Sierra Systems.

74.     The allegations in Paragraph 74 are not directed at Sierra Systems and no response is required.  To the extent that a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, but asserts that

the November 15, 2016, quote attributed to Judge Anderson speaks for itself to the extent that it is an accurate recitation of his statement, and therefore denies any allegations inconsistent with it.

75.     The allegations in Paragraph 75 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore they are denied to the extent they are directed at Sierra Systems.

76.     The allegations in Paragraph 76 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore they are denied to the extent they are directed at Sierra Systems.

77.     The allegations in Paragraph 77 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore they are denied to the extent they are directed at Sierra Systems.

78.     The allegations in Paragraph 78 are denied to the extent they are directed at Sierra Systems.

79.     The allegations in Paragraph 79 are not directed at Sierra Systems and no response is required.   To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore they are denied to the extent they are directed at Sierra Systems.

80.     At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore they are denied.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 81 are denied to the extent they are directed at Sierra Systems.

82.     The allegations in Paragraph 82 are not directed at Sierra Systems and no response is required.  To the extent a response is required, Sierra Systems states the Fifth Amended Complaint speaks for itself.  At this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and therefore they are denied to the extent they are directed at Sierra Systems.

**F.     Violations of the named Plaintiffs' Rights.**

**i.     Plaintiff Turnage is Arrested and Detained for 80 Hours on an Attachment Arising from a Civil Debt of $301.25.**

83.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore they are denied to the extent they are directed at Sierra Systems.

84.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore they are denied to the extent they are directed at Sierra Systems.

85.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore they are denied to the extent they are directed at Sierra Systems.

86.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore they are denied to the extent they are directed at Sierra Systems.

87.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore they are denied to the extent they are directed at Sierra Systems.

88.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore they are denied to the extent they are directed at Sierra Systems.

89.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore they are denied to the extent they are directed at Sierra Systems.

90.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore they are denied to the extent they are directed at Sierra Systems.

91.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore they are denied to the extent they are directed at Sierra Systems.

92.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore they are denied to the extent they are directed at Sierra Systems.

93.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore they are denied to the extent they are directed at Sierra Systems.

94.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore they are denied to the extent they are directed at Sierra Systems.

95.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore they are denied to the extent they are directed at Sierra Systems.

96.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, but asserts that Judge Lonnie Thompson's Order speaks for itself, and therefore denies any allegations inconsistent with it.

97.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, but asserts that Judge Lonnie Thompson's order speaks for itself, and therefore denies any allegations inconsistent with it.

98.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore they are denied to the extent they are directed at Sierra Systems.

99.     Paragraph 99 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore they are denied to the extent they are directed at Sierra Systems.

ii.     <u>Plaintiff Brown is Detained for a Week Following the Dismissal of His Charges</u>

100.     The allegations in Paragraph 100 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore they are denied to the extent they are directed at Sierra Systems.

### iii.      Plaintiff Tate is Jailed After Being Refused the Ability to Post a Pre-Set Bond of $100.00

101.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore they are denied to the extent they are directed at Sierra Systems.

### iv.      Plaintiff Melton is Detained for Four Days after the Entry of an Order for his Release

102.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore they are denied to the extent they are directed at Sierra Systems.

### v.      Plaintiff Powell is Held for Two Weeks Without Access to Bail or Court

103.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore they are denied to the extent they are directed at Sierra Systems.

104.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore they are denied to the extent they are directed at Sierra Systems.

### vi.      Plaintiff Burgess is Arrested on an Already Satisfied Warrant

105.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore they are denied to the extent they are directed at Sierra Systems.

106.      Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore they are denied to the extent they are directed at Sierra Systems.

107.      Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore they are denied to the extent they are directed at Sierra Systems.

**vii.     Plaintiff Boyd is Detained for Six Days Without a Probable Cause Determination Followed by Further Overdetention After Posting Bond**

108.      Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore they are denied to the extent they are directed at Sierra Systems.

109.      Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore they are denied to the extent they are directed at Sierra Systems.

110.      Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore they are denied to the extent they are directed at Sierra Systems.

