**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **SCOTT TURNAGE, CORTEZ D. BROWN, DEONATAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,**<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br>**BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; et al.**<br><br>        **Defendants.** | **Case No. 2:16-cv-2907-SHM/tmp**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**DEFENDANT TETRUS CORP.'S ANSWER
TO PLAINTIFFS' SEVENTH AMENDED COMPLAINT**

Defendant Tetrus Corp. ("Tetrus"), by and through undersigned counsel, answers Plaintiffs' Seventh Amended Complaint ("Complaint") as follows:

1.        Tetrus admits that Plaintiffs have styled the Complaint as a suit for relief pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and Tennessee common law. Tetrus denies the remaining allegations in Paragraph 1 of the Complaint.

2.        Tetrus admits that this Court has original subject matter jurisdiction over Plaintiffs' claims against Shelby County and governmental employees. Tetrus denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the allegations.

4.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies the allegations.

5.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the allegations.

8.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies the allegations.

9.      Admitted that venue is proper in this Court. Tetrus denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

11.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

13.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the allegations.

15.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the allegations.

16.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the allegations.

17.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the allegations.

18.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the allegations.

19.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the allegations.

20.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the allegations.

21.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the allegations.

22.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the allegations.

23.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the allegations.

24.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the allegations.

25.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the allegations.

26.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the allegations.

27.     Tetrus admits that Shelby County is a Tennessee county and defendant in this matter. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and therefore denies the allegations.

28.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the allegations.

29.     Tetrus admits that Global Tel*Link Corporation is a corporation organized under the laws of Idaho and has its principal place of business in Falls Church, Virginia. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore denies the allegations.

30.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies the allegations.

31.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the allegations.

32.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the allegations.

33.     Admitted.

34.     Certain allegations set forth in Paragraph 34 are merely a recitation of statutes and legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus admits that this Court has specific personal jurisdiction over Tetrus in this matter. Tetrus is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint and therefore denies the allegations.

35.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies the allegations.

36.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the allegations.

37.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies the allegations.

38.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies the allegations.

39.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 39 as they relate to Tetrus.

40.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 40 as they relate to Tetrus.

41.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies the allegations.

42.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the allegations.

43.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 43 as they relate to Tetrus.

44.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 44 as they relate to Tetrus.

45.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 45 as they relate to Tetrus.

46.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies the allegations.

47.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the allegations.

48.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies the allegations.

49.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies the allegations.

50.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 50 as they relate to Tetrus.

51.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 51 as they relate to Tetrus.

52.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the allegations.

53.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies the allegations.

54.     The allegations set forth in Paragraph 54 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies the allegations.

55.     Paragraph 55 of the Complaint purports to quote from the Contract for Court Management Systems. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies the allegations.

56.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the allegations.

57.     Paragraph 57 of the Complaint purports to quote from the Contract for Court Management Systems. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies the allegations.

58.     Paragraph 58 of the Complaint purports to quote from the Contract for Court Management Systems. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies the allegations.

59.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies the allegations.

60.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies the allegations.

61.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 61 as they relate to Tetrus.

62.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies the allegations.

63.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies the allegations.

64.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 64 as they relate to Tetrus.

65.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 65 as they relate to Tetrus.

66.     Admitted that Tyler Technologies, Inc.'s answer asserts comparative fault as an affirmative defense. Tetrus specifically denies any allegations in Paragraph 66 as they relate to Tetrus.

67.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies the allegations.

68.     Upon information and belief, Defendant Global Tel*Link Corporation ("GTL") entered into a contract with the County. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and therefore denies the allegations.

69.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies the allegations.

70.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore denies the allegations.

71.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and therefore denies the allegations.

72.      Admitted that Tetrus performed services for GTL in connection with GTL's contract with Shelby County. Tetrus denies that it had any responsibility to implement, test, support, or maintain the County's Integrated Criminal Justice System's "information hub" subsequent to its delivery of, and acceptance of, the interfaces. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of the Complaint and therefore denies the allegations. Tetrus specifically denies that any acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever against Tetrus.

73.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and therefore denies the allegations.

74.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies the allegations.

75.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies the allegations.

76.      Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies the allegations.

