IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br>          PLAINTIFFS, <br><br> v. <br><br><br> BILL OLDHAM, FLOYD BONNER, JR., ROBERT MOORE, KIRK FIELDS, CHARLENE McGHEE, REGINALD HUBBARD, DEBRA HAMMONS, TIFFANY WARD, SHELBY COUNTY, TENNESSEE, TYLER TECHNOLOGIES, INC., GLOBAL TEL*LINK CORPORATION, SOFTWARE AG CLOUD AMERICAS, INC., SIERRA-CEDAR, INC., SIERRA SYSTEMS GROUP, INC., and TETRUS CORP., <br><br>          DEFENDANTS. | **Case No. 2:16-cv-2907-SHM-tmp** |

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION IN PART**

Before the Court is Plaintiffs' Motion to Compel the Production of Documents and Information (D.E. 113). The court

hereby GRANTS the Motion, in part, subject to the court's findings below.

It is therefore ORDERED, ADJUDGED, AND DECREED:

i. that Plaintiffs' Interrogatories and Document Requests are properly directed to class discovery and are not barred by the bifurcation of class and merits discovery set forth in the Amended Scheduling Order (D.E. 186), or in a later amended scheduling order; thus, Shelby County's objections to Interrogatory Nos. 4, 8, 12, 13, and 14 and Document Request Nos. 1, 10, 12, 13, and 18 on the ground that the requested documents and information are outside the scope of limited class certification discovery are overruled;

ii. In consideration of Shelby County's objections to plaintiffs' discovery requests as overbroad, the parties have agreed to limit the scope of documents to be produced to shorter time periods than initially requested. Plaintiffs' Motion to Compel is DENIED to the extent that it seeks information and documents beyond the agreed-upon time periods;

iii. On August 21, 2019, the parties announced to the court that they have agreed upon a refined ESI search resulting in 107,340 ESI documents that shall constitute the set of ESI to be produced by Shelby County defendants;

iv. Shelby County has agreed, and it is so ordered, that they shall produce the set of 107,340 ESI documents within seven

(7) days of the entry of this Order in accordance with the specifications provided to Shelby County by plaintiffs entitled "Incoming Production Standard Formats: Preferred Composition of Digital Data for DISCO";

    v. Shelby County's ESI production shall be presumed to be "Attorneys' Eyes Only," as provided for the Amended Agreed Protective Order (D.E. 156), for a period of sixty (60) days from the date of production, after which time documents shall become "confidential" unless otherwise designated by the County;

    vi. During the sixty (60) day period, Shelby County may, in good faith, designate the ESI, if any, that it believes should be treated under "Attorneys' Eyes Only" protections;

    vii. Shelby County shall run the refined ESI search agreed to by the parties across the approximately 8,500 documents withheld by Shelby County as presumptively privileged and shall conduct and complete a privilege review of the sub-set of presumptively privileged documents that result from the refined search within forty-five (45) days of the date of the entry of this Order;

    viii. Upon completion of this privilege review, Shelby County shall produce within seven (7) days all non-privileged documents in the manner and format described herein at paragraph iv and shall contemporaneously produce therewith a privilege log of the ESI withheld as privileged containing sufficient

information for plaintiffs to determine the validity of Shelby County's privilege claims. The parties have agreed to consult with one another about the format and content of the privilege log after Shelby County determines the volume of documents to be included on the log. If the parties are unable to agree on these issues, they may submit the matter to the court;

    ix. The court finds that Shelby County's production of ESI in the above manner shall fulfill its obligations under Rules 33 and 34 of the Federal Rules of Civil Procedure with respect to plaintiffs' discovery requests to date;

    x. Plaintiffs shall, in their discretion, search the ESI produced by Shelby County to determine responsiveness to particular Interrogatories and Requests for Production of Documents and provide Shelby County with the Bates ranges of documents that plaintiffs believe constitute responses to such requests;

    xi. Upon receipt of the Bates ranges that plaintiffs believe to be responsive, Shelby County may agree with plaintiffs that the documents contained in the identified Bates ranges are responsive to the discovery requests and/or identify to plaintiffs by Bates ranges additional ESI that Shelby County believes to be responsive; and

    xii. The court finds that all parties have acted in good faith, and there is no basis for sanctions in connection with

4

the granting of this Motion to Compel; plaintiffs' request for attorneys' fees pursuant to Rule 37(a) of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 26, 2019
Date