**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,
Plaintiffs,

v.

BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBABARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation,
Defendants.

No. 2:16-cv-02907-SHM-tmp

**SECOND AMENDED SCHEDULING ORDER**

This matter is a putative class action. Pursuant to this Court's Orders, Plaintiffs filed their Sixth Amended Class Action Complaint on May 1, 2019, adding one new defendant to this action and, on June 19, 2019, filed a Seventh Amended Class Action Complaint to name another Defendant against whom comparative fault has been alleged. The parties have agreed to bifurcate class certification from merits discovery, with class discovery and class certification to occur first. The Court agrees that this is appropriate. The parties also agree that this case should be mediated and have agreed to a deadline for the same as stated below. The following schedule and deadlines relating to class discovery and certification are therefore established:

1. The parties have agreed to mediate this case and have agreed that mediation is to be conducted on or before March 3, 2020.

2. Plaintiffs' deadline for disclosing expert information pertaining to class certification pursuant to Fed. R. Civ. P. 26(a) shall be March 16, 2020. Defendants' deadline for disclosing expert information pertaining to class certification pursuant to Fed. R. Civ. P. 26(a) shall be April 16, 2020.

3. All discovery related to Class Certification, including expert-related discovery, shall conclude by May 18, 2020.

4. Plaintiffs shall file motions for class certification by June 22, 2020.

5. Defendants' responses to plaintiffs' motions for class certification shall be filed by July 24, 2020.

6. Plaintiff's replies to such responses shall be due August 7, 2020, and any sur-replies filed by defendants shall be due August 21, 2020.

After the Court has ruled on class certification, another scheduling conference will be held to set additional dates for which merits discovery can be conducted.  Absent good cause, the scheduling dates set by this order will not be modified or extended.

So ORDERED this 6th day of September, 2019.

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge
