IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>    PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation,<br><br>    DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp**<br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY**

COME NOW Plaintiffs, Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell *deceased*, Keith Burgess, and Travis Boyd, and states as follows:

I.  **Facts**

Plaintiff, Issacca Powell, passed away on February 4, 2019. An attested copy of the *Order Granting Petition for Appointment of Administrator Ad Litem* is attached to the "Motion for Substitution of Party" as Exhibit 1 thereto. The Probate Court of Shelby County, Tennessee appointed Aubrey L. Brown as Administrator Ad Litem on August 22, 2019 by in cause number PR-14764. Counsel for Plaintiffs now moves this Court to substitute as Plaintiff Aubrey L. Brown as Administrator ad Litem for the Estate of Issacca Powell ("Aubrey L. Brown ex rel. Estate of Issacca Powell").

II. **Law and Argument**

A. **Substitution Generally and Survival of Claims Under 42 U.S.C. § 1983**

Fed. R. Civ. P. 25(a)(1) governs the death of a party. It states:

> *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a) provides a procedural devise allowing for the substitution of a party in order for litigation on a decedent's behalf to continue whenever their cause of action survives their death. United States v. Atlas Lederer Co., 494 F. Supp. 2d 649, 657 (S.D. Ohio 2007). "As a threshold matter, Rule 25 requires that the Court determine at the outset whether Plaintiff's civil rights claims brought under 42 U.S.C. § 1983 were automatically extinguished upon his death." Reposh v. Sellers, No. 3:12-CV-02524, 2016 U.S. Dist. LEXIS 46223, at *5-6 (M.D. Pa. Apr. 6, 2016).

The survival of civil actions under § 1983 upon the death of a party is governed, pursuant to 42 U.S.C. § 1988, by the law of the forum state, so long as "not inconsistent with the

2

Constitution and laws of the United States." Robertson v. Wegmann, 436 U.S. 584, 590, (1978). Thus, Tennessee's law of survivorship applies.

Tennessee law is clear on this point. "The common law rule is that the right of action of a person for injuries received perishes with the death of that person. This rule has been abolished by statute in perhaps all of the States." McDaniel v. Mulvihill, 196 Tenn. 41, 44, 263 S.W.2d 759, 761 (1953). Tenn. Code Ann. § 20-5-102 governs survival of actions:

> No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.

### B. Survival of Class Interests and Substitution of Representative

Class interests also remain alive regardless of the death of a named representative. James v. Jones, 148 F.R.D. 196, 202 (W.D. Ky. 1993). Where a class representative dies during litigation, Plaintiffs should seek substitution of the proper party in interest. Id. (addressed in dicta in the context of a 42 U.S.C. § 1983 action involving injunctive relief for unlawful conditions of confinement).

The substitute is not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent. Atlas Lederer Co., 495 F. Supp. 2d at 657. A personal representative need not show that they meet the standing requirements of a plaintiff to be substituted under Fed. R. Civ. P. 25(a)(1). United States ex rel. Colucci v. Beth Israel Med. Ctr., 603 F. Supp. 2d 677, 683-84 (S.D.N.Y. 2009) (holding that a *qui tam* action brought by a private person on behalf of the United States survived the death of the relator). A

3

personal representative need not themselves meet the requirements of being a class representative in order to substitute for a class representative in litigation. Roe v. City of New York, 2003 U.S. Dist. LEXIS 20705, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003) (granting motion to substitute father of class action representative although father could not satisfy any requirements to represent class). As substitute, the personal representative is not litigating on his own behalf but "stands in the shoes of the decedent." Id.

### C. Administrator ad Litem as Real Party in Interest

Tenn. Code Ann. § 20-5-106(a) provides that an action may be prosecuted by the person's personal representative or, if no one is willing to administer their estate, their next-of-kin. "When a claim involves damages, 'the personal representative is the primary party to respond to it.'" Dubis v. Loyd, 540 S.W.3d 4, 10-11 (Tenn. Ct. App. 2016). Unless it is shown that "no person will administer on the estate of the deceased. . ." the administrator or personal representative is the proper party in interest. Id. Tenn. Code Ann. § 20-5-104. The rationale for requiring the opening of an estate and the prosecution of the claim by the estate's personal representative, in the case the Administrator ad Litem, is that there may be more heirs-at-law and/or creditors that the law seeks to protect. *Dubis*, 540 S.W.3d at 10-11.

Here, Plaintiff Issacca Powell died intestate and, on information and belief, is survived by numerous known heirs-at-law, at least some of whom are minors. His death does not Pending the administration of the estate, it cannot be known whether there are creditors.    Tenn.   Code Ann. § 20-5-107 expressly provides for the action to be maintained in the name of the personal representative, which, in this case, is the Administrator ad Litem, Aubrey L. Brown, Esq. Therefore, both the statutory framework and rationale for it support the Shelby County Probate Court's appointment of an Administrator ad Litem specifically to prosecute this action on behalf

of Plaintiff Powell's estate.

### III.     Conclusion

Plaintiff Powell's action survives his death, as do his class interests. The Shelby County Probate Court has properly appointed an Administrator ad Litem to continue this action on behalf of his estate. This Court should substitute as Plaintiff in this action "Aubrey L. Brown ex rel. Estate of Issacca Powell."

Respectfully submitted,

/s/*Brice M. Timmons*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

Claiborne Ferguson (Tenn. Bar No. 20457)
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, Tennesseee 38103
Claiborne@midsouthcriminaldefense.com

        Joseph S. Ozment (Tenn. Bar No. 15601)
        THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
        1448 Madison Ave.
        Memphis, Tennessee 38104
        Phone: (901) 525-4357
        Email: jozment@oz-law.net
        *Counsel for Plaintiffs and the putative*
        *Class Members*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of September, 2019, the foregoing document was served upon all parties to this action via the Court's ECF system

        */s/ Brice M. Timmons.*

## **CERTIFICATE OF CONSULTATION**

The undersigned hereby certifies that I have consulted with counsel for the opposing parties via email and that one or more Defendants opposes/does not consent to the relief sought in the motion.

        */s/ Brice M. Timmons.*