**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN,<br>DEONTAE TATE, JEREMY S. MELTON, ISSACCA<br>POWELL, KEITH BURGESS, TRAVIS BOYD,<br>TERRENCE DRAIN and KIMBERLY ALLEN<br>on behalf of themselves and all similarly situated persons,<br><br>       Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former<br>Sheriff of Shelby County,Tennessee; FLOYD BONNER,<br>JR., in his official capacity as the Sheriff of Shelby County,<br>Tennessee; ROBERT MOORE, in his individual capacity<br>as former Jail Director of Shelby County, Tennessee;<br>KIRK FIELDS, in his official capacity as the Jail Director<br>of Shelby County, Tennessee; CHARLENE MCGHEE, in<br>her individual capacity as former Assistant Chief of Jail<br>Security of Shelby County, Tennessee; REGINALD<br>HUBBARD, in his official capacity as Assistant Chief of<br>Jail Security of Shelby County, Tennessee; DEBRA<br>HAMMONS, in her individual capacity as former Assistant<br>Chief of Jail Programs; TIFFANY WARD in her official<br>capacity as the Assistant Chief of Jail Programs of Shelby<br>County, Tennessee; SHELBY COUNTY, TENNESSEE,<br>a Tennessee municipality; TYLER TECHNOLOGIES,<br>INC., a foreign corporation; GLOBAL TEL*LINK<br>CORPORATION, a foreign corporation; SOFTWARE<br>AG USA, INC., a foreign corporation; SIERRA-CEDAR,<br>INC.,  a foreign corporation; SIERRA SYSTEMS GROUP,<br>INC., a foreign corporation, and TETRUS CORP, a foreign<br>Corporation,<br><br>       Defendants. | Civil Action No. 2:16-cv-02907-<br>SHM-tmp<br><br>Jury Demanded |

---

**SHELBY COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTY**

---

     Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee,

Debra Hammons, Floyd Bonner, Jr., Kirk Fields, Reginald Hubbard and Tiffany Ward

(collectively "Shelby County Defendants") hereby file their Response in Opposition to Plaintiffs'

Motion for Substitution of Party. Although the Administrator Ad Litem for the Estate of

deceased Plaintiff Isaaca Powell (the "Administrator") appears to have been duly appointed and

be the proper party in interest to prosecute Powell's surviving claims, the Administrator cannot

properly be named as a putative class representative. For this reason, and as discussed in more

detail below, substitution would be improper, and the Motion should be denied.

## LAW AND ARGUMENT

1.  <u>Powell's death renders his claims for prospective relief moot, and the Administrator
    therefore lacks standing to bring such claims on behalf of a putative class.</u>

As Plaintiffs implicitly recognize in their Memorandum, substitution under Rule 25 of the

Federal Rules of Civil Procedure is within the court's discretion and can be denied on the basis

of mootness or non-survival of the party's claims. In moving to substitute the Administrator as a

party to this putative class action, Plaintiffs seek the Administrator's participation both on behalf

of Powell's estate and on behalf of any similarly situated putative class members as class

representative. Taking the above considerations together, it follows that the court can and should

exercise its discretion to deny substitution when claims that have been extinguished as to Powell

and his estate would render the Administrator inherently incapable of adequately representing a

putative class.

Powell's death rendered any claim he would have for injunctive or other prospective

relief moot. *See, e.g.*, *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th

Cir. 2014); *Trautz v. Weisman*, 846 F. Supp. 1160, 1162 (S.D.N.Y. 1994). The Administrator

therefore lacks standing to bring these claims, on behalf of either Powell's estate or the putative

class members. *Id.* ("While it is unclear at this juncture whether [the plaintiff's] estate will be

2

substituted as a plaintiff in this action, we can no longer consider him as a class representative because any claim he would have for injunctive relief is now moot. . . . [H]is death renders him incapable of satisfying the adequacy of representation requirements" of Rule 23.).

As Plaintiffs note in their memorandum, the Administrator can still pursue a claim for monetary damages under § 1983 on behalf of Powell's estate, since these claims survive his death; however, a significant part of the relief prayed for in the complaint against the Shelby County Defendants on behalf of the class is injunctive. *See* Seventh Amended Complaint (D.E. 218) at ¶¶ 185-191 and Prayer for Relief. The Administrator cannot properly serve as a class representative if he is capable of litigating only some class claims, and not others. *See generally* Fed. R. Civ. P. 23(a)(3-4) (requiring class representatives to be members of each class or subclasses they purport to represent, as well as have the same interests and suffer the same injury as unnamed class members). *See also Mixon v. Gray Drug Stores, Inc.*, 81 F.R.D. 413, 414 (N.D. Ohio 1978) ("Because [the decedent's] estate has no direct interest in the correction of the alleged unlawful practices, it cannot be an adequate representative of the class described in the complaint."). Although this matter is not yet at the class certification stage, no amount of time or discovery would rectify the Administrator's inadequacy to serve as class representative. Powell's claims for injunctive relief cannot be revived. It would be futile to substitute the Administrator as putative class representative, only to require another putative class member to represent the interests of the class down the road.

