```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, FLOYD BONNER, JR., ROBERT MOORE, KIRK FIELDS, CHARLENE McGHEE, REGINALD HUBBARD, DEBRA HAMMONS, TIFFANY WARD, SHELBY COUNTY, TENNESSEE, TYLER TECHNOLOGIES, INC., GLOBAL TEL*LINK CORPORATION, SOFTWARE AG USA, INC., SIERRA-CEDAR, INC., SIERRA SYSTEMS GROUP, INC., and TETRUS CORP.,<br><br>    Defendants. | No. 2:16-cv-2907-SHM-tmp |

**ORDER**

Before the Court is the Plaintiffs' September 6, 2019 Motion for Substitution of Party. (ECF No. 245.) Defendants filed responses on September 20, 2019. (ECF Nos. 252-58.) For the following reasons, the motion is GRANTED.

## I. Background

Plaintiffs bring a putative class action against Shelby County and Shelby County officials Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons, Floyd Bonner, Jr., Kirk Fields, Reginald Hubbard, and Tiffany Ward, in their individual and official capacities (collectively, the "Shelby County Defendants"). (ECF No. 218.) Plaintiffs also sue six private corporations: Tyler Technologies, Inc.; Global Tel*Link Corporation; Software AG USA, Inc.; Sierra-Cedar, Inc.; Sierra Systems Group, Inc.; and Tetrus Corporation (collectively, the "Company Defendants"). (Id.)

Plaintiffs claim they were unlawfully detained at the Shelby County Jail following the County's installation of a new computer tracking system. (Id. ¶¶ 35-43.) Plaintiffs bring claims for injunctive relief, declaratory relief, and damages against the Shelby County Defendants under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourth and Fourteenth Amendment rights. (Id. ¶¶ 138-49, 179-91.) Plaintiffs bring common-law negligence claims against the Company Defendants for negligently developing, installing, and implementing the County's computer tracking system. (Id. ¶¶ 150-78.)

Plaintiff Issacca Powell died on February 4, 2019. (ECF No. 245.) On August 22, 2019, the Shelby County Probate Court

appointed Aubrey L. Brown as administrator ad litem of Powell's estate. (Id.)

Plaintiffs ask the Court to substitute Brown, the administrator ad litem of Powell's estate, for Powell. (Id.) The Shelby County Defendants filed a response that the Company Defendants have joined. (ECF No. 253; see also ECF Nos. 252, 254-58.)

**II. Analysis**

    **A.   Substitution Under Rule 25(a)(1)**

Plaintiffs' request for substitution is governed by Rule 25(a)(1) of the Federal Rules of Civil Procedure, which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).[1] "The language of Rule 25 is permissive and the decision to substitute a party lies within the sound discretion of the Court." Watts v. Novartis Pharm. Corp., No. 08-cv-2354, 2015 WL 1456647, at *4 (N.D. Ohio Mar. 30, 2015) (citing In re Baycol Prods. Litig., 616 F.3d 778, 783 (8th Cir. 2010)).

---

[1] Plaintiffs' motion is timely under Rule 25(a)(1). On June 11, 2019, Plaintiffs notified the Court and the parties that Powell had died. (ECF No. 212.) Plaintiffs filed this motion on September 6, 2019. (ECF No. 245.)

3

The first issue is whether Powell's claims were "extinguished" by his death. Whether the death of a party extinguishes a claim is a substantive question that state law ordinarily governs. Huggard v. United Performance Metals, Inc., No. 10-cv-0063, 2011 WL 6817770, at *1 (S.D. Ohio Dec. 28, 2011) (citing 7C Charles Alan Wright et al., Federal Practice and Procedure § 1952 (3d ed. 2019)), adopted by 2012 WL 368222 (S.D. Ohio Feb. 3, 2012).

The survivorship law of the forum state determines whether a § 1983 claim survives a plaintiff's death, provided the forum state's law is "not inconsistent with the Constitution and laws of the United States." Robertson v. Wegmann, 436 U.S. 584, 588 (1978) (quoting 42 U.S.C. § 1988)). A state's survivorship law is inconsistent with federal law when it is "inconsistent with the federal policy underlying the cause of action under consideration." Id. at 590 (quoting Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 465 (1975)). The policies underlying § 1983 claims include "(1) compensation of persons for injuries caused by deprivations of their federal rights and (2) deterrence of deprivation of rights." Frontier Ins. Co. v. Blaty, 454 F.3d 590, 600-01 (6th Cir. 2006) (citing Robertson, 436 U.S. at 590-91).

