IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BILL OLDHAM; FLOYD BONNER, JR.; ROBERT MOORE; KIRK FIELDS; CHARLENE MCGHEE; REGINALD HUBBARD; DEBRA HAMMONS; TIFFANY WARD; SHELBY COUNTY, TENNESSEE; TYLER TECHNOLOGIES, INC.; GLOBAL TEL*LINK CORPORATION; SOFTWARE AG USA, INC.; SIERRA-CEDAR, INC.; SIERRA SYSTEMS GROUP, INC.; and TETRUS CORP.,<br><br>Defendants. | **Civil Action No. 2:16-cv-02907-SHM-tmp**<br><br>**(Hon. Judge Samuel H. Mays)** |

**NOTICE TO TAKE THE RULE 30(b)(6) DEPOSITION OF SHELBY COUNTY, TENNESSEE**

    To:    Shelby County, Tennessee
              c/o Odell Horton, Jr., Esq.
              WYATT, TARRANT & COMBS, LLP
              1715 Aaron Brenner Drive, Suite 800
              Memphis, Tennessee 38120
              (901) 537-1000
              Email: rcraddock@wyattfirm.com
              Email: ohorton@wyattfirm.com

              -and-

              Emmett Lee Whitwell, Esq.
              SHELBY COUNTY ATTORNEY'S OFFICE
              160 N. Main Street

>Suite 950
>Memphis, TN 38103
>(901) 222-2100
>Email:  lee.whitwell@shelbycountytn.gov

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all similarly situated persons, will take the deposition of the person(s) most knowledgeable of the issues described herein on behalf of Shelby County, Tennessee at the law offices of BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C., 530 Oak Court Drive, Suite 360, Memphis Tennessee 38117, commencing on **February 12, 2020 at 9:30 a.m.**, Central Standard Time, and continuing thereafter from hour to hour and day to day until complete.

The deposition will be taken on behalf of Plaintiffs for the purposes of discovery, use as evidence, preservation of testimony, and all other purposes authorized by law and will be recorded by a certified court reporter, who will record the deposition by means of stenograph and/or audio recordings.  The deposition may also be recorded by video or other visual and electronic means.

## DEFINITIONS

1.      As used herein, the terms "concerning," "referring," "relating," "in connection with" and/or "incident to" in reference to a given subject matter means any information, document or communication which constitutes, contains, embodies, comprises, reflects, identifies, states or refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter including, without limitation, any documents which mention said person or subject by name or any variant thereof.

2. "Class" shall have the same meaning as contained in paragraph 129 of the Seventh Amended Class Action Complaint, including subsections (i) – (vi), filed in this Litigation.

3. "Contractor Defendants" shall refer to Defendants Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp.

4. "iCJIS" shall refer to the Shelby County Integrated Criminal Justice System.

5. "JSSi" shall refer to the JSSi Computer Tracking System.

6. The term "Litigation" shall refer to the present action styled *Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all similarly situated persons v. Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGee, Reginald Hubbard, Debra Hammons, Tiffany Ward, Shelby County, Tennessee, Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp.*, Case Number 2:16-cv-02907, pending in the U.S. District Court for the Western District of Tennessee.

7. "Odyssey" shall refer to the Odyssey Case Management System developed by the Contractor Defendants and described, *inter alia*, in paragraphs 36 and 45 of the Seventh Amended Class Action Complaint.

8. The term "Relevant Time Period" shall mean and refer to the time period from November 1, 2016 to the present.

9. "Shelby County," "You," and "Your," shall refer to Defendant Shelby County, Tennessee and each of its present and former employees, agents, representatives, administrators,

officers, directors, committees, affiliates, assigns, elected officials, and all persons acting, purporting to act, or authorized to act on behalf of or under control of Shelby County, Tennessee.

