IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation | **Case No. 2:16-cv-2907-SHM/tmp**<br><br><br><br><br><br>**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION REQUESTING APPROVAL OF PROPOSED THIRD AMENDED SCHEDULING ORDER**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION REQUESTING APPROVAL OF PROPOSED THIRD AMENDED SCHEDULING ORDER**

COME NOW the Plaintiffs, Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all similarly situated persons (hereinafter, the "Plaintiffs"), and respectfully submit their Response in Partial Opposition to Defendants' Motion Requesting Approval of Proposed Third Amended Scheduling Order and would state as follows:

### I.     SUMMARY

From the outset of the discovery process, this action has been plagued by Defendant Shelby County's continual objections that discovery sought by Plaintiffs violated Judge Mays' initial bifurcation of class discovery from merits discovery.  Indeed, although this action is now well over three (3) years old, only one deposition of any witness has yet to have taken place because Defendant Shelby County has continually questioned what Plaintiffs will inquire into at the requested depositions and has dodged and weaved on deposition dates because of same.

As outlined below, the supposed efficiency of bifurcating class discovery from merits discovery has created more problems in this matter than it has solved and is no longer efficient and should be abandoned.  As a result, Plaintiffs agree with the proposed Scheduling Order, with the exception that merits deposition discovery should now be allowed.

### II.     FACTUAL BACKGROUND OF THE PROCEEDINGS

October 15, 2018, Plaintiffs were forced to move the Court to Compel the County for production of its Documents and Answers to Interrogatories.  (Pls.' Motion to Compel, ECF No.

2

113). The County objected to Plaintiffs' discovery almost exclusively on the basis that the discovery allegedly related to "merits" as oppose "class" issues. (*See., e.g.*, County's Response, ECF No. 117 at pp. 4, 5, 6 & 9, respectively) ("The merits discovery requested by Plaintiffs is outside of the scope of the class certification discovery"), ("This interrogatory is outside of the scope of the class certification discovery and is merits based…"), ("Plaintiffs seek information to prove their claims on the merits, which is not required at the class certification phase…"), and ("Plaintiffs do not specifically articulate how each request leads to discovery of information that is relevant to class certification issues").  Indeed, the County even refused to produce the names of the arrestees, claiming that this information – which is public – did not relate to class certification.  (*Id*. at pp. 8-9).

Thereafter, in order to resolve the County's contention that Plaintiffs were impermissibly seeking "merits" based discovery, the Magistrate Judge conducted the hearings on:

- November 14, 2018
- December 13, 2018
- January 24, 2019
- February 11, 2019
- February 25, 2019;
- June 25, 2019
- July 10, 2019
- August 8, 2019 and
- August 21, 2019.

(*See*, ECF Nos. 120, 127, 143, 157, 169, 223, 231, 236 & 238).

Other than limiting the time period as to Plaintiffs' document requests and interrogatories, the Magistrate Judge granted Plaintiffs' Motion to Compel and overruled the County's objections that Plaintiffs' discovery requested "merits" only information. (Order Granting Pls.' Motion to Compel Production of Documents and Information in Part, ECF No. 239 at p. 2) ("Plaintiffs' Interrogatories and Document Requests are properly directed to class discovery and are not barred by the bifurcation of class and merits discovery set forth in the Amended Scheduling Order (D.E. 186), or in a later amended scheduling order; thus, Shelby County's objections to Interrogatory Nos. 4, 8, 12, 13, and 14 and Document Request Nos. 1, 10, 12, 13, and 18 on the ground that the requested documents and information are outside the scope of limited class certification discovery are overruled").

As detailed in Plaintiffs' Motion for a Discovery Conference, to Permit Merits-Based Discovery, to Compel Depositions, and for Sanctions and Fees (ECF No. 291), Defendant Shelby County's inexcusable stall tactics with respect to Plaintiffs repeated efforts to depose County witnesses has been apparently predicated, once again, on the County's previously overruled objections that Plaintiffs deposition questions will solely seek "merits" information. (*See, e.g*., ECF No. 291, Ex. V) (Mr. McLaren: "Bob, Odell, you have several Depo notices – do you intend to produce anyone on the dates noticed. Just a simple yes or no, please." Mr. Horton: "Shelby County wants to understand your position before answering your question… It is our understanding that … [these] depositions are for class certification purposes only and Plaintiffs would limit their questions to class issues. Please let me know if my understanding is correct…").

