# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE
TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH
BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and
KIMBERLY ALLEN on behalf of themselves and all similarly
situated persons,

       Plaintiffs,

v.

BILL OLDHAM, in his individual capacity as former Sheriff
of Shelby County, Tennessee; FLOYD BONNER, JR., in his
official capacity as Sheriff of Shelby County, Tennessee;
ROBERT MOORE, in his individual capacity as former Jail
Director of Shelby County, Tennessee; KIRK FIELDS, in his
official capacity as Jail Director of Shelby County,
Tennessee; CHARLENE MCGHEE, in her individual                    No. 2:16-cv-02907-SHM-tmp
capacity as former Assistant Chief of Jail Security of Shelby
County, Tennessee; REGINALD HUBABARD, in his
official capacity as Assistant Chief of Jail Security of Shelby
County, Tennessee; DEBRA HAMMONS, in her individual
capacity as former Assistant Chief of Jail Programs of
Shelby County, Tennessee; TIFFANY WARD in her official
capacity as Assistant Chief of Jail Programs of Shelby
County, Tennessee; SHELBY COUNTY, TENNESSEE, a
Tennessee municipality; TYLER TECHNOLOGIES, INC., a
foreign corporation; GLOBAL TEL*LINK
CORPORATION, a foreign corporation; SOFTWARE AG
USA, INC., a foreign corporation; and SIERRA-CEDAR,
INC., a foreign corporation, SIERRA SYSTEMS GROUP,
INC. a foreign corporation, and TETRUS CORP, a foreign
Corporation,

       Defendants.

## JOINT RESPONSE OF VENDOR DEFENDANTS TO PLAINTIFFS' MOTION FOR A
## DISCOVERY CONFERENCE, TO PERMIT MERITS-BASED DISCOVERY, TO
## COMPEL DEPOSITIONS, AND FOR SANCTIONS AND FEES

COME NOW Defendants Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp. (collectively, the "Vendor Defendants") and file this Joint Response to Plaintiffs' Motion for a Discovery Conference, to Permit Merits-Based Discovery, to Compel Depositions, and for Sanctions and Fees.  (ECF No. 291.)

While Plaintiffs' motion purports to seek relief only against Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee (the "County") (collectively, the "County Defendants"), the Vendor Defendants file this Joint Response in opposition to Plaintiffs' Motion because certain relief sought by Plaintiffs would fundamentally alter the discovery process that has been in place since entry of the first Scheduling Order.  While the Vendor Defendants do not oppose Plaintiffs' request for a discovery or status conference, the granting of the other relief sought in Plaintiffs' motion will affect not only the County Defendants, but the Vendor Defendants as well.  For the reasons set forth below, Vendor Defendants respectfully submit the Motion should be denied.

I.      **BIFURCATION OF DISCOVERY REMAINS APPROPRIATE IN THIS CASE; IT WAS AGREED TO BY THE PARTIES, HAS BEEN ORDERED BY THE COURT IN SUCCESSIVE SCHEDULING ORDERS, AND HAS BEEN RELIED ON BY THE VENDOR DEFENDANTS IN PLANNING AND CONDUCTING ALL DISCOVERY TO DATE.**

Simply stated, Plaintiffs seek to have the Court now reverse its earlier orders bifurcating discovery and permit all parties to conduct discovery into the "merits" of Plaintiffs' Complaint without having made any showing whatsoever that a class should be certified under Federal Rule of Civil Procedure 23.

The initial Scheduling Order was entered on February 22, 2017.  In that initial Scheduling Order, the Court found, with the express consent of all parties, that the "bifurcat[ion of] class certification from merits discovery" was "appropriate" in this case.  (ECF No. 37.)  At the time of the initial Scheduling Order, the only named parties to this lawsuit were Plaintiff Issacca Powell and Defendant Bill Oldham, in his individual and official capacities.  (*See id.*)  Thereafter, on March 13, 2017, the Court consolidated Plaintiff Powell's case with that of Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy S. Melton, Case No. 17-cv-2015, which named Oldham, the County, certain other County Defendants, and Tyler Technologies, Inc. as defendants.  (*See* ECF No. 42.)  The Consolidation Order provided that the parties would abide by the initial Scheduling Order.  (*Id.*)  As the case progressed and parties were added on both sides of this dispute, subsequent Scheduling Orders were entered on September 7, 2018, April 10, 2019, and, most recently, on September 6, 2019.  (ECF Nos. 108, 186, and 244.)  Each of these Scheduling Orders, ***with the express agreement of all parties***, has maintained the bifurcation of discovery as outlined in the initial Scheduling Order.

