**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE , CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) ) ) | **Case No. 2:16-cv-2907-SHM/tmp** |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED PURSUANT TO FED. R.  CIV. PRO. 38(a) & (b)** |
| DEFENDANTS. | ) | |

**PLAINTIFF SCOTT TURNAGE'S RESPOSNES TO SHELBY COUNTY
DEFENDANTS' FIRST SET OF INTERROGATORIES AND FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff Scott Turnage (hereinafter "Plaintiff Turnage"), by and through

the undersigned counsel, and in answer to Shelby County Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents, states as follows:

## GENERAL STATEMENT

These Responses are made without waiving or intending to waive any objection to the subsequent use of the Response.  Plaintiff specifically reserves all objections and questions as to privilege, the competency, relevancy, materiality, authenticity and/or admissibility of these Responses; the right to object to the use of these Responses in any subsequent step or proceeding in this action, on any or all of the foregoing grounds or on any proper grounds whether or not set forth herein; the right to object on any and all grounds at any time to other discovery responses or documents involving or related to the subject matter of the interrogatories and requests for production answered herein; and the right to revise, correct, supplement or clarify any Responses herein.  This General Statement is incorporated into each of the following Responses.

## GENERAL OBJECTIONS

Plaintiff objects to these Interrogatories and Requests for Production (the "Discovery Requests") to the extent they seek information that is subject to the attorney-client privilege, the work-product privilege doctrine and/or the community of interest privilege.  Additionally, Plaintiff objects to the Discovery Requests to the extent that they seek to elicit information that is irrelevant to the issue of Class Certification (to which discovery is currently limited), calls for legal conclusions or calls for a legal opinion, is irrelevant to the subject matter of the pending litigation or beyond the permissible scope of discovery, and/or is not relevant to any party's claims or defenses and proportional to the needs of the case (considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit). Plaintiff also objects to the Discovery Requests to the extent they seek information which is vague, overly broad, unduly oppressive and harassing, or unduly burdensome. Lastly, Plaintiff objects to the Discovery Requests to the extent that they improperly seek to charge Plaintiff with factual knowledge of the absent Class Members' cases.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all persons whom you know or believe may have knowledge of any facts regarding this action. For each person so identified, please describe fully and in detail what knowledge you know or believe that person has and any documents and/or things you know or believe that person has regarding this action.

**RESPONSE:** Objection. Interrogatory No. 1 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Subject to and without waiving the foregoing specific objection and its General Statement and General Objections which are repeated and reasserted in response to this Interrogatory, Plaintiff refers Defendant to his response contained in his Rule 26(a)(1) Initial Disclosures and would state as follows:

**Scott Turnage**

Subjects of information: The general issues and problems with the Shelby County Jail's booking and detention of arrestees as reported by the news media and the specific factual allegations contained in Plaintiff's First Amended Class Action Complaint mentioning Mr. Turnage's arrest and incarceration and his experience with the Shelby County Jail and Shelby County Criminal Court.

**Cortez D. Brown**

3

Subjects of information:  The general issues and problems with the Shelby County Jail's booking and detention of arrestees as reported by the news media and the specific factual allegations contained in Plaintiff's First Amended Class Action Complaint mentioning Mr. Brown's arrest and incarceration and his experience with the Shelby County Jail and Shelby County Criminal Court.

**Deontae Tate**

Subjects of information:  The general issues and problems with the Shelby County Jail's booking and detention of arrestees as reported by the news media and the specific factual allegations contained in Plaintiff's First Amended Class Action Complaint mentioning Mr. Tate's arrest and incarceration and his experience with the Shelby County Jail and Shelby County Criminal Court.

**Jeremy S. Melton**

Subjects of information:  The general issues and problems with the Shelby County Jail's booking and detention of arrestees as reported by the news media and the specific factual allegations contained in Plaintiff's First Amended Class Action Complaint mentioning Mr. Melton's arrest and incarceration and his experience with the Shelby County Jail and Shelby County Criminal Court.

