# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | |
| Plaintiffs, | Civil Action No. 2:16-cv-02907-SHM-tmp |
| v. | Jury Demanded |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation; SIERRA SYSTEMS GROUP, INC., a foreign corporation, and TETRUS CORP, a foreign Corporation, | |
| Defendants. | |

## DECLARATION OF ODELL HORTON, JR.

I, Odell Horton, Jr., declares as follows:

1. I am an adult resident of the State of Tennessee and competent to testify as to the matters set forth herein.

2. I have personal knowledge of the facts, records, documents and information contained in this Declaration.

3. I am a licensed attorney with the law firm of Wyatt, Tarrant & Combs, LLP and am one of the attorneys of record for the group of defendants in this action that are commonly referred to as the "Shelby County Defendants."

4. Throughout the course of this matter, when situations involved coordinating the schedules of counsel for multiple defendants, I have often attempted to serve as a point of contact for purposes of coordinating matters between counsel for the Plaintiffs and counsel for the various Defendants. That is true with respect to efforts to coordinate and schedule potential deposition dates for current and/or former Shelby County employees.

5. In approximately the middle of 2019, counsel for the parties before the Court at that time began discussing the possibility of an early mediation and what depositions, if any, the parties wished to take in advance of a potential mediation. The overall status of the case management schedule for this matter was in somewhat of a state of uncertainty, as the Plaintiffs were continuing to amend their pleadings to join additional parties.

6. Michael G. McLaren sent me a letter dated May 22, 2019, in which he outlined a course of deposition discovery that the Plaintiffs apparently wished to pursue.

7. Subsequent communications from counsel for the Plaintiffs indicated that they may not wish to pursue, in the short term, the full list of depositions that was provided in Mr. McLaren's May 22 letter.

8. On July 10, 2019, following a hearing before the Court, defense counsel spoke with Mr. McLaren about Plaintiffs' intentions in regard to depositions and other case-related issues, including the evolving nature of the case. Following that discussion, I sent Mr. McLaren a letter dated July 26, 2019 and that is attached to Plaintiffs' Motion as Exhibit B thereto. My letter included the thoughts of defendants other than just the Shelby County Defendants, which I had obtained from consultation with such counsel as outlined above.

9. Attached hereto as **Exhibit 1** is true and correct copy of a chain of emails exchanged by counsel for various parties between the time Mr. McLaren's May 22 letter was received and August 20, 2019.

10. Attached hereto as **Exhibit 2** is true and correct copy of a chain of emails exchanged by counsel for various parties between the time Mr. McLaren's May 22 letter was received and August 29, 2019.

11. On October 24, 2019, I spoke by telephone with Frank Watson regarding various discovery issues, potential settlement prospects, and logistics of a potential mediation to occur before the March 3, 2020 mediation deadline. With regard to depositions, I advised that the Defendants would want to depose the Plaintiffs before a mediation and proposed scheduling those depositions in mid-December of 2019 or in early January, 2020, subject to the schedules of all counsel. Mr. Watson advised that the Plaintiffs would want to depose Mr. Raper and a number of other, unspecified witnesses before the mediation. However, Mr. Watson did not insist upon dates for Mr. Raper's deposition at this time. Rather, we left open for further discussion the complete list of witnesses that the Plaintiffs wished to depose and when those depositions might occur.

12. Following my call with Mr. Watson on October 24, 2019, I communicated with counsel for the other defendants to begin coordination for schedules for potential depositions to occur in December of 2019 and January of 2020.

13. On November 19, 2019, following the Plaintiffs' November 13, 2019 filing of a notice to take the deposition of Ed Raper, Bob Craddock and I attempted to contact Brice Timmons to discuss Mr. Raper's deposition. Mr. Timmons advised us that we would need to direct our conversations to Mr. McLaren. A true and correct copy of a string of emails reflecting our communications with Mr. Timmons is attached as **Exhibit 3**.

14. Attached hereto as **Exhibit 4** is a true and correct copy of a string of emails I exchanged with Mr. Watson on November 26, 2019, in connection with the Shelby County Defendants' request for additional time to complete their privilege log.

15. On December 3, 2019, Mr. Craddock and I spoke via telephone with Mr. McLaren concerning, among other issues, the anticipated scope of Mr. Raper's deposition and the collective Defendants' position that the deposition would need to be limited to class certification topics. Mr. McLaren agreed with the Defendants' position regarding the permissible scope of Mr. Raper's deposition and further agreed to work with counsel for the Defendants to resolve potential disputes concerning distinctions between class certification and liability issues in advance of the deposition, to the extent possible. To that end, Mr. McLaren and counsel for the Shelby County Defendants agreed to cancel Mr. Raper's deposition that had been noticed for December 18, 2019 and to reschedule the deposition for some time in January of 2020, subject to the availability of counsel on dates to be provided by Mr. McLaren. We further discussed that as a means of resolving the scope-related issues, Mr. McLaren would provide a list of deposition topics, similar to a Rule 30(b)(6) notice, which could be used to facilitate discussions among counsel for the parties as to the permissible scope of Mr. Raper's deposition, but which would

not necessarily limit Mr. McLaren's questions of Mr. Raper. Mr. McLaren indicated that the list of topics would be provided the following week, and we agreed to follow up after that.

