# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 2:16-cv-02907-SHM-tmp |
| v. ) ) | Jury Demanded |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs; TIFFANY WARD in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation; SIERRA SYSTEMS GROUP, INC., a foreign corporation, and TETRUS CORP, a foreign Corporation, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## DECLARATION OF E. LEE WHITWELL

I, E. Lee Whitwell, declares as follows:

1. I am an adult resident of the State of Tennessee.

2. I have personal knowledge of the facts and information contained in this declaration.

3. I am competent to testify as to the matters set forth herein.

4. I am an attorney, have been duly licensed by the State of Tennessee to practice law since 2014, and have been actively engaged in the practice of law in Tennessee since 2014. My Tennessee law license has been in good standing for the entire period of time I have been licensed. I am duly admitted to practice before this Court. I have never been disciplined by the Tennessee Board of Professional Responsibility, any court in which I am or have been admitted to practice, or any other such entity or body.

5. I am employed by Shelby County Government in the County Attorney's Office in the position of Assistant County Attorney. I have been employed with Shelby County Government since July, 2016. My business address is 160 North Main Street, Suite 950, Memphis, TN 38103.

6. I am one of the attorneys of record for the Shelby County Defendants.

7. On January 30, 2020, I contacted Mr. Ed Raper regarding deposition dates in February and March 2020.

8. Mr. Raper provided potential dates in February and March 2020, but did not advise that he was ill or otherwise indicate that an illness may interfere with the scheduling of his deposition.

9. Around this time, I road on the elevator with Mr. Raper several times and we exchanged pleasantries.

10. During these conversations, Mr. Raper never stated he was ill.

11. On Monday, February 10, 2020, I received a telephone call from Odell Horton, Jr, an attorney with Wyatt, Tarrant & Combs, LLP, asking if I knew that Ed Raper had died.

12. I was surprised and told Mr. Horton I did not have any knowledge of Mr. Raper's death.

13. Mr. Horton asked if I would discreetly inquire if Mr. Raper had died since we had no knowledge of his death.

14. I contacted the front desk for the Shelby County IT Department and confirmed that Mr. Raper had died.

15. I called Mr. Horton later that day and informed him Mr. Raper had died.

16. I had no prior knowledge regarding the condition of Mr. Raper's health and had no reason to know of any health condition Mr. Raper had or has ever had.

17. Mr. Raper never discussed any health condition with me.

18. I had no reason to know or discuss Mr. Raper's health condition.

19. Mr. Horton asked if I would inquire into the cause of Mr. Raper's death.

20. I spoke with Smita Sompalli, Applications Service Manager for Shelby County IT Department.

21. Ms. Sompalli stated she and Mr. Raper were colleagues and friends.

22. Ms. Sompalli informed me Mr. Raper had diabetes.

23. Ms. Sompalli stated Mr. Raper was prescribed a new medicine for his diabetes.

24. Ms. Sompalli stated Mr. Raper had an adverse reaction to the new medication.

25. Ms. Sompalli stated Mr. Raper and his medical doctor were attempting to resolve the medication reaction.

26. Ms. Sompalli stated Mr. Raper's last medication caused internal bleeding.

27. According to Ms. Sompalli, Mr. Raper's death was a result of an unexpected complication regarding his diabetic medication.

28. According to Ms. Sompalli, Mr. Raper took sporadic sick leave in the months prior to his death.

29. Ms. Sompalli never informed me of Mr. Raper's health condition prior to his death.

30. I asked Laviette Crutchfield, Shelby County Deputy Administrator, Human Resources, if Mr. Raper submitted documentation requesting extended time off from work.

31. Ms. Crutchfield did not find documentation in Mr. Raper's personnel file requesting extended time off from work.

32. If called to testify in this matter, I would provide the same information stated in this declaration.

## Declaration under 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct.

_____
**E. Lee Whitwell**

Date:   April 9, 2020