IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE - WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation.<br><br>　　　　　　　　　Defendants. | Case No. 2:16-cv-2907-SHM/tmp<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR A DISCOVERY CONFERENCE, TO PERMIT MERITS-BASED DISCOVERY, TO COMPEL DEPOSITIONS, AND FOR SANCTIONS AND FEES**

COME NOW the Plaintiffs on behalf of themselves and all similarly situated persons (hereinafter the "Plaintiffs"), and respectfully file this Reply Brief In Further Support Of Their Motion For A Discovery Conference, To Permit Merits-Based Discovery, To Compel Depositions, And For Sanctions And Fees (Dkt. No. 291) (the "Motion") and state as follows:

### A. The County Defendants should not be rewarded for delaying Mr. Raper's deposition.

Notwithstanding what, if anything, the County Defendants knew about Mr. Raper's illness, the County Defendants' efforts to delay Mr. Raper's deposition are squarely established. Plaintiffs first sought to take the deposition of Mr. Raper in May 2019. Thereafter, Plaintiffs' counsel requested available dates for Mr. Raper's deposition on fifteen (15) documented occasions over the course of nine (9) months. (Dkt. No. 291 at pages 3-9 PageID 2880-2885). Over the course of this nine month period of time, the County Defendants simply refused to comply. The County did not provide available dates and did not provide Plaintiffs with any assurances that the deposition of Mr. Raper would proceed. To the contrary, the County Defendants' delay, in part, was based upon their purported concern that Plaintiffs would seek to conduct both merits and class discovery in the event that Mr. Raper and their other witnesses were deposed. This concern is not a sufficient reason to refuse to provide a witness for deposition. Rather, Plaintiffs aver that Mr. Raper's testimony was damaging to the County Defendants' case and that the County Defendants sought to delay and prevent Plaintiff's access to this information.

Now, Mr. Raper is deceased. Plaintiff will never have the opportunity to ask Mr. Raper questions about the underlying case. The loss of this evidence is severely prejudicial to Plaintiffs, particularly as Mr. Raper was the County's Chief IT Officer and was <u>the</u> principal County employee responsible for implementing the computer system that is at the heart of this action. Had

the County Defendants simply complied with their discovery obligations, Mr. Raper's testimony would have been preserved. Now, this key evidence is forever lost. The County Defendants must face some kind of repercussions for their unjustified and unjustifiable delay that resulted in the loss of this evidence, regardless of the County Defendants' knowledge of Mr. Raper's health conditions. Plaintiffs' requests for sanctions and an adverse inference are thus wholly justified.

> B. **The present circumstances demonstrate that bifurcation is no longer appropriate and that the Parties should proceed with class- and merits-based discovery**.

Furthermore, Mr. Raper's death is demonstrative of the need for the Parties to proceed with both class- and merits-based discovery. This case was filed in 2016. Witnesses are dying, and memories are fading. Indeed, Plaintiffs were recently informed by counsel for the County Defendants that another key witness, an ex-County employee whom they no longer even control, is suffering from serious health conditions. (*See* April 20, 2020 Email from O. Horton to M. McLaren, attached hereto as **Exhibit A**). It is imperative that Plaintiffs have access to all of this evidence and testimony before more of it is lost.

Moreover, the distinction between class and merits evidence in this action is murky at best. "[T]he prime considerations in whether bifurcation is efficient and fair include whether *merits*-based discovery is sufficiently intermingled with *class*-based discovery and whether the litigation is likely to continue absent class certification." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, at *8 (E.D. Pa. Nov. 30, 2004) (emphasis added). Bifurcation is inefficient, unfair, and duplicative in this case for several reasons. First, continuing with bifurcation will delay the resolution of the litigation in derogation of F.R.C.P. Rule 1. *See* Fed. R. Civ. P. 1 (procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action"). This case has already been on the docket for over three years without a decision on class

certification.  Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litigation*, MDL No. 1561, No. 03 C 4576 (N.D. Ill. 2003) (refusing to bifurcate discovery in antitrust litigation in part because of delays created by bifurcation).  Bifurcation would also belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is "merit" discovery as compared to "class" discovery.  *See, e.g., In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) ("bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

The deposition of Robert Moore is instructive.  Lawyers for the County and for Contractor Defendants raised numerous objections claiming that questions posed by counsel for Plaintiffs were merits-based.  (*See, e.g.*, Deposition of Robert Moore, a copy of which is attached hereto as **Exhibit B**, at 19/4, 19/6, 43/13, 43/17, 43/22, 43/24, 89/22, 97/13, 98/15, 99/5, 101/8, 107/13, 111/7, 111/9, 119/3, 124/12, 125/1, 127/8, 127/15, 131/23, 133/8, 134/3, 140/11, 148/12, 153/18, 230/7, 230/1,6 239/23, 241/17, 246/23, 247/8, 253/5).  Many of these objections are clearly relevant to class certification.  For example, despite Defense counsel's recognition of "Tu Pham's statements that there's sometimes not clarity…when it's merits and when it's class," (Moore Dep. at 43/15-18), counsel for the Defendants objected to numerous questions that were tailored to determine the size and scope of the class and whether class members were treated in the same way.  For example, Defense Counsel objected on merits grounds to questions pertaining to:  (i) whether the computer system malfunctioned resulting in numerous over-detentions, (ii) whether the system had known problems that would have impacted class members' releases from jail in the same or similar

