IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ISSACCA POWELL et. al,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:16-2907-SHM-tmp |
| ) | |
| **BILL OLDHAM et. al,** ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION REGARDING DISCOVERY**

Before the court by order of reference is the plaintiffs' motion for a discovery conference, to permit merits-based discovery, to compel depositions, and for sanctions and fees. (ECF No. 288.) For the reasons below, the motion is DENIED IN PART and GRANTED IN PART.[1]

### I. BACKGROUND

This is a putative class action. The plaintiffs are detainees who were at one point incarcerated in the Shelby County Jail. They allege that due to a problem with the computer system the county used to keep track of detainees, they were held for longer than

---

[1] There is a split in authority about whether magistrate judges should resolve discovery motions that seek dispositive relief (such as this motion) by order or report and recommendation. The undersigned's view is that magistrate judges may deny such relief by order but should only recommend granting dispositive relief. See Builders Insulation of Tennessee, LLC v. S. Energy Sols., No. 17-CV-2668-TLP-tmp, 2020 WL 265297, at *4 (W.D. Tenn. Jan. 17, 2020).

the law allows, sometimes in spite of court orders for their release. The plaintiffs assert this violated their constitutional rights. They are asserting claims against Shelby County, a variety of officials employed by Shelby County, and the private vendors who sold the system to the County. Defendants deny these allegations.

This motion is the result of a dispute about the timing of depositions. Negotiations on when depositions would take place began in May 2019 and continued for the next ten months. Those negotiations were contentious. The plaintiffs claim that Shelby County refused to cooperate, ignoring requests to set dates for depositions, asking that noticed depositions be reset, and generally attempting to delay the process as much as possible. Shelby County denies it acted improperly and argues that the depositions could not reasonably have been set as early as the plaintiffs wanted because, among other things, the pleadings were not yet closed and because the plaintiffs would not provide adequate assurances that deposition questions would be limited to issues related to class certification. Matters reached a boiling point when Ed Raper, the County's chief information technology officer, died unexpectedly due to side effects of a medication. The plaintiffs claim that Raper was uniquely important to the case because he "is probably the only individual witness with a complete picture of what happened when Shelby County launched the [relevant

computer] system, what was supposed to happen, and how Shelby County responded to the chaos that ensued after the launch was an abysmal disaster." (ECF No. 288.)

In their initial brief, the plaintiffs claimed that Shelby County knew of Raper's illness and sought to prevent his testimony through this tactic of delay. Shelby County vehemently denies this and presents evidence that Raper's death was unexpected. The court held a hearing on the motion. At the hearing, plaintiffs conceded that they have no evidence and no longer believe that Shelby County sought to prevent Raper from testifying by delaying his deposition. Plaintiffs argue that sanctions are still warranted based on Shelby County's alleged failure to cooperate in discovery.

The plaintiffs further argue that this incident demonstrates that the bifurcation of class and merits discovery is not working. At the outset of this case, the parties agreed that bifurcation of class and merits discovery was appropriate and the court ordered bifurcation in multiple successive scheduling orders. However, disputes about the appropriate scope of class versus merits discovery have arisen often, many of which have been resolved by the undersigned. The plaintiffs argue ending bifurcation would speed up the progress of this now four-year-old case. The plaintiffs also seek judicial intervention to assist in setting deposition dates.

## II.  ANALYSIS

**A.  Sanctions**

Plaintiffs argue that the court should use its inherent powers to sanction Shelby County and those defendants who are employed by it to punish them for failing to cooperate in discovery. They seek three sanctions: (1) a default judgment against Shelby County, or, in the alternative, (2) an adverse inference instruction regarding Raper's testimony, and (3) for the notes of any interview defense counsel may have conducted with Raper to be deemed no longer protected by the attorney-client privilege or work product doctrine.

To obtain an adverse inference based on discovery misconduct that leads to the destruction of evidence, the moving party must demonstrate the non-moving party acted with a culpable state of mind. Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 554 (6th Cir. 2010). "The culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." Id. A default judgment requires evidence of willful or bad faith conduct. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990).

