IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of Themselves and all similarly situated persons<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>DEFENDANTS. | **Case No.: 2:16-cv-2907-SHM/tmp**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, & INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**MEMORANDUM OF TETRUS CORP. IN SUPPORT OF
ITS MOTION TO DISMISS**

1

The Seventh Amended Complaint fails to state a claim against Tetrus Corp. ("Tetrus") upon which relief can be granted as a matter of law. It is time-barred by the expiration of the statute of limitations.

## I.  BACKGROUND

This lawsuit involves a putative class action relating to the alleged deprivation of constitutional rights to arrestees and inmates in the Shelby County jail pursuant to 42 U.S.C. § 1983. (ECF # 218, Page ID 2326). In 2016 Shelby County installed a new computer system for use in its criminal justice system. (*Id.*, Page ID 2333-34). The new computer system allegedly caused problems resulting in unlawful detentions, among other concerns. (*Id.*, Page ID 2334-35). The claims against Shelby County and its employees are for violations of Section 1983 and declaratory and injunctive relief. (ECF # 218, Page ID 2365-68; 2373-75).

Also named as defendants are Tyler Technologies ("Tyler"), Global Tel Link Corporation ("GTL"), Software AG USA ("Software AG"), Sierra-Cedar, Inc. ("Sierra Cedar"), Sierra Systems Group, Inc. ("Sierra Systems"), and Tetrus[1]. Generally Tyler, GTL, Software AG, Sierra Cedar, Sierra Systems, and Tetrus (collectively the "contractor defendants") are either contractors or subcontractors that worked on components of Shelby County's new computer system. The claims against the contractor defendants are for alleged negligent implementation, support, and maintenance of the computer system, and/or negligent training of Shelby County employees. (ECF # 218, Page ID 2368-73). The plaintiffs seek a judgment of compensatory damages from all defendants, as well as declaratory and injunctive relief from Shelby County. (*Id.*, Page ID 2356-57, 2375).

---

[1] Tetrus is misidentified as "Tetra" in Count 9 of the Seventh Amended Complaint. (ECF # 218, Page ID 2372-73).

## II.  PROCEDURAL HISTORY

A consolidated class action complaint, the Third Amended Complaint, was filed on July 30, 2018.  (ECF # 103).  Prior to that time there were several similar lawsuits filed separately. The only defendants named in the Third Amended Complaint are Shelby County (and its employees) and Tyler.  In its answer to the Third Amended Complaint, Tyler alleged comparative fault against Software AG, Sierra Cedar, and GTL.  (ECF # 122, Page ID 1293). Thereafter, a Fourth Amended Complaint was filed on January 18, 2019 joining these entities as additional defendants, as well as additional Shelby County employees as defendants.  (ECF # 138).

A Fifth Amended Complaint was filed to correct a misnomer relating to Software AG. (ECF # 170).  No party to the lawsuit identified Tetrus as a potential defendant in answers filed to the Fourth or Fifth Amended Complaints.  Sierra Cedar's answer to the Fifth Amended Complaint identified Sierra Systems as a potential additional defendant under Tennessee's comparative fault principles.  (ECF # 176, Page ID 1818-19).

Plaintiffs' Sixth Amended Complaint, filed on May 1, 2019, joined Sierra Systems as a defendant.  (ECF # 198).  GTL filed an answer to the Sixth Amended Complaint on May 15, 2019, which specifically alleged fault against Tetrus.[2]  (ECF # 209, Page ID 2239).  No other defendant alleged fault against Tetrus in answers to the Sixth Amended Complaint.

On June 19, 2019 plaintiffs' Seventh Amended Complaint was filed, joining Tetrus as a defendant.  (ECF # 218).  In its answer, Tetrus raised the statute of limitations as a defense. (ECF # 235, Page ID 2629).

---

[2] GTL did not file an answer to the Fifth Amended Complaint.  Instead it filed a motion to dismiss.  (ECF # 178).

