IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ESTATE OF ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>　　　　PLAINTIFFS,<br><br>v.<br><br><br><br><br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>　　　　DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp**<br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**RESPONSE TO DEFENDANT TETRUS CORPORATION'S
MOTION TO DISMISS COMPLAINT**

COME NOW Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, the Estate of Issacca Powell, Keith Burgess, Travis Boyd, and Terrence Drain, on behalf themselves and all similarly situated persons (hereinafter "the Plaintiffs"), by and through the undersigned counsel, and in response to Defendant Tetrus Corporation's (hereinafter "Defendant Tetrus") *Motion to Dismiss* (Dkt. No. 346) filed on August 31, 2020, would respectfully state as follows:

## FACTUAL AND PROCEDURAL HISTORY

On November 17, 2016, following a lengthy period of unlawful detention in the Shelby County Jail, Plaintiff Issacca Powell (now deceased), brought a Class Action Complaint for Civil Rights Violations against Sheriff Bill Oldham alleging systematic abuses of the civil rights of pre-trial detainees.

On January 9, 2017, Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy Melton filed a companion Class Action Complaint for Violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Tennessee Common, alleging causes of action against Sheriff Bill Oldham, Jail Director Robert Moore, Assistant Chief of Jail Security Charlene McGhee, Assistant Chief of Jail Programs Debra Hammons, and Tyler Technologies. Both suits alleged a class of individuals impacted by the iCJIS system beginning on November 1, 2016 and continuing until present.

On March 13, 2017, this Court consolidated the cases and on March 24, 2017, Plaintiffs filed an *Amended Consolidated Class Action Complaint.* (Dkt. No. 43).

On May 4, 2017, after Defendants responded with dispositive motions, Plaintiffs filed a *Second Amended Consolidated Class Action Complaint.* (Dkt. No. 52).

2

On May 25, 2017, Defendants Shelby County, Tennessee, Bill Oldham, Robert Moore, Charlene McGhee, and Debra Hammons filed their *Answer to Plaintiffs' Second Amended Class Action Complaint (D.E. 52)* (Dkt. No. 57) in which they state

> [t]o the extent Plaintiffs are alleging negligence, Defendants assert the doctrine of Comparative Fault. Fault, if any, ***must be apportioned between or among Plaintiffs and any other person or entity, whether or not a party to this action***, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiffs' alleged injuries. (emphasis added).

(Dkt. No. 57, Page ID 363).

On August 7, 2017, well within all Plaintiffs' one-year statutes of limitations and as soon as procedurally practicable, Plaintiffs propounded interrogatories upon Defendants Shelby County, Oldham, and Tyler Technologies. (Dkt. No. 70, Page ID 549). Plaintiffs sought the identity of each and every contractor or vendor involved in or even potentially involved in the implementation of the iCJIS system.

> **<u>INTERROGATORY NO. 11</u>**:  Identify each independent software contractor or vendor from whom Shelby County, whether through its IT Steering Committee or otherwise, requested or received proposals pertaining to the selection and implementation of any of its computer systems.  In doing so, identify each proposal that was submitted along with its terms.

On October 31, 2017, Melvin Ingram and twenty-nine additional plaintiffs filed a Class Action Complaint for Violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Tennessee Common Law. This filing began a period of substantial delay in litigation. Defendants essentially refused to participate in discovery pending the Court's decision regarding the consolidation of the original consolidated class action and the Ingram matter over concerns of duplication of efforts.

On November 6, 2017, Defendants Oldham and Shelby County responded to the above-referenced interrogatory with an objection.

**RESPONSE:** Shelby County objects to this interrogatory on the basis that it seeks information outside the scope of limited class certification discovery permitted at this stage of litigation. This interrogatory is not proportional to the needs and issues related to class certification. As such, this interrogatory is irrelevant, overly broad, and unduly burdensome.

On March 9, 2018, this Court consolidated the Ingram matter with the already pending case.

On July 30, 2018, Plaintiffs filed a consolidated class action complaint, the *Third Amended Complaint* (Dkt. No. 103), Plaintiffs named Defendant Shelby County (hereinafter "Shelby County") and Defendant Tyler Technologies (hereinafter "Tyler") in the *Third Amended Complaint*.

On November 11, 2018, Tyler filed its *Original Answer and Affirmative Defenses to Third Amended Class Action Complaint* (Dkt. No. 122). In its answer, Tyler alleged comparative fault against Software AG, Sierra Cedar, and GTL. (Dkt. No. 122, Page ID 1293).

