IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of Themselves and all similarly situated persons<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>DEFENDANTS. | **Case No.: 2:16-cv-2907-SHM/tmp**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, & INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**REPLY MEMORANDUM OF TETRUS CORP. IN SUPPORT OF
ITS MOTION TO DISMISS**

1

Plaintiffs' response essentially concedes the key principles underlying Tetrus' motion to dismiss: (1) the statute of limitations is one year, per Tenn. Code Ann. § 28-3-104; (2) the plaintiffs knew of their alleged injuries, and the source of them, well over one year before Tetrus was sued; (3) relation back under Rule 15 of the Federal Rules of Civil Procedure does not save the claims against Tetrus; and, (4) the requirements of Tennessee's comparative fault statute for joining tortfeasors, Tenn. Code Ann. § 20-1-119(a), is not met.[1]

Only now, not in their motion to amend (ECF # 217-1), do the plaintiffs argue application of the "discovery rule" to save their cause of action against Tetrus. But plaintiffs' tortured interpretation and misguided application of the discovery rule does not fit the facts of this case, and does not save their complaint. The lawsuit against Tetrus must be dismissed.

## ARGUMENT

Tetrus' motion to dismiss (ECF # 346) did not address the discovery rule because it was not raised in the plaintiffs' motion to amend (ECF # 217-1), and the rule plainly cannot apply to the facts of this case. But since plaintiffs have *only now* chosen to make their stand on this argument, Tetrus must only now refute it. Plaintiffs were aware of both the nature of their claimed injuries and the alleged wrongful conduct prior to filing the complaint. For that reason, plaintiffs' belated attempt to rely on the discovery rule to toll the statute of limitations utterly fails.

Tennessee's discovery rule was created to protect a plaintiff from being time-barred from bringing a lawsuit before one knew that he or she had been wrongfully injured. *Mills v. Booth*,

---

[1] Plaintiffs expressly disclaimed reliance on Tennessee's comparative fault statute, Tenn. Code Ann. § 20-1-119, to sue Tetrus, yet the procedural history recited in their response demonstrates that the plaintiffs, in fact, relied upon this statute in amending and joining new defendants over several years. (ECF # 356, Page ID 3721-3722). Now plaintiffs concede that Tennessee's comparative fault statute does not save their complaint against Tetrus.

2

344 S.W.3d 922, 927-928 (Tenn. App. 2011). "[T]he 'discovery rule' is used to extend the time in a situation where the "injury is of a type that is not immediately discoverable, or where the fact of injury has been discovered, but it is not possible to discover the negligence that caused the injury, until after the statute of limitations has passed." *Id.* at 925, citing *Steele v. Tennessee Jaycees, Inc.*, 1995 WL 623067, at *2 (Tenn. App. 1995); *see also Putnam v. Leach*, 572 S.W.3d 605, 609 (Tenn. App. 2018) (The discovery rule only protects plaintiffs who suffer "latent injuries"; it tolls the statute of limitations period "until the plaintiff knows, or reasonably should know, enough information concerning his or her injuries to bring a claim. *See Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn. 1974)"). The focus of the discovery rule is on the injury itself and the act of negligence – not the mere identity of the defendant.

Here there is no doubt that the plaintiffs discovered their alleged injuries immediately, well within the one-year statute of limitations, and that the purported cause was Shelby County's new computer system. (ECF # 218, ¶¶ 83-122, knowledge of alleged injuries to each named plaintiff at the time of their incarceration; ¶¶ 35-43, knowledge of basis of claims against all defendants). There was zero delay in discovering the alleged injuries or conduct which may have caused the alleged injuries. Not being able to argue a delay in discovery of their alleged injuries, or the apparent wrongful conduct involved, plaintiffs instead assert that their ignorance of Tetrus triggers the discovery rule. This is incorrect. The discovery rule is not triggered by plain ignorance of the identity of a defendant, but rather one's lack of notice and awareness of injuries caused by wrongful conduct. *Mills*, 344 S.W.2d at 927-28; *Putnam*, 572 S.W.3d at 609-10; *Schultz v. Davis*, 495 F.3d 289, 292 (6th Cir. 2007); compare *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn. 1982) (discovery rule applied where plaintiff was unable to discover the wrongful conduct that led to diagnosis of an injury until after one year).

