IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>　　　　PLAINTIFFS,<br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>　　　　DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp**<br><br>**(Hon. Judge Samuel H. Mays)** |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND CLASS ACTION SETTLEMENT PROCEDURES ("PRELIMINARY APPROVAL MOTION")**

Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all other similarly situated persons ("Plaintiffs"), by and through their Rule 23(g)(3) appointed Interim Class Counsel, and Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, in their individual and/or official capacities, and Shelby County, Tennessee ("County Defendants"), and Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp. (the "Vendor Defendants") (collectively, the County Defendants and Vendor Defendants are referred to herein as the "Defendants"), by and through their respective attorneys, respectfully move for preliminary approval of the settlement of this class action as provided herein.

## INTRODUCTION

Through this Motion, Plaintiffs and Defendants seek preliminary approval of the terms of the Stipulation and Settlement Agreement dated April 2, 2021 (the "Settlement"), a fully executed copy of which is attached hereto as **Exhibit No. 1** (along with Exhibits A – E attached thereto).[1]  For the reasons set forth below, the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class Members, and it warrants this Court's preliminary approval. The Parties respectfully request that the Court enter the proposed Preliminary Approval Order attached as Exhibit D to the Settlement.  More specifically, the parties request that the Court do

---

[1]   Unless otherwise defined herein, capitalized terms used herein have the meanings defined in the Settlement.

the following:

(1)    Preliminarily approve of the Settlement as fair, reasonable, adequate and in the best interests of the Class Members;

(2)    Preliminarily certify, for purposes of settlement only, the Settlement Class;

(3)    Preliminarily appoint Interim Class Counsel as Settlement Class Counsel and approve of compensation for Class Counsel as contemplated by the Settlement;

(4)    Preliminarily appoint the named Plaintiffs as Class Representative Plaintiffs and approve of Incentive Awards as contemplated by the Settlement;

(5)    Approve of the issuance of Class Notice to Class Members via publication and determine that such Notice complies with all requirements, including, but not limited to, Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution;

(6)    Approve of the form of notice provided pursuant to the Class Action Fairness Act as reasonable and appropriate under the circumstances;

(7)    Approve of and designate CMM Settlement Solutions as the Administrator and order that firm to disseminate, in accordance with the terms of the Settlement and  Preliminary Approval Order, the Class Notice;[2]

(8)    Require Class Members who wish to object to the Settlement to submit a timely written objection by a deadline and advise that a failure to do so shall prevent those Class Members from objecting to the Settlement;

(9)    Require any Class Member who objects to the Settlement and wishes to appear at the Final Approval Hearing to file a notice of intent to appear;

(10)    Set a Claim Deadline and a deadline and procedure by which Class Members can opt out or exclude themselves from the Settlement Class;

(11)    Authorize the Parties to take all necessary and appropriate steps to implement the Settlement; and

(12)    Schedule a Final Approval Hearing.

---

[2]    The Parties obtained numerous bids for the role as administrator.  CMM Settlement Solutions submitted the best and lowest cost bid based on the services the Parties will require.  In addition, CMM Settlement Solutions is an experienced claims administrator who is familiar to counsel and who has worked with Class Counsel in similar class action administrations.

## BACKGROUND AND SETTLEMENT TERMS

This is a class action brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law asserted by Plaintiffs in a Class Action Complaint initially filed on November 17, 2016. Several separate suits were consolidated in this Court under docket 2:16-cv-2907 (the "Action"). *See* ECF Nos. 41, 42, 85, 89, 101. The Class Action Complaint was thereafter amended on seven occasions, concluding with the operative Seventh Amended Class Action Complaint. ECF No. 218. The Parties have vigorously litigated this case for over five years and, in doing so, have engaged in significant class discovery, including, but not limited to, extensive ESI document exchange and review and discovery pertaining to the size of the putative class. Files related to over 72,000 detainees were made available for production, electronically hosted on software licensed to Interim Class Counsel, and reviewed for purposes of depositions. The Parties conducted eighteen depositions and engaged in substantial motion practice and hearings to resolve a number of discovery issues that arose over the course of this litigation.

Thereafter, the parties formally mediated this case with John Golwen of Bass, Berry & Sims over the course of four separate days and continued to negotiate through the mediator thereafter for several weeks. Over the course of mediation, Plaintiffs negotiated and reached an agreement in principle with the Defendants on the terms of a class settlement of claims in this Action.

