## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, AUBREY L. BROWN, as administrator ad litem of the Estate of ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby county , Tennessee; FLOYD BONNER, JR., in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as the Jail Director of Shelby County, Tennessee; CHARLENE MCGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as the Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as form Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD, in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, GLOBAL TEL*LINK CORPORATION, a foreign corporation, SOFTWARE AG USA, INC., a foreign corporation, SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation, and TETRUS CORP, a foreign corporation.<br>Defendants.<br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 2:16-cv-2907-SHM/tmp**

**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)**

# STIPULATION AND CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**Dated:  April 2, 2021**

## TABLE OF CONTENTS

1.0   RECITALS ............................................................................................................. 3

2.0   DEFINITIONS ...................................................................................................... 5

3.0   CONDITIONS ...................................................................................................... 12

    3.2  Condition No. 1:  Approvals ....................................................................... 12

        3.3.1  Motion for Preliminary Approval ................................................... 12

        3.3.2  Settlement Class Certification......................................................... 12

        3.3.3  Entry of Preliminary Approval Order ............................................. 12

    3.4  Final Approval Hearing ............................................................................... 13

    3.5  Condition No. 2:  Finality of Judgment ...................................................... 14

    3.6  Condition No. 3:  Approval of Shelby County Commissioners ................... 14

    3.7  Stay of Proceedings..................................................................................... 14

4.0   SETTLEMENT CONSIDERATION ................................................................... 14

    4.5  Opt Out......................................................................................................... 17

    4.6  Injunctive Relief........................................................................................... 17

5.0   NOTICE................................................................................................................ 17

    5.1  CAFA ........................................................................................................... 17

    5.2  Class Notice ................................................................................................. 18

    5.3  Settlement Website ....................................................................................... 18

    5.4  Toll-free Number .......................................................................................... 19

6.0   SUBMISSION OF CLAIM FORMS ................................................................... 20

7.0   CLAIMS ADMINISTRATION AND PAYMENTS............................................. 22

    7.1  Claims Determinations.................................................................................. 22

    7.6  Funding ......................................................................................................... 23

7.7 Calculating the Total of Claim Settlement Payments ................................ 23

7.8 Final Accounting ................................................................................. 23

8.0     COVENANTS, REPRESENTATIONS AND WARRANTIES ...................................... 23

8.1 Covenants Not to Sue .......................................................................... 23

9.0     RELEASES ......................................................................................... 25

9.1 Released Claims ................................................................................... 25

9.3 Unknown Claims.. ............................................................................... 26

10.0     OBJECTIONS ..................................................................................... 27

10.1 Overview .......................................................................................... 27

10.2 Filing ............................................................................................... 28

10.4 Appearance.. ...................................................................................... 28

11.0     FINAL JUDGMENT ............................................................................. 29

12.0     ATTORNEYS' FEES, REPRESENTATIONS, EXPENSES,
AND INCENTIVE AWARDS ................................................................... 31

12.1 Attorneys' Fees and Expenses ............................................................... 31

12.2 Incentive Awards ................................................................................ 32

12.3 Claims Administration ......................................................................... 32

12.4 Mediation Fees. .................................................................................. 33

13.0     TERMINATION RIGHTS ....................................................................... 34

14.0     DENIAL OF LIABILITY ........................................................................ 37

15.0     CONFIDENTIALITY AGREEMENT .......................................................... 37

16.0     COMMUNICATIONS ........................................................................... 38

17.0     MISCELLANEOUS .............................................................................. 38

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, individually and on behalf of themselves and the Settlement Class as defined herein ("Plaintiffs"), Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, in their individual and/or official capacities, and Shelby County, Tennessee ("County Defendants"), and Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp. (the "Vendor Defendants") (collectively, the County Defendants and Vendor Defendants are referred to herein as the "Defendants") that, in consideration of the promises and covenants set forth in this Stipulation and Settlement Agreement ("Agreement") and, upon entry by the Court of an order of Final Judgment in the lawsuit captioned *Turnage v. Oldham*, No. 2:16-cv-02907 ("Action"), the matters raised by, or that could have been raised by, Plaintiffs in the Action against Defendants, along with the claims raised by, or that could have been raised by, Defendants between and among themselves, are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement.

## 1.0   RECITALS

1.1    This is a class action brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 ("Section 1983") and 1988 and Tennessee common law asserted by Plaintiffs in a Class Action Complaint initially filed on November 17, 2016.

1.2    The Class Action Complaint was thereafter amended on seven occasions, concluding with the operative Seventh Amended Class Action Complaint.

1.3    The parties in the Action have vigorously litigated this case for over four years and, in doing so, have engaged in significant class discovery, including, but not limited to,

extensive ESI document exchange and review and discovery pertaining to the size of the putative class. The parties conducted eighteen depositions and substantial motion practice and hearings to resolve a number of discovery issues that arose over the course of this litigation.

1.4    Thereafter, the parties formally mediated this case over the course of four separate days and continued to negotiate through the mediator thereafter for several weeks. Over the course of mediation, Plaintiffs negotiated and reached an agreement in principle with the Defendants on the terms of a class settlement of claims in this Action.

1.5    Class Counsel submit that they have significant experience with class action claims, having collectively litigated and settled dozens of putative and certified class actions. Based on this experience, Class Counsel believes that Plaintiffs' claims have merit. Class Counsel recognizes and acknowledges, however, that prosecuting such claims through further fact and expert discovery, class certification, dispositive motions, trial, and appeals will involve considerable uncertainty, time, and expense.

1.6    Class Counsel has concluded that it is in the best interests of the Class that the claims asserted by Plaintiffs against Defendants in the Action be resolved on the terms and conditions set forth in this Agreement. After extensive consideration and analysis of the factual and legal issues presented in the Action, and extensive settlement negotiations, Class Counsel has reached the conclusion that the benefits that Class Members will receive as a result of this Settlement are a fair result in light of the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success at trial.

1.7     Defendants have denied and continue to deny each and every allegation of liability, wrongdoing, and damages, as they believe they have substantial factual and legal defenses to all claims and class allegations.  Defendants have always maintained, and continue to maintain, that they have acted in accordance with the Constitution of the United States and governing law and have complied with their duties and obligations to the Class Members.  The Vendor Defendants maintain that they have, at all times, complied with the standards applicable to their respective industries and that they have not acted in a negligent or improper manner with regard to the implementation or operation of any aspect of the computer systems referenced in the Action. Nonetheless, Defendants have concluded that, because the continuation of the claims and allegations in the Action would be protracted and expensive, it is desirable that such claims be fully and finally settled on a class-wide basis (without any admission of fault or liability) in the manner and upon the terms set forth in this Agreement.

1.8     Without admitting any liability or wrongdoing, Defendants agree to the terms of this Agreement, provided that a Final Judgment approving the Settlement is entered and all claims are settled, compromised, and released, in order to resolve all issues that were asserted, or that could have been asserted, in the Action, subject to the exclusions addressed herein.

**2.0     DEFINITIONS**

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

2.1     "Action" means the lawsuit captioned *Turnage, et al. v. Oldham, et al.*, Case No. 2:16-cv-02907, pending in the federal district court for the Western District of Tennessee, Western Division and all lawsuits that have been consolidated with and into Case No. 2:16-cv-02907.

2.2 "Administrator" shall mean a third-party administrator chosen by Class Counsel, after seeking bids from reputable third-party administrators, and approved by the Court to assist in administering and implementing the Settlement.

2.3 "Agreement" means this Stipulation and Settlement Agreement, including any and all exhibits and ancillary documents thereto.

2.4 "Claim Form" means the Court-approved claim form that a Class Member must submit to be considered eligible for a Claim Settlement Payment under the settlement as provided in Sections 6 and 7, which shall be in a form substantially similar to Exhibit A.

2.5 "Claim Settlement Payment" means the sole payment to which a Class Member filing a valid and timely Claim Form, as approved by the Administrator, may be entitled, as described in Sections 4.4, 6, and 7.

2.6 "Claim Deadline" means the final date to submit a claim to the Administrator, which shall be postmarked within 50 days after the Final Approval Hearing.

2.7 "Class Counsel" means individually and collectively, the attorneys and law firms approved and appointed by the Court to represent the Settlement Class, including:

Frank L. Watson, III
William F. Burns
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38104
T: 901.529.7996

Brice M. Timmons
DONATI LAW, PLLC
1545 Union Ave.
Memphis, TN 38104
T: 901.278.1044

Michael G. McLaren
BLACK MCLAREN JONES RYLAND & GRIFFEE, PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
T: 901.762.0535

2.8 "Class Member" means any Person who (a) is included within the definition of the Settlement Class and (b) does not timely and properly request exclusion from the Settlement Class as provided in Sections 4.6 and 6.

2.9 "Class Notice" means the notice published to potential Class Members of the preliminary approval of this Agreement and of the Proposed Settlement, as provided in Section 5, which shall be in a form substantially similar to Exhibit B and the information posted on the website maintained by the Administrator, which shall be in a form substantially similar to Exhibit C.

2.10 "Class Period" means the following time period: from November 1, 2016 until the date of the Final Approval Hearing.

2.11 "Court" means the United States District Court, Western District of Tennessee, Western Division, in which the Action is pending.

2.12 "Defendants' Counsel" means:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
Meghan Cox, Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
rcraddock@wyattfirm.com
ohorton@wyattfirm.com
mcox@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Tiffany Ward, Reginald Hubbard, Debra Hammons, and Shelby County, Tennessee*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street, Ste 950
Memphis, Tennessee 38103
(901) 222-2100
Lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Tiffany Ward, Reginald Hubbard, Debra Hammons, and Shelby County, Tennessee*

7

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
btrammell@bakerdonelson.com

*Counsel for Tyler Technologies, Inc.*

Beth Bivans Petronio, Esq.
K & L GATES, LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5815
Beth.petronio@klgates.com

*Counsel for Tyler Technologies, Inc.*

R. Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37210
bbundren@babc.com
jmurphy@bradley.com

*Counsel for Defendant Global Tel\*Link
Corporation*

Douglas F. Halijan, Esq.
William D. Irvine, Esq.
BURCH PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, Tennessee 38103
(901)-524-5000
dhalijan@bpjlaw.com
wirvine@bpjlaw.com

*Counsel for Defendant, Software AG USA, Inc.*

Kevin D. Bernstein, Esq.
Albert G. McLean, Esq.
SPICER RUDSTROM, PLLC
119 S. Main Street, Suite 700
Memphis, Tennessee 38103
kbernstein@spicerfirm.com
amclean@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Robert A. McLean, Esq.
Garrett M. Estep, Esq.
FARRIS BOBANGO BRANAN, PLC
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100
rmclean@farris-law.com
gestep@farris-law.com

*Counsel for Defendant Tetrus Corp.*

Heather Gwinn Pabon, Esq.
GORDON REES SCULLY MANSUKHANI
222 Second Avenue South, Suite 1700
Nashville, Tennessee 37210
(615) -772-9010
hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*

2.13    The "Defense Allocations" means that the payment of the Gross Settlement Amount shall be allocated as follows among Defendants: (a) Shelby County 50% ($2.45 million); (b) Tyler 16.66% ($816,666); (c) GTL 14.63% ($716,666); (d) Software AG 5.55% ($272,222); (e) Sierra Cedar 5.55% ($272,222); (f) Sierra Systems 5.55% ($272,222); and (g) Tetrus 2.04% ($100,000).

2.14    "Effective Date" shall be the first date on which all of the following conditions have

occurred:

(a)    all Parties have executed this Agreement;

(b)    no party has terminated the Agreement in accordance with Sections 4 and 13;

(c)    the Court has entered the Preliminary Approval Order in a form that shall be substantially similar to the [Proposed] Order Granting Preliminary Approval attached hereto as Exhibit D;

(d)    the Court has entered a Final Judgment, approving this Agreement and the Proposed Settlement, releasing all of the Parties as set forth herein, and dismissing the Plaintiffs' claims with prejudice and without leave to amend, but retaining jurisdiction to oversee and administer the Parties' Settlement as stated in this agreement following approval by the Court; and

(e)    the Final Judgment has become Final.

2.15    "Final" when referring to a judgment or order means that:

(f)    the time has expired to file an appeal, motion for re-argument, motion to alter or amend judgment, motion for rehearing, petition for a writ of certiorari or other motion or writ ("Review Proceeding") with no such Review Proceeding having been filed; or

(g)    if a Review Proceeding has been filed, (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review, in all cases so as to permit the implementation of the Proposed Settlement in accordance with and without material change to this Agreement.

2.16    "Escrow" shall mean and refer to the escrow account provided for in Section 7.6 of

this Agreement for the Funding of the Settlement.

2.17    "Final Approval Hearing" means a hearing to consider final approval of the

Proposed Settlement and entry of Final Judgment, as provided in Sections 3.4 and 11.

2.18    "Final Judgment" means the order and judgment to be entered by the Court

adopting this Agreement, approving the Settlement as reasonable, adequate, and in the best

interests of the Class Members, and fully and finally dismissing with prejudice all claims asserted, or that could have been asserted, in the Action whether by Plaintiffs against Defendants or between or among Defendants, which shall be a form substantially similar to the [Proposed] Final Judgment attached hereto as Exhibit E.

2.19    "Gross Settlement Amount" means the agreed upon total of $4,900,000.00 dollars to settle this purported class action, which amount includes payment of all attorneys' fees for plaintiffs' counsel (including Class Counsel), all administration fees (including the fees of the approved Administrator), class representative payments (including any approved Incentive Awards), and all claims made by Class Members.

2.20    "Incentive Award" shall mean the incentive awards contemplated in this Agreement of $17,500.00 to Scott Turnage, Keith Burgess, Travis Boyd, Terrence Drain, Kimberly Allen, Jeremy Melton, Aubrey Brown, Jr. (as administrator ad litem for the estate of Issacca Powell), and Deontae Tate, for a total of $140,000.00, as provided in Section 12.2.

2.21    "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate, a guardian, conservator, attorney-in-fact, or next friend of an incapacitated Class Member or any other legally appointed Person or entity responsible for the handling of the business affairs of a Class Member, in all cases as established by written evidence of a Legally Authorized Representative's authority.

2.22    "Over Detention" shall mean that a person is detained in confinement at the Shelby County Jails after legal authority for that detention ceased.

2.23    The "Net Settlement Amount" shall mean the Gross Settlement Amount less Attorneys' Fees and Expenses in the amount of $2,400,000.00 or such lesser amount as approved

by the Court, Incentive Awards to the Plaintiffs in the total amount of $140,000.00 or such lesser amount as approved by the Court, and Claims Administration costs not to exceed $300,000.00.

2.24    "Parties" means Plaintiffs and Defendants.

2.25    "Person" means any natural person or individual.

2.26    "Proposed Settlement" and "Settlement" mean the settlement described in this Agreement.

2.27    "Plaintiffs" means Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey Brown, as administrator ad litem for the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen.

