# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>      Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation,<br><br>      Defendants. | § § § § § § § § § Case No. 2:16-cv-02907-SHM/tmp § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

This is a class action that is a consolidation of several suits, all of which have been consolidated in this Court under docket 2:16-cv-2907 (the "Action").  (*See* D.E. Nos. 41, 42, 85, 89, 101)].   Plaintiffs, on behalf of themselves and all those similarly situated, allege that Defendants violated Plaintiffs' constitutional rights under 42 U.S.C. §§ 1983 and 1988 and were negligent in the November 2016 implementation and operation of a new computer system at the Shelby County Jail.  Defendants deny any wrongdoing or liability.  The Parties have reached a settlement and seek approval of the settlement from the Court.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Preliminary Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated April 2, 2021 (the "Agreement") and all exhibits to the Agreement. (D.E. No. 369.)  The parties filed a supplement on July 23, 2021 (the "Supplemental Agreement"). (D.E. No. 375-1.)  Unless otherwise indicated, capitalized terms in this Order shall have the definitions they have in the Agreement and the Supplemental Agreement. Having reviewed and considered the Motion, the Agreement, the Supplemental Agreement, related exhibits, and the record as a whole, the Motion is **GRANTED**.

It is hereby **ORDERED** as follows:

1.        **Preliminary Approval.** After a lengthy negotiation process, the Agreement and the Supplemental Agreement were entered into by and among Plaintiffs and Defendants at arm's length and are not collusive.  The settlement is approved on a preliminary basis, for settlement purposes only, as fair, reasonable, adequate, and in the best interests of the proposed Settlement Class, subject to further consideration at the Final Approval Hearing.

2.        **Settlement Class.**  Solely for purposes of settlement, the Parties have proposed

certification of the following Settlement Class under Fed. R. Civ. P. 23:

> All individuals who, from November 1, 2016 to March 21, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.

> Excluded from the Settlement Class are:  (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

3.       **Settlement Class Relief.** The total Gross Settlement Amount of $4,900,000.00 and the Net Settlement Amount as set forth in the Agreement are approved on a preliminary basis as fair, reasonable, and adequate.  The proposed Claim Settlement Payments to Class Members based on the amount of time the Class Member was allegedly over detained, as well as a pro rata reduction of a claimant's settlement payment if the total amount of submitted claims exceeds the Net Settlement Amount, is approved on a preliminary basis as fair, reasonable, and adequate.  Some Class Members do not qualify for compensation due to the relatively short period of alleged over detention, especially when it is recognized that a period of time is necessary to process and release detainees.  Those Class Members (as well as Class Members who receive compensation) will benefit from the injunctive relief described in Section 15 of this Order.  This proposed injunctive relief is approved on a preliminary basis as fair, reasonable, and adequate.

4.       **Preliminary Certification of Settlement Class.** To certify a class action

settlement preliminarily, the settlement must satisfy Rule 23(a) and the class must satisfy Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614-615 (1997).

The Court must consider whether:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately protect the interests of the class; and

(5) the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Defendants do not object to class certification for purposes of the Settlement. The Court preliminarily certifies the Settlement Class for purposes of settlement under Rule 23(a) and (b)(3), for the following reasons:

4.1     The proposed settlement agreement satisfies the Rule 23(a)(1) prerequisites for approving the Class.   There is no strict numerical test for numerosity, but there should be a substantial number of plaintiffs.   Young v. Nationwide Mut. Ins. Co., 693 F.3d 532 (6th Cir. 2012).   The requirements of Rule 23(a)(1) are met because the Class appears to consist of some 3500 allegedly over detained inmates as a result of the November 2016 implementation and operation of the computer system.   The Class is so numerous that joinder of all members is impracticable.

4.2     The requirements of Rule 23(a)(2) are met because there is a community of interest among members of the Class in questions of law or fact that are common to the Class. Commonality requires that all of the claims depend on a common contention that when resolved will determine the validity of all of the claims.   Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011).   For certification for settlement purposes, there are common issues that, if resolved for one Class Member, will be resolved for all Class Members.   Those issues include, but are not limited to:  (i) whether the United States Constitution protects arrestees' right to be released from detention after legal authority for detention has ceased; (ii) whether one or more of the Defendants was negligent in the November 2016 implementation and/or operation of a new computer system at the Shelby County Jail.   Thus, there are questions of law or fact common to the members of the Settlement Class.

4.3     The requirements of Rule 23(a)(3) are met because the representative Plaintiffs' claims are typical of the claims of the Class. Typicality requires that the claims arise from the same practice, event, or course of conduct and the same legal theory.   Young, 693 F.3d.   Each Class Member was allegedly over detained at the Shelby County Jail during the class period due to the computer program.

4.4     The requirements of Rule 23(a)(4) are met because the Plaintiffs who are seeking to represent the Class are able to fairly and adequately protect the interests of Class Members.  To be adequately representative, the representative parties must have common interest and qualified counsel.  Young, 693 F.3d.  Having typical claims and class membership can be evidence of common interest, as can not having interests adverse or antagonistic to the class.  Senter v. Gen. Motors Corp., 532 F.2d 511, 525 (6th Cir. 1976).  The interests of the representative Plaintiffs are consistent with those of the putative class; there are no conflicts between or among the representative Plaintiffs and the putative class; and the representative Plaintiffs have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Action.  The representative Plaintiffs and the putative class are represented by qualified, reputable counsel ("Class Counsel") who are experienced in preparing and prosecuting class actions, including those involving the practices alleged in the Complaints.

4.5     For settlement purposes only, certification of the class is appropriate under Rule 23(b)(3), because common questions of law and fact predominate over questions affecting only individual members of the Settlement Class and because resolution of the Class Members' claims pursuant to the Agreement and the Supplemental Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The proposed settlement meets the Rule 23(b)(3) requirements for approving the class, at the preliminary stage.  Rule 23(b)(3) requires considering whether common questions of law predominate and whether a class action is superior.  General proof applicable to all claims supports finding that common questions predominate.  Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007).  Superiority of the class action can be demonstrated by small damages that would not incentivize

plaintiffs' bringing individual actions.   Id. at 566-567.   Cases alleging a single course of wrongful conduct and/or that have a threshold issue common to all class members are cases where "class litigation is greatly preferred."   Young, 693 F.3d. at 545.   The common factual and legal issues here are sufficiently cohesive to warrant adjudication by representation.   The Class Members have allegedly suffered a violation of their due process rights as the result of the November 2016 implementation and/or operation of a new computer system in Shelby County. The Class Members' legal claims arise exclusively under Sections 1983 and 1988, as well as Tennessee law, and do not require the application of other states' laws.   A Class Action is a fair and efficient adjudication of this controversy because individual litigation of these claims may not be economically feasible for the vast majority of Class Members and would be procedurally impracticable.   Individual litigation would also present the potential for varying, inconsistent or contradictory judgments and magnify the delay and expense to all parties in the Court system.

5.      **Designation of Class Representatives.** Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain**,** and Kimberly Allen are designated as the representatives of the Settlement Class for the sole purpose of seeking approval of and administering the Agreement and the Supplemental Agreement.

6.      **Designation of Class Counsel.**  The law firms of Watson Burns, PLLC and Black McLaren Jones Ryland & Griffee, PC, and Brice Timmons, attorney, are designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7.      **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on **Wednesday, November 10, 2021, at 1:30 PM**, at the United States District Court for the Western District of Tennessee, 167 North Main Street,

Memphis, TN 38103, before the Honorable Samuel H. Mays, Jr. to determine, among other things: (i) whether final judgment should be entered resolving and approving the settlement of Class Members' claims against Defendants as fair, reasonable, and adequate; (ii) whether Class Members' claims against Defendants in the Action should be dismissed with prejudice pursuant to the Agreement and the Supplemental Agreement; (iii) whether Class Members should be bound by the Release set forth in the Agreement; and (iv) whether the application of Class Counsel for an award of attorney's fees and expenses (including any Incentive Awards to Plaintiffs) should be approved and in what amounts. The Court reserves the discretion to adjourn and reschedule the Final Approval Hearing without further written notice to the Class Members. The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite limitations on in-court hearings related to the COVID-19 pandemic. Any Class Member who files, contemporaneously with the Member's notice, a notice of intent to appear shall be provided with the information required to access the telephonic or video hearing.

8.      **Class Notice.**

8.1      The Court approves the methods of providing notice to Class Members described in the Agreement and the Supplemental Agreement, including the proposed Class Notices attached as Exhibits B and C to the Agreement and Exhibit F to the Supplemental Agreement. The proposed notice must comply with Rule 23(c)(2).   Under Rule 23(c)(2)(B), notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2)(B).   The Court finds that notice as described in the Agreement and the Supplemental Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action,

the terms of the Agreement and the Supplemental Agreement, and their right to object to the Settlement or to opt out and exclude themselves from the Settlement Class. The Court finds that the notice process set forth in the Agreement and the Supplemental Agreement is fair, reasonable, adequate, and constitutes due, sufficient notice to all persons entitled to receive notice, and meets all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

8.2     Within 15 days of entry of this Order, the Class Notice, in the form and content of Exhibit B to the Agreement, shall be published in the various newspapers provided in the Agreement and the Supplemental Agreement and posted on a settlement website to be developed by the Administrator.  The Administrator shall also cause a summary notice to be placed in internet banner advertising through an internet advertising network provider.  The proposed notice complies with the requirements of Rule 23(c) and is due and sufficient Notice to persons entitled to notice.

8.3     No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the Agreement, the Supplemental Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, the Claim Form, Spanish translations of the Class Notice and the Claim Form, the Seventh Amended Class Action Complaint, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel may agree. The Settlement website shall have a Uniform Resource Locator that identifies the Settlement website at **www.shelbycountyjailclassaction.com**, or such other URL as Class Counsel and Defendants' Counsel may agree.  The Settlement website shall not include any advertising and shall not bear any logos or trademarks of Defendants. The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website no later than the Final Accounting as set forth in Section 7.8 of the

Agreement.

No later than the posting of the Class Notice, the Settlement Administrator shall establish a toll-free interactive voice response telephone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Class Notice and the Claim Form. At Defendants' option, the settlement telephone line may also provide for live operators during select times to answer certain basic questions about the Settlement. The Administrator shall send the Class Notice and the Claim Form, and Spanish translations of both, upon request of any Class Members. The telephone number shall remain open and accessible through the Claim Deadline and allow Class Members to leave recorded messages. Except for requests for the Class Notice or the Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or direct any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to those inquiries.

8.4      The Administrator shall provide Class Notice by United States Mail to the addresses of approximately 19,946 potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017 ("Mail Notice"). The parties represent that the potential Class Members who were booked during this time include the vast majority, if not all, of the individuals who are likely to qualify as members of the Class. Mail Notice shall be made by postcard in a form substantially similar to Exhibit F, attached to the Supplemental Agreement. To alleviate any potential expungement-related privacy concerns, Mail Notice will omit the detainee's name and be addressed only to "Current Occupant" or a similarly anonymous designation. The address of each of these potential Class Members shall be determined by reference to an Excel spreadsheet report generated from data stored for each

detainee in Shelby County's Odyssey system.  That information was originally provided by the detainees themselves at the time of booking and may contain incomplete, incorrect, and/or unverifiable information.  If there is no complete address for a potential Class Member or if the listed address contains deficiencies, Mail Notice will not be required.  Neither the Administrator nor any Party shall have any obligation or duty to conduct further inquiry to identify a sufficient address for a potential Class Member.  If any potential Class Members share an address, only one postcard need be mailed to that address.  If a postcard is returned to the Administrator as undeliverable, neither the Administrator nor any Party shall have any obligation or duty to conduct further inquiry to identify a sufficient address for any potential Class Member or to attempt subsequent mailings.

8.5     In addition to the other forms of notice required by this Order, the Class Notice shall be published by posting at the Shelby County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee 38103.  Shelby County shall post two notices at 201 Poplar: one at the public entrance to the Shelby County Jail, and one on the wall next to the elevators on the main floor.  The notices will be posted for 30 days following the Court's entry of this Order approving the Joint Motion for Preliminary Approval.  Shelby County will conduct weekly inspections during this time to ensure that the notices have not been removed and, if necessary, repost the notices.  The parties acknowledge and agree that these measures are specifically intended to provide Class Notice to both potential Class Members and local criminal defense attorneys, who might reasonably be expected to inform current and former clients who might qualify for the Settlement Class.

8.6     The proposed Claim Form, attached as Exhibit A to the Agreement, allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based

on the Class Member's alleged period of over detention.  The Claim Form fairly, adequately, and reasonably informs potential claimants of their rights.

To be considered valid and timely, a Claim Form must be materially complete, and mailed to the Administrator postmarked no later than 50 days after the Final Approval Hearing. Under the particular circumstances of this matter (as presented by the declaration of Lee Whitwell and arguments of counsel), the Court finds and orders that all Claim Forms must be signed under penalty of perjury before a licensed Notary Public.  In an effort to insure the integrity of the Claim Form and the Claim Settlement Payment process, the Court finds that executing the Claim Form under penalty of perjury before a licensed Notary Public is well-founded under the circumstances.  Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by legally authorized representatives, with written evidence of authority.  The Court approves the proposed Claim Form attached as Exhibit A to the Agreement.

8.7     Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendants' Counsel with an affidavit or declaration attesting that Class Notice has been given in accordance with the Preliminary Approval Order, the Agreement, and the Supplemental Agreement, and identifying Persons who submitted timely and valid Requests for Opt Out or Exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing.

8.8     The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted with the Declaration of Scott Conaway as Exhibit C to the Motion complies with the requirements of CAFA.  The Parties' mailing of the CAFA notice on May 1, 2021, to 41 attorneys general discharges Defendants' obligations under CAFA.

8.9     The Court determines that notice as proposed by the Parties (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the particular circumstances of this case, to apprise Class Members of the pendency of the action and of their right to object to the proposed settlement or exclude themselves from the Class; (iii) is fair, reasonable, and adequate, and constitutes due, adequate, and sufficient notice to persons entitled to receive notice; and (iv) meets all applicable requirements of Rule 23 under the Federal Rules of Civil Procedure and the due process clause of the United States Constitution.

9.     **Settlement Administrator.** The Court approves and authorizes the retention of CCM Settlement Solutions, LLC as the Administrator to implement the terms of the Agreement and the Supplemental Agreement, and authorizes and directs the Administrator to (a) publish the Class Notice; (b) establish a toll free number telephone line system; (c) establish the Settlement website; (d) provide the Mail Notice required by this Order; (e) receive and process the Claim Forms; and (f) carry out such other responsibilities as provided in the Agreement and the Supplemental Agreement or as may be agreed by Class Counsel and Defendants, all according to and as provided in this Order, the Agreement, and the Supplemental Agreement.

10.     **Exclusion from the Settlement Class.** Members of the class who wish to opt out of the Settlement must submit a written request to opt out to the Administrator within thirty (30) days after entry of this Order.  The person who desires to opt out must sign the opt out notice before a licensed Notary Public.  Any opt outs must be submitted individually, and no Class Member may submit an opt out for another Class Member.  There shall be no group, representative or class opt outs.

10.1     Except for Class Members who timely submit a valid request for exclusion from the Settlement Class, all other Class Members will be deemed to be Class Members for all

purposes under the Agreement and the Supplemental Agreement, and on the Effective Date will be bound by their terms, including, but not limited to, the releases in Section 9 of the Agreement and the Final Judgment approving the Settlement.

10.2     If the proposed Settlement is finally approved, any Class Member who has not submitted a written request to opt out and be excluded from the Settlement Class shall be bound by the Final Judgment and all proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the claims released as defined in the Agreement.

11.     **Objections and Appearances.** Any Class Member who does not submit a valid request for exclusion may object to the Settlement by complying with the procedures and deadlines in the Agreement. The Class Notice and Settlement website will identify the requirements to assert a valid written objection.

11.1     Any Class Member who wishes to object to the Settlement must do so in a writing filed with the Clerk of Court, and mailed to the Administrator at the address identified in the Class Notice and on the Settlement website, postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing, as identified in this Order. To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member and of counsel, if represented; (c) the dates that the person objecting alleges he or she was over detained in the Shelby County Jail; and (d) the factual and legal basis for the objection.

11.2     Any Class Member who fails to object to the Settlement in the manner described in this Order shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed

from seeking any review of the Settlement or the terms of the Agreement or the Supplemental Agreement by appeal or other means.

12.    **Releases.** If the Settlement is finally approved, Plaintiffs and each Class Member, shall, by operation of the Final Judgment be bound by the following release, which the Court preliminarily finds to be fair and reasonable:

Plaintiffs and each of the Class Members (who have not timely and validly opted out), irrevocably and expressly waive, and fully, finally, and forever settle and release Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits, and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected, in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive, or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

Excluded from this release are:  (i) any Person who has filed and has pending any case asserting individual claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are released); (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system; and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement or the Supplemental Agreement.

If the Settlement is finally approved, Defendants and their insurers, subrogees, successors, assigns, and affiliates shall be bound by the release provisions set forth in paragraph 9.2 of the Agreement, as follows:

Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification, contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any

manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.

13.     **Attorneys' Fees, Expenses, and Incentive Awards.** The total of all applications for attorneys' fees and expenses by Class Counsel and any other person on behalf of Class Members shall not exceed $2,400,000.00.  Class Counsel agree that the amount of fees and expenses awarded shall fully compensate them for all work and expenses in this Action for the claims asserted before and after entry of Final Judgment. Defendants agree not to oppose or otherwise object to an application by Class Counsel for, and Class Counsel agree not to seek, an award of attorneys' fees and expenses that exceeds the $2,4000,000.00.  The total of all applications for Incentive Awards for all Class Representatives shall not exceed $140,000.00 ($17,500.00 for each Plaintiff).  Defendants agree not to oppose or otherwise object to an application for Incentive Awards by Class Counsel for the Class Representatives, and Class Counsel agree not to seek incentive awards that exceed the foregoing total or individual amounts. The Court will determine the final award of attorneys' fees and incentive awards after the Final Approval Hearing.

14.     **Preliminary Injunction as to Plaintiffs.**  To protect the continuing jurisdiction of the Court and to effect this Order, the Agreement, the Supplemental Agreement, and the Settlement, all Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Defendant; and (b) organizing any Class Members into a separate opt-out class for purposes of pursuing as a purported class action any

lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

15.     **Injunction as to Defendant Shelby County, Tennessee**.   The proposed injunctive relief, as identified in the Agreement, is approved, for settlement purposes only, on a preliminary basis as fair, reasonable, and adequate:  The Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division.  Arrestees will not be admitted to the facility unless charged with the crime(s) for which they are being arrested, supported by an arrest warrant and/or an affidavit of complaint.  Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner. The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates/detainees to submit administrative grievances.  Access to the grievance procedure will be made available to all inmates/detainees, and inmates/detainees will not be subjected to retaliation for filing grievances.  The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

A grievance based on a claim that an inmate/detainee is being held beyond his/her release date will be eligible for expedited review under the County's emergency grievance review process.  To submit such a grievance, an inmate/detainee must give the grievance to his/her pod officer, who will promptly forward the grievance to the Shift Commander.  A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin

18

taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member.  The Captain will provide the inmate/detainee with written notification of the actions being taken within seventy-two (72) hours of the commencement of the investigation and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology Department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventive measure against possible detentions without timely arraignments.  The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of one (1) year from the date of final approval of this settlement by the Court.

The parties agree and stipulate, and the Court finds, that the injunctive relief is:

1)    Narrowly drawn;

2)    Extends no further than necessary to correct the alleged violations of the federally secured rights of the class; and

3)    Is the least intrusive means necessary to correct the violation of the federal rights.

The parties agree and stipulate, and the Court finds, that this injunctive relief will have no adverse impact on the operation of the jails.

The parties agree and stipulate, and the Court finds, that nothing in this injunctive relief requires or permits any government official to exceed his or her authority under state or local law or otherwise violates state or local law.

16.    **Service of Papers.**  Class Counsel and Defendants' Counsel shall promptly

furnish to each other any objections or requests for exclusion that they receive and shall file such objections with the Court on or before the Final Approval Hearing, unless those documents already appear on the Court's docket.

17.    **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or Final Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Agreement and the Supplemental Agreement are terminated pursuant to the terms of the Agreements for any reason.

In such event, and except as provided therein, the proposed Settlement, the Agreement, and the Supplemental Agreement shall have no further force or effect, and all proceedings that have occurred as to the Agreement, the Supplemental Agreement, and the Settlement shall be without prejudice to the rights and contentions of the parties and any Class Members; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement and negotiation privileges; this Order and other orders entered by the Court pursuant to the Agreement and the Supplemental Agreement will be treated as vacated, *nunc pro tunc*; the Agreement, the Supplemental Agreement, and the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.    **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an

admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or as an admission or concession that the class is certifiable in the absence of a settlement, or by or against Plaintiffs or Class Members that their claims lack merit or that the relief requested in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses it may have.

19.     **Stay.** All proceedings in this action on the claims of Plaintiffs against Defendants are stayed, except as necessary to effect the terms of the Settlement.

20.     **Necessary Steps.** The Court authorizes and directs the parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Agreement and the Supplemental Agreement.

**IT IS SO ORDERED**, this 11th day of August, 2021.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE