IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>DEFENDANTS. | Case No. 2:16-cv-2907-SHM/tmp<br><br>(Hon. Judge Samuel H. Mays) |

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO PLAINTIFFS**

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Plaintiffs Scott

Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all other similarly situated persons ("Plaintiffs"), by and through their Rule 23(g)(3) appointed Interim Class Counsel, respectfully submit this Memorandum of Law in Support of their Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Plaintiffs and state as follows:[1]

## FACTUAL AND PROCEDURAL BACKGROUND

This is a class action brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law asserted by Plaintiffs in a Class Action Complaint initially filed on November 17, 2016. Several separate suits were consolidated in this Court under docket 2:16-cv-2907 (the "Action"). *See* ECF Nos. 41, 42, 85, 89, 101. Plaintiffs brought this action, on behalf of themselves and the Settlement Class, against Shelby County, Tennessee and a number of its agents for the alleged unlawful over-detention of individuals held in the Shelby County Jail, which resulted from the County's adoption and implementation of a computer system in late 2016. Among other allegations, Plaintiffs asserted that the computer system failed to properly account for the dismissal of a number of detainee's cases and was unable to adequately track bond settings and the posting and satisfaction of warrants. Over the course of the litigation, six private contractor defendants were sued for negligence and added as Defendants to this action in connection with their alleged roles in the development and implementation of the computer system. A detailed statement of the background and procedural history of this case is set forth in the Joint Declaration of Michael G. McLaren, Frank L. Watson,

---

[1] To date, no Class Member has objected to this request for fees, expenses, and incentive awards. Likewise, Defendants do not oppose the request.

2

III, William F. Burns, and Brice M. Timmons in Support of Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Joint Declaration") at ¶¶ 3-17, a copy of which is attached hereto as **EXHIBIT A**.

As the Court is aware, this action was vigorously litigated for over five years. Over the course of this litigation, the Parties have engaged in significant class discovery, including, but not limited to, extensive ESI document exchange and review and discovery pertaining to the size of the putative class. (Joint Declaration ¶ 9). Files related to over 72,000 detainees were made available for production, electronically hosted on software licensed to Interim Class Counsel, and reviewed for purposes of depositions. (Joint Declaration ¶ 9). Although Plaintiffs' counsel had a high level of confidence in establishing liability, Defendants vigorously denied any liability and maintained that Plaintiff's likelihood of success was uncertain at best. (Joint Declaration ¶ 9). There are still factual and legal hurdles that remain in this case if it does not settle. (Joint Declaration ¶ 9).

Notably, the fourteen defendants in this case were ably represented by a number of highly-respected and competent attorneys from regional and national law firms, including Wyatt, Tarrant & Combs, LLP, Baker Donelson Bearman Caldwell & Berkowitz, P.C., K&L Gates, LLP, Burch Porter & Johnson, Bradley Arant Boult Cummings, LLP, Spicer Rudstrom PLLC, Farris Bobango Branan PLC, and Gordon Rees Scully Mansukhani, all of whom asserted a plethora of complex, legal defenses, many of which, if successful, would have resulted in no recovery for the Class. There were over 750,000 documents produced, extensive pre-trial discovery disputes, including over ten in-person hearings to resolve discovery disputes, seventeen depositions, and complicated legal issues to research, brief, and argue. (Joint Declaration ¶ 10).

After formal mediation and extensive negotiations, Plaintiffs secured a settlement agreement with Defendants for a classwide resolution of this action, the terms of which this Court preliminarily approved on August 11, 2021. (Joint Declaration ¶¶ 14-17). Under the terms of the proposed settlement, Defendants have agreed to collectively pay a Gross Settlement Amount of $4,900,000.00. (Joint Declaration ¶ 14). Class Members enjoy substantial benefits under the terms of the settlement. Indeed, Class Members who submit approved claims shall be entitled to (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. (Joint Declaration ¶ 14). Class Counsel negotiated for legal fees and expenses in the amount of $2,400,000.00 and for an Incentive Award in the amount of $17,500 for each of the eight Class Representatives, subject to the approval of this Court. (Joint Declaration ¶ 14).

### PLAINTIFFS AND CLASS COUNSEL ARE ENTITLED TO AN AWARD OF THE NEGOTIATED ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS.

**A. Plaintiffs and Class Counsel seek an award of fees and expenses in the total amount of $2,400,000.00.**

Fed. R. Civ. P. Rule 23(e) requires judicial approval of class action settlements. As the first step in the approval process, the court must give preliminary approval to the proposed settlement and approve the form and method of notice to settlement class members. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983); *Manual for Complex Litigation*, *Third* (1995) § 30.41, at 265. The Court granted preliminary approval in this case on August 11, 2021. Thereafter, the court holds a final fairness hearing at which proponents of and objectors to the settlement may be heard and after which the court makes its final determination as to whether the settlement is

fair, reasonable, and adequate. *Williams*, 720 F.2d at 921; *Manual for Complex Litigation, Third*, § 30.41, at 265.

In the Motion, Plaintiffs and Class Counsel request an award of fees and expenses in the total amount of $2,400,00.00. Plaintiffs and Class Counsel contend that, after five years of complex and hotly contested litigation, this request for an award of fees and expenses is eminently reasonable. As is set forth in the Joint Declaration, the time and hourly rate of each time keeper that worked on this matter breaks down as follows:

| Law Firm | Timekeeper | Hourly Rate | Hours Expended | Total |
|---|---|---|---|---|
| WATSON BURNS, PLLC | Frank L. Watson, III | $500.00 | 971.70 | $485,850.00 |
| | William F. Burns | $495.00 | 975.20 | $482,724.00 |
| | William E. Routt | $385.00 | 986.60 | $379,841.00 |
| BLACK MCLAREN JONES RYLAND & GRIFFEE, PC | Michael G. McLaren | $500.00 | 459.90 | $229,950.00 |
| | William E. Cochran, Jr. | $420.00 | 548.80 | $230,496.00 |
| | Brice M. Timmons | $420.00 | 410.90 | $172,578.00 |
| | Holly Jackson Renken | $375.00 | 234.10 | $87,787.50 |
| | Charles S. Mitchell | $375.00 | 32.20 | $12,075.00 |
| | Christopher M. Williams | $220.00 | 115.50 | $25,410.00 |
| | Paralegal/Law Clerk | $135.00 | 415.00 | $56,025.00 |
| | Other Attorneys | Various | 27.80 | $6,527.50 |
| DONATI LAW, PLLC | Brice M. Timmons | $420.00 | 177.70 | $74,634.00 |
| | Craig A. Edgington | $275.00 | 207.25 | $56,993.75 |
| | Paralegal | $135.00 | 4.0 | $540.00 |

5

| Law Firm | Timekeeper | Hourly Rate | Hours Expended | Total |
|---|---|---|---|---|
| **TOTALS:** | | | 5566.65 | $2,301,431.75 |

(Joint Declaration ¶ 19).

These hours do not include any hours performed after the date of this filing and thus do not include preparation for the Final Fairness Hearing, attendance at the Final Fairness Hearing, or Counsel's involvement in the ongoing claims period and claims process, which will continue after the Final Fairness Hearing. (Joint Declaration ¶ 20). While this is merely a prediction, it is likely that Counsel will expend in excess of 100 hours that is not included in the chart above. (Joint Declaration ¶ 20).

Moreover, Class Counsel incurred a total of $143,418.95 in expenses in the prosecution of this case, which includes expenses associated with e-discovery document hosting and review, seventeen depositions, and all of the ordinary costs of litigation. (Joint Declaration ¶ 21). All of these expenses were necessary and reasonable in the prosecution of this case. (Joint Declaration ¶ 21). Class Counsels' fees (at their respective market rates based on hours expended) and expenses for the prosecution and successful settlement of this action accordingly total **$2,446,272.23**, which exceeds amount that Plaintiffs and Counsel request that the Court award. The Court should approve the requested award of fees in expenses in the amount of $2,400,000 in its entirety.

 **B.**  **The requested award of attorneys' fees and expenses should be granted pursuant to the fee-shifting provision set forth in 42 U.S.C. § 1988.**

42 U.S.C. § 1988 provides that, in an action or proceeding under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee…" "The purpose of this fee-shifting statute is to 'ensure effective access to the judicial process for persons

6

with civil rights grievances.'" *Grier v. Goetz*, 421 F. Supp. 2d 1061, 1068 (M.D. Tenn. 2006). The Supreme Court has held that "a 'prevailing' party is one that receives at least some relief on the merits of its claim." *Id.* (citing *Hanrahan v. Hampton*, 466 U.S. 754, 758 (1980) (emphasis in original)). This is a "generous" standard and only requires the prevailing party "to receive some relief on the merits of its claim." *Id.* at 1068-69. Obtaining a "judgment on the merits" makes one a "prevailing party." *Buckhannon Bd. & Care Home v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). The Supreme Court has stressed the importance of awarding attorneys' fees to prevailing parties in civil rights cases in particular, in order to encourage attorneys to act as "private attorneys-general," vindicating the most basic constitutional and congressional policies against discrimination. *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968); *see also City of Riverside v. Riveria*, 477 U.S. 561, 574 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). All taxpayers indirectly benefit from the redress and elimination of unconstitutional statutes and practices. *See Newman*, 390 U.S. at 402; *see also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large . . . ."); *Rivera*, 477 U.S. at 574. Fees in civil rights cases need not be proportionate to a monetary recovery. *Id.* In fact, Congress intended for fees in civil rights litigation to be awarded to encourage litigation designed to deter civil rights violations by institutions, just as in the case at bar. *Id.*

Here, the proposed settlement accomplishes substantial relief for the Class Members. As is addressed above, Class Members receive (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. This is significant financial remuneration for the violation of their Constitutional rights. For instance, Plaintiff and

Class Representative Terrence Drain is expected to receive $37,750.00 in compensation for being unlawfully detained for 22 days. (*See* Declaration of Terrence Drain ("Drain Decl.") at ¶ 2, a copy of which is attached hereto as **EXHIBIT B**). Accordingly, via the proposed settlement, the Plaintiffs are a "prevailing party" under the "generous" standard governing the fee-shifting statute, and Counsel is entitled to an award of their reasonable fees.

Because the requested award should be approved pursuant to the fee shifting provisions in 42 U.S.C. § 1988, it is unnecessary to perform the common analysis whereby the award is analyzed as a percentage of the common fund and crosschecked against Counsels' lodestar. *See Linneman v. Vita-Mix Corp.*, 970 F.3d 621 (6th Cir. 2020) ("our court has repeatedly said that district courts are not required to conduct a crosscheck in every case"). In fact, the award of fees and expenses here was negotiated separately, not as any percentage of the common fund, and should be approved under Section 1988's fee shifting provisions.

### C. The requested award of attorneys' fees and expenses is fair and reasonable.

Even if the requested award was not justified by the applicable fee shifting statute, the award is fair and reasonable and should be approved by this Court. The Sixth Circuit, in *Linneman v. Vita-Mix Corp.*, 970 F.3d 621 (6th Cir. 2020), has recently provided guidance in connection with the award of attorneys' fees in common fund class action cases, stating:

> There are two leading approaches known as the lodestar method and the percentage method. *See Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279–80 (6th Cir. 2016); 5 William B. Rubenstein et al., *Newberg on Class Actions* §§ 15:63 –64 (5th ed. June 2020 update). The lodestar method attempts to approximate the work done: the court multiplies the number of hours reasonably worked on the case by a reasonable hourly fee—with the possibility of an enhancement in certain cases. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010); *Gascho*, 822 F.3d at 279. In contrast, the percentage method attempts to approximate the result achieved: the court calculates the fees as a percentage of the class members' recovery in the case. *See Gascho*, 822 F.3d at 279. Because

8

> "each method has its respective advantages and drawbacks," district courts have discretion in some contexts to choose the more appropriate method for a particular case. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). But still, the court must ensure—whichever method it chooses—that the final award is "reasonable" under the circumstances. Fed. R. Civ. P. 23(h); *Jordan v. Mark IV Hair Styles, Inc.*, 806 F.2d 695, 697 (6th Cir. 1986).

(970 F.3d at 624). In assessing what would be a "reasonable" fee award, courts in the Sixth Circuit have examined six factors, with the first two being the most important:

> (1) the value of the benefit rendered to the plaintiff class ...;
> (2) the value of the services on an hourly basis;
> (3) whether the services were undertaken on a contingent fee basis;
> (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
> (5) the complexity of the litigation; and
> (6) the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996).

Courts regularly approve contingency fee awards in class actions ranging from 35%-50% of the judgment or settlement fund, particularly in complex cases. *See Salinas v. United States Xpress Enters., Inc.*, 1:13-cv-00245, 2018 U.S. Dist. LEXIS 50800, at *29 (E.D. Tenn. Mar. 8, 2018) (approving as reasonable fee request amounting to 40% of settlement fund); *Savani v. URS Prof'l Solutions, LLC*, No. 1:06-cv-02805, 2014 U.S. Dist. LEXIS 5092, at *14-15, 26-27 (D.S.C. Jan. 15, 2014) (considering that litigation was pursued through appeal and judgment, total fee approaching 45% of current and future value of recovery was fair and reasonable); *Been v. O.K. Indus.*, No. CIV-02-285-RAW, 2011 U.S. Dist. LEXIS 115151, at *15-16, 24-25, 28 (E.D. Okla. Aug. 16, 2011) (observing that a 50% contingent fee is customary and reasonable in a difficult case prosecuted to judgment and awarding requested 42% fee award, in part, on that basis); *Erie County Retirees Ass'n v. County of Erie*, No. 98-272, 192 F. Supp. 2d 369, 383 (W.D. Penn. 2002) (fee award of 38% of the total fund struck appropriate balance between protecting the class

members' interest in an adequate recovery and appropriately compensating counsel for their highly skilled efforts); *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987) (total attorney fee award of 50% reasonable and appropriate considering complexity of case and efforts of counsel). *Denver Area Meat Cutters*, 209 S.W.3d. at 593 (affirming trial court's finding that "forty percent is a reasonable percentage" to be awarded from class action common fund, despite the disparity between the attorney fee and amounts to be paid to class members); *see also*, *Boyton v. Headwaters, Inc.*, Case No. 1:02-cv-01111-JMP-egb (W.D. Tenn. Mar. 27, 2012) (District Judge Jon McCalla approving 40% contingency fee from $16 million recovery); *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 U.S. Dist. LEXIS 160052, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (court approving attorneys' **fees** in the amount of 33 percent of the common fund); *Applegate-Walton v. Olan Mills, Inc*, 2010 U.S. Dist. LEXIS 77965 at * 6 (M.D. Tenn. Aug. 2, 2010) (approving 35% fee in wage and hour case); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05-cv-0484-DLB, 2007 U.S. Dist. LEXIS 86270, 2007 WL 3492841, at * 4 (E.D. Cal. Nov. 14, 2007) (**class**-action settlement where court **approved** attorneys' **fees** in the amount of 40 percent of common fund). (*See also*, Declaration of John J. Heflin ("Heflin Decl."), a copy of which is attached hereto as **EXHIBIT C**; Declaration of J. Gerard Stranch IV ("Stranch Decl."), a copy of which is attached hereto as **EXHIBIT D**).

  Since this action was originally filed, Class Counsel have tirelessly worked on this matter without receiving any compensation for their work and without receiving any reimbursement for the expenses they advanced. Their representation of the Plaintiffs and the Class was undertaken with the understanding that any fees and expenses that they might receive would be contingent on the outcome of the case. (Joint Declaration ¶¶ 12, 25).  This dispute was highly contested and was settled only after five years of litigation, which included the completion of expansive class

discovery, extensive ESI document exchange and review, seventeen depositions, and over ten in-person hearings to resolve discovery disputes. (Joint Declaration ¶¶ 9-10). Class Counsel have expended in excess of 5,566.65 hours advancing this case. (Joint Declaration ¶¶ 19-20).

In addition, Class Counsel has provided the Court with independent expert opinion testimony concerning the propriety of the legal fee sought in this case through the declaration testimony of John J. Heflin and J. Gerard Stranch IV. For instance, Mr. Heflin opines that:

> The settlement in this case represents an excellent result. Through the efforts of Plaintiffs' Counsel, unconstitutional practices including wrongfully detaining citizens whose warrants had already been dismissed, failing to promptly present arrested citizens for arraignment and setting bond, and failing to promptly release citizens (sometimes holding them for days) after they were entitled to be released from jail, have ended and will not be permitted in the future. In addition, Plaintiffs' counsel secured a substantial settlement fund to compensate those individuals who were unlawfully detained. Given the substantial time commitment and risk Plaintiffs' counsel accepted and the favorable result obtained, Plaintiffs' counsel are entitled to be fully and fairly compensated for their efforts

(Heflin Decl. ¶ 11).

Mr. Heflin further opines that each of the factors promulgated by the Sixth Circuit for assessing the reasonableness of a fee award "supports Plaintiffs' counsel's application for a substantial fee award" and further opines that the factors set forth in Rule 1.5 of the Tennessee Supreme Court's Rules of Professional Conduct governing the reasonableness of a fee "weigh strongly in favor of granting Plaintiffs' Counsel's fees and expenses application. (Heflin Decl. ¶¶ 13-15). Mr. Heflin concludes by observing that "[i]t is not uncommon in class action litigation for class counsel to apply for and receive a multiplier on their hourly rate fee calculation, particularly in light of the risks that class counsel takes, as Plaintiffs' Counsel did here, by agreeing to representation on a contingency fee basis and fronting expenses" and finds that "Plaintiffs' Counsel deserve to be fully compensated because they were highly effective in the prosecution of

this case and accomplished a significant recovery for the class despite novel and difficult legal questions." (Heflin Decl. ¶ 17).

Mr. Stranch likewise opines that the Rule 1.5 factors "weigh strongly in favor of granting Plaintiffs' Counsel's request for fees and expenses in this instance" and that, in his opinion, "the hourly time expended by Plaintiffs' Counsel on this matter (5,566.65 hours as of the date of this filing) is reasonable and fair based upon the complexity of this matter and the significant work required to prosecute this case." (Stranch Decl. ¶¶ 9, 10, 13). With respect to the request for $2,400,000.00 in fees and expenses, Mr. Stranch opines that:

> Plaintiffs' Counsel negotiated and requested fees and expenses of $2,400,00.00, which, after five years of complex and hotly contested litigation, is less than their lodestar, and is extremely fair and reasonable. It is actually below what I believe Plaintiffs' Counsel could and should charge for their services in this matter. It is not uncommon in class action litigation for class counsel to apply for and receive a 1.5 to 2.5 multiplier on their hourly rate time, particularly in light of the risks that class counsel often takes, as Plaintiffs' Counsel did here, by agreeing to representation on a contingency fee basis and fronting expenses. Of course, complex and hotly contested litigation, such as the litigation here, is time consuming and laborious and precludes other employment by the lawyer. Plaintiffs' Counsel have proven to be highly skilled through the prosecution of this matter and accomplished a positive result for the class even in the face of novel and difficult legal questions. All of these factors demonstrate that the fees and expenses sought by Plaintiffs' Counsel are reasonable.

(Stranch Decl. ¶ 14).

Generally, courts, when awarding fees solely on the lodestar basis, apply a multiplier to account for the risk of the contingent nature of the fee arrangement and the results obtained. These multipliers generally range from 1.3 to 4.5 times the lodestar time. *See, e.g., In re Regions Morgan Keegan Securities Derivative and ERISA Litig.*, 2013, Case No. 2:09-2009 SHM V (W.D. Tenn. Aug 5, 2013) (District Judge Mays approving a $18.6 million attorney fee which was 30% of the common fund and 3.1 times the attorney lodestar of $5,980,680). However, it should be noted

that Class Counsel is not seeking any multiplier of its lodestar time and is actually seeking less than the loadstar amount when fees and expenses are accounted for. Specifically, based on the terms of the settlement, Counsel is seeking a total of $2,400,000.00 in fees and expenses, which falls short of the $2,444,850.70 in fees and expenses expended by Counsel. (Joint Declaration ¶¶ 19-21; Heflin Decl. ¶ 17; Stranch Decl. ¶ 14).

Plaintiffs contend that under all of the circumstances here, the requested award of fees and expenses is fair and reasonable. *See Benoist v. Titan Med. Mfg., LLC*, No. 2:19-cv-02704-SHM, 2021 U.S. Dist. LEXIS 186829, at *6-7, 12-13 (W.D. Tenn. Sept. 29, 2021) (District Judge Mays approving request for attorneys' fees and finding a rate of $400.00 per hour to be reasonable); *Peterson v. West TN Expediting, Inc.*, No. 1:18-cv-01164-STA-jay, 2020 U.S. Dist. LEXIS 112378, at *3-4 (W.D. Tenn. June 26, 2020) (awarding legal fee and finding $400.00 per hour reasonable rate). Plaintiffs' Counsel's request for fees and expenses is fair and reasonable and should be granted in its entirety.

### D. The Incentive Awards sought for the class representatives are fair and reasonable.

In the settlement, Defendants agreed to provide additional compensation in the amount of $17,500 to each of the eight named Plaintiffs for the services that they provided to the Class as Class Representatives. This is commonly done in class action litigation and is referred to as an "incentive award" to compensate the actual class representatives that took their time to participate in discovery and depositions and to generally lead the prosecution of the class litigation. Many courts both locally and throughout the nation have approved substantially similar incentive payments. *Boyton v. Headwaters, Inc.*, Case No. 1:02-cv-01111- JMP –egb (W.D. Tenn. Mar. 27, 2012) (District Judge Jon McCalla approving $10,000 incentive award to class representative); *Ham v. Swift Transportation Co.* Case No. 2:09-cv-2145-JTF (W.D. Tenn. Oct. 10, 2012) (District

Judge John Fowlkes approving $12,500 incentive award to class representative). "The Sixth Circuit has recognized that there may be circumstances where incentive awards are appropriate." *In re Regions Morgan Keegan Secs.*, No. 2:08-cv-021920-SHM-dkv, 2014 U.S. Dist. LEXIS 204978, at *24-25 (W.D. Tenn. Dec. 2014) (citing *Vassalle v. Midland Funding, LLC*, 708 F.3d 747, 756 (6th Cir. 2013). "The Sixth Circuit has also provided:

> The propriety of incentive payments is arguably at its height when the award represents a fraction of a class representative's likely damages; for in that case the class representative is left to recover the remainder of his damages by means of the same mechanisms that unnamed class members must recover theirs. The members' incentives are thus aligned.

*Id*. (citing *In re Dry Max Pampers Litig*., 724 F.3d 713, 722 (6th Cir. 2013). In this case, the Class Representatives are well deserving of the requested Incentive Awards.

Indeed, each of the Class Representatives here actively participated in the prosecution of this action over the course of the five-year litigation and vigorously supported the interests of the class. (*See* Declarations of Class Representatives, attached hereto as **EXHIBITS B and E-J**). Each of the Class Representatives met with Class Counsel on dozens of occasions to provide the detailed information needed to build and prosecute this case. (*See, e.g.*, Tate Decl. ¶ 9). Each Class Representative responded to written discovery and sat for deposition. (*Id*. ¶ 10). The Class Representatives were proactive in remaining up-to-date on the case and in protecting the interest of the Class, not just their own interests. (*See generally*, Class Representative Decls.). Notably, the Class Representatives were advised prior to the initiation of this action that they could likely recover more quickly if they pursued their claims individually. (*See, e.g.*, Tate Decl. ¶ 7). Nevertheless, the Class Representatives chose to proceed with a class action suit because, in the

words of Deontae Tate, "I understood that we were acting to protect the civil rights of our fellow citizens, not merely obtain monetary relief." (Tate Decl. ¶ 8).

Each Class Representative deserves to be compensated for the work they performed for the Class. Given that each Class Representative was actively involved in this litigation for five years, the requested incentive award of $17,500 is fair and reasonable and should be approved by this Court. *See e.g. Boynton v. Headwaters, Inc.*, No. 1:02-cv-01111-JPM-egb, Order Granting Plaintiffs' Renewed Motion for Attorney's Fees, Expenses, and Incentive Payments at pp. 7-9 PageID 20647-49 (District Judge McCalla awarding two Class Representatives $100,000.00 each in incentive awards, a copy of which is attached hereto as **EXHIBIT K**). Moreover, the requested incentive awards are not disproportional to the amounts that will be received by Class Members through the claims process. For example, Plaintiff Drain was over-detained by twenty-two days and is anticipated to receive $37,750.00 for his wrongful incarceration from the common fund, an amount that far exceeds the requested incentive awards. (Drain Decl. ¶ 2). For all of these reasons, the Court should approve the requested incentive awards.

## CONCLUSION

For the foregoing reasons, the Plaintiffs and Class Counsel respectfully move this Honorable Court to award attorneys' fees and expenses in the amount of $2,400,000 and a $17,500 incentive award payable to each Class Representative, all of which is fair and reasonable in all respects.

Dated: October 27, 2021

Respectfully submitted,

| | |
|---|---|
| _____s/ Michael G. McLaren_____<br>Michael G. McLaren (#5100)<br>William E. Cochran, Jr. (#21428)<br>Brice M. Timmons (#29582)<br>BLACK MCLAREN JONES RYLAND & GRIFFEE PC<br>530 Oak Court Drive, Suite 360<br>Memphis, TN 38117<br>(901) 762-0535 (Office)<br>(901) 762-0539 (Fax)<br>Email: mmclaren@blackmclaw.com<br>Email: wcochran@blackmclaw.com<br>Email: btimmons@blackmclaw.com | _____s/ William E. Routt, III_____<br>Frank L. Watson, III (Tenn. Bar No. 15073)<br>William F. Burns (Tenn. Bar No. 17908)<br>William E. Routt (Tenn. Bar No. 28577)<br>WATSON BURNS, PLLC<br>253 Adams Avenue<br>Memphis, Tennessee 38104<br>Phone: (901) 529-7996<br>Fax: (901) 529-7998<br>Email: fwatson@watsonburns.com<br>Email: bburns@watsonburns.com<br>Email: wroutt@watsonburns.com |

_____s/ Brice M. Timmons_____
Brice M. Timmons (TN Bar #29582)
DONATI LAW, PLLC
1545 Union Ave.
Memphis, TN 38104
(901) 209-5500
(901) 278-3111
Email: brice@donatilaw.com

*Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2021, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email: beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

| | |
|---|---|
| Albert G. McLean, Esq.<br>Kevin David Bernstein, Esq.<br>SPICER RUDSTROM PLLC<br>119 S. Main Street, Suite 700<br>Memphis, TN 38103<br>901-522-2324<br>Email: amclean@spicerfirm.com<br>Email:  kdb@spicerfirm.com<br><br>*Counsel for Defendant Sierra-Cedar, Inc.* | Heather Marie Gwinn Pabon, Esq.<br>GORDON & REES SCULLY MANSUKHANI<br>3401 Mallory Lane<br>Suite 120<br>Franklin, TN 37067<br>(615) 722-9010<br>Email: hgwinn@grsm.com<br><br>*Counsel for Defendant Sierra Systems Group, Inc.*<br><br>s/   *William E. Routt, III* |