## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br>　　PLAINTIFFS, <br>v. <br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation <br><br>　　DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp** <br><br> **(Hon. Judge Samuel H. Mays)** |

**JOINT DECLARATION OF MICHAEL G. MCLAREN, FRANK L. WATSON, III, WILLIAM F. BURNS, AND BRICE M. TIMMONS IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

We, Michael G. McLaren, Frank L. Watson, III, William F. Burns, and Brice M. Timmons, hereby state as follows:

1. We, Michael G. McLaren, Frank L. Watson, III, William F. Burns, and Brice M. Timmons, are attorneys licensed to practice law in Tennessee. On August 11, 2021, the Court, in its preliminary approval of the Class Action Settlement in this action, designated Black McLaren Jones Ryland & Griffee, PC, of which Mr. McLaren is a founding member, Watson Burns, PLLC, of which Mr. Watson and Mr. Burns are founding partners, and Mr. Timmons as Class Counsel for the Settlement Class for the sole purpose of the Settlement. We all have personal knowledge of the matters set forth herein based on our active participation and supervision in all material aspects of the prosecution and settlement of this action.

2. This Joint Declaration generally describes the history of this litigation, the events leading up to the settlement of this case, and the reasons why this settlement is fair, adequate, and reasonable. We make this Joint Declaration in support of our Application for an Award of Attorneys' Fees and Reimbursement of Expenses in this case.

**I. BRIEF HISTORY OF THE LITIGATION AND COUNSELS' EFFORTS**

3. This is a class action brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 and Tennessee common law asserted by Plaintiffs in a Class Action Complaint initially filed on November 17, 2016. Several separate suits were consolidated in this Court under docket 2:16-cv-2907 (the "Action"). *See* ECF Nos. 41, 42, 85, 89, 101. The Class Action Complaint was thereafter amended on seven occasions, concluding with the operative Seventh Amended Class Action Complaint. ECF No. 218.

4. Plaintiffs brought this action, on behalf of themselves and the Settlement Class, against Shelby County, Tennessee and a number of its agents for the alleged unlawful over-detention of individuals held in the Shelby County Jail, which resulted from the County's

adoption and implementation of a computer system in late 2016. Among other allegations, Plaintiffs asserted that the computer system failed to properly account for the dismissal of a number of detainee's cases and was unable to adequately track bond settings and the posting and satisfaction of warrants. Over the course of the litigation, six private contractor defendants were sued for negligence and added as Defendants to this action in connection with their alleged roles in the development and implementation of the computer system.

    5.    Indeed, the Seventh Amended Class Action Complaint is replete with egregious examples of these alleged constitutional deprivations.

- Plaintiff Scott Turnage – detained for 80 hours because he was denied the ability to post a $500 preset bond on a civil *pro corpus* involving a $300.25 debt;

- Plaintiff Cortez Brown – detained for 7 days after his charges were dismissed;

- Plaintiff Deontae Tate – detained for 5 days because he was denied the ability to post a $100 preset bond;

- Plaintiff Jeremy Melton – detained for 4 days after charges were dismissed;

- Plaintiff Issacca Powell – detained 11 days because he was denied ability to post preset bond and, after bond was posted, not released for an additional 2 days;

- Plaintiff Keith Burgess – detained for several days in Jail based upon a warrant that has been recalled and charges had been dismissed;

- Plaintiff Travis Boyd – detained for 6 days without a probable cause hearing and held an additional 2 days after bond was posted;

- Plaintiff Terrance Drain – detained for 4 days in "booking area" with no bed and then detained for an additional 24 days without the ability to post bond because computer did not reflect that bond had been set; detained more than 6 hours after bond finally permitted to be posted;

- Plaintiff Kimberly Allen – detained for 8 days because she was denied ability to post a preset bond.

    6.    Plaintiffs believe that these deprivations of their constitutional rights were caused by Shelby County, Tennessee's deliberate and indifferent adoption and implementation of new computer systems in its jail, Sheriff's office, and courts, including the adoption and

implementation of a system referred to as Odyssey and its failure to integrate with a system used by the County referred to as Offender Software Management ("OMS"). As was known to the County and its agents and employees prior to implementation, Plaintiffs allege that the new systems suffered from deficiencies and were inadequate to ensure that the constitutional rights of arrestees would be protected. In fact, upon implementation, the new systems allegedly failed catastrophically. Arrestees were regularly "lost" in jail. Arrestees were detained long after their cases had been dismissed or findings of no probable cause determined. Arrestees could not be located for court hearings and were unable to post pre-set bonds. These problems, among many others, resulted in the alleged mass over-detention of Shelby County, Tennessee arrestees in violation of their constitutional rights.

7. Despite having knowledge well in advance of implementation that these systems would catastrophically fail, the County allegedly proceeded with implementation (apparently out of short-term financial concerns), all while failing to train hundreds of employees and staff members on the use of the new systems and ignoring numerous red flags. When the systems predictably failed, the County, according to Plaintiffs, did relatively little to resolve the resulting problems, which ultimately plagued the jail and courts for months and still linger to this day. Plaintiffs allege that the actions of the County and its named agents and employees amount to deliberate indifference and inaction with respect to their constitutional rights and seek recovery for over-incarceration and other constitutional violations on a class-wide basis.

8. These problems were compounded, in Plaintiffs' view, by the negligence of the so-called "Vendor Defendants" or "Contractor Defendants," a bevy of private companies responsible for developing, implementing, marketing, supporting, or maintaining portions of the faulty computer systems underlying this action. Each of the Vendor Defendants had a duty to Plaintiffs to perform their duties in connection with the County's computer systems with

reasonable care and to ensure that Plaintiffs' rights to be released from incarceration would and could be timely honored. As alleged in the Seventh Amended Complaint, the Vendor Defendants negligently failed to comply with this standard of care, resulting in the over-incarceration and other damages suffered by Plaintiffs.

9. The Parties have vigorously litigated this case for over five years and, in doing so, have engaged in significant class discovery, including, but not limited to, extensive ESI document exchange and review and discovery pertaining to the size of the putative class. Files related to over 72,000 detainees were made available for production, electronically hosted on software licensed to Interim Class Counsel, and reviewed for purposes of depositions. Although Plaintiffs' counsel had a high level of confidence in establishing liability, Defendants vigorously denied any liability and maintained that Plaintiff's likelihood of success was uncertain at best. There are still factual and legal hurdles that remain in this case if it does not settle.

10. Notably, the fourteen defendants in this case were ably represented by a number of highly-respected and competent attorneys from regional and national law firms, including Wyatt, Tarrant & Combs, LLP, Baker Donelson Bearman Caldwell & Berkowitz, P.C., K&L Gates, LLP, Burch Porter & Johnson, Bradley Arant Boult Cummings, LLP, Spicer Rudstrom PLLC, Farris Bobango Branan PLC, and Gordon Rees Scully Mansukhani, all of whom asserted a plethora of complex, legal defenses, many of which, if successful, would have resulted in no recovery for the Class. There were over 750,000 documents produced, extensive pre-trial discovery disputes, including over ten in-person hearings to resolve discovery disputes, seventeen depositions, and complicated legal issues to research, brief, and argue.

11. The parties formally mediated this case with John Golwen of Bass, Berry & Sims over the course of four separate days and continued to negotiate through the mediator

thereafter for several weeks. Over the course of mediation, Plaintiffs negotiated and reached an agreement in principle with the Defendants on the terms of a class settlement of claims in this Action.

12. Importantly, each of our respective firms prosecuted this action on a contingency basis and fronted all of the extensive expenses necessary to successfully conclude this matter, which included large-scale e-discovery, not to mention the opportunity costs involved in expending thousands of attorney hours that may never have been recoverable.

## II. SETTLEMENT TERMS AND BACKGROUND

13. The Parties in this case have reached a settlement (the "Class Settlement"), which the Court preliminarily approved on August 11, 2021. On that date, the Court also preliminarily certified the Settlement Class for purposes of settlement under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

14. The overall terms of the Settlement reached by the Parties can be summarized as follows:

- The Parties agree to the certification of a settlement class for purposes of settlement only;

- The Settlement Class is comprised of all individuals who, from November 1, 2016 to the date of the Final Approval Hearing, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees (the "Settlement Class").[1]

---

[1] Excluded from the Settlement Class are: (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over-detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

- The Defendants will collectively pay a Gross Settlement Amount of $4,900,000 in accordance with the Defense Allocations outlined in paragraph 4.2 of the Settlement;

- Class Members who submit approved claims shall be entitled to (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. No Class Member shall be eligible to receive more than $75,000 total from the Net Settlement Amount. Compensation for Day 1 shall be paid to Class Members who were Over Detained between 9 and 24 hours. Individuals claiming over detention of less than 9 hours are Class Members and shall benefit from the injunctive relief described below;

- Class Counsel shall be permitted to petition the Court for legal fees and expenses of $2,400,000 for Class Counsel and for Incentive Awards of $17,500 for each of the eight Class Representative Plaintiffs, which amounts will be funded out of the Gross Settlement Amount;

- The Parties shall retain an Administrator for purposes for giving notice to Class Members and receiving, evaluating and paying claims and the administration fees in an amount not to exceed $300,000, which shall be funded out of the Gross Settlement Amount;

- The remainder of the Gross Settlement Amount, after the payment of attorneys' fees, Incentive Awards and administrative costs, shall be made available to pay eligible Class Members that submit timely claims in accordance with the claims procedures and deadlines set forth in the Settlement and in this Court's orders;

- Any funds remaining after the payment of all eligible and timely claims shall revert back to the Defendants in the percentages outlined in the Defense Allocations in paragraph 4.2 of the Settlement;

- To the extent the amount of eligible and timely claims exceed the Net Settlement Amount, payments to Class Member shall be reduced on a pro rata basis. If the total amount of eligible and timely claims exceed $3 million, Class Counsel shall be permitted to terminate the Settlement with the express written consent of 6 of the 8 named Plaintiffs;

- The County Defendants agree to the injunctive relief outlined in paragraph 4.6 of the Settlement. In short, the Shelby County Sheriff's Office has agreed to certain processes and procedures designed to minimize the likelihood of future Over Detention in the Shelby County Jails.

- Notice in the form attached to the Settlement as Exhibits B and C to potential Class Members shall be made by publication in the Commercial Appeal, Memphis Flyer, and Tri-State Defender for two consecutive

weeks and shall be published on a website created by the Administrator. Advertising via use of an internet banner shall also be employed;

- Class Members shall be permitted to opt out and exclude themselves from the Settlement Class. If the number of opt outs reaches a certain confidential threshold, Defendants can exercise an option to terminate the Settlement if at least 80% of the Defendants (calculated by percentage of Defense Allocation) agree; and

- The Parties will enter into appropriate releases and dismiss the Action with prejudice.

15. On July 9, 2021, the Court held a Preliminary Approval Hearing in connection with the Class Settlement.

16. At the request of the Court, the Parties submitted their Agreed Supplement to Joint Motion for Preliminary Approval on July 23, 2021. In the Agreed Supplement, the Parties, among other things, limited the Settlement Class to those individuals who were arrested and detained at the Shelby County Jail between November 1, 2016 and March 21, 2021 (as opposed to the date of the Final Fairness Hearing) and provided for additional forms of Class Notice.

17. On August 11, 2021, the Court entered its Order Granting Motion for Preliminary Approval of Class Settlement, Certifying Settlement Class, Directing Class Notice, and Scheduling Final Approval Hearing, preliminarily approving the Class Settlement as agreed to by the Parties and as supplemented on July 23, 2021.

### III. REQUESTED FEE AND EXPENSE REIMBURSEMENT AMOUNT

18. Class Counsel negotiated and now requests an award of fees and expenses in the total amount of $2,400,00.00, which, after five years of complex and hotly contested litigation, is less than our lodestar, and, we believe, extremely fair and reasonable. In our experience, it is not uncommon in class action litigation for class counsel to apply for and receive a 1.5 to 2.5 multiplier on their hourly rate time, particularly in light of the risks associated with representation on a contingency fee basis and fronting expenses.

19. The time and hourly rate of each time keeper that worked on this matter breaks down as follows:

| Law Firm | Timekeeper | Hourly Rate | Hours Expended | Total |
|---|---|---|---|---|
| WATSON BURNS, PLLC | Frank L. Watson, III | $500.00 | 971.70 | $485,850.00 |
| | William F. Burns | $495.00 | 975.20 | $482,724.00 |
| | William E. Routt | $385.00 | 986.60 | $379,841.00 |
| BLACK MCLAREN JONES RYLAND & GRIFFEE, PC | Michael G. McLaren | $500.00 | 459.90 | $229,950.00 |
| | William E. Cochran, Jr. | $420.00 | 548.80 | $230,496.00 |
| | Brice M. Timmons | $420.00 | 410.90 | $172,578.00 |
| | Holly Jackson Renken | $375.00 | 234.10 | $87,787.50 |
| | Charles S. Mitchell | $375.00 | 32.20 | $12,075.00 |
| | Christopher M. Williams | $220.00 | 115.50 | $25,410.00 |
| | Paralegal/Law Clerk | $135.00 | 415.00 | $56,025.00 |
| | Other Attorneys | Various | 27.80 | $6,527.50 |
| DONATI LAW, PLLC | Brice M. Timmons | $420.00 | 177.70 | $74,634.00 |
| | Craig A. Edgington | $275.00 | 207.25 | $56,993.75 |
| | Paralegal | $135.00 | 4.0 | $540.00 |
| **TOTALS:** | | | 5566.65 | $2,301,431.75 |

20. These hours do not include any hours performed after the date of this filing and thus do not include preparation for the Final Fairness Hearing, attendance at the Final Fairness Hearing, or Counsel's involvement in the ongoing claims period and claims process, which will continue after the Final Fairness Hearing. While

9

this is merely a prediction, it is likely that Counsel will expend in excess of 100 hours that is not included in the chart above.

21.     Class Counsel incurred a total of $143,418.95 in expenses in the prosecution of this case, which includes expenses associated with e-discovery document hosting and review, seventeen depositions, and all of the ordinary costs of litigation. All of these expenses were necessary and reasonable in the prosecution of this case.

## IV.   REASONS FOR GRANTING THE CLASS COUNSELS' FEE REQUEST

22.     First, the Settlement clearly confers substantial benefits on members of the Settlement Class. Specifically, the Settlement, if approved, entitles members of the Settlement Class to (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. These Class Members would be unlikely to otherwise recover any compensation for their injuries in this action apart from this favorable Settlement as, in most instances, it is not economically viable to litigate their claims on an individual basis, particularly in light of the difficult and complex legal questions raised by defense counsel. In light of the uncertainty of liability and the unlikelihood that individual Class Members would pursue litigation on their own, we contend that the proposed Settlement here is fair, reasonable, adequate and in the best interests of the Class Members.

23.     The benefits of the Settlement were achieved in the face of significant litigation time, expense, and risks and without the additional expense and burden of lengthy trial and appellate proceedings. We determined that the likelihood of recovery on the Class's claims were uncertain and/or would result in extensive appellate proceedings. In sum, it was unclear whether any recovery on a judgment against Defendants would ever be accomplished outside of settlement. We, therefore, negotiated a settlement that we believe maximized the Class's

recovery and preserved Class resources that might otherwise have been wasted on the prosecution of uncertain claims and lost to the Class.

24. Second, the requested fee would provide a substantial incentive for governmental bodies to ensure compliance with detainees' Constitutional rights in the future. Society has an interest in encouraging the vindication of violations of Constitutional rights and in vindicating the rights of individuals who would not have the financial wherewithal to bring individual actions. It is highly unlikely that the vast majority of the members of the Settlement Class here would have pursued their claims on an individual or non-class basis. However, if this Settlement is approved, the class action mechanism will have allowed these Class Members to recover significant sums for the Constitutional deprivations that they suffered. As the Federal Rules and the courts universally recognize, it is good public policy to encourage litigation that aggregates claims that, but for the class action device, might never have been brought.

25. Third, the fact that we undertook this case on a contingency fee basis counsels in favor of approving the requested fee. We undertook this case without any assurance whatsoever that we would ever be paid or even compensated for the expenses we had to advance to prosecute this case, and the extensive and hard-fought prosecution of this case precluded other employment by Class Counsel.

26. Fourth, as discussed above, we believe we rendered valuable services to the Class. The hard-fought and ultimately successful settlement negotiations conducted achieved a substantial benefit for the Settlement Class. Counsel determined that this settlement is in the best interests of the Class and is the most efficient and risk-free method to achieve a substantial recovery on the claims asserted on behalf of the Class. Based on the lack of objections and/or opt-outs to date, this Settlement is a resounding success.

27. Fifth, this is a complex case. Preparing the original complaints and the seven amended complaints required us to analyze numerous complex legal and factual issues, including those addressed above. We have already examined many of these questions in determined whether to settle this case. Continued litigation, however, would require *resolution* of these issues, and would consume significant private and judicial resources. The factual and legal complexity of this case warrants an award of the requested fee both because counsel should be rewarded for having to address the many complex issues this case has posed, and for saving the Court and the Parties the burden and cost of having to litigate these questions to conclusion.

28. Sixth, the expertise, experience, and conduct of Class Counsel during this litigation also warrant an award of the requested fee and expenses. We believe we have conducted ourselves ably and professionally throughout this litigation and have served the interests of the Settlement Class to the best of our abilities. We are experienced in the conduct of class action litigation, and we believe our litigation experience is evident in the result obtained in the case, which, as discussed above, confers substantial benefits on the Settlement Class.

29. Indeed, Mr. Watson has been involved in varying capacities with several class actions and complex litigation in Tennessee state courts and in various federal courts throughout the nation. Mr. Watson is admitted to practice before the Federal District Courts of Arkansas and Tennessee and the United States Court of Appeals for the Fourth, Fifth, Sixth Circuit, Seventh Circuit, and Eleventh Circuits, and has handled numerous cases before each of these courts.

30. Mr. Watson has had substantial experience acting as both defense and plaintiffs' counsel in class action litigation. Mr. Watson initially gained experience defending clients in class actions, with a focus on securities class actions in particular. For example, in the action known as *In re Taxable Municipal Bond Securities Litigation* (M.D.L. 863), which involved the

underwriting and sale of municipal bonds by Drexel Burnham Lambert and others, Mr. Watson served as class action co-counsel on behalf of a class of secondary market securities broker-dealers before the Honorable Judge Morey Sear in the United States District Court for the Eastern Division of Louisiana. In a Missouri class action styled *Hachey et al. v. Lutheran Church-Missouri Synod Foundation, et al.,* Case No. 00 CC 003359 involving the purchase and sale of collateralized mortgage obligation securities, Mr. Watson served as class action defense counsel; this action resulted in a settlement in which my client was released from liability without any payment or consideration provided to the plaintiff class.

31.  With respect to the representation of class action plaintiffs, Mr. Watson (along with Mr. Burns) has been appointed Lead and/or Co-Lead Class Counsel in a large number of highly successful matters ranging from defective products to financial services. Among others, these include:

- *Babb, et. al. v. Wilsonart International, Inc.* Civil Action No. 01818-04, Div. 4 (Cir. Ct. Shelby County, Tennessee filed Mar. 30, 2004)(appointed Co-Lead Class Counsel to consumer class action involving defective kitchen countertops owned by over 10,000 consumers; case was certified as a nationwide class action and ultimately settled for a compensatory damages of $23.5 million to the class).

- *Logan, et al. v. SCB Computer Technologies, Inc.* Case No. 03-2925 (W.D. Tenn. filed 2004)( appointed Lead Class Counsel to a collective and class action involving federal and state wage and hour violations, which resulted in a settlement for approximately 250 misclassified computer programmers).

- *Stephenson v. Equity Title & Escrow of Memphis, LLC, et. al*, Civil Action No. 06-67 (Cir. Ct. Dyersburg County, Tennessee filed Apr. 21, 2006)( appointed Co-Lead Class Counsel in the successful certification and settlement of excessive title insurance of title insurance premiums involving over 10,000 consumers)

- *Squires v. The ServiceMaster Co. and Clayton Dubilier & Rice, Inc.*, CH-08-0471-Part II (Chancery Ct. Shelby Co., Tennessee filed Mar. 11, 2008)( appointed Co-Lead Class Counsel to employees who held options on ServiceMaster stock that had been wrongfully canceled; case settled on a class basis for $1 million)

- *Howard v. Wilkes & McHugh, P.A. et al.*, Case No. 2:06-cv-2833-JMP-tmp (W.D. Tenn. filed Dec. 12, 2006)(appointed Lead Class Counsel in class action against

law firm for charging excessive fees in medical malpractice cases; case settled for $4 million)

- *Ham et al. v. Swift Transportation Co., Inc.* Case No. 2:09-cv-02145-JTF (W.D. Tenn. filed Mar. 11, 2009)(appointed Co-Lead Class Counsel to class of approximately 8,700 student truck drivers who lost their commercial drivers licenses based on the alleged wrongful actions of Swift's trucking driving school; case settled for compensatory damages and debt write off valued in excess of $17 million)

- *Manjunath A. Gokare, P.C. et al v. Federal Express Corp.*, Case No. 2:11-cv-02131-JTF-cgc (W.D. Tenn. filed Nov. 11, 2011)(appointed Co-Lead Class Counsel to class of consumers to whom Federal Express had improperly imposed residential surcharges for the delivery of packages to non-residential addresses; case was settled for $20 million)

- *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 10-cv-2304 SHM-tmp (W.D. Tenn. filed 2010) (appointed Co-Lead Class Counsel in class action against law firm for its collection of an unlawful attorney fee from delinquent real property taxpayers) and *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, CH-13-0899-Part III (Chancery Ct. Shelby County, Tennessee filed June 18, 2013)(subsequent case settlement in state court for $7.4 million)

- *Clemans v. New Werner Co. d/b/a Werner Co.*, Case No. 3:12-cv-05186-RBL (W.D. Wash. filed Mar. 2, 2012)(appointed Co-Lead Class Counsel in class action alleging that an attic ladder, made by Werner Co. prior to its bankruptcy in 2006, was defective; despite Werner's bankruptcy, case was settled by Werner's agreement to replace 300,000 attic ladders sold in the U.S, the retail value of which was $48 million)

- *Goodman v. Cashman et al and CIGNA Life Insurance Co.*, Case No. 3:14-cv-229-DPM (E.D. Ark. Dec. 10, 2015)(ERISA class action certified on behalf of participants in Crittenden Hospital Associations defunct health plan and appointed Co-Lead Class Counsel; successfully settled)

32. The above cases have been defended by some of the nation's largest and most respected defense firms, including McDermott, Will & Emery, LLP, Greenberg Traurig, LLP, Debevoise & Plimpton, LLP, Bass, Berry & Sims, Baker Donelson and Waller Lansden. Mr. Watson and Mr. Burns have also successfully handled a number of appeals under Rule 23(f) of the Federal Rules of Civil Procedure.

33. Mr. Burns similarly has extensive class action experience, having served as Lead or Co-Lead Class Counsel in each of the cases identified above. Mr. Burns also served as Co-

14

Lead Class counsel before Judge Jon P. McCalla of the United States Court for the Western District of Tennessee in the class action styled *The Farm and Industrial Supply Co., Inc. Profit Sharing Plan et al v. First Mercantile Trust Company et al*, Case No. 02-cv-2946-M/A. That class action involved ERISA and RICO claims brought to recover fee overcharges imposed on 2,500 pension plans. After substantial discovery, Mr. Burns was able to secure a settlement of over $19 million for the class. (*Id.* at ¶ 6).

34. Mr. Watson has also given seminars concerning class litigation. For example, on behalf of the Federal Bar Association in November 2005, Mr. Watson participated in a Class Action Fairness Act seminar in which he, Judge Mays and Professor Robert Banks of the University of Memphis Law School served as the panelists. Mr. Burns and I also gave a CLE Seminar on class actions at the Memphis Bar Association annual meeting, known as "Bench Bar," in May 2012.

35. Mr. McLaren attended Yale University and graduated with a Bachelor of Arts in History in 1972. In 1976 he graduated from Loyola University of Chicago, School of Law, receiving a JD degree. He has been licensed to practice law in Tennessee since 1976, 45 years. He is also licensed to practice before the Supreme Court of the United States of America, United States Court of Appeals for the Sixth Circuit, the United States District Court of Western Tennessee, the United States District Court of Middle Tennessee, and the Court of Federal Claims in Washington, DC.

36. All Mr. McLaren has ever done is litigation, beginning in 1976 with the now-defunct firm of Rickey, Shankman, Blanchard, Agee, and Harpster. In 1979 he began practicing with the law firm of Thomason, Crawford, Hendrix, Harvey, Mitchell & Johnson (now known as Lewis Thomason). He was with that firm until 1999, when he and his current law partner, Stevan

L. Black, formed the firm of Black McLaren (now known as Black McLaren Jones Ryland & Griffee).

37. Mr. McLaren and his firm have represented clients from all over the country in his practice before the United States Court of Federal Claims. He believes the firm has had clients in every state of the country but for Alaska and North Dakota. He has tried cases in Arkansas, Mississippi, Tennessee, Washington, DC, New York City, Massachusetts, and Louisiana, among others. He has argued before the Sixth Circuit Court of Appeals and briefed to the United State Supreme Court.

38. Mr. McLaren is a member of the American Bar Association (a fellow of the American Bar Foundation), the Tennessee Bar Association, the Memphis Bar Association, and the Court of Federal Claims Bar Association. Previously, he was an active member in the International Association of Defense Counsel, was named Lawyer of the Year by Best Lawyers in America in 2019 in the area of medical malpractice, and has been a SuperLawyer for the 15 years that organization has been in existence. He has been named in Best Lawyers of America for the last several years.

39. Mr. McLaren has been involved in many class action lawsuits, for both plaintiffs and defendants. These include the following, among others:

    a. He represented the People of Woodstock, a community-based organization that successfully prevented construction of a landfill near Millington, Tennessee;

    b. He represented Wells Fargo in a class action brought against them by an apartment complex before Judge Odell Horton in this court;

    c. He was involved in a class action lawsuit involving U-Haul, in which it was claimed that their trucks were defective;

    d. He was plaintiffs' counsel in a class action in Little Rock, Arkansas, which settled after years of litigation, involving General Motors vehicles that had been damaged by a tornado but were then sold with defective control systems;

  e. He was involved in the class action when the homeowners around the Memphis airport sued the airport authority over noise issue in State Court in Memphis;

  f. He successfully represented three defendant funeral homes in a class action lawsuit filed by the families of persons who were buried in sketchy and criminally negligent cemetery.

  g. Most recently he was involved in the fee dispute in this Court, in front of Judge Mays, as part of the Morgan Keegan class action. He represented two of the plaintiffs' class action firms in a dispute with lead counsel over allocation of fees.

40. Mr. McLaren has lectured extensively over the years on evidentiary issues, collegiality in the courtroom, briefing issues, and the like. All lectures have been in the field of litigation, because that is all he has ever known. He has had an AV preeminent Martindale-Hubbell Peer Review Rating for decades, which, according to Martindale-Hubbell, means he meets the highest peer rating standard and signifies that many of my peers rank me at the highest level of professional excellence.

41. Mr. Timmons has been licensed to practice law since 2010, and is an active member of the American Bar Association, Federal Bar Association, Tennessee Bar Association, and Memphis Bar Associations. Mr. Timmons is in good standing with the Tennessee Bar. Mr. Timmons is admitted to the Western District of Tennessee, the Middle District of Tennessee, the Sixth Circuit, and all courts of the State of Tennessee. The largest segment of Mr. Timmons' practice is devoted to litigating cases under 42 U.S.C. Section 1983. Over 90% of his practice is devoted to federal civil rights litigation arising under 42 U.S.C. Section 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1973, Title IX of the Civil Rights Act, and occasionally under other federal civil rights statutes. At present, Mr. Timmons is lead counsel or co-lead counsel in five (5) class action or putative class action lawsuits, all brought under various federal civil rights statutes. For approximately six (6) years, Mr. Timmons held an academic appointment through the University of Memphis where he taught courses in civil rights and

constitutional law. Mr. Timmons is one of only a handful of lawyers in Shelby County, Tennessee who routinely litigates complex federal civil rights litigation arising outside the employment context.

42. We have also applied to this Court for reimbursement of $143,418.95 of our out-of-pocket expenses incurred in prosecuting this case. Given the nature of this case, these expenses were not only reasonable and necessary but essential to achieving resolution of this case. In addition, we have requested an incentive award for each named Plaintiff in this action, all of whom were deposed and expended significant time and effort assisting in the prosecution of this case. We believe they are very deserving of the requested award.

43. As a result of the above, we respectfully request that the Court grant our fee and expense request in the amount of $2,400,000.00 and grant incentive awards to each named Plaintiff in the amount of $17,500.00.

We declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of October, 2021 at Memphis, Tennessee

*Michael G. McLaren*
Michael G. McLaren

Executed this 20th day of October, 2021 at Memphis, Tennessee

*Frank L. Watson, III*
Frank L. Watson, III

18

Executed this 20th day of October, 2021 at Memphis, Tennessee

_____
William F. Burns


Executed this 20th day of October, 2021 at Memphis, Tennessee

_____
Brice M. Timmons