## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE - WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation. <br><br> Defendants. | Case No. 2:16-cv-2907-SHM/tmp <br><br><br><br><br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TENNESSEE COMMON LAW, DECLARATORY, AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

## AFFIDAVIT OF JOHN J. HEFLIN IN SUPPORT OF
## NAMED PLAINTIFFS' AND COURT APPOINTED RULE 23(g)(3)
## INTERIM CLASS COUNSEL'S FEE APPLICATION

STATE OF TENNESSEE        :

COUNTY OF SHELBY          :

John J. Heflin states under oath as follows:

1.      My name is John J. Heflin. For the past 34 years, I have headed the litigation group of the Bourland, Heflin, Alvarez, Minor & Matthews, PLC law firm. My office is located at 5400 Poplar Avenue, Memphis, TN 38119. Before joining my current firm 34 years ago, I was a partner at the Burch, Porter & Johnson law firm in Memphis.

2.      I am a graduate of Vanderbilt University and Vanderbilt Law School. I was licensed to practice law in the State of Tennessee in October, 1978. At all times since then, I have been engaged full-time and in good standing in the practice of law. My area of practice for forty-three years has been complex commercial litigation. During those years, I have on several occasions been involved in class action litigation as counsel for one of the named defendants or as counsel to an insurance company for one of the named defendants.

3.      I am admitted to practice in all Tennessee state courts. I have been admitted to and have practiced before the United States Courts of Appeals for the Fifth, Sixth, Seventh and Eleventh Circuits and all U.S. District Courts in Tennessee. I was approved as a Rule 31 Mediator by the Tennessee Commission on Dispute Resolution in 1997, and have been active in mediating disputes, most of which have been complicated business cases, for the past 24 years. I was on this Court's mediation panel for many years. I also served for many years on the arbitration panels of the New York Stock Exchange and the National Association of Securities Dealers (now FINRA).

4.      In connection with my litigation practice, I have been paid on both an hourly and contingent basis. Based on my litigation and mediation experience, I am very familiar with what are fair, reasonable and customary rates for legal services in Tennessee and with the amount of

1

time reasonably necessary to successfully prosecute complex litigation matters against multiple defendants.

5.     I have been "AV" rated by Martindale Hubbell for over thirty years. I have been recognized each year for many years by Best Lawyers in America in several practice areas including Commercial Litigation; by SuperLawyers for Business Litigation, and by the Memphis Business Quarterly as a "Power Player" in Business Litigation.

6.     I have been active throughout my career in bar leadership, including particularly the Memphis Bar Association for which I served as President in 2004. I am a member of the Tennessee Bar Foundation and the Memphis Bar Foundation. I am an Emeritus member of the Leo Bearman Sr. American Inns of Court.

7.     At the request of Named Plaintiffs' counsel and Court-Appointed Rule 23(g)(3) Interim Class Counsel (hereinafter "Plaintiffs' Counsel"), I have reviewed numerous documents filed in or otherwise pertaining to this litigation. The documents that I have reviewed have included:

    a.  The clerk's docket sheet (Case no. 2:16-cv-02907);

    b.  The contingency fee agreement between named Plaintiff Terrence Drain and Black, McLaren, Jones, Ryland & Griffee, P.C., said to be representative of the fee agreements with the named plaintiffs;

    c.  The original Complaint and the latest (Seventh) Amended Complaint;

    d.  Pages from the transcripts of each deposition taken in this cause showing the persons in attendance and the persons who questioned each witness;

    e.  The transcript of the deposition of Keva Walton, Shelby Co. Assistant Jailer, taken August 13, 2020;

f.   The transcript of the deposition of Hon. Gerald Skahan taken November 18, 2020;

g.   The transcript of the deposition of Hon. William Anderson taken November 25, 2020;

h.   The Stipulation and Class Action Settlement Agreement and Release;

i.   The Order Granting Motion for Preliminary Approval of Class Action Settlement, Certifying Settlement Class, Directing Class Notice, and Scheduling Final Approval Hearing;

j.   The time and expense records of all of Plaintiffs' Counsel;

k.   Plaintiffs' Counsel's brief in support of approval of attorneys fees and costs; and

a.   The affidavits or declarations of Plaintiffs' counsel in support of their application for fees and costs.

In addition to reviewing these documents, I have conferred with Michael McLaren, Brice Timmons and Frank Watson regarding the course of this litigation, their time and efforts expended, and the results obtained.

8.   I am personally familiar with Plaintiffs' lead lounsel, having litigated against them and in some instances on the same side with them. Similarly, I have litigated with or against several of the attorneys and nearly all of the law firms that were engaged as Defendants' counsel. I know the lawyers involved to be excellent lawyers, who are smart, well-prepared and thorough in their investigation, preparation and presentation of the claims or defenses of their clients.

9.   This case has been aggressively and continuously prosecuted since it was filed on November 17, 2016, nearly five years ago. Any case with fourteen defendants, each with a different role in the events causing the plaintiffs' damages, will be complicated, difficult to manage, and

3

require significant experience and skill to prosecute. The fourteen defendants were ably represented by a team of highly-respected and competent attorneys from regional and national law firms, including Wyatt, Tarrant & Combs, LLP, Baker Donelson Bearman Caldwell & Berkowitz, P.C., K&L Gates, LLP, Burch Porter & Johnson, Bradley Arant Boult Cummings, LLP, Spicer Rudstrom PLLC, Farris Bobango Branan PLC, and Gordon Rees Scully Mansukhani, all of whom vigorously asserted defenses to Plaintiffs' claims. I understand from Plaintiffs' counsel that there were over 750,000 documents produced, extensive pre-trial discovery disputes, including over ten in-person hearings to address discovery disputes, seventeen depositions, multiple mediation sessions and communications, and complicated legal issues to research, brief, and argue throughout.

10.     When Plaintiffs' counsel took on this case, they made a significant time commitment to its prosecution and accepted a substantial risk that they would receive no compensation for their efforts. The nature of the class being represented, being persons wrongly arrested and/or detained in jail, added to the risk Plaintiff's counsel assumed. In addition to their time, Plaintiffs' counsel committed very substantial financial resources to the costs of prosecuting the case, including expert fees, ESI vendor fees, and court reporter fees, also with the risk that they would never be repaid. Such a complex, difficult case can (and did here) require thousands of hours of attorney and support staff time and, had Plaintiffs' counsel lost at either the certification stage of the proceedings or at trial, they would have lost their entire investment of time and expenses advanced.

11.     The settlement in this case represents an excellent result. Through the efforts of Plaintiffs' Counsel, unconstitutional practices including wrongfully detaining citizens whose warrants had already been dismissed, failing to promptly present arrested citizens for arraignment and setting bond, and failing to promptly release citizens (sometimes holding them for days) after they were entitled to be released from jail, have ended and will not be permitted in the future. In

4

addition, Plaintiffs' counsel secured a substantial settlement fund to compensate those individuals who were unlawfully detained. Given the substantial time commitment and risk Plaintiffs' counsel accepted and the favorable result obtained, Plaintiffs' counsel are entitled to be fully and fairly compensated for their efforts.

12.    The Sixth Circuit's latest statement regarding how attorneys' fees should be determined in common fund class action cases is *Linneman v. Vita-Mix Corp.*, 970 F.3d 621 (6th Cir. 2020), in which the Court stated:

> There are two leading approaches known as the lodestar method and the percentage method. *See Gascho v. Glob. Fitness Holdings, LLC* , 822 F.3d 269, 279–80 (6th Cir. 2016) ; 5 William B. Rubenstein et al., *Newberg on Class Actions* §§ 15:63 –64 (5th ed. June 2020 update). The lodestar method attempts to approximate the work done: the court multiplies the number of hours reasonably worked on the case by a reasonable hourly fee—with the possibility of an enhancement in certain cases. *See Perdue v. Kenny A. ex rel. Winn* , 559 U.S. 542, 551–52, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) ; *Gascho* , 822 F.3d at 279. In contrast, the percentage method attempts to approximate the result achieved: the court calculates the fees as a percentage of the class members' recovery in the case. *See Gascho* , 822 F.3d at 279. Because "each method has its respective advantages and drawbacks," district courts have discretion in some contexts to choose the more appropriate method for a particular case. *Rawlings v. Prudential-Bache Props., Inc.* , 9 F.3d 513, 516 (6th Cir. 1993). But still, the court must ensure—whichever method it chooses—that the final award is "reasonable" under the circumstances. Fed. R. Civ. P. 23(h) ; *Jordan v. Mark IV Hair Styles, Inc.* , 806 F.2d 695, 697 (6th Cir. 1986).

(970 F.3d at 624). The majority of other circuits have similarly held that district courts enjoy the discretion to use either the lodestar or the percentage method. *Goldberger v. Integrated Resources*, 209 F.3d 43, 49 (2nd Cir. 1999). In assessing what  would be a "reasonable" fee award, courts in the Sixth Circuit have examined six factors, with the first two being the most important:

(1) the value of the benefit rendered to the plaintiff class ...:

(2) the value of the services on an hourly basis;

(3) whether the services were undertaken on a contingent fee basis;

(4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(5) the complexity of the litigation; and

(6) the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir. 1996).

13.     Each of these factors supports Plaintiffs' counsel's application for a substantial fee award. Class Members who submit approved claims will receive substantial benefits: $750 per day for each day of Over Detention between 1 and 3 days; $1,000 per day for between 4 and 11 days, and $2,500 per day for 12 or more days, capped as to any single individual at $75,000. Plaintiffs' counsels' fee records calculate their potential fees based on hourly rates for attorneys ranging between $200 to $500 per hour, depending on level of experience, and $135 for paralegals, all of which are reasonable and within the range of fees (some at the low end of the range) normally charged by counsel with similar experience in Memphis. Applying those hourly rates to Plaintiffs' counsels' recorded time records yields fees totaling $2,301,431.75 and expenses totaling $143,418.95. All work by Plaintiffs' counsel was performed on a contingent fee basis. Critical societal interests support rewarding attorneys in a case such as this involving perhaps the most fundamental and important constitutional right – to be free from unlawful detention by the State. This was complex litigation with extensive discovery including ESI discovery, investigation of similar system failures in other locations involving the same software and defendants, and depositions. Counsel hired by the Defendants were also highly skilled and accomplished attorneys, who vigorously defended their clients and required Plaintiffs' counsel to work very hard to achieve the excellent result obtained.

14.     In addition to these factors that pertain to fee awards to class action plaintiffs' counsel, Rule 1.5 of the Tennessee Supreme Court's Rules of Professional Conduct sets forth considerations for determining the reasonableness of any legal fee.  The factors set forth in Rule 1.5 are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent;
>
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) whether the fee agreement is in writing.

15.     Each of these factors weigh strongly in favor of granting Plaintiffs' Counsel's fees and expenses application. Without being redundant, when Plaintiffs' counsel chose to undertake this litigation on a contingency basis, they recognized that they would have to devote substantial time and resources to a case with considerable risk that would preclude their employment in other cases where their fee would be assured. The rights sought to be protected could not be more important and the result obtained is meaningful, both in compensating those who were wrongfully detained and in assuring that the wrongful conduct will not continue. Lawyers who choose to protect such rights and are successful in doing so deserve to be fully and fairly rewarded for their work.

16.     I have reviewed the itemized billing statements prepared by Plaintiffs' Counsel, which reflect the work they have performed in prosecuting the Plaintiff class's claims as well as the expenses they have borne while doing so. The amount of work performed by Plaintiffs' counsel over nearly five years is tremendous - the Black, McLaren, Jones, Ryland & Griffee itemized fee bill alone is 190 pages long (all of which I have read along with all other Plaintiffs' counsel's itemized billings). All of the work described on those time records was appropriate, thorough and necessary to the diligent and successful prosecution of the class claims.

17.     The total all of the time charges reflected on Plaintiffs' counsel's time records (the time multiplied by the reasonable hourly rates) is $2,301,431.75 (Black/McLaren - $820,849.00; plus Watson Burns - $1,348,415.00; plus Donati - $132,167.75; equals $2,301,431.75). The total of all of the expenses and advances reflected on Plaintiffs' counsel's invoices is an additional $143,418.95 (Black/Mclaren - $41,533.66; plus Watson/Burns - $101,885.29; equals $143,418.95). Plaintiffs' Counsel negotiated and requested fees and expenses of $2,400,00.00, which, after five years of complex and hotly contested litigation, is less than their lodestar if the expenses they advanced are included, and thus is extremely fair and reasonable. It is not uncommon in class action litigation for class counsel to apply for and receive a multiplier on their hourly rate fee calculation, particularly in light of the risks that class counsel takes, as Plaintiffs' Counsel did here, by agreeing to representation on a contingency fee basis and fronting expenses. Plaintiffs' Counsel deserve to be fully compensated because they were highly effective in the prosecution of this case and accomplished a significant recovery for the class despite novel and difficult legal questions.

18.     For all of the reasons I have cited, I believe Plaintiffs' counsel's fee application is fair, reasonable and should be approved by the Court.

Respectfully submitted.

John J. Heflin

Executed on: _OCTOBER 25, 2021_

Sworn to and subscribed before me this __ day of October, 2021.

Notary Public

My Commission Expires: _____

---

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of October, 2021, a true and correct copy of the foregoing pleading has been filed electronically with the Court's Electronic Case Filing System. Pursuant to the Court's ECF System, the following parties listed below are filing users who will receive notice of the foregoing document's filing:

Frank L. Watson, III
William F. Burns
William E. Routt
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38104
Phone: (901) 529-7996
Fax: (901) 529-7998
Email:  fwatson@watsonburns.com
Email:  bburns@watsonburns.com
Email:  wroutt@watsonburns.com

Michael G. McLaren
William E. Cochran
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 ( Fax)
mmclaren@blackmclaw.com
wcochran@blackmclaw.com

Brice M. Timmons
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104
Phone:
Fax:
Email: brice@donatilaw.com

*Attorneys for Named Plaintiffs and Court-Appointed Rule 23(g)(3) Interim Class Counsel*

9

Robert E. Craddock, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com
Email: ohorton@wyattfirm.com

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc.*

Douglas F. Halijan, Esq.
William David Irvine, Esq.
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103-2217
(901) 524-5000
Email: dhalijan@bpjlaw.com
Email: wirvine@bpjlaw.com

*Counsel for Defendant Software AG USA. Inc.*

Emmett Lee Whitwell, Esq.
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 950
Memphis, TN 38103
(901) 222-2100
Email: lee.whitwell@shelbycountytn.gov

*Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee*

Beth Bivans Petronio, Esq.
K&L GATES, LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201
(214) 939-5815
Email:beth.petronio@klgates.com

*Counsel for Defendant Tyler Technologies, Inc.*

Russell Brandon Bundren, Esq.
James L. Murphy, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-4647
Email: bbundren@babc.com
Email: jmurphy@bradley.com

*Counsel for Defendant Global TelLink Corporation*

Albert G. McLean, Esq.
Kevin David Bernstein, Esq.
SPICER RUDSTROM PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103
901-522-2324
Email: amclean@spicerfirm.com
Email:  kdb@spicerfirm.com

*Counsel for Defendant Sierra-Cedar, Inc.*

Heather Marie Gwinn Pabon, Esq.
GORDON & REES SCULLY MANSUKHANI
3401 Mallory Lane
Suite 120
Franklin, TN 37067
(615) 722-9010
Email: hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group,
Inc.*

s/ _____

11