## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>        PLAINTIFFS,<br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL\*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>        DEFENDANTS. | **Case No. 2:16-cv-2907-SHM/tmp**<br><br>**(Hon. Judge Samuel H. Mays)** |

## DECLARATION OF J. GERARD STRANCH IV

I, J. Gerard Stranch IV, hereby state as follows:

1.      My name is J. Gerard Stranch IV, and I am Managing Partner of Branstetter, Stranch & Jennings, PLLC.  I have extensive experience representing plaintiffs in class and other collective and mass actions and lead my firm's class action, complex litigation and mass tort practice group.

2.      I have served as lead counsel for my firm in numerous cases, including the steering committee of the *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, which has resulted in approximately $17 Billion in settlements, making it the largest consumer auto settlement and one of the largest settlements in any matter ever. I was co-lead counsel in *In re: Alpha Corp. Securities Litigation* (securities suit), resulting in a $161 million settlement, and lead counsel in *Lankford v. Dow Chemical* (consumer protection class action), which resulted in $4.2 million settlement. I also helped obtain a $590.5 million settlement while serving on the executive committee in *Dahl v. Bain Capital Partners* (anti-trust), and served as liaison counsel in *In Re: Regions Morgan Keegan Closed-End Fund Litigation*, resulting in a $62 million settlement. I also was appointed to the Plaintiff Steering Committee for the *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation MDL* and am the lawyer in charge of coordinating all litigation arising in Tennessee. More than $230 million in settlements have been obtained on behalf of the victims of the New England Compounding Pharmacy and every Tennessee case has been resolved.

3.      I was recently appointed as class counsel for the negotiation class in the pending multi-district national prescription opioid litigation (MDL 2804) in Cleveland, Ohio. I was  also lead trial counsel in *Staubus v. Purdue Pharma. et al.*, which was the first scheduled jury trial against opioid manufacturers in the U.S.  We resolved the case through bankruptcy filings by the manufacturers and private settlements.

4.      I am very familiar with the Memphis, Tennessee legal market, having practiced in

Tennessee for my entire career and having had numerous cases in both State and Federal Court in Memphis.

5.      I have been asked by class counsel for Plaintiffs, Watson Burns, PLLC, Black McLaren Jones Ryland & Griffee PC, and Donati Law, PLLC (collectively, "Plaintiffs' Counsel") to opine on the reasonableness of the rates Plaintiffs' Counsel are seeking in this matter as well as the total hours and costs they expended on behalf of the certified Class.

6.      I understand that this is a Section 1983 class action lawsuit against Shelby County, Tennessee and a number of its agents for the unlawful over-detention of individuals held in the Shelby County Jail, which allegedly resulted from the County's adoption and implementation of a computer system in late 2016.  Among other allegations, the computer system is alleged to have failed to properly account for the dismissal of a number of detainee's cases and was unable to adequately track bond settings and the posting and satisfaction of warrants.  Additionally, six private contractor defendants have been sued for negligence in connection with their alleged roles in the development and implementation of the computer system.

7.      My expert opinion is based on my previous experience, my review of the docket sheet, selected pleadings and orders in this case, my review of the Settlement Agreement, my personal knowledge of Plaintiffs' Counsel's skills and abilities, conversations with some members of Plaintiffs' Counsel's group and a review of Plaintiffs' Counsel's detailed billing records.  I have been provided all materials that I have requested and do not believe that I need any additional information.

8.      I understand that Plaintiffs' Counsel took these matters on contingency bases from the outset, meaning that if they were not successful in obtaining a recovery, they would not have been paid.  I am also aware that they willingly expended $143,418.95 of their own funds in

the prosecution of this matter, all without any guarantee of reimbursement.  I am also aware that they have not been paid any fees or reimbursed any expenses for their work in this matter to date.

9.      Rule 1.5 of the Tennessee Supreme Court's Rules of Professional Conduct sets forth a number of considerations for determining the reasonableness of a legal fee.  The factors set forth in Rule 1.5 are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

10.     I believe that these factors weigh strongly in favor of granting Plaintiffs' Counsel's request for fees and expenses in this instance.

11.     This case was initiated in December 2016 and has been vigorously prosecuted since that time.  It is obvious this was a very complicated case that required significant experience and skill to prosecute.  1983 litigation is highly technical and requires counsel with

4

real experience in the area to properly represent a party. In other words, this is not an area of the law for a generalist to dabble in. Indeed, the fourteen defendants in this case were ably represented by a number of highly-respected and competent attorneys from regional and national law firms, including Wyatt, Tarrant & Combs, LLP, Baker Donelson Bearman Caldwell & Berkowitz, P.C., K&L Gates, LLP, Burch Porter & Johnson, Bradley Arant Boult Cummings, LLP, Spicer Rudstrom PLLC, Farris Bobango Branan PLC, and Gordon Rees Scully Mansukhani, all of whom asserted a plethora of complex, legal defenses. Moreover, I understand there were over 750,000 documents produced, extensive pre-trial discovery disputes, including over ten in-person hearings to resolve discovery disputes, seventeen depositions, and complicated legal issues to research, brief, and argue.

12.     Plaintiffs' Counsel did an admirable job of countering Defendants' legal maneuvering, conducting discovery, and prosecuting this complex action in the face of zealous opposition. Best of all, they negotiated a very favorable class settlement over the course of four separate mediation sessions with John Golwen of Bass Berry & Sims. Indeed, I understand that Plaintiffs' Counsel were able to obtain a gross settlement amount of $4,900,000.00. Each Class Member who submits an approved claim shall be entitled to the following payments along with meaningful injunctive relief: (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. It goes without saying that very few 1983 actions are settled for millions of dollars.

13.     Based upon the foregoing, it is my opinion that the hourly time expended by Plaintiffs' Counsel on this matter (5,566.65 hours as of the date of this filing) is reasonable and fair based upon the complexity of this matter and the significant work required to prosecute this case. I have reviewed the itemized billing statements prepared by Plaintiffs' Counsel, which

reflect the hourly time that they have expended on this matter and the expenses that they have incurred in prosecuting the case.   The hours worked and expenses incurred appear to be appropriate and reasonable.

14.     Based on the foregoing, I find that Plaintiffs' Counsel negotiated and requested fees and expenses of $2,400,00.00, which, after five years of complex and hotly contested litigation, is less than their lodestar, and is extremely fair and reasonable.   It is actually below what I believe Plaintiffs' Counsel could and should charge for their services in this matter.   It is not uncommon in class action litigation for class counsel to apply for and receive a multiplier on their hourly rate time, particularly in light of the risks that class counsel often takes, as Plaintiffs' Counsel did here, by agreeing to representation on a contingency fee basis and fronting expenses. Of course, complex and hotly contested litigation, such as the litigation here, is time consuming and laborious and precludes other employment by the lawyer.   Plaintiffs' Counsel have proven to be highly skilled through the prosecution of this matter and accomplished a positive result for the class even in the face of novel and difficult legal questions.   All of these factors demonstrate that the fees and expenses sought by Plaintiffs' Counsel are reasonable.

15.     I am also familiar with the hourly rates for complex class action litigation nationwide and in the Memphis, Tennessee legal market. The current prevailing rate for such work is between $500 and over $1,000 per hour for partners and $300 to over $500 per hour for associates.   I have been awarded rates within those ranges for my work in Memphis, Tennessee in Federal Court.   Thus, even considering the contingency fee on an hourly rate basis, the rates of Plaintiffs' Counsel are in line with these market rates.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

J. Gerard Stranch IV

Executed on:  October 26, 2021