IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KIMBERLY ALLEN, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | Case No. 2:16-cv-2907-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays)<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

## DECLARATION OF KIMBERLY ALLEN

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Kimberly Allen, after being first duly sworn, on oath states as follows:

1. I am one of the Plaintiffs and a member of the class in this matter.

2. I was arrested and held in the Shelby County Jail at 201 Poplar for 7 days.

3. During that time I had no way of knowing when I would be released.

4. Following my release, I sought representation from an attorney.

5. I was advised by my attorney that I had a civil rights claim for unlawful detention with a very high probability of success due to the circumstances of my arrest and detention.

6. I was advised that I had the right to bring suit under 42 U.S.C. Section 1983 and other state laws and that I would likely be able to recover significant damages as well as attorney's fees. I was also advised of the existence of a class action lawsuit originally brought by Isaaca Powell against Shelby County Tennessee that sought both damages for similar claims but also injunctive relief. Specifically, I was advised that the class action suit sought to ensure that Shelby County had policies in place to make sure that what happened to me never happened to anyone else.

7. I was also advised that things might proceed more quickly if I pursued my claim individually rather than as a named plaintiff in a class action suit. I was also told that I could choose to "opt-out" of the class action suit at any time and pursue my own claim with my attorney or with another attorney of my choosing.

8. I chose to pursue the class action suit along with the other named plaintiffs because I understood that we were acting to protect the civil rights of our fellow citizens, not merely obtain monetary relief.

9. Over the nearly five (5) years of this litigation, we had lengthy conferences with our attorneys on dozens of occasions so that we could provide detailed information about our arrests and detention. We were required to remain up to date on the lengthy and complex litigation processes that were not easy for us to understand. I was personally directly involved in helping determine what sorts of policy changes would have helped me obtain release so that we could make sure that those protections were there for others in future.

10. I personally gave a deposition in this matter. I responded to written discovery requests. I have had to miss numerous days of work in order to pursue the litigation. Because my name was on court documents it has also appeared in the press, thereby publicizing the fact that I was arrested.

11. Most critically, I have spent five (5) years pursuing litigation that is in the public interest when I likely could have resolved this far more quickly had I abandoned my concern for the public and only pursued my own interests.

12. Based on the foregoing, I believe that the negotiated incentive payment of $17,500 is reasonable.

I, Kimberly Allen, declare under the penalty of perjury that the foregoing to be true and correct.

Kimberly Allen

DATE: 10/21/2021

3