IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PHILIP E. BOYNTON, et al.,       )
                                 )
    Plaintiffs,                  )
                                 )
vs.                              )   No. 1:02-cv-01111-JPM-egb
                                 )
HEADWATERS, INC.,                )
                                 )
    Defendant.                   )

---

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR ATTORNEY'S FEES,
EXPENSES, AND INCENTIVE PAYMENTS**

---

Before the Court is Plaintiffs' Renewed Motion for Attorneys Fees, Expenses, and Incentive Payments ("Pls.' Mot.") (Docket Entry ("D.E.") 1048), filed on July 26, 2011. Defendant filed a response on August 16, 2011, stating that it does not oppose Plaintiffs' Motion given that Plaintiffs are not seeking to increase Defendant's liability in this matter. (D.E. 1052.) The Court approved a notice to be sent to class members regarding Plaintiffs' Motion on December 21, 2011. (D.E. 1060.) The deadline for class members to file objections was February 10, 2012. (Id.) Plaintiffs filed notice with the Court on February 21, 2012 that three class members registered objections, and Plaintiffs submitted the objections to the

1

Case 2:16-cv-02907-SHM-tmp Document 380-12 Filed 10/27/21 Page 2 of 11 PageID 6042
Case 1:02-cv-01111-JPM-egb Document 1071 Filed 05/27/12 Page 2 of 11 PageID 20642
4127

Court. (D.E. 1069.) For the reasons that follow, the Court GRANTS Plaintiffs' Motion.

**I. BACKGROUND**

This case arises out of James Gary Davidson's ("Davidson") scheme to defraud investors in an Illinois corporation called Adtech.[1] Plaintiffs[2] filed the instant suit on May 6, 2002. On February 2, 2006, the Court granted summary judgment in favor of Defendant. (D.E. 493.) On appeal, the Court of Appeals for the Federal Circuit affirmed in part and vacated in part the Court's summary judgment order. (D.E. 495; D.E. 515.) The Federal Circuit remanded the case for trial on Plaintiffs' civil conspiracy claims.

The Court conducted the first phase of a bifurcated trial in June 2009. The 2009 jury found, <u>inter alia</u>, that Headwaters engaged in a civil conspiracy to defraud Plaintiffs. (D.E. 750.) The Court conducted the trial's second phase in August and September 2010. The 2010 jury found, <u>inter alia</u>, that most of the unnamed Plaintiffs reasonably relied on a misrepresentation or omission by Davidson. (D.E. 942.) After the jury verdicts, the parties briefed the remaining equitable issues. (D.E. 965; D.E. 972; D.E. 973.) The Court issued a Memorandum Opinion and Order on April 11, 2011, awarding Plaintiffs $16,011,771.00 in

---

[1] The background facts are discussed in numerous prior orders. (<u>See, e.g.</u>, Order Granting Mot. to Certify Class Pursuant to Rule 23 (D.E. 574).) Accordingly, they are not discussed in detail here.
[2] The class consists of named and unnamed Plaintiffs.

2

Case 2:16-cv-02907-SHM-tmp Document 380-12 Filed 10/27/21 Page 3 of 11 PageID 6043
Case 1:02-cv-01111-JFM-cgc Document 1071 Filed 03/27/12 Page 3 of 11 PageID 20643
4128

total damages, with the named class members receiving $8,745,000 and unnamed class members receiving $7,266,771. (Mem. Op. & Order (D.E. 984) 16.) Judgment was entered on April 12, 2011. (D.E. 986.) Defendant filed a Notice of Appeal of the Judgment (D.E. 1021) on July 8, 2011, and Plaintiffs filed a Notice of Cross-Appeal (D.E. 1042) on July 24, 2011.

Shortly after filing suit, the named Plaintiffs and Plaintiffs' counsel, Jeffrey Greene ("Plaintiffs' Counsel" or "Mr. Greene"), reached an agreement regarding compensation for Mr. Greene's services. (See Pls.' Mot. Ex. 2 (D.E. 1048-3).) Mr. Greene agreed to represent Plaintiffs on a contingent fee basis entitling him to 33.33% of any amounts recovered in a settlement or trial and 40% of any amounts recovered if the case was appealed. (Id. at 1.) The agreement also stated that the named Plaintiffs were responsible for all out-of-pocket expenses incurred by Mr. Greene in pursuing their claims. (Id. at 2.) In the instant motion, (1) Mr. Greene seeks to recover attorney's fees and expenses on the same terms from the unnamed Plaintiffs and (2) the named Plaintiffs seek incentive payments for the for their efforts in this case.

**II. ANALYSIS**

    **a. Attorney's Fees**

Pursuant to Federal Rule of Civil Procedure 23, a court "may award reasonable attorney's fees and nontaxable costs that

3

are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In awarding attorney's fees, "a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." Rawlings v. Prudential Bache Props., Inc., 9 F.3d 513, 516 (6th Cir. 1993) (citing Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 166-68 (3d Cir. 1973)). The Court will consider the following factors in determining class counsel's fee:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

Moulton v. U.S. Steel Corp., 581 F.3d 344, 352 (6th Cir. 2009) (quoting Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996)).

These factors weigh in favor of awarding Plaintiffs' counsel 40% of the judgment obtained by the named Plaintiffs in accordance with the parties' agreement and 40% of the judgment obtained by the unnamed Plaintiffs. This litigation has been long and hard fought. Mr. Greene has guided the case through two trials and an appeal. A second appeal is currently pending. Mr.

4

Greene took a substantial risk in taking this case on a contingency basis. Society has a strong interest in incentivizing competent counsel to represent plaintiffs who are the alleged victims of a conspiracy to commit fraud. Mr. Greene has ably litigated this complex matter against zealous opposition. For these reasons, the Court finds that the requested fee amount is "reasonable under the circumstances." Moulton, 497 F.3d at 352 (quoting Rawlings, 9 F.3d at 516) (quotation marks omitted).

It is also reasonable to award Mr. Greene a 40% contingent fee from the unnamed Plaintiffs, as the unnamed Plaintiffs substantially benefited from Mr. Greene's services. In contrast to other class actions, there were not any competing individual or class lawsuits filed in this matter. No other attorney sought to represent an unnamed Plaintiff or certify a class. In addition, Mr. Greene's work to certify the unnamed Plaintiffs as a class preserved many of the class member's claims against the statute of limitations. It is likely, therefore, that none of the unnamed Plaintiffs would have recovered from Defendants but for Mr. Greene's efforts. Moreover, Mr. Greene had to perform a significant amount of work on the individual claims of each unnamed class member, including responding to written discovery for each unnamed class member and attending depositions of more than seventy unnamed class members. Accordingly, the Court

5

Case 2:16-cv-02907-SHM-tmp   Document 380-12   Filed 10/27/21   Page 6 of 11   PageID 6046
Case 1:02-cv-01111-JPM-egb   Document 1071   Filed 03/27/12   Page 6 of 11   PageID 20046
4131

awards Plaintiffs' counsel a fee award of 40% of the judgments obtained by the named and unnamed Plaintiffs in this action.

**b. Litigation Expenses**

Plaintiffs' counsel also seeks reimbursement for litigation expenses and requests that the expenses be shared proportionately by named and unnamed class members. (Pls.' Mot. 10–12.) Plaintiffs' counsel's agreement with the named Plaintiffs states that Plaintiffs will reimburse Plaintiffs' counsel for all out-of-pocket expenses, including long distance phone charges, court costs, copy costs, and legal research fees. (Pls.' Mot. Ex. 2 (D.E. 1048-3) 1–2.) Plaintiffs' counsel submitted an itemized list of expenses totaling $362,655.42 in reimbursable costs. (See Pls.' Mot. Exs. 3-6 (D.E. 1048-4).) In a previous order, the Court ordered that costs be taxed against Defendant and in favor Plaintiffs in the amount of $90,406.90. (Order Adopting in Part and Overruling in Part Clerk's Order Taxing Costs (D.E. 1070) 1.) Thus, Plaintiffs' counsel now seeks to recover the remaining $272,248.52 in costs from the named and unnamed Plaintiffs.

"Expense awards are customary when litigants have created a common settlement fund for the benefit of the class." In re Delphi Corp. Sec., Deriv. & "ERISA" Litig., 248 F.R.D. 483, 504 (E.D. Mich. 2008) (citation and quotation marks omitted). "Under the common fund doctrine, class counsel are entitled to

6

reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement." Id.

After reviewing Plaintiffs' counsel's list of expenses, the Court finds that Plaintiffs' request for $272,248.52 in expenses is reasonable. The Court also finds that it is appropriate for the expenses to be shared proportionately by named and unnamed class members given that Plaintiffs' counsel incurred these expenses pursuing the claims of both named and unnamed Plaintiffs. Accordingly, the Court awards Plaintiffs' counsel $272,248.52 in expenses, to be shared proportionally by named and unnamed Plaintiffs based on the amount each Plaintiff recovered.

**c. Incentive Payments**

Plaintiffs request incentive payments for the named Plaintiffs as compensation for their efforts in bringing and maintaining this action. Specifically, Plaintiffs seek incentive payments of $100,000 for Plaintiffs Scott Bernard and Phil Boynton and of $10,000 for the other named Plaintiffs. Plaintiffs note that the total amount requested for incentive payments represents approximately 3.6% of the judgment for each unnamed class member. (Pls.' Mot. 16.)

Where a class action suit has created a common fund, it may be appropriate to award plaintiffs who were especially engaged

7

in the litigation an incentive award. See Hadix v. Johnson, 322 F.3d 895, 898 (6th Cir. 2003). "[I]ncentive awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." Id. at 897. Courts must, however, carefully scrutinize requests for incentive awards, which "may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain." Id.

The named Plaintiffs have made significant financial and personal sacrifices in sustaining this action for nearly a decade. The named Plaintiffs advanced the costs for the litigation, consulted with Plaintiffs' counsel on countless occasions, and attended multiple mediations and two trials. (See Pls.' Mot. Ex. 6 (D.E. 1048-7) ¶¶ 5–11.) The incentive payments requested by Mr. Bernard and Mr. Boynton are substantial, but their diligence in pursuing this action on behalf of the unnamed Plaintiffs justifies the award.[3] Without the efforts of the named Plaintiffs, Mr. Bernard and Mr. Boynton in particular, it is unlikely that any of the unnamed Plaintiffs would have received any recovery. Accordingly, the Court finds that the incentive

---

[3] Mr. Boynton did not receive a judgment in this case because he re-acquired his shares of Adtech stock after its dissolution. (See Verdict Form (D.E. 750) 2.) The fact that Mr. Boynton did not obtain a verdict, however, does not detract from his efforts on behalf of the class members. It is clear from Mr. Boynton's involvement in this case that he was pursuing legitimate claims against Defendants and was not seeking a "bounty." Given that the purpose of incentive payments is to reward individual efforts taken on behalf of the class, the Court finds that Mr. Boynton is entitled to an incentive payment.

8

payments requested by the named Plaintiffs are appropriate, and the Court awards Mr. Bernard and Mr. Boynton $100,000 each and the other named Plaintiffs $10,000 each.

### d. Plaintiffs' Objections

Three Plaintiffs have submitted objections to Plaintiffs' Motion. Kevin McSherry, the executor of the estate of his father, William McSherry, who owned 1500 shares of Adtech stock, submitted the following objection:

> I feel the 'Glassner v. R.J. Reynolds' is not relevant in this case because the only person who could testify then was deceased — not so in our case.

(D.E. 1069-1 at 3.) William McSherry's claim was dismissed on summary judgment. (D.E. 856.) The second objection was submitted by Duncan Walker, who owned 1500 shares of Adtech stock and was awarded a judgment of $65,970.00. Mr. Duncan's objection reads:

> When this Class Action began, attorney's fees were agreed upon to be 33%. If Mr. Boynton agreed to a change later it was without the knowledge of the majority of shareholders. Fees requested for expenses and incentive pay should be awarded by Headwaters and not from the class, Their award amounts are already substantial.

(D.E. 1069-1 at 1.) The third objection was filed by Annelise O'Doherty, who owned 500 shares of Adtech stock and was awarded a judgment of $21,900.00. Ms. O'Doherty's objection reads:

> There was no discussion regarding extra fees, expenses & incentive payments when we agreed to

9

> the original fees, etc., should the matter take longer than expected. The delay was due to Headwaters, Inc. and their numerous appeals. We, the innocent victims, should not have to bear the cost of additional fees.

(D.E. 1069-1 at 2.)

The Plaintiffs' objections do not alter the Court's findings. Mr. McSherry's objection appears to reference Glassner v. R.J. Reynolds Tobacco Co., 223 F.3d 343 (6th Cir. 2000), a case that is not relevant to the issues of attorney's fees, expenses, and incentive payments. As to the objections of Mr. Walker and Ms. O'Doherty, a contingency fee of 40% in the event of an appeal was agreed to by the named Plaintiffs and Plaintiff's counsel, as evidenced by the parties' engagement letter, and is a reasonable fee in this case. Mr. Walker and Ms. O'Doherty also suggest that Defendant should be responsible for paying Plaintiffs' attorneys fees. Under the "American Rule," however, each party bears its own attorney fees. See, e.g., BDT Products, Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010). While Mr. Walker and Ms. O'Doherty may feel Defendant should pay Plaintiffs' attorney's fees, the law does not support their position.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED. The Court awards Plaintiffs' counsel 40% of the judgments

obtained by the named and unnamed Plaintiffs in this action and $272,248.52 in expenses, to be shared proportionally by named and unnamed Plaintiffs based on the amount each Plaintiff recovered. Plaintiffs Scott Bernard and Phil Boynton shall each receive $100,000 as incentive payments and the other named Plaintiffs shall each receive $10,000.

IT IS SO ORDERED this 27th day of March, 2012.


_s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE