IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KIMBERLY ALLEN, KEITH BURGESS, TRAVIS BOYD, and TERRENCE DRAIN on behalf of themselves and all similarly situated persons, | Case No. 2:16-cv-2907-SHM-tmp<br><br>(Hon. Judge Samuel H. Mays) |
| PLAINTIFFS, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** |
| v. | |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation, | **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

## DECLARATION OF AUBREY BROWN

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Aubrey Brown, after being first duly sworn, on oath states as follows:

1. I am Personal Representative and Administrator ad Litem for the Estate of Isaaca Powell.

2. I am an attorney licensed to practice law in Tennessee since 1994.

3. I have served in this capacity as the Personal Representative/Administrator ad Litem for the Estate of Isaaca Powell since being appointed by the Shelby County Probate Court on August 22, 2019.

4. On information and belief, Isaaca Powell had seven minor children at the time of his death who are the heirs of the estate.

5. Isaaca Powell was arrested and held unlawfully in the Shelby County Jail at 201 Poplar for 9+ days as a result of the failures of the iCJS, the computer database system at issue in this case.

6. During that time, based on my investigation of the facts, Isaaca Powell had no way to know whether he would be released.

7. Based on my investigation, Isaaca Powell was the first individual who was unlawfully incarcerated due to the failure of Shelby County's iCJS to engage the assistance of Just City, the civil rights organization that organized and initiated the instant class action lawsuit. Isaaca Powell elected to pursue a claim on behalf of himself and each and every one of his fellow citizens who did or might potentially face incarceration in the Shelby County Jail. He did this despite having been advised by his attorneys that he had the choice to pursue in individual claim under 42 U.S.C. Section 1983 that stood a high probability of success and that would take far less time and

effort than pursuing a class action. He did this despite knowing that, following release, he could pursue purely monetary relief and not incur the time and energy associated with pursuing injunctive relief on behalf of his fellow class members.

8. Given that Isaaca Powell's children were minors who would not likely receive any funds from his estate for years to come, as Administrator ad Litem, I considered it a reasonable decision to continue to pursue the claims that Isaaca Powell clearly established that he intended to pursue through to conclusion.

9. In order to do that, I took on the representation of an estate that consisted entirely of Isaaca Powell's cause of action in this case.

10. Over the nearly five (5) years of this litigation and the more than two years in which I have represented his estate, both Isaaca Powell and I have had lengthy conferences with class counsel on dozens of occasions. Mr. Powell worked extensively with Just City and the class counsel to develop this suit, to ensure that Just City and class counsel understood the nature of the issues taking place in the Shelby County Jail at a time when virtually no one outside of the Defendants and individuals incarcerated at the Shelby County Jail understood what was happening. Both Mr. Powell, and then I were required to remain up to date on the lengthy and complex litigation processes. I was personally required to investigate Mr. Powell's circumstances, to review all of the major pleadings in this matter, to familiarize myself with the facts of the case, and to ensure that class counsel were, at all times, acting in the interests of Isaaca Powell's estate and, therefore, his minor children.

11. I personally gave a deposition in this matter. I assisted in responding to written discovery requests. I spent seven (7) hours of uncompensated time representing the estate and will spend an estimated 20 - 30 more ensuring that the estate is distributed to the heirs.

12. Had I declined to serve in this capacity as Administrator ad Litem, to accept representation of the estate, and to perform the duties of an administrator ad litem, Isaaca Powell's

claims would have, functionally, died with him, as it is unlikely that his heirs were aware of their right to inherit his claims.

13. Based on the foregoing, I believe that the negotiated incentive payment of $17,500 is reasonable. In addition, it is my opinion that this benefit should inure to Isaaca Powell's estate and heirs as he elected to pursue the vindication of the civil rights of the public and the class rather than to merely pursue his own interests. As his estate will necessarily be diminished by the costs of administration, this incentive award will ensure that his children receive the full benefit of his claim.

I, Aubrey Brown, declare under the penalty of perjury that the foregoing to be true and correct.

_____
Aubrey Brown

DATE: 10-28-21