IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | **Case No. 2:16-cv-2907-SHM/tmp** |
| PLAINTIFFS, | (**Hon. Judge Samuel H. Mays**) |
| v. | |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation | |
| DEFENDANTS. | |

1

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AGREEMENT, (2) FINAL CERTIFICATION OF CLASS, AND (3) FINAL APPROVAL OF NOTICE TO THE CLASS**

Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain, and Kimberly Allen, on behalf of themselves and all other similarly situated persons ("Plaintiffs"), by and through their Rule 23(g)(3) appointed Interim Class Counsel, and Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, in their individual and/or official capacities, and Shelby County, Tennessee ("County Defendants"), and Tyler Technologies, Inc., Global Tel*Link Corporation, Software AG USA, Inc., Sierra-Cedar, Inc., Sierra Systems Group, Inc., and Tetrus Corp. (the "Vendor Defendants") (collectively, the County Defendants and Vendor Defendants are referred to herein as the "Defendants"), by and through their respective attorneys, respectfully move for an Order granting: (1) final approval of the proposed class action settlement agreement, (2) final certification of the class, and (3) final approval of notice to the class. This Memorandum of Law sets forth the factual and legal bases in support of the relief requested in this Motion.

## I. INTRODUCTION

Through this Motion, Plaintiffs and Defendants seek final approval of the terms of the Stipulation and Settlement Agreement dated April 2, 2021 (the "Agreement")(ECF No. 369-2), a fully executed copy of which was attached as Exhibit 1 (along with Exhibits A-E attached thereto) to the Memorandum in Support of Joint Motion for Preliminary Approval of Class Settlement,

2

Conditional Certification of the Settlement Class, Approval of the Proposed Notice of Settlement and Class Action Settlement Procedures (ECF 369-1) and the Supplemental Agreement ("Supplemental Agreement") filed on July 23, 2021 (ECF No. 375-1).[1] For the reasons set forth below, the proposed settlement is fair, reasonable, adequate and in the best interests of the Class Members, and it warrants this Court's final approval. The Parties respectfully request that the Court enter the proposed Final Approval Order attached as **Exhibit 1**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This is a class action brought by Plaintiffs under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and Tennessee common law in a Class Action Complaint initially filed on November 17, 2016. Several separate suits were consolidated in this Court under Case No. 2:16-cv-2907 (the "Action"). *See* ECF Nos. 41, 42, 85, 89, 101. The Class Action Complaint was thereafter amended on seven occasions, concluding with the operative Seventh Amended Class Action Complaint. ECF No. 218. The Parties have vigorously litigated this case for over five years and, in doing so, have engaged in significant class discovery, including, but not limited to, extensive ESI document exchange and review and discovery pertaining to the size of the putative class. Files related to over 72,000 detainees were made available for production, some of which were electronically hosted on software licensed to Interim Class Counsel, and reviewed for purposes of depositions. The Parties conducted eighteen depositions and engaged in substantial motion practice and hearings to resolve a number of discovery issues that arose over the course of this litigation.

---

[1] Unless otherwise defined herein, capitalized terms used herein have the meanings defined in the Agreement and Supplemental Agreement.

Thereafter, the parties formally mediated this case with John Golwen of Bass, Berry & Sims over the course of four separate days and continued to negotiate through the mediator thereafter for several weeks. Over the course of mediation, the Parties negotiated and reached an agreement in principle on the terms of a class settlement of claims in this Action.

The Parties have reached a settlement and seek approval of the settlement from the Court. With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Preliminary Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated April 2, 2021 (the "Agreement") and all exhibits to the Agreement. (D.E. No. 369.) The parties filed a supplement on July 23, 2021 (the "Supplemental Agreement"). (D.E. No. 375-1.)

On August 11, 2021, the Court entered its Order Granting Motion for Preliminary Approval of Class Settlement, Certifying Settlement Class, Directing Class Notice, and Scheduling Final Approval Hearing, preliminarily approving the Class Settlement as agreed to by the Parties and as supplemented on July 23, 2021. *See* ECF No. 376.

### III.     LEGAL STANDARD GOVERNING FINAL APPROVAL

To finally approve a proposed class action settlement, a court must find it to be "fair, adequate, and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983); *see also* FED. R. CIV. P. 23(e)(2). Federal courts have identified several factors to consider in making the ultimate determination of fairness, adequacy, and reasonableness, including: (1) the complexity, expense, and likely duration of the litigation, (2) the risks of establishing liability, (3) the stage of the proceedings and the amount of discovery completed, (4) the likelihood of establishing success on

4

the merits weighed against the amount and form of relief offered in the settlement, (5) the ability of defendants to withstand a greater judgment, (6) the nature of the negotiations, (7) the risk of maintaining class action status throughout the trial, (8) the judgment of experienced trial counsel, (9) the public interest, and (10) the objections of class members.

Courts have emphasized that these factors should not be applied in a "formalistic" manner. *See, e.g., Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 139 (W.D. Ky. 1992) ("A class action settlement cannot be measured precisely against any particular set of factors").[2] The ultimate objective is to determine whether the interests of the class *as a whole* are better served if the litigation is resolved by the settlement rather than pursued to trial. *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990). Consideration of the above factors in the context of the proposed settlement leaves no question that this settlement should be approved.

The specific factors courts consider in a Rule 23(e)(2) review are whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement made in connection with the proposal; as well as (D) the proposal treats class members

---

[2]  Indeed, different courts in this Circuit have formulated the list of factors to be considered in assessing a class action settlement differently. *Compare, e.g., In re Southern Ohio Correctional Facility*, 173 F.R.D. 205, 212 (S.D. Ohio 1997) (identifying seven factors to be considered in assessing settlement), *with In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (S.D. Ohio 2001)(identifying nine factors). All the factors listed above, however, have been generally recognized as relevant to the question of whether a class action settlement should be finally approved.

equitably relative to each other. Courts also consider (1) the strengths of the plaintiffs' case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of proceedings; (6) the experience and views of counsel; (7) the reaction of the class members to a proposed settlement; (8) the public interest; and (9) the ability of the defendants to withstand a greater judgment. *Roessler v. Nationwide Mut. Ins. Co.*, 2002 U.S. Dist. LEXIS 11288 (E.D. Pa. Jan. 29, 2002).

This settlement is clearly in the Settlement Class Members' and the public interest. No Settlement Class Member objected to any part of this proposed settlement. As of the time of filing and as will be discussed more fully at the final fairness hearing, the Administrator has received 4,614 phone calls from separate and distinct telephone numbers. The Administrator has mailed out 2,742 claim forms to various individuals, and 3,914 individuals have accessed and printed the claim form from the website. [Declaration from F. Scott Conaway, ECF No. 385]. As a result, the judgments made by Class counsel in this case are fully supportable by the facts, the law, and the response of the Settlement Class. The settlement is reasonable, fair, adequate and in the best interests of the class. This Court should approve it as final.

A.  The proposed Settlements and Consideration Amounts

The overall terms of the Settlement reached by the Parties can be summarized as follows:

- The Parties agree to the certification of a settlement class for purposes of settlement only;

- The Settlement Class is comprised of all individuals who, from November 1, 2016, to March 21, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly

contributed to the untimely release of detainees (the "Settlement Class").[3]

- The Defendants will collectively pay a Gross Settlement Amount of $4,900,000 in accordance with the Defense Allocations outlined in paragraph 4.2 of the Settlement;

- Class Members who submit approved claims shall be entitled to (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. No Class Member shall be eligible to receive more than $75,000 total from the Net Settlement Amount. Compensation for Day 1 shall be paid to Class Members who were Over Detained between 9 and 24 hours. Individuals claiming over detention of less than 9 hours are Class Members and shall benefit from the injunctive relief described below;

- Class Counsel shall be permitted to petition the Court for legal fees and expenses of $2,400,000 for Class Counsel and for Incentive Awards of $17,500 for each of the eight Class Representative Plaintiffs, which amounts will be funded out of the Gross Settlement Amount;

- The Parties shall retain an Administrator for purposes for giving notice to Class Members and receiving, evaluating and paying claims and the administration fees in an amount not to exceed $300,000, which shall be funded out of the Gross Settlement Amount;

- The remainder of the Gross Settlement Amount, after the payment of attorneys' fees, Incentive Awards and administrative costs, shall be made available to pay eligible Class Members that submit timely claims in accordance with the claims procedures and deadlines set forth in the Settlement and in this Court's orders;

- Any funds remaining after the payment of all eligible and timely claims shall revert back to the Defendants in the percentages outlined in the

---

[3] Excluded from the Settlement Class are: (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over-detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

>   Defense Allocations in paragraph 4.2 of the Settlement;

- To the extent the amount of eligible and timely claims exceed the Net Settlement Amount, payments to Class Members shall be reduced on a pro rata basis. If the total amount of eligible and timely claims exceed $3 million, Class Counsel shall be permitted to terminate the Settlement with the express written consent of 6 of the 8 named Plaintiffs;

- The County Defendants agree to the injunctive relief outlined in paragraph 4.6 of the Settlement. In short, the Shelby County Sheriff's Office has agreed to certain processes and procedures designed to minimize the likelihood of future Over Detention in the Shelby County Jails.

- Notice in the form attached to the Settlement as Exhibits B and C to potential Class Members shall be made by publication in the Commercial Appeal, Memphis Flyer, Tri-State Defender and Memphis Daily News for two consecutive weeks and shall be published on a website created by the Administrator. Advertising via use of an internet banner shall also be employed; Notice shall also be provided by US Mail to the addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017, which includes the vast majority, if not all, of the individuals likely to qualify as members of the Class. Notice shall also be posted at the Shelby County Jail for 30 days.

- Class Members shall be permitted to opt out and exclude themselves from the Settlement Class. If the number of opt outs reaches a certain confidential threshold, Defendants can exercise an option to terminate the Settlement if at least 80% of the Defendants (calculated by percentage of Defense Allocation) agree; and

- The Parties will enter into appropriate releases and dismiss the Action with prejudice.

B.   <u>The proposed Settlement Procedure and Claims Period & Process</u>

Within fifteen (15) days of the entry of the Preliminary Approval Order, the Class Notice, in the form and content of Exhibit B to the Agreement, was published in the various newspapers and posted on a settlement website developed by the Administrator as provided in the Agreement and Supplemental Agreement. The Administrator also caused a summary notice to be placed in internet banner advertising through an internet advertising network provider. Notice was also provided by US Mail to 13,160 addresses of potential Class Members who were booked at the

8

Shelby County Jail between November 1, 2016, and June 30, 2017.[4] In addition, Notices were posted at the Shelby County Jail on September 13, 2021. The posted Notices remained in place for the duration of the 30-day period, which expired on October 13, 2021. The County voluntarily undertook to leave the Notices posted within the Shelby County Jail for an additional 16 days, through Friday, October 29, 2021.

No later than the posting and mailing of the Class Notice, the Settlement Administrator established a website containing copies of the Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, Claim Form, Spanish translations of the Class Notice and Claim Form, the Seventh Amended Class Action Complaint, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agreed upon. The Settlement website has a Uniform Resource Locator which identifies the Settlement website at **www.shelbycountyjailclasssettlement.com**. The Settlement website does not include any advertising and does not bear any logos or trademarks of the Defendants. The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website, no later than the Final Accounting as set forth in Section 7.8 of the Agreement.

No later than the posting and mailing of the Class Notice, the Settlement Administrator established a toll-free interactive voice response phone number, with script recordings of information about the Settlement, including information about the Claim Form, utilizing the

---

[4] As detailed in the Supplemental Agreement and Preliminary Approval Order, approximately 19,946 potential Class Members were booked at the Shelby County Jail during this time frame. Pursuant to the Preliminary Approval Order, potential Class Members whose addresses were not provided, incomplete, or facially deficient were excluded from Mail Notice, and addresses that appeared multiple times on the Excel spreadsheet were de-duplicated so that each address received only one postcard. Implementing these filters resulted in 13,160 addresses remaining, each of which was sent Mail Notice.

relevant portions of the Class Notice and Claim Form. The settlement telephone line also provided for live operators during select times to answer certain basic questions about the Settlement. When requested by a potential Class Member, the Administrator sent the Class Notice and Claim Form and Spanish translations of both. The phone number has been open and shall remain open and accessible through the Claim Deadline and allow for potential Class Members to leave recorded messages. Except for requests for the Class Notice or Claim Form, the Administrator promptly advised Class Counsel of recorded messages left by potential Class Members concerning the Action and/or the Settlement, or directed any potential Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel could timely and accurately respond to such inquiries.

The Claim Form (attached as Exhibit A to the Agreement) allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based upon the Class Member's alleged period of over detainment. Moreover, the Claim Form fairly, adequately and reasonably informs potential claimants of their rights.

To be considered valid and timely, a Claim Form must be materially complete and mailed to the Administrator postmarked no later than 50 days after the Final Approval Hearing. Under the particular circumstances of this matter, Claim Forms must be signed under penalty of perjury in front of a licensed Notary Public. Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by legally authorized representatives, with written evidence of authority.

The Administrator provided Class Counsel and Defendants' Counsel with a declaration attesting that Class Notice has been published in accordance with the Preliminary Approval Order and the Agreement; it also noted that there were no valid Requests for Opt Out or Exclusion. Class

10

Counsel filed the declarations with the Court on October 29, 2021 [ECF No. 383 and 385].

1. Claim period

Regarding the claim period, it is well-established that class action claim periods should be relatively brief in order to efficiently resolve disputes and to encourage class members to act promptly on their claims. *Sanchez-Knutson v. Ford Motor Co.*, No. 0:14-cv-61344, 2017 U.S. Dist. LEXIS 96560, at *16-17 (S.D. Fla. June 21, 2017) (60-day claims period useful "to encourage class members to act" and because "the present time is when there is the most widespread public information about the" subject of the litigation). In fact, claim periods customarily range from 30 to 90 days and rarely, if ever, extend beyond 120 days. *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 U.S. Dist. LEXIS 122297, at *10, 24-25 (S.D. Ohio Sept. 9, 2016) (60-day claims period was fair, adequate, and reasonable); *Skeen v. BMW of N. Am.*, No. 2:13-cv-1531, 2016 U.S. Dist. LEXIS 97188, at *46-47 (D.N.J. July 26, 2016) (disagreeing and overruling objector that 120-day claim period was unreasonably short); *Bostick v. Herbalife Int.'l of Am.*, CV 13-02488, 2015 U.S. Dist. LEXIS 192676, at *16-17 (C.D. Cal. Aug. 18, 2015) (35-day claim period appropriate where, among other things, the class notice reached a large percentage of class and relatively few class members opted out); *Katz v. ABP Corp.*, 12-cv-04173, 2014 U.S. Dist. LEXIS 141223, at *15 (E.D.N.Y. Oct. 3, 2014) (providing for 56-day claim period); *Nielson v. Sports Auth.*, No. C 11-4724, 2013 U.S. Dist. LEXIS 106018, at *21 (N.D. Cal. July 29, 2013) (60-day claims period was "sufficient to address the Court's concerns that the notice period," originally 30 days was "too short"); *Pierce v. Rosetta Stone, Ltd.*, No. 11-01283, 2013 U.S. Dist. LEXIS 63856, at *26 (N.D. Cal. May 3, 2013) ("[t]he Court APPROVES the proposed Claim Period Deadline of sixty (60) days from the mailing of Class Notice) (emphasis in original); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261, 2012 U.S. Dist. LEXIS 166704, at *25-26 (N.D. Cal. Nov. 21,

2012) (approving claim period deadline of 60 calendar days from initial mailing of notice packet); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-cv-691-T-30TMB, 2011 U.S. Dist. LEXIS 150274, at *13 (M.D. Fla. Dec. 29, 2011) (90-day claim period "will allow class members ample time to file their claims"); *Centerre Trust Co. v. Jackson Saw Mill Co.*, 736 S.W.2d 486, 498 (E.D. Mo. 1987) (providing for 90-day claims period).

        2. <u>Claim procedure</u>

The claim procedure is simple and straight-forward. Notice to potential Class Members was made by publication in the Commercial Appeal, Memphis Flyer, and Tri-State Defender for two consecutive weeks and has been published on a website created by the Administrator. Advertising via use of an internet banner was employed. Notice was also made by publication in the Memphis Daily News and by posting at the Shelby County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee 38103. Notice was also provided by US Mail to 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017, which includes the vast majority, if not all, of the individuals likely to qualify as Class Members. Additionally, the Administrator sent notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1711 (hereinafter referred to a "CAFA") to 41 Attorneys General in states where a putative class member might reside. [Declaration of F. Scott Conaway, ECF No. 384].

The claim form only requires that the Class Member answer basic questions regarding their identity, detention and release at the Shelby County Jail. *See* ECF No. 369-2. In addition to the timeframe for submitting claims prior to the Final Approval Hearing, Class Members are allowed fifty (50) days from entry of the final approval order to make a claim and provide the necessary proof to participate in the Settlement. At the end of the fifty (50) days, all valid claims timely

received should receive the amount set forth in the Settlement based on the length of Over Detention. If the eligible and timely claims exceed the amount available from the Net Settlement Amount, payments to Class Members shall be reduced on a pro rata basis. Should the amount of such claims exceed, in total, $3,000,000.00, the Net Settlement Amount shall either (i) be paid out to allowed claimants on a reduced *pro-rata* basis; or (ii) Plaintiffs shall have the option to terminate this Agreement, and Plaintiffs and Defendants shall return to their respective pre-Settlement litigation positions without prejudice.

C. <u>Motion for Attorney Fees & Expenses and Additional Compensation for Representative Plaintiffs</u>

Class Counsel filed a separate motion seeking two million four hundred thousand dollars ($2,400,000) for its attorney's fees and costs, and one hundred forty thousand dollars ($140,000) for incentive awards to the named class representatives. Class Counsel relies on the statements and law cited in that separate motion to support their request for fees, costs, and incentive awards.

D. <u>The Proposed Form and Manner of Dissemination of Notice to Members of the Proposed Settlement Class</u>

Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure governs the notice to be sent to members of a settlement class, providing that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The Sixth Circuit has held that a district court has "virtually complete discretion in selecting the kind of notice to employ in informing class members of a settlement." *Franks v. Kroger Co.*, 649 F.2d 1216, 1222-23 (6th Cir. 1981), *vacated and modified on other grounds*, 670 F.2d 71 (6th Cir. 1982). It is well within this Court's discretion to approve, both as to form and method of dissemination, the settlement notice proposed here.

The Administrator, CMM, has provided notice in the same form that was approved at the

preliminary approval stage by publication and mail. Publication was provided in the Commercial Appeal, Memphis Flyer, Tri-State Defender, the Memphis Daily News, the Shelby County Criminal Justice Center and on a website created by the Administrator. Advertising via use of an internet banner was employed. Additionally, the Administrator sent notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1711 to 41 Attorneys General in states where a putative class member might reside. [Declaration of F. Scott Conaway, ECF No. 384]. Notice was also provided by US Mail to 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017, which includes the vast majority, if not all, of the individuals likely to qualify as Class Members.

The Notice described, among other things: (1) appropriate information about the nature of this litigation, the Settlement Class, Plaintiffs' counsel, and the essential terms of the Settlement; (2) appropriate information about Plaintiffs' counsel's forthcoming application for attorneys' fees and expenses and the incentive award; (3) appropriate information about how to participate in or opt-out of the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement; (5) appropriate information about how to challenge or object to the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation and the Settlement. As a result, the proposed Notice provided the Settlement Class with "a full and fair opportunity to consider the proposed [settlements] and develop a response." *Williams*, 720 F.2d at 921. *See also In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir. 1987) (notice satisfactory if "it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard") (citation, internal quotation marks omitted), *rev'd on other grounds sub nom. California v. ARC America Corp.*, 490 U.S. 93 (1989). The proposed Settlement Class

14

Notice meets or exceeds all the requirements of Rule 23 and due process, and likewise protects and releases the settling defendants from any and all future claims that were and could have been brought in this litigation. This Court should finally approve the Notice.

### IV. THE PROPOSED SETTLEMENT MERITS THIS COURT'S FINAL APPROVAL

A. The Proposed Settlement Reflects the Strengths and Weaknesses of Plaintiffs' Claims

The proposed settlement provides for significant compensation to the Class Members: (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. No Class Member shall be eligible to receive more than $75,000 total from the Net Settlement Amount. Compensation for Day 1 shall be paid to Class Members who were Over Detained between 9 and 24 hours. Individuals claiming over detention of less than 9 hours are Class Members and shall benefit from the injunctive relief described in the Settlement. Every lawsuit has strengths and weaknesses, and the ultimate outcome is always uncertain. The settlement amount here reflects an outstanding result on behalf of Class Members. The proposed settlement clearly reflects a reasoned evaluation by experienced counsel of the strengths and weaknesses of Plaintiffs' case and is deserving of deference from this Court. *Williams, supra; In re Telectronics Pacing Syst., supra*.

B. The Settlement Was Reached Through Arms-Length Negotiation and Bears no Mark of Fraud or Collusion

The Settlement in this action was the product of significant negotiations, which included formal mediation and many months of informal negotiations. After conclusion of the formal and informal mediation process, counsel spent considerable time negotiating the specific details and

15

terms of the Settlement Agreement. All Parties had aggressively pursued and defended the claims in this lawsuit.

"[T]he courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." *In re Telectronics Pacing Syst.*, 137 F. Supp. 2d at 1016 (*quoting Newberg,* § 11.51 at 158). No such evidence exists here. As discussed above, the proposed settlement was the product of extensive arms-length negotiations between experienced counsel and was consummated after significant formal discovery.

### C. The Proposed Settlement is Fair and Reasonable & Should Be Approved

The proposed settlement provides for significant compensation to the Class Members. Every lawsuit has strengths and weaknesses, and the ultimate outcome is always uncertain. The settlement amount here reflects a realistic assessment of the strengths of Plaintiffs' claim as well as the expected size of the Class. The settlement further reflects an assessment of the strengths and weaknesses of those remedial theories alleged by Plaintiffs that could, if Plaintiffs were successful, result in a larger judgment than the settlement amount. The proposed settlement clearly reflects a reasoned evaluation by experienced counsel of the strengths and weaknesses of Plaintiffs' case and should be finally approved by this Court.

## V. CONCLUSION

Examination of each of the factors traditionally considered by the courts reveals that the proposed settlement meets or exceeds standards of fairness, reasonableness, and adequacy and fully warrants this Court's final approval. For the foregoing reasons, Plaintiffs – with the consent of Defendants or, as to the request to the fee award, without objection – respectfully request that this Court grant final approval of this Settlement, as set forth in the Proposed Consent Order

16

accompanying the Unopposed Motion.

Dated: November 1, 2021

| s/ Michael G. McLaren | s/ Frank L. Watson, III |
|---|---|
| Michael G. McLaren (#5100) | Frank L. Watson, III (#15073) |
| William E. Cochran, Jr. (#21428) | William F. Burns (#17908) |
| BLACK MCLAREN JONES RYLAND & GRIFFEE PC | William E. Routt (#28577) |
| 530 Oak Court Drive, Suite 360 | WATSON BURNS, PLLC |
| Memphis, TN  38117 | 253 Adams Avenue |
| (901) 762-0535 (Office) | Memphis, Tennessee 38104 |
| (901) 762-0539 (Fax) | Phone: (901) 529-7996 |
| Email: mmclaren@blackmclaw.com | Fax: (901) 529-7998 |
| Email: wcochran@blackmclaw.com | Email: fwatson@watsonburns.com |
| | Email: bburns@watsonburns.com |
| | Email: wroutt@watsonburns.com |

s/ Brice M. Timmons
Brice M. Timmons (TN Bar #29582)
DONATI LAW, PLLC
1545 Union Ave.
Memphis, TN  38104
(901) 209-5500
(901) 278-3111
Email:  brice@donatilaw.com

*Counsel for the named Plaintiffs and Court Appointed Rule 23(g)(3) Interim Class Counsel for the putative Class Members*

| | |
|---|---|
| s/ Robert E. Craddock | s/ Emmett Lee Whitwell |
| Robert E. Craddock, Esq. (#005826) | Emmett Lee Whitwell, Esq. (#033622) |
| Odell Horton, Jr., Esq. (#012426) | SHELBY COUNTY ATTORNEY'S OFFICE |
| Megan M. Cox, Esq. (#033028) | 160 N. Main Street |
| WYATT, TARRANT & COMBS, LLP | Suite 950 |
| 1715 Aaron Brenner Drive, Suite 800 | Memphis, TN 38103 |
| Memphis, Tennessee 38120 | (901) 222-2100 |
| (901) 537-1000 | Email: lee.whitwell@shelbycountytn.gov |
| Email: rcraddock@wyattfirm.com | |
| Email: ohorton@wyattfirm.com | |
| Email: mcox@wyattfirm.com | *Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee* |
| *Counsel for Defendants Bill Oldham, Floyd Bonner, Jr., Robert Moore, Kirk Fields, Charlene McGhee, Reginald Hubbard, Debra Hammons, Tiffany Ward, and Shelby County, Tennessee* | |
| | |
| s/ Bradley E. Trammell | s/ Beth Bivans Petronio |
| Bradley E. Trammell, Esq. (#013980) | Beth Bivans Petronio, Esq. (TX #00797664) |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. | K&L GATES, LLP |
| 165 Madison Avenue, Suite 2000 | 1717 Main Street |
| Memphis, Tennessee 38103 | Suite 2800 |
| (901) 577-2121 | Dallas, Texas 75201 |
| Email: btrammell@bakerdonelson.com | (214) 939-5815 |
| | Email:beth.petronio@klgates.com |
| *Counsel for Defendant Tyler Technologies, Inc.* | *Counsel for Defendant Tyler Technologies, Inc.* |
| | |
| s/ Douglas F. Halijan | s/ R. Brandon Bundren |
| Douglas F. Halijan, Esq. (#16718) | R. Brandon Bundren, Esq. (#030985) |
| William David Irvine, Esq. (#035193) | James L. Murphy, Esq. (#009589) |
| BURCH PORTER & JOHNSON | BRADLEY ARANT BOULT CUMMINGS LLP |
| 130 N. Court Avenue | 1600 Division Street, Suite 700 |
| Memphis, TN 38103-2217 | Nashville, TN 37203 |
| (901) 524-5000 | (615) 252-4647 |
| Email: dhalijan@bpjlaw.com | Email: bbundren@bradley.com |
| Email: wirvine@bpjlaw.com | Email: jmurphy@bradley.com |
| *Counsel for Defendant Software AG Cloud Americas, Inc.* | *Counsel for Defendant Global TelLink Corporation* |

| | |
|---|---|
| s/ Albert G. McLean<br>Albert G. McLean, Esq. (#5150)<br>Kevin David Bernstein, Esq. (#18543)<br>SPICER RUDSTROM PLLC<br>119 S. Main Street, Suite 700<br>Memphis, TN 38103<br>901-522-2324<br>Email: amclean@spicerfirm.com<br>Email:  kdb@spicerfirm.com<br><br>*Counsel for Defendant Sierra-Cedar, Inc.* | s/ Robert A. McLean<br>Robert A. McLean (#006516)<br>Garrett M. Estep (#019078)<br>**FARRIS BOBANGO BRANAN PLC**<br>999 S. Shady Grove Road, Suite 500<br>Memphis, TN 38120<br>(901) 259-7100<br>rmclean@farris-law.com<br>gestep@farris-law.com<br><br>*Counsel for Defendant Tetrus Corp.* |

s/ Heather Gwinn-Pabon
Heather Gwinn-Pabon (#025931)
Erin McDaniel (#026469)
**GORDON REES SCULLY MANSUKHANI**
3401 Mallory Lane, Suite 120
Franklin, TN 37067
hgwinn@grsm.com

*Counsel for Defendant Sierra Systems Group, Inc.*