# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation<br><br>    Defendants. | Case No. 2:16-cv-02907-SHM/tmp |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEY'S FEES AND INCENTIVE AWARDS, AND ENTERING FINAL JUDGMENT**

4848-5726-6657v3
- 04/01/2021

EXHIBIT 1

This is a class action that is a consolidation of several suits, all of which have been consolidated in this Court under docket 2:16-cv-2907 (hereinafter the "Action") [*See* ECF Nos. 41, 42, 85, 89, 101)].  Plaintiffs, on behalf of themselves and all those similarly situated, allege that Defendants violated their constitutional rights under 42 U.S.C. §§ 1983 and 1988 and were negligent in the November 2016 implementation and operation of a new computer system involving the Shelby County Jail.  Defendants deny any wrongdoing or liability.  The Parties reached a settlement.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Preliminary Approval of Class Settlement (the "Motion for Preliminary Approval") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated April 2, 2021 (the "Agreement") and all exhibits to the Agreement. [ECF No. 369]. The parties filed a supplement on July 23, 2021 (the "Supplemental Agreement"). [ECF No. 375-1]. On August 11, 2021, the Court entered an "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" [ECF No. 376].  Now the Parties seek final approval of the settlement from the Court.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Final Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure [ECF No. 386.] Unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement and the Supplemental Agreement. Having carefully reviewed the Motion and Memorandum seeking Final Approval, the Agreement, the Supplemental Agreement, related exhibits, and pertinent portions of the record, the Motion is **GRANTED**.

It is hereby **ORDERED** as follows:

1. **Final Approval.** After a lengthy negotiation process, the Agreement and Supplemental Agreement were entered into by and among the Plaintiffs and Defendants at arm's length and are not collusive. Previously, a Motion for Preliminary Approval was filed and considered by the Court [ECF No. 369], and the Court entered an "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" [ECF No. 376]. Thereafter, Plaintiffs filed the Motion at issue and a hearing was held on the same on November 10, 2021 [ECF No. 386]. Based on the entire record in this cause, the Settlement is finally approved as fair, reasonable, and adequate and is in the best interests of the proposed Settlement Class.

2. **Settlement Class.** Solely for purposes of settlement, the Parties have proposed certification of the following Settlement Class under F.R.C.P. 23, which the Court accepts:

> All individuals who, from November 1, 2016 to March 21, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.
>
> Excluded from the Settlement Class are: (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

3. **Settlement Class Relief.** The total Gross Settlement Amount of $4,900,000.00 and the Net Settlement Amount as set forth in the Agreement are finally approved as fair, reasonable and adequate. The proposed Claim Settlement Payments to Class Members based on

the amount of time the Class Member was allegedly over detained, as well as a pro rata reduction of a claimant's settlement payment if the total amount of submitted claims exceeds the Net Settlement Amount, is finally approved as fair, reasonable, and adequate. Some Class Members do not qualify for compensation due to the relatively short period of alleged over detention, especially when it is recognized that a period of time is necessary to process and release detainees. Regardless, these Class Members (as well as Class Members who receive compensation) will benefit from the injunctive relief described herein in Section 11. This proposed injunctive relief is finally approved as fair, reasonable and adequate.

4. **Final Certification of Settlement Class.** The proposed Settlement Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Certification of a class is appropriate, in part, because Defendants do not object to class certification in the context of this Settlement. The Court finally certifies the Settlement Class for purposes of settlement only under Fed. R. Civ. P. 23(a) and (b)(3), and the Court makes the following determinations as to certification of the Settlement Class:

4.1 The requirements of Rule 23(a)(1) are met because the Class could be comprised of some 3,500 persons who may have been allegedly over detained as a result of the November 2016 implementation and operation of the computer system. Thus, the Settlement Class is so numerous that joinder of all members is impracticable;

4.2 The requirements of Rule 23(a)(2) are met because there is a community of interest among members of the class in certain questions of law or fact that are common to the class. For certification for settlement purposes, these issues are common issues that, if resolved for one Class Member, will be resolved for all Class Members. Those questions include, but are

4

not limited to: (i) whether the U.S. Constitution protects arrestees' right to be released from detention after the time when legal authority for detention has ceased; (ii) whether one or more of the Defendants was negligent in the November 2016 implementation and/or operation of a new computer system involving the Shelby County Jail. Thus, there are questions of law or fact common to the members of the Settlement Class;

4.3     The requirements of Rule 23(a)(3) are met because the claims of the Plaintiffs are typical of the claims of the Class. For example, like the Class Members, each Plaintiff was allegedly over detained at the Shelby County Jail during the class period;

4.4     The requirements of Rule 23(a)(4) are met because the Plaintiffs that are seeking to represent a class are able to fairly and adequately protect the interests of Class Members. The interests of the Plaintiffs are consistent with those of the class; there are no conflicts between or among the Plaintiffs and the class; and the Plaintiffs have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Action. Moreover, the Plaintiffs and the class are represented by qualified, reputable counsel ("Class Counsel") who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaints.

4.5     For settlement purposes only, certification of the class is appropriate under Rule 23(b)(3), because common questions of law and fact predominate over questions affecting only individual members of the Settlement Class and resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. The common factual and legal issues, including those identified herein, are sufficiently cohesive to warrant adjudication by representation. For example, the Class Members have allegedly suffered a common violation of their due process rights as the result of

5

the November 2016 implementation and/or operation of a new computer system in Shelby County. The Class Members' legal claims arise exclusively under Sections 1983 and 1988, as well as Tennessee law, and therefore do not involve the application of other state's laws.  Further, a Class Action is a fair and efficient adjudication of this controversy because individual litigation of these claims may not be economically feasible for the vast majority of Class Members and would be procedurally impracticable.  Additionally, individual litigation would also present the potential for varying, inconsistent or contradictory judgments while magnifying the delay and expense to all parties in the Court system.

5. **Designation of Class Representatives.** Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain**,** and Kimberly Allen are finally designated as the representatives of the Settlement Class for the purpose of administering the Settlement Agreement.

6. **Designation of Class Counsel.** The law firms of Watson Burns, PLLC and Black McLaren Jones Ryland & Griffee, PC, and Brice Timmons, attorney, are finally designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. **Class Notice.**

7.1    In accordance with the Preliminary Approval Order, on October 29, 2021, the Administrator provided Class Counsel and Defendants' Counsel with a declaration attesting that Class Notice had been published in accordance with the Preliminary Approval Order and the Agreement, and a sworn Declaration by the Administrator that it has not received any request to be excluded from the Settlement (no opt-outs), the deadline for the same having expired (post-marked by September 12, 2021), and that it has not received any objection to the Settlement to date and that no objection to the Settlement has been filed with the Court to date, the deadline for

6

the same having expired (October 12, 2021). Class Counsel filed the declarations with the Court before the Final Approval Hearing. [ECF. No. 383 and 385].

       7.2       The Court previously approved the methods of providing notice to Class Members via publication and mail as described in the Agreement and the Supplemental Agreement, including the proposed Class Notices attached as Exhibits B and C to the Agreement and Exhibit F to the Supplemental Agreement. Based upon the filings and the record as a whole, the Court finds that notice to the class was given in accordance with the Preliminary Approval Order. Notice by publication and mail was appropriately given by the Settlement Administrator and was adequate and sufficient in this instance in light of the unique and compelling circumstances of this matter as shown through the declaration of Emmett Lee Whitwell and arguments of counsel. The Court finds such notice was reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to opt out and exclude themselves from the Settlement Class. The Court finds that notice as described in the Agreement and the Supplemental Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the proposed settlement, all of which was performed by the Settlement Administrator in compliance with the Preliminary Approval Order. The Court finds that the notice provided to the class was fair, reasonable, adequate and constituted due, sufficient notice to all persons entitled to receive notice, and met all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

       7.3       In accordance with the Preliminary Approval Order, the Court finds that the Class Notice was published in the various newspapers as provided in the Agreement and posted on a settlement website developed by the Administrator. The Administrator caused a summary notice to be placed in internet banner advertising through an internet advertising network provider.

4848-5726-6657v3
- 04/01/2021

Notice was also made by publication in the Memphis Daily News and by posting at the Shelby County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee 38103. Notice was also provided by US Mail to the 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017, which includes the vast majority, if not all, of the individuals likely to qualify as members of the Class. The notice provided complied with the requirements of Rule 23(c) and was due and sufficient Notice to persons entitled to notice.

      7.4      In accordance with the Preliminary Approval Order, the Settlement Administrator established a website containing copies of the Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, Claim Form, Spanish translations of the Class Notice and Claim Form, the Seventh Amended Class Action Complaint, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agreed upon. The Settlement website included a Uniform Resource Locator which identifies the Settlement website at **www.shelbycountyjailclasssettlement.com**. The Settlement website did not include any advertising and did not bear any logos or trademarks of the Defendants.

In accordance with the Preliminary Approval Order, the Settlement Administrator established a toll-free interactive voice response phone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Class Notice and Claim Form. The settlement telephone line provided live operators during select times to answer certain basic questions about the Settlement. In accordance with the Preliminary Approval Order, and based upon the filing and records as a whole, it appears to the Court that the Administrator has sent the Class Notice and Claim Form, and Spanish translations of both, to each Class Member who requested same. The phone number shall remain

open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Excepting requests for the Class Notice or Claim Form, it appears to the Court that the Administrator has promptly advised Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or directed any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel could timely and accurately respond to such inquiries.

In accordance with the Preliminary Approval Order, the Settlement Administrator provided Class Notice by United States Mail to 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017 ("Mail Notice") to the extent valid addresses were provided by the detainees, as stated in the Preliminary Approval Order. The parties represent that the potential Class Members who were booked during this time include the vast majority, if not all, of the individuals who are likely to qualify as members of the Class. Mail Notice was made by postcard in a form substantially similar to Exhibit F, attached to the Supplemental Agreement. To alleviate any potential expungement-related privacy concerns, Mail Notice omitted the detainee's name and was addressed only to "Current Occupant" or a similarly anonymous designation. The address of each of these potential Class Members was determined by reference to an Excel spreadsheet report generated from data stored for each detainee in Shelby County's Odyssey system. That information was originally provided by the detainees themselves at the time of booking and may contain incomplete, incorrect, and/or unverifiable information. It appears to the Court that such Mail Notice was proper and that the Administrator and Parties have fulfilled all obligations to provide Mail Notice in accordance with the Preliminary Approval Order.

4848-5726-6657v3
- 04/01/2021

In accordance with the Preliminary Approval Order, the Class Notice was published by posting at the Shelby County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee 38103. Pursuant to the Preliminary Approval Order, Shelby County posted two notices at 201 Poplar: one at the public entrance to the Shelby County Jail, and one on the wall next to the elevators on the main floor. Additionally, Shelby County posted a third notice on the bulletin board in the general area of the General Sessions Criminal Court. The notices were posted for at least 30 days following the Court's entry of the Preliminary Approval Order. Shelby County conducted weekly inspections during this time and affirmed that the notices remained in place for the duration of the 30-day period.  The Court finds that these measures are reasonably calculated to provide Class Notice to both potential Class Members and local criminal defense attorneys, who in turn can pass such information along to current and former clients who may qualify for the Settlement Class.

7.5     The Claim Form (attached as Exhibit A to the Agreement) allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based upon the Class Member's alleged period of over detainment.  Moreover, the Claim Form fairly, adequately and reasonably informs potential claimants of their rights.

As per the Preliminary Approval Order, to be considered valid and timely, a Claim Form must be materially complete, and mailed to the Administrator postmarked no later than December 30, 2021. Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by legally authorized representatives, with written evidence of authority.  Claim Forms request certain information and must be signed under penalty of perjury in front of a licensed Notary Public.  Class Members are persons who have been arrested for alleged criminal law violations. Thus, under the particular circumstances of this matter (as presented by the declaration of Emmett

10

Lee Whitwell and argument of counsel), the Court finds the Claim Form is necessary and appropriate, including the execution of the Claim Form under penalty of perjury before a licensed Notary Public, in an effort to insure the integrity of the Claim Form and Claim Settlement Payment process. Therefore, the Court finally approves the proposed Claim Form attached as Exhibit A to the Agreement and finds that it is fair, reasonable and adequate.

7.6 The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 3 to the Motion for Preliminary Approval [ECF No. 369-4] complies with the requirements of CAFA. Defendants' mailing of the CAFA notice on May 1, 2021 discharged Defendants' obligations pursuant to CAFA. As detailed in the Declaration of F. Scott Conaway [ECF No. 384], the Parties also mailed each of the Attorneys General that had previously received Defendants' CAFA notice with a copy of the court's "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" [ECF No. 376] on September 2, 2021.

7.7 In sum, the Court determines that Notice provided by the Parties (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the particular circumstances of this case, to apprise Class Members of the pendency of the action and of their right to object to the proposed settlement or exclude themselves from the Class; (iii) is fair, reasonable, adequate and constitutes due, sufficient notice to persons entitled to receive notice; and (iv) meets all applicable requirements of Rule 23 under the Federal Rules of Civil Procedure and the due process clause of the United States Constitution.

7.8 Since there are no Class Members who timely submitted a valid request for exclusion from the Settlement Class, all Class Members under the Agreement and the Supplemental Agreement, are hereby bound by their terms, including, but not limited to, the releases in Section 9 of the Agreement and as stated in section 8 below in this Final Judgment approving the

Settlement.

7.9     Every Class Member who did not submit a written request to opt out and be excluded from the Settlement Class is hereby finally bound by this Final Judgment and all proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendants relating to any of the claims released as defined in the Agreement.

7.10    Based upon the filings and the record as a whole, the Court finds that a full opportunity has been afforded to Plaintiffs and all Class Members to file objections to the Settlement and/or otherwise participate in the Final Approval Hearing.  No objections were filed. All Class Members and other persons or parties wishing to be heard have been heard.

8.      **Releases.**   Subject to the election of the Plaintiffs to terminate the Settlement in accordance with Sections 4.4 and 13.2 of the Agreement which shall occur no later than January 13, 2022, all releasing persons and entities are, by operation of this Final Judgment, bound by the following releases (and as more particularly described in the Agreement), which the Court finally finds to be fair, reasonable and adequate:

8.1     **Released Claims by Plaintiffs and the Class.**

Plaintiffs and each of the Class Members, irrevocably and expressly waive, and fully, finally and forever settle and release the Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive

12

or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action. This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

The Court finds that Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, Plaintiffs and the Class Members fully, finally, and forever settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether previously or currently asserted in any action, including the Action and the Related Action).

Excluded from this Release are:  (i) any Person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are released); (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not

arising from over detention allegedly caused by the Shelby County computer system; and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement.

8.2 **Release among Defendants.**

Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification, contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.

9. **Attorneys' Fees, Expenses, and Incentive Awards.**  Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Class Counsel has also filed a separate Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Plaintiffs in which Plaintiffs and Class Counsel request that they be awarded $2,400,000.00 in fees and expenses incurred in prosecuting this case for over five years.  Based upon statements and filings of Class Counsel and the record as a whole, the Court finds that Class Counsel have adequately represented and protected the interests of the Settlement Class and that without the diligent and extensive efforts of Class Counsel, the Settlement and related benefits to the class would not have been accomplished.  Thus, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the

14

Court finds that the requested award of attorneys' fees and expenses is a reasonable and fair amount and hereby incorporates by reference its Order Granting Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Plaintiffs. Defendants do not oppose or otherwise object to the requested award. The Court likewise finds that the Incentive Awards to the Plaintiffs in the amount of $17,500 for each Class Representative are fair and reasonable and accordingly grants the Plaintiffs' request for such Incentive Awards. Defendants do not object to such application for Incentive Awards by Class Counsel for the Class Representatives.

9.1    Importantly, the proposed settlement provides substantial relief to the Class Members. Class Members receive (i) $750 per day for each day of Over Detention between 1 and 3 days; (ii) $1,000 per day for each day of Over Detention between 4 and 11 days; and (iii) $2,500 per day for each day of Over Detention of 12 or more days. The Court finds that this is significant financial remuneration for the violation of their Constitutional rights. Accordingly, via the proposed settlement, the Plaintiffs are a "prevailing party" under the "generous" standard governing the fee-shifting statute, and Counsel is entitled to an award of their reasonable fees.

9.2    Since this action was originally filed, Class Counsel have tirelessly worked on this matter without receiving any compensation for their work and without receiving any reimbursement for the expenses they advanced. Their representation of the Plaintiffs and the Class was undertaken with the understanding that any fees and expenses that they might receive would be contingent on the outcome of the case. This dispute was highly contested and was settled only after five years of litigation, which included the completion of expansive class discovery, extensive ESI document exchange and review, seventeen depositions, and over ten in-person hearings to resolve discovery disputes. Class Counsel have expended in excess of 5,566.65 hours advancing this case.

9.3     Moreover, the request for fees and expenses is supported by the independent expert opinions of two well-qualified attorneys, John J. Heflin and Gerard Stranch IV, both of whom have thoroughly reviewed Class Counsel's efforts and have determined that the requested award of fees and expenses are fair and reasonable.

9.4     Based on all the forgoing findings and the entire record as a whole, the Court hereby grants Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and for Incentive Awards. The Court further finds the expenses incurred in prosecution of this case are reasonable and in line with the enormity of the task taken on by Class Counsel and should be reimbursed.  As a result, the Court hereby orders and authorizes the requested award of attorneys' fees and expenses in the total amount of $2,400,000.00 to be disbursed to Class Counsel from the Gross Settlement Amount.   In addition, the Court finds that the total requested Incentive Awards of $140,000.00 ($17,500.00 for each Plaintiff) is appropriate.  The Court hereby Orders that Class Counsel distribute the individual Incentive Awards to the appropriate Class Representatives from the Gross Settlement Amount.  Based on representations of Class Counsel, these individuals spent an enormous amount of time assisting them and, thereby, assisting the entire class in this litigation.  Class Counsel and the Named Plaintiffs adequately and ably represented the Class and should be rewarded for their efforts.

10**.     Permanent Injunction as to Plaintiffs and Defendants.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all Class Members, all Defendants herein, and anyone acting or purporting to act on their behalf, are permanently enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any

16

claims released against any Defendant; and (b) organizing any Class Members into a separate opt-out class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the claims released. Further, if any person or entity shall attempt to bring any claim or any legal action against any of the Defendants, or their insurers, subrogees, successors, assigns, and/or affiliates, which has been released as stated in sections 8, 8.1, or 8.2 above, this Order shall properly be asserted as a complete and total litigation bar to any such claim.

11. **Injunction as to Defendant Shelby County, Tennessee**. The proposed injunctive relief, as identified in the Agreement, is finally approved, for settlement purposes only, as fair, reasonable and adequate: The Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division. Arrestees will not be admitted to the facility unless charged with the crime(s) that they are being arrested for, supported by an arrest warrant and/or an affidavit of complaint. Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner. The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates/detainees to submit administrative grievances. Access to the grievance procedure will be made available to all inmates/detainees, and inmates/detainees will not be subjected to retaliation for filing grievances. The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

A grievance based on a claim that an inmate/detainee is being held beyond his/her release date will be eligible for expedited review under the County's emergency grievance review process.

To submit such a grievance, inmate/detainee must give the grievance to their pod officer, who will promptly forward the grievance to the Shift Commander.  A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member.  The Captain will provide the inmate/detainee with written notification of the actions being taken within seventy-two (72) hours of the commencement of the investigation and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology Department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventative measure against possible detentions without timely arraignments.  The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of 1 year from the date of final approval of this settlement by the Court.

The parties agree and stipulate, and this Court finds, that the injunctive relief is:

1) Narrowly drawn;

2) Extends no further than necessary to correct the alleged violations of the federally secured rights of the class; and

3) Is the least intrusive means necessary to correct the violation of the federal right.

The parties agree and stipulate, and this Court finds, that this injunctive relief will have no adverse impact on the operation of the jails.

4848-5726-6657v3
- 04/01/2021

The parties agree and stipulate, and this Court finds, that nothing in this injunctive relief requires or permits any government official to exceed his or her authority under state or local law or otherwise violates state or local law.

**Final Approval and Judgment.**

12. The Court hereby grants final approval to the Settlement, the Agreement, and the Supplemental Agreement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of each of the Plaintiffs and Class Members and is consistent and in compliance with all requirements of Due Process. The Court further directs the Parties and their counsel to implement and to consummate the Agreement and the Supplemental Agreement in accordance with their terms and provisions, including the payment of all benefits to Class Members, Incentive Awards and all monetary obligations due to Class Counsel and the Settlement Administrator per the terms in the Agreement and the Supplemental Agreement, and to the Defendants pursuant to the Settlement Agreement, the Supplemental Agreement, and this Order.

13. In the event that this Order and Final Judgment is terminated in accordance with its provisions as referenced in Section 8 above, the Parties shall be restored to their respective positions as of April 1, 2021, and this Order and Final Judgment shall have no further force or effect, shall be vacated and be rendered null and void *nunc pro tunc* as if the Settlement had not been entered or filed with this Court, and shall not be used in any action or proceeding for any purpose except as required by law or by the Agreement.

14. The Court finds that Class Members may continue to submit Claim Forms pursuant to the Preliminary Approval Order. All Claim Forms must be received by the Settlement Administrator and postmarked no later than December 30, 2021.

15. It is further ordered that the Agreement, the Supplemental Agreement and the

4848-5726-6657v3
- 04/01/2021

Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, a concession, or an admission of liability by any Defendant or of any allegation made against any Defendant.  However, nothing in this paragraph shall preclude any Party from using the Settlement, this Order or any act performed or document executed pursuant thereto (i) in a proceeding to consummate or enforce the provisions of this Final Order and Judgment, the Agreement and the Supplemental Agreement, or (ii) in any action or proceeding against or by Defendant(s) to support a defense, claim or counterclaim based upon principles of *res judicata*, collateral estoppel, release, payment, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense, claim or counterclaim.

16. All claims asserted in this consolidated action are dismissed with prejudice as to refiling, but the Court reserves jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Agreement, the Supplemental Agreement and this Final Approval Order, and for any other necessary purposes. Based on all the foregoing and the entire record in this cause, the Court enters Final Judgment subject to termination rights in Sections 4.4 and 13.2 of the Agreement and finds that there is no just reason for delay of the entry of this Order and Final Judgment.

**IT IS SO ORDERED**, this _____day of _____, 2021.

                                                        Samuel Hardy Mays, Jr.
                                                       UNITED STATES DISTRICT JUDGE

4848-5726-6657v3
- 04/01/2021