IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE - WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) | **Case No. 2:16-cv-2907-SHM/tmp** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **SUPPLEMENTAL** |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; and SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DECLARATION OF F. SCOTT CONAWAY CONCERNING CURRENT AND EXPECTED NUMBER OF CLAIMS AND EXPECTED AVERAGE CLAIM VALUE** |
| Defendants. | ) ) ) | |

**SUPPLEMENTAL DECLARATION OF F. SCOTT CONAWAY
CONCERNING CURRENT AND EXPECTED NUMBER OF CLAIMS
AND EXPECTED AVERAGE CLAIM VALUE**

I, F. Scott Conaway, being duly sworn, depose and say under oath as follows:

1.  My name is F. Scott Conaway, and I am an adult resident and citizen of the State of Tennessee. I am the managing member of CMM Settlement Solutions, LLC (hereinafter "CMM"), which was appointed by this Court to serve as the Notice and Claims Administrator in this case. I am responsible for supervising all class action administration services provided by CMM, am personally involved in the management of the administration of this proposed class action settlement and, therefore, have personal knowledge of the facts set forth herein below. I have personally testified live in both state and federal courts in Tennessee and Arkansas regarding the claims administration process and the effectiveness and reach of various class claim notice programs. I have never been excluded or disqualified from testifying as an expert in the class claim administration services area.

2.  In the instant case, CMM has mailed out 2,791 claim forms to distinct individuals. An additional 3,927 claim forms were printed directly from the class settlement website. As a result, a total of 6,718 claim forms have been provided to potential class members. While I cannot know or predict why people do or do not submit claims, the claims progress and claim rates in typical class actions are somewhat statistically predictable. Based upon my experience as a professional class action claims administrator and having recently administered three (3) class settlements in Shelby County, I am of the opinion that it is likely that 10% to 20% of the outstanding claim forms (6,718) will be returned in a timely manner in this case. As a result, it is my opinion that the total expected number of timely submitted claims would range from 671 to 1,343 in this case. Of course, until we complete the claim review process, we have no way to determine or predict if any of these class

1

members will actually meet the class definition and qualify for payment under the terms of the settlement.

3.  It is typical for potential class claimants to wait until near the end of a claims period before submitting claims in the class action cases. Historically, CMM receives 64% of all claims submitted in a class action settlement during the last thirty (30) days of the applicable claim period. To date, CMM has received seventy-two (72) claims in this case, but the claim period is far from over. Class counsel has informed me that a Memphis attorney named Beth Brooks is in the process of ensuring an additional fifty-one (51) class members submit claims in this case. Class Counsel has reviewed our claim spreadsheet and has indicated that Ms. Brooks' clients have not yet made claims, or, in other words, they are not part of the seventy-two (72) claims already submitted in this case.

4.  Pursuant to the terms of the settlement in this case, CMM is ultimately responsible for determining a class member's eligibility for payment. CMM is also charged with calculating the settlement award amount based upon the parameters of the settlement agreement.  In order to make the exact determinations, CMM will need to have access to and review the jail records of each claimant in this case to confirm the accuracy of the information provided on the claim form. This process has not yet occurred because the claim period remains open. However, the claim form does direct the claimant to indicate the number of days that they contend that they were over-detained in the Shelby County jail.

5.  Class counsel has requested that CMM make a projection about a potential payment amount to each claimant in this case based upon information supplied in claims that have been

submitted to date.  In order to do so, CMM has been asked to presume that the claim data received

on each claim form is accurate and to calculate the potential settlement award amount for each of

the seventy-two (72) submitted claims based solely upon the days of over-detention listed on the

claim form. In the event that the claimant did not indicate the number of days of over-detention, or

their answer was nonsensical, CMM was instructed to presume the class member would only be

entitled to payment for one (1) day of over-detention or $750.


6.  Without making any claim validity determinations, and based on the above assumptions,

the total aggregate value of all claims made to date would equate to $128,750.00. The average value

of each individual claim would be $1,788.20. Extrapolating this average claim value out to a

potential claim rate of 10% to 20% discussed above (to 671 to 1,343 individual claims) would result

in a total potential value of this expected settlement payout being somewhere between

$1,199,882.20 to $2,401,552.60.


I, F. Scott Conaway, declare under penalty of perjury that the foregoing is true and correct.


F. SCOTT CONAWAY

EXECUTED ON: 11/19/21

3