# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT TURNAGE, CORTEZ D. BROWN, DEONTAE TATE, JEREMY S. MELTON, ISSACCA POWELL, KEITH BURGESS, TRAVIS BOYD, TERRENCE DRAIN, and KIMBERLY ALLEN on behalf of themselves and all similarly situated persons, | § § § § § § § | |
| Plaintiffs, | § | |
| v. | § | Case No. 2:16-cv-02907-SHM/tmp |
| | § | |
| BILL OLDHAM, in his individual capacity as former Sheriff of Shelby County, Tennessee; FLOYD BONNER, JR., in his official capacity as Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity as former Jail Director of Shelby County, Tennessee; KIRK FIELDS, in his official capacity as Jail Director of Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity as former Assistant Chief of Jail Security of Shelby County, Tennessee; REGINALD HUBBARD, in his official capacity as Assistant Chief of Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity as former Assistant Chief of Jail Programs of Shelby County, Tennessee; TIFFANY WARD in her official capacity as Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; TYLER TECHNOLOGIES, INC., a foreign corporation; GLOBAL TEL*LINK CORPORATION, a foreign corporation; SOFTWARE AG USA, INC., a foreign corporation; SIERRA-CEDAR, INC., a foreign corporation, SIERRA SYSTEMS GROUP, INC., a foreign corporation; and TETRUS CORP, a foreign corporation | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEYS' FEES AND INCENTIVE AWARDS, AND ENTERING FINAL JUDGMENT

This is a class action that is a consolidation of several suits, all of which have been consolidated in this Court under docket 2:16-cv-2907 (hereinafter the "Action.")  (See ECF Nos. 41, 42, 85, 89, 101.)  Plaintiffs, on behalf of themselves and all those similarly situated, allege that Defendants violated their constitutional rights under 42 U.S.C. §§ 1983 and 1988 and were negligent in the November 2016 implementation and operation of a new computer system affecting the Shelby County Jail.  Defendants deny any wrongdoing or liability.  The Parties have reached a settlement.  With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Preliminary Approval of Class Settlement (the "Motion for Preliminary Approval") under Rule 23 of the Federal Rules of Civil Procedure, including exhibits such as the Parties' Stipulation and Class Action Settlement Agreement and Release dated April 2, 2021 (the "Agreement") and all exhibits to the Agreement.  (ECF No. 369.) The parties filed a supplement on July 23, 2021 (the "Supplemental Agreement.")  (ECF No. 375-1.)  On August 11, 2021, the Court granted the Motion for Preliminary Approval of the Class Action Settlement.  (ECF No. 376.)  Now the Parties seek final approval of the settlement. With the consent and agreement of Defendants, Plaintiffs filed a Motion and accompanying Memorandum seeking Final Approval of Class Settlement (the "Motion") under Rule 23 of the Federal Rules of Civil Procedure.  (ECF No. 386.)  Unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement and the Supplemental Agreement.  Having reviewed the Motion and Memorandum seeking Final Approval, the Agreement, the Supplemental Agreement, related exhibits, and the record in this case, and having conducted hearings on the Motion for Preliminary Approval and the Motion, the Motion is **GRANTED**.

It is hereby **ORDERED** as follows:

2

1.      **Final Approval.** After a lengthy negotiation process, the Agreement and Supplemental Agreement were entered into by and among Plaintiffs and Defendants at arm's length.   The Agreement and the Supplemental Agreement are not collusive.   A Motion for Preliminary Approval was filed and considered by the Court (ECF No. 369.), and the Court granted the Motion for Preliminary Approval of the Class Action Settlement.  (ECF No. 376.)  Plaintiffs filed the Motion at issue and a hearing was held on November 10, 2021.  (ECF No. 386.)  Based on the record in this cause, the Settlement is finally approved as fair, reasonable, and adequate and is in the best interests of the proposed Settlement Class.

2.      **Settlement Class.** Solely for purposes of settlement, the Parties have proposed certification of the following Settlement Class under F.R.C.P. 23, which the Court approves:

> All individuals who, from November 1, 2016 to March 21, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees.

> Excluded from the Settlement Class are:  (i) any person who has filed and has pending any case asserting <u>individual</u> claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are included in the Settlement Class definition), (ii) the claims of any Person not arising from implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system, and (iii) the named Defendants, their agents, affiliates, and employees, the Judge, District Attorneys, and Public Defenders assigned to this matter and their staff, and Class Counsel and their agents, affiliates and employees.

3.      **Settlement Class Relief.** The total Gross Settlement Amount of $4,900,000.00 and the Net Settlement Amount as set forth in the Agreement are finally approved as fair, reasonable and adequate.  The proposed Claim Settlement Payments to Class Members based on the amount of time the Class Member was allegedly over detained, as well as a pro rata reduction

of a claimant's settlement payment if the total amount of submitted claims exceeds the Net Settlement Amount, is finally approved as fair, reasonable, and adequate.  Some Class Members do not qualify for compensation due to the relatively short period of alleged over detention, especially when it is recognized that a period of time is necessary to process and release detainees.  These Class Members (as well as Class Members who receive compensation) will benefit from the injunctive relief described in Section 12.  This proposed injunctive relief is finally approved as fair, reasonable and adequate.

4. **Final Certification of Settlement Class.**  The proposed Settlement Class satisfies all the requirements for certification under Rule 23(a) and Rule 23(b)(3) and is appropriate under Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997).  Certification of a class is appropriate, in part, because Defendants do not object to class certification in the context of this Settlement. The Court finally certifies the Settlement Class for purposes of settlement only under Fed. R. Civ. P. 23(a) and (b)(3), and the Court makes the following determinations as to certification of the Settlement Class:

4.1      The requirements of Rule 23(a)(1) are met because the Class could be comprised of some 3,500 persons who may have been allegedly over detained as a result of the November 2016 implementation and operation of the computer system.  Thus, the Settlement Class is so numerous that joinder of all members is impracticable;

4.2      The requirements of Rule 23(a)(2) are met because there is a community of interest among members of the class in certain questions of law or fact that are common to the class.  For certification for settlement purposes, those issues are common issues that, if resolved for one Class Member, will be resolved for all Class Members.  Those questions include, but are not limited to:  (i) whether the U.S. Constitution protects arrestees' right to be released from

detention after the time when legal authority for detention has ceased;  and (ii) whether one or more of the Defendants was negligent in the November 2016 implementation and operation of a new computer system affecting the Shelby County Jail.  Thus, there are questions of law or fact common to the members of the Settlement Class;

4.3     The requirements of Rule 23(a)(3) are met because the claims of the Plaintiffs are typical of the claims of the Class.  For example, like the Class Members, each Plaintiff was allegedly over detained at the Shelby County Jail during the class period; and

4.4     The requirements of Rule 23(a)(4) are met because the Plaintiffs who are seeking to represent the class are able to fairly and adequately protect the interests of Class Members.  The interests of the Plaintiffs are consistent with those of the class;  there are no conflicts between or among the Plaintiffs and the class;  and the Plaintiffs have been and are capable of continuing to be active participants in both the prosecution of, and the negotiations to settle, the Action.  The Plaintiffs and the class are represented by qualified counsel ("Class Counsel") who are experienced in preparing and prosecuting class actions, including those arising from the sort of practices alleged in the Complaints.

4.5     For settlement purposes only, certification of the class is appropriate under Rule 23(b)(3), because common questions of law and fact predominate over questions affecting only individual members of the Settlement Class and resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The common factual and legal issues, including those identified herein, are sufficiently cohesive to warrant adjudication by representation.  For example, the Class Members have allegedly suffered a common violation of their Due Process rights as the result of the November 2016 implementation and operation of a new computer system in Shelby County.

The Class Members' legal claims arise exclusively under §§ 1983 and 1988, as well as Tennessee law, and therefore do not require the application of other States' laws. A Class Action is a fair and efficient adjudication of this controversy because individual litigation of Plaintiffs' claims may not be economically feasible for the vast majority of Class Members and would be procedurally impracticable. Individual litigation would also present the potential for varying, inconsistent or contradictory judgments while magnifying the delay and expense to all parties and the Court system.

5. **Designation of Class Representatives.** Plaintiffs Scott Turnage, Deontae Tate, Jeremy S. Melton, Aubrey L. Brown, as administrator ad litem of the estate of Issacca Powell, Keith Burgess, Travis Boyd, Terrence Drain**,** and Kimberly Allen are finally designated as the representatives of the Settlement Class for the purpose of administering the Settlement Agreement.

6. **Designation of Class Counsel.** The law firms of Watson Burns, PLLC and Black McLaren Jones Ryland & Griffee, PC, and Brice Timmons, attorney, are finally designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. **Class Notice.**

7.1 In accordance with the Preliminary Approval Order, on October 29, 2021, the Administrator provided Class Counsel and Defendants' Counsel with a declaration attesting that Class Notice had been published in accordance with the Preliminary Approval Order and the Agreement, and with a sworn Declaration by the Administrator that it has not received any request to be excluded from the Settlement (no opt-outs), the deadline for the same having expired (post-marked by September 12, 2021), and that it has not received any objection to the Settlement to date, and that no objection to the Settlement has been filed with the Court to date, the deadline for the same having expired (October 12, 2021). Class Counsel filed the declarations with the Court

before the Final Approval Hearing.  (ECF. No. 383, 385.)

7.2      The Court previously approved the methods of providing notice to Class Members via publication and mail as described in the Agreement and the Supplemental Agreement, including the proposed Class Notices attached as Exhibits B and C to the Agreement and Exhibit F to the Supplemental Agreement.  Based on the filings and the record, the Court finds that notice to the class was given in accordance with the Preliminary Approval Order.  Notice by publication and mail was appropriately given by the Settlement Administrator and was adequate and sufficient in this instance considering all the circumstances as shown by the declaration of Emmett Lee Whitwell and arguments of counsel.  The Court finds that such notice was reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to opt out and exclude themselves from the Settlement Class.  The Court finds that notice as described in the Agreement and the Supplemental Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the proposed settlement, all of which was performed by the Settlement Administrator in compliance with the Preliminary Approval Order.  The Court finds that the notice provided to the class was fair, reasonable, adequate and constituted due and sufficient notice to all persons entitled to receive notice, and met all legal requirements, including the requirements of Fed. R. Civ. P. 23 and Due Process.

7.3      In accordance with the Preliminary Approval Order, the Court finds that the Class Notice was published in the various newspapers as provided in the Agreement and posted on a settlement website developed by the Administrator.  The Administrator caused a summary notice to be placed in internet banner advertising through an internet advertising network provider.  Notice was also made by publication in the Memphis Daily News and by posting at the Shelby

County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee.  Notice was also provided by US Mail to the 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017, which includes the vast majority, if not all, of the individuals likely to qualify as members of the Class.  The notice provided complied with the requirements of Rule 23(c) and was due and sufficient notice to persons entitled to notice.

7.4     In accordance with the Preliminary Approval Order, the Settlement Administrator established a website containing copies of the Agreement, the Preliminary Approval Order, the Class Notice and related settlement information, Claim Form, Spanish translations of the Class Notice and Claim Form, the Seventh Amended Class Action Complaint, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agreed.  The Settlement website included a Uniform Resource Locator which identifies the Settlement website at  www.shelbycountyjailclasssettlement.com.  The  Settlement  website  did  not  include  any advertising and did not bear any logos or trademarks of the Defendants.

In  accordance  with  the  Preliminary  Approval  Order,  the  Settlement  Administrator established  a  toll-free  interactive  voice  response  phone  number,  with  script  recordings  of information about this Settlement, including information about the Claim Form, using the relevant portions  of  the  Class  Notice  and  Claim  Form.   The  settlement  telephone  line  provided  live operators during select times to answer certain basic questions about the Settlement.  In accordance with the Preliminary Approval Order, and based upon the filing and records as a whole, it appears to  the  Court  that  the  Administrator  has  sent  the  Class  Notice  and  Claim  Form,  and  Spanish translations of both, to each Class Member who requested them. The phone number shall remain open  and  accessible  through  the  Claim  Deadline  and  allow  Class  Members  to  leave  recorded

messages.  Excepting requests for the Class Notice or Claim Form, it appears to the Court that the Administrator has promptly advised Class Counsel of recorded messages left by Class Members about the Action and/or the Settlement, or directed any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel could timely and accurately respond to those inquiries.

In accordance with the Preliminary Approval Order, the Settlement Administrator provided Class Notice by United States Mail to 13,160 addresses of potential Class Members who were booked at the Shelby County Jail between November 1, 2016, and June 30, 2017 ("Mail Notice") to the extent valid addresses were provided by the detainees, as stated in the Preliminary Approval Order. The parties represent that the potential Class Members who were booked during this time include the vast majority, if not all, of the individuals who are likely to qualify as members of the Class. Mail Notice was made by postcard in a form substantially similar to Exhibit F, attached to the Supplemental Agreement. To alleviate any potential expungement-related privacy concerns, Mail Notice omitted the detainee's name and was addressed only to "Current Occupant" or a similarly anonymous designation. The address of each of these potential Class Members was determined by reference to an Excel spreadsheet report generated from data stored for each detainee in Shelby County's Odyssey system. That information was originally provided by the detainees themselves at the time of booking and may contain incomplete, incorrect, and/or unverifiable information.  Such Mail Notice was proper, and the Administrator and Parties have fulfilled all obligations to provide Mail Notice in accordance with the Preliminary Approval Order.

In accordance with the Preliminary Approval Order, the Class Notice was published by posting at the Shelby County Criminal Justice Center located at 201 Poplar Avenue, Memphis, Tennessee 38103. Pursuant to the Preliminary Approval Order, Shelby County posted two notices

at 201 Poplar: one at the public entrance to the Shelby County Jail, and one on the wall next to the elevators on the main floor. Shelby County posted a third notice on the bulletin board in the general area of the General Sessions Criminal Court. The notices were posted for at least 30 days following the Court's entry of the Preliminary Approval Order. Shelby County conducted weekly inspections during this time and affirmed that the notices remained in place for the duration of the 30-day period. The Court finds that these measures are reasonably calculated to provide Class Notice to both potential Class Members and local criminal defense attorneys, who in turn can pass such information along to current and former clients who may qualify for the Settlement Class.

7.5      The Claim Form (attached as Exhibit A to the Agreement) allows eligible claimants a full and fair opportunity to submit a claim for settlement compensation based on the Class Member's alleged period of over detainment. The Claim Form fairly, adequately and reasonably informs potential claimants of their rights.

As required by the Preliminary Approval Order, to be considered valid and timely, a Claim Form must be materially complete, and mailed to the Administrator postmarked no later than December 30, 2021. Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by legally authorized representatives, with written evidence of authority. Claim Forms request certain information and must be signed under penalty of perjury in front of a licensed Notary Public. Class Members are persons who have been arrested for alleged criminal law violations. Thus, under the particular circumstances of this matter (as presented by the declaration of Emmett Lee Whitwell and argument of counsel), the Court finds the Claim Form is necessary and appropriate, including the execution of the Claim Form under penalty of perjury before a licensed Notary Public, in an effort to insure the integrity of the Claim Form and Claim Settlement Payment process. Therefore, the Court finally approves the proposed Claim Form attached as

10

Exhibit A to the Agreement and finds that it is fair, reasonable and adequate.

7.6     The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 3 to the Motion for Preliminary Approval (ECF No. 369-4) complies with the requirements of CAFA. Defendants' mailing of the CAFA notice on May 1, 2021, discharged Defendants' obligations pursuant to CAFA.  As detailed in the Declaration of F. Scott Conaway (ECF No. 384), the Parties also mailed each of the Attorneys General who had previously received Defendants' CAFA notice a copy of the court's "ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION" (ECF No. 376) on September 2, 2021.

7.7     The Notice provided by the Parties (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the particular circumstances of this case, to apprise Class Members of the pendency of the action and of their right to object to the proposed settlement or exclude themselves from the Class; (iii) is fair, reasonable, adequate and constitutes due and sufficient notice to persons entitled to receive notice; and (iv) meets all applicable requirements of Rule 23 under the Federal Rules of Civil Procedure and the Due Process clause of the United States Constitution.

7.8     Because no Class Members timely submitted a valid request for exclusion from the Settlement Class, all Class Members under the Agreement and the Supplemental Agreement are hereby bound by their terms, including, but not limited to, the releases in Section 9 of the Agreement and as stated in Section 9 below in this Order approving the Settlement.

7.9     Every Class Member who did not submit a written request to opt out and be excluded from the Settlement Class is hereby finally bound by this Order and the Judgment and all proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendants relating to any of the claims released as

defined in the Agreement.

7.10      The Administrator has submitted that as of November 19, 2021, a total of 6,718 claim forms have been provided to potential Class Members.  The Administrator expects that 10 to 20 percent of the outstanding claims forms will be returned in a timely manner, meaning the Court can expect 671 to 1,343 timely submitted claims.  As of November 19, 2021, the Administrator has received 72 claims.  The Administrator has not examined the validity of each claim.  If all 72 claims are valid, the Administrator submits that the total aggregate value of all claims made to date would equate to $128,750.00.

7.11      Based on the filings and the record, the Court finds that a full opportunity has been afforded to Plaintiffs and all Class Members to file objections to the Settlement and otherwise participate in the Final Approval Hearing.  No objections have been filed.  All Class Members and other persons or parties wishing to be heard have been heard.

8.      **Claims administration.**  Upon receipt of valid and timely submitted Claim Forms, the Administrator shall calculate the amount of the Claims Settlement Payment, if any, to which each Class Member is entitled.  In making such determinations, the Administrator shall consider all information provided by the Class Member with the Claim Form and information reasonably available within Defendants' records to assist in making such determinations in good faith, which Defendants shall provide to the Administrator.  The Administrator's determination of the validity and timeliness of a Claim, whether compensation is due, and the amount of compensation shall be final, binding, not reviewable by a neutral evaluator, not appealable, and not the subject of an objection.  The Administrator shall notify in writing those Class Members who submit Claim Forms in the event their claim is denied.  Any Class Member who does not timely submit a Claim Form shall be deemed to have waived any claim to a Claims Settlement Payment, and the

Administrator shall have no further obligation to process such Claim Form. The Administrator shall notify in writing those Class Members who submit a timely but materially deficient Claim Form that they have thirty (30) days to correct the deficiency. The notice will identify the deficiency and state that any response must be postmarked within thirty (30) days of the date of the notice of the deficiency. Any Class Member who does not timely submit a response to a notice of deficiency or fails to provide sufficient information to correct the deficiency shall be deemed to have waived any claim to a Claims Settlement Payment, and the Administrator shall have no further obligation to process such Claim Form.

9. **Releases.** Subject to the election of the Plaintiffs to terminate the Settlement in accordance with Sections 4.4 and 14 of the Agreement, which shall occur no later than January 13, 2022, all releasing persons and entities are, by operation of this Order and the Judgment, bound by the following releases (and as more particularly described in the Agreement), which the Court finally finds to be fair, reasonable and adequate:

9.1 **Released Claims by Plaintiffs and the Class.** Plaintiffs and each of the Class Members, irrevocably and expressly waive, and fully, finally, and forever settle and release Defendants and their respective agents, representatives, affiliates, parents, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits, and causes of action, whether class, individual or otherwise, including any claim for damages, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever (including injunctive relief, monetary relief, damages, punitive or exemplary damages, restitution, reimbursement, disgorgement and economic injury) that were alleged, or could have been alleged or brought, against or relating to Defendants in the Action. This release includes, without

limitation any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or by any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the claims released.  This release shall inure to the benefit of all respective past and present owners, affiliates, agents, representatives, insurers, subrogees, and employees of all Defendants, to the fullest extent permissible under Tennessee law and federal law.

The Court finds that Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, Plaintiffs and the Class Members fully, finally, and forever settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether previously or currently asserted in any action, including the Action and the Related Action).

Excluded from this Release are:  (i) any Person who has filed and has pending any case asserting individual claims against one or more of the Defendants containing allegations that are substantially similar to the Seventh Amended Class Action Complaint (however, for avoidance of doubt, all pending claims in this Action are released);  (ii) the claims of any Person not arising from the implementation of a computer system that allegedly contributed to the untimely release of prisoners, including, but not limited to, pending or future claims for excessive force, failure to render medical treatment, failure to protect while in custody, and all other comparable claims not arising from over detention allegedly caused by the Shelby County computer system;  and (iii) any claims or causes of action arising out of or related to the breach or enforcement of this Agreement.

9.2     **Release among Defendants.**

Defendants and their insurers, subrogees, successors, assigns, and affiliates, irrevocably and expressly waive, and fully, finally, and forever settle and release each of the other Defendants and their respective agents, representatives, affiliates, present and past owners, successors, assigns, subrogees, and insurers of all claims, demands, actions, suits and causes of action, including any claim for damages, indemnification, contribution, reimbursement, losses, costs, expenses, pre or post judgment interest, penalties, fees (including attorneys' fees, expert fees and consulting fees), known or unknown, suspected or unsuspected in law or in equity for any kind of relief whatsoever arising out of the claims alleged, or that could have been alleged or brought, in the Action.  This release includes, without limitation all claims for attorneys' fees, costs, or disbursements incurred by Defendants' Counsel, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and the claims released.

10.     **Attorneys' Fees, Expenses, and Incentive Awards.**  Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Class Counsel has filed a separate Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Plaintiffs in which Plaintiffs and Class Counsel request that they be awarded $2,400,000.00 in fees and expenses incurred in prosecuting this case.  In class-action settlements, district courts have discretion to calculate attorneys' fees under the lodestar method or the percentage method, so long as the final award is reasonable.  The Sixth Circuit has held that the following factors are relevant in assessing the reasonableness of attorneys' fees:  (1) the value of the benefit rendered to the class;  (2) the value of the services on an hourly basis;  (3)  whether the services were undertaken on a contingency fee basis;  (4)  society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;  (5) the complexity of the litigation;  and (6) the

professional skill and standing of counsel involved on both sides.   Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996).  Here, the class receives monetary and injunctive relief.  Through the Claim Settlement Payments, Class Members can obtain substantial financial benefits.  Sections 11 and 12 describe the permanent injunctive relief that will prevent future unlawful detentions.  Class Counsel seeks less than the total lodestar amount.   Under the lodestar method, the Court multiplies the number of hours reasonably worked on the case by a reasonable hourly fee.  In the Motion, Class Counsel set forth the time and hourly rate of each timekeeper as follows:

- **Watson Burns, PLLC**

  - Frank L. Watson, III: Rate $500; Hours 971.70; Total $485,850.00

  - William F. Burns: Rate $495; Hours 875.20; Total $482,724.00

  - William E. Routt: Rate $385; Hours 986.60; Total $379,841.00

- **Black McLaren Jones Ryland & Griffee, PC**

  - Michael G. McLaren: Rate $500; Hours 459.90; Total $229,950.00

  - William E. Cochran, Jr.: Rate $420; Hours 548.80; Total $230,496.00

  - Brice M. Timmons: Rate $420; Hours 410.90; Total $172,578.00

  - Holly Jackson Renken: Rate $375; Hours 234.10; Total $87,787.50

  - Charles S. Mitchell: Rate $375; Hours 32.20; Total $12,075.00

  - Christopher M. Williams: Rate $220; Hours 115.50; Total $25,410.00

  - Paralegal/Law Clerk: Rate $135; Hours 415; Total $56,025.00

  - Other Attorneys: Rate "various"; Hours 27.80; Total $6,527.50

- **Donati Law, PLLC**

  - Brice M. Timmons: Rate $420; Hours 177.70; Total $74,634.00

  - Craig A Edgington: Rate $275; Hours 207.25; Total $56,993.75

      o   Paralegal: Rate $135; Hours 4.00; Total $540.00

The total hours expended equal 5566.65 and the total expenditures equal $2,301,431.75.  Class

Counsel also incurred $143,418.95 in expenses associated with e-discovery document hosting and

review, seventeen depositions, and the ordinary costs of litigation.  Under the lodestar method,

Class Counsel fees and expenses total $2,446,272,23.  Class Counsel requests $2,400,000 in

attorneys' fees, which is less than the total lodestar amount.  The time spent and the hourly rates

are reasonable.  Class Counsel undertook the case on a contingency fee basis and has yet to be

compensated for its services after five years of litigation.  The issues were complex and well

litigated by all counsel. The Settlement benefits the class and society by preventing similar

unlawful detentions in the future.   The request for fees and expenses is supported by the

independent expert opinions of John J. Heflin III and Gerard Stranch IV, distinguished members

of the bar, both of whom have thoroughly reviewed Class Counsel's efforts and have determined

that the requested award of fees and expenses is fair and reasonable.  Neither  expert was

compensated for his services.  Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the

Court finds that the requested award of attorneys' fees and expenses is a reasonable and fair amount

and hereby incorporates the separate Motion for an Award of Attorneys' Fees, Reimbursement of

Expenses, and Incentive Awards to Plaintiffs.  Defendants do not oppose or otherwise object to

the requested award.  The Court likewise finds that the Incentive Awards to the Plaintiffs in the

amount of $17,500 for each Class Representative are fair and reasonable.  Defendants do not object

to the application for Incentive Awards by Class Counsel for the Class Representatives.

     10.1    Based on the foregoing findings, the Court grants Class Counsel's Motion for an

Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to Plaintiffs.  The

Court finds that the expenses incurred in the prosecution of this case are reasonable, in line with

the task taken on by Class Counsel, and should be reimbursed.  The Court hereby orders and authorizes the requested award of attorneys' fees and expenses in the total amount of $2,400,000.00 to be disbursed to Class Counsel from the Gross Settlement Amount.   The Court finds that the total requested Incentive Awards of $140,000.00 ($17,500.00 for each Plaintiff) are appropriate.   The Court hereby orders that Class Counsel distribute the individual Incentive Awards to the appropriate Class Representatives from the Gross Settlement Amount.  Based on representations of Class Counsel, these individuals spent considerable time assisting Counsel and, thereby, assisting the entire class in this litigation.  Class Counsel and the Named Plaintiffs adequately and ably represented the Class and should be rewarded for their efforts.

11.    **Permanent Injunction as to Plaintiffs and Defendants.**   To protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all Class Members, all Defendants herein, and anyone acting or purporting to act on their behalf, are permanently enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any claims released against any Defendant;  and (b) organizing any Class Members into a separate opt-out class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification  in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and the claims released.  If any person or entity shall attempt to bring any claim or any legal action against any of the Defendants, or their insurers, subrogees, successors, assigns, and/or affiliates, which has been released as stated in Sections 9, 9.1, or 9.2 above, this Order shall properly be asserted as a complete and total litigation bar to any

such claim.

12**.**      **Injunction as to Defendant Shelby County, Tennessee**.   The proposed injunctive relief, as identified in the Agreement, is finally approved, for settlement purposes only, as fair, reasonable and adequate:  the Shelby County Sheriff's Office will maintain a processing office responsible, in conjunction with other offices, for the screening, intake, identification, and release of prisoners in Jail East and the Jail Division.  Arrestees will not be admitted to the facility unless charged with the crime that they are being arrested for, supported by an arrest warrant or an affidavit of complaint.  Probable cause arrestees may not be admitted to the Jail absent a probable cause determination by a Judicial Commissioner.  The Shelby County Sheriff's Office Jail Division and Jail East will maintain a process for inmates and detainees to submit administrative grievances. Access to the grievance procedure will be made available to all inmates and detainees, and inmates and detainees will not be subjected to retaliation for filing grievances.  The Shelby County Sheriff's Office will maintain written policies outlining the grievance policies and rules.

A grievance based on a claim that an inmate or detainee is being held beyond the inmate or detainee's release date will be eligible for expedited review under the County's emergency grievance review process.  To submit such a grievance, inmates and detainees must give the grievance to their pod officer, who will promptly forward the grievance to the Shift Commander. A Captain or designee will review the grievance and, if it is determined that the grievance qualifies as an emergency grievance, the Captain, Captain's designee, or an Executive Staff member will begin taking steps to investigate and address the grievance as soon as practicable, and not longer than seventy-two (72) hours from the time of receipt by the Captain, Captain's designee, or Executive Staff member.  The Captain will provide the inmate or detainee with written notification of the actions being taken within seventy-two (72) hours of the commencement of the investigation

and, if appropriate, a possible resolution within five (5) calendar days of the commencement of the investigation.

The Shelby County Information Technology Department will create and distribute to appropriate personnel at the Sheriff's Office, District Attorney's Office, and Public Defender's Office a periodic OMS "Active Inmates with Multiple Arraignments" Sheet as a preventive measure against possible detentions without timely arraignments. The Shelby County Information Technology department will continue to create and distribute these periodic OMS "Active Inmates with Multiple Arraignments" Sheets for a period of 1 year from the date of final approval of this settlement by the Court.

The parties agree and stipulate, and this Court finds, that the injunctive relief is:

1)   Narrowly drawn;

2)   Extends no further than necessary to correct the alleged violations of the federally secured rights of the class;  and

3)   Is the least intrusive means necessary to correct the violation of the federal right.

The parties agree and stipulate, and this Court finds, that this injunctive relief will have no adverse impact on the operation of the jails.

The parties agree and stipulate, and this Court finds, that nothing in this injunctive relief requires or permits any government official to exceed his or her authority under state or local law or otherwise violates state or local law.

**Final Approval and Judgment.**

13.   The Court hereby grants final approval to the Settlement, the Agreement, and the Supplemental Agreement and finds that the Settlement is fair, adequate, reasonable, in the best interests of each of the Plaintiffs and Class Members and is consistent and in compliance with all requirements of Due Process. The Court directs the Parties and their counsel to implement and to

consummate the Agreement and the Supplemental Agreement in accordance with their terms and provisions, including the payment of all benefits to Class Members, Incentive Awards and all monetary obligations due to Class Counsel and the Settlement Administrator according to the terms of the Agreement and the Supplemental Agreement, and to Defendants pursuant to the Settlement Agreement, the Supplemental Agreement, and this Order.

14.     If this Order and the Judgment are terminated in accordance with the provisions referenced in Section 9 above, the Parties shall be restored to their respective positions as of April 1, 2021, and this Order and the Judgment shall have no further force or effect, shall be vacated and be rendered null and void *nunc pro tunc* as if the Settlement had not been entered or filed with this Court, and shall not be used in any action or proceeding for any purpose except as required by law or by the Agreement.

15.     The Court finds that Class Members may continue to submit Claim Forms pursuant to the Preliminary Approval Order.  All Claim Forms must be received by the Settlement Administrator and postmarked no later than December 30, 2021.

16.     It is further ordered that the Agreement, the Supplemental Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, a concession, or an admission of liability by any Defendant or of any allegation made against any Defendant.  However, nothing in this paragraph shall preclude any Party from using the Settlement, this Order, the Judgment or any act performed or document executed pursuant thereto (i) in a proceeding to consummate or enforce the provisions of this Order and the Judgment, the Agreement and the Supplemental Agreement, or (ii) in any action or proceeding against or by Defendant(s) to support a defense, claim, or counterclaim based upon principles of *res judicata*, collateral estoppel, release, payment,

21

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense, claim, or counterclaim.

17.     All claims asserted in this consolidated action are dismissed with prejudice as to refiling, but the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Agreement, the Supplemental Agreement, and this Order, and for any other necessary purposes.  Based on all the foregoing and the record in this cause, the Court enters Judgment subject to termination rights in Sections 4.4 and 14 of the Agreement and finds that there is no just reason for delay of the entry of this Order and the Judgment.


**IT IS SO ORDERED** this 9th day of December, 2021.

*/s/ Samuel H. Mays, Jr*
_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE