IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISSACCA POWELL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | No. 2:16-cv-02907-SHM-tmp |
| ) | |
| BILL OLDHAM, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DENYING MOTION TO CORRECT OR NULLIFY SETTLEMENT**

Before the Court is Wendolyn Lee's pro se Motion to Correct or Nullify Settlement. See ECF No. 393. No party has responded. Lee's Motion is DENIED.

**I.   Background**

On December 9, 2021, the Court granted a Joint Motion for Final Approval of Class Action Settlement. See ECF No. 390. The settlement class consisted of "[a]ll individuals who, from November 1, 2016 to March 21, 2021, were detained in confinement at the Shelby County Jail after legal authority for those detentions ceased as a result of the November 2016 implementation of a computer system that allegedly contributed to the untimely release of detainees." Id. at 3.

The Court approved notice to be made to potential settlement class members through publication and mail. See id. at 7. The deadline for class members to object to the settlement was October 12, 2021. See id. at 6. The Court received no objections. See id. at 6, 12. To receive compensation, potential class members had to send written claim forms to the settlement administrator, who would determine payment eligibility. See id. at 10, 12, 21. Claim forms had to be postmarked no later than December 30, 2021. See id. The agreement required the settlement administrator to provide the parties with a final accounting of all the payments under the settlement. See ECF No. 369-2, at 25. The final accounting had to be completed within thirty days after the resolution of all claims. See id.

**II.  Lee's Claims**

Lee is not a named Plaintiff in this class action. Lee appears to assert that he is a settlement class member who is owed $7,000.00 under the settlement agreement. See ECF No. 393, at 1. Lee makes two claims about the settlement agreement and the disbursement of funds.

One, Lee alleges that the "claim lawyers" committed fraud by settling this action on Lee's behalf without first contacting him. See id. at 2. Lee asserts that the "claim lawyers" knew that Lee was not settling for $7,000.00. See id.

Two, Lee alleges that "around February of 2023" the administrator(s) of "Shelby County Jail Settlement Trust" paid the $7,000.00 owed to Lee under the settlement agreement to an individual named Robert J. Ray, who was acting as Lee's representative. See id. at 1-2. Lee says that, in December 2022, he instructed the settlement administrator, personally and through lawyers, not to "discuss or make any settlement with a Robert J. Ray [on] my behalf" because Ray was a fraud. See id. at 2. Lee claims that he told the settlement administrator "not to honor any power of attorney [Ray] may have." Id. Lee alleges that Ray forged Lee's name to cash the check from the settlement administrator and kept the money. See id. Lee asks the Court to "nullify or correct the settlement." Id. at 1.

**III. Law**

The party invoking the jurisdiction of the Court bears the burden of demonstrating that the elements of standing are satisfied. See Memphis A. Philip Randolph Inst. v. Hargett, 2 F.4th 548, 557 (6th Cir. 2021). The party "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Those three elements form the "irreducible constitutional minimum" of standing. Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).

3

**IV. Analysis**

Lee has not established that he has suffered an injury in fact. Therefore, he has not demonstrated that he has standing to bring his Motion.

To have suffered an injury in fact as a result of the execution of the settlement agreement or the settlement administrator's alleged payment of $7,000.00 to Ray, Lee must be a settlement class member who is owed compensation under the settlement agreement. Lee is not a named plaintiff in this action, and he has not offered any evidence that he is a settlement class member who submitted a timely, valid claim to the settlement administrator.

Lee has not established that he is a class member eligible for compensation in this class action. He has not demonstrated that he has standing to request the correction or nullification of the class-action settlement agreement.

**V. Conclusion**

Lee's Motion is DENIED.

SO ORDERED this *3rd* day of May, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4