**viii.    Plaintiff Drain is Detained for Six Days Without a Probable Cause Determination Followed by an Additional Twenty-Five Days of Overdetention**

111.      Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore they are denied to the extent they are directed at Sierra Systems.

112.     Paragraph 112 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore they are denied to the extent they are directed at Sierra Systems.

113.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore they are denied to the extent they are directed at Sierra Systems.

114.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore they are denied to the extent they are directed at Sierra Systems.

115.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore they are denied to the extent they are directed at Sierra Systems.

116.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore they are denied to the extent they are directed at Sierra Systems.

ix.     **Plaintiff Allen is Detained for Approximately Eight Days After Being Unable to Post A Pre-Set Bond Because She Was Not Found In The Computer System**

117.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore they are denied to the extent they are directed at Sierra Systems.

118.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore they are denied to the extent they are directed at Sierra Systems.

119.   Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore they are denied to the extent they are directed at Sierra Systems.

120.   Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore they are denied to the extent they are directed at Sierra Systems.

121.   Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore they are denied to the extent they are directed at Sierra Systems.

122.   Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore they are denied to the extent they are directed at Sierra Systems.

**G.   Uniform Damages to the Plaintiffs and the Class Members for Loss of Liberty.**

123.   Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore they are denied to the extent they are directed at Sierra Systems.

124.   Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore they are denied to the extent they are directed at Sierra Systems.

125.   Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 125 and therefore they are denied to the extent they are directed at Sierra Systems.

126.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore they are denied to the extent they are directed at Sierra Systems.

127.     Sierra Systems denies the allegations in Paragraph 127 to the extent they are directed at Sierra Systems.

128.     Paragraph 128 contains a reservation of rights by Plaintiffs, to which no response is required.   To the extent a response is required, at this time Sierra Systems denies allegations in Paragraph 128 of the Complaint.

**V.**

**<u>CLASS ACTION ALLEGATIONS</u>**

129.     Sierra Systems admits that Plaintiffs have purported to bring this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, but otherwise denies the allegations in Paragraph 129 of the Complaint including all of its subparts.

130.     Sierra Systems denies the allegations in Paragraph 130.

131.     Sierra Systems denies the allegations in Paragraph 131 including all of its subparts.

132.     Sierra Systems denies the allegations in Paragraph 132.

133.     Sierra Systems denies the allegations in Paragraph 133.

134.     Paragraph 134 contains legal conclusions to which no response is required.   To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore they are denied.

135.     Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, including all of its subparts, and therefore they are denied.

136.     Sierra Systems states that Dkt. 101 speaks for itself.  To the extent that allegations in Paragraph 136 are inconsistent with Dkt. 101, they are denied.

137.     Sierra Systems denies the allegations in Paragraph 137.

## VI.

## CAUSES OF ACTION

### COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 (AGAINST DEFENDANTS OLDHAM, MOORE, McGHEE, HAMMONS IN THEIR INDIVIDUAL CAPACITIES

138.     Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

139.     Paragraph 139 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 139 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore they are denied.

140.     Paragraph 140 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 140 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore they are denied.

141.     Paragraph 141 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 141 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore they are denied.

142.    Paragraph 142 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 142 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore they are denied.

143.    Paragraph 143 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 143 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore they are denied.

144.    Paragraph 144 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 144 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore they are denied.

**COUNT 2 – VIOLATION OF 42 U.S.C. § 1983 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICIAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY)**

145.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

146.    Paragraph 146 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 146 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore they are denied.

147.    Paragraph 147 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 147 are not directed at Sierra Systems and no response is required.  To the

extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore they are denied.

148.     Paragraph 148 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 148 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore they are denied.

149.     Paragraph 149 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 149 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore they are denied.

**COUNT 3 – NEGLIGENCE (AGAINST DEFENDANT TYLER TECH)**

150.     Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

151.     Paragraph 151 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 151 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore they are denied.

152.     The allegations in Paragraph 152 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time, Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore they are denied.

153.     Paragraph 153 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 153 are not directed at Sierra Systems and no response is required.  To the

extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore they are denied.

154.    Paragraph 154 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 154 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore they are denied.

**COUNT 4 – NEGLIGENT TRAINING AND SUPERVISION (AGAINST TYLER TECH)**

155.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

156.    Paragraph 156 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 156 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore they are denied.

157.    Paragraph 157 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 157 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore they are denied.

158.    Paragraph 158 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 158 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore they are denied.

## COUNT 5 – NEGLIGENCE (AGAINST DEFENDANT GTL)

159.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

160.    Paragraph 160 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 160 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore they are denied.

161.    Paragraph 161 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 161 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore they are denied.

162.    Paragraph 162 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 162 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore they are denied.

## COUNT 6 – NEGLIGENCE (AGAINST DEFENDANT SOFTWARE AG)

163.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

164.    Paragraph 164 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 164 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore they are denied.

165.     Paragraph 165 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 165 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore they are denied.

166.     Paragraph 166 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 166 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore they are denied.

### COUNT 7 – NEGLIGENCE (AGAINST DEFENDANT SIERRA-CEDAR)

167.     Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

168.     Paragraph 168 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 168 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore they are denied.

169.     Paragraph 169 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 169 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore they are denied.

170.     Paragraph 170 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 170 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore they are denied.

**COUNT 8 – NEGLIGENCE (AGAINST DEFENDANT SIERRA SYSTEMS)**

171.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

172.    Paragraph 172 contains legal conclusions to which no response is required.  To the extent a response is required, Sierra Systems denies the allegations in Paragraph 172.

173.    Paragraph 173 contains legal conclusions to which no response is required.  To the extent a response is required, Sierra Systems denies the allegations in Paragraph 173.

174.    Paragraph 174 contains legal conclusions to which no response is required.  To the extent a response is required, Sierra Systems denies the allegations in Paragraph 174.

**COUNT 9 – NEGLIGENCE (AGAINST DEFENDANT TETRA)**

175.    Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

176.    Paragraph 176 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 176 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore they are denied.

177.    Paragraph 177 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 177 are not directed at Sierra Systems and no response is required.  To the extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore they are denied.

178.    Paragraph 178 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 178 are not directed at Sierra Systems and no response is required.  To the

extent a response is required, at this time Sierra Systems lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and therefore they are denied.

**COUNT 10 – DECLARATORY RELIEF PURUSANT TO 28 U.S.C. § 2201 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICIAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY)**

179.     Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

180.     Paragraph 180 contains legal conclusions to which no response is required.  Further, the allegations in Paragraph 180 are not directed at Sierra Systems and no response is required.  To the extent a response is required, Sierra Systems contends the statute speaks for itself, and therefore denies any allegations inconsistent with it.

181.     Paragraph 181 contains legal conclusions to which no response is required.  To the extent a response is required, Sierra Systems denies that Plaintiffs are entitled to the declaration sought in Paragraph 181.

182.     Paragraph 182 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 182 are denied.

183.     Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 183 are denied.

184.     Paragraph 184 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 184 are denied.

**COUNT 11 – INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 (AGAINST DEFENDANTS BONNER, FIELDS, HUBBARD, WARD IN THEIR OFFICIAL CAPACITIES AND, THUS AGAINST SHELBY COUNTY**

185.     Sierra Systems incorporates the responses in the preceding paragraphs as if fully set forth in this Answer.

186.     Paragraph 186 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 186 are denied.

187.     Paragraph 187 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 187 are denied.

188.     Paragraph 188 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 188 are denied.

189.     Paragraph 189 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 189 are denied and Sierra Systems denies that Plaintiffs are entitled to a permanent injunction.

190.     Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 190 are denied and Sierra Systems denies that Plaintiffs are entitled to a permanent injunction.

191.     Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 191 are denied and Sierra Systems denies that Plaintiffs are entitled to a permanent injunction.

**VII.**

**PRAYER FOR RELIEF**

192.     To the extent any response is required, Sierra Systems denies the allegations in the prayer for relief on pages 51–52.

193.     Sierra Systems further states that any allegations heretofore not admitted or denied, including, without limitation, any allegations contained within any subheadings of the Seventh Amended Class Action Complaint, are hereby denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Seventh Amended Class Action Complaint fails to state a claim upon which relief can be granted.

2.      The Seventh Amended Class Action Complaint fails to adequately allege the required elements for class action certification.  If, however, the Court certifies a class in this case over Sierra Systems' objections, then Sierra Systems asserts the defenses set forth herein against each and every member of the certified class.  In the event a class is not certified, Sierra Systems asserts these defenses against each individual plaintiff named herein.

3.      Plaintiffs lack standing to pursue this action against Sierra Systems.

4.      Plaintiffs waived any right to seek damages pursuant to any purported cause of action stated against Sierra Systems.

5.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

6.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

7.      Plaintiffs cannot state a claim against Sierra Systems because they have not sustained any damages as a consequence of the conduct alleged against Sierra Systems in the Complaint.

8.      Plaintiffs' claims are barred or limited to the extent there is a lack of proximate cause and/or a superseding/intervening cause for Plaintiffs' alleged damages.

9.      Sierra Systems denies that Plaintiffs are entitled to any damages from it, but, without waiving said denial and in the alternative, the damages sought by Plaintiffs in the Complaint are barred by the economic loss doctrine.

10.     Any award of punitive or compensatory damages to Plaintiffs would be grossly disproportionate to any actual injury sustained by Plaintiffs, and would thus violate Sierra Systems' rights under the Due Process and Excessive Fines clauses of the United States Constitution.

11.     Sierra Systems denies that Plaintiffs are entitled to any damages from it, but, without waiving said denial and in the alternative, the damages sought by Plaintiffs in the Complaint are not recoverable because they are too legally remote, indirect and speculative.

12.     Sierra Systems adopts and relies upon the doctrine of comparative fault.  The injuries and damages sustained by Plaintiffs, if any, were the result of the comparative fault of Plaintiffs, or the comparative negligence or fault of third-parties over whom Sierra Systems had no control or right of control, including without limitation: Defendant Shelby County, Tennessee and its agencies, instrumentalities, agents and representatives; Defendant Sierra-Cedar, Inc. and its agents and representatives; Defendant Global Tel*Link and its agents and representatives; Defendant Tyler Technologies, Inc. and its agents and representatives; and Defendant Tetrus Corp. and its agents and representatives.  Sierra Systems reserves the right to further supplement this list in the event discovery reveals additional parties with comparative responsibility.

13.     Sierra Systems denies that Plaintiffs are entitled to any damages, but, without waiving said denial and in the alternative, the damages sought by Plaintiffs in the Complaint are not recoverable from Sierra Systems it is entitled to indemnity from other third parties, including but not limited to, Sierra-Cedar Inc.

14.     Plaintiffs' negligence claim fails because Plaintiffs have failed to sufficiently allege, and cannot prove, that Sierra Systems owed Plaintiffs any duty.

15.     Plaintiffs' claims are barred by the statute of limitations and/or repose.

16.     Plaintiffs' claims are barred by the equitable doctrine of laches.

17.     Plaintiffs' alleged damages, to the extent they exist, are a result of their failure to mitigate damages.

18.     Plaintiffs' claims are barred due to derivative sovereign immunity.

19.     Plaintiffs have no basis for an award of attorney's fees from Sierra Systems, as Plaintiffs' common law negligence claim provides no basis for an award of attorney's fees.

20.     Defendant Sierra Systems reserves the right to assert additional affirmative defenses to the extent they are discovered during the pendency of this litigation.

21.     Defendant Sierra Systems hereby incorporates the affirmative defenses included in the answers filed by the other Defendants in this action to the extent not individually raised herein.

Respectfully submitted this 12th day of July, 2019.


                                        */s/ Jessalyn H. Zeigler*
                                        Jessalyn H. Zeigler (TN Bar No. 016139)
                                        BASS, BERRY & SIMS PLC
                                        150 Third Avenue South Suite 2800
                                        Nashville, TN  37201
                                        (615) 742-6289
                                        JZeigler@bassberry.com

                                        Michael Kapellas (TN Bar No. 033379)
                                        BASS, BERRY & SIMS PLC
                                        100 Peabody Place, Suite 1300
                                        Memphis, TN 38103
                                        (901) 543-5900
                                        MKapellas@bassberry.com

                                        *Attorneys for Defendant Sierra Systems Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| BLACK MCLAREN JONES RYLAND & GRIFFEE PC<br>Michael G. McLaren<br>William E. Chochran, Jr.<br>Brice M. Timmons<br>530 Oak Court Drive, Suite 360<br>Memphis, TN 38117<br>Email: mmclaren@blackmclaw.com<br>      wcochran@blackmclaw.com<br>      btimmons@blackmclaw.com<br><br>WATSON BURNS, PLLC<br>Frank L. Watson, III<br>William F. Burns<br>William E. Routt<br>253 Adams Avenue<br>Memphis, TN 38104<br>Email: fwatson@watsonburns.com<br>      bburns@watsonburns.com<br>      wroutt@watsonburns.com<br><br>*Attorneys for Plaintiffs and the putative Class Members* | THE CLAIBORNE FERGUSON LAW FIRM P.A.<br>Claiborne Ferguson<br>294 Washington Avenue<br>Memphis, TN 38103<br>Email:<br>claiborne@midsouthcriminaldefense.com<br><br>THE LAW OFFICES OF JOSEPH S. OZMENT, PLLC<br>Joseph S. Ozment<br>1448 Madison Avenue<br>Memphis, TN 38104<br>Email: jozement@oz-law.net<br><br>*Attorneys for Plaintiffs and the putative Class Members* |

| WYATT TARRANT & COMBS | SHELBY COUNTY ATTORNEY'S OFFICE |
|---|---|
| Robert E. Craddock, Jr. | Emmett Lee Whitwell |
| Odell Horton, Jr. | 160 N. Main Street, Suite 950 |
| Meghan McMahon Cox | *Memphis, TN 38103* |
| Byron Norman Brown | *Email: lee.whitwell@shelbycountytn.gov* |
| 6070 Poplar Ave, Suite 300 | |
| Memphis, TN 38119 | *Attorneys for Defendants Bill Oldham, Floyd* |
| Email: rcraddock@wyattfirm.com | *Bonner, Jr., Robert Moore, Kirk Fields,* |
|        ohorton@wyattfirm.com | *Charlene McGhee, Reginald Hubbard, Debra* |
|        mcox@wyattfirm.com | *Hammons, Tiffany Ward, and Shelby County,* |
|        bbrown@wyattfirm.com | *Tennessee* |
| | |
| *Attorneys for Defendants Bill Oldham, Floyd* | |
| *Bonner, Jr., Robert Moore, Kirk Fields,* | |
| *Charlene McGhee, Reginald Hubbard, Debra* | |
| *Hammons, Tiffany Ward, and Shelby County,* | |
| *Tennessee* | |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. | BURCH PORTER & JOHNSON |
| Bradley E. Trammel | Douglas F. Halijan |
| 165 Madison Avenue, Suite 2000 | Williams David Irvine |
| Memphis, TN 38103 | 130 N. Court Avenue |
| Email: btrammell@bakerdonelson.com | Memphis, TN 38103-2217 |
| | Email: dhalijan@bpjlaw.com |
| K&L GATES, LLP |        wirvine@bpjlaw.com |
| Beth Bivans Petronio | |
| 1717 Main Street, Suite 2800 | *Attorney for Defendant Software AG Cloud* |
| Dallas, TX 75201 | *Americas, Inc.* |
| Email: beth.petronio@klgates.com | |
| | |
| *Attorneys for Defendant Tyler Technologies,* | |
| *Inc.* | |

| BRADLEY ARANT BOULT CUMMINGS LLP | SPICER RUDSTROM PLLC |
|---|---|
| Russell Brandon Bundren | Albert G. McLean |
| James L. Murphy | Kevin David Bernstein |
| 1600 Division Street, Suite 700 | 119 S. Main Street, Suite 700 |
| Nashville, TN 37203 | Memphis, TN 38103 |
| Email: bbundren@babc.com | Email: amclean@spicerfirm.com |
| jmurphy@bradley.com | kdb@spicerfirm.com |
| *Attorneys for Defendant Global TelLink Corporation* | *Attorneys for Sierra-Cedar, Inc.* |

*/s/  Jessalyn H. Zeigler*