77.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies the allegations.

78.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 78 as they relate to Tetrus.

79.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies the allegations.

80.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies the allegations.

81.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 81 as they relate to Tetrus.

82.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies the allegations.

83.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore denies the allegations.

84.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies the allegations.

85.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore denies the allegations.

86.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore denies the allegations.

87.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and therefore denies the allegations.

88.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies the allegations.

89.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and therefore denies the allegations.

90.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and therefore denies the allegations.

91.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and therefore denies the allegations.

92.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and therefore denies the allegations.

93.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and therefore denies the allegations.

94.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and therefore denies the allegations.

95.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore denies the allegations.

96.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore denies the allegations.

97.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore denies the allegations.

98.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore denies the allegations.

99.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 99 as they relate to Tetrus.

100.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and therefore denies the allegations.

101.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 101 as they relate to Tetrus.

102.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore denies the allegations.

103.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and therefore denies the allegations.

104.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and therefore denies the allegations.

105.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and therefore denies the allegations.

106.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and therefore denies the allegations.

107.    Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore denies the allegations.

108.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore denies the allegations.

109.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and therefore denies the allegations.

110.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and therefore denies the allegations.

111.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and therefore denies the allegations.

112.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and therefore denies the allegations.

113.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and therefore denies the allegations.

114.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore denies the allegations.

115.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore denies the allegations.

116.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore denies the allegations.

117.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and therefore denies the allegations.

118.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and therefore denies the allegations.

119.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore denies the allegations.

120.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore denies the allegations.

121.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore denies the allegations.

122.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore denies the allegations.

123.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and therefore denies the allegations. Tetrus specifically denies any allegations in Paragraph 123 as they relate to Tetrus.

124.     The allegations set forth in Paragraph 124 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and therefore denies the allegations.

125.     The allegations set forth in Paragraph 125 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint and therefore denies the allegations. Tetrus specifically denies that any acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever against Tetrus.

126.     Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore denies the allegations.

Tetrus specifically denies that any acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever against Tetrus.

127.     The allegations set forth in Paragraph 127 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and therefore denies the allegations. Tetrus specifically denies that any acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever against Tetrus.

128.     The allegations set forth in Paragraph 128 do not set forth any facts and thus no response is required. To the extent a response is required, Tetrus denies the allegations set forth in Paragraph 128 of the Complaint.

129.     The allegations set forth in Paragraph 129 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

130.     The allegations set forth in Paragraph 130 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

131.     The allegations set forth in Paragraph 131 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

132.    The allegations set forth in Paragraph 132 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

133.    The allegations set forth in Paragraph 133 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

134.    Admitted that Plaintiffs have chosen counsel. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

135.    Admitted that Plaintiffs have chosen counsel. Tetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the Complaint and therefore denies the allegations. Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

136.    Admitted.

137.    The allegations set forth in Paragraph 137 are merely legal conclusions and, therefore, require no response. To the extent a response is required, Tetrus denies that Plaintiffs have satisfied the requirements for class certification.

138.    In response to the allegations contained in paragraph 138 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

139.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

140.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

141.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

142.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

143.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

144.    Plaintiffs did not allege that Tetrus is liable under Count 1 and thus no response by Tetrus is required. To the extent a response is required, denied.

145.    In response to the allegations contained in paragraph 145 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

146.    Plaintiffs did not allege that Tetrus is liable under Count 2 and thus no response by Tetrus is required. To the extent a response is required, denied.

147.     Plaintiffs did not allege that Tetrus is liable under Count 2 and thus no response by Tetrus is required. To the extent a response is required, denied.

148.     Plaintiffs did not allege that Tetrus is liable under Count 2 and thus no response by Tetrus is required. To the extent a response is required, denied.

149.     Plaintiffs did not allege that Tetrus is liable under Count 2 and thus no response by Tetrus is required. To the extent a response is required, denied.

150.     In response to the allegations contained in paragraph 150 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

151.     Plaintiffs did not allege that Tetrus is liable under Count 3 and thus no response by Tetrus is required. To the extent a response is required, denied.

152.     Plaintiffs did not allege that Tetrus is liable under Count 3 and thus no response by Tetrus is required. To the extent a response is required, denied.

153.     Plaintiffs did not allege that Tetrus is liable under Count 3 and thus no response by Tetrus is required. To the extent a response is required, denied.

154.     Plaintiffs did not allege that Tetrus is liable under Count 3 and thus no response by Tetrus is required. To the extent a response is required, denied.

155.     In response to the allegations contained in paragraph 155 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

156.     Plaintiffs did not allege that Tetrus is liable under Count 4 and thus no response by Tetrus is required. To the extent a response is required, denied.

157.     Plaintiffs did not allege that Tetrus is liable under Count 4 and thus no response by Tetrus is required. To the extent a response is required, denied.

158.     Plaintiffs did not allege that Tetrus is liable under Count 4 and thus no response by Tetrus is required. To the extent a response is required, denied.

159.     In response to the allegations contained in paragraph 159 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

160.     Plaintiffs did not allege that Tetrus is liable under Count 5 and thus no response by Tetrus is required. To the extent a response is required, denied.

161.     Plaintiffs did not allege that Tetrus is liable under Count 5 and thus no response by Tetrus is required. To the extent a response is required, denied.

162.     Plaintiffs did not allege that Tetrus is liable under Count 5 and thus no response by Tetrus is required. To the extent a response is required, denied.

163.     In response to the allegations contained in paragraph 163 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

164.     Plaintiffs did not allege that Tetrus is liable under Count 6 and thus no response by Tetrus is required. To the extent a response is required, denied.

165.     Plaintiffs did not allege that Tetrus is liable under Count 6 and thus no response by Tetrus is required. To the extent a response is required, denied.

166.     Plaintiffs did not allege that Tetrus is liable under Count 6 and thus no response by Tetrus is required. To the extent a response is required, denied.

167.     In response to the allegations contained in paragraph 167 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

168.     Plaintiffs did not allege that Tetrus is liable under Count 7 and thus no response by Tetrus is required. To the extent a response is required, denied.

169.     Plaintiffs did not allege that Tetrus is liable under Count 7 and thus no response by Tetrus is required. To the extent a response is required, denied.

170.     Plaintiffs did not allege that Tetrus is liable under Count 7 and thus no response by Tetrus is required. To the extent a response is required, denied.

171.     In response to the allegations contained in paragraph 171 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

172.     Plaintiffs did not allege that Tetrus is liable under Count 8 and thus no response by Tetrus is required. To the extent a response is required, denied.

173.     Plaintiffs did not allege that Tetrus is liable under Count 8 and thus no response by Tetrus is required. To the extent a response is required, denied.

174.     Plaintiffs did not allege that Tetrus is liable under Count 8 and thus no response by Tetrus is required. To the extent a response is required, denied.

175.     In response to the allegations contained in paragraph 175 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

176.     To the extent that Plaintiffs intended to direct Count 9 and Paragraph 176 to Tetrus (rather than "Tetra"), certain allegations set forth in Paragraph 176 are merely legal

conclusions and, therefore, require no response. To the extent a response is required, Tetrus admits that it had a duty to perform certain services for Defendant GTL with respect to the InfoHub Interfaces for the Shelby County project. Tetrus denies that it had a relationship with Plaintiffs or any responsibility to implement, test, support, or maintain OMS subsequent to its delivery of, and acceptance of, the interfaces. Tetrus specifically denies that any acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever against Tetrus.

177.    To the extent that Plaintiffs intended to direct Count 9 and Paragraph 177 to Tetrus (rather than "Tetra"), certain allegations set forth in Paragraph 177 are merely legal conclusions and, therefore, require no response. To the extent a response is required, denied.

178.    To the extent that Plaintiffs intended to direct Count 9 and Paragraph 178 to Tetrus (rather than "Tetra"), certain allegations set forth in Paragraph 1768 are merely legal conclusions and, therefore, require no response. To the extent a response is required, denied.

179.    In response to the allegations contained in paragraph 179 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

180.    Plaintiffs did not allege that Tetrus is liable under Count 10 and thus no response by Tetrus is required. To the extent a response is required, denied.

181.    Plaintiffs did not allege that Tetrus is liable under Count 10 and thus no response by Tetrus is required. To the extent a response is required, denied.

182.    Plaintiffs did not allege that Tetrus is liable under Count 10 and thus no response by Tetrus is required. To the extent a response is required, denied.

183.     Plaintiffs did not allege that Tetrus is liable under Count 10 and thus no response by Tetrus is required. To the extent a response is required, denied.

184.     Plaintiffs did not allege that Tetrus is liable under Count 10 and thus no response by Tetrus is required. To the extent a response is required, denied.

185.     In response to the allegations contained in paragraph 185 of the Complaint, Tetrus incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

186.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

187.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

188.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

189.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

190.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

191.     Plaintiffs did not allege that Tetrus is liable under Count 11 and thus no response by Tetrus is required. To the extent a response is required, denied.

Tetrus generally denies each and every allegation of the Complaint that has not been specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1.       The burden of proof with respect to any of the defenses and issues listed below are as provided by Tennessee law. Characterizing the defenses below as "Affirmative Defenses" does not shift the burden of proof to Tetrus with respect to any issues for which Plaintiffs carry the burden of proof.

2.       Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted because Tetrus has not performed any act, and is not proposing to perform any act, in violation of any right validly belonging to Plaintiffs.

3.       Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, acquiescence, doctrine of laches, waiver, and/or undue delay.

4.       Plaintiffs' claims are barred based on derivative sovereign immunity.

5.       Plaintiffs' claims are barred by the economic loss doctrine.

6.       Plaintiffs' claims against Tetrus are barred because Tetrus did not owe a duty to Plaintiffs.

7.       Plaintiffs' claims against Tetrus are barred because no conduct by Tetrus fell below any applicable standards of care and Tetrus exercised reasonable care in the performance of relevant services for Defendant GTL.

8.       Plaintiffs' claims against Tetrus are barred because no acts or omissions of Tetrus contributed to any alleged harm to Plaintiffs.

9.       The losses, damages, or injuries, if any, allegedly incurred or sustained by Plaintiffs were proximately caused by the acts of a party or parties other than Tetrus, and over whom Tetrus has no control or authority.

10.     Plaintiffs' claims against Tetrus are barred because the losses, damages, or injuries, if any, allegedly incurred or sustained by Plaintiffs were not reasonably foreseeable to Tetrus.

11.     Without admitting that Plaintiffs suffered any damages, Plaintiffs have failed to take reasonable steps to mitigate any alleged damages and may not recover any damages Plaintiffs failed to mitigate.

12.     The claims and damages asserted in Plaintiffs' Complaint are barred, in whole or in part, by Tennessee's doctrine of modified comparative fault. Any losses which Plaintiffs claim to have suffered were caused, solely or in part, by the acts and omissions of Plaintiffs, other defendants, including but not limited to Defendant GTL, or third parties, and any award of damages to Plaintiffs must be reduced in proportion to the percentage of total negligence attributable to each.

13.     To the extent any punitive and/or exemplary damages are awarded, those damages are capped and/or violate due process.

14.     Tetrus adopts by reference all affirmative defenses pled by all other defendants as if the same were set out herein.

15.     Tetrus has not knowingly and/or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through its investigation of the allegations set forth in Plaintiffs' Complaint and during discovery proceedings in this matter.

16.     Tetrus further reserves the right to amend its Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

Tetrus denies the allegations in the Prayer For Relief of the Complaint, and requests that the Court deny all relief sought by Plaintiffs. Tetrus denies that it is liable to Plaintiffs, or any other parties, under any theory of fact or law with respect to the allegations and claims set forth in the Complaint. Tetrus further denies that Plaintiffs have been damaged as a result of any act or omission of Tetrus.

**WHEREFORE, PREMISES CONSIDERED,** Tetrus prays for judgment as follows:

1.    That Plaintiffs' claims against Tetrus be dismissed with prejudice;

2.    That Plaintiffs take nothing by reason of their Complaint, and that judgment be entered for the Defendants;

3.    That Tetrus be awarded its reasonable costs and attorneys' fees incurred in defending this action; and

4.    That the Court issue and award Tetrus with such further relief as the Court deems just and proper.

## JURY DEMAND

Trial by jury is hereby demanded for all issues so triable.

Respectfully submitted,

*/s/ Thomas Anthony Swafford*
Thomas Anthony Swafford, TN BPR No. 017578
ADAMS AND REESE LLP
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com

J. Bennett Fox, Jr., TN BPR No. 026828
ADAMS AND REESE LLP
6075 Poplar Ave, Suite 700
Memphis, TN 38119
Tel: (901) 524-5324
Fax: (901) 524-5414
Email: ben.fox@arlaw.com

*Attorneys for Defendant Tetrus Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

<table>
<tr>
<td>

BLACK MCLAREN JONES RYLAND & GRIFFEE PC
Michael G. McLaren
William E. Chochran, Jr.
Brice M. Timmons
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Email: mmclaren@blackmclaw.com
        wcochran@blackmclaw.com
        btimmons@blackmclaw.com

WATSON BURNS, PLLC
Frank L. Watson, III
William F. Burns
William E. Routt
253 Adams Avenue
Memphis, TN 38104
Email: fwatson@watsonburns.com
        bburns@watsonburns.com
        wroutt@watsonburns.com

THE CLAIBORNE FERGUSON LAW FIRM P.A.
Claiborne Ferguson
294 Washington Avenue
Memphis, TN 38103
Email:
claiborne@midsouthcriminaldefense.com

THE LAW OFFICES OF JOSEPH S. OZMENT, PLLC
Joseph S. Ozment
1448 Madison Avenue
Memphis, TN 38104
Email: jozement@oz-law.net

*Attorneys for Plaintiffs and the putative Class Members*

</td>
<td>

WYATT TARRANT & COMBS
Robert E. Craddock, Jr.
Odell Horton, Jr.
Meghan McMahon Cox
Byron Norman Brown
6070 Poplar Ave, Suite 300
Memphis, TN 38119
Email:  rcraddock@wyattfirm.com
ohorton@wyattfirm.com
mcox@wyattfirm.com
bbrown@wyattfirm.com

SHELBY COUNTY ATTORNEY'S OFFICE
Emmett Lee Whitwell
160 N. Main Street, Suite 950
Memphis, TN 38103
Email:
lee.whitwell@shelbycountytn.gov

*Attorneys for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

</td>
</tr>
</table>

| | |
|---|---|
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. <br> Bradley E. Trammel <br> 165 Madison Avenue, Suite 2000 <br> Memphis, TN 38103 <br> Email: btrammell@bakerdonelson.com <br><br> K&L GATES, LLP <br> Beth Bivans Petronio <br> 1717 Main Street, Suite 2800 <br> Dallas, TX 75201 <br> Email: beth.petronio@klgates.com <br><br> *Attorneys for Defendant Tyler Technologies, Inc.* | BURCH PORTER & JOHNSON <br> Douglas F. Halijan <br> Williams David Irvine <br> 130 N. Court Avenue <br> Memphis, TN 38103-2217 <br>    Email: dhalijan@bpjlaw.com <br>    wirvine@bpjlaw.com <br><br> *Attorney for Defendant Software AG Cloud Americas, Inc.* |
| BRADLEY ARANT BOULT CUMMINGS LLP <br> Russell Brandon Bundren <br> James L. Murphy <br> 1600 Division Street, Suite 700 <br> Nashville, TN 37203 <br> Email: bbundren@babc.com <br>    jmurphy@bradley.com <br><br> *Attorneys for Defendant Global TelLink Corporation* | SPICER RUDSTROM PLLC <br> Albert G. McLean <br> Kevin David Bernstein <br> 119 S. Main Street, Suite 700 <br> Memphis, TN 38103 <br> Email: amclean@spicerfirm.com <br> kdb@spicerfirm.com <br><br> *Attorneys for Defendant Sierra-Cedar, Inc.* |
| BASS, BERRY, & SIMS PLC <br> Jessalyn H. Zeigler <br> 150 Third Avenue South Suite 2800 <br> Nashville, TN 37201 <br> Email:jzeigler@bassberry.com <br><br> Michael P. Kapellas <br> 100 Peabody Place, Suite 1300 <br> Memphis, TN 38103-3672 <br> Email:mkapellas@bassberry.com <br><br> *Attorneys for Defendant Sierra Systems Group, Inc.* | |

*/s/ Thomas Anthony Swafford*