2.    Class interests do not survive the death of a putative class member.

On a similar note, and contrary to Plaintiffs' arguments in their Memorandum, class interests do *not* survive the death of a putative class member. As the Supreme Court explained in *Sosna v. Iowa*, the survival of class claims after the death of a named plaintiff turns largely on

3

whether or not the class has been certified. *See* 419 U.S. 393, 399 (1975). This is so because class certification confers a legal status on the class of unnamed plaintiffs, separate and apart from a named plaintiffs' own individual interests (or, as here, in an administrator's capacity as representative on the behalf of an estate). *Id.*

Article III requires that a named plaintiff have some live case or controversy (1) at the time the complaint is filed, (2) at the time the class action is certified by the district court, and (3) at the time the case is reviewed by the court. *Id.* at 402.  Even if a class representative's claims become moot post-certification, a class will not become moot because a live controversy exists as to the members of the certified class. On the flip side, however, mootness of a named plaintiff's claims *before* a class has been certified will cause the class action to be moot. *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) (holding that when putative class representative changed jobs, his prospective claims in a discrimination suit against his employer became moot and consequently mooted the class action). In fact, the only case cited by Plaintiffs in support of their argument that the class claims survive Powell's death confirms that survival turns on whether the class had been certified prior to a named plaintiff's claims becoming moot. *James v. Jones*, 148 F.R.D. 196, 201-202 (drawing contrast between one named plaintiff whose claims became moot after certification and another who, unbeknownst to the court, had passed away prior to the certification of the class and therefore was not a proper class representative at the time of certification).

Since this case has not yet reached the class certification stage, the fact that Powell's claims for injunctive relief are moot renders the claims of the class (and any subclasses) he purports to represent moot, as well. This is particularly true since Powell currently serves as the only putative named plaintiff for a particular subclass of individuals. Plaintiffs' assessment that

the class interests survive is therefore incorrect. And since the class claims cannot remain live in their own right, Plaintiffs will still need to name a representative who can meet the requirements of Rule 23 before the class may have any shot at certification. Substituting the Administrator in Powell's place would do nothing to move this process forward.

3.    The Administrator's duties as a fiduciary of the estate conflict with the fiduciary obligations to be filled by the named representative of the putative class.

Courts have recognized that a strong potential for conflict inherently arises when a representative of an estate seeks to represent the interests of a class, and Plaintiffs' Motion and Memorandum fail to assuage or even acknowledge these concerns. If the Administrator were to be substituted as a party in Powell's place, he would be required to wear two hats and act in a dual fiduciary capacity to the estate and to the unnamed members of the class:

> An administrator is already a representative—a representative of the estate. He ... has no power to act in his own behalf but can act only for the benefit of those to whom he owes a fiduciary duty, the creditors and beneficiaries of the estate. As class representative[,] he would be taking on duties to persons who are total strangers to the estate. Obviously such dual loyalties would lead to conflict. If nothing else, the administrator would be spending estate assets to pay the costs incident to the representation of the class members. Such costs could bring no benefit to the estate; by definition the money is spent for others.

*In re FleetBoston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 324 (D.N.J. 2008) (citing *First Interstate Bank v. Chapman & Cutler*, 1986 WL 7346 (N.D. Ill. June 19, 1986).

This potential conflict of interest can be cured, allowing an executor to simultaneously serve as representative of a class, if the following criteria are met: (1) all of the estate's beneficiaries expressly consent to the executor acting on behalf of the class, and (2) the executor affirms that the estate will not bear the costs of litigation because he will assume those costs

personally.[1] Neither of these requirements have been met here. The beneficiaries of Powell's estate have not yet been located, let alone indicated their consent to the Administrator serving as a representative of the putative class. Plaintiffs' Motion and Memorandum are similarly silent as to the second requirement. Unless Plaintiffs can cure the Administrator's conflicting duties, it would be improper to allow him to be substituted as a named plaintiff in this matter.

4.     The Administrator lacks personal knowledge sufficient to testify regarding Powell's detention.

Lastly, substituting the Administrator for Powell in this action would be inappropriate in light of his lack of personal knowledge regarding the underlying facts and circumstances of Powell's detention. Admittedly, the law sets a fairly low bar when it comes to qualifying a class representative's knowledge of the case. *See, e.g., In re First Am. Corp. ERISA Litig.*, 258 F.R.D. 610, 620 (C.D. Cal. 2009) (noting that a named plaintiff does not need to have special knowledge of the case or possess a detailed understanding of the legal or factual basis on which a class action is maintained). On the other hand, though, a class representative should be expected to "possess roughly that understanding of the facts which could reasonably be expected of an individual in his position with relation to the events in issue." *Hernandez v. United Fire Ins. Co.*, 79 F.R.D. 419, 426–27 (N.D. Ill. 1978). In this particular matter, it would be unfair to ask that the Administrator—or any other plaintiffs, for that matter—possess familiarity on topics such as the functionality of the vendors' software, the testing and training completed prior to the official go-live of any particular software in Shelby County, or the operations of the County's jail facilities. It would, however, be imperative that the Administrator be able to provide testimony as to Powell's particular experience while being arrested, detained, and ultimately released. *See,*

---

[1] This requirement may be met by showing that the estate executor's attorney fees are being assessed on a contingency basis.

*e.g., id.* at 427 ("The named plaintiffs were, on the other hand, *of course* aware of their individual dealings with Aronson.")(emphasis added). *See also Holmes v. Serv. Corp. Int'l*, No. CIV. A. H-10-4841, 2014 WL 3046971, at *7 (S.D. Tex. July 3, 2014) (finding executor to be an inadequate class representative in case where claims at issue were dependent on the personal experiences of class and executor lacked familiarity with basic facts and issues). These facts go to the heart of this dispute and will be required not only to establish the Administrator's viability as a named plaintiff on behalf of the putative class, but also as part of his burden of proof with respect to the estate's claims.

Moreover, the Administrator's lack of knowledge is particularly concerning because Defendants did not have an opportunity to depose or otherwise gather testimony from Powell before his death. The Administrator will be unable to testify or verify material facts related to Powell's detention, since any testimony he may be able to provide would be considered hearsay and likely inadmissible. *See, e.g., Gorsey v. I.M. Simon & Co.*, No. CIV. A. 86-1875-Z, 1990 WL 113606, at *1 (D. Mass. Aug. 1, 1990) (denying motion for substitution of estate as class representative on the grounds that executor was unable to be examined on the factual basis for her late husband's claims). For these reasons, the Administrator would have great difficulty meeting even the minimal threshold of knowledge required to fulfill his duties to adequately represent the class.

## CONCLUSION

For the reasons stated above, permitting the Administrator to step into Powell's shoes as a named representative of the putative class would be inappropriate. Rather than holding off for an inevitable denial of class certification on the basis of adequacy of representation, the Court should exercise its discretion to deny Plaintiffs' Motion for substitution and instead require

Plaintiffs to identify another suitable representative for the class and subclass currently

represented by Powell.

Respectfully submitted,

/s/ Meghan M. Cox
Robert E. Craddock, Jr. (#5826)
Odell Horton, Jr. (# 12426)
Byron Brown (#23529)
Meghan Cox (#33028)
Wyatt Tarrant & Combs, LLP
6070 Poplar Ave., Suite 300
Memphis, TN  38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com

AND

E. Lee Whitwell (#33622)
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Shelby County, Tennessee,
Bill Oldham, Robert Moore, Charlene McGhee,
Debra Hammons, Floyd Bonner, Jr., Kirk Fields,
Reginald Hubbard and Tiffany Ward*

## CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system this 20th day of September, 2019, for service on all persons registered in connection with this case, including:

Michael G. McLaren
William E. Cochran, Jr.
Brice M. Timmons
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
MMcLaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Frank L. Watson
William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
fwatson@watsonburns.com
bburns@watsonburns.com

*Counsel for Plaintiffs*

Bradley E. Trammell
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN  38103
btrammell@bakerdonelson.com

Beth Petronio
K&L Gates
1717 Main Street, Suite 2800
Dallas, Texas  75201
beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

Russell Brandon Bundren
James L. Murphy
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
bbundren@babc.com
jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Kevin David Bernstein
Albert G. McLean
Spicer Rudstrom PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
kdb@spicerfirm.com
amclean@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Douglas F. Halijan
William David Irvine
Burch Porter & Johnson
130 N. Court Avenue
Memphis, TN 38103-2217
dhalijan@bpjlaw.com
wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

Heather Gwinn-Pabon
Erin McDaniel
Gordon Rees Scully Mansukhani, LLP
3401 Mallory Lane, Suite 120
Franklin, TN 37067
hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*

/s/ Meghan M. Cox

61877145