Section 1983 claims are "best characterized as personal injury actions" when determining whether they survive a

4

plaintiff's death under the forum state's law. Crabbs v. Scott, 880 F.3d 292, 295 (6th Cir. 2018). In Tennessee, "[n]o civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party."[2] Tenn. Code Ann. § 20-5-102. "Claims for personal injuries survive" a plaintiff's death in Tennessee. Estate of Sanders v. Jones, 362 F. Supp. 3d 463, 466 (W.D. Tenn. 2019) (quoting Can Do, Inc. Pension and Profit Sharing Plan and Successor Plans v. Manier, Herod, Hollabaugh & Smith, 922 S.W.2d 865, 867 (Tenn. 1996)).

Defendants do not argue that Tennessee's survivorship rule is inconsistent with the policies underlying § 1983 claims. Tennessee law applies to Powell's § 1983 claims. Under Tennessee law, the claims survive.

The survivorship law of the forum state also determines whether a claim brought under state common law survives a plaintiff's death. 7C Charles Alan Wright et al., Federal Practice and Procedure § 1954 (3d ed. 2019). Powell's common-law negligence claims against the Company Defendants are "claims for personal injuries" that survive his death. Can Do, Inc., 922 S.W.2d at 867. Thus, both Powell's § 1983 claims and his

---

[2] Cases "affecting the character of the plaintiff" include such causes of action as libel, slander, and malicious prosecution. Bowman v. Hart, 33 S.W.2d 58, 59 (Tenn. 1930).

5

common-law negligence claims survive and are not "extinguished" under Rule 25(a)(1).

The second issue is whether Brown, as administrator ad litem of Powell's estate, is a proper party for substitution under Rule 25(a)(1). This is "a substantive issue, for which we must rely on state law." Watts, 2015 WL 1456647, at *6 (quoting Baycol, 616 F.3d at 787-88). In Tennessee, a decedent's personal injury suit may be revived by the administrator of the decedent's estate and prosecuted in the administrator's name for the benefit of the estate. See Tenn. Code Ann. § 20-5-104; Gipson v. Memphis St. Ry. Co., 364 S.W.2d 110, 117 (Tenn. Ct. App. 1962) ("Where an injured party brings suit for personal injuries and thereafter dies from other supervening causes such suit for personal injuries may be revived in the name of the plaintiff's personal representative . . ."). The Shelby County Probate Court has appointed Brown as administrator ad litem "to represent the interest of the estate of the decedent." (ECF No. 245-1.) Plaintiffs and Defendants agree that Brown is a proper party to prosecute Powell's surviving claims. (ECF No. 245-2 at 4-5; ECF No. 253 at 2.) Substitution of Brown for Powell is proper under Rule 25(a)(1).

B.  **Class Action Considerations**

Defendants do not dispute that Brown is a proper substitute under Rule 25(a)(1). They argue that the Court should exercise

6

its discretion to deny Plaintiffs' motion for substitution because Brown "cannot properly be named as a putative class representative." (ECF No. 253 at 2.)

Defendants rely on two distinct class action concepts: justiciability and class certification. See Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 422 (6th Cir. 1998) (distinguishing "the issue of a plaintiff's standing under Article III vis-a-vis a defendant" with "the relationship between a potential class representative and absent class members, which is governed by Rule 23 of the Federal Rules of Civil Procedure"). A plaintiff in a class action must have individual standing to sue the defendant, and typically must maintain that standing until a class is certified. Wilson v. Gordon, 822 F.3d 934, 941-42 (6th Cir. 2016). This is the justiciability issue. Separately, a plaintiff in a class action may serve as a class representative only if she meets the requirements of Federal Rule of Civil Procedure 23. Fallick, 162 F.3d at 423. For example, she must prove that she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This is the class certification issue.

Addressing justiciability, Defendants argue that Powell's death moots his § 1983 claims for injunctive relief.[3] (ECF No.

---

[3] Defendants concede that Powell's claims for damages under § 1983 are not moot. (ECF No. 253 at 3.)

253 at 2-3.) Death ordinarily moots a plaintiff's claims for injunctive relief because "she no longer has a legally cognizable interest in the outcome." Immel v. Lumpkin, 408 F. App'x 920, 921 (6th Cir. 2010) (quoting United States v. City of Detroit, 401 F.3d 448, 450 (6th Cir. 2005)). Defendants' mootness argument, however, does not bear on the Court's decision about whether to substitute Brown for Powell. It bears on whether Powell's claim remains justiciable. Ordinarily, a defendant seeking the dismissal of a claim on mootness grounds files a motion to dismiss the claim. See, e.g., Hoza v. Jefferson Cty. Teachers Ass'n, No. 09-cv-0764, 2010 WL 1533298, at *7 (W.D. Ky. Apr. 15, 2010) (granting motions to dismiss plaintiffs' class action claims as moot); see also Wilson, 822 F.3d at 942 ("'Where . . . [a] named plaintiff's claim becomes moot before certification,' the ordinary rule is that 'dismissal of the action is required.'") (quoting Brunet v. City of Columbus, 1 F.3d 390, 399 (6th Cir. 1993)). Defendants are free to file a motion to dismiss. If they do, Plaintiffs will have an opportunity to respond, and the Court will consider the parties' arguments.

Addressing class certification, Defendants argue that Brown would not be able to represent a class pursuing claims for injunctive relief or damages. (ECF No. 253 at 3-7.) Defendants argue that Brown cannot represent a class pursuing claims for

8

injunctive relief because Powell no longer has individual standing to pursue those claims. (Id. at 3-5.) Defendants argue that Brown cannot represent a class pursuing claims for damages because he cannot meet the requirements an estate administrator must satisfy before he can serve as a class representative. Those requirements include: (1) that all beneficiaries of the estate consent to the litigation; and (2) that the administrator affirm that the estate will not bear the costs of the litigation personally. (Id. at 5-6); see also 1 William B. Rubenstein, Newberg on Class Actions § 3:71 (5th ed. 2019).

Defendants' arguments about whether Brown can serve as a class representative do not bear on the Court's decision about whether to substitute Brown for Powell at this juncture. "Before ruling on class certification this Court must conduct a 'rigorous analysis.'" Faktor v. Lifestyle Lift, No. 09-cv-0511, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009) (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982)). The parties are engaged in class discovery. (Second Am. Sched. Order, ECF No. 244 at 2.) Plaintiffs will not file class certification motions until late next year, at the earliest. (Id.) The Court declines Defendants' invitation to decide appropriate class representatives before then. See Geary v. Green Tree Servicing, LLC, No. 14-cv-00522, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015) ("deem[ing] it prudent to assess the propriety of class

certification in the context of a fully briefed class certification motion"); Eliason v. Gentek Bldg. Prods., Inc., No. 10-cv-2093, 2011 WL 3704823, at *2-3 (N.D. Ohio Aug. 23, 2011) (same).

Substitution of Brown for Powell is proper and useful. It may serve functional ends. Brown could serve as a class representative for a damages subclass. See Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974) (noting that, "[i]f both injunctive or declaratory relief, and monetary damages are sought, it is permissible under [Rule 23] to have sub-classes"); see also Gutierrez-Rodriguez v. R.M. Galicia, Inc., No. 16-cv-00182, 2018 WL 1470198, at *2 (S.D. Cal. Mar. 26, 2018) (approving separate "injunctive" and "damages" settlement classes). If the Court declines to certify a class in this case, Brown could continue to pursue Powell's individual claims. See Macula v. Lawyers Title Ins. Corp., No. 07-cv-1545, 2010 WL 1278868, at *2 (N.D. Ohio Mar. 30, 2010) (allowing class action plaintiff to continue to pursue individual claims after denial of class certification motion). Substitution of Brown for Powell is appropriate.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Substitution of Party is GRANTED.

So ordered this 22nd day of October, 2019.

                                      /s/ *Samuel H. Mays, Jr.*
                                      Samuel H. Mays, Jr.
                                      UNITED STATES DISTRICT JUDGE