## **SUBJECT MATTER/TOPICS FOR RULE 30(b)(6) DEPOSITION**

The witness or witnesses designated by Shelby County shall be the agent(s), representative(s), and/or employee(s) of Shelby County with the most knowledge concerning the following subject matters (pursuant to the Definitions outlined above).

1. The factual basis for the admissions, denials, defenses, including affirmative defenses, and factual statements contained in all documents filed by you in this Litigation, including, but not limited to, any Answer, Motion, or other pleadings filed in this Litigation.

2. The factual basis for any answers, responses, admissions, denials or statements contained in Shelby County's Responses to Plaintiff's Interrogatories, Document Requests, and/or Requests for Admission filed in this Litigation.

3. The extent and nature of Shelby County's investigation into the allegations set forth in the original Class Action Complaint and each of the amendments thereto, including, but not limited to, the operative Seventh Amended Class Action Complaint.

4. The extent and nature of Shelby County's efforts to locate records or files within the Relevant Time Period pertaining to the allegations in the Original Class Action Complaint and each of the amendments thereto, including, but not limited to, the operative Seventh Amended Class Action Complaint, and Shelby County's defenses thereto.

5. Any and all procedures Shelby County has performed in an effort to determine whether and to what extent it unlawfully detained and/or unlawfully re-arrested arrestees as alleged in this Litigation.

6. The individuals responsible for document production in this case and the steps that were taken by Shelby County to search for the documents requested in this case.

7. The role of the IT Steering Committee in selecting and implementing the iCJIS and/or Odyssey, including, but not limited to, its deliberations and decision-making processes and procedures, the identities of the individuals serving on the Committee, its knowledge of the incompatibility of Odyssey with Your computer tracking system, and its knowledge of the problems ultimately encountered with iCJIS and/or Odyssey, including, but not limited to, the inability of iCJIS and/or Odyssey to properly track arrestees' records and criminal cases, thereby causing arrestees to become "lost" in the Shelby County jail.

8. Your decision to implement the iCJIS and/or Odyssey, including, but not limited to, Your reasons for doing so, alternative software and solutions that were available to You, and Your rationale for ultimately selecting iCJIS and/or Odyssey.

9. The integration of Odyssey with Your pre-existing computer tracking system.

10. All testing of the iCJIS and Odyssey, including, but not limited to, any cancellation of the testing phase of the implementation and the reasons therefore.

11. All training and supervision of Your employees and agents with respect to iCJIS and/or Odyssey.

12. Your knowledge regarding the compatibility of the Odyssey software with the needs of the iCJIS.

13. Your knowledge of the problems experienced by other counties around the country with the Odyssey software prior to your implementation of iCJIS.

14. The contract entered into between Shelby County and Tyler Technologies, Inc. referenced in Paragraph 53 of the Seventh Amended Complaint.

15. The contract or contracts entered into between Shelby County and any other Contractor Defendant.

16. The duties and obligations of each of the Contractor Defendants in connection with the development, implementation, integration, testing, roll out, maintenance, updating, training, supervision, or any other task pertaining to the iCJIS and/or Odyssey.

17. The rollout and implementation of iCJIS and/or Odyssey.

18. The problems You experienced in connection with the rollout and implementation of iCJIS and/or Odyssey including, but not limited to, the inability of iCJIS and/or Odyssey to properly track arrestees' records and criminal cases, thereby causing arrestees to become "lost" in the Shelby County jail.

19. The acknowledgments made by Shelby County or its agents that iCJIS and/or Odyssey suffered from the problems alleged in the Seventh Amended Complaint including, but not limited to, Earle Farrell's interview on November 4, 2016.

20. The decision made by You, in the face of the problems that You experienced with iCJIS and/or Odyssey, not to implement a return to JSSi, a system of using paper records, or to implement an alternative set of procedures to ensure compliance with constitutional requirements.

21. The size of the Class alleged in this Litigation.

22. The factual bases, if any, that support any defense you assert or plan to assert with respect to Class certification.

23. During the Relevant Time Period, each individual who was charged with a crime or crimes carrying a pre-set bond but where the Shelby County Jail Computer system (including iCJIS/Odyssey system) failed to reflect said person's right to post the pre-set bond.

24.     During the Relevant Time Period, each individual who was detained longer than forty-eight hours prior to probable cause determination and who was or will be either released for lack of probable cause or had criminal bonds set which were posted.

25.     During the Relevant Time Period, each individual who was detained longer than six hours after posting his or her required bond.

26.     During the Relevant Time Period, each individual who was detained longer than six hours after charges against them had been dismissed or it was determined that probable cause did not exist to detain them.

27.     During the Relevant Time Period, each individual who was re-arrested on warrants that had previously been served and satisfied (i.e. each individual who was re-arrested on the identical warrant that had been previously served).

28.     During the Relevant Time Period, each individual who, but for the failure of the Shelby County Jail Computer System (including the iCJIS/Odyssey system), would have been released from custody and who had the right to be released from custody stemming from the 4th, 5th, 8th, or 14th Amendments to the United States Constitution and who were not later lawfully re-incarcerated on the same charge.

29.     The factual basis, if any, for Shelby County's contention that no Class exists in this Litigation.

30.     Shelby County's defenses to Plaintiff's allegation that Numerosity exists in this Litigation (*see, inter alia*, Seventh Amended Class Action Complaint ¶ 130) and the factual bases for any such defense.

31. Shelby County's defenses to Plantiff's allegation that Commonality exists in this Litigation (*see, inter alia*, Seventh Amended Class Action Complaint ¶ 131) and the factual bases for any such defense.

32. Shelby County's defenses to Plaintiff's allegation that Typicality exists in this Litigation (*see, inter alia*, Seventh Amended Class Action Complaint ¶ 132) and the factual bases for any such defense.

33. Shelby County's defenses to Plaintiff's allegation that Predominance and Superiority exist in this Litigation (*see, inter alia*, Seventh Amended Class Action Complaint ¶ 137) and the factual bases for any such defense.

34. The documents produced by the parties in this Litigation.

Respectfully submitted,

*s/ William E. Routt*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar. No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com
Email:  wroutt@watsonburns.com

Michael G. McLaren (Tenn. Bar No. 5100)
William E. Cochran, Jr. (Tenn. Bar No. 21428)
Brice M. Timmons (Tenn. Bar No. 29582)
BLACK MCLAREN JONES
RYLAND & GRIFFEE PC
530 Oak Court Drive
Suite 360
Memphis, Tennessee 38117
Phone: (901) 762-0535

Fax: (901) 762-0539
mmclaren@blackmclaw.com
wcochran@blackmclaw.com
btimmons@blackmclaw.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

Claiborne H. Ferguson, Esq. (Tenn. Bar. No. 20457)
THE CLAIBORNE FERGUSON LAW FIRM, P.A.
294 Washington Ave.
Memphis, TN 38103
(901) 529-6400
Email: claiborne101@yahoo.com

*Counsel for Plaintiffs and the putative Class Members*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2020, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email:beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Albert G. McLean, Esq.
Kevin David Bernstein, Esq.
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
Email: amclean@spicerfirm.com
Email: kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Thomas Anthony Swafford, Esq.
ADAMS AND REESE LLP
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Email: tony.swafford@arlaw.com

J. Bennett Fox, Jr.,
ADAMS AND REESE LLP
6075 Poplar Ave, Suite 700 Memphis, TN 38119
Email: ben.fox@arlaw.com

*Counsel for Defendant Tetrus Corp.*

Heather Marie Gwinn Pabon, Esq.
GORDON & REES SCULLY MANSUKHANI,
3401 Mallory Lane
Suite 120
Franklin, TN 37067
(615) 722-9010
Email: hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*

 

                                          s/ William E. Routt
                                          William E. Routt