Indeed, at the deposition of Defendant Robert Moore (the former County Chief Jailor) – the only deposition to take place after Plaintiffs filed their Motion to Compel Depositions, defense counsel made dozens of objections to questions, claiming these questions went solely to

4

merits and constituted a violation of the Court's bifurcation order. This is simply a repeat of their prior objections to Plaintiffs' written discovery, which were overruled.

After three years of litigation, three witnesses are now dead – two named Plaintiffs and one County employee (Ed Raper, the County's primary IT employee overseeing its transition to the Odyssey/OMS system). Despite the defendants' unsupported exhortations to the contrary, it is indeed time for merits discovery.

### III.  ARGUMENT

#### A.  The Facts this Court Considers When Determining Whether Bifurcation of Discovery Should Continue Weigh Heavily in Favor of Merits Discovery, Particularly Given that this Case is Now Over Three Years Old.

Three years ago, this Court determined that bifurcating merits discovery from class discovery would be more efficient and productive. But, as demonstrated above, Defendant Shelby County's approach to Plaintiffs' discovery has been to object at every turn on the allegation that such discovery has solely sought "merits" information. As a result, Plaintiffs were forced to file a Motion to Compel and attend nine (9) separate hearings before the Magistrate Judge, after which Defendant Shelby County's "merits" objections were completely denied. Further, despite the Magistrate Judge's denial of their objections, Defendants are nevertheless intent on obstructing depositions by continuing to object to questions on the alleged ground that they only involve "merits" information. In order to end this unnecessary and costly debate and render this action more efficient (rather than less), now is the time to change the Scheduling Order to permit all discovery.

The factors that District Court consider when deciding the issue of bifurcating merits from class discovery weigh heavily in favor of full discovery, particularly at this juncture.

As the District Court in *In re Plastics Additives Antitrust Litig.,* No. 03-2038, 2004 U.S.

Dist. LEXIS 23989 (E.D. Pa. Nov. 30, 2020) found:

> [T]he prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery and whether the litigation is likely to continue absent class certification.
>
> Bifurcation would be inefficient, unfair, and duplicative in this case for several reasons. First, bifurcation would further delay the resolution of the litigation in derogation of Rule 1 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action"). This case has already been on the docket for over 18 months without a decision on class certification. Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims. *See, e.g.*, *In re Sulfuric Acid Antitrust Litigation*, MDL No. 1561, No. 03 C 4576 (N.D. Ill. 2003) (refusing to bifurcate discovery in antitrust litigation in part because of delays created by bifurcation). Bifurcation would also belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is "merit" discovery as compared to "class" discovery. See, e.g., *In re Hamilton Bancorp. Inc. Securities Litigation, 2002 WL 463314,* at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").
>
> Second, class certification discovery in this litigation is not "easily" differentiated from "merits" discovery. *See, e.g., Gray, 133 F.R.D. at 41* (noting that "discovery relating to class certification is closely enmeshed with merits discovery" and "cannot be meaningfully developed without inquiry into basic issues of the litigation"). There will be a substantial overlap between what is needed to prove plaintiff's price-fixing claims, as well as the information needed to establish class-wide defenses, and what is needed to determine whether the elements of class certification are met. For example, according to the defendants' proposed scheduling order, determination of whether the elements of class certification are met would require discovery into whether the agreements between the parties for the sale of plastic additives, competitor contracts, defendants' business plans and strategies for marketing and selling plastic additives, the impact of the defendants' conduct on plaintiffs, and services provided by defendants to plaintiffs in connection with the sale of plastic additives. … Discovery on these issues will also be necessary to prove the merit of plaintiffs' claim, namely whether defendants' engaged in a nation-wide price-fixing scheme for the sale of plastic additives and whether, as a result, the plaintiffs

> suffered damages. … Due to the intermingling of the facts necessary to evaluate class certification and the merits of plaintiffs' claims, separating the two would duplicate discovery efforts, which, in turn, would force both parties to incur unnecessary expenses and would further protract the litigation.
>
> Third, contrary to defendants' assertions, there is no reason to believe that denial of class certification will terminate this litigation. *See* Manual for Complex Litigation § 21.14, at 256 (bifurcation not appropriate if litigation likely to proceed without certification). Seven individual lawsuits were filed against the defendants and then consolidated under this master file. The six additional lawsuits have not been terminated, but, instead, have been stayed pending class certification in this litigation. If class certification is denied, it is reasonable to assume that the individual plaintiffs will pursue their claims through the cases that are currently stayed. ….. The likelihood of the continuation of individual claims, regardless of class certification, belies whatever time and expense may be saved in the future through the narrowing of discovery pursuant to the resolution of class certification motions.
>
> Because bifurcation of discovery would be inefficient, unfair, and duplicative, this Court denies defendants' motion to bifurcate discovery into a class-based stage and a merits-based stage.

*In re Plastics Additives Antitrust Litig.,* No. 03-2038, 2004 U.S. Dist. LEXIS 23989 at *8-14 (E.D. Pa. Nov. 30, 2020) (footnotes omitted).

### B. As the Seventh Circuit Has Expressly Found in a Substantially Similar Class Action, Merits Discovery Is Clearly Intermingled with Class Discovery.

Here, there can be no question that class certification discovery in this litigation is not "easily" differentiated from "merits" discovery. Defendants' numerous, overruled objections to Plaintiffs' discovery alone proves this fact. Indeed, as the Magistrate Judge noted when denying Defendant Shelby County's numerous merits objections, class issues and merits discovery in this action inevitably overlaps and is difficult to adequately define.

Additionally, the merits of Plaintiffs' allegations against Shelby County – for example, whether the County engaged in an constitutionally unlawful policy or practice and whether it acted with deliberate indifference – are intertwined with class certification. The decision of *Driver v. Marion County*, 859 F.3d 489 (7th Cir. 2017) is right on point. In that case, just as

7

alleged in this matter, the *Driver* plaintiffs alleged that Marion County caused them to be detained in county jail awaiting release for an unreasonably long period of time, in violation of the Fourth Amendment. *Id*. at 490. These plaintiffs – just as in this case – alleged that Marion County had adopted the Odyssey and OMS software (provided, no less, than by Defendants Tyler Technologies, Inc and Global Tel*Link, Corporation, respectively) to control the intake and release of arrestees and that this system was constitutionally inadequate. *Id*. at 493. Initially, the District Court denied plaintiffs' class defined as "all individuals who, from December 12, 2012 to the present, were held in confinement by the Marion County Sheriff after legal authority for those detentions ceased, due to the Sheriff's practice of employing a computer system inadequate for the purposes intended that dramatically delayed the release of prisoners" finding that this class was not "identifiable." *Id*. at 493 & 494.

The Seventh Circuit accepted the plaintiffs' Rule 23(f) appeal of the denial of this class and reversed the District Court, finding that the class definition was sufficiently ascertainable. *Id* at 494 ("The class is defined by all persons whose excessive detention resulted from the inadequate computer system. Given the evidence of a dramatic increase in detention times in correlation with the implementation of the computer system, the evidence that release information could not be properly transmitted electronically in that system and the court having to resort to alternative channels of communication, and the absence of any evidence that delays of that length could be attributable to individual factors, the class is capable of definition both by the timing and the length of the delay in release").

It then found that the District Court had improperly refused to consider whether the county had engaged in a policy or practice and whether it had acted with deliberate indifference because the District Court had mistaken these issues as only going to the "merits" and thus made

no factual findings as to same:

> But as we discussed earlier, the district court did not consider whether the policies or practices existed, nor did it consider whether the evidence indicated deliberate indifference, <u>because the court determined that it was not allowed to engage in an analysis of the merits, and therefore we are presented only with the evidence recited above without any factual findings by the court on those matters. The court on remand should consider all issues related to the *Rule 23* factors even if they overlap with the merits, and can make the appropriate fact findings at that time</u>.

*Driver*, at 859 F.3d at 495 (emphasis added).

On remand, the District Court found that there was sufficient evidence that the computer system constituted a policy or practice and that the county had acted with deliberate indifference. It then certified a class of "all individuals who, from December 19, 2012 to the present, were held in confinement by the Sheriff after legal authority for those detentions ceased, due to the Sheriff's practice of employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners." *Driver v. Marion County*, No. 1:14-cv-02076-RLY-MJD (S.D. Ind. Nov. 5, 2019) (attached hereto as **Exhibit No. 1**). Marion County then sought a Rule 23(f) appeal, which was denied by the Seventh Circuit. *See In re Marion County Sheriff et al.*, No. 19-8021, Order Denying Defendants' Petition to Appeal Class Certification (attached hereto as **Exhibit No. 2**).

In short, the merits of Plaintiffs' allegations cannot be efficiently parsed from class issues and, thus, bifurcation should no longer rule the day. Numerous courts have found that bifurcation, like here, simply is not efficient. *See Ahmed v. HSBC Bank USA, N.A.*, No. ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *7-12 (C.D. Cal. Jan. 5, 2018) ("In light of *Dukes* and the 'rigorous analysis' requirement for class certification, many courts are reluctant to bifurcate class-related discovery from discovery on the merits,") (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012)); *Munoz v. PHH Corp.*, No.

9

1:08-cv-0759-DAD-BAM, 2016 U.S. Dist. LEXIS 17254, *11-13 (E.D. Cal. Feb, 11, 2016) (refusing to bifurcate discovery because merits and class issues were intertwined); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *McEwan v. OSP Grp., L.P.*, 2016 U.S. Dist. LEXIS 42798, 2016 WL 1241530, *3 (S.D. Cal. 2016) ("In this regard, the Supreme Court had directed courts considering class certification motions to engage in a 'rigorous analysis' to determine whether Rule 23's prerequisites have been satisfied, an analysis that will frequently []overlap with the merits of plaintiff's underlying claim."); *In re Riddell Concussion Reduction Litig.*, 2016 U.S. Dist. LEXIS 89120, 2016 WL 4119807, *2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line' between class certification and merits issues."); *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, 2011 WL 486123, *2 (M.D. Fla. 2011) ("Simply stated, if district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst, the Court cannot imagine how parties with an incentive to hold back damaging evidence can properly draw the line between these categories of evidence during 'phased' discovery."); *True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, *3 & 11 (N.D. Cal. 2015) (separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two"); *Mbazomo v. ETourandTravel, Inc.*, 2017 U.S. Dist. LEXIS 82411, 2017 WL 2346981, *1-2 (E.D. Cal. 2017) (noting that "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes."); *Quinn v.*

*Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017) (observing that bifurcation "may give rise to disputes over whether a particular discovery request relates to the merits or to class certification").

      **C.**      **In the Unlikely Event that this Case is Not Certified as a Class, It Will Continue on with Individual Claims.**

As the Court may recall, this action – which currently has nine (9) plaintiffs serving as putative class representatives – has been consolidated with *Ingram et al v. Moore et al*, No. 2:17-cv-02795-SHM-tmp, a putative class action filed almost one year after this case was filed. The *Ingram* Complaint names thirty (30) individual plaintiffs. As a result, in the unlikely event n class is certified, there will be at least 39 plaintiffs pursuing claims against the Defendants. Additionally, over the years while this action has been pending, Interim Class Counsel has received hundreds of call from persons desiring to be a part of this lawsuit.

Thus, if no class is certified in this matter, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case. *See, e.g., In re SemGroup Energy Partners, L.P*., 2010 U.S. Dist. LEXIS 135209, 2010 WL 5376262, *2-3 (N.D. Okla. 2010) ("Because of the number of investors and the enormity of losses they allege to have incurred, this case is likely to continue even if Lead Plaintiff is not found to be an adequate class representative or class certification is otherwise denied"); *City of Pontiac*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, at *1 ("Contrary to Defendant's assertions, there is no reason to believe that denial of class certification will terminate this litigation."); *Burges v. BancorpSouth, Inc*., No. 3:14-1564, 2015 U.S. Dist. LEXIS 145635, *11 (M.D. Tenn. Oct. 26, 2015) ("The Court agrees that Defendants have not made the required showing of good cause to justify staying merits discovery pending discovery on class certification issues. The Court also agrees with the proposition that bifurcating discovery in such

a manner would likely lead to unnecessary disputes concerning what is merits discovery versus what is class certification discovery").

> **D.     Defendants' Demand that They Have the Ability to Use Expert Witnesses to Oppose Class Certification Further Militates that Merits Discovery Ensue.**

Plaintiffs' counsel has recommended to Defendants that, unlike specialized class actions such as those found in antitrust and securities fraud cases, experts are not called for with respect to class certification because, inter alia, the elements of Rule 23 are a question of law. Nevertheless, in the Scheduling Order, Defendants have insisted that they have the right, but not the obligation, to employ experts at the certification stage. But, in order to do so, merits discovery must be permitted. Indeed, how can an expert's testimony under Daubert and its progeny be admissible if she or he is not able to secure all the facts?

Discovery of the merits is clearly warranted given that the Defendants request the Scheduling Order permit all parties the right to employ expert witnesses to support or oppose class certification. The Sixth Circuit has suggested – but not ruled – that the district court should admit or reject an expert's opinions proffered in connection with class certification under the standard articulated by *Daubert* and Fed. R. Evid. 702 before ruling on class certification. *See In re Carpenter*, No. 14-0302, 2014 U.S. App. LEXIS 24707 at *10-11 (6th Cir. Sept. 29, 2014) (noting that while some district courts within the Sixth Circuit have not required expert testimony at the class certification stage to be admissible under *Daubert*, Sixth Circuit ruled that it was not error for the lower court to apply the *Daubert* analysis prior to ruling on class motion). Thus, the Defendants' desire to employ experts at the certification stage is yet another reason to order merits discovery.

### E. Defendants' Mediation Deadline and the Age of this Case Warrant Merits Discovery

The Defendants' propose a mediation deadline of July 2, 2020. (ECF No. 288 at p.3). In order to have a meaningful mediation, the parties must have conducted some merits discovery. Without merits discovery, the only true issue that could be mediated would be class certification. Certainly, in order for this matter to be resolved on any basis, the merits must be addressed.

Lastly, the age of this case alone demands that merits take place, so that more information is not lost, so that memories don't fade and other witnesses die. As one District Court aptly stated:

> For the following reasons, the Court finds bifurcation of discovery to be inappropriate.
>
> First, **this case has been pending for more than three years** in which discovery has been stayed pursuant to the PSLRA. If the Court were to bifurcate discovery, it would likely be forced to spend time and resources resolving endless discovery disputes over what is merit discovery and what is class discovery. Thus, bifurcation would lead to further delay in the resolution of the litigation. *In re Plastics Additives Antitrust Litig.*, No. Civ.A. 03-2038, 2004 U.S. Dist. LEXIS 23989, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). **Further delay is especially likely here given the lengthy and complicated history of this case so far**. Second, because of the number of investors and the enormity of losses they have allegedly incurred, this case is likely to continue even if class certification is denied. Contrary to Defendant's assertions, there is no reason to believe that denial of class certification will terminate this litigation. *In re Semgroup Energy Partners*, No. 08-MD-1989, 2010 U.S. Dist. LEXIS 135209, 2010 WL 5376262, at *3 (N.D. Okla. Dec. 21, 2010). Third, discovery relating to class certification is closely intertwined with merits discovery. The Court must allow Plaintiff the ability to develop facts in support of its class certification motion. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41, (N. D. Cal. 1990). Bifurcation, therefore, would be inefficient and unworkable.

*City of Pontiac Gen. Employees' Ret. Sys. v. Wal-Mart Stores, Inc*., No. 12-CV-51622015 U.S. Dist. LEXIS 79392, *4-5 (W.D. Ark. Jun 18, 2015) (emphasis added).

## IV. CONCLUSION

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that this Court adopt the Scheduling Order dates proposed by Defendants but permit all "Merits" Discovery and "Class" Discovery.

Respectfully submitted,

By: */s/William E. Routt III*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt, III (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

Michael G. McLaren (#5100)
Brice M. Timmons (#29582)
William E. Cochran, Jr. (#21428)
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
mmclaren@blackmclaw.com
btimmons@blackmclaw.com
wcochran@blackmclaw.com

*Interim Putative Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2020, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email:  rcraddock@wyattfirm.com
Email:  ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email:  lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email:  btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email:  beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email:  dhalijan@bpjlaw.com
Email:  wirvine@bpjlaw.com

*Counsel for Defendant Software AG Cloud Americas, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email:  bbundren@babc.com
Email:  jmurphy@bradley.com

*Counsel for Defendant Global Tel*Link Corporation*

Albert G. McLean, Esq.
Kevin David Bernstein, Esq.
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
(901) 522-2324
Email: amclean@spicerfirm.com
Email: kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Robert A. McLean, Esq.
Garrett M. Estep, Esq.
FARRIS BOBANGO BRANAN, PLC
999 S. Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
Email: rmclean@farris-law.com
Email: gestep@farris-law.com

*Counsel for Defendant Tetrus Corp.*

Heather Gwinn Pabon, Esq.
GORDON REES SCULLY MANSUKHANI
341 Mallory Lane, Suite 120
Franklin, TN 37067
(615) 772-9010
Email: hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*

/s/William E. Routt, III
William E. Routt, III

.