As a result, all of the Vendor Defendants, including those added by Plaintiffs in a series of Amended Complaints filed in 2019[1], have relied on this agreed, bifurcated structure in planning discovery and developing their respective case strategies.  The Vendor Defendants specifically tailored their responses to Plaintiffs' initial written discovery to class-related issues and have attempted not to conduct any "merits-related" discovery in accordance with this Court's orders. The reversal that Plaintiffs now seek will require all parties to rethink their respective discovery

---

[1] Plaintiffs filed their Fourth Amended Complaint on January 18, 2019, to add Defendants Global Tel*Link Corporation, Software AG Cloud Americas, Inc. (later amended to Software AG USA, Inc. in the Fifth Amended Complaint), and Sierra-Cedar, Inc. to this action.  (ECF No. 138.)  On May 1, 2019, Plaintiffs filed their Sixth Amended Complaint, adding Defendant Sierra Systems, Inc. to this action.  (ECF No. 198.)  On June 19, 2019, Plaintiffs filed their Seventh Amended Complaint, adding Defendant Tetrus Corp.  (ECF No. 218.)

strategies and essentially "re-start" the discovery process by forcing all Defendants to propound new discovery related to merits issues, which will significantly affect the order and timing of the case, and significantly increase the cost of the case. This Court's prior orders bifurcating discovery were intended to allow all parties to avoid the time and expense of merits-related discovery unless and until Plaintiffs satisfied their burden of demonstrating that this matter should be certified as a class.

Plaintiffs complain that the bifurcation of discovery "is serving only to impede the resolution of this case." (*See* Motion, ECF No. 291 at 10.) While this case has indeed progressed slowly, the bifurcation of class-related and merits-related discovery has not been the sole, or even the most significant, cause, notwithstanding Plaintiffs' attempt to portray it as such. This case is a complex putative class action with nine named plaintiffs and fifteen defendants, several of which were not added to this action until 2019. The County Defendants and each of the Vendor Defendants are represented by their own counsel. Class-related interrogatories and requests for production of documents have been served by Plaintiffs, and Defendants served responses to all such outstanding discovery requests[2]. Moreover, Plaintiffs deposed Defendant Robert Moore on March 11, 2020, and the depositions of other Defendants and/or Defendants' witnesses were to be scheduled for the coming weeks[3].

Conversely, as of this date, Plaintiffs still have not responded to the written discovery requests served by Vendor Defendants on December 18, 2019, and which are now over eight (8) weeks past due. Plaintiffs also unilaterally cancelled Defendants' depositions of the named

---

[2] On February 17, 2020, Plaintiffs served the County with a Third Set of Interrogatories and Requests for Production of Documents related specifically to the death of Ed Raper.

[3] The ongoing health crisis presented by the coronavirus pandemic has forced the parties to postpone at least one upcoming deposition.

Plaintiffs, which had been scheduled for the last week of January, 2020. Plaintiffs can hardly suggest that the bifurcation of discovery – again, to which it agreed repeatedly and as recently as September 2019 – is somehow responsible for the pace of this case to date.

Importantly, Plaintiffs themselves have expressly relied on the Court's orders bifurcating discovery. Plaintiffs objected to nearly every interrogatory and request for production propounded in this case by the County on the grounds that such discovery request "calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome." (*See, e.g.*, Exhibit A, Plaintiff Scott Turnage's Resp. to Shelby County Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents at 3.)

While it is true that one of the County's witnesses, Ed Raper, passed away on February 9, 2020, Mr. Raper's death is not grounds for reversing course on the discovery process under which all parties have been operating and have relied since the first Scheduling Order. Notably, based upon Plaintiffs' own Motion, it appears that a second of Plaintiffs' purported named class representatives has died at some point in the past year. Plaintiffs did not disclose this to any of the Defendants until earlier this month, nor have they filed a suggestion of death with the Court. It is an unfortunate and unavoidable reality that people sometimes die unexpectedly during the course of litigation, but the death of a witness is not grounds for altering the agreed-upon course of this litigation upon which all parties have relied.

Plaintiffs cite a number of cases for the proposition that bifurcation of discovery in cases seeking class treatment under Rule 23 is no longer as common or as favored as it once was. Indeed, from reading only Plaintiffs' motion, one might conclude that the bifurcation of discovery in

complex class actions is somehow uniquely disfavored in the law and should have never been considered here in the first place.  But, each and every case cited by Plaintiffs in the instant motion was decided ***before*** the entry of the initial scheduling order in this case, much less each of the subsequent scheduling orders.  Plaintiffs were thus on notice of this body of cases when they agreed to bifurcation in the first instance.   Regardless, Plaintiffs knowingly and expressly agreed that bifurcation was appropriate in this particular case – not only initially, but also in three subsequent scheduling orders that were proposed jointly by the parties and entered by the Court.

Numerous courts have bifurcated discovery in class action cases such as this one.  *See, e.g., Clarke v. Baptist Memorial Healthcare Corp.,* 2008 WL 11320263, at *2-*5 (W.D. Tenn. Jan. 29, 2008); *Johnson v. Pluralsight*, *LLC*, 2019 WL 2184954, at *4-*5 (E.D. Cal. May 21, 2019) ("Consequently, the Court has not yet taken any position on the merits of phased discovery and given the nature of this action, and the parties' previous stipulation that such discovery was proper, it believes that [Defendant's] proposed PTSO with its phased discovery approach is sensible."); *Singleton v. Fifth Generation, Inc.*, 2017 WL 5001444, at *2 (N.D.N.Y. September 27, 2017) ("The case was bifurcated for discovery purposes, with class certification discovery first, followed by merits discovery."); *Horton v. Southwest Medical Consulting, LLC*, 2017 WL 5075928, at *1 (N.D. Okla. August 14, 2017) (electing to bifurcate discovery over the objection of plaintiff); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 933 (N.D. Ill. 2013) ("While the Court recognizes that the class certification and merits issues may overlap in some respects, this alone is not enough to overcome the efficiency benefits to be gained from bifurcated discovery. . . . Thus, after careful review of [the filings], the Court finds that in the interest of convenience and judicial economy, bifurcating class certification from merits discovery is appropriate.")  Additionally, the Federal Judicial Center's Manual for Complex Litigation, cited frequently by both courts and litigants,

observes specifically that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations," *Id*. § 21.14 (4th ed.), even while recognizing that strictly delineating between the two can be challenging. *Id*.

But Plaintiff's contention – that courts disfavor bifurcation – completely misses the point: here, the parties ***agreed*** to bifurcation, have ratified that agreement in subsequent scheduling orders, and have relied on that approach to discovery since the first scheduling order was entered. Notably, when faced with the choice to disturb an existing bifurcation order, courts have declined to do so. *See Antoine v. School Board of Collier County*, 2018 WL 9617243, at *1 (M.D. Fla. April 18, 2018) ("The reasons for this bifurcation have not changed since the outset of this case. Thus, the Court is not inclined to modify the [Scheduling Order] to allow for full merits discovery at this time.").

Regardless, bifurcation is particularly appropriate here for several reasons. Plaintiffs' Complaint involves constitutional claims against a government entity and government officials, plead alongside separate claims sounding in negligence against the six Vendor Defendants arising, purportedly, from unidentified defects or deficiencies in the computer system that Shelby County purchased and implemented (iCJIS). While Plaintiffs' Seventh Amended Complaint lacks specificity, it is clear that each of the Vendor Defendants was involved in some separate component of or provided some separate service in relation to the iCJIS. Discovery into the merits of these different claims will be complex, time-consuming, and extraordinarily costly. And, critically for the Vendor Defendants, certain discovery related to alleged constitutional violations by the County may be wholly unnecessary. Moreover, given the diverse and individual nature of the six Vendor Defendants' roles in the iCJIS, and given the different theories of liability asserted by Plaintiffs, bifurcating discovery regarding Rule 23's prerequisites, including the commonality and typicality

of Plaintiffs' claims, is both feasible and appropriate in this particular case.  If no class or subclasses are ultimately certified, then a wide range of discovery may be avoided through bifurcation.

For these reasons, the Plaintiffs' motion seeking to have the Court reverse its earlier orders bifurcating discovery should be denied.

## II.     THE "ADVERSE INFERENCE" PLAINTIFFS SEEK AS A REMEDY AGAINST THE COUNTY IS NOT APPROPRIATE AND WOULD BE UNFAIRLY PREJUDICIAL TO THE VENDOR DEFENDANTS.

Finally, Plaintiffs seek, as a remedy against the County, some "adverse inference" arising from the death of Mr. Raper and the fact that he was not deposed prior to his death.  The Vendor Defendants submit that such a remedy is not appropriate in any event.

However, even if the Court concluded Plaintiffs' rather draconian request for relief on this issue had some merit, the Vendor Defendants respectfully submit that any adverse inference against the County is also likely to unfairly prejudice the Vendor Defendants, who did not represent or have any control over Mr. Raper as a County employee.  As explained above, Plaintiffs' allege, very generally, that the County purchased and implemented a new computer system that infringed upon Plaintiffs' constitutional rights in various ways.  The Vendor Defendants, each of which are separate entities, were individually responsible for different components or services related thereto pursuant to contracts with the County or, in some cases, each other.  Thus, any adverse inference against the County premised on Mr. Raper's testimony may inevitably prejudice the Vendor Defendants as well.  Thus, to the extent the Court is inclined to level any sanction against the County Defendants, which the Vendor Defendants oppose altogether, the Vendor Defendants would urge the Court not to order any "adverse inference" against the County, given the unfair prejudice that could result to the Vendor Defendants therefrom.

Respectfully submitted,

By:    /s/ William D. Irvine Jr.
Douglas F. Halijan (BPR # 015718)
William D. Irvine (BPR # 035193)
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Ave.
Memphis, TN 38103
Telephone:  901-524-5000
Email:  dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

/s/ Bradley E. Trammell
Bradley E. Trammell
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Telephone: 901-526-2000
btrammell@bakerdonelson.com

/s/ Beth Bivans Petronio
Beth Bivans Petronio
K&L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

/s/ R. Brandon Bundren
James L. Murphy III
R. Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2303
jmurphy@bradley.com
615.252.4647
bbundren@bradley.com

9

*Counsel for Global Tel\*Link Corporation*

/s/ Albert G. McLean
Albert G. McLean
Kevin David Bernstein
SPICER RUDSTROM PLLC-Memphis
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
901-526-0213 (fax)
amclean@spicerfirm.com
kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

/s/ Robert A. McLean
Robert A. McLean
Garrett M. Estep
FARRIS BOBANGO BRANAN PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100

*Attorneys for Defendant Tetrus Corp.*

/s/ Heather Gwinn Pabon
Heather Gwinn Pabon
GORDON & REES SCULLY MANSUKHANI
222 Second Avenue South, Suite 1700
Nashville, TN 37201

*Attorneys for Defendant Sierra Systems
Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, William D. Irvine Jr., hereby certify that on March 9, 2020, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Western District of Tennessee by the following:

Frank L. Watson, III
William F. Burns
William E. Routt, III
WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

Michael G. McLaren
John C. Ryland
William E. Cochran, Jr.
Brice M. Timmons
BLACK McLAREN JONES RYLAND
& GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
Email: mmclaren@blackmclaw.com
Email: wcochran@blackmclaw.com
Email: btimmons@blackmclaw.com
Email: jryland@blackmclaw.com

Bradley E. Trammell
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Telephone: 901-526-2000
btrammell@bakerdonelson.com

Beth Bivans Petronio
K&L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

James L. Murphy III
R. Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2303
jmurphy@bradley.com
615.252.4647
bbundren@bradley.com

*Counsel for Global Tel\*Link Corporation*

Claiborne Ferguson
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW
FIRM P.A.
294 Washington Avenue
Memphis, TN 38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment
THE LAW OFFICE OF JOSEPH S.
OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

Matthew Charles Gulotta
THE GULOTTA FIRM
202 Adams Avenue
Memphis, TN 38103
901-526-6477
901-410-5373 (fax)
matt@gulottalaw.net

Steven George Wilson
THE STEVE WILSON FIRM
Clark Tower
5100 Poplar Avenue
Suite 2700
Memphis, TN 38137
901-337-1300
901-372-1446 (fax)
stevewilsonlaw@gmail.com

Daniel Owen Lofton
THE LAW OFFICE OF CRAIG &
LOFTON, PC
2400 Poplar Ave.
Suite 210
Memphis, TN 38112
901-526-7837
901-526-0234 (fax)
dlofton@craigandloftonlaw.com

*Counsel for Plaintiffs and the putative
Class Members*

Robert E. Craddock, Jr.
Odell Horton, Jr.
Byron N. Brown IV
Meghan M. Cox
WYATT TARRANT & COMBS
LLP
6070 Poplar Ave., Suite 300
Memphis, TN 38119
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
bbrown@wyattfirm.com
mcox@wyattfirm.com
afloyd@wyattfirm.com

E. Lee Whitwell
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill
Oldham,
Robert Moore, Charlene
McGhee,
Debra Hammons and Shelby
County, Tennessee*

Kevin David Bernstein
Albert G. McLean
SPICER RUDSTROM PLLC-
Memphis
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
901-526-0213 (fax)
amclean@spicerfirm.com
kdb@spicerfirm.com

*Counsel for Defendant Sierra-
Cedar, Inc.*

Heather Gwinn Pabon
GORDON & REES SCULLY
MANSUKHANI
222 Second Avenue South, Suite 1700
Nashville, TN 37201

*Attorneys for Defendant Sierra Systems
Group, Inc.*

Robert A. McLean
Garrett M. Estep
FARRIS BOBANGO
BRANAN PLC
999 S. Shady Grove Road, Suite
500
Memphis, Tennessee 38120
(901) 259-7100

*Attorneys for Defendant Tetrus
Corp.*

s/ William D. Irvine Jr.
William D. Irvine Jr.