**Issacca Powell**

Subjects of information:  The general issues and problems with the Shelby County Jail's booking and detention of arrestees as reported by the news media and the specific factual allegations contained in Plaintiff's First Amended Class Action Complaint mentioning Mr. Powell's arrest and incarceration and his experience with the Shelby County Jail and Shelby County Criminal Court.

**Bill Oldham**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Robert Moore**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Charlene McGhee**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Debra Hammons**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Earle Farrell**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Bruce Graham**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system with Tyler Technologies, the services provide by Tyler Technologies to Shelby County, the problems that caused the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Abby Diaz**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system with Tyler Technologies, the services provide by Tyler Technologies to Shelby County, the problems that caused the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Bret Dixon**

Subjects of information:   The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system with Tyler Technologies, the services provide by Tyler Technologies to

Shelby County, the problems that caused the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Dane Womble**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system with Tyler Technologies, the services provide by Tyler Technologies to Shelby County, the problems that caused the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Jeff Green**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system with Tyler Technologies, the services provide by Tyler Technologies to Shelby County, the problems that caused the wrongful detention of Plaintiffs and hundreds of other arrestees.

**Bill Anderson, Jr.**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of arrestees, and the significant violations of the rights of Plaintiffs and the proposed Class.

**Gerald Skahan**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of arrestees, and the significant violations of the rights of Plaintiffs and the proposed Class.

**Lee V. Coffee**

Subjects of information:  The factual allegations contained in Plaintiffs' First Amended Class Action Complaint, including, but not limited to the decision to abandon the JSSi system and to implement a new criminal booking and tracking system, the wrongful detention of arrestees, and the significant violations of the rights of Plaintiffs and the proposed Class.

**Lonnie Thompson**

Subjects of information: The factual allegations contained in Plaintiffs' First Amended Class Action Complaint concerning Mr. Turnage.

**INTERROGATORY NO. 2:** Identify each person who participated in or supplied information used in answering any of these Interrogatories, and for each such person, state the number of the Interrogatory answer(s) with respect to which that person participated or supplied information.

**RESPONSE:** Plaintiff Turnage and his counsel participated in or supplied information used in answering each Interrogatory set forth herein.

**INTERROGATORY NO. 3:** Please state all facts you contend support your allegation that Shelby County acted in a negligent and/or "deliberately indifferent" manner as alleged in your Second Amended Complaint.

**RESPONSE:** Objection. Interrogatory No. 3 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Further, Plaintiff objects to this Interrogatory on the grounds that it constitutes a premature merits contention interrogatory. A contention interrogatory is a question asking "an opposing party to state all facts on which it bases some specified contention…" *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992). Such questions are inappropriate until substantial documentary and other discovery is completed in an action. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992)("The interests of judicial economy and efficiency for the litigants dictate that 'contention interrogatories' are more appropriate after a substantial amount of discovery has been conducted"); *see also*, *FDIC v. Butcher*, 116 F.R.D. 203 (E.D. Tenn.

1987)(holding that contention interrogatories were premature and thus required no answer at that time); *McCarthy v. Paine Webber Group, Inc*., 168 F.R.D. 448, 450 (D. Conn. 1996)(court denied motion to compel answers to contention interrogatories which sought factual bases for RICO allegations, finding interrogatories were premature); *Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007)("Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed"); *In re eBay Seller Antitrust Lit*., No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 at *3-*4 (N.D. Ca. Dec. 11, 2008)("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.  In fact, courts tend to deny contention filed before substantial discovery has taken place, but grant them if discovery almost is complete").

Lastly, Plaintiff objects to this Interrogatory that the term "deliberate indifference" is a legal term and, as such, said Interrogatory improperly calls for Plaintiff to state a legal conclusion or opinion.

**INTERROGATORY NO. 4:** Please identify and describe the content of all communications (meaning communications in person, by telephone, by correspondence in writing by letter, fax, text, or email, or any other form of communication) between you and any of the Shelby County Defendants regarding, relating to or referring to the allegations set forth in your Second Amended Complaint or any facts or events at issue in this lawsuit.

**RESPONSE:**  Objection. Interrogatory No. 4 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and

unduly burdensome.

Further, Plaintiff objects to this Interrogatory on the grounds that the Interrogatory is overly broad and unduly burdensome because it calls for a lengthy written description of "all communications" between Plaintiff and Defendant (which has thousands of employees). *See, Kuehne & Nagel, Inc. v. Preston, Skahan & Smith, Inc*., M1998-00983-COA-R3-CV, 2002 WL 1389615 at *2 & 5 (Tenn. Ct. App. June 27, 2002)(court found defendant's interrogatory overly broad and unduly burdensome where interrogatory asked plaintiff to "describe each and every transaction between plaintiff and defendant for the last five years [and]  provide for each transaction, the subject matter of the transaction, the purpose of the transaction, the services rendered by [the defendant] and what prices, if any, were charged for services").

**INTERROGATORY NO. 5:** Please state the name and positions of the individuals identified in Paragraph 69 of your Second Amended Complaint, including the referenced criminal court judge.

**RESPONSE:**  Objection. Interrogatory No. 5 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Subject to and without waiving the foregoing specific objection and its General Statement and General Objections which are repeated and reasserted in response to this Interrogatory, Plaintiff would state Plaintiff does not know the names or positions of these individuals.

**INTERROGATORY NO. 6:** Please state the date of your court appearances stated in Paragraph 70 of your Second Amended Complaint.

**RESPONSE:** Paragraph 70 of the Second Amended Complaint does not mention dates

of court appearances.

**INTERROGATORY NO. 7:** Please state the factual basis for your damages calculation as stated in Paragraph 72, including the method of calculation and information utilized for calculation purposes. Please provide the source of information utilized for calculation purposes.

**RESPONSE:** Paragraph 72 of the Second Amended Complaint does not mention damages.

**INTERROGATORY NO. 8:** Please state the factual basis for your damages calculation as stated in Paragraph 96, including the method of calculation and information utilized for calculation purposes. Please provide the source of information utilized for calculation purposes.

**RESPONSE:** Objection. Interrogatory No. 8 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.  Indeed, the extent of Plaintiff's damages, whether Plaintiff's damages are of the same nature and/or amount or whether his damages are individualized have no bearing on Class Certification. *In re Scrap Metal Antitrust Litigation*, 527 F. 3d 517, 535 (6th Cir. 2008) ("Thus, even where there are individual variations in damages, the requirements of Rule 23)(b)(3) are satisfied if the plaintiffs can establish …" a violation of the antitrust laws); *Olden v. LaFarge Corp.*, 383 F.3d 495, 508 (6th Cir. 2004)("With regard to the remaining issues, they may suggest that individual *damage* determinations might be necessary, but the plaintiffs have raised common allegations which would likely allow the court to determine liability (including causation) for the class as a whole")(emphasis in original). *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197

10

(6th Circ. 1988)("[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003)("But Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations"); *In re New Motor Vehicles Canadian Export Antitrust Lit.*, 235 F.R.D. 127, 143 (D. Me. 2006)("Where, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied, even if individual damages remain.")

Subject to and without waiving the foregoing objection and its General Statement and General Objections, which are repeated and reasserted in response to this Interrogatory, Plaintiff would state that paragraph 96 explicitly states the factual basis of his damage claim. Specifically, the case of *Rhodes v. Lauderale County, Tennessee*, 2012 U.S. Dist. LEXIS 135922 (W.D. Tenn. Sept 4, 2012) permitted an award of $2,000 per hour for unlawfully detained arrestees (which is $48,000 per day). Plaintiff additionally refers Defendant to his response contained in his Rule 26(a)(1) Initial Disclosures as to the amount and bases of his damages claim for himself and the proposed Class Members.

**INTERROGATORY NO. 9:** Please state all facts that you contend support your allegations that "at least 1000 Class members were unlawfully detained on average of three (3) days" as stated in Paragraph 97 of your Second Amended Complaint. Please provide the source of the information.

**RESPONSE:** Plaintiff would state that Defendants began the wrongful pattern and practice alleged in the Class Action Complaint in November 2016 with respect to arrestees and

detainees. According to the Shelby County Sherriff's Office "April 2017 Jail Report Card,"
Defendants book, process and detain approximately 3000 persons per month. Based upon this
number, Plaintiff estimates that at least 1000 persons have been unlawfully detained, though the
exact number can only be ascertained from an examination and analysis of Defendants'
documents.

**INTERROGATORY NO. 10:** Please state the factual basis for your contention in
Paragraph 98 of your Second Amended Complaint that you have suffered "tangible injury,"
including "embarrassment," "emotion suffering," and "physical harm."

**RESPONSE:** Objection. Interrogatory No. 10 calls for information well outside the scope
of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant,
not proportional to the needs and issues involved in Class Certification and is overly broad and
unduly burdensome.

Further, Plaintiff objects to this Interrogatory on the grounds that it constitutes a premature
merits contention interrogatory.  A contention interrogatory is a question asking "an opposing
party to state all facts on which it bases some specified contention…" *Fischer and Porter Co. v.
Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992).  Such questions are inappropriate until substantial
documentary and other discovery is completed in an action. *Fischer and Porter Co. v. Tolson*,
143 F.R.D. 93, 95 (E.D. Pa. 1992)("The interests of judicial economy and efficiency for the
litigants dictate that 'contention interrogatories' are more appropriate after a substantial amount
of discovery has been conducted"); *see also*, *FDIC v. Butcher*, 116 F.R.D. 203 (E.D. Tenn.
1987)(holding that contention interrogatories were premature and thus required no answer at that
time); *McCarthy v. Paine Webber Group, Inc*., 168 F.R.D. 448, 450 (D. Conn. 1996)(court denied
motion to compel answers to contention interrogatories which sought factual bases for RICO

allegations, finding interrogatories were premature); *Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007)("Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed"); *In re eBay Seller Antitrust Lit.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 at *3-*4 (N.D. Ca. Dec. 11, 2008)("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.  In fact, courts tend to deny contention filed before substantial discovery has taken place, but grant them if discovery almost is complete").   Lastly, Plaintiff objects to this Interrogatory that the term "tangible injury" is a legal term and, as such, said Interrogatory improperly calls for Plaintiff to state a legal conclusion or opinion.

**INTERROGATORY NO. 11:** Please state the name, telephone number, and address for each and every health care provider and/ counselor that evaluated, diagnosed or treated you for any physical, mental or emotional you contend to have suffered as stated in Paragraph 98 of your Second Amended Complaint.

**RESPONSE:** Objection. Interrogatory No. 11 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**INTERROGATORY NO. 12:** Please state all facts that you contend support your allegations stated in Paragraph 103 of your Second Amended Complaint and please provide the source of the information.

**RESPONSE:** Objection. Interrogatory No. 12 calls for a legal conclusion or legal opinion

from Plaintiff, who is not an attorney. Indeed, the term "typicality" is a legal term under Rule 23

of the Federal Rules of Civil Procedure and, as such, said Interrogatory improperly calls for

Plaintiff to state a legal conclusion or opinion. *See*, *Craft v. Vanderbilt University*, 174 F.R.D. 396,

404 (M.D. Tenn.1996)("To be typical, a representative's claim need not always involve the same

facts or law, provided there is a common element of fact or law"); *Daffin v. Ford Motor Co*., 458

F.3d 549, 553 (6th Cir. 2006)(holding that typicality was established with respect to breach of

warranty claim concerning vehicle's allegedly defective throttle assembly, despite that not all class

members had experienced problems with their throttles as plaintiff had); *Beattie v. CenturyTel,

Inc*., 511 F.3d 554, 562 (6th Cir. 2007)(same); *Fisher v. Virginia Elec. and Power Co*., 217 F.R.D.

201, 212 (E.D. Va. 2003)("Some factual variance between the class members is not fatal to

typicality. For instance, factual variations in the claimed damages, or differences in the availability

of certain defenses, do not defeat typicality, so long as the class claims are based on the same legal

or remedial theory"); 1 H. NEWBERG, *Newberg on Class Actions*, §3.15 at 335 ("Factual

differences will not render a claim atypical if the claim arises from the same event or practice or

course of conduct that gives rise to the claims of the class members and if it is based on the same

legal theory.").

Further, Plaintiff objections to this Interrogatory No. 12 on the grounds that it is a

contention interrogatory. A contention interrogatory is a question asking "an opposing party to

state all facts on which it bases some specified contention…" *Fischer and Porter Co. v. Tolson*,

143 F.R.D. 93, 95 (E.D. Pa. 1992). Such questions are inappropriate until substantial documentary

and other discovery is completed in an action. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93,

95 (E.D. Pa. 1992)("The interests of judicial economy and efficiency for the litigants dictate that

'contention interrogatories' are more appropriate after a substantial amount of discovery has been

conducted"); *see also*, *FDIC v. Butcher*, 116 F.R.D. 203 (E.D. Tenn. 1987)(holding that contention interrogatories were premature and thus required no answer at that time); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)(court denied motion to compel answers to contention interrogatories which sought factual bases for RICO allegations, finding interrogatories were premature); *Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007)("Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed"); *In re eBay Seller Antitrust Lit*., No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 at *3-*4 (N.D. Ca. Dec. 11, 2008)("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.  In fact, courts tend to deny contention filed before substantial discovery has taken place, but grant them if discovery almost is complete").

Plaintiff will set forth his legal arguments as to typicality under Rule 23 in his Motion for Certification and Memorandum in Support thereof.

**INTERROGATORY NO. 13:**  Please describe in detail your educational background, and include the names and addresses of all institutions that you have attended, the dates of attendance, and a description of the degrees or certificates that you have obtained.

**RESPONSE:**  Objection. Interrogatory No. 13 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**INTERROGATORY NO. 14:**  Please list all employment held by you or sources of income during the preceding three years and with regard to each employment state: (a) The name,

address, and telephone number of each employer; (b) your position, job title or description; (c) if you had an employment contract; (d) the date on which you commenced your employment and, if applicable, the date and reason for the termination of your employment; (e) your current gross and net income per pay period for 2016-2017; and (f) all additional benefits or perquisites received from your employment stating the type and value thereof.

**RESPONSE:** Objection. Interrogatory No. 14 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**INTERROGATORY NO. 15:** Please identify all arrests and detentions made by any law enforcement officer or agency and all convictions for misdemeanors and felonies. For stated arrests, please include: (a) the date of the arrest; (b) the arresting agency; (c) the charge or offense; (d) the disposition of the charge or offense; and (e) any other result of the arrest. For stated convictions, please include: (a) the date and place of conviction; (b) the charge or offense; (c) the docket number and the court where the conviction occurred; (d) the sentence received.

**RESPONSE:** Objection. Interrogatory No. 15 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Subject to and without waiving the foregoing specific objection and its General Statement and General Objections which are repeated and reasserted in response to this Interrogatory, Plaintiff would state that the arrest relevant to this matter is described in detail in his Second

Amended Complaint.

     **INTERROGATORY NO. 16:** Please identify all persons whom you may call as a witness to give expert and/or opinion testimony in this case, and for each person so identified, please: (a) Identify the person's employer or organization with which he or she is associated in any professional capacity; (b) State the field in which he or she is offered as an expert; (c) Summarize the expert's qualifications within the field in which he or she is to testify; (d) State the substance of the facts to which he or she is expected to testify; (e) State the substance of the opinion(s) to which he or she is expected to testify and a summary of the grounds for each opinion; (f) Identify all documents and describe all objects used by such person in connection with preparation of his or her opinion(s) in this case; and (g) Identify all documents written by such persons which relate to the information or preparation of his or her opinion(s).

     **RESPONSE:** Objection. Interrogatory No. 16 calls for information well outside the scope of discovery in that it does not limit the scope of Interrogatory No. 16 to the identification of experts retained with respect to class certification issues, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

     Subject to and without waiving the foregoing specific objection and its General Statement and General Objections which are repeated and reasserted in response to this Interrogatory, Plaintiff states that he has not retained the services of an expert in this matter with respect to any issues pertaining to class certification.  If and when such an expert is retained, this Response will be supplemented pursuant to the Federal Rules of Civil Procedure.

OATH

STATE OF TENNESSEE

COUNTY OF SHELBY

I, Scott Turnage, having first been duly sworn, make oath that the foregoing answers to

interrogatories are true and correct to the best of my knowledge, information and belief.

This the 28 day of September, 2017.

_____
Scott Turnage

Sworn to and subscribed before me on this the 28th day of September, 2017.

_____
Notary Public

My commission expires: May 30 2021

SHELLEY PAHN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. MAY 30, 2021

18

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all written communications (including letter, fax or email) identified in your responses to these Interrogatories.

**RESPONSE:**           Subject to and without waiving its General Statement and General Objections which are repeated and reasserted in response to this Request, Plaintiff will produce documents responsive to this Request to the extent that any such documents exist.

**REQUEST NO. 2:**  Produce all documents relating to, referring to or evidencing any of the allegations set forth in your Second Amended Complaint.

**RESPONSE:**           Objection. Request No. 2 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 3:**  Produce all documents relating to, referring to or evidencing the facts identified in your responses to these Interrogatories.

**RESPONSE:**           Subject to and without waiving its General Statement and General Objections which are repeated and reasserted in response to this Request, Plaintiff will produce documents responsive to this Request to the extent that any such documents exist.

**REQUEST NO. 4:**  Produce all documents, including, but not limited to, daily planners, diaries, calendars, memoranda, or notes, in which you recorded any information in any way relates to, pertains to, or evidences your claims against Shelby County Defendants.

**RESPONSE:**  Objection. Request No. 4 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and

unduly burdensome.

**REQUEST NO. 5:**  Produce all documents relating to, referring to or evidencing the type and extent of damages you allege you have suffered as stated in your Second Amended Complaint.

**RESPONSE:** Objection. Request No. 5 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.  Indeed, the extent of Plaintiff's damages, whether Plaintiff's damages are of the same nature and/or amount or whether his damages are individualized have no bearing on Class Certification. *In re Scrap Metal Antitrust Litigation*, 527 F. 3d 517, 535 (6th Cir. 2008) ("Thus, even where there are individual variations in damages, the requirements of Rule 23)(b)(3) are satisfied if the plaintiffs can establish …" a violation of the antitrust laws); *Olden v. LaFarge Corp.*, 383 F.3d 495, 508 (6th Cir. 2004)("With regard to the remaining issues, they may suggest that individual *damage* determinations might be necessary, but the plaintiffs have raised common allegations which would likely allow the court to determine liability (including causation) for the class as a whole")(emphasis in original). *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Circ. 1988)("[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003)("But Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations"); *In re New Motor Vehicles Canadian Export Antitrust*

*Lit.*, 235 F.R.D. 127, 143 (D. Me. 2006)("Where, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied, even if individual damages remain.").

**REQUEST NO. 6:** Produce all documents relating to, referring to or evidencing any medical, psychological or psychiatric treatment you have undergone for injuries you allege you suffered as stated in your Second Amended Complaint.

**RESPONSE:** Objection. Request No. 6 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 7:** Produce all documents relating to, referring to or evidencing diagnoses, evaluations, and/or treatments you have undergone for the physical injuries you allege you suffered as stated in your Second Amended Complaint.

**RESPONSE:** Objection. Request No. 7 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 8:** Produce all documents relating to or evidencing your employment in the years 2016-2017, including W-2s, pay stubs and any other proof of wages or income.

**RESPONSE:** Objection. Request No. 8 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 9:** Produce all documents relating to or regarding your criminal history, including arrests, detentions and convictions in jurisdictions outside of Shelby County.

**RESPONSE:** Objection. Request No. 9 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 10:** Produce all documents relating to or evidencing your damages calculation and method of calculation.

**RESPONSE:** Objection. Request No. 10 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.  Indeed, the extent of Plaintiff's damages, whether Plaintiff's damages are of the same nature and/or amount or whether his damages are individualized have no bearing on Class Certification. *In re Scrap Metal Antitrust Litigation*, 527 F. 3d 517, 535 (6th Cir. 2008) ("Thus, even where there are individual variations in damages, the requirements of Rule 23(b)(3) are satisfied if the plaintiffs can establish …" a violation of the antitrust laws); *Olden v. LaFarge Corp.*, 383 F.3d 495, 508 (6th Cir. 2004)("With regard to the remaining issues, they may suggest that individual *damage* determinations might be necessary, but the plaintiffs have raised common allegations which would likely allow the court to determine liability (including causation) for the class as a whole")(emphasis in original). *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Circ. 1988)("[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."); *Gunnells v. Healthplan*

*Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003)("But Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations"); *In re New Motor Vehicles Canadian Export Antitrust Lit*., 235 F.R.D. 127, 143 (D. Me. 2006)("Where, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied, even if individual damages remain.").

**REQUEST NO. 11:** Produce all documents relating to or regarding the "1000 Class members were unlawfully detained on average of three (3) days" as stated in Paragraph 97 of your Second Amended Complaint.

**RESPONSE:** Subject to and without waiving its General Statement and General Objections which are repeated and reasserted in response to this Request, Plaintiff will produce documents responsive to this Request to the extent that any such documents exist.

**REQUEST NO. 12:** Produce all documents relating to or regarding the IT Steering Committee, the JSSi Computer Tracking System, and/or the Odyssey Software.

**RESPONSE:** Objection. Request No. 12 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 13:** Produce all written communications between you and any Shelby County Defendant regarding, relating to or referring to the allegations set forth in your Complaint or any facts or events at issue in this lawsuit.

**RESPONSE:** Objection. Request No. 13 calls for information well outside the scope of

discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 14:**   Produce all documents reviewed and/or relied upon for your Second Amended Complaint.

**RESPONSE:**  Objection. Request No. 14 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 15:**  Produce all documents provided to any expert retained by you in this litigation.

**RESPONSE:**   Objection. Request No. 15 calls for information well outside the scope of discovery in that it does not limit the scope of Request No. 15 to documents provided by experts retained with respect to class certification issues, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Subject to and without waiving the foregoing specific objection and its General Statement and General Objections which are repeated and reasserted in response to this Interrogatory, Plaintiff states that he has not retained the services of an expert in this matter with respect to any issues pertaining to class certification.  If and when such an expert is retained, this Response will be supplemented pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 16:** Produce all documents you contend support your contention that Shelby County acted in a negligent and/or "deliberately indifferent" manner as alleged in your Second Amended Complaint.

**RESPONSE:** Objection. Request No. 16 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

**REQUEST NO. 17:** Produce all documents relating to or regarding purported issues with the Odyssey Software in Shelby County as well as other jurisdictions as alleged in your Second Amended Complaint.

**RESPONSE:** Objection. Request No. 17 calls for information well outside the scope of discovery, which is currently limited to Class Certification Discovery, and, as such, is irrelevant, not proportional to the needs and issues involved in Class Certification and is overly broad and unduly burdensome.

Respectfully submitted,

/s/ *William E. Cochran, Jr.*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

Claiborne Ferguson (Tenn. Bar No. 20457)

Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, Tennesseee 38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

*Counsel for Plaintiffs and the putative Class Members*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on October 12, 2017, the foregoing was served via electronic mail only on:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Amber D. Floyd, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com
Email: afloyd@wyattfirm.com

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901)222-2100
Email:
lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Robert Moore, Charlene McGhee, Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email:
btrammell@bakerdonelson.com

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
9214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc*

*/s/ William E. Cochran, Jr.*