16. On December 18, 2019, Mr. Craddock and I spoke by telephone with Mr. McLaren regarding his letter of December 16, 2019. At this time, we reminded Mr. McLaren that we were awaiting the list of deposition topics that he had indicated on December 3, 2019 would be forthcoming. We also reiterated our position that if the Plaintiffs were interested in pursuing a Rule 30(b)(6) deposition that might embrace topics on which Mr. Raper could be designated as a witness, the Shelby County defendants preferred to know that before scheduling Mr. Raper's deposition in an individual capacity. With the goal of efficiency in mind, we were trying to avoid having to schedule Mr. Raper's deposition twice, if possible. Mr. McLaren advised that he would follow up with counsel for the Shelby County Defendants and provide the previously discussed topics within the week.

17. On January 6, 2020, Mr. Craddock and I spoke with Mr. McLaren by telephone. The purpose of the call was to again inquire as to the status of the deposition topics that Mr. McLaren had agreed to provide in early December, but which had not yet been provided. In light of the delay in receiving the topics, Mr. Craddock and I had concerns that there was not sufficient time to consider the topics or to prepare Mr. Raper to give testimony on the topics by January 22, 2020, the date on which Mr. Raper's scheduled at the time. Accordingly, we suggested to Mr. McLaren that Mr. Raper's deposition be postponed. In response, Mr. McLaren stated that he would provide deposition topics in a few days and requested that we defer any decision concerning the rescheduling of Mr. Raper's deposition until after we received the topics he would be providing.

18. On January 8, 2020, Mr. McLaren provided to defense counsel two deposition notices, one for Mr. Raper scheduled for January 22, 2020, and one for a Rule 30(b)(6)

deposition of Shelby County to occur at an unspecified time. True and correct copies of these deposition notices and their accompanying transmittal letter are attached hereto as **Exhibit 5**. This was the first that the we had seen of a list of potential deposition topics.

19. On January 10, 2020, Mr. Craddock and I spoke via telephone with Mr. McLaren. The purpose of this call was to discuss the deposition topics that Mr. McLaren had recently provided and various other issues related to scheduling of depositions. During this call, Mr. Craddock and I advised Mr. McLaren that Plaintiffs' delay in providing the Rule 30(b)(6) topics had made it infeasible for Shelby County to fully consider the topics or to prepare Mr. Raper to give testimony by January 22, 2020. We reached an agreement with Mr. McLaren to reschedule Mr. Raper's deposition for a date in February or early March of 2020. Mr. Craddock and I also agreed that we would coordinate with counsel for all Defendants to determine possible dates for the deposition as soon as possible. We also advised Mr. McLaren that we would provide comments in regard to Plaintiffs' Rule 30(b)(6) notice in due course. A true and correct copy of an email string concerning this understanding is attached hereto as **Exhibit 6**. This same day, I reached out to counsel for the other Defendants to begin coordinating potential deposition dates in February and March of 2020.

20. Attached hereto as **Exhibit 7** is true and correct copy of a chain of emails exchanged by counsel for various parties concerning efforts to schedule various depositions.

21. Attached hereto as **Exhibit 8** is a true and correct copy of an email I sent to Mr. McLaren on January 17, 2020.

22. Attached hereto as **Exhibit 9** is a true and correct copy of an email I received from Frank Watson on February 13, 2020.

23. On Monday, February 10, 2020, I received a telephone call from Bradley Trammell, an attorney with Baker, Donelson, Bearman, Caldwell & Berkowitz, during which Mr. Trammell asked if I had heard a report that Ed Raper had died.

24. I told Mr. Trammell I did not know of that and asked if I could call him back.

25. That same day, I called Lee Whitwell, Shelby County Assistant County Attorney, and asked if he had heard that Mr. Raper had died.

26. Mr. Whitwell stated he had not heard of Mr. Raper's death.

27. I asked Mr. Whitwell to discreetly investigate whether reports of Mr. Raper's death were true. Mr. Whitwell called me later that day and informed me Mr. Raper had in fact died.

28. Prior to Mr. Raper's death, I had no prior knowledge regarding Mr. Raper's health condition and had no reason to know Mr. Raper's health condition.

29. Mr. Raper never discussed any health condition with me.

30. I had no reason to know or discuss Mr. Raper's health condition with him.

31. If called to testify in this matter, I would provide the same information stated in this declaration.

### Declaration under 28 U.S.C. §1746

I declare under penalty of perjury that the foregoing is true and correct.


s/ Odell Horton, Jr.                                       Date:   April 9, 2020
    **Odell Horton, Jr.**

61894911.5