3

manner, (iii) whether the computer system failed to interface properly with the courts resulting in over-detentions, (iv) an audit of the new system that could directly demonstrate how many class members were impacted, and (v) a judicial complaint by Judge Gerald Skahan that contemporaneously demonstrates the failures of the computer system and the resulting over-detention of numerous class members.  (Moore Dep. at 18/21-19/15, 88/23-89/18, 96/14-103/6, 107/21-111/23, 123/20-124/20, 127/2-15, 130/1-134/10, 152/19-153/19, 246/11-247/9).  Clearly, all of these topics are directly relevant to the certification of the class in this action.  Nevertheless, when Defense Counsel cross examined Mr. Moore, they themselves asked merits-based questions. (Moore Dep. at 253/1-8) (Mr. Horton:  "Would you deliberately keep anyone in jail after their release time has been made?"…Mr. Watson:  "That's a merits question."  Mr. Horton:  "I think it's class like you said."  Mr. Watson:  "Oh okay.").  It appears that the Defendants themselves cannot clearly articulate the class/merits distinction.  It is inefficient and burdensome to conduct depositions in this manner and will ultimately result in significant additional motion practice in this Court to resolve whether each objection to a question as merits-based is justified.

In fact, class certification discovery in this litigation is not easily differentiated from merits discovery.  *See, e.g., Gray v. Withrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) (noting that "discovery relating to class certification is closely enmeshed with merits discovery" and "cannot be meaningfully developed without inquiry into basic issues of the litigation").  Rather, as the examples above demonstrate, Plaintiffs will likely need much of the same information to establish that a class exists and to establish that the Defendants are liable on the merits.  Due to the intermingling of the facts necessary to evaluate class certification and the merits of plaintiffs' claims, separating the two would duplicate discovery efforts, forcing the parties to incur unnecessary expenses and would further protract the litigation.

Third, contrary to Defendants' assertions, there is no reason to believe that denial of class certification will terminate this litigation. *See* Manual for Complex Litigation § 21.14, at 256 (bifurcation not appropriate if litigation likely to proceed without certification). A number of individual lawsuits were filed against the Defendants and then consolidated here. The additional lawsuits have not been terminated, but, instead, have been stayed pending class certification in this litigation. In fact, dozens of individual plaintiffs are waiting to file claims against these Defendants in the event that the Class is not certified. (*See, e.g.,* Class Action Complaint filed by approximately 30 additional plaintiffs on October 31, 2017, Dkt. Nos. 80-2 and 80-2). If class certification is denied, it is reasonable to assume that the individual plaintiffs will pursue their claims through the cases that are currently stayed. The likelihood of the continuation of individual claims, regardless of class certification, belies whatever time and expense may be saved in the future through the narrowing of discovery pursuant to the resolution of class certification motions.

Finally, in the event that this Court determines that sanctions are appropriate in this instance, Plaintiffs respectfully submit that permitting merits discovery to proceed immediately and ending bifurcated discovery may well be an adequate "sanction" to impose. Ending bifurcation will simply allow discovery to proceed more expeditiously in this case and will eliminate the numerous problems caused by bifurcated discovery as described herein and in Plaintiffs' principal Memorandum. Any perceived benefit of bifurcated discovery that the Parties contemplated earlier in this case is now far outweighed by its downsides. The Court should order that the Parties proceed with merits discovery.

In light of the foregoing, Plaintiffs respectfully request that the Court grant the relief sought in their underling Motion.

Respectfully submitted,

By: *s/ William E. Routt*
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com
Email:  wroutt@watsonburns.com

Michael G. McLaren (#5100)
Brice M. Timmons (#29582)
William E. Cochran, Jr. (#21428)
BLACK MCLAREN JONES RYLAND
& GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
mmclaren@blackmclaw.com
btimmons@blackmclaw.com
wcochran@blackmclaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of April, 2020, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

| | |
|---|---|
| Albert G. McLean, Esq.<br>Kevin David Bernstein, Esq.<br>SPICER RUDSTROM PLLC<br>119 S. Main Street, Suite 700<br>Memphis, TN 38103<br>901-522-2324<br>Email: amclean@spicerfirm.com<br>Email: kdb@spicerfirm.com<br><br>*Counsel for Defendant Sierra-Cedar, Inc.* | Heather Marie Gwinn Pabon, Esq.<br>GORDON & REES SCULLY MANSUKHANI<br>3401 Mallory Lane<br>Suite 120<br>Franklin, TN 37067<br>(615) 722-9010<br>Email: hgwinn@grsm.com<br><br>*Counsel for Defendant Sierra Systems Group, Inc.*<br><br>  s/ *William E. Routt* |