There is no evidence the Shelby County defendants acted with a culpable state of mind. All the evidence in the record indicates that Raper's death was unexpected. There was thus no reason to think that a delay in depositions would lead to the unavailability

- 4 -

of Raper's testimony. Given this, the culpable state of mind factor is not satisfied and plaintiffs are not entitled to either an adverse inference or default judgment.

Plaintiffs are also not entitled to have privileged materials declared unprotected.[2] Plaintiffs did not argue in favor of this sanction in their briefing and raised it for the first time at the hearing on this motion. "[T]his court will not consider an argument that is raised for the first time at oral argument." Maher v. Int'l Paper Co., 600 F. Supp. 2d 940, 948 (W.D. Mich. 2009). To allow such arguments would subject the other party to unfair surprise. The motion for sanctions is DENIED.

**B.   Bifurcation**

"Courts often bifurcate discovery between certification issues and those related to the merits of the allegations." Manual for Complex Litigation, Fourth, § 21.14. The goal of bifurcation is to achieve efficiency in the discovery process. However, in many cases, bifurcation does the opposite because it leads to disputes about the scope of class discovery versus merits

---

[2] The court does not mean to suggest that the interview notes the plaintiffs seek are immune from disclosure under the work product doctrine. A party may obtain information protected by the work-product doctrine if it "(1) has a substantial need for the information, but (2) is unable to obtain the substantial equivalent of the materials without undue hardship." Stampley v. State Farm Fire & Cas. Co., 23 F. App'x 467, 471 (6th Cir. 2001). The question the court decides today is limited to the issues properly raised in the motion before it.

discovery. See, e.g., McCluskey v. Belford High Sch., No. 09-CV-14345, 2011 WL 13225278, at *2 (E.D. Mich. Mar. 10, 2011). This is particularly problematic when there is significant overlap between the facts that are relevant to class certification and the facts that are relevant to the merits.

It is clear that there is significant overlap between class and merits issues in this case. Were the court making a decision on bifurcation on a blank slate, it would not bifurcate this case. However, this case has been bifurcated and the parties have relied on bifurcation in crafting their written discovery responses and in deciding their case strategies. Ending bifurcation would risk reopening previously resolved disputes about the scope of document discovery and potentially force an effective reset of the discovery process. The plaintiffs have not offered a satisfactory explanation of how bifurcation could be ended without this risk of reset. Four years into this case, the court is unwilling to risk losing the progress that has already been made in discovery by ending bifurcation.

**C.   Depositions**

Finally, the plaintiffs seek court intervention to order the defendants to agree to deposition dates. The court agrees that judicial intervention is necessary to ensure the speedy progress of this case. As such, the court ORDERS the following:

- The plaintiffs will identify to the defendants those fact witnesses they seek to depose who are in the defendants' control as soon as practicable. The plaintiffs will also identify what dates within the next three months they are unavailable to depose witnesses.

- Within seven days of receiving this list of fact witnesses, the defendants will provide multiple possible dates for each witness's deposition falling within the next three months.

- Plaintiffs may then choose a date for each deposition in that list of possible dates and notice each deposition.

- After these depositions are noticed, the depositions may not be canceled by any party unilaterally. Depositions may be reset by the agreement of all relevant parties or by court order.

- All depositions shall be conducted via videoconference unless the parties and the witness agree otherwise.

- Parties may not instruct witnesses not to answer questions based on a party's belief a particular question falls outside the scope of class discovery. See Fed. R. Civ. P. 30(c)(2).

- The parties are reminded that the Federal Rules of Civil Procedure state that deposition objections "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Parties will not make speaking

- objections at depositions, including speaking objections asserting a particular question is focused on merits issues rather than class issues.
- The parties will meet and confer to agree on a process for establishing dates for Rule 30(b)(6) depositions.
- The parties shall submit a joint proposed scheduling order by June 3, 2020 at the latest.

### III. CONCLUSION

For the reasons above, the motion is DENIED IN PART and GRANTED IN PART.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 29, 2020
Date