### III.  STATUTE OF LIMITATIONS

Claims for false imprisonment and personal injury are subject to a one-year statute of limitations.  Tenn. Code Ann. § 28-3-104.  Based on the factual allegations in the Third Amended Complaint (ECF # 103), which continue substantively unchanged through the Seventh Amended Complaint (ECF # 218)[3], the latest date that any one representative plaintiff's cause of action accrued was November, 2017.  (ECF # 218, Page ID 2352).[4]  The statute of limitations for the named plaintiffs, at the very latest, expired in November, 2018.  *Id.*

As relevant to Tetrus, the Seventh Amended Complaint, dated June 19, 2019, was filed well after the expiration of the statute of limitations.  As discussed below in the next section, there is no rule of law or statute that permits the filing of a complaint against Tetrus that is otherwise time-barred.

### IV.  ARGUMENT

**A.  The standard of review.**

In reviewing a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief."  *Woodard v. Shelby Cty. Div. of Corr.*, 2008 WL 11318293 at *2 (W.D. Tenn. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).  To survive a motion to dismiss, the claim must contain a

---

[3] Compare Section IV, Factual Allegations, from the Third Amended Complaint (ECF # 103, ¶¶ 22-100) to the Seventh Amended Complaint (ECF # 218, ¶¶ 35-65 and 73-122).
[4] The latest cause of action likely accrued in February, 2017.  (*See* ECF # 218, Page ID 2356, ¶ 122).  Paragraph 105 of the Seventh Amended Complaint appears to contain typographical error referencing November 16, 2017 instead of November 16, 2016.  Regardless, whether the one-year statute of limitations commences on or about February 22, 2017 or November 16, 2017 is immaterial for the analysis in this motion.

"short and plain statement of the claim showing that the pleader is entitled to relief." *In re Regions Morgan Keegan ERISA Litig.*, 692 F. Supp. 2d 944, 952 (W.D. Tenn. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Woodard*, 2008 WL 11318293, at *2 (quoting *Bredesen*, 500 F.3d at 527) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555)).  Plaintiffs' complaint "ultimately must demonstrate 'facial plausibility,' defined as 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Regions*, 692 F. Supp. 2d at 952 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here the plaintiffs' Seventh Amended Complaint joining Tetrus as a defendant utterly fails to meet this threshold.   Based on the facts alleged and the timing of the Seventh Amended Complaint – specifically the accrual of the cause of action per the facts alleged, summarized in Section III, above – the claims against Tetrus are time-barred.

**B. Relation back under Rule 15 of the Federal Rules of Civil Procedure does not apply to the claims against Tetrus.**

Each motion to amend filed by the plaintiffs over the course of this litigation contains a citation to Rule 15(a) of the Federal Rules of Civil Procedure and generally points out that amendments are to be liberally allowed.  (ECF # 136, 167, 190, 213).  However, Rule 15 does not eliminate the operation of the one-year statute of limitations as to Tetrus.

As a general rule, adding a new party "creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Wanke v. Invasix, Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, at *11 (M.D. Tenn. May 19, 2020) (quoting *In re Kent Holland Die Casting & Plating*, 928 F.2d 1448, 1449 (6th Cir. 1991)).  Rule 15 of the Federal Rules of Civil

5

Procedure allows plaintiffs to amend their complaint to change the name of a defendant, and such amended pleading relates back to the original filing date if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) [90 days] for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Pro. 15(c)(1)(A)–(B)(ii).

As to subsection (A), the applicable statute of limitations does not expressly allow relation back. *See* Tenn. Code Ann. § 28-3-104. Most likely the plaintiffs are attempting to rely upon Tennessee's comparative fault statute, Tenn. Code Ann. § 20-1-119. Under certain, limited circumstances this statute allows the joining of new parties after the expiration of the statute of limitations. However, as discussed in the next section, that statute does not apply to the claims against Tetrus. Any reliance on Section 20-1-119 is misplaced.

Subsection (B) by itself does not provide a basis to relate back plaintiffs' claims against Tetrus because plaintiffs named Tetrus as a new party defendant, instead of stating a new or different claim against an existing party. Subsection (C), which deals with parties instead of claims, must be consulted.

Courts in the Sixth Circuit limit the scope of Rule 15(c)(1)(C) to correcting improperly named defendants. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit

precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of [Rule 15(c)(1)(C)]."); *Coulon v. City of Coopertown, et al.*, 2007 WL 9783295 at *4 (M.D. Tenn. 2007) ("[T]he Sixth Circuit has consistently endorsed the general principle that [Rule 15(c)(1)(C)] expressly prohibits a party from adding new defendants after the statute of limitations has expired; rather . . . [it] only allows a party to correct a misnomer by substituting an improper party with the proper party."). One court explained that the "paradigmatic Rule 15(c)(1)(C) case is one in which the plaintiff mistakenly sue[d] party A instead of party B and wishes to swap one for the other as the defendant." *Wanke*, 2020 WL 2542594, at *12 (quoting *Venezia v. 12th & Div. Props., LLC*, 2010 WL 3122787 at *4 (M.D. Tenn. 2010)). Otherwise, "adding a new party, without taking out the old one, creates a new cause of action." *Id.* (citing *Ham v. Sterling Emergency Servs. Of the Midwest, Inc.*, 575 F. App'x 610, 616 & n. 4 (6th Cir. 2014)). The Seventh Amended Complaint filed by the plaintiffs unambiguously seeks to join Tetrus as a new party defendant; it does not substitute Tetrus as a correct defendant in place of another that was mistakenly sued.

*Olmstead v. Fentress Cty.* illustrates the difference between simply adding parties and substituting improper parties for proper parties. In *Olmstead*, the plaintiff alleged that the defendants were deliberately indifferent to his medical needs by not providing him his prescribed medication for hypertension. *Olmstead v. Fentress Cty.*, 2017 WL 4176256 at *1 (M.D. Tenn. 2017). The plaintiff sought to amend his complaint by adding individual county defendants who were previously listed as "John Does" and to correct the name of Candy Norman and Nurse Tony to Candy Price and Nurse Anthony Martin respectively. *Id.* at *3. The court held that the plaintiff could not add the county defendants under Rule 15(c), but could correct the names of

Candy Norman and Nurse Tony. *Id.* at *4–5. The court rejected the motion to join individual county defendants, previously listed as John Doe, and have those claims relate back to the original filing date under Rule 15(c). *Id.* at *4. The addition of new parties, even in the case of naming a John Doe defendant, does not satisfy the mistaken identity requirement under Rule 15(c)(1)(C)(ii). *Id.* However, the court found that "a different conclusion is required" as to correcting the names of Candy Norman and Nurse Tony, reasoning that the amendment to correct their names "is the type of mistake concerning the proper party's identity that Rule 15(c) contemplates." *Id.* at *5 (citing *Chacon v. Clarksville Police Dept'*, 2012 WL 6699655 at *5–6 (M.D. Tenn. 2012) (finding relation back because there was "simply no reasonable dispute that the Complaint and the Amended Complaint relate to and name the same person"); *Johnson v. Skolski*, 2007 WL 141961 at *3 (E.D. Mich. 2007) (finding relation back when the amended complaint sought to correct a misspelling of a defendant's name)).

*Olmstead* demonstrates that courts limit the application of Rule 15(c) to the paradigmatic case: "the plaintiff mistakenly sue[d] party A instead of party B and wishes to swap one for the other as the defendant." *Wanke*, 2020 WL 2542594 at *12 (quoting *Venezia v. 12th & Div. Props., LLC*, 2010 WL 3122787 at *4 (M.D. Tenn. 2010)). If plaintiffs are simply adding new parties, then plaintiffs cannot have the claims of the new defendants relate back to the original filing date. *See Coulon* 2007 WL 9783295 at *2 ("In short, parties can invoke Rule 15(c)(3) to substitute parties, but not add them."); *Bell v. P & B Mfg. Corp.*, 107 F.R.D. 371, 373 (E.D. Tenn. 1985) ("Rule 15(c) permits correction of a misnomer but does not permit a new party to be added or substituted after the applicable statute of limitations."). Here, because plaintiffs are adding Tetrus as a defendant rather than correcting a mistake in identity, Rule 15 does not relate

the claims against Tetrus back to the original filing date.  The claims against Tetrus are time-barred.

## C. Tetrus cannot be joined as a comparative fault tortfeasor pursuant to Tenn. Code Ann. § 20-1-119.

Neither will Tenn. Code Ann. § 20-1-119(a) save the plaintiffs from the running of the statute of limitations.   When comparative fault is an issue, Tenn. Code Ann. § 20-1-119(a) provides for an additional 90 days window in which to join an additional party after the statute of limitations has expired.  For the plaintiffs to take advantage of Tenn. Code Ann. § 20-1-119(a), two criteria must be met: (1) an original defendant, timely sued, must allege comparative fault against (2) an entity not already a party to the lawsuit.  Tenn. Code Ann. § 20-1-119.  These criteria are not met as to Tetrus.

Only Shelby County and Tyler qualify as original defendants under Tenn. Code Ann. § 20-1-119(a).  They are the only two defendants sued prior to the expiration of the one-year statute of limitations.  Therefore, the plaintiffs can take advantage of Tenn. Code Ann. § 20-1-119 only as to non-parties Shelby County and Tyler allege fault against.  Tetrus was first identified in the answer of GTL to the Sixth Amended Complaint, in which GTL alleged fault against Tetrus.[5]  Because GTL is not an original defendant that was timely sued for purposes of Section 20-1-119, its answer does not provide the plaintiffs an additional 90 days to sue Tetrus.  When the Seventh Amended Complaint was filed on June 19, 2019, joining Tetrus as a defendant, it was time barred as to Tetrus.[6]  Tetrus' answer raises the statute of limitations as a defense.

---

[5] No other defendant alleged fault against Tetrus in answers to the Sixth Amended Complaint.

[6] Tyler's answer to the Seventh Amended Complaint, filed on June 27, 2019, did not open up a 90-day window for the plaintiffs to sue Tetrus because Tetrus was then already a party to the lawsuit.  The second criteria of Section 20-1-119 cannot be met.

9

Tennessee courts have defined the scope of Tenn. Code Ann. § 20-1-119. Crucially, only a defendant named in the original complaint or in an amended complaint filed within the applicable statute of limitations can provide the plaintiffs an additional 90 days to join other potential tortfeasors. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 370 (Tenn. 2012). In *Mills*, the plaintiff was injured when he fell out of a chair on April 24, 2002. *Id.* at 364. An original defendant, The Royal Group, filed an answer on January 2, 2004 alleging the comparative fault of Aaron Rents. The plaintiff amended his complaint to join Aaron Rents within 90 days pursuant to Tenn. Code Ann. § 20-1-119. *Id.* Thereafter, on April 4, 2004, Aaron Rents filed an answer alleging comparative fault against Fulmarque, Inc. Only then did the plaintiff amend his complaint again to join Fulmarque as a defendant. *Id.* at 365.

The Tennessee Supreme Court held that the plaintiff could not rely on Tenn. Code Ann. § 20-1-119 to open a 90-day window to add Fulmarque as a defendant. *Id.* The court reasoned that the phrase, "applicable statute of limitations" referred to the underlying cause of action, not the 90-day window, so "the ninety-day period . . . is available to a plaintiff only when a defendant sued within the statute of limitations applicable to the plaintiff's underlying cause of action" alleges fault against another. *Id.* at 369. The Supreme Court concluded the plaintiff could not add Fulmarque as a defendant under Tenn. Code Ann. § 20-1-119 because Aaron Rents, the defendant that alleged fault against Fulmarque, was not sued within the original one-year statute of limitations. *Id.* at 370. The trial court's order granting summary judgment in favor of Fulmarque was reinstated. *Id.* at 371.

Here, the critical pleading is the consolidated Third Amended Complaint filed on July 30, 2018, which named Shelby County and Tyler as defendants. In its answer, Tyler alleged comparative fault against Software AG, Sierra Cedar, and GTL (ECF # 122, Page ID 1293).

10

That prompted plaintiffs' filing of the Fourth Amended Complaint adding those three as new party defendants on January 18, 2019. At that time the statute of limitations for the underlying personal injury claim had expired (the one year statute ran in 2018), but the plaintiffs' claims against these three are not time barred because the Fourth Amended Complaint was filed within the 90-day window opened by Tyler's answer. Months later GTL alleged fault by Tetrus, but GTL was added as a party defendant in 2019 after the statute of limitations for the underlying claim had run. Accordingly, GTL's answer alleging Tetrus' comparative fault does not provide for an additional 90 days for plaintiffs to add Tetrus as a defendant after the expiration of the statute of limitations. *See Mills*, 360 S.W.3d at 370. So, plaintiffs could not add Tetrus as a defendant pursuant to Tenn. Code Ann. § 20-1-119, and the Seventh Amended Complaint against Tetrus was clearly filed after the expiration of the statute of limitations.

  The fact that Tyler, an original defendant, alleged comparative fault against Tetrus in its answer to the Seventh Amended Complaint does not save the plaintiffs. Tennessee courts have construed this statute to apply only to potential defendants who are **not** a party to the lawsuit. *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 453–54 (Tenn. App. 2001). The statute plainly states that a plaintiff may take advantage of a 90-day window only when a named defendant alleges comparative fault against a nonparty. Tenn. Code Ann. § 20-1-119(a). *See Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 50 (Tenn. 2012). Once Tetrus was joined as a party defendant, allegations of fault against it would not provide the plaintiffs with the additional 90-day window. When Tyler answered and alleged comparative fault against Tetrus, Tetrus was already a named defendant. Therefore, the second requirement of the statute fails, and Tyler's answer does not provide the plaintiffs with an additional 90 days to sue Tetrus. Tenn. Code Ann. § 20-1-119(a).

For all the above reasons the plaintiffs may not take advantage of the additional 90 days provided by Tenn. Code Ann. § 20-1-119 to join Tetrus.  Here, the statute of limitations for the underlying claim expired, at the latest, in November 2018, which is well before the plaintiffs sued Tetrus on June 19, 2019.  Therefore, plaintiffs' claims against Tetrus are barred by the one-year statute of limitations for false imprisonment and personal injury.

## V.  CONCLUSION

For the reasons set forth above, the plaintiffs' claims in the Seventh Amended Complaint against Tetrus are barred by the statute of limitations, and Tetrus should be dismissed.

Respectfully submitted,

*/s/ Garrett M. Estep*
Robert A. McLean
Attorney I.D. No. 6516
Garrett M. Estep
Attorney I.D. No. 19078
FARRIS BOBANGO BRANAN PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100

*Counsel for Defendant Tetrus Corp.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following counsel of record via the Court's CM/ECF system, this 31st day of August, 2020:

| | |
|---|---|
| Frank L. Watson, III, Esq. | Michael G. McLaren, Esq. |
| William F. Burns, Esq. | William E. Cochran, Jr., Esq. |
| William E. Routt, Esq. | Brice M. Timmons, Esq. |
| WATSON BURNS, PLLC | BLACK MCLAREN JONES RYLAND & GRIFFEE PC |
| 253 Adams Avenue | 530 Oak Court Drive, Suite 360 |

Memphis, Tennessee 38103
(901) 529-7996
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com

*Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members*

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG Cloud Americas, Inc.*

Memphis, Tennessee 38117
(901) 762-0535
Email: mmclaren@blackmclaw.com
Email: wcochran@blackmclaw.com
Email: btimmons@blackmclaw.com

*Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

| | |
|---|---|
| Albert G. McLean, Esq.<br>Kevin David Bernstein, Esq.<br>SPICER RUDSTROM PLLC<br>119 S. Main Street, Suite 700<br>Memphis, TN 38103<br>901-522-2324<br>Email: amclean@spicerfirm.com<br>Email: kdb@spicerfirm.com<br><br>*Counsel for Defendant Sierra-Cedar, Inc.* | Heather Gwinn-Pabon, Esq.<br>Erin McDaniel, Esq.<br>GORDON REES SCULLY MANSUKHANI<br>3401 Mallory Lane, Suite 120<br>Franklin, TN 37067<br>Email: hgwinn@grsm.com<br><br>*Counsel for Defendant Sierra Systems Group, Inc.* |

*/s/ Garrett M. Estep*