On January 14, 2019, Tyler responded to interrogatory responses identifying GTL, Sierra-Cedar, and Software AG as contractors and outlined generally the role each played in the development of the iCJIS system. Immediately thereafter, on January 18, 2019, Plaintiffs filed their *Fourth Amended Complaint* (Dkt. No. 138), joining the comparative fault non-party members listed above as defendants under Tennessee's comparative fault principles. On February 19, 2019, Plaintiffs filed their *Fifth Amended Complaint* (Dkt. No. 170) to correct a misnomer related to Software AG. On March 12, 2019, Defendant Sierra-Cedar filed its *Answer to Plaintiffs' Fifth Amended Class Action Complaint* (Dkt. No. 176) which identified Sierra Systems as a non-party potential defendant under Tennessee's comparative fault principles. (Dkt. No. 176, Page ID 1818-19). On May 1, 2019, Plaintiffs filed their *Sixth Amended Complaint* (Dkt. No. 198) which joined Sierra Systems as a defendant. On May 15, 2019, Defendant Global

Tel*Link Corporation (hereinafter "GTL") filed its *Answer to Plaintiffs' Sixth Amended Complaint* (Dkt. No. 209) which specifically alleged comparative fault against Tetrus. This was the first time that Plaintiffs were placed on notice of Tetrus' involvement in the iCJIS development.

On June 19, 2019, Plaintiffs filed their *Seventh Amended Complaint* (Dkt. No. 218) which joined Tetrus as a defendant. On August 6, 2019, Tetrus filed its *Answer to Plaintiff's Seventh Amended Complaint* (Dkt. No. 235) in which it raised the statute of limitations as a defense. On August 21, 2020, Tetrus filed its *Motion to Dismiss Complaint* (Dkt. No. 346) which again asserted the statute of limitations as a defense.

## LEGAL ARGUMENT

### I.      Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for a party to move to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "a formulaic recitation of the elements of a cause of action will not do," the pleading standard in Federal Rule of Civil Procedure 8 does not require a complaint to contain detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This does not rise to a probability standard, but it does require "more than a sheer possibility that a

defendant acted unlawfully." *Id*.

When evaluating a complaint's sufficiency, courts use a three-step process. *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). First, the court must accept all of the plaintiff's factual allegations as true. *Id*. (citing *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007)). Second, the court must draw all reasonable inferences in the plaintiff's favor. *Id*. Third, the court must take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief. *Id*. (citing *Iqbal*, 556 U.S. at 679). If it is at all plausible that a plaintiff would succeed if he proved everything in his complaint, the case proceeds. *Id*. Here, it is very plausible that Plaintiffs will succeed against Tetrus if everything in Plaintiffs' complaint is proven.

## II.      The Discovery Doctrine

Defendant relies upon a peculiarity of Tennessee's comparative fault statute that permits comparative tortfeasors named by original defendants to be added as defendants to an action but bars the addition of defendants where the comparative tortfeasor is named only by a non-original defendant, that is, a defendant that was themselves added following an allegation of comparative fault. Plaintiffs, however, rely on the discovery rule, not the comparative fault statute. Because Plaintiff diligently inquired into the causes and nature of their injuries and brought suit against Tetrus within one year of learning of the general nature of the injury, Plaintiff has brought suit within the applicable statute of limitations.

The discovery rule tolls the statute of limitations. Plaintiffs were not on notice of the general causes of their injuries until Tyler's answer and responses to Plaintiff's interrogatories were filed and/or served on November 11, 2018 and January 14, 2019 respectively. A breach of a legally cognizable duty occurs when plaintiff discovers or "reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced . . .

injury; and (2) the identity of the defendant who breached the duty." *Wyatt v. ACandS, Inc.*, 910 S.W.2d 851, 855 (Tenn. 1995) (quoting *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn. 1982)). "Legally cognizable damages occur when plaintiff discovers 'facts which would support an action for tort against the tortfeasor.'" *Id.*

In the case at bar, Plaintiffs find themselves the victims of a complex set of highly technical failures that led to their unlawful incarceration. Plaintiff Powell brought his initial class action suit against Shelby County within nine (9) days of release from his unlawful incarceration. Plaintiffs were placed on notice that the cause of their incarceration somehow related to the iCJIS system and promptly brought suit against Tyler Technologies, the only contractor of whose identity Plaintiffs were aware on January 9, 2017. Plaintiffs promptly sought the identities of not merely other contractors involved in the iCJIS implementation but any contractor who even had tangential connection to the project. The original defendants actively opposed the disclosure of said information and did not even disclose that multiple contractors were involved in the development of the iCJIS system until Tyler's naming of comparative tortfeasors on November 11, 2018. The nature of GTL's involvement remained unknown to Plaintiff until January 14, 2019 when Tyler identified them as the manufacturer of the jail management software "OMS" in response to interrogatories propounded. Therefore, Plaintiffs, despite their diligence in pursuing their causes of action and uncovering the identity of the potential tortfeasors, remained unaware of GTL's involvement until, at the earliest, November 11, 2019. Plaintiffs remained unaware of Tetrus' involvement until GTL identified them in its answer. Tetrus has no direct contract with Shelby County and is nowhere identified in any responses to Plaintiffs' discovery requests. On information and belief, Tetrus is a subcontractor to GTL and absent the ability to bring the tools of litigation and discovery against GTL, Plaintiff had no ability to learn of "facts which would

support an action for tort against" Tetrus. *Id.* To this day, Plaintiffs remain ignorant of the precise nature of Tetrus' involvement due to the bifurcation of discovery into class and merits categories, but only after GTL's identification on November 11, 2018 or the explanation of their involvement on January 14, 2019 could Plaintiff have even begun to undertake steps to uncover the identity of GTL's subcontractors and agents.

"On occasion, an injury is discovered but its source remains hidden; in those circumstances, courts have tolled the statute of limitations until the plaintiff discovers the identity of the tortfeasor or the source of the injury." *Doe v. Catholic Bishop for the Diocese of Memphis*, 306 S.W.3d 712, 718 (Tenn. Ct. App. 2008). The statute of limitations is an affirmative defense. Therefore, it is Tetrus' burden to prove that Plaintiffs knew or should have known of Tetrus' identity at the time Plaintiffs discovered their injuries. Tetrus has made no argument that Plaintiffs were capable of discovering its identity.

Because Plaintiff was unaware of any facts that would put it on notice that Tetrus had been involved in the implementation of the iCJIS system and diligently pursued the identity and information relating to the roles of iCJIS contractors beginning mere weeks after their unlawful incarceration ended, This Court should find that the discovery rule tolled the statute of limitations as to Tetrus and deny their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant Tetrus Corporation's *Motion to Dismiss* (Dkt. No. 346) in its entirety.

Submitted this 15th day of October 2020.

Respectfully submitted,

8

/s/ *Brice M. Timmons*
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
wcochran@blackmclaw.com

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com

Claiborne Ferguson (Tenn. Bar No. 20457)
Attorney for Plaintiffs and the Class
THE CLAIBORNE FERGUSON LAW FIRM P.A.
294 Washington Avenue
Memphis, Tennesseee 38103
Claiborne@midsouthcriminaldefense.com

Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net
*Counsel for Plaintiffs and the putative Class*
*Members*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing has been filed via the Court's ECF system this 15th day of October, 2020, for service on all persons registered in connection with this case, including:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Meghan Cox, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
mcox@wyattfirm.com
*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons, and Shelby County, Tennessee*

Russell B. Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT OULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37210
bbundren@babc.com
jmurphy@bradley.com
*Counsel   for   Defendant   Global   Tel*Link*
*Corporation*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street, Ste 950
Memphis, Tennessee 38103
(901) 222-2100
Lee.whitwell@shelbycountytn.gov
*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons, and Shelby County, Tennessee*

Douglas F. Halijan, Esq.
William D. Irvine, Esq.
BURCH PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, Tennessee 38103
(901)-524-5000
dhalijan@bpjlaw.com
wirvine@bpjlaw.com
*Counsel for Defendant, Software AG USA, Inc.*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
btrammell@bakerdonelson.com
*Counsel for Tyler Technologies, Inc.*

Kevin D. Bernstein, Esq.
Albert G. McLean, Esq.
SPICER RUDSTROM, PLLC
119 s. Main Street, Suite 700
Memphis, Tennessee 38103
kbernstein@spicerfirm.com
amclean@spicerfirm.com
*Counsel for Defendant Sierra-Cedar, Inc.*

Beth Bivans Petronio, Esq.
K & L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5815
Beth.petronio@klgates.com
*Counsel for Tyler Technologies, Inc.*

Robert A. McLean, Esq.
Garrett M. Estep, Esq.
FARRIS BOBANGO BRANAN, PLC
999 S. Shad Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100
rmclean@farris-law.com
gestep@farris-law.com
*Counsel for Defendant Tetrus Corp.*

Heather Gwinn Pabon, Esq.
GORDON REES SCULLY MANSUKHANI
222 Second Avenue South, Suite 1700
Nashville, Tennessee 37210
(615-772-9010
*Counsel for Defendant Sierra Systems Group, Inc.*

/s/Brice M. Timmons