The law is clear that the discovery rule is not an unfettered excuse to toll the statute of limitations whenever it is convenient to a plaintiff.  The discovery rule "is not designed to tack on days or weeks to the statute of limitations . . . [because] the statute of limitations would become a nebulous rule with difficult applications, which could be arbitrarily lengthened each time a plaintiff had a temporary difficulty, but was fully competent to file his claim within the statutory period." *Mills*, 344 S.W.3d at 928, citing *Young v. Enerpac*, 299 S.W.3d 815, 816–18 (Tenn. App. 2009).  Courts will only apply the discovery rule when there has been a delay in the discovery of the actual injury. *Wagner v. Int'l Automotive Components Grp. N. Am, Inc.*, 131 F. Supp. 3d 746, 753 (M.D. Tenn. 2015) ("[T]he discovery rule only serves to change a statute of limitations where there is a delay in the discovery of the actual injury."); *Schultz*, 495 F.3d at 292 ("Under the discovery rule . . . the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." (quoting *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680–81 (Tenn. 1990)).

Plaintiffs' argument is contrary to well established law, such as in *Shultz v. Davis*.  Shultz was injured from sheetrock falling on her leg at a house under construction. *Shultz*, 495 F.3d at 291.  Within one year of the injury, a complaint, amended complaint, and second amended complaint were filed against numerous defendants. *Id.*  After the one-year anniversary of the injury, Shultz filed third and fourth amended complaints joining additional possible defendants involved in the construction or ownership of the house where the injury occurred. *Id.*  The defendants joined after the expiration of the one-year statute of limitations filed motions to dismiss, which were granted. *Id.*

Shultz argued that the discovery rule saved her claims against the later named defendants. The federal district court and Sixth Circuit Court of Appeals disagreed. *Shultz*, 495 F.3d at 292-293. First, the injury was "immediate and apparent" when it occurred. *Id.* at 292. Second, Shultz could have reasonably and timely discovered the identity of all potential defendants. *Id.* The Sixth Circuit reasoned that Shultz was put on notice that she was injured as a result of wrongful conduct, "**although she may not have known the specific tortfeasors**." *Id.* at 292–93 (emphasis added). It is plaintiff's obligation to timely identify and sue the proper defendants.

Like *Schultz*, the named plaintiffs in this case were acutely aware of their injuries at the time of occurrence and the alleged role of the computer system in causing the problems at the jail. Even though the plaintiffs may not have identified every potential contractor defendant from the outset, they had ample time to conduct discovery and sue all potential defendants. Indeed, the first lawsuit was filed on or about November 17, 2016, within nine days of Issacca Powell's release from his alleged unlawful incarceration. (ECF # 356, Page ID 3724; ECF # 218, Page ID 2351-52, ¶ 103-04). This is almost a full year prior to the expiration of the statute of limitations. Shelby County's discovery responses cannot be used to justify the plaintiffs' failure to use due diligence and discover the identities of other possible defendants. Reference to an interrogatory to Shelby County, and an objection, is not the entire story. Notably there is nothing in the record suggesting that the plaintiffs filed a motion to compel discovery or took other actions to further investigate contractors and sub-contractors with potential involvement. (ECF # 356, Page ID 3720-3721).

Another analogous case is *Wagner v. International Automotive Components Group*, 131 F. Supp.3d 746 (M.D. Tenn. 2015). Wagner sustained injuries while working as a temporary employee at an automobile factory. He timely sued the factory owner ("IAC") and company that

5

manufactured the machine on which he was injured ("CER"). *Wagner*, 131 F.Supp.3d at 748. In discovery Wagner learned the identity of two other potential defendants involved in the installation of the machine ("MMSS" and "DRM"). MMSS and DRM were sued after the expiration of the one-year statute of limitation, and each promptly filed a motion to dismiss. *Id.* at 748-49. Wagner argued that the discovery rule applied to save his untimely complaint against MMSS and DRM. Citing *Potts v. Celotex Corp.* and *Shultz v. Davis*, the District Court, Judge A. Trauger, rejected Wagner's contention, noting that "the discovery rule only serves to change a statute of limitations where there is a delay in the discovery of the actual injury." *Id.* at 753. The District Court flatly rejected Wagner's argument that the discovery rule applied when he simply did not discover the identity of each potential defendant. *Id.* The plaintiffs in this case are in a similar posture to Wagner, arguing that the discovery rule should apply simply because they failed to timely identify Tetrus as a potential defendant. As in *Wagner*, the appropriate outcome is for Tetrus' motion to dismiss to be granted.

      Plaintiffs cite *Doe v. Catholic Bishop for the Diocese of Memphis* for the proposition that courts may toll the statute of limitations under the discovery rule until "the plaintiff discovers the identity of the tortfeasor or the source of the injury." *Catholic Bishop*, 306 S.W.3d 712, 718 (Tenn. App. 2008). John Doe, at age 37, filed a lawsuit against the Diocese for negligent supervision based upon alleged abuse from a priest when he was a minor child, decades earlier. Doe argued that the discovery rule saved his complaint from being time-barred. Tennessee's Court of Appeals disagreed. Doe was on notice of his injuries and was obligated to investigate them timely. *Id.* at 725. Had Doe timely sued the priest in 1987, he would have then learned of his cause of action against the Diocese for negligent supervision. The court explained that a plaintiff is charged with inquiry notice "of what an investigation of the potential co-defendant

6

would have revealed." *Id.* at 730; *see also Eldridge v. Savage*, 2012 WL 6757941, at *4 (Tenn. App. 2012) ("[I]nquiry notice charges a plaintiff with knowledge of those facts that a reasonable investigation would have disclosed") (internal citations omitted). Accordingly, Doe's claim was barred by the one-year statute of limitations and not saved by the discovery rule. *Id.* at 731.

Here, as stated earlier, plaintiffs, in their initial pleadings, clearly demonstrate that they were aware of 1) their alleged injuries and claims for wrongful incarceration, and 2) that the source of the injury was Shelby County's new computer system. (ECF # 356, Page ID 3724; ECF # 218, ¶¶ 35-43 and 83-122). Extending the discovery rule to toll the statute of limitations for claims against parties who could have been discovered through a reasonable investigation would render the one-year statute of limitations meaningless. The fact that plaintiffs may have been unaware of Tetrus' identity is not the test. The discovery rule does not apply to toll the statute of limitations where, as in this case, the plaintiffs were aware of the harm and the alleged conduct causing the harm when they filed suit. The plaintiffs were on notice at the time of their alleged injuries of the need to timely identify and sue all potential defendants. With regard to Tetrus, they failed.

## **CONCLUSION**

Plaintiffs' claims against Tetrus are barred by the statute of limitations, and Tetrus' motion to dismiss should be granted.

Respectfully submitted,

*/s/ Garrett M. Estep*
Robert A. McLean
Attorney I.D. No. 6516
Garrett M. Estep
Attorney I.D. No. 19078
FARRIS BOBANGO BRANAN PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100
*Counsel for Defendant Tetrus Corp.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following counsel of record via the Court's CM/ECF system, this 29th day of October, 2020:

| | |
|---|---|
| Frank L. Watson, III, Esq.<br>William F. Burns, Esq.<br>William E. Routt, Esq.<br>WATSON BURNS, PLLC<br>253 Adams Avenue<br>Memphis, Tennessee 38103<br>(901) 529-7996<br>Email: fwatson@watsonburns.com<br>Email: bburns@watsonburns.com<br>Email: wroutt@watsonburns.com | Michael G. McLaren, Esq.<br>William E. Cochran, Jr., Esq.<br>Brice M. Timmons, Esq.<br>BLACK MCLAREN JONES RYLAND & GRIFFEE PC<br>530 Oak Court Drive, Suite 360<br>Memphis, Tennessee 38117<br>(901) 762-0535<br>Email: mmclaren@blackmclaw.com<br>Email: wcochran@blackmclaw.com<br>Email: btimmons@blackmclaw.com |
| *Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members* | *Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members* |
| Robert E. Craddock, Esq.<br>Odell Horton, Jr., Esq.<br>WYATT, TARRANT & COMBS, LLP<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, Tennessee 38120<br>(901) 537-1000<br>Email: rcraddock@wyattfirm.com<br>Email: ohorton@wyattfirm.com | Emmett Lee Whitwell, Esq.<br>SHELBY COUNTY ATTORNEY'S OFFICE<br>160 N. Main Street<br>Suite 950<br>Memphis, TN 38103<br>(901) 222-2100<br>Email: lee.whitwell@shelbycountytn.gov |
| *Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee* | *Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee* |

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG Cloud Americas, Inc.*

Albert G. McLean, Esq.
Kevin David Bernstein, Esq.
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
Email: amclean@spicerfirm.com
Email: kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Heather Gwinn-Pabon, Esq.
Erin McDaniel, Esq.
GORDON REES SCULLY MANSUKHANI
3401 Mallory Lane, Suite 120
Franklin, TN 37067
Email: hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*

*/s/ Garrett M. Estep*

9