The overall terms of the Settlement can be summarized as follows:

- The Parties agree to the certification of a settlement class for purposes of settlement only;

- The Settlement Class is comprised of all individuals who, from November 1, 2016 to the date of the Final Approval Hearing, were detained in

4

confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees (the "Settlement Class").[3]

- The Defendants will collectively pay a Gross Settlement Amount of $4,900,000 in accordance with the Defense Allocations outlined in paragraph 4.2 of the Settlement;

- Class Members who submit approved claims shall be entitled to (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. No Class Member shall be eligible to receive more than $75,000 total from the Net Settlement Amount. Compensation for Day 1 shall be paid to Class Members who were Over Detained between 9 and 24 hours. Individuals claiming over detention of less than 9 hours are Class Members and shall benefit from the injunctive relief described below;

- Class Counsel shall be permitted to petition the Court for legal fees and expenses of $2,400,000 for Class Counsel and for Incentive Awards of $17,500 for each of the eight Class Representative Plaintiffs, which amounts will be funded out of the Gross Settlement Amount;

- The Parties shall retain an Administrator for purposes for giving notice to Class Members and receiving, evaluating and paying claims and the administration fees in an amount not to exceed $300,000, which shall be funded out of the Gross Settlement Amount;

- The remainder of the Gross Settlement Amount, after the payment of attorneys' fees, Incentive Awards and administrative costs, shall be made available to pay eligible Class Members that submit timely claims in accordance with the claims procedures and deadlines set forth in the Settlement and in this Court's orders;

---

[3] Excluded from the Settlement Class are: (i) any person who has filed and has pending any case asserting individual claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over-detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

- Any funds remaining after the payment of all eligible and timely claims shall revert back to the Defendants in the percentages outlined in the Defense Allocations in paragraph 4.2 of the Settlement;

- To the extent the amount of eligible and timely claims exceed the Net Settlement Amount, payments to Class Member shall be reduced on a pro rata basis. If the total amount of eligible and timely claims exceed $3 million, Class Counsel shall be permitted to terminate the Settlement with the express written consent of 6 of the 8 named Plaintiffs;

- The County Defendants agree to the injunctive relief outlined in paragraph 4.6 of the Settlement. In short, the Shelby County Sheriff's Office has agreed to certain processes and procedures designed to minimize the likelihood of future Over Detention in the Shelby County Jails.

- Notice in the form attached to the Settlement as Exhibits B and C to potential Class Members shall be made by publication in the Commercial Appeal, Memphis Flyer, and Tri-State Defender for two consecutive weeks and shall be published on a website created by the Administrator. Advertising via use of an internet banner shall also be employed;

- Class Members shall be permitted to opt out and exclude themselves from the Settlement Class. If the number of opt outs reaches a certain confidential threshold, Defendants can exercise an option to terminate the Settlement if at least 80% of the Defendants (calculated by percentage of Defense Allocation) agree; and

- The Parties will enter into appropriate releases and dismiss the Action with prejudice.

## I.   THE COURT SHOULD PRELIMINARILY APPROVE, FOR PURPOSES OF SETTLEMENT ONLY, THE CERTIFICATION OF THE CLASS

The proposed Settlement comes prior to formal class certification and seeks to certify a class simultaneous with a settlement, commonly referred to as a "settlement class." As such, this Court must first ensure that the proposed class certification meets the requirements of Rule 23(a) and (b)(3), with the exception that the Court need not consider, in analyzing a proposed settlement class, whether trial would present intractable management problems. *See generally* NEWBERG ON CLASS ACTIONS 5th Ed. § 13:12 (Dec. 2019 Update) (hereafter "NEWBERG"); Wright and

Miller, 7B FEDERAL PRAC. AND PROC. § 1797:2 (3rd ed. Aug. 2019) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)).

While the Supreme Court reiterated that a trial court must conduct a "rigorous analysis" to confirm that the requirements of Rule 23 have been met, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), the requisite "rigorous analysis" of the record and consideration of the merits must be focused on and limited to the question whether Rule 23's requirements have been established and here, in the context of a proposed settlement class. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851-52 (6th Cir. 2013). Permissible inquiry into the merits of plaintiffs' claims at the class certification stage is limited, and district courts may not turn the class certification proceedings into a dress rehearsal for the trial on the merits. *Id*. at 851-52.

### A.   THE SETTLEMENT MEETS THE REQUIREMENTS OF RULE 23(A)

### 1.   NUMEROSITY

Where there are likely more than 40 class members, numerosity is presumptively satisfied. NEWBERG § 3:12. When analyzing numerosity, a district court uses its common sense. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012). Only a "reasonable estimate" is required to establish numerosity. *Bentley v. Honeywell Intern., Inc.*, 223 F.R.D. 471, 480 (S.D. Ohio 2004).

As established in declaration attached hereto as Exhibit 2, the number of persons booked into the Shelby County Jail between November 1, 2016 through March 30, 2021, was 72,975. (Declaration of Emmett Lee Whitwell ("Whitwell Decl.") ¶6). There is no way to easily determine how many of these detained individuals qualify as Class Members. *Id.* The only way to determine

the precise number of Class Members who meet this threshold would be to individually review each inmate/detainee's court jacket and jail record, which would be a burdensome and extremely costly undertaking. (Whitwell Dec. ¶7). Based on a random sampling, the Parties believe it is fair to estimate the total number of Class Members eligible for monetary relief to be approximately 3,500. (*Id.* at ¶9) This estimate is affected by the fact that the vast majority of persons who may have been over-detained as a result of the implementation of the new computer system were booked no later than June 1, 2017 based upon various adjustments made by the County and Defendants regarding the new computer system, processing of detainees, etc. (*Id.* at ¶10) Numerosity is, therefore, present here.

### 2.    <u>COMMONALITY</u>

Commonality only requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, plaintiffs' "claims must depend upon a common contention . . . that is capable of class wide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "[E]ven a single common question will do." *Id*. at 359.

Here, Plaintiff contends that the claims of the Class members raise numerous issues of fact and/or law, thereby satisfying the requirements of Rule 23. These common legal and factual questions, which Plaintiffs contend may be determined without the necessity of resolving individualized factual disputes concerning any Class Member, include, but are not limited to, questions concerning the following issues: Those questions include, but are not limited to: (i) whether the U.S. Constitution protects arrestees' right to be released from detention after the time when legal authority for detention has ceased; (ii) whether one or more of the Defendants was

negligent in the November 2016 implementation and/or operation of a new computer system involving the Shelby County Jail.

### 3.    <u>TYPICALITY</u>

A representative's claim is typical if it arises from the same conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Beattie v. Century Tel., Inc.*, 511 F.3d 554, 561 (6th Cir. 2007); *Kerns*, 2007 WL 2044092, at *5. "[F]or the district court to conclude that the typicality requirement is satisfied, "a representative's claims need not always involve the same facts or law, provided there is a common element of fact or law." *Gaynor v. Miller*, 2018 WL 375606, at *9 (E.D. Tenn. Aug. 6, 2018); *Kerns*, 2007 WL 2044092, at *5-6.

Here, Plaintiffs assert that their claims are typical of the Class Members because they have a common source and rest upon the same legal and remedial theories. For example, like the Plaintiffs, each Class Member was allegedly over detained at the Shelby County Jail during the class period. Accordingly, "as goes the claim[s] of the named plaintiff[s], so go the claims of the class." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998).

### 4.    <u>ADEQUACY</u>

Adequacy under Rule 23(a)(4) is satisfied where a proposed class representative: (1) does not have conflicts with other members of the class, and (2) has retained qualified counsel. *Young*, 693 F.3d at 543. Here, Plaintiffs' interests are aligned with the Class Members. There are no conflicts between members of the Class. Further, Plaintiffs have retained competent counsel experienced in class action litigation to represent the Class Members.[4] Indeed, this Court has

---

[4]    *See* Seventh Amended Complaint (ECF No. 218) at paragraphs 134-135 for a detailed listing of Class

already recognized the adequacy of Class Counsel by appointing them Interim Class Counsel on June 29, 2018.  ECF No. 101.

## B.  THE SETTLEMENT MEETS THE REQUIREMENTS OF RULE 23(B)(3)

To qualify for certification under Rule 23(b)(3), a settlement class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy.  *Amchem*, 521 U.S. at 615.  Again, in a settlement class situation, the Court does not inquire whether the "case, if tried, would present intractable management problems, for the proposal is that there be no trial."  *Id*. at 620.

Here, Plaintiffs contend that common factual and legal issues predominate.  Plaintiffs and the Class Members allege a common cause of injury caused by a common course of conduct by Defendants.  In addition, Plaintiffs allege that class action treatment would also be superior to other available methods for the fair and efficient adjudication of this matter, especially in the settlement context.  Individual litigation of the claims by all Class Members would be economically unfeasible and procedurally impracticable.  The superiority of class certification over other available methods is measured by consideration of certain factors, including: the class members' interests in controlling the prosecution of individual actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability of concentrating the litigation of various claims in the particular forum; and the likely difficulties in

---

Counsel's class action and other experience.

managing a class action.  *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cty., Tennessee v.
Momenta Pharm., Inc.*, 333 F.R.D. 390, 414 (M.D. Tenn. 2019).

As the Sixth Circuit has explained, "'[t]he policy at the very core of the class action
mechanism is to overcome the problem that small recoveries do not provide the incentive for any
individual to bring a solo action prosecuting his or her rights.'"  *Hicks v. State Farm Fire & Cas.
Co.*, 2019 WL 846044, at *6 (E.D. Ky. Feb. 21, 2019), *aff'd and remanded*, 2020 WL 3888156
(6th Cir. July 10, 2020) (citing *Young*, 693 F.3d at 545 (quoting *Amchem*, 521 U.S. at 617).  Where,
as here, "it is not economically feasible to obtain relief within the traditional framework of a
multiplicity of small individual suits for damages, aggrieved persons may be without any effective
redress unless they may employ the class-action device."  *Id*. (internal quotation marks and
citations omitted).

In sum, for settlement purposes only, all of the requirements of Rule 23 are satisfied.  The
next step is for the Court to analyze whether the proposed settlement warrants preliminary approval
pursuant to Rule 23(e).

## II.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL PURSUANT TO RULE 23(E)

The Settlement Agreement is fair, reasonable, and adequate—resulting from extensive,
arm's length negotiations by experienced counsel.  Rule 23(e) was recently amended to codify the
factors that affect whether a court should approve a class action settlement, including for a class
that has not yet been certified.  In the context of preliminary approval, the amendments direct
putative class counsel to provide the court with information sufficient to enable the court to
determine that the settlement is fair, reasonable and adequate; that certification for purposes of

11

settlement is warranted; and that notice is justified because the court will likely grant final approval to the settlement. These amendments largely mirror current practice under applicable law. As discussed below, courts in the Sixth Circuit have applied similar principles as part of the analysis of preliminary approval motions for many years. All such factors weigh in favor of preliminary approval here.

According to the amendments to Rule 23, before notice can issue, the putative class representative must demonstrate "that the Court will likely be able to" approve the settlement under Rule 23(e)(2); and (ii) "certify the class for purposes of judgment" arising from the settlement. Fed. R. Civ. P. 23(e)(1)(B). Under Rule 23(e)(2), a court may only approve a settlement based on a finding that the proposed settlement is "fair, reasonable and adequate" after considering whether:

(A)   the class representatives and class counsel have adequately represented theclass;
(B)   the proposal was negotiated at arm's length;
(C)   the relief provided for the class is adequate, taking into account:
    (i)   the costs, risks, and delay of trial and appeal;
    (ii)   the effectiveness of any proposed method of distributing relief tothe class, including the method of processing class member claims;
    (iii)   the terms of any proposed award of attorney's fees, includingtiming of payment; and
    (iv)   any agreement required to be identified under Rule 23(e)(3); and
(D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e). These factors overlap with the factors that courts in the Sixth Circuit have considered on preliminary and final approval, which include:

(1)   the likelihood of success on the merits weighed against the amount andform of relief in the settlement;
(2)   the complexity, expense and likely duration of the litigation;
(3)   the opinions of class counsel and class representatives;

(4)     the amount of discovery engaged in by the Parties;
(5)     the reaction of absent class members;
(6)     the risk of fraud or collusion; and
(7)     the public interest.

*In re Packaged Ice Antitrust Litig.*, 2011 WL 717519, at *8 (E.D. Mich. Feb. 22, 2011)(quotation marks and citations omitted).   "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case."  *Id.* (internal quotation marks and citation omitted).

A court is not required at the preliminary approval stage to determine whether it will ultimately approve the settlement, but only whether "the proposed settlement will likely earn final approval."  *See* Fed. R. Civ. P. 23(e)(1) Adv. Comm. Note.  As set forth in detail below, preliminary consideration of the Rule 23(e) factors and the Sixth Circuit factors support preliminary approval here.

### A.     <u>Likelihood of Success on the Merits</u>

This factor analyzes whether there were risks that the class would not be certified or, if certified, potentially decertified.  It also analyzes whether the class, if certified, would be able to establish liability or damages, and whether the Defendants have vigorously defended the lawsuit and whether there were risks.  *Blasi v. United Debt Serv., LLC,* 2019 WL 6050963, at *7 (S.D. Ohio Nov. 15, 2019).  This case has been hotly contested.  Although Plaintiffs' counsel has a high level of confidence in establishing liability, Defendants vigorously deny any liability and maintain that Plaintiff's likelihood of success is uncertain at best.  There are still factual and legal hurdles that remain in this case if it does not settle.  *See In re Packaged IceAntitrust Litig.*, 2011 WL

717519, at *8 (remaining factual and legal hurdles in complex case in part led court to hold that proposed settlement fell within range of reasonableness, fairness, and adequacy under Rule 23).

In light of the uncertainty of liability and the unlikelihood that individual Class Members would pursue litigation on their own, the proposed Settlement here is fair, reasonable, adequate and in the best interests of the Class Members. Class Members who were Over Detained for more than 9 hours who timely submit their claims will receive significant compensation: (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. In addition, all Class Members will benefit from the injunctive component of the Settlement, which requires Shelby County to undertake certain measures to ensure that individuals are not Over Detained in the future.

The Parties extensively analyzed and negotiated the compensation to be paid to eligible Class Members, taking into account the anticipated amount of the Net Settlement Amount and the estimate of 3500 Class Members. Based on this analysis, Counsel for both Parties submit that the compensation and related terms of the Settlement are fair, reasonable, adequate and in the best interests of the Class Members.

### B.   Complexity, Expense and Likely Duration of the Litigation

"Most class actions are inherently complex." *Moore v. Aeroteck, Inc.*, Case No. 2:16-1066. 2017 WL 2838148, at *8 (S.D. Ohio June 30, 2017). This hard-fought, five-year-old lawsuit, would certainly continue for several additional years in trial and appellate courts. There are seven separate Defendants, each with their own sophisticated legal counsel. Plaintiffs too have retained multiple counsel with well-known class action practices. The allegations involve not only complex

Constitutional legal issues, but also involve factual issues related to multiple, complicated computer systems.  This factor certainly weighs in favor of approval of the Settlement.

### C.        Opinions of Class Counsel And Class Representative

As noted, Plaintiff has retained competent counsel experienced in class action litigation to represent the Class Members in this litigation.  Courts give weight to the recommendation of experienced counsel for the Parties in evaluating the adequacy of a settlement.  *Blasi*, 2019 WL 6050963 at *7; *Does 1-2 v. Déjà Vu Services, Inc*., 925 F.3d 886, 899 (6th Cir. 2019).

Class Counsel has concluded that it is in the best interests of the Class Members that the claims asserted by Plaintiffs against Defendants in the Action be resolved on the terms and conditions set forth in the Settlement.  After extensive consideration and analysis of the factual and legal issues presented in the Action, and extensive settlement negotiations, Class Counsel has reached the conclusion that the benefits that Class Members will receive as a result of this Settlement are a fair, reasonable and adequate result in light of the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success at trial.

While Defendants deny any liability, nonetheless, Defendants concur that, under the circumstances, the Settlement is fair, reasonable and adequate and properly takes into the consideration the uncertainty and risks for continued litigation.

### D.        The Amount of Discovery

The Parties have vigorously litigated this case for over five years and, in doing so, have engaged in significant class discovery, including, but not limited to, extensive ESI document exchange and review and discovery pertaining to the size of the putative class.  Files relating to over 72,000 detainees were made available for production, electronically hosted on software

licensed to Interim Class Counsel, and reviewed for purposes of depositions. The Parties conducted eighteen depositions and engaged in substantial motion practice and hearings to resolve a number of discovery issues that arose over the course of this litigation.

### E.   The Reaction of Absent Class Members

The reaction of absent class members cannot be determined prior to notice.

### F.   The Risk of Fraud or Collusion

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *Bowers v. Windstream Ky. East, LLC*, 2013 WL 5934019, at *2 (W.D. Ky. Nov. 1, 2013). There is no indicia of fraud or collusion as the class settlement negotiations were structured to follow the highest ethical standards.

### G.   The Public Interest

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Dick v. Sprint Comm. Co., LLC*, 297 F.R.D. 283, 297 (W.D. Ky. 2014); *see also Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *5 (E.D. Mich. Dec. 12, 2013).

### III.   THE PROPOSED CLASS NOTICE, FORMS, AND PROCEDURES PROVIDE ADEQUATE NOTICE TO THE SETTLEMENT CLASS MEMBERS AND SATISFY DUE PROCESS

Pursuant to Rule 23(e), the court must "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." Fed. R. Civ. P. 23(e)(1)(B). Notice of a class action settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The notice

must be the "best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. P. 23(c)(2)(B).

Here, notice by publication is the best notice practicable under the circumstances. As explained fully in the Whitwell Declaration, notice by mail in this case would be unduly burdensome, expensive, and impractical. (Whitwell Decl. ¶¶ 5-14). Indeed, "[b]ecause of the unique circumstances of this class and the record-keeping at the Shelby County Jail, it is not practical or feasible and would be extremely time consuming and expensive to provide mail notice to Class Members. Given the historically transient nature of the Shelby County Jail's population, as well as the small proportion of Class Members who will ultimately be eligible for monetary relief as explained below, requiring notification of Class Members by mail also would be unduly burdensome." (Whitwell Decl. ¶ 5).

The number of persons booked into the Shelby County Jail during the class period, November 1, 2016 through March 30, 2021, is 72,975. (Whitwell Decl. ¶6) There is no way to easily determine how many Class Members booked during this time period may have a valid claim for monetary relief. (*Id.* at ¶7) Pursuant to the parties' proposed settlement terms, only inmates who were detained for 9 hours or more after legal authority for detention ceased are eligible for monetary relief.[5] (*Id.*) The only way to determine the number of Class Members who meet this threshold would be to individually review each inmate/detainee's court jacket and jail record to

---

[5]    Individuals detained less than 9 hours still get the benefit of the injunctive relief in the Settlement.

determine the amount of time the claimant spent in jail and the amount of time from when legal authority for the detention ceased (usually based on an order from a court) until the actual time that the detainee was released (jail records).  (*Id.*) Some of the relevant records are maintained in hard copy and others are maintained electronically; both would need to be reviewed to accurately and fully obtain the information.  (*Id.*)  Even if such review could be completed in an average of 20 minutes per detainee, reviewing all 72,975 jackets and jail records at 8 hours a day, with 2 persons reviewing files full time, would take nearly 6 years.  (*Id.*)  Such an undertaking, if the persons reviewing files were paid the current minimum wage, would cost Shelby County taxpayers approximately $175,000. (*Id.*)

Mail notice is also impractical and infeasible for a number of reasons. First, a number of the files may lack information or contain inaccurate information.  Some inmates/detainees intentionally provide incorrect or outdated addresses or are homeless when arrested.  Second, mail notice is also hampered by the fact that many of the inmates/detainees are transient.  Third, at the bulk mail rate of $0.46 per letter, it would cost approximately $33,300 in mailing costs just to submit mail notice to all persons who were booked into the Shelby County Jail during the class period.  Fourth, there is legitimate concern for fraud if these notices are mailed to all 72,975 individuals arrested during the time period.  The potential claimants are people who have been arrested, many of whom have been convicted (in some instances more than once).  Thus, under the circumstances, notice by publication represents the "best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips*, 472 U.S. at 811-12.

The form and the manner of the proposed Class Notice, Claim Form, and Opt-out Form, have been negotiated and agreed upon by all counsel.  The Class Notice will inform Settlement Class Members of, among other things: (1) appropriate information about the nature of this

litigation, the Settlement Class, Plaintiff's counsel, and the essential terms of the Settlement; (2) appropriate information about Plaintiffs' counsel's forthcoming application for attorneys' fees and the incentive award; (3) appropriate information about how to participate in or opt-out of the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement; (5) appropriate information about how to challenge or opt out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation and the Settlement.  Therefore, the proposed Class Notice is adequate and should issue accordingly.

In addition to publication notice, the Parties have given proper notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  (Declaration of S. Conaway ¶¶ 2-4, attached as Exhibit 3 ("Conaway Decl.)).  More specifically, the Parties gave notice of the Settlement to the U.S. Attorney General and to the attorneys general of 41 states.  In order to determine which states to provide notice to, the Parties calculated the number of likely Class Members in each state by reviewing arrest data for the relevant time period by state and applying the relevant percentages to the estimated number of Class Members.  The notice also otherwise complied with all the requirements of 28 U.S.C. § 1715.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed Order Granting Motion for Preliminary Approval of Class Action Settlement, Certifying Settlement Class, Directing Class Notice, and Scheduling Final Approval Hearing submitted herewith and specifically including in that order the following:

(1)     Preliminarily approve of the Settlement as fair, reasonable, adequate and in the best interests of the Class Members;

(2)     Preliminarily certify, for purposes of settlement only, the Settlement Class;

(3)     Preliminarily appoint Interim Class Counsel as Settlement Class Counsel and approve of compensation for Class Counsel as contemplated by the Settlement;

(4)     Preliminarily appoint the named Plaintiffs as Class Representative Plaintiffs and approve of Incentive Awards as contemplated by the Settlement;

(5)     Approve of the issuance of Class Notice to Class Members via publication and determine that such Notice complies with all requirements, including, but not limited to, Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution;

(6)     Approve of the form of notice provided pursuant to the Class Action Fairness Act as reasonable and appropriate under the circumstances;

(7)     Approve of and designate CMM Settlement Solutions as the Administrator and order that firm to disseminate, in accordance with the terms of the Settlement and  Preliminary Approval Order, the Class Notice;

(8)     Require Class Members who wish to object to the Settlement to submit a timely written objection by a deadline and advise that a failure to do so shall prevent those Class Members from objecting to the Settlement;

(9)     Require any Class Member who objects to the Settlement and wishes to appear at the Final Approval Hearing to file a notice of intent to appear;

(10)    Set a Claim Deadline and a deadline and procedure by which Class Members can opt out or exclude themselves from the Settlement Class;

(11)    Authorize the Parties to take all necessary and appropriate steps to implement the Settlement; and

(12)    Schedule a Final Approval Hearing.

20

Dated: May 12, 2021


Respectfully submitted,


_____ s/ Michael G. McLaren _____
Michael G. McLaren (#5100)
William E. Cochran, Jr. (#21428)
Brice M. Timmons (#29582)
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 (Fax)
Email: mmclaren@blackmclaw.com
Email:  wcochran@blackmclaw.com
Email: btimmons@blackmclaw.com

_____ s/ Frank L. Watson, III _____
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com
Email: wroutt@watsonburns.com


_____ s/ Brice M. Timmons _____
Brice M. Timmons (TN Bar #29582)
DONATI LAW, PLLC
1545 Union Ave.
Memphis, TN  38104
(901) 209-5500
(901) 278-3111
Email:  brice@donatilaw.com

*Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members*

_____ s/ Robert E. Craddock _____
Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Megan M. Cox, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com
Email: mcox@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

_____ s/ Emmett Lee Whitwell _____
Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

_____ s/ Bradley E. Trammell _____
Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

_____ s/ Beth Bivans Petronio _____
Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email:beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

_____ s/ Douglas F. Halijan _____
Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG Cloud Americas, Inc.*

_____ s/ R. Brandon Bundren _____
R. Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@bradley.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

  s/ Albert G. McLean
Albert G. McLean, Esq.
Kevin David Bernstein, Esq.
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
Email: amclean@spicerfirm.com
Email:  kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

  s/ Robert A. McLean
Robert A. McLean
Garrett M. Estep
**FARRIS BOBANGO BRANAN PLC**
999 S. Shady Grove Road, Suite 500
Memphis, TN 38120
(901) 259-7100
rmclean@farris-law.com
gestep@farris-law.com

*Counsel for Defendant Tetrus Corp.*

  s/ Heather Gwinn-Pabon
Heather Gwinn-Pabon
Erin McDaniel
**GORDON REES SCULLY MANSUKHANI**
3401 Mallory Lane, Suite 120
Franklin, TN 37067
hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*