2.28    "Settlement Class" means:  All individuals who, from November 1, 2016 to the date of the Final Approval Hearing, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.  Excluded from the Settlement Class are: (i) any person who has filed and has pending any case asserting individual claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over-detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public

11

Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

## 3.0    CONDITIONS

3.1    THE   SETTLEMENT   IS   EXPRESSLY   CONTINGENT   UPON   THE SATISFACTION IN FULL OF THE MATERIAL CONDITIONS SET FORTH BELOW, INCLUDING ALL OTHER TERMS AND CONDITIONS OF THIS AGREEMENT.

3.2    **Condition No. 1:  Approvals**.  Counsel for all Parties has authority on behalf of their clients to enter into and execute this Agreement.

3.3    The Settlement must be approved by the Court in accordance with the following steps:

3.3.1    **Motion for Preliminary Approval**.  Class Counsel will file with the Court a motion for preliminary approval within thirty days of execution of this Agreement by all Parties.  The motion for preliminary approval shall include a Preliminary Approval Order, a Class Notice, Claim Form, and a Final Judgment.  The Parties shall request that the Court schedule a Final Approval Hearing no earlier than sixty (60) days after entry of the Preliminary Approval Order.  Defendants may, but are not required to, file a memorandum in support of the motion for preliminary approval.

3.3.2    **Settlement Class Certification**.  As part of the motion for preliminary approval, Class Counsel shall request that the Court enter an order certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

3.3.3    **Entry of Preliminary Approval Order**.  The Court shall enter a Preliminary Approval Order, which shall, among other things:

(a)    Certify for purposes of settlement the Settlement Class and appoint Class Counsel;

(b)    Preliminarily approve the Settlement as fair, reasonable, and adequate;

(c)    Approve selection of the Administrator;

(d)    Order the issuance of Class Notice to Class Members via publication pursuant to this Agreement and determine that such Notice complies with all requirements, including, but not limited to, Rule 23 of the Federal Rules

of Civil Procedure and the Due Process Clause of the United States Constitution;

(e)     Schedule a date and time for a Final Approval Hearing to determine whether the Settlement should be finally approved by the Court;

(f)     Require Persons in the Settlement Class who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the opt out deadline in the Preliminary Approval Order, and advise that a failure to do so shall bind those Class Members who remain in the Settlement Class;

(g)     Require Class Members who wish to object to the Settlement to submit a timely written objection by an objection deadline in the Preliminary Approval Order and advise that a failure to do so shall prevent those Class Members from objecting to the Settlement;

(h)     Require any Class Member who objects to the Settlement and wishes to appear at the Final Approval Hearing to file a notice of intent to appear;

(i)     Provide that the Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video so as to allow the Final Approval Hearing to proceed despite any limitations on in-court hearings related to the COVID-19 pandemic and provide that any Class Member who files a notice of intent to appear shall be provided with information required to access the telephone or video hearing;

(j)     Order that Class Notice be accomplished by publication in the *Commercial Appeal*, *Memphis Flyer*, and *Tri-State Defender* for two (2) consecutive Sundays (or other appropriate day for such publication) and find that such notice is reasonable and constitutes the best practicable notice under the circumstances in accordance with Rule 23 and the Due Process Clause of the United States Constitution

(k)     Set the Claim Deadline;

(l)     Authorize the Parties to take all necessary and appropriate steps to implement the Settlement as set forth in this Agreement; and

(m)     Include such additional provisions as necessary to implement this Agreement and the settlement.

3.4     **Final Approval Hearing**.  In connection with the motion for preliminary approval, the Parties shall request that the Court schedule and conduct a Final Approval Hearing not less than sixty (60) days after entry of the Preliminary Approval Order, at which time it will consider

13

whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs shall request that, at or after the Final Approval Hearing, the Court: (i) enter the Final Judgment, granting final approval of the Settlement and dismissing with prejudice the claims of the Plaintiffs and the Settlement Class in this Action; (ii) determine the attorneys' fees and expenses that should be awarded to Class Counsel as contemplated in the Agreement; and (iii) determine the Incentive Awards, if any, that should be issued to the Plaintiffs, as contemplated by the Agreement.  This Agreement is not contingent on the Court's approval of any specific attorneys' fee or any Incentive Award amount and any Court-ordered reduction in the amount of the attorneys' fees or Incentive Awards contemplated herein shall not be a basis for the termination of this Agreement.

      3.5      **Condition No. 2:  Finality of Judgment**.  The Court shall enter a Final Judgment, as described in Section 11.  The Final Judgment must become Final, and the Effective Date must occur.

      3.6      **Condition No. 3:  Approval of Shelby County Commissioners.**  This Agreement is expressly conditioned on the approval of the Shelby County Commissioners, which shall be obtained.

      3.7      **Stay of Proceedings:**  Not later than one (1) day after the execution of this Agreement, the Parties shall jointly advise the Court of this Agreement and request a stay of all proceedings pending Class Counsel's filing of the Motion for Preliminary Approval and its related documents.

**4.0      SETTLEMENT CONSIDERATION**

      4.1      The Defendants will pay a gross settlement totaling **$4,900,000.00**, defined above as the Gross Settlement Amount, to settle this purported class action, which amount includes payment of (i) all attorneys' fees for Plaintiffs' counsel, including Class Counsel; (ii)

administration fees not to exceed $300,000, including those fees incurred by the Court-appointed Administrator; (iii) the Incentive Awards; and (iv) all claims made by Class Members and allowed pursuant to the terms of this Agreement.  Defendants shall have no obligation to fund more than the Gross Settlement Amount irrespective of the number of claimants or the amount of claims made, even if the total dollar amount of the allowed claims exceeds the Net Settlement Amount.

4.2     The Gross Settlement Amount will be allocated among the defendants pursuant to the Defense Allocations as follows:  (a) Shelby County 50% ($2.45 million); (b) Tyler 16.66% ($816,668); (c) GTL 14.63% ($716,666); (d) Software AG 5.55% ($272,222); (e) Sierra Cedar 5.55% ($272,222); (f) Sierra Systems 5.55% ($272,222); and (g) Tetrus 2.04% ($100,000).

4.3     The Settlement will be on a "claims made" or reversionary basis, meaning that the Net Settlement Amount will be made available to the Class Members to fund valid and timely submitted claims as approved by the Administrator.  If, after all approved claims are paid, the total payments to Class Members are less than the Net Settlement Amount, then the excess funds shall be refunded to the Defendants at the same percentages as provided for the Defense Allocations.  Class Members who submit approved claims shall be entitled to the following payments: (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days.  In no event will a single class member receive in excess of $75,000 from the Net Settlement Fund (excluding an Incentive Award approved by the Court).  Compensation for day one (1) shall be paid to Class Members who were Over Detained between 9 and 24 hours.  Individuals claiming over detention of less than 9 hours are Class Members, and, instead of compensation, they shall have the benefit of the injunctive relief agreed to herein.

15

4.4     In no event shall Defendants have an obligation to fund more than the Gross Settlement Amount irrespective of the number of claims filed or the amount of compensation claimed therein, even if the total dollar amount of the allowed claims exceeds the Net Settlement Amount.  If the total dollar amount of approved claims exceeds the total Net Settlement Amount, the Claim Settlement Payment paid to a Class Member submitting an approved claim shall be reduced on a *pro-rata* basis. If the total dollar amount of approved claims exceeds $3,000,000.00, Plaintiffs shall have the option to (i) follow the pro rata claims payment process contemplated above or (ii) terminate this Agreement in accordance with the termination provisions detailed in Section 13 of this Agreement.

4.5     **Opt-Out Provision**.  Class Members are entitled to opt out of this Settlement. Defendants may, in their discretion, terminate this Agreement and Settlement in accordance with the termination provisions detailed in Section 13 if the number of Class Members who opt out exceeds a number that has been confidentially agreed to among the Parties and verbally memorialized with the mediator of this case.  The parties agree that the opt-out number is and shall remain **confidential** and shall be redacted from any filings with the Court.

4.6     **Injunctive Relief**.  The County Defendants agree to Injunctive Relief as follows:  The Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division. Arrestees will not be admitted to the facility unless charged with the crime(s) that they are being arrested for, supported by an arrest warrant and/or an affidavit of complaint. Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner.  The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates/detainees to submit administrative grievances.  Access

16

to the grievance procedure will be made available to all inmates/detainees, and inmates/detainees will not be subjected to retaliation for filing grievances.  The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

A grievance based on a claim that an inmate/detainee is being held beyond his/her release date will be eligible for expedited review under the County's emergency grievance review process. To submit such a grievance, the inmate/detainee must give the grievance to their pod officer, who will promptly forward the grievance to the Shift Commander.  A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member. The Captain will provide the inmate/detainee with written notification of the actions being taken within seventy-two (72) hours of the commencement of the investigation and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventative measure against possible detentions without timely arraignments.  The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of 1 year from the date of final approval of this settlement by the Court.

## 5.0   NOTICE

5.1   **CAFA**.        Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, et seq., within ten days after filing of Plaintiffs' motion for preliminary approval, Defendants

shall send written notice of the Settlement to the Attorney General of the United States, the Attorney General of the State of Tennessee, and any other appropriate government agencies. The Parties agree that the foregoing notices will satisfy the obligations of such Act.

5.2 **Class Notice**. As soon as practicable after Preliminary Approval of the Proposed Settlement, but in any event no more than fifteen (15) days after entry of the Preliminary Approval Order, the Administrator shall complete the publication of the Class Notice to potential Class Members. Such publication notice shall be made in the Commercial Appeal, Memphis Flyer, and Tri-State Defender for two (2) consecutive Sundays (or other appropriate day for such publication) and shall be published on a Website to be created by the Administrator in accordance with Section 5.4 hereof. Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to publication. The Parties recognize that direct mail notice is not practical under the circumstances and agree that publication notice is reasonably calculated under all the circumstances to apprise interested parties of the Settlement in compliance with due process requirements. The Administrator shall also cause a summary notice to be placed in Internet banner advertising through an Internet advertising network provider. These banner advertisements shall allow website visitors to self-identify themselves as potential Class Members and then access a link that will take them directly to the settlement website.

5.3 **Settlement Website.** No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the (redacted) Agreement, the Preliminary Approval Order, the Class Notice, Claim Form, Spanish translations of the Class Notice, Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agree upon. The Claim Form shall be available to claimants

who contact the Administrator via the website, by mail or by telephone to request a Claim Form

and provide the Administrator with the claimant's valid email address or complete street address

where the Administrator shall send the Claim Form.  Under the circumstances of this particular

Action, in order to protect against possible fraudulent claims, a Claim Form may not be submitted

electronically.  All Claim Forms must be completed with all information and documentation

required therein, signed in front of a Notary Public, and mailed to an address specified by the

Administrator.  The Settlement Website shall use a Uniform Resource Locator (URL) that

identifies the internet address agreed upon by Class Counsel and Defendants' Counsel.  The

Settlement website shall not include any advertising and shall not bear or include any logos or

trademarks of any of the Defendants other than those appearing in the Agreement.  The Settlement

website shall cease to operate, and the Administrator shall remove all information from the

Settlement website no later than the Final Accounting as described in Section 7.

        5.4    **Toll-free Number.**  No later than the posting of the Class Notice, the

Administrator shall establish a toll-free phone number manned by live operators that are trained to

provide basic information about the Settlement, including information about the Claim Form,

utilizing relevant portions of the Class Notice and Claim Form.  The Administrator shall send the

Class Notice and Claim Form, or Spanish translations of both, to any potential Class Members

upon request.  The phone number shall remain open and accessible through the Claim Deadline

and allow for Class Members to leave recorded messages.  Except for requests for the Class Notice

or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left

by Class Members concerning the Action and/or the Settlement, or direct any Class Members with

questions that cannot be answered to Class Counsel, so that Class Counsel may timely and

accurately respond to such inquiries.

5.6     The Parties agree that the foregoing procedures constitute reasonable, and the best practicable, notice under the circumstances.  Upon reasonable request, the Administrator shall advise Class Counsel and Defendants' Counsel of the progress of the notice program to monitor compliance with this Agreement.  The Administrator shall file a declaration with the Court detailing compliance with these instructions and the Notice program.

## 6.0   SUBMISSION OF CLAIM FORMS

6.1     Class Members shall make a claim by completely filling out and timely submitting a claim to the designated Administrator.  The Claim Form must be notarized by a licensed Notary Public.  Claims can be postmarked up to 50 days after a Final Approval Hearing.  Signed and completed Claim Forms must be mailed to an address specified by the Administrator by the Claim Deadline; Claim Forms may not be scanned and emailed to the Administrator or submitted electronically through the Settlement Website.  Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by Legally Authorized Representatives, with written evidence of authority.  Such Claim Forms must be notarized by a licensed Notary Public.

6.2     The Claim Form will reasonably request of Class Members such information as will be agreed upon by the Parties.

6.3     With the exception of Incentive Awards to the Class Representatives, Claim Settlement Payments are the only payments to which Class Members will be entitled under the Proposed Settlement.  Claim Settlement Payments are deemed to be inclusive of claims for any recovery from Defendants related to any claim asserted, or that could have been asserted, in the Action, including potentially applicable damages, penalties, interest, and attorneys' fees.  Any rights to Claim Settlement Payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable.

6.4     Members of the class who wish to opt out of the settlement must complete and submit a written request to opt-out to the Administrator, which must be postmarked within thirty (30) days after the entry of the Preliminary Approval Order, with time being of the essence.  A written notice of opt out must be submitted individually for each Class Member that wishes to opt-out, must signed by the Person opting out, must state that the Person is a Class Member who was Over Detained in the Shelby County Jail and provide the dates of any alleged Over Detention and must be notarized by a licensed Notary Public.  No Class Member shall submit notice of opt out for another Class Member.  There shall be no group, representative or class opt outs.  All notices of opt out shall be provided by the Administrator to Class Counsel and Defendants' Counsel no later than 10 days prior to the Final Approval Hearing.

6.5     All Plaintiffs in this Action, including the plaintiffs in the consolidated actions, agree that they will not: (i) submit a notice of opt out or request exclusion from the Class; (ii) object to the proposed Settlement; or (iii) file an appeal from or otherwise seek review of any order approving the Proposed Settlement.

6.6     Any potential Class Member who does not submit a timely and proper written notice of opt out, shall be bound by all determinations, subsequent proceedings, orders, and judgments in this Action.

6.7     Class Counsel is seeking to protect the interests of the entire Class.  The interests of persons who will exclude themselves (opt out) from the Class may be different than the interests of those who remain in the Class.  As a result, Class Counsel will not assist, advise or encourage any Class Member to opt-out of the proposed settlement.  Class Counsel represent that they are not presently aware of any Class Members that plan to opt out. . .

**7.0     CLAIMS ADMINISTRATION AND PAYMENTS**

7.1     **Claims Determinations**.     Upon receipt of valid and timely submitted Claim Forms, the Administrator shall calculate the amount of the Claims Settlement Payment, if any, to which each Class Member is entitled.

7.2     In making such determinations, the Administrator may consider all information provided by the Class Member with the Claim Form and information reasonably available within Defendants' records to assist in making such determinations in good faith, which Defendants shall provide to the Administrator.

7.3     The Administrator shall notify in writing those Class Members who submit an untimely Claim Form that their claim is denied and will not be processed further.    The Administrator's determination of whether a Claim Form was timely submitted shall be final, binding, not reviewable by a neutral evaluator, not appealable, and not the subject of an objection. Any Class Member who does not timely submit a Claim Form shall be deemed to have waived any claim to a Claims Settlement Payment, and the Administrator shall have no further obligation to process such Claim Form.

7.4     The Administrator shall notify in writing those Class Members who submit a timely but materially deficient Claim Form that they have thirty (30) days to correct the deficiency.    The notice will identify the deficiency and state that any response must be postmarked within thirty (30) days of the date of the notice of the deficiency.    Any Class Member who does not timely submit a response to a notice of deficiency or fails to provide sufficient information to correct the deficiency shall be deemed to have waived any claim to a Claims Settlement Payment, and the Administrator shall have no further obligation to process such Claim Form.

7.5     The Administrator will periodically electronically update Class Counsel and Defendants' Counsel on the claims review process and provide all Counsel, within forty-five (45)

days after the Claim Deadline, a list of Class Members who submitted Claim Forms and the disposition of each such claim.

7.6    **Funding**.        Upon Preliminary Approval, or as soon thereafter as is practicable but in no event later than ten (10) Business Days after entry of a Preliminary Approval Order, Defendants and/or insurance carriers for and on behalf of Defendants shall deposit a total of $4,900,000.00 into an escrow account agreed upon by all parties to be distributed pursuant to the terms of this Agreement.

7.7    **Calculating the Total of Claim Settlement Payments**.      If the total of all Class Members' valid claims is equal to or less than the Net Settlement Amount, then each Class Member shall receive as Claim Settlement Payment the full amount to which he or she is entitled pursuant to this Agreement.  If the total of all Class Members' valid claims exceeds the Net Settlement Amount, then each Class Member shall receive a reduced pro rata amount.  Should the total dollar amount of claims exceed $3,000,000.00, Plaintiffs shall have the right to terminate this Agreement in accordance with Section 13.

7.8    **Final Accounting**.    Within thirty (30) days after resolution of all claims, including claims disputed by Class Members, the Administrator shall provide a final accounting to the Parties of all payments under the Settlement and within ten (10) days after providing such final accounting shall return any remaining funds to Defendants per the Defense Allocations, c/o their counsel at the addressed listed in Section 2.12.

**8.0    COVENANTS, REPRESENTATIONS AND WARRANTIES**

8.1    **Covenants Not to Sue**.  Plaintiffs and Class Members covenant and agree:

8.1.1    not to file, commence, prosecute, maintain, intervene in, or participate in (as parties, class members or otherwise) any action in any jurisdiction based on or relating to any of the claims released in Section 9 against any of the released Parties;

23

8.1.2    not to organize or solicit the participation of Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the claims released in Section 9; and

8.1.3    that the foregoing covenants and this Agreement shall be a complete defense to any of the claims released in Section 9 asserted against any of the released Parties.

8.2      Plaintiffs and Class Members represent and warrant that they are the sole and exclusive owners of their Released Claims and that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Persons, and further covenant that they will not assign or otherwise transfer any interest in their Released Claims.

8.3      Plaintiffs and Class Members represent and warrant that, after entry of Final Judgment, they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims, subject to the exclusions contained in Section 2.28 of this Agreement.

8.4      The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Agreement as a result of arms-length negotiations among their counsel; that in executing the Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party.  Each of the Parties assumes the risk of mistake as to facts or law.

**9.0    RELEASES**

9.1      **Released Claims**.  Upon entry of Final Judgment, Plaintiffs and each of the Class Members (who have not timely and validly opted out), irrevocably and expressly waive, and fully, finally and forever settle and release the Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action. This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Released Claims.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

9.2      Upon entry of Final Judgment, Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification,

contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Released Claims.

**Excluded from this Release are**: (i) any Person who has filed and has pending any case asserting individual claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are released); (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from Over-Detention allegedly caused by the Shelby County computer system; and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement.

9.3   **Unknown Claims.**   The Parties explicitly acknowledge that unknown claims within the scope of Sections 9.1 and 9.2 could possibly exist and that any present losses may have been underestimated in amount or severity.  The Parties may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the releases in Sections 9.1 and 9.2 or the law applicable to such claims may change.  Nonetheless, the Parties, subject to the exceptions and caveats set forth in Sections 9.1 and 9.2, expressly agree

that he/she/they shall have irrevocably waived and fully, finally, and forever settled and released

any known or unknown, suspected, or unsuspected, asserted or unasserted, liquidated or

unliquidated, contingent, or non-contingent, claims set forth in Sections 9.1 or 9.2, including

unknown claims.   Further, the Parties agree and acknowledge that they are bound by this

Agreement, including by the Releases, and that all of their claims in the Action asserted shall be

dismissed with prejudice and released, without regard to subsequent discovery of different or

additional facts or subsequent changes in the law, and regardless of whether unknown losses or

claims exist or whether present losses may have been underestimated in amount or severity, and

even if they never received actual notice of the Settlement or received a Claim Settlement Payment.

The Parties acknowledge that the foregoing Releases were bargained for and are a material element

of the Agreement.

       9.4     This Agreement and the releases herein do not affect the rights of potential Class

Members who timely and properly submit a request to opt-out from the Settlement Class in

accordance with this Agreement.

       9.5     The administration and consummation of the Settlement as embodied in this

Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect,

preserve, and implement the Agreement, including, but not limited to, enforcement of the releases

contained in the Agreement, and to enter such further orders as may be necessary or appropriate

in administering and implementing the terms and provisions of the Agreement and Final Judgment.

**10.0    OBJECTIONS**

       10.1   **Overview**.  Any Class Member who does not submit a valid request to opt-out may

object to the Settlement by complying with the procedures and deadlines in this Agreement.  The

Class Notice and Settlement website will identify the requirements to assert a valid written

objection.

10.2    **Filing**.  Any Class Member who wishes to object to the Settlement must do so in a writing filed with the Clerk of Court, mailed to the Administrator at the address identified in the Class Notice and on the Settlement website, postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing, as identified in the Preliminary Approval Order.  To be valid, a written objection must include: (a) the case name and number, (b) the name and address of the objecting Class Member and of counsel, if represented; (c) the dates that the person objecting alleges he or she was Over Detained in the Shelby County Jail and (d) all factual and legal the base for the objection.

10.3    Any Class Member who fails to object to the Settlement in the manner described in this Section shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means and shall be bound by all the terms of this Agreement and by all determinations, proceedings, orders, and judgments in this Action.

10.4    **Appearance**.  Subject to approval of the Court, any Class Member who files and serves a timely written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing, whether it is held in the courtroom or via telephone or video conference, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the objection deadline; and (b) mails copies of the notice to Class Counsel and Defendant's Counsel, postmarked by the objection deadline.  The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval

Hearing.  Any Class Member who does not file a notice of intention to appear in accordance with the Agreement shall not be entitled to appear at the Final Approval Hearing.

10.5     The Parties agree that the Settlement contained herein is fair, reasonable, and adequate.  Accordingly, the Parties, Class Counsel, and Counsel for Defendants agree to jointly oppose any objection lodged against this Settlement by any Class Member.  Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, the Parties and all Counsel further agree to jointly request that any objector who seeks to appeal any ruling of the District Court with respect to such objection (or otherwise) be required to file a bond or provide other security in order to protect this Settlement.

## 11.0    FINAL JUDGMENT

11.1     Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendants' Counsel with an affidavit or declaration attesting that Class Notice has been published in accordance with the Preliminary Approval Order and this Agreement and as required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, et seq., and identifying Persons who submitted timely and valid written notice of opt out from the class. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing.

11.2     Prior to the Final Approval Hearing, unless this Settlement Agreement is terminated in accordance with Sections 4.5, 7.7 and 13 herein, Class Counsel will file a motion seeking the Court's final approval of the Settlement and entry of Final Judgment, which provides for:

11.2.1  Approving the Settlement as described in this Agreement and directing the Parties and counsel to comply with and consummate the terms of this Agreement;

11.2.2  Confirming certification of the Settlement Class for settlement purposes only;

11.2.3  Finding that Class Counsel and Plaintiffs have adequately represented and protected the interests of the Settlement Class;

29

11.2.4  Finding that the terms of this Agreement are fair, reasonable, and adequate and in the best interests of the Settlement Class;

11.2.5  Providing that each Class Member shall be bound by the provisions of this Agreement and the Final Judgment, including the Releases set forth in Section 9;

11.2.6  Finding that the Class Notice by publication, the establishment of an automated toll-free interactive voice response phone system, and the Settlement website, were reasonable, the best notice practicable under the circumstances, and satisfy the requirements of the Federal Rules of Civil Procedure, due process under the United States Constitution, and the requirements of any other applicable rules or law;

11.2.7  Finding that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been provided and that Defendants have fully complied with the notice requirements under that Act;

11.2.8  Dismissing all claims in the Action on the merits and with prejudice, and entering Final Judgment thereon;

11.2.9  Approving payment of attorneys' fees and expenses to Class Counsel and Incentive Awards to Plaintiffs, in both respects not exceeding the maximum amounts identified in this Agreement;

11.2.10  Reserving continuing jurisdiction of the Court over all matters relating to the administration, consummation, enforcement, construction and interpretation of the Settlement, this Agreement, and the Final Judgment;

11.2.11  Holding that there is no just reason for delay and that the Final Judgment shall be final and appealable, irrespective of the Court's continuing jurisdiction over administration of the Settlement; and

11.2.12  Such additional provisions as necessary to implement this Agreement and the Settlement.

11.3    Effect of Final Judgment.    Upon entry of Final Judgment:

11.3.1  the Agreement shall be the exclusive remedy for all Class Members, except those who have properly submitted a valid and timely written notice of opt out in accordance with the terms and provisions hereof; and

11.3.2  except as set forth in this Agreement, the released Parties shall not be subject to liability or expense for any of the Released Claims to any Class Member(s).

11.4    Defendants will not oppose final approval of the Proposed Settlement and may, in their sole discretion, file a memorandum in support of final approval of the Proposed Settlement.

11.5    If final approval of the Settlement is not granted, or this Agreement is terminated or rendered void, the certification of the Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied.  In that event, Defendants reserve and shall have all rights to challenge certification of a class action for trial purposes in the Action or in any other action, on all available grounds as if no Settlement Class had been certified.

11.6    Within ten (10) days after the Effective Date, the Parties shall dismiss with prejudice all claims released in Section 9.  This paragraph in no way limits Class Members from proceeding with claims that have not been released, as defined herein in Sections 2 and 9.

## 12.0    ATTORNEYS' FEES, REPRESENTATIONS, EXPENSES, AND INCENTIVE AWARDS

12.1    **Attorneys' Fees and Expenses**.  Plaintiffs' Counsel shall be entitled to petition the Court for legal fees and expenses of $2,400,000.00 paid out of the Gross Settlement Amount as attorney's fees and expenses.  Such amount shall be paid within two (2) business days of the expiration of the time period for optional termination of this Agreement in Section 13.2. Defendants acknowledge and agree that the proposed legal fee and expenses are fair and reasonable under the circumstances.  Defendants and Defendants' Counsel agree that they will not object to Plaintiffs' petition for the proposed legal fees and expenses and will not encourage any other Person, whether a Class Member or otherwise, to raise any such objection.  The Settlement is not contingent upon the Court's approval of this or any other legal fee.  Class Counsel agrees that any reduction of the amount sought in the Class Counsel Fee Application shall not permit Class Counsel to nullify the Settlement in any way or to increase the Gross Settlement Amount.  The

31

Gross Settlement Amount and the Defense Allocations set forth above shall not change.  In the event the Court orders an attorney fee amount less than $2,400,000, the difference between the lesser amount and $2,400,000 will be added to the Net Settlement Amount and be made available for either payment of valid and timely claims or refund in accordance with Section 4.2.

 12.2 **Incentive Awards**.  Subject to Court approval, Plaintiffs will be paid an incentive award out of the Gross Settlement Amount in the amount of $17,500.00 to each of the eight Plaintiffs, for a total of $140,000.00 (and, in addition, they have the ability to submit a Claim Form and receive a Claim Settlement Payment in an amount determined by the Administrator).  Such amounts shall be paid within two (2) business days of the expiration of the time period for optional termination of this Agreement in Section 13.2.  It is agreed that the claim of Cortez Brown, who was named as a plaintiff but died during the pendency of this lawsuit, shall be voluntarily dismissed without prejudice, but that whatever claim he may have shall be eligible for a Claim Settlement Payment if a proper representative of his estate asserts an allowable claim.  The Settlement is not contingent upon the Court's approval of this or any other incentive award.  Defendants and Defendants' Counsel agree that they will not object to Plaintiffs' petition for the proposed incentive awards and will not encourage any other Person or Entity to raise any such objection.  In the event the Court orders an Incentive Award amount less than a total of $140,000, the difference between the lesser amount and $140,000 will be added to the Net Settlement Amount and be made available for either payment of valid and timely claims or refund in accordance with Section 4.2.

 12.3 **Claims Administration**.  Class Counsel shall seek bids from various reputable claims administration firms promptly upon execution of this Agreement.  The Defendants are responsible to pay for claims administration costs, including costs of the Administrator, up to $300,000.00.  The $300,000.00 is funded out of the Gross Settlement Amount and shall be paid

from the Escrow account to the Administrator for purposes of funding all costs of claims

administration, including the Notice Plan.  Any claims administration fees, including fees charged

by the Administrator, above $300,000.00 shall be the responsibility of and paid by Class Counsel

and shall not reduce the Net Settlement Amount.  In the event the costs of administration are less

than $300,000, the difference between the lesser amount and $300,000 will be added to the Net

Settlement Amount and be made available for either payment of valid and timely claims or refund

in accordance with Section 4.2.

12.4   **Mediation Fees**.  The Defendants shall pay the Mediator's Fees in seven equal

shares divided among the Defendants, with the Shelby County Defendants collectively paying one

seventh and each Vendor Defendant paying one seventh.

12.5   The parties understand and agree that Court approval of this Proposed Settlement

is mandatory and hereby agree that they will jointly propose to the Court certification of the

Settlement Class (with current counsel for Plaintiffs named as "Class Counsel" for the Settlement

Class) and approval of the Gross Settlement Amount in exchange for the releases by the Parties,

their representatives, insurers, parents, affiliates, subrogees, successors and assigns.   The parties

acknowledge that the Court must approve all fee and expense requests or awards.

12.6   Except as expressly provided in this Agreement, Defendants are not liable or

responsible for any other expenses, costs, damages, or fees incurred by any other person, including

but not limited to the Plaintiffs, any Class Member, any person who objects to the Settlement or

opts-out from the Settlement Class, or any of their attorneys, experts, advisors, investigators,

agents, or representatives.  Any award of attorneys' fees and expenses by the Court as provided in

this Section will be in complete satisfaction of any and all claims for attorneys' fees and expenses

that Plaintiffs, Class Members, Class Counsel, or any other person or their counsel have or may

have against Defendants arising out of or in connection with this Action, the Released Claims, or this Settlement.

12.7    Plaintiffs, the Settlement Class, and Class Counsel hereby waive, discharge and release Defendants from any and all other claims for attorneys' fees, by lien, statute, or otherwise for legal services in connection with this Action.  Defendants shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment of any award of attorneys' fees and expenses among Class Counsel or any other person who may assert a claim thereto.  Once payment is made pursuant to Section 12.1 above, Defendants will not be subject to any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any of the firms representing Plaintiffs, the Settlement Class, or any Class Member.

## 13.0    TERMINATION RIGHTS

13.1    In the event the Court does not approve this Proposed Settlement, the parties will return to their respective pre-Settlement litigation positions without prejudice, and the fact of this proposed attempted Settlement will be inadmissible in any future proceedings.

13.2    To the extent that the total dollar amount of the allowed claims exceeds the Net Settlement Amount, class members with valid claims approved by the Administrator shall receive a reduced Claims Settlement Payment with reductions being applied on a *pro-rata* basis.  Should the amount of such claims exceed, in total, $3,000,000.00, the Net Settlement Amount shall either (i) be paid out to allowed claimants on a reduced *pro-rata* basis; or (ii) Plaintiffs shall have the option to terminate this Agreement, and Plaintiffs and Defendants shall return to their respective pre-Settlement litigation positions without prejudice.  In order to exercise this option to terminate, at least 6 of the 8 Plaintiffs must agree to the termination and will relinquish their Incentive Awards and the ability to receive any Claim Settlement Payments.  In order to properly exercise this option

to terminate, Plaintiffs must give notice in writing to Defendants' Counsel by no later than 14 days after of the Claim Deadline.  In the event of a termination, the fact of this Settlement will be inadmissible in any future proceedings.  To the extent that certain administrative costs, including claims administrator's fees have been incurred prior to termination, those fees shall be borne by the Defendants.

13.3    The Parties recognize that, in accordance with applicable law, individuals may opt out of this settlement.  In the event that the total number of opt-outs exceeds a certain number (as agreed upon by the Parties in a separate, confidential agreement), Defendants may terminate this Agreement.  In order to exercise this option to terminate, at least 80% of the Defendants (based on their percentage Defense Allocation) must agree to the termination.  In order to properly exercise this option to terminate, Defendants must give notice in writing to Class Counsel by no later than 14 days after the deadline to opt-out.  In this scenario, the parties shall return to their respective pre-Settlement litigation positions without prejudice, the fact of this settlement will be inadmissible in any future proceedings, Plaintiffs will relinquish their Incentive Awards, and Class Counsel shall return any and all legal fee and expense awards granted by the Court hereunder to the respective payors.   To the extent that certain administrative costs, including claims administrator's fees have been incurred prior to termination, those fees shall be borne by the Defendants.

13.4    The parties acknowledge and agree that (i) the failure to obtain court approval of any of the material terms of this Settlement, which include, but are not limited to, notice by publication and a "claims made" settlement, (ii) valid claims in excess of $3,000,000.00 (subject to the agreement of the Plaintiffs as described above), or (iii) opt-outs in excess of the confidentially agreed upon number (subject to the agreement of the Defendants described above)

are the *only bases* for avoiding this Settlement and the terms of this Agreement.  To be clear, the
failure of the court to award attorneys' fees and/or Incentive Awards in the amounts requested is
not a basis to terminate or void this Settlement. The parties cannot unilaterally back out of this
Settlement or attempt to avoid the contractual obligations created hereunder.

   13.5 If an option to terminate this Agreement and the Settlement arises, Plaintiffs or
Defendants are not required to exercise the option to terminate.

   13.6 If the Agreement fails for any reason, or if this Agreement is terminated by
Plaintiff or Defendant pursuant to Section 13.1:

     13.6.1 This Agreement and the Proposed Settlement shall have no further force or
effect, and all proceedings that have occurred with regard to this Agreement
and the Proposed Settlement shall be without prejudice to the rights and
contentions of the Parties and any Class Members;

     13.6.2 This Agreement and all negotiations, statements and proceedings relating
to them shall be without prejudice to the rights of the Parties, each of whom
shall be restored to their respective positions existing immediately before
the execution of this Agreement;

     13.6.3 This Agreement, and the fact of this Agreement having been made, shall
not be admissible or entered into evidence for any purpose whatsoever and
shall not be subject to discovery;

     13.6.4 Any judgment or order entered in the Action relating to this Agreement or
the Settlement, including, without limitation, any order certifying the
Settlement Class, shall be automatically vacated *nunc pro tunc*, without the
requirement of any motion or further order of the Court, and will be without
any force or effect;

     13.6.5 The Parties shall not thereafter argue or raise a claim or defense, including,
but not limited to, waiver, estoppel, or any other similar or related theories,
based on the Agreement (including without limitation the provisions
regarding class certification) and related pleadings and orders, the fact of
this Agreement having been made, or that any settlement negotiations
preclude Defendants from opposing class certification or the claims in the
Action or any other proceeding; and

     13.6.6 The Parties shall jointly move for the stay contemplated by Section 3.6 to
be lifted.

**14.0   DENIAL OF LIABILITY**

14.1    The Parties enter into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind.  This Agreement and the negotiations or proceedings connected with it shall not be construed as an admission or concession by the Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of any Party.  In the event the Effective Date does not occur, or this Agreement is terminated, or the Proposed Settlement is not finally approved for any reason, the Parties shall retain the right to object to the maintenance of the Action or any other proceeding as a class action and to contest the Action or any other case on any ground.

14.2    This Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions, or other document related in any way to the Agreement shall not be offered into evidence in the Action or in any other case or proceeding: (a) in support of or in opposition to a motion to certify a contested class against Defendants; or (b) as an admission or concession of liability or wrongdoing by any Party.

**15.0   CONFIDENTIALITY AGREEMENT**

15.1    The parties hereto acknowledge that they intend to immediately inform the Court of the resolution of this case between them.  However, the parties agree to not disclose the Settlement Amount to any Person other than the agents, representatives, and/or insurers of the Parties and, as necessary, the Shelby County Commission Commissioners and their agents and representatives as necessary for the approval of the Settlement until a Motion for Preliminary Approval of Class Action Settlement has been filed and presented to the Court.

**16.0    COMMUNICATIONS**

16.1    Class Counsel and Defendants believe that the Settlement described herein is fair and adequate to the Plaintiffs and the Class Members.  To the extent Class Counsel or Defendants' Counsel communicates with any Class Member (or any other person or entity) concerning this Settlement, Class Counsel and/or Defendants' Counsel shall communicate that the Settlement is fair and adequate and shall represent that it is in the best interests of each Class Member to participate in and be included by the Settlement.  Defendants will cooperate with Class Counsel in providing information necessary to administer the Claims of Class Members.  Class Counsel shall not encourage or cause any Class Member to object or opt-out of this Settlement and shall support the Settlement in all respects.

16.2    Class Counsel agrees that all public statements regarding the settlement, including advertisements, press releases, internet postings or other statements, shall be true and are subject to the prior review and approval of Defendants.

**17.0    MISCELLANEOUS**

17.1    The Administrator, Class Counsel and Defendants' Counsel shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of one (1) year after the Final Accounting.  Thereafter the Administrator, Class Counsel and Defendants may destroy such documents they have in their possession.  Nothing in this Agreement shall be construed to require the Administrator, Class Counsel or Defendants' Counsel to retain records beyond their respective, discretionary, record retention policies.

17.2    The Parties and their counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts that may become necessary by order of the Court or otherwise.  The Parties further agree

to cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.  Defendants hereby acknowledge that the Proposed Settlement is fair and reasonable and agree to jointly support Class Counsel in seeking approval of same. Further, Defendants agree not to object to Class Counsel's application to the Court for the legal fees, expenses, Incentive Awards, and Claims Administration costs.

17.3    Disputed issues between the Parties relating to this Agreement and the Claims Process shall be presented to and resolved by the Court in its continuing jurisdiction.

17.4    Following the execution of this Settlement Agreement, the Parties and their Counsel shall expeditiously negotiate in good faith the form and manner of Notice to Class Members, the form of the Claim Form to be used in connection with the administration of distribution of the settlement funds to Class Members, and all other documents and forms necessary to effectuate this Settlement and the Agreement between the Parties.

17.5    The terms and conditions set forth in this Agreement, including documents referenced herein and all attached exhibits, contain the entire and exclusive agreement of the Parties hereto and supersede any prior agreements, negotiations, representations, or understandings between them, and may not be contradicted or supplemented by evidence of any prior or contemporaneous agreement, including the Memorandum of Understanding executed between the Parties on February 11, 2021.  The Parties further intend that this Agreement and all attached exhibits constitute the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence may be introduced in any proceeding concerning the terms of the Proposed Settlement.  Prior or contemporaneous representations not contained in this Agreement shall be of no force or effect.

17.6    All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto.  The terms of this Agreement are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member.  Except as expressly provided in this Agreement, this Agreement is not intended to and does not confer upon any other person or entity any rights or remedies.

17.7    This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, and any material amendments or modifications shall be presented to the Court for approval.  Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

17.8    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement and in violation of the releases contained herein.

17.9    Each Defendant and their respective insurers waives the right to and agrees not to seek contribution, indemnity, reimbursement, compensation or any other relief from any other Defendant or their respective insurers with regard to the implementation of the Shelby County computer system in November 2016 or the Action, including attorneys' fees and expenses incurred in the defense of the Action.  Nothing contained in this Agreement or in any proceedings concerning the Settlement shall in any way affect Defendants' rights to seek contribution, indemnity, reimbursement, compensation or any other relief from any other Person or entity not a

Party or a representative, agent or insurer to a Party to the Action.  All such rights and remedies of Defendants are specifically retained and preserved.

17.10   The waiver by any Party of any breach of this Agreement will not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

17.11   Each of the Parties to this Agreement represents to one another that he/she/it has all requisite power and authority to enter into, deliver and carry out his/her/its obligations pursuant to this Agreement and that this Agreement constitutes a legal, valid, and binding obligation of such Party, which is enforceable against such Party in accordance with its terms.

17.12   As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

17.13   This Agreement may be executed in counterparts, including by signature transmitted by facsimile or electronic mail.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.  This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties or counsel.

17.14   No opinion or advice concerning the tax consequences, if any, of the Proposed Settlement to individual Class Members is given or will be given by Defendants, Defendants' Counsel, or Class Counsel, nor are any representations or warranties in this regard made by virtue of this Agreement.

17.15   In the event of any Party's breach of this Agreement, any other Party hereto may recover all costs and attorneys' fees incurred by such other Part in enforcing, pursuing, or defending such Party's rights pursuant to this Agreement.

CONSENTED AND AGREED TO AS OF
April 2, 2021:

On behalf of the Plaintiff and all Settlement Class
Members:

Frank L. Watson, III
William F. Burns
William E. Routt
WATSON BURNS, PLLC

Michael G. McLaren
William E. Cochran, Jr.
Holly Renken
BLACK MCLAREN JONES RYLAND & GRIFFEE PC

Brice M. Timmons
Craig Edgington
DONATI LAW, PLLC

On behalf of Defendants Bill Oldham, Floyd Bonner, Jr.,
Robert Moore, Kirk Fields, Charlene McGhee, Reginald
Hubbard, Debra Hammons, Tiffany Ward, and Shelby
County, Tennessee:

Robert E. Craddock
Odell Horton, Jr.
Meghan Cox
**WYATT, TARRANT & COMBS, LLP**

43

On behalf of Defendant Tyler Technologies, Inc.:

Bradley E. Trammell
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ,
P.C.**

Beth Bivans Petronio
**K&L GATES, LLP**

44

On behalf of Defendant Global Tel*Link Corporation:

R. Brandon Bundren
**BRADLEY ARANT BOULT CUMMINGS, LLP**

On behalf of Defendant Software AG USA, Inc.:

Douglas F. Halijan
William D. Irvine
**BURCH PORTER & JOHNSON, PLLC**

On behalf of Defendant Sierra-Cedar, Inc.:

_____

Kevin D. Bernstein
Albert G. McLean
**SPICER RUDSTROM, PLLC**

On behalf of Defendant Sierra Systems Group, Inc.:

Heather Gwinn Pabon
**GORDON REES SCULLY MANSUKHANI**

On behalf of Defendant Tetrus Corp.:

_____

Robert A. McLean
Garrett M. Estep
**FARRIS BOBANGO BRANAN, PLC**

49

EXHIBIT

A
exhibitsticker.com

# CLAIM FORM

## SHELBY COUNTY JAIL SUIT CLASS ACTION

*Turnage, et al. v. Oldham, et al., Case No: 2:16-cv-2907*

TO MAKE A CLAIM FOR A PAYMENT, YOU MUST PROVIDE ALL THE REQUESTED INFORMATION, ANSWER ALL QUESTIONS, PROVIDE THE REQUESTED DOCUMENT, SIGN IN FRONT OF A LICENSED NOTARY PUBLIC AND MAIL THIS COMPLETED FORM TO:   INSERT NAME OF ADMINISTRATOR.

**IMPORTANT:   For your claim to be considered for payment, your Claim Form must be put in the mail (postmarked) to the address listed above no later than   INSERT CLAIM DEADLINE.**

Please note that, depending on the total number of claims received, the amount of your settlement payment may be reduced so that each claimant in this settlement receives only a prorated amount.

PLEASE PROVIDE THE FOLLOWING INFORMATION:

Name: _____

Current Street Address: _____

City _____ State _____ Zip Code _____

Social Security Number: _____

Date of Birth:  _____/ _____/ _____

Home Phone Number: _____
**and/or**
Mobile Phone Number: _____

PLEASE ANSWER THE FOLLOWING QUESTIONS:

- I was arrested and then booked into the Shelby County Jail at some point between November 1, 2016 and _____ __, 2021.  Yes ____   No _____

- I was released from the custody of the Shelby County Jail on the following date: _____ _____, 20_____.

1

- I was held at the Shelby County Jail for a period of 9 hours or more after legal authority for my detention ceased.      Yes _____  No _____  I don't know _____

- I believe that I was over detained in the Shelby County Jail for a period of _____ days.

- I believe the reason that I was over detained in the Shelby County Jail is due to the November 2016 implementation of a computer system that allegedly contributed to my untimely release from jail.   Yes _____  No _____  I don't know _____

- I have not filed and do not have pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint filed in the lawsuit.  Yes _____  No _____
  (You may review the Seventh Amended Class Action Complaint on the settlement website: _____)

-  I have not requested to opt out or be excluded from the class.  Yes _____   No _____

## PLEASE PROVIDE THE FOLLOWING DOCUMENT:

- With this Claim Form, provide a copy of ONE of the following:
  (a) Driver's License  OR  (b) Voter Registration Card  OR  (c) Other form of identification such as social security card or work identification card.

## THIS CLAIM FORM MUST BE SWORN TO AND SIGNED IN FRONT OF A NOTARY PUBLIC:

I hereby acknowledge and understand that certain claims of mine against Defendants will be released as per the Released Claims (as defined in the Stipulation of Settlement).

**I swear under oath and declare under penalty of perjury that the information provided by me in this Claim Form is true and correct:**

_____
Printed Name

_____
Signature

Date: _____ ____, 2021.

STATE OF _____

COUNTY OF _____

Personally appeared before me, _____, with whom I am personally acquainted, and who acknowledged that he or she executed the within instrument for the purposes therein contained.

2

SWORN TO AND SUBSCRIBED before me this ___day of_____, 2021.

_____
Notary's Signature

(Seal)


My commission expires: _____


**IMPORTANT NOTE:**  If you are submitting this Claim Form on behalf of a Class Member as a representative (such as a conservator or executor of an estate), please describe the type of representative and attach some verifying documentation.

3

## Instructions for Class Action Claim Form

## Important Information About Making a Claim for Settlement Relief

Shelby County Jail Suit Class Action

## I.  POSSIBLE RELIEF AVAILABLE

### A.  <u>Summary of Settlement Relief and Who May Be Eligible</u>

A proposed settlement has been reached in *Turnage, et al. v. Oldham, et al.*, case no: 2:16-cv-2907 pending in the United States Court for the Western District of Tennessee.  This is a class action lawsuit involving allegations that persons were over detained at the Shelby County, Tennessee Jail as a result of the November 2016 implementation of a computer system.  This settlement will provide eligible Class Members with a payment based on the amount of time each was allegedly over detained.  To be eligible for a settlement payment, the eligible Class Member must have been arrested and then held in confinement at the Shelby County Jail at some point from November 1, 2016 to _____ _____, 2021 for 9 hours or more after legal authority for detention ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to untimely release.  To receive a settlement payment, a Class Member must submit a timely and validly completed, verified claim form.

### B.  <u>Detailed Description of Settlement Relief Available</u>

Class members who complete, verify, and send in a Class Action Claim Form by the Claim Deadline, and who do not opt out or exclude themselves from this settlement (and who are not otherwise excluded from the Class), and whose claims are approved by the Settlement Administrator may receive a settlement payment based on the amount of time the Class Member was allegedly over detained as follows:

- Over detention between 1 and 3 days - $750.00 per day

- Over detention between 4 and 11 days - $1,000.00 per day

- Over detention of 12 days or more - $2,500.00 per day

In no event will any eligible claimant receive more than $75,000.00.  Further, if the total amount of claims exceeds the "Net Settlement Amount" as described in the Stipulation of Settlement, the amount of payment to each eligible claimant may be reduced on a pro-rata basis.  Further, Shelby County has agreed to certain injunctive relief regarding alleged over detention as set forth in the Stipulation of Settlement.

### C.  <u>The Claim-Review Process</u>

The Claim-Review Process is the process and procedure for the presentation, evaluation, and resolution of claims for settlement relief submitted by Class Members.  The Claim-Review Process will be handled by a Settlement Administrator, _____, and will be at no cost to you.

1

4848-0065-8654v3
- 04/01/2021

**D. <u>Making a Claim for Settlement Relief</u>**

    a. <u>Eligibility for Relief</u>

Class Members who submit a timely and fully completed Claim Form by no later than _____ _____, 2021, will be eligible for consideration for a settlement payment.

    b. <u>How to Make a Claim for Settlement Relief</u>

If you wish to make a claim for settlement relief, <u>you **must** fully complete the enclosed Class Action Claim Form and mail it</u> to the Settlement Administrator at _____, with a postmark of no later than _____ _____, 2021. The Claim Form must be signed in front of a licensed Notary Public. If you fail to submit your signed and fully completed Claim Form postmarked by that date, you will not be able to obtain relief under the Settlement. Either way, you are bound by all of the terms of the Stipulation of Settlement, including being precluded from pursuing any claims or matters covered by the Stipulation of Settlement in any pending or future lawsuits or other proceedings.

    c. <u>Verification of Your Claim</u>

Your Class Action Claim Form **<u>must be completed in full and signed in front of a licensed Notary Public</u>**, verifying, among other things, that you were over detained at the Shelby County Jail at some point between November 1, 2016 and _____ _____, 2021. You are to provide all information requested in the Claim Form, answer each question and provide a copy of one piece of identifying information: a copy of your Driver's License, a copy of your Voter's Registration card; or other form of identification such as a social security card or work identification card. If the person who was over detained is deceased or incompetent, then the claimant's representative, *e.g.* executor or conservator, must provide verifying documentation of the representative's capacity to seek Settlement Relief.

    d. <u>Review of Your Claim</u>

Once you return your completed, signed and notarized Claim Form, your claim will be reviewed. The Settlement Administrator will try to complete the evaluation of your claim within thirty (30) days following the Claim Deadline, which is _____ _____, 2021.

**II.    DEADLINE FOR ELECTING RELIEF**

If you wish to make a claim for relief, **you must return your properly completed, signed, and notarized Class Action Claim Form postmarked no later than _____ _____, 2021**. Failure to do so will prevent you from receiving money to which you might otherwise be entitled.

**IV.    IF YOU NEED MORE INFORMATION**

If you have any questions or would like further information about the terms of the settlement, your eligibility for a settlement payment under the Settlement Agreement, or how to make a claim, you

may contact the Settlement Administrator at [PHONE NUMBER] or visit the settlement website at: _____ .

These Instructions are only a summary of the Stipulation of Settlement, which is a more detailed legal document.  The full Stipulation of Settlement is available for you to review at the following website: _____ .

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT.**

_____ _____, 2021

3

**EXHIBIT**

**B**

# SHELBY COUNTY JAIL SUIT CLASS ACTION SETTLEMENT INFORMATION

## BASIC INFORMATION

### 1. What is the lawsuit about?

A class action lawsuit is pending in the United States District Court for the Western District of Tennessee, styled as: *Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen on behalf of themselves and all similarly situated persons, v. Bill Oldham, in his individual capacity as former Sheriff of Shelby County, Tennessee; Floyd Bonner, Jr., in his official capacity as Sheriff of Shelby County, Tennessee; Robert Moore, in his individual capacity as former Jail Director of Shelby County, Tennessee; Kirk Fields, in his official capacity as Jail Director of Shelby County, Tennessee; Charlene McGhee, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; Reginald Hubbard, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; Debra Hammons, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; Tiffany Ward in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; Shelby County, Tennessee, a Tennessee municipality; Tyler Technologies, Inc., a foreign corporation; Global Tel\*Link Corporation, a foreign corporation; Software AG USA, Inc., a foreign corporation; Sierra-Cedar, Inc., a foreign corporation, Sierra Systems Group, Inc., a foreign corporation; and Tetrus Corp, a foreign corporation,* Case No. 2:16-cv-02907-SHM/tmp.   The parties have reached a settlement and the Court has preliminarily approved the settlement.   This is intended to provide you information about the lawsuit, the proposed settlement and your options before the Court makes a final decision on whether to approve the settlement.   Your legal rights might be affected by the settlement of this lawsuit.

The lawsuit concerns the alleged over-detention of persons who were arrested and detained in the Shelby County, Tennessee Jail during the period between November 1, 2016 to _____ _____, 2021 as a result of the November 2016 implementation of a computer system involving the Shelby County Jail.   If you were arrested and detained in the Shelby County Jail at any point during this time period and were held in jail longer than the law provides, you are entitled to benefit from this settlement.   If you were over-detained 9 hours or longer, then you may be eligible for a settlement payment.   If you were not detained during this specific time period or were not held for longer than the law allows, then this settlement does not affect you and you do not need to do anything.

1

The Plaintiffs claim that the Defendants (listed below) violated the civil rights of detainees at the Shelby County Jail or that Defendants were negligent in the implementation of a new computer system in November 2016.  As a result, Plaintiffs claim that persons were over detained, meaning held longer in jail than the law allows.  Defendants disagree and deny they acted unconstitutionally, negligently or improperly.  Defendants maintain that they acted in accordance with the Constitution of the United States and complied with the standards applicable to their respective industries and that they have not acted in a negligent or improper manner with regard to the implementation or operation of any aspect of the computer systems referenced in the lawsuit.  Nonetheless, the parties have concluded that, because the continuation of the claims and allegations in the lawsuit would be protracted and expensive, with an uncertain outcome, it is desirable that such claims be fully and finally settled on a class-wide basis.

<u>Defendants</u>:  Bill Oldham, Floyd Bonner, Jr., Debra Hammons, Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Tiffany Ward, Shelby County, Tennessee, Global Tel*Link Corporation, Sierra-Cedar, Inc., Sierra Systems Group, Inc., Software AG USA, Inc., Tetrus Corp., and Tyler Technologies, Inc.

## 2.  Why is this a class action?

In a class action, Class Representatives (in this case Scott Turnage, Cortez D. Brown, Deontae Tate, Jeremy S. Melton, Aubrey Brown, as administrator ad litem for the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen), sued as Plaintiffs on behalf of people who have similar claims in one lawsuit.  All these people with similar claims are known as a "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who chose to opt-out or exclude themselves from the Class.  Judge Samuel Hardy Mays, Jr. is the judge for this class action.

## 3.  Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the uncertainty and cost of a trial, and the eligible Class Members who do not opt out or exclude themselves from the Class may receive compensation or benefit from the injunctive relief.  The Class Representatives and Class Counsel think the settlement is fair and best for the class.

## WHO IS IN THE SETTLEMENT?

4836-5666-2750v3
- 04/01/2021

To see if you will receive money or other relief from this settlement, you first have to decide if you are a Class Member.

## 4.  How do I know if I am a class member?

Judge Mays decided that everyone who fits the following description is a Class Member (subject to the exclusions in Section 5 below):

> All individuals who, from November 1, 2016 to _____ ___, 2021 were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.

To determine if you are an eligible Class Member:  First you must have been arrested and detained at the Shelby County Jail at some point during the period November 1, 2016 to _____ ___, 2021.  Second, you must have been over-detained during that confinement which means for a period of time after legal authority for your detention ceased.  Third, your over-detention must have been as a result of the November 2016 implementation of a computer system involving the Shelby County Jail.

Further, to be eligible for benefits, you must not be excluded from the Class as per Section 5 below.

## 5.  Who is excluded from the class definitions?

Judge Mays decided that some people will be excluded from and not be a member of the Class.  These people are:  (i) any person who has filed and has pending any case asserting individual claims against one or more of the Defendants (listed above) containing allegations that are substantially similar to the Seventh Amended Class Action Complaint a copy of which can be found on this website; and (ii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

If you are one of these people, then you are not eligible to be part of this class action settlement and will not be eligible for the settlement relief.

Also, the following claims will be excluded from the Class: The claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody,

3

and all other comparable claims not arising from over-detention allegedly caused by the Shelby County computer system.  If you have any of these type of claims, they are not included in this settlement.

### THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

**6.  What does the settlement provide and what will I receive from the settlement?**

An eligible Class Member whose claim is approved by the Administrator may receive a settlement payment based on the amount of time the Class Member was allegedly over-detained as follows:

- Over-detention between 1 and 3 days - $750.00 per day
- Over-detention between 4 and 11 days - $1,000.00 per day
- Over-detention of 12 days or more - $2,500.00 per day

Please note that this is not the total time spent in detention at the Jail, but this is based on the amount of time you may have been <u>over detained</u>.  In no event will any eligible claimant receive more than $75,000.00.  Further, if the total amount of claims exceeds the "Net Settlement Amount" as described in the Stipulation of Settlement, the amount of payment to each eligible claimant shall be reduced on a pro-rata basis.  Further, Shelby County has agreed to certain injunctive relief regarding alleged over-detention as set forth in the Stipulation of Settlement.  In order to be eligible for a settlement payment, individuals must have been over-detained for 9 hours or more.

The Stipulation of Settlement may be found on this website: _____

### HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

**7.  How can I receive a payment?**

To apply for a settlement payment, you must fully complete and mail the Class Action Claim Form to the Administrator.  To get a Claim Form, you can mail a written request to the Administrator, or you can email a request to the Settlement Administrator, or you can visit the Settlement Website, _____ and request a Claim Form, or you may call this Toll Free Number:  **NUMBER.**  Claim Form Instructions are on this website and will accompany a Claim Form.  Read them carefully.  Fill out the Claim Form completely.  You will need to provide basic information about yourself.  You will need to answer some questions.  You will need to provide some form of identification such as a copy of a Driver's License, Voter's Registration card, Social Security card, work identification card or the like.  You must sign the form under oath in front of a licensed Notary Public.  You must mail the

4

completed Claim Form and copy of identification postmarked no later than [DATE] to [ADDRESS].  Once your Claim Form is received, it will be reviewed by the Settlement Administrator:  **INSERT NAME**  Further, if the claimant is deceased or incompetent, then the claimant's representative, *e.g.* executor or conservator, must provide verifying documentation of the representative's capacity in order to receive a settlement payment.

## 8.  When would I receive my payment?

If eligible, you will receive any payment at some point after the Claim Deadline of _____ _____, 2021.  The Court will hold a final hearing on _____ ____, 2021, to decide whether to finally approve the settlement.  If Judge Mays approves the settlement and there are no objections or appeals, then payments to claimants approved by the Administrator should occur shortly after the Claim Deadline, which is _____ ____, 2021.  If anyone objects to the settlement, it is possible, but unusual, for there to be appeals.  Payments will not be made unless and until the settlement is finally approved by Judge Mays and by any appeals court that may be asked to review the settlement approval.  If this unusual event occurs, please be patient.

## 9.  What am I giving up to receive a payment or to stay in the Class?

Unless you opt out or exclude yourself (or are otherwise excluded from the definition of Class Member as outlined above), you will be a member of the Class if the Settlement is approved.  That means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in *this* case and you will be releasing any claims you may have that relate to the allegations in the lawsuit.  It also means that all of the Court's orders will apply to you and legally bind you.

OPTING OUT OR EXCLUDING YOURSELF FROM THE SETTLEMENT

## 10.  What if I want to opt out of the Class, i.e. exclude myself from the Class?

If you do not want a payment or other benefit from this settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to opt out and exclude yourself from the Class.

To opt out or exclude yourself from the Class, you must send a letter by mail to the Administrator saying that you want to be excluded from *Turnage, et al., v. Oldham, et al.*, case no: 2:16-cv-2907 (the Shelby County Jail Suit).  Be sure to include your name, address, and telephone number.  This must be signed by you in front of a licensed Notary Public.  You must mail your opt out request postmarked no later than _____ _____, 2021, to:

5

*[INSERT NAME/ADDRESS OF SETTLEMENT ADMINISTRATOR]*

You cannot opt out or exclude yourself on the phone or by e-mail. If you opt out, you will not receive any settlement benefits, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future about the issues in this lawsuit.

## 11. If I do not opt out or exclude myself, may I sue Defendants for the same thing later?

No. Unless you opt out or exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____ ___, 2021.

## 12. If I opt out or exclude myself, can I receive money from this settlement?

No. If you opt out or exclude yourself, you may not send in a Claim Form to ask for any money.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

Frank L. Watson, III, William F. Burns, William E. Routt, III, WATSON BURNS, LLC, 253 Adams Ave, Memphis, TN 38103; and Michael G. McLaren, William E. Cochran, Jr., BLACK McLAREN JONES RYLAND & GRIFFEE PC, 530 Oak Court Drive, Suite 360, Memphis, TN 38117; and Brice Timmons, Donati Law PLLC, 1545 Union Ave., Memphis, TN 38104 represent you and other Class Members in this case. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the Class Counsel lawyers be paid?

Class Members are not responsible for payment of the attorneys' fees for Class Counsel. Instead, Class Counsel will ask the Court for payment of attorneys' fees and expenses up to $2,400,000.00. Defendants will separately pay Class Counsels' fees and expenses in the amount Judge Mays approves. Defendants will also separately pay the costs to administer the settlement up to $300,000.00.

### OBJECTING TO THE SETTLEMENT

4836-5666-2750v3 - 04/01/2021

You can object to the Settlement and tell the Court that you do not agree with the settlement or some part of it.

## 15.  How do I tell the Court that I do not like the settlement?

If you are a Class Member, you may object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must file your objection with the Clerk of the Court (at the address below) no later than _____ _____, 2021 and you must mail your objection to the Administrator at the following address no later than _____ __, 2021: _____.  The objection must say that you object to the *Turnage, et al., v. Oldham, et al.,* case no: 2:16-cv-2907 settlement (Shelby County Jail Class Action Settlement).  You should include a statement of the objection(s), as well as the specific reason(s) for each objection, including any legal support or evidence you wish to present to the Court.  You may file the objection(s) either on your own or through an attorney hired at your expense.  Be sure to include your name and your attorney's name, address, telephone number and your signature.  In addition to filing the objection(s) with the Clerk, you must mail the objection(s) to the Administrator postmarked no later than _____ ____, 2021.

## 16.  What is the difference between objecting and opting out?

Objecting is simply telling the Court that you do not like something about the settlement and the reasons why.  You can object only if you stay in the Class.  Opting Out or excluding yourself is telling the Court that you do not want to be part of the Class.  If you opt out or exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL (OR FAIRNESS) HEARING

The Court will hold a hearing to decide whether to give final approval to the settlement.  You may attend, and if you have properly filed an objection, you may ask to speak, but you do not have to do so.

## 17.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval (or Fairness) Hearing at **TIME** on _____ _____, 2021 at the Federal Court house, 9th Floor, 167 N. Main Street, Memphis, Tennessee.  This hearing may occur via videoconference.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Mays may listen to people who have

7

filed objections and have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. Due to the ongoing pandemic, the Court may change the date of this hearing without further notice to the Class. You should check the settlement website before the hearing date for information about updates or changes in hearing dates.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Mays may have. But, you are welcome to come at your own expense. If you submit an objection, you may attend the hearing, but you do not have to do so. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval (or Fairness) Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Turnage, et al. v. Oldham, et al.,* case no: 2:16-cv-2907." Be sure to include your name, address telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____ ____, 2021, and be sent to the Clerk of the Court, and the Administrator at the addresses contained herein. You cannot speak at the hearing if you have opted out or excluded yourself from the Class.

### IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you opt out or exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the particular legal issues in this case.

### OBTAINING MORE INFORMATION

## 21. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Stipulation of Settlement which can be found on this website. You can also contact the Administrator at NUMBER with specific questions.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

4836-5666-2750v3
- 04/01/2021

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | Receive a payment if:<br>(a) you were allegedly over-detained 9 hours or more as a result of the November 1, 2016 implementation or a computer system involving the Shelby County Jail during the class period; and<br>(b) you make a timely and validly completed claim in the Settlement as approved by the Administrator; and<br>(c) you are not otherwise excluded from the Class as per Section 5 above. |
| **OPT OUT OR EXCLUDE YOURSELF** | Receive no settlement or payment.  This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court if you disapprove of the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no settlement payment and lose the opportunity to submit a claim to recover from Defendants if the settlement is approved by the Court. |

DATE: _____ _____, 2021.

9

**EXHIBIT**

**C**

_____

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### Shelby County Jail Suit Class Action Settlement

**If you were arrested and detained at the Shelby County, Tennessee Jail at some point between November 1, 2016 and _____ _____, 2021 for longer than you should have been, you may be eligible to receive a cash payment from a Class Action Settlement.**

## SUMMARY DESCRIPTION OF THE LAWSUIT

There is a proposed Class Action Settlement of the lawsuit pending in the U.S. District Court for the Western District of Tennessee entitled *Turnage, et al. v. Oldham, et al.*, case no: 2:16-cv-2907. This lawsuit involves persons who were allegedly over detained at the Shelby County, Tennessee Jail as a result of the November 2016 implementation of a computer system. The Action alleged that Defendants violated state and federal laws by detaining persons arrested between November 1, 2016 and _____ _____, 2021 for a period of time longer than the law provides. Defendants deny any and all wrongdoing of any kind whatsoever and deny any liability to Plaintiffs and to the Settlement Class. The Court has not decided who is right. Both sides have agreed to settle the dispute. The Settlement provides an opportunity for payments and other benefits to Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement Class includes: All persons who, between November 1, 2016 and [**date**], were arrested and then detained in the Shelby County Jail after legal authority for the detention ceased. More information is available at the Settlement Website, [**website**], or by calling [**number**].

## WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides a Gross Settlement Amount of $4,900,000.00 to pay (1) Claims of eligible Settlement Class Members; (2) the costs of administration; (3) Attorneys' Fees and Expenses; and (4) any Incentive Awards made by the Court to Plaintiffs. Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash payment from the Settlement. The actual amount recovered by each Settlement Class Member is based on the amount of time the Class Member was allegedly over detained and will not be determined until after the Claim Period has ended and all claims have been calculated.

## WHAT ARE MY RIGHTS?

1.      **Participate in the Settlement by Submitting a Claim**. If you wish to participate in the Settlement and be eligible to receive a cash benefit under the Settlement, you MUST fill out and submit a Claim Form by [**Date**], **2021**. You can obtain a Claim Form by (1) Visiting the Settlement Website, _____, where you can request a Claim Form to submit by mail; (2) Mailing a written request for a Claim Form to: Shelby County Jail Suit Class Action, Settlement Administrator, _____; (3) Emailing a request for a Claim Form to: _____; or (4) Calling Toll-Free [**number**] and requesting a Claim Form. If you do not timely submit a valid Claim Form and do not opt out from the Settlement, you will be bound by the Settlement but will not receive any cash benefit of the Settlement.

1

2.     **You Can Object to the Settlement**. If you do not agree with the Settlement or any part of it, you may submit a written objection to the Court. The deadline for submitting an objection is [**Date**], **2021**. You may not object if you opt out of the Class. Details about how to object are available at [**website**].

3.     **You Can "Opt Out" of the Settlement**. If you do not want to be legally bound by the Settlement, you must elect to opt out and exclude yourself by submitting a written notice of opt out to the Administrator by [**Date**], **2021**. If you opt out, you cannot get money from this Settlement. Details about opt-out or exclusion are available at [**website**], which explains how to exclude yourself from this settlement.

4.     **If You Do Nothing**: If you fail to timely submit a complete Claim Form or notice of opt out, you will be bound by the Court's decisions and precluded from pursuing any claims or matters covered by the Settlement in any pending or future lawsuits or other proceedings.

## OTHER IMPORTANT INFORMATION INCLUDING RELEASE OF CLAIMS

If the proposed Settlement is given final approval by the Court, Class Members who have not excluded themselves from the settlement will release any and all claims they may have against Defendants related to the claims asserted in the lawsuit regarding alleged over detention at the Shelby County Jail. Please see the Settlement at [**website**] for more information.

The Court has appointed Class Counsel as follows:

WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103
Phone: (901) 529-7996

BLACK McLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
Phone: (901) 762-0535

Brice Timmons
Donati Law, PLLC
1545 Union Ave.
Memphis, TN  38104
Phone:  (901) 209-5500

Class Counsel will be compensated from the proceeds of the Settlement and you will not otherwise be charged for their services in representing the Class.

The Court will hold a hearing on [**Date**], **2021** at [**Time**] to consider whether to give final approval to the Settlement, including a request for Attorneys' Fees and Expenses up to $2,400,000.00 and Incentive Awards for the named Plaintiffs totaling up to $140,000.00 from the Gross Settlement Amount. You or your own lawyer may appear and speak at the hearing at your own expense.

### FOR MORE INFORMATION:

**Visit [website] or Call Toll-Free [number]**

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE**

2

EXHIBIT

D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | § § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No. 2:16-cv-02907-SHM/tmp |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

This is a class action that is a consolidation of several suits, all of which have been consolidated in this Court under docket 2:16-cv-2907 (hereinafter the "Action") [*See* ECF Nos. 41, 42, 85, 89, 101)].  Plaintiffs, on behalf of themselves and all those similarly situated, allege that Defendants violated their constitutional rights under 42 U.S.C. §§ 1983 and 1988 and were negligent in the November 2016 implementation and operation of a new computer system involving the Shelby County Jail.  Defendants deny any wrongdoing or liability.  The Parties have reached a settlement and seek approval of the settlement from the Court.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Preliminary Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated March _____, 2021 (the "Agreement") and all exhibits thereto. [ECF No. ____.]  Unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement. Having carefully reviewed the Motion, the Agreement, related exhibits, and pertinent portions of the record, the Motion is **GRANTED**.

It is hereby **ORDERED** as follows:

1.        **Preliminary Approval.** After a lengthy negotiation process, the Agreement was entered into by and among the Plaintiffs and Defendants at arm's length and is not collusive. The settlement is approved on a preliminary basis, for settlement purposes only, as fair, reasonable, and adequate and is in the best interests of the proposed Settlement Class, subject to further consideration at the Final Approval Hearing.

2.        **Settlement Class.**  Solely for purposes of settlement, the Parties have proposed certification of the following Settlement Class under F.R.C.P. 23:

All individuals who, from November 1, 2016 to _____ __, 2021, were detained in confinement at the Shelby County Jail after legal authority for those

2

detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.

Excluded from the Settlement Class are:  (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

3.      **Settlement Class Relief.** The total Gross Settlement Amount of $4,900,000.00 and the Net Settlement Amount as set forth in the Agreement are approved on a preliminary basis as fair, reasonable and adequate.  The proposed Claim Settlement Payments to Class Members based on the amount of time the Class Member was allegedly over detained, as well as a pro rata reduction of a claimant's settlement payment if the total amount of submitted claims exceeds the Net Settlement Amount, is approved on a preliminary basis as fair, reasonable, and adequate.  Some Class Members do not qualify for compensation due to the relatively short period of alleged over detention, especially when it is recognized that a period of time is necessary to process and release detainees.  Regardless, these Class Members (as well as Class Members who receive compensation) will benefit from the injunctive relief described herein in Section 15.  This proposed injunctive relief is approved on a preliminary basis as fair, reasonable and adequate.

4.      **Preliminary Certification of Settlement Class.** The proposed Settlement Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  Certification of a

class is appropriate, in part, because Defendants do not object to class certification in the context

of this Settlement.   The Court preliminarily certifies the Settlement Class for purposes of

settlement only under Fed. R. Civ. P. 23(a) and (b)(3), and the Court makes the following

determinations as to certification of the Settlement Class:

      4.1      The requirements of Rule 23(a)(1) are met because the Class appears to consist

of some _____ persons who may have been allegedly over detained as a result of the November

2016 implementation and operation of the computer system.   Thus, the Settlement Class is so

numerous that joinder of all members is impracticable;

      4.2      The requirements of Rule 23(a)(2) are met because there is a community of

interest among members of the class in certain questions of law or fact that are common to the

class.  For certification for settlement purposes, these issues are common issues that, if resolved

for one Class Member, will be resolved for all Class Members.  Those questions include, but are

not limited to:  (i) whether the U.S. Constitution protects arrestees' right to be released from

detention after the time when legal authority for detention has ceased; (ii) whether one or more

of the Defendants was negligent in the November 2016 implementation and/or operation of a

new computer system involving the Shelby County Jail.  Thus, there are questions of law or fact

common to the members of the Settlement Class;

      4.3      The requirements of Rule 23(a)(3) are met because the claims of the Plaintiffs

are typical of the claims of the Class.  For example, like the Plaintiffs, each Class Member was

allegedly over detained at the Shelby County Jail during the class period;

      4.4      The requirements of Rule 23(a)(4) are met because the Plaintiffs that are

seeking to represent a class are able to fairly and adequately protect the interests of Class

Members.  The interests of the Plaintiffs are consistent with those of the putative class; there are

no conflicts between or among the Plaintiffs and the putative class; and the Plaintiffs have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Action.  Moreover, the Plaintiffs and the putative class are represented by qualified, reputable counsel ("Class Counsel") who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaints.

4.5      For settlement purposes only, certification of the class is appropriate under Rule 23(b)(3), because common questions of law and fact predominate over questions affecting only individual members of the Settlement Class and resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The common factual and legal issues, including those identified herein, are sufficiently cohesive to warrant adjudication by representation.  For example, the Class Members have allegedly suffered a common violation of their due process rights as the result of the November 2016 implementation and/or operation of a new computer system in Shelby County.  The Class Members' legal claims arise exclusively under Sections 1983 and 1988, as well as Tennessee law, and therefore do not involve the application of other state's laws.  Further, a Class Action is a fair and efficient adjudication of this controversy because individual litigation of these claims may not be economically feasible for the vast majority of Class Members and would be procedurally impracticable.  Additionally, individual litigation would also present the potential for varying, inconsistent or contradictory judgments while magnifying the delay and expense to all parties in the Court system.

5.      **Designation of Class Representatives.** Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell,

Keith Burgess, Travis Boyd, Terrence Drain**,** and Kimberly Allen are designated as the representatives of the Settlement Class for the sole purpose of seeking approval of and administering the Settlement Agreement.

6.      **Designation of Class Counsel.**  The law firms of Watson Burns, PLLC and Black McLaren Jones Ryland & Griffee, PC, and Brice Timmons, attorney, are designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7.      **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at **TIME** on _____ _____, 2021 in Memphis, Tennessee before the Honorable Samuel Hardy Mays, Jr. to determine, among other things: (i) whether final judgment should be entered resolving and approving the settlement of Class Members' claims against Defendants as fair, reasonable, and adequate; (ii) whether Class Members' claims against Defendants in the Action should be dismissed with prejudice pursuant to the Agreement; (iii) whether Class Members should be bound by the Release set forth in the Agreement; and (iv) whether the application of Class Counsel for an award of attorney's fees and expenses (including any Incentive Awards to Plaintiffs) should be approved and in what amounts. The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite limitations on in-court hearings related to the COVID-19 pandemic.  Any Class Member who files a notice of intent to appear shall be provided with information required to access the telephonic or video hearing.

8.      **Class Notice.**

8.1      The Court approves the methods of providing notice to Class Members via publication as described in the Agreement, including the proposed Class Notices attached as

6

Exhibits _____ to the Agreement. Notice by publication is appropriate in this instance in light of the unique and compelling circumstances of this matter as shown through the declaration of _____ and arguments of counsel. **[INSERT ARGUMENTS FROM THE DECLARATION]** The Court finds that notice as described in the Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to opt out and exclude themselves from the Settlement Class. The Court finds that mail notice would not be practical in this particular matter, but rather that notice by publication is more reasonable, including the use of a Settlement website and the other forms of notice described in the Agreement. The Court finds that the notice process set forth in the Agreement is fair, reasonable, adequate, and constitutes due, sufficient notice to all persons entitled to receive notice, and meets all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

8.2    Within _____ days of entry of this Order, the Class Notice, in the form and content of Exhibit _____ to the Agreement, shall be published in the various newspapers as provided in the Agreement and posted on a settlement website to be developed by the Administrator. The Administrator shall also cause a summary notice to be placed in internet banner advertising through an internet advertising network provider. The proposed notice complies with the requirements of Rule 23(c) and is due and sufficient Notice to persons entitled to notice.

8.3    No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, Claim Form, Spanish translations of the Class Notice and Claim Form, the Seventh Amended Class Action Complaint, and such other

7

documents and information about the Settlement as Class Counsel and Defendants' Counsel agree upon. The Settlement website shall have a Uniform Resource Locator which identifies the Settlement website at **www.shelbycountyjailclassaction.com,** or such other URL as Class Counsel and Defendants' Counsel agree upon. The Settlement website shall not include any advertising and shall not bear any logos or trademarks of the Defendants. The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website no later than the Final Accounting as set forth in Section _____ of the Agreement.

No later than the posting of the Class Notice, the Settlement Administrator shall establish a toll-free interactive voice response phone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Class Notice and Claim Form. At Defendants' option, the settlement telephone line may also provide for live operators during select times to answer certain basic questions about the Settlement. The Administrator shall send the Class Notice and Claim Form, and Spanish translations of both, upon request of any Class Members. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or direct any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

8.4     The proposed Claim Form (attached as Exhibit ____ to the Agreement) allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based upon the Class Member's alleged period of over detainment. Moreover, the Claim Form fairly, adequately and reasonably informs potential claimants of their rights.

8

To be considered valid and timely, a Claim Form must be materially complete, and mailed to the Administrator postmarked no later than _____ days after the Final Approval Hearing. Under the particular circumstances of this matter (as presented by the declaration of _____ and argument of counsel), the Court finds and orders that all Claim Forms must be signed under penalty of perjury in front of a licensed Notary Public. Class Members are persons who have been arrested for alleged criminal law violations.  In an effort to insure integrity of the Claim Form and Claim Settlement Payment process, the Court finds that executing the Claim Form under penalty of perjury before a licensed Notary Public is well-founded under the circumstances.  Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by legally authorized representatives, with written evidence of authority.  Therefore, the Court approves the proposed Claim Form attached as Exhibit ____ to the Agreement.

8.5     Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendants' Counsel with an affidavit or declaration attesting that Class Notice has been published in accordance with the Preliminary Approval Order and the Agreement, and identifying Persons who submitted timely and valid Requests for Opt Out or Exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing.

8.6     The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit ___ to the _____ complies with the requirements of CAFA. Defendants' mailing of the CAFA notice on _____ _____  ___, 2021 discharges Defendants' obligations pursuant to CAFA.

8.7     In sum, the Court determines that notice by publication as proposed by the

9

Parties (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the particular circumstances of this case, to apprise Class Members of the pendency of the action and of their right to object to the proposed settlement or exclude themselves from the Class; (iii) is fair, reasonable and adequate, and constitutes due, adequate, and sufficient notice to persons entitled to receive notice; and (iv) meets all applicable requirements of Rule 23 under the Federal Rules of Civil Procedure and the due process clause of the United States Constitution.

9. **Settlement Administrator.** The Court approves and authorizes the retention of _____ as the Administrator to implement the terms of the Agreement, and authorizes and directs the Administrator to (a) publish the Class Notice; (b) establish a toll free number phone line system; (c) establish the Settlement website; (d) receive and process Claim Forms; and (e) carry out such other responsibilities as are provided for in the Agreement or as may be agreed to by Class Counsel and Defendants, all according to and as provided in the Agreement.

10. **Exclusion from the Settlement Class.** Members of the class who wish to opt out of the settlement must submit a written request to opt out to the Administrator within thirty (30) days after entry of this Order.  The person who desires to opt out must sign the opt out notice in front of a licensed Notary Public.  Any opt outs must be submitted individually, and no Class Member may submit an opt out for another Class Member.  There shall be no group, representative or class opt outs.

10.1     Except for Class Members who timely submit a valid request for exclusion from the Settlement Class, all other Class Members will be deemed to be Class Members for all purposes under the Agreement, and upon the Effective Date will be bound by its terms, including, but not limited to, the releases in Section ____ of the Agreement and Final Judgment approving the

10

Settlement.

10.2    If the proposed Settlement is finally approved, any Class Member who has not submitted a written request to opt out and be excluded from the Settlement Class shall be bound by the Final Judgment and all proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendants relating to any of the claims released as defined in the Agreement.

11.    **Objections and Appearances.** Any Class Member who does not submit a valid request for exclusion may object to the Settlement by complying with the procedures and deadlines in the Agreement. The Class Notice and Settlement website will identify the requirements to assert a valid written objection.

11.1    Any Class Member who wishes to object to the Settlement must do so in a writing filed with the Clerk of Court, and mailed to the Administrator at the address identified in the Class Notice and on the Settlement website, postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing, as identified in this Order. To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member and of counsel, if represented; (c) the dates that the person objecting alleges he or she was over detained in the Shelby County Jail; and (d) the factual and legal basis for the objection.

11.2    Any Class Member who fails to object to the Settlement in the manner described in this Order shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

4848-4502-2431v4
2939324-000001 04/02/2021

12.    **Releases.** If the Settlement is finally approved, Plaintiffs and each Class Member, shall, by operation of the Final Judgment be bound by the following release, which the Court preliminarily finds to be fair and reasonable:

Plaintiffs and each of the Class Members (who have not timely and validly opted out), irrevocably and expressly waive, and fully, finally and forever settle and release the Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

Excluded from this release are:  (i) any Person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance

4848-4502-2431v4
2939324-000001 04/02/2021

of doubt, all pending claims in this Action are released); (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system; and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement.

Further, if the Settlement is finally approved, the Defendants and their insurers, subrogees, successors, assigns, and affiliates shall be bound by the release provisions set forth in paragraph 9.2 of the Agreement, as follows:

Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification, contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.

13. **Attorneys' Fees, Expenses, and Incentive Awards.** The total of all

4848-4502-2431v4
2939324-000001 04/02/2021

applications for attorneys' fees and expenses by Class Counsel and any other person on behalf of Class Members shall not exceed $2,400,000.00.  Class Counsel agree that the amount of such fees and expenses awarded shall fully compensate them for all work and expenses in this Action for the claims asserted before and after entry of Final Judgment. Defendants agree not to oppose or otherwise object to such an application by Class Counsel for, and Class Counsel agree not to seek, an award of attorneys' fees and expenses that exceeds the foregoing total amount.  The total of all applications for Incentive Awards for all Class Representatives shall not exceed $140,000.00 ($17,500.00 for each Plaintiff).  Defendants agree not to oppose or otherwise object to such application for Incentive Awards by Class Counsel for the Class Representatives, and Class Counsel agree not to seek incentive awards that exceed the foregoing total or individual amounts.  The Court will determine the final award of attorneys' fees and incentive awards at the Final Approval Hearing.

14.     **Preliminary Injunction as to Plaintiffs.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Defendant; and (b) organizing any Class Members into a separate opt-out class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released

14

Claims.

15.      **Injunction as to Defendant Shelby County, Tennessee**.   The proposed injunctive relief, as identified in the Agreement, is approved, for settlement purposes only, on a preliminary basis as fair, reasonable and adequate:  The Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division.  Arrestees will not be admitted to the facility unless charged with the crime(s) that they are being arrested for, supported by an arrest warrant and/or an affidavit of complaint.  Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner. The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates/detainees to submit administrative grievances.  Access to the grievance procedure will be made available to all inmates/detainees, and inmates/detainees will not be subjected to retaliation for filing grievances.  The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

A grievance based on a claim that an inmate/detainee is being held beyond his/her release date will be eligible for expedited review under the County's emergency grievance review process.  To submit such a grievance, inmate/detainee must give the grievance to their pod officer, who will promptly forward the grievance to the Shift Commander.  A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member.  The Captain will provide the inmate/detainee with written notification of the

15

actions being taken within seventy-two (72) hours of the commencement of the investigation and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology Department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventative measure against possible detentions without timely arraignments.   The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of 1 year from the date of final approval of this settlement by the Court.

The parties agree and stipulate, and this Court finds, that the injunctive relief is:

1)      Narrowly drawn;

2)      Extends no further than necessary to correct the alleged violations of the federally secured rights of the class; and

3)      Is the least intrusive means necessary to correct the violation of the federal right.

The parties agree and stipulate, and this Court finds, that this injunctive relief will have no adverse impact on the operation of the jails.

The parties agree and stipulate, and this Court finds, that nothing in this injunctive relief requires or permits any government official to exceed his or her authority under state or local law or otherwise violates state or local law.

16.    **Service of Papers.** Class Counsel and Defendants' Counsel shall promptly furnish to each other any objections or requests for exclusion that they receive and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

16

17.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or Final Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated pursuant to the terms of the Agreement for any reason.

In such event, and except as provided therein, the proposed Settlement and Agreement shall have no further force or effect, and all proceedings that have occurred with regard to the Agreement and the Settlement shall be without prejudice to the rights and contentions of the parties and any Class Members; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement and negotiation privileges; this Order and other orders entered by the Court pursuant to the Agreement will be treated as vacated, *nunc pro tunc*; the Agreement and the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.     **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or as an admission or concession that the class is certifiable in the absence of a settlement, or by or against Plaintiffs or Class Members that their claims lack merit or that the relief requested in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

4848-4502-2431v4
2939324-000001 04/02/2021

19.    **Stay.** All proceedings in this action as to the claims of Plaintiffs against Defendants are stayed, except as necessary to effectuate the terms of the Settlement.

20.    **Necessary Steps.** The Court authorizes and directs the parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Agreement.

**IT IS SO ORDERED**, this _____ day of _____, 2021.

_____
Samuel Hardy Mays, Jr.
UNITED STATES DISTRICT JUDGE

4848-4502-2431v4
2939324-000001 04/02/2021

EXHIBIT

E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,** | § § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § | |
| | § | **Case No. 2:16-cv-02907-SHM/tmp** |
| **BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation** | § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § § § § | |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEY'S FEES AND INCENTIVE AWARDS, AND ENTERING FINAL JUDGMENT

This is a class action that is a consolidation of several suits, all of which have been consolidated in this Court under docket 2:16-cv-2907 (hereinafter the "Action") [*See* ECF Nos. 41, 42, 85, 89, 101)].  Plaintiffs, on behalf of themselves and all those similarly situated, allege that Defendants violated their constitutional rights under 42 U.S.C. §§ 1983 and 1988 and were negligent in the November 2016 implementation and operation of a new computer system involving the Shelby County Jail.  Defendants deny any wrongdoing or liability.  The Parties reached a settlement.  Previously, the Court entered an "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" [ECF No. __].  Now the Parties seek final approval of the settlement from the Court.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Final Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated March ____, 2021 (the "Agreement") and all exhibits thereto.  [ECF No.____.]  Unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement. Having carefully reviewed the Motion and Memorandum seeking Final Approval, the Agreement, related exhibits, and pertinent portions of the record, the Motion is **GRANTED**.

It is hereby **ORDERED** as follows:

1.      **Final Approval.** After a lengthy negotiation process, the Agreement was entered into by and among the Plaintiffs and Defendants at arm's length and is not collusive. Previously, a Motion for Preliminary Approval was filed and considered by the Court [ECF No. ], and the Court entered an "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" [ECF No. __].  Thereafter, Plaintiffs filed the Motion at issue and a hearing was held on the same [ECF No.  ].  Based on the entire record in this cause,

2

the Settlement is finally approved as fair, reasonable, and adequate and is in the best interests of the proposed Settlement Class.

      2.        **Settlement Class.**  Solely for purposes of settlement, the Parties have proposed certification of the following Settlement Class under F.R.C.P. 23:

> All individuals who, from November 1, 2016 to_____ __, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.
>
> Excluded from the Settlement Class are:  (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

      3.        **Settlement Class Relief.**  The total Gross Settlement Amount of $4,900,000.00 and the Net Settlement Amount as set forth in the Agreement are finally approved as fair, reasonable and adequate.  The proposed Claim Settlement Payments to Class Members based on the amount of time the Class Member was allegedly over detained, as well as a pro rata reduction of a claimant's settlement payment if the total amount of submitted claims exceeds the Net Settlement Amount, is finally approved as fair, reasonable, and adequate.  Some Class Members do not qualify for compensation due to the relatively short period of alleged over detention, especially when it is recognized that a period of time is necessary to process and release detainees.  Regardless, these Class Members (as well as Class Members who receive compensation) will benefit from the injunctive relief described herein in Section 11.  This

3

proposed injunctive relief is finally approved as fair, reasonable and adequate.

4.     **Final Certification of Settlement Class.** The proposed Settlement Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  Certification of a class is appropriate, in part, because Defendants do not object to class certification in the context of this Settlement.  The Court finally certifies the Settlement Class for purposes of settlement only under Fed. R. Civ. P. 23(a) and (b)(3), and the Court makes the following determinations as to certification of the Settlement Class:

4.1     The requirements of Rule 23(a)(1) are met because the Class appears to consist of some _____ persons who may have been allegedly over detained as a result of the November 2016 implementation and operation of the computer system.  Thus, the Settlement Class is so numerous that joinder of all members is impracticable;

4.2     The requirements of Rule 23(a)(2) are met because there is a community of interest among members of the class in certain questions of law or fact that are common to the class.  For certification for settlement purposes, these issues are common issues that, if resolved for one Class Member, will be resolved for all Class Members.  Those questions include, but are not limited to:  (i) whether the U.S. Constitution protects arrestees' right to be released from detention after the time when legal authority for detention has ceased; (ii) whether one or more of the Defendants was negligent in the November 2016 implementation and/or operation of a new computer system involving the Shelby County Jail.  Thus, there are questions of law or fact common to the members of the Settlement Class;

4.3     The requirements of Rule 23(a)(3) are met because the claims of the Plaintiffs are typical of the claims of the Class.  For example, like the Plaintiffs, each Class Member was

4

allegedly over detained at the Shelby County Jail during the class period;

4.4     The requirements of Rule 23(a)(4) are met because the Plaintiffs that are seeking to represent a class are able to fairly and adequately protect the interests of Class Members.  The interests of the Plaintiffs are consistent with those of the class; there are no conflicts between or among the Plaintiffs and the class; and the Plaintiffs have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Action.  Moreover, the Plaintiffs and the class are represented by qualified, reputable counsel ("Class Counsel") who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaints.

4.5     For settlement purposes only, certification of the class is appropriate under Rule 23(b)(3), because common questions of law and fact predominate over questions affecting only individual members of the Settlement Class and resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The common factual and legal issues, including those identified herein, are sufficiently cohesive to warrant adjudication by representation.  For example, the Class Members have allegedly suffered a common violation of their due process rights as the result of the November 2016 implementation and/or operation of a new computer system in Shelby County.  The Class Members' legal claims arise exclusively under Sections 1983 and 1988, as well as Tennessee law, and therefore do not involve the application of other state's laws.  Further, a Class Action is a fair and efficient adjudication of this controversy because individual litigation of these claims may not be economically feasible for the vast majority of Class Members and would be procedurally impracticable.  Additionally, individual litigation would also present the potential for varying, inconsistent or contradictory judgments

5

while magnifying the delay and expense to all parties in the Court system.

5. **Designation of Class Representatives.** Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain**,** and Kimberly Allen are finally designated as the representatives of the Settlement Class for the purpose of administering the Settlement Agreement.

6. **Designation of Class Counsel.** The law firms of Watson Burns, PLLC and Black McLaren Jones Ryland & Griffee, PC, and Brice Timmons, attorney, are finally designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. **Class Notice.**

7.1 In accordance with the Preliminary Approval Order, on _____, ___, 2021, the Administrator provided Class Counsel and Defendants' Counsel with an [TBD - affidavit or declaration] attesting that Class Notice had been published in accordance with the Preliminary Approval Order and the Agreement, and identifying Persons who submitted timely and valid Requests for Opt Out or Exclusion. Class Counsel filed the [affidavit(s) or declaration(s)] with the Court before the Final Approval Hearing. [ECF. No. ___].

7.2 The Court previously approved the methods of providing notice to Class Members via publication as described in the Agreement, including the proposed Class Notices attached as Exhibits ____ to the Agreement. Based upon the filings and the record as a whole, the Court finds that notice to the class was given in accordance with the Preliminary Approval Order. Notice by publication was appropriately given by the Settlement Administrator and was adequate and sufficient in this instance in light of the unique and compelling circumstances of this matter as shown through the declaration of _____ and arguments of counsel. The Court

6

finds such notice was reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to opt out and exclude themselves from the Settlement Class. The Court finds that mail notice would not be practical in this particular matter, but rather that notice by publication is more reasonable, including the use of a Settlement website and the other forms of notice described in the Agreement, all of which was performed by the Settlement Administrator in compliance with the Preliminary Approval Order.  The Court finds that the notice provided to the class was fair, reasonable, adequate and constituted due, sufficient notice to all persons entitled to receive notice, and met all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

7.3     In accordance with the Preliminary Approval Order, the Court finds that the Class Notice was published in the various newspapers as provided in the Agreement and posted on a settlement website developed by the Administrator.  The Administrator caused a summary notice to be placed in internet banner advertising through an internet advertising network provider.  The notice provided complied with the requirements of Rule 23(c) and was due and sufficient Notice to persons entitled to notice.

7.4     In accordance with the Preliminary Approval Order, the Settlement Administrator established a website containing copies of the Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, Claim Form, Spanish translations of the Class Notice and Claim Form, the Seventh Amended Class Action Complaint, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agreed upon. The Settlement website included a Uniform Resource Locator which identifies the Settlement website at **www.shelbycountyjailclassaction.com**. The

7

Settlement website did not include any advertising and did not bear any logos or trademarks of the Defendants.

In accordance with the Preliminary Approval Order, the Settlement Administrator established a toll-free interactive voice response phone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Class Notice and Claim Form. The settlement telephone line provided live operators during select times to answer certain basic questions about the Settlement. In accordance with the Preliminary Approval Order, and based upon the filing and records as a whole, it appears to the Court that the Administrator sent the Class Notice and Claim Form, and Spanish translations of both, to each Class Member who requested same. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Excepting requests for the Class Notice or Claim Form, it appears to the Court that the Administrator promptly advised Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or directed any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel could timely and accurately respond to such inquiries.

7.5      The Claim Form (attached as Exhibit ___ to the Agreement) allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based upon the Class Member's alleged period of over detainment.   Moreover, the Claim Form fairly, adequately and reasonably informs potential claimants of their rights.

As per the Preliminary Approval Order, to be considered valid and timely, a Claim Form must be materially complete, and mailed to the Administrator postmarked no later than _____ __, 2021. Claim Forms may be submitted on behalf of deceased or incapacitated

4848-5726-6657v3
2939324-000001 04/02/2021

Class Members by legally authorized representatives, with written evidence of authority.  Claim Forms request certain information and must be signed under penalty of perjury in front of a licensed Notary Public. . Class Members are persons who have been arrested for alleged criminal law violations.  Thus, under the particular circumstances of this matter (as presented by the declaration of _____ and argument of counsel), the Court finds the Claim Form is necessary and appropriate, including the execution of the Claim Form under penalty of perjury before a licensed Notary Public, in an effort to insure the integrity of the Claim Form and Claim Settlement Payment process. ,   Therefore, the Court finally approves the proposed Claim Form attached as Exhibit ____ to the Agreement and finds that it is fair, reasonable and adequate.

7.6     The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit __ to the _____ complies with the requirements of CAFA. Defendants' mailing of the CAFA notice on _____ _____  __, 2021 discharges Defendants' obligations pursuant to CAFA.

7.7     In sum, the Court determines that Notice by publication provided by the Parties (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the particular circumstances of this case, to apprise Class Members of the pendency of the action and of their right to object to the proposed settlement or exclude themselves from the Class; (iii) is fair, reasonable, adequate and constitutes due, sufficient notice to persons entitled to receive notice; and (iv) meets all applicable requirements of Rule 23 under the Federal Rules of Civil Procedure and the due process clause of the United States Constitution.

7.8     Except for Class Members who timely submitted a valid request for exclusion from the Settlement Class, all other Class Members will be deemed to be Class Members for all purposes under the Agreement, and upon the Effective Date will be bound by its terms,

9

including, but not limited to, the releases in Section ▨▨▨ of the Agreement and this Final Judgment approving the Settlement.

7.9     Every Class Member who did not submit a written request to opt out and be excluded from the Settlement Class is hereby finally bound by this Final Judgment and all proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendants relating to any of the claims released as defined in the Agreement.

7.10    Based upon the filings and the record as a whole, the Court finds that a full opportunity has been afforded to Plaintiffs and all Class Members to file objections to the Settlement and/or otherwise participate in the Final Approval Hearing.  All Class Members and other persons or parties wishing to be heard have been heard.

8.      **Releases.**   Subject to the election of the Plaintiffs to terminate the Settlement in accordance to Sections 4.4 and 13.2 of the Agreement which shall occur no later than _____ __, 2021, all releasing persons and entities are, by operation of this Final Judgment, bound by the following releases (and as more particularly described in the Agreement), which the Court finally finds to be fair, reasonable and adequate:

8.1     **Released Claims by Plaintiffs and the Class.**

Plaintiffs and each of the Class Members (who have not timely and validly opted out), irrevocably and expressly waive, and fully, finally and forever settle and release the Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or

4848-5726-6657v3
2939324-000001 04/02/2021

unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

The Court finds that Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, Plaintiffs and the Class Members fully, finally, and forever settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether previously or currently asserted in any action, including the Action and the Related Action).

Excluded from this Release are:  (i) any Person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are released); (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release

11

of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system; and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement.

       8.2    **Release among Defendants.**

       Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification, contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.

       9.    **Attorneys' Fees, Expenses, and Incentive Awards.**  Class Counsel has also filed a separate Motion for an Award of Attorneys' Fees and Expenses in which it requests that they be awarded $2,400,000.00 of the Gross Settlement Amount as their fee in this case.  Based upon statements and filings of Class Counsel and the record as a whole, the Court finds that, Class Counsel have adequately represented and protected the interests of the Settlement Class

12

and that without the diligent and extensive efforts of Class Counsel, the Settlement and related benefits to the class would not have been accomplished.  The Court finds that the requested award of attorneys' fees and expenses is a reasonable and fair amount.  Defendants do not oppose or otherwise object to the requested award.  The total of all applications for Incentive Awards for all Class Representatives is $140,000.00 ($17,500.00 for each Plaintiff).  Defendants do not object to such application for Incentive Awards by Class Counsel for the Class Representatives.

9.1 [INCLUDE EXPERT REPORT SUPPORTING FEE APPLICATION?].

9.2   Based on all the forgoing findings and the entire record as a whole, the Court hereby grants Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and for Incentive Awards. The Court further finds the expenses incurred in prosecution of this case are reasonable and in line with the enormity of the task taken on by Class Counsel and should be reimbursed.  As a result, the Court hereby orders and authorizes the requested award of attorneys' fees and expenses in the total amount of $2,400,000.00 to be disbursed to Class Counsel from the Gross Settlement Amount.   In addition, the Court finds that the total requested Incentive Awards of $140,000.00 ($17,500.00 for each Plaintiff) is appropriate.  The Court hereby Orders that Class Counsel distribute the individual Incentive Awards to the appropriate Class Representatives from the Gross Settlement Amount.  Based on representations of Class Counsel, these individuals spent an enormous amount of time assisting them and, thereby, assisting the entire class in this litigation.  Class Counsel and the Named Plaintiffs adequately and ably represented the Class and should be rewarded for their efforts.

10.     **Permanent Injunction as to Plaintiffs.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all

4848-5726-6657v3
2939324-000001 04/02/2021

Class Members who have not timely excluded themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are permanently enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any claims released against any Defendant; and (b) organizing any Class Members into a separate opt-out class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification  in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the claims released.

11.     **Injunction as to Defendant Shelby County, Tennessee**.   The proposed injunctive relief, as identified in the Agreement, is finally approved, for settlement purposes only, as fair, reasonable and adequate:  The Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division.  Arrestees will not be admitted to the facility unless charged with the crime(s) that they are being arrested for, supported by an arrest warrant and/or an affidavit of complaint.  Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner. The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates/detainees to submit administrative grievances.  Access to the grievance procedure will be made available to all inmates/detainees, and inmates/detainees will not be subjected to retaliation for filing grievances.  The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

4848-5726-6657v3
2939324-000001 04/02/2021

A grievance based on a claim that an inmate/detainee is being held beyond his/her release date will be eligible for expedited review under the County's emergency grievance review process.  To submit such a grievance, inmate/detainee must give the grievance to their pod officer, who will promptly forward the grievance to the Shift Commander.  A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member.  The Captain will provide the inmate/detainee with written notification of the actions being taken within seventy-two (72) hours of the commencement of the investigation and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology Department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventative measure against possible detentions without timely arraignments.   The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of 1 year from the date of final approval of this settlement by the Court.

The parties agree and stipulate, and this Court finds, that the injunctive relief is:

1)      Narrowly drawn;

2)      Extends no further than necessary to correct the alleged violations of the federally secured rights of the class; and

3)      Is the least intrusive means necessary to correct the violation of the federal right.

15

The parties agree and stipulate, and this Court finds, that this injunctive relief will have no adverse impact on the operation of the jails.

The parties agree and stipulate, and this Court finds, that nothing in this injunctive relief requires or permits any government official to exceed his or her authority under state or local law or otherwise violates state or local law.

**Final Approval and Judgment.**

12.     The Court hereby grants final approval to the Settlement and the Agreement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of each of the Plaintiffs and Class Members and is consistent and in compliance with all requirements of Due Process.  The Court further directs the Parties and their counsel to implement and to consummate the Agreement in accordance with its terms and provisions, including the payment of all benefits to Class Members, Incentive Awards and all monetary obligations due to Class Counsel per the terms in the Agreement.

13.     In the event that this Order and Final Judgment is terminated in accordance with its provisions as referenced in Section 8 above, the Parties shall be restored to their respective positions as of _____ __, 2021, and this Order and Final Judgment shall have no further force or effect, shall be vacated and be rendered null and void *nunc pro tunc* as if the Settlement had not been entered or filed with this Court, and shall not be used in any action or proceeding for any purpose except as required by law or by the Agreement.

14.     The Court finds that Class Members may continue to submit Claim Forms pursuant to the Preliminary Approval Order. All Claim Forms must be received by the Settlement Administrator and postmarked no later than _____.

15.     It is further ordered that the Agreement and the Settlement provided for herein,

4848-5726-6657v3
2939324-000001 04/02/2021

and any proceedings taken pursuant thereto, are not, and should not in any event be offered or

received as evidence of, a presumption, a concession, or an admission of liability or of any

allegation made against any Defendant.  However, nothing in this paragraph shall preclude any

Party from using the Settlement, this Order or any act performed or document executed pursuant

thereto (i)  in a proceeding to consummate or enforce the provisions of this Final Order and

Judgment and the Agreement, or (ii)  in any action or proceeding against or by Defendant(s) to

support a defense, claim or counterclaim based upon principles of *res judicata*, collateral

estoppel, release, payment, good faith settlement, judgment bar or reduction, or any theory of

claim preclusion or issue preclusion or similar defense, claim or counterclaim.

16.     All claims asserted in this action are dismissed with prejudice as to refiling, but

the Court reserves jurisdiction as to all matters relating to the administration, consummation,

enforcement, and interpretation of the terms of the Settlement, the Agreement, and this Final

Approval Order, and for any other necessary purposes.  Based on all the foregoing and the entire

record in this cause, the Court enters Final Judgment subject to termination as referenced in

Section 8 above, and finds that there is no just reason for delay of the entry of this Order and

Final Judgment.

**IT IS SO ORDERED**, this _____day of _____, 2021.

_____
Samuel Hardy Mays, Jr.
UNITED